1   Vincent Pastorino, CA SBN 095939
    Institute for Administrative Justice
2   University of the Pacific McGeorge School of Law
    3455 5th Avenue
3   Sacramento, CA 95817
    Phone: (916) 739-7049
4   Fax:    (916) 739-7199
    e-mail: vpastorino@pacific.edu
5
    Attorney for Defendants California Special Education Hearing Office,
6   Mcgeorge School of Law, and Vincent Pastorino
7   _____

8
                    **UNITED STATES DISTRICT COURT**
9
                  **NORTHERN DISTRICT OF CALIFORNIA**
10
                              **OAKLAND**
11                                        )
                                          )
12  MICHAEL PETERSEN on behalf of         )    Case No. Case No. C07-02400 (SBA)
13  himself and next of friend to Mike Jr. and  )
    Ryan, disabled minor children PRO SE  )    **NOTICE OF MOTION AND MOTION**
14                                        )    **BY CALIFORNIA SPECIAL**
                                          )    **EDUCATION HEARING OFFICE,**
15          Plaintiffs,                   )    **McGEORGE SCHOOL OF LAW, AND**
                                          )    **VINCENT PASTORINO TO DISMISS**
16      v.                                )    **COMPLAINT OR, IN THE**
                                          )    **ALTERNATIVE, FOR A MORE**
17                                        )    **DEFINITIVE STATEMENT**
                                          )
18  CALIFORNIA SPECIAL EDUCATION          )    **[FED. R. CIV. PROC. 12(b)(1), 12(b)(6),**
19  HEARING OFFICE, et al                 )    **and 12(e)]**
                                          )
20          Defendants.                   )    **JUDGE: Saundra B. Armstrong**
                                          )    **DATE: October 23, 2007**
21                                             **TIME: 1:00 P.M.**
22  _____            **DEPT.: Courtroom 3**

23
24  TO PLAINTIFFS:

25          NOTICE IS HEREBY GIVEN that on October 23, 2007, at Courtroom 3, or as soon

26  thereafter as the matter may be heard in Department-Courtroom 3 of the above-entitled court,

27  Defendants McGeorge, SEHO, and Pastorino (hereinafter, "MCGEORGE Defendants") will

28  _____

bring on for their Motion to Dismiss Complaint for Relief or, in the alternative, Motion for a More Definitive Statement.

MCGEORGE Defendants seek dismissal of plaintiffs' complaint against them in its entirety on the grounds that those claims fail to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12, subdivisions (b)(1) and (b)(6). In the alternative, MCGEORGE Defendants seek an Order from this Court directing plaintiffs to provide a more definite statement under Rule 12, subdivision (e) as to the basis of plaintiffs' claims and relief sought, as their complaint fails to put MCGEORGE Defendants on proper notice of the claims against them, thereby preventing MCGEORGE Defendants from framing an adequate response thereto.

This motion will be based on this Notice, the attached Memorandum of Points and Authorities, and on such oral and documentary evidence as may be presented at or before hearing.

DATED: September 13, 2007                    By: _____
                                             Vincent Pastorino
                                             Attorney for Defendants
                                             California Special Education Hearing Office
                                             (SEHO), Mcgeorge School of Law, and
                                             Vincent Pastorino

Vincent Pastorino, CA SBN 095939
Institute for Administrative Justice
University of the Pacific McGeorge School of Law
3455 5th Avenue
Sacramento, CA 95817
Phone: (916) 739-7049
Fax:    (916) 739-7199
e-mail: vpastorino@pacific.edu

Attorney for Defendants California Special Education Hearing Office,
Mcgeorge School of Law, and Vincent Pastorino
_____

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND

|  |  |
|---|---|
| MICHAEL PETERSEN on behalf of himself and next of friend to Mike Jr. and Ryan, disabled minor children PRO SE | Case No. C07-02400 (SBA) |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION BY CALIFORNIA SPECIAL EDUCATION HEARING OFFICE, McGEORGE SCHOOL OF LAW, AND VINCENT PASTORINO TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITIVE STATEMENT** |
| v. | |
| CALIFORNIA SPECIAL EDUCATION HEARING OFFICE, et al | |
| Defendants. | **[FED. R. CIV. PROC. 12(b)(1), 12(b)(6), and 12(e)]** |
| | **JUDGE: Saundra B. Armstrong** **DATE: October 23, 2007** **TIME: 1:00 P.M.** **DEPT.: Courtroom 3** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

**Page**

I.    **FACTUAL BACKGROUND**                                                          **1**

II.   **STANDARD OF REVIEW**                                                          **2**

      A.   <u>**Motion to Dismiss**</u>                                               **2**

III.  **LEGAL ARGUMENTS**                                                             **3**

      A.   <u>**Judicial Immunity**</u>                                               **3**

            1.    <u>**The Rule of Judicial Immunity**</u>                            **3**

            2.    **Application of Judicial Immunity to the Present Case**            **5**

                  a. *Plaintiff's factual allegations against SEHO/McGeorge*         **5**

                  b. *Factual allegations against Pastorino*                         **6**

            3.    <u>**Judicial (Absolute) Immunity Applies to McGeorge/SEHO**</u>

                  <u>**Hearing Officers**</u>                                         **8**

            4.    **Claims for Relief Other than Damages**                           **10**

      B.   <u>**Plaintiff's Complaint Is Jurisdictionally Barred Because Plaintiffs**</u>
           <u>**Failed to Exhaust Their Administrative Remedies**</u>                 **11**

      C.   <u>**Motion for a More Definitive Statement**</u>                          **13**

IV.   **CONCLUSION**                                                                  **14**

1

**TABLE OF AUTHORITIES**

2

3

**Page(s)**

4

**FEDERAL CASES**

5   *Balistreri v. Pacifica Police Dept.* 901 F. 2d 696 (9th Cir 1990)     **2**

6   *Bradley v. Fisher* 80 U.S. 335 (1871)     **3**

7   *Broam v. Bogan* 320 F. 3d 1023 (9th Cir 2003)     **2**

8

9   *Butz v. Economou*, 438 U.S. 478 (1978)     **4**

10  *Cadena v. Perasso*, 498 F.2d 383 (9th Cir. 1974)     **4**

11  *Cleavenger v. Saxner*, 474 U.S. 193 (1985)     **4**

12  *Conley v. Gibson* 355 U.S. 41 (1957)     **2**

13  *Doe v. Arizona Dept. of Educ.,* 111 F3d 678 (9th Cir. 1997)     **11**

14  *Foster v. McBride*, 521 F.2d 1304 (9th Cir. 1975)     **4**

15  *Hagan v. State of California*, 265 F.Supp 174 (C.D.Cal. 1967)     **4**

16

17  *Honig V. Doe*, 484 U.S. 305 (1988)     **11**

18  *Jones v. Rath Packing Co.*, 430 U.S. 519 (1977)     **4**

19  *Kutasi v. Virgenes*,  2007 WL 2050952 (9th Cir. 2007)     **11**

20

21  *McCalden v. California Library Ass'n*, 955 F.2d 1214 (9th Cir. 1990)     **13**

22  *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996)     **13**

23  *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467 (9th Cir. 1993)     **9**

24  *Pareto v. FDIC* 139 F. 3d 696 (9th Cir 1998)     **2**

25  *Rath Packing Co. v. Becker*, 530 F.2d 1295 (9th Cir. 1975)     **4**

26  *Schucker v. Rockwood*, 846 F2d 1202 (9th Cir. 1988)     **4**

27

28  *Sellars v. Procunier*, 641 F.2d 1295 (9th Cir. 1981)     **5**

*Stump v. Sparkman*, 435 U.S. 349 (1978)                                                          **4**

*Sykes v. State of California (Dep't of Motor Vehicles)*, 497 F.2d 197 (9th Cir. 1974)      **5**

*Union Sch. Dist. v. Smith*, 15 F.3d 1519 (9th Cir. 1994)                                    **9**

*Yoonessi v. Albany Medical Center*, 352 F.Supp 2d 1096 (C.D. Cal. 2005)                      **5**

**<u>STATE CASES</u>**

*Alicia T. v. County of Los Angeles*, (1990) 222 Cal.App.3d 869                               **4**

*American Arbitration Assn, v. Superior Court* (1992) 8 Cal. App. 4th 1131                  **9**

*Falls v. Superior Court,* (1996) 42 Cal.App. 4th 1031                                       **3**

*Frost v. Geernaert,* (1988) 200 Cal.App.3d 1104                                               **4**

*Greene v. Zank,* (1984) 158 Cal. App. 3d 497                                                  **3**

*Haas v. Gibson*, (1960) 179 Cal.App2d 259                                                     **3**

*Lebbos v. State Bar of California,* (1985) 165 Cal.App.3d 656                                 **5**

*Legg v. Breitenbach,* (1961) 198 Cal.App.2d 206                                               **4**

*Lewis v. Linn,* (1963) 209 Cal. App. 2d 394                                                   **3**

*Rosenthal v. Vogt,* (1991) 229 Cal.App.3d 68                                                  **4**

*Tagliavia v. County of Los Angeles,* (1980) 112 Cal. App. 3d 759                             **3**

*Taylor v. Mitzel,* (1978) 82 Cal.App.3d 665                                                   **4**

*Thiele v. RML Realty Partners,* (1993)14 Cal.App.4th 1526                                     **4**

1

**MISCELLANEOUS**

2

California Education Code, section 56505(k)                                          **10**

3

California Education Code, sections 56000 through 56507                              **8**

4

Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1377 (1990)  **13**

5

6

Fed.R.Civ.P. 12(b)(1)                                                            **1, 11**

7

Fed.R.Civ.P. 12(b)(6)                                                                **1**

8

Fed.R.Civ.P. 12(e).                                                                 **13**

9

Federal Statutes (20 U.S.C. section 1415)                                            **8**

10

State regulations (Title 5, C.C.R. sections 3080, *et seq*)                          **8**

11

Regulations (34 C.F.R. sections 300.507, *et seq*)                                   **8**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants McGEORGE COLLEGE OF LAW, CALIFORNIA SPECIAL EDUCATION HEARING OFFICE (SEHO), and VINCENT PASTORINO (collectively McGEORGE defendants)[1] respectfully submit the following Memorandum of Points and Authorities in support of it's motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction (FRCP 12(b)(1) and for failure to state a claim upon which relief can be granted (FRCP 12(b)(6)).

## I.  FACTUAL BACKGROUND

Plaintiffs assert generally that their action "arises out of contract violations that affect the disabled minor children [plaintiffs] Mikey and Ryan," plaintiff Michael Petersen's children. (Complaint 2:22-25; 6:15-19.)[2]  Plaintiffs' complaint, as it pertains specifically to the MCGEORGE defendants, asserts that McGeorge/SEHO was a private entity under contract with the California Department of Education to provide hearing services and thus obligated by various unspecified state and federal laws to be free of discrimination toward special education students. (Complaint 4:22-25.)  As it pertains to PASTORINO, Plaintiffs assert that PASTORINO, a SEHO hearing officer, was "... to act impartially and was contractually bound by state and federal contract law to provide [plaintiff] Mikey [with] unbias [sic] due process, free from discrimination as the beneficiary of the state and federal contract laws."  (Complaint 5:4-7.)  Plaintiffs' complaint adds that SEHO and PASTORINO were employees and/ or agents of defendants, and in doing all things hereinafter mentioned, acted under color of their authority as, and under color of the statutes, regulations, customs, and usages of state and federal contractual laws, acting under color of authority as such.  (Complaint 5:10-15.)

1

---

[1]  Although references to McGeorge, SEHO, and Pastorino collectively are referred to in this brief as the "MCGEORGE defendants," allegations and claims pertaining to McGeorge and SEHO that are not inclusive of Pastorino are referred to as "McGeorge/SEHO".  References to Pastorino that are not inclusive of McGeorge/SEHO are referred to as "PASTORINO".

[2]  McGeorge defendants' copy of plaintiff's complaint does not include printed page numbers; thus, the page numbers referred to in this brief are based on counting plaintiff's caption page as page one, the next page as page two, and thereafter counting each page consecutively.

Plaintiffs limit their claim against MCGEORGE defendants to their "Second Claim for Relief." In that claim, plaintiffs allege that the MCGEORGE defendants were in "violation of state and federal contract laws, ... due process and equal protection contract laws, ... ADA and section 504 contract laws, ... 42 U.S.C. 1983 due process and equal protection contract provisions, ...42 U.S.C. 1985 contract provisions, and violations of public contract code and public policy provisions." (Complaint 14:5-15.)

Plaintiffs' complaint, however, does not specify or refer to any particular contract involving MCGEORGE defendants, and the complaint does not identify or articulate any state or federal contract "laws" or "provisions" that either govern such contracts or create for plaintiffs a private cause of action against MCGEORGE defendants.

## II. STANDARD OF REVIEW

**A.** <u>**Motion to Dismiss**</u>

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. A complaint may be dismissed only if "it appears beyond doubt that the Plaintiff can plead no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When ruling on a rule 12(b)(6) motion, the court must construe the pleadings in the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). The court must also accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). If the complaint is dismissed for failure to state a claim, the court should allow leave to amend the pleadings if it appears at all possible that the plaintiff can cure the defect. *Balistreri v. Pacifica Police Dept.*, 901 f.2d 696, 701 (9th Cir. 1990).

2

# III.   LEGAL ARGUMENTS

**A.    Judicial Immunity**

MCGEORGE defendants are absolutely immune from suit under the doctrine of judicial immunity.

### 1.    The Rule of Judicial Immunity

Judges have long been accorded absolute immunity from actions for damages for their judicial acts.  The doctrine was established to protect the finality of judgments from continual collateral attack in courts of competing jurisdiction and to protect judicial decision making from intimidation.  All aspects of judicial decision making are protected by judicial immunity in order to protect judicial independence.  *Greene v. Zank*, 158 Cal.App.3d 497, 507 (1984).  It is essential to the proper administration of justice that "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension or personal consequences to himself."  *Tagliavia v. County of Los Angeles*, 112 Cal.App.3d 759, 762 (1980), quoting from *Bradley v. Fisher*, 80 U.S. 335 (1871).

The critical test is whether the judge's act or omission was a judicial act committed to judicial discretion and within the scope of judicial jurisdiction.  "[When] ... exercising judicial functions, a judge who has a duty, breaches that duty and causes injury–however intentionally, maliciously, and corruptly–is immune from civil suit..."  *Falls v. Superior Court*, 42 Cal.App.4th 1031, 1037 (1996).  If any reasonable ground for the assumption of jurisdiction exists, judicial immunity attaches. See *Lewis v. Linn*, 209 Cal.App.2d 394, 397-98 (1963).  A judge's issuance of court orders in civil cases pending before the judge is within the immunity, however wrong the orders are said to be, because the remedy for judicial error is appeal.  *Haas v. Gibson*, 179

3

Cal.App2d 259 (1960); *Foster v. McBride*, 521 F.2d 1304 (9th Cir. 1975). Alleging a conspiracy between the judge and third parties does not make actionable conduct that is not otherwise actionable. *Legg v. Breitenbach*, 198 Cal.App.2d 206. 208; *Hagan v. State of California*, 265 F.Supp 174 (C.D.Cal. 1967). Judicial immunity applies irrespective of whether the acts were done in excess of jurisdiction [*Tagliavia v. County of Los Angeles*, 112 Cal.App.3d 759, 761 (1980); *Stump v. Sparkman*, 435 U.S. 349 (1978)], alleged to have been committed maliciously and corruptly [*Frost v. Geernaert*, 200 Cal.App.3d 1104, 1107 (1988); *Cadena v. Perasso*, 498 F.2d 383 (9th Cir. 1974)], or alleged to be grossly and unfairly wrong or prejudiced [*Rosenthal v. Vogt*, 229 Cal.App.3d 68, 76 (1991); *Schucker v. Rockwood*, 846 F2d 1202, 1204 (9th Cir. 1988)].

Federal judges are immune pursuant to federal law, although the principles governing judicial immunity in the state and federal courts are closely similar. See *Alicia T. v. County of Los Angeles*, 222 Cal.App.3d 869, 882; *Cleavenger v. Saxner*, 474 U.S. 193. 199-200 (1985); *Rath Packing Co. v. Becker*, 530 F.2d 1295, 1305 (9th Cir. 1975), aff'd sub nom. *Jones v. Rath Packing Co.*, 430 U.S. 519 (1977).

Those who undertake to perform quasi-judicial acts are accorded an immunity like that recognized for judges, to the extent that their acts are judicial in character. Thus, a hearing examiner and an administrative law judge are entitled to absolute judicial immunity. *Cleavinger v. Saxner,* 474 U.S. 193, 201 (1985); *Butz v. Economou*, 438 U.S. 478 (1978); *Thiele v. RML Realty Partners*, 14 Cal.App.4th 1526, 1530 (1993). Among the many examples of quasi-judicial officers to which immunity applies are a hearing examiner employed by the Office of Administrative Hearings for an official fair hearing on Medi-Cal reimbursement [*Taylor v. Mitzel*, 82 Cal.App.3d 665, 670 (1978)], the members of a parole board engaged in parole hearings

4

1  [*Sellars v. Procunier*, 641 F.2d 1295 (9th Cir. 1981)], a hearing officer of the Department of

2  Motor Vehicles engaged in a formal hearing [*Sykes v. State of California (Dep't of Motor*

3
4  *Vehicles)*, 497 F.2d 197, 201 (9th Cir. 1974)], hearing officers in respect to revocation of a license

5  [*Yoonessi v. Albany Medical Center*, 352 F.Supp 2d 1096 (C.D. Cal. 2005)], and bar associations

6  engaged in attorney admission and discipline [*Lebbos v. State Bar of California*, 165 Cal.App.3d

7  656, 669 n.6].

8      2.    Application of Judicial Immunity to the Present Case

9
        In order to determine the application of judicial (absolute) immunity to the present action,

10
11  it is necessary to review all of the factual allegations against the MCGEORGE defendants in

12  order to determine whether judicial immunity applies.

13          a.    *Plaintiffs' factual allegations against SEHO/McGeorge*

14      In their complaint, plaintiffs set forth the following factual allegations against defendant

15  McGeorge/SEHO:[3]

16      (1)  A total of six cases pertaining to plaintiff Mikey have been filed with SEHO–case

17
18  numbers SN99-01431, SN02-01673, SN02-01998, SN02-02868, SN03-00076, SN-00778.

19  (Complaint 7:3-9:12.)  Case numbers SN99-01431, SN02-01673 SN02-02868, and SN-00778

20  were filed by plaintiff Petersen on behalf of plaintiff Mikey, and case numbers SN02-01998 and

21  SN03-00076 were filed by (defendant) Mount Diablo Unified School District ("MDUSD").

22  (Complaint 9:10-11:15.)

23
24
25                                              5
26
27

28
        [3]  MCGEORGE defendants, of course, do not concede the truthfulness of any of plaintiffs'
    allegations but, for the reasons set forth above in the Standard of review, understand that this court
    must accept the allegations as true for the purposes of this motion.

(2)  MDUSD filed with SEHO case number SN02-1998 against father and, on December 24, 2002, and January 2, 2003, MDUSD notified SEHO and father in writing that it was withdrawing its case–case number SN02-01998.[4]  (Complaint 7:24-28.)

(3)  Father [plaintiff Petersen] filed with SEHO case number SN02-02868 against MDUSD.  (Complaint 8:1-2.)  The hearing was set for January 23, 2003, and the parties provided a statement of issues and resolutions prior to the January 13, 2003 due date for such statements. (Complaint 8:2-3)  Father's issue statement included issue and resolution numbers 1-11, which are attached as Exhibit 2 to plaintiffs' complaint.   (Complaint 8:4-5)

(4)  On January 13, 2003, attorney Elizabeth Estes, on behalf of MDUSD, attempted to re-file with SEHO MDUSD's previously withdrawn case–case number SN02-01998.  (Complaint 8:5-8)  SEHO accepted MDUSD's filing and assigned it a new case number–case number SN03-00076.  (Complaint 8:8-9)  SEHO mailed the parties' hearing notices, setting MDUSD's case for hearing on February 6, 2003.  (Complaint 8:9-10)

(5)  Plaintiffs allege that SEHO's acceptance of MDUSD's filing, along with its assigning the case a new case number, was the result of a conspiracy between attorney Estes and SEHO, and that SEHO's acceptance of MDUSD's filling circumvented "father's" case SN02-02868. (Complaint 8:5-8)  (Plaintiffs' do not provide any factual allegations pertaining to such a conclusory assertions regarding a conspiracy, nor does it articulate how SEHO's acceptance of MDUSD's filing "circumvented" father's case number SN02-02868.  Plaintiffs' complaint also fails to state whether SEHO had any legal discretion to reject any party's filing of a case.)

6

---

[4]  Plaintiffs' complaint in this case frequently refers to "father" when referencing plaintiff-Petersen's actions or petitions in the underlying IDEA administrative hearing process, which is the underlying basis of the action against MCGEORGE defendants.  Thus, MCGEORGE defendants will use the term "father" when referring to plaintiff-Petersen's underlying administrative cases or his actions pertaining to those cases.

(6)  SEHO denied father's request for a subpoena duces tecum seeking testing information performed by a Dr. Maier and did not notify "father" of a declaration by Dr. Maier in opposition to the subpoena duces tecum until it–SEHO–had issued the denial.  (Complaint 8:12-17)  Plaintiffs assert that SEHO's denial of the subpoena duces tecum was the result of a conspiracy between SEHO and MDUSD.  (Complaint 8:25-27)  (Other than making the conclusory assertion that SEHO's denial of his subpoena request was the result of a conspiracy, plaintiffs do not provide any factual allegations of a conspiracy.)

(7)  SEHO failed to respond to father's pre-hearing motion in which he requested a written ruling regarding SEHO's "authority and jurisdiction" over section 504, ADA, and tort claims. (Complaint 8:17-19)  Plaintiffs also allege SEHO's lack of response to father's motion requesting a written ruling on its "authority and jurisdiction" was the result of a conspiracy with MDUSD. (Complaint 8:25-28)  (Plaintiffs again fail to make any factual allegations pertaining this conspiracy allegation.)

(8)  Plaintiffs allege that SEHO conspired with MDUSD "because it had motive that allowed MDUSD to become petitioner in their SN03-00076 case with their sole issue of their FAPE other to place Mikey into a locked facility for the emotionally disturbed."  (Complaint 8:28-8:2)  (Plaintiffs do not provide any factual allegations relative to this conclusory statement.)

(9)  On January 21, 2003, father withdrew the case he had filed for Mikey–case number SN02-02868, which included the 11 issues set forth in Exhibit 2, attached to his complaint. (Complaint 8:11, 16.)

7

1

2

3

4

      b.    *Factual allegations against Pastorino*

In their complaint, plaintiffs set forth the following factual allegations against defendant

PASTORINO:

5

6

7

8

(1)  Hearing Officer PASTORINO, who presided over MDUSD's case number SN03-00076, ordered some of father's resolutions (from the 11 issues included in his previously filed and *withdrawn* case number SN02-02868) to be part of the issues to be decided regarding assessment and reimbursement in MDUSD's case–SN03-00076. (Complaint 9:19-20)

9

10

11

12

(2)  " ... SEHO hearing officer PASTORINO quoted on the record that "we deal with special education" "we deal with ADA" when asked about the scope of SEHO jurisdiction but refused to acknowledge student's issues 1-11."  (Complaint 10:14-16)

13

      3.    <u>Judicial (Absolute) Immunity Applies to McGeorge/SEHO Hearing Officers</u>

14

15

16

17

18

19

20

21

22

23

24

25

In the present case, as alleged in the Complaint., McGEORGE contracted with CDE to conduct special education due process hearings.  (Complaint 4:22-24)  Such contract is authorized pursuant to section 56504.5 of the Education Code, and the procedures governing such due process hearings and the adjudicatory duties, authority, and jurisdiction of the hearing officers are set forth in sections 56000 through 56507 of the Education Code, as well as in State regulations (Title 5, C.C.R. sections 3080, et seq) and in federal statutes (20 U.S.C. section 1415) and regulations (34 C.F.R. sections 300.507, et seq).  These statutes and regulations make clear that special education hearing officers function in the capacity of administrative law judges, including administering oaths, granting motions, ruling on party objections, receiving testimony, examining witnesses, and rendering decisions.

26

27

28

8

Courts reviewing hearing officer decisions give it "due weight" and, where the hearing officer's findings are "thorough and careful," gives them "particular deference." (*Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1474 (9th Cir. 1993); *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994).

All of the specific acts alleged by plaintiff against McGEORGE and its hearing officers, including PASTORINO, if true, would fall within the scope the hearing officers' judicial (or quasi-judicial) functions and thus are covered by judicial immunity. All of the acts alleged against McGEORGE and its hearing officers, including PASTORINO, as itemized above, involve knowledge of the applicable law, the conduct of the hearing, and the issuance of decisions and orders– matters which fall squarely within the judicial functions of the hearing officers and are covered by judicial immunity.

Finally, the judicial immunity that is applicable to the McGEORGE hearing officers also applies to McGEORGE/SEHO. As stated in a case acknowledging that arbitrators are also protected by judicial immunity,

"[A] refusal to extend immunity to the sponsoring organization would make the arbitrator's immunity illusory. Stated otherwise, it would shift liability rather than extinguish it. … As a practical matter, a grant of immunity to the arbitrator must be accompanied by a grant of the same immunity to the AAA, an entity as indispensable to the arbitrator's job of arbitrating as are the courts to the judge's job of judging." *American Arbitration Assn v. Superior Court* (1992) 8 Cal. App. 4th 1131, 1133-1134.

In the present case, McGEORGE held the contract with CDE and the hearing officers were provided by McGEORGE. Thus, borrowing language from the above, McGEORGE was as indispensable to the hearing officer's job of exercising judicial functions as the courts to the judge's job of judging. A refusal to extend the hearing officers' immunity to McGEORGE would make the hearing officers' immunity illusory, shifting liability rather than extinguishing it.

**9**

4.    <u>Claims for relief other than damages</u>

Judicial immunity applies to claims for damages but does not always apply to claims for injunctive relief.  However, the only conceivable injunctive relief plaintiff could seek against the MCGEORGE defendants is some sort of order requiring the MCGEORGE defendants to reverse or modify some or all of its pre-existing orders pertaining to plaintiff.  However, in the present case such an injunctive order would be legally impermissible.  The reasons are two-fold.  First, under federal law, "any party aggrieved by the findings and decision ... [made by the hearing officer] ... shall have the right to bring a civil action ..."  20 U.S.C. section 1415(i)(2)(A).  "The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such action, or ... [within] ... such time as the State law allows."  20 U.S.C. section 1415(i)(2)(B).  Under State law, the time limit for bringing such an action (appeal) is 90 from the date of receipt of the hearing decision.  Cal. Educ. Code section 56505(k).  Thus, Plaintiff is time-barred from bringing any actions that would be in the nature of an appeal or an attempt to reverse or modify the decisions, referenced in the Complaint, of the McGEORGE hearing officers.

Second, even if the Plaintiff's requests to reverse or modify the due process hearing decisions of the McGEORGE hearing officers were somehow not time barred, the requests would be moot as to McGEORGE and its hearing officers.  As referenced in the Complaint, McGEORGE lost the contract with CDE in 2005 and thus has no jurisdiction to issue orders or decisions in special education due process matters.

**10**

1

**B.      Plaintiff's Complaint Is Jurisdictionally Barred Because Plaintiffs Failed to Exhaust
Their Administrative Remedies**

2

3       Plaintiffs failed to exhaust their administrative remedies; thus, this court has no

4  jurisdiction over the present action.  A Rule 12(b)(1) motion is appropriate when the plaintiffs fail

5  to exhaust their administrative remedies that are a prerequisite for filing suit.  *Honig V. Doe*, 484

6  U.S. 305, 326-327 (1988) (failure to exhaust administrative remedies under the IDEA before

7
   bringing a civil action in federal court deprives the court of subject matter jurisdiction over the
8
   action).   "Judicial review under the IDEA is ordinarily available only after the plaintiff exhausts
9

10  administrative remedies." *Doe v. Arizona Dept. of Educ.,* 111 F3d 678, 680 (9th Cir. 1997).

11  Exhaustion is required in order to give states "the power to place themselves in compliance with

12
    the law, and the incentive to develop a regular system for fairly resolving conflicts under the
13
    IDEA.  *Id*. At 680.  It also serves the purpose of giving "[f]ederal courts–generalists with no
14
    experience in the needs of handicapped students–[] the benefit of expert fact finding by a state
15

16  agency devoted to this very purpose." *Id.*

17       The requirement to exhaust under IDEA procedures is not limited to cases in which the

18  plaintiff seeks to resolve issues or obtain remedies available in the IDEA's due process

19
    administrative hearing process. *Kutasi v. Virgenes*, 2007 WL 2050952 (9th Cir. 2007) (the IDEA
20
    requires that before plaintiffs may file a civil action under "the Constitution, the Americans with
21
22  Disabilities Act, title V of the Rehabilitation Act or other federal laws protecting the rights of

23  children with disabilities," they must exhaust the IDEA's due process hearing procedures if the

24  action "seek[s] relief that is also available under" the IDEA).  The law of exhaustion requires that

25  "plaintiffs must exhaust administrative remedies before filing a civil lawsuit if they seek relief for

26
    injuries that could be redressed to any degree by the IDEA's administrative procedures." *Ibid.*
27
                                              11
28

In this case, the thrust of plaintiffs' complaint against MCGEORGE defendants is that by accepting MDUSD's petition for hearing, denying father's request for subpoena duces tecum, and by failing to provide a written pre-hearing order setting forth SEHO's jurisdiction over father's collateral claims, SEHO somehow (in some inexplicable way) "sabotaged" father's pending case against MDUSD, effectively forcing him to voluntarily withdraw it.  And, plaintiffs allege, as a result of their withdrawing father's pending case before SEHO–case number SN02-02868–SEHO refused to hear and decide all of the issues set out in father's withdrawn case when it heard and decided MDUSD's case against father–case number SN03-00076.

In the present action, plaintiffs allege that SEHO's refusal to address the issues from father's previously withdrawn case as part of MDUSD's case caused them–the plaintiffs–damages, since they could not seek all of the remedies father originally sought in his withdrawn case.  (Complaint 15:5-19)  The issues in father's previously withdrawn case–SN02-02868–included a claim for denial of educational services, and the remedies father sought in that case included educational services.  (Complaint Exhibit 2)  Also, in the present action, plaintiffs claim that the damages they suffered from not having that case heard, at least in part, pertain to the loss of educational benefits.  (Complaint 15:6, 14, 17-19)  Finally, in their Prayer for Relief, plaintiffs seek relief for educational damages.  (Complaint 15:17-16:14)  Thus, plaintiffs could have sought relief for any educational losses by either maintaining father's original action before SEHO–case number SN02-02868–or, after withdrawing the action, filing a new case with SEHO raising the same issues and seeking the same remedies sought in that case.  By withdrawing their case and not re-filing it, or by not filing a new case raising the same issues and seeking the same remedies, plaintiffs failed to bring his IDEA-based claims before SEHO.  Plaintiffs do not allege

12

that SEHO ever refused to hear father's original case–SN02-02868–or ever refused to allow him

to file a subsequent case raising the same issues.  Moreover, plaintiffs do not allege that they ever

attempted to take case SN02-02868, or any subsequent case, to hearing before SEHO.

Hence, plaintiffs failed to exhaust their administrative remedies prior to filing the present

case inasmuch as plaintiffs could have obtained at least some relief in an IDEA due process

administrative hearing.  Thus, this court has no jurisdiction over the present matter.


**C.     Motion for a More Definitive Statement**

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a

party cannot be reasonably required to frame a responsive pleading, the party may move for a

more definitive statement before interposing a responsive pleading."  Fed.R.Civ.P. 12(e).  "The

situations in which a Rule 12(e) motion is appropriate are very limited."  5A Charles A. Wright &

Arthur R. Miller, Federal Practice and Procedure § 1377 (1990).  Absent special circumstances, a

Rule 12(e) motion cannot be used to require the pleader to set forth "the statutory or

constitutional basis for his claim, only the facts underlying it."  *McCalden v. California Library

Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990).  However, "even though a complaint is not defective

for failure to designate the statute or other provision of law violated, the judge may in his

discretion ... require such detail as may be appropriate in the particular case."  *McHenry v. Renne*,

84 F.3d 1172, 1179 (9th Cir. 1996).

In this case, plaintiffs have made clear that their action against MCGEORGE defendants,

which plaintiffs recognize in their complaint as non-governmental entities, is based on a theory

that MCGEORGE defendants are contractually obligated under some unidentified and

13

unarticulated state and federal laws protecting plaintiffs from discrimination. (Complaint 4:22-5:7; 6:15, 24-27; 8:11-12, 19, 22, 25-26; 9:24-28; 14:5-15)  Plaintiffs neither identify or describe the contract(s) in question, nor do they articulate what state and federal statutes apply.  It is important for the court in this case to exercise its discretion and require more detail regarding plaintiffs' legal theory of the case inasmuch as there are few, if any, statutes pertaining to governmental contract obligations that give rise to private actions.  Such absence of information, in light of plaintiffs' allegations, effectively prevent McGEORGE defendants' from preparing a defense or evaluating other dispositive defenses such as the Statute of Limitations or "failure to state a claim" under Rule 12(b)(6)   Therefore, in the event that this court does not dismiss this action for the reasons set forth above, MCGEORGE Defendants request this court to require plaintiffs to identify their theory of the case with more specificity.

## IV.  CONCLUSION

MCGEORGE Defendants respectfully request this court to dismiss plaintiffs' entire case against them for the reasons discussed above or, in the alternative, require plaintiffs to identify their theory of the case with more specificity.

DATED: September 13, 2007              By: _____
                                           Vincent Pastorino
                                           Attorney for Defendants
                                           California Special Education Hearing Office
                                           (SEHO), McGeorge School of Law,
                                           and Vincent Pastorino

14

1  Vincent Pastorino, CA SBN 095939
   Institute for Administrative Justice
2  University of the Pacific McGeorge School of Law
   3455 5th Avenue
3  Sacramento, CA 95817
   Phone: (916) 739-7049
4  Fax:    (916) 739-7199
   e-mail: vpastorino@pacific.edu
5

6  Attorney for Defendants California Special Education Hearing Office,
   Mcgeorge School of Law, and Vincent Pastorino
7

8  _____

9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12                      **OAKLAND**

13

14                                      )
                                        )
15  MICHAEL PETERSEN on behalf of       )    Case No. Case No. C07-02400 (SBA)
    himself and next of friend to Mike Jr. and )
16  Ryan, disabled minor children PRO SE )    **PROPOSED ORDER**
                                        )
17        Plaintiffs,                   )
                                        )
18                                      )
          v.                            )
19                                      )
                                        )    **[FED. R. CIV. PROC. 12(b)(1), 12(b)(6),**
20                                      )    **and 12(e)]**
                                        )
21  CALIFORNIA SPECIAL EDUCATION        )
    HEARING OFFICE, et al               )    **JUDGE: Saundra B. Armstrong**
22                                      )    **DATE: October 23, 2007**
          Defendants.                   )    **TIME: 1:00 P.M.**
23                                      )    **DEPT.: Courtroom 3**

24  _____

25

26

27                          15

28  _____

# I.  FACTUAL BACKGROUND

Plaintiffs assert generally that their action "arises out of contract violations that affect the disabled minor children [plaintiffs] Mikey and Ryan," plaintiff Michael Petersen's children. (Complaint 2:22-25; 6:15-19.)  Plaintiffs' complaint, as it pertains specifically to the MCGEORGE defendants, asserts that McGeorge/SEHO was a private entity under contract with the California Department of Education to provide hearing services and thus obligated by various unspecified state and federal laws to be free of discrimination toward special education students. (Complaint 4:22-25.)  As it pertains to PASTORINO, Plaintiffs assert that PASTORINO, a SEHO hearing officer, was "... to act impartially and was contractually bound by state and federal contract law to provide [plaintiff] Mikey [with] unbias [sic] due process, free from discrimination as the beneficiary of the state and federal contract laws."  (Complaint 5:4-7.)  Plaintiffs' complaint adds that SEHO and PASTORINO were employees and/ or agents of defendants, and in doing all things hereinafter mentioned, acted under color of their authority as, and under color of the statutes, regulations, customs, and usages of state and federal contractual laws, acting under color of authority as such.  (Complaint 5:10-15.)

Plaintiffs limit their claim against MCGEORGE defendants to their "Second Claim for Relief."  In that claim, plaintiffs allege that the MCGEORGE defendants were in "violation of state and federal contract laws, ... due process and equal protection contract laws, ... ADA and section 504 contract laws, ... 42 U.S.C. 1983 due process and equal protection contract provisions, ...42 U.S.C. 1985 contract provisions, and violations of public contract code and public policy provisions.  (Complaint 14:5-15.)

16

1   Plaintiffs' complaint, however, does not specify or refer to any particular contract involving

2   MCGEORGE defendants, and the complaint does not identify or articulate any state or federal

3   contract "laws" or "provisions" that either govern such contracts or create for plaintiffs a private

4   cause of action against MCGEORGE defendants.

5

6

7   **STANDARD OF REVIEW**

8          A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings.  A

9   complaint may be dismissed only if "it appears beyond doubt that the Plaintiff can plead no set of

10  facts in support of his claim that would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-

11  46 (1957).  When ruling on a rule 12(b)(6) motion, the court must construe the pleadings in the

12  light most favorable to the plaintiff.  *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

13  The court must also accept as true all material allegations in the complaint, as well as any

14  reasonable inferences to be drawn therefrom.  *See Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir.

15  1998).  If the complaint is dismissed for failure to state a claim, the court should allow leave to

16  amend the pleadings if it appears at all possible that the plaintiff can cure the defect.  *Balistreri v.*

17  *Pacifica Police Dept.*, 901 f.2d 696, 701 (9th Cir. 1990).

18

19

20   **ANALYSIS**

21  **A.**     **Judicial Immunity**

22         MCGEORGE defendants are absolutely immune from suit under the doctrine of judicial

23  immunity.

24         All aspects of judicial decision making are protected by judicial immunity in order to

25  protect judicial independence.  *Greene v. Zank*, 158 Cal.App.3d 497, 507 (1984).  It is essential to

26  17

27

28

1   the proper administration of justice that "a judicial officer, in exercising the authority vested in

2   him, shall be free to act upon his own convictions, without apprehension or personal

3   consequences to himself." *Tagliavia v. County of Los Angeles*, 112 Cal.App.3d 759, 762 (1980),

4   quoting from *Bradley v. Fisher*, 80 U.S. 335 (1871).

5

6           The critical test is whether the judge's act or omission was a judicial act committed to

7   judicial discretion and within the scope of judicial jurisdiction.  "[When] ... exercising judicial

8   functions, a judge who has a duty, breaches that duty and causes injury–however intentionally,

9   maliciously, and corruptly–is immune from civil suit..." *Falls v. Superior Court*, 42 Cal.App.4th

10  1031, 1037 (1996).  If any reasonable ground for the assumption of jurisdiction exists, judicial

11  immunity attaches.  See *Lewis v. Linn*, 209 Cal.App.2d 394, 397-98 (1963).  A judge's issuance

12  of court orders in civil cases pending before the judge is within the immunity, however wrong the

13  orders are said to be, because the remedy for judicial error is appeal.  *Haas v. Gibson*, 179

14  Cal.App2d 259 (1960); *Foster v. McBride*, 521 F.2d 1304 (9th Cir. 1975).  Alleging a conspiracy

15  between the judge and third parties does not make actionable conduct that is not otherwise

16  actionable.  *Legg v. Breitenbach*, 198 Cal.App.2d 206. 208; *Hagan v. State of California*, 265

17  F.Supp 174 (C.D.Cal. 1967).  Judicial immunity applies irrespective of whether the acts were

18  done in excess of jurisdiction [*Tagliavia v. County of Los Angeles*, 112 Cal.App.3d 759, 761

19  (1980); *Stump v. Sparkman*, 435 U.S. 349 (1978)], alleged to have been committed maliciously

20  and corruptly [*Frost v. Geernaert*, 200 Cal.App.3d 1104, 1107 (1988); *Cadena v. Perasso*, 498

21  F.2d 383 (9th Cir. 1974)], or alleged to be grossly and unfairly wrong or prejudiced [*Rosenthal v.*

22  *Vogt*, 229 Cal.App.3d 68, 76 (1991); *Schucker v. Rockwood*, 846 F2d 1202, 1204 (9th Cir. 1988)].

23

24

25

26

27

28                                                18

1    Those who undertake to perform quasi-judicial acts are accorded an immunity like that

2    recognized for judges, to the extent that their acts are judicial in character.  Thus, a hearing

3    examiner and an administrative law judge are entitled to absolute judicial immunity.  *Cleavinger*

4    *v. Saxner,* 474 U.S. 193, 201 (1985); *Butz v. Economou*, 438 U.S. 478 (1978); *Thiele v. RML*

5    *Realty Partners*, 14 Cal.App.4th 1526, 1530 (1993).

6    

7    In the present case, as alleged in the Complaint, McGEORGE contracted with CDE to

8    conduct special education due process hearings.  (Complaint 4:22-24)  Such contract is authorized

9    pursuant to section 56504.5 of the Education Code, and the procedures governing such due

10   process hearings and the adjudicatory duties, authority, and jurisdiction of the hearing officers are

11   set forth in sections 56000 through 56507 of the Education Code, as well as in State regulations

12   (Title 5, C.C.R. sections 3080, et seq) and in federal statutes (20 U.S.C. section 1415) and

13   regulations (34 C.F.R. sections 300.507, et seq).  These statutes and regulations make clear that

14   special education hearing officers function in the capacity of administrative law judges, including

15   administering oaths, granting motions, ruling on party objections, receiving testimony, examining

16   witnesses, and rendering decisions.  Courts reviewing hearing officer decisions give it "due

17   weight" and, where the hearing officer's findings are "thorough and careful," gives them

18   "particular deference."  (*Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1474 (9th Cir. 1993);

19   *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994).

20   

21   All of the specific acts alleged by plaintiff against McGEORGE and its hearing officers,

22   including PASTORINO, if true, fall within the scope the hearing officers' judicial (or quasi-

23   judicial) functions and thus are covered by judicial immunity.  All of the acts alleged against

24   McGEORGE and its hearing officers, including PASTORINO, as itemized above, involve

25   

26   

27   

28                                                 19

1  knowledge of the applicable law, the conduct of the hearing, and the issuance of decisions and

2  orders– matters which fall squarely within the judicial functions of the hearing officers and are

3  covered by judicial immunity. Thus, McGEORGE defendents are immune from suit.

**B.**     **Failure to Exhaust Administrative Remedies**

5

6          Plaintiffs failed to exhaust their administrative remedies; thus, this court has no

7  jurisdiction over the present action.  A Rule 12(b)(1) motion is appropriate when the plaintiffs fail

8  to exhaust their administrative remedies that are a prerequisite for filing suit.  *Honig V. Doe*, 484

9  U.S. 305, 326-327 (1988) (failure to exhaust administrative remedies under the IDEA before

10 bringing a civil action in federal court deprives the court of subject matter jurisdiction over the

11 action).  "Judicial review under the IDEA is ordinarily available only after the plaintiff exhausts

12 administrative remedies."  *Doe v. Arizona Dept. of Educ.,* 111 F3d 678, 680 (9th Cir. 1997).

13

14 Exhaustion is required in order to give states "the power to place themselves in compliance with

15 the law, and the incentive to develop a regular system for fairly resolving conflicts under the

16 IDEA.  *Id*. At 680.  It also serves the purpose of giving "[f]ederal courts–generalists with no

17

18 experience in the needs of handicapped students–[] the benefit of expert fact finding by a state

19 agency devoted to this very purpose."  *Id.*

20         The requirement to exhaust under IDEA procedures is not limited to cases in which the

21 plaintiff seeks to resolve issues or obtain remedies available in the IDEA's due process

22 administrative hearing process. *Kutasi v. Virgenes*, 2007 WL 2050952 (9th Cir. 2007) (the IDEA

23

24 requires that before plaintiffs may file a civil action under "the Constitution, the Americans with

25 Disabilities Act, title V of the Rehabilitation Act or other federal laws protecting the rights of

26 children with disabilities," they must exhaust the IDEA's due process hearing procedures if the

27

28                                                  20

action "seek[s] relief that is also available under" the IDEA). The law of exhaustion requires that "plaintiffs must exhaust administrative remedies before filing a civil lawsuit if they seek relief for injuries that could be redressed to any degree by the IDEA's administrative procedures." *Id*. at 8787.

In this case, the thrust of plaintiffs' complaint against MCGEORGE defendants is that by accepting MDUSD's petition for hearing, denying father's request for subpoena duces tecum, and by failing to provide a written pre-hearing order setting forth SEHO's jurisdiction over father's collateral claims, SEHO somehow (in some inexplicable way) "sabotaged" father's pending case against MDUSD, effectively forcing him to voluntarily withdraw it. And, plaintiffs allege, as a result of their withdrawing father's pending case before SEHO–case number SN02-02868–SEHO refused to hear and decide all of the issues set out in father's withdrawn case when it heard and decided MDUSD's case against father–case number SN03-00076.

In the present action, plaintiffs allege that SEHO's refusal to address the issues from father's previously withdrawn case as part of MDUSD's case caused them–the plaintiffs–damages, since they could no seek all of the remedies father originally sought in his withdrawn case. (Complaint 15:5-19) The issues in father's previously withdrawn case–SN02-02868–included a claim for denial of educational services, and the remedies father sought in that case included educational services. (Complaint Exhibit 2) Also in the present action, plaintiffs claim that the damages they suffered from not having that case heard, at least in part, pertained to loss of educational benefits. (Complaint 15:6, 14, 17-19) Finally, in their Prayer for Relief, plaintiffs seek relief for those damages. (Complaint 15:17-16:14) Thus, plaintiffs could have sought relief for any educational losses by either maintaining father's original action before

21

SEHO–case number SN02-02868–or, after withdrawing the action, filing a new case with SEHO raising the same issues and seeking the same remedies sought in that case.  By withdrawing their case and not re-filing it, or filing a new case raising the same issues and seeking the same remedies, plaintiffs failed to bring his IDEA-based claims before SEHO.  Plaintiffs do not allege that SEHO ever refused to hear father's original case–SN02-02868–or ever refused to allow him to file a subsequent case raising the same issues.  Moreover, Plaintiffs do not allege that they ever attempted to take case SN02-02868, or any subsequent case, to hearing before SEHO.

Hence, plaintiffs failed to exhaust their administrative remedies prior to filing the present case inasmuch as plaintiffs could have obtained at least some relief in an IDEA due process administrative hearing.  Thus, this court has no jurisdiction over the present matter and it must dismissed.

## II.  CONCLUSION

PLAINTIFFS case against McGEORGE Defendants (California Special Education Hearing Office, Mcgeorge School of Law, and Vincent Pastorini) is dismissed in its entirety on the grounds that those claims fail to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12, subdivision (b)(1) and on the grounds that it fails to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12, subdivision  (b)(6).

September 13, 2007                    By: _____
                                     Vincent Pastorino
                                     Attorney for Defendants
                                     California Special Education Hearing Office
                                     (SEHO), Mcgeorge school of Law, and
                                     Vincent Pastorino

22



Vincent Pastorino, CA SBN 095939
Institute for Administrative Justice
University of the Pacific McGeorge School of Law
3455 5th Avenue
Sacramento, CA 95817
Phone: (916) 739-7049
Fax:    (916) 739-7199
e-mail: vpastorino@pacific.edu

Attorney for Defendants California Special Education Hearing Office,
Mcgeorge School of Law, and Vincent Pastorino

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND

| | |
|---|---|
| **MICHAEL PETERSEN on behalf of himself and next of friend to Mike Jr. and Ryan, disabled minor children PRO SE** | **Case No. Case No. C07-02400 (SBA)** |
| **Plaintiffs,** | **ATTEMPT TO MEET AND CONFER** |
| **v.** | |
| **CALIFORNIA SPECIAL EDUCATION HEARING OFFICE, et al** | |
| **Defendants.** | |

23

1      Plaintiff did not provide a telephone number on or in his complaint.  On September 12,
2 2007, at 11:21 a.m., attorney Paul Lacy, from Mcgeorge school of Law, contacted the nationwide
3
4 4-1-1 operator and attempted to obtain a telephone number for plaintiff based on the name and
5 city of residence listed on his complaint.  The information operator informed Mr. Lacy there was
6 no such listing.

7

8

9

10

11

12 DATED: September 13, 2007          By: _____

Vincent Pastorino
13                               Attorney for Defendants
14                               California Special Education Hearing Office
(SEHO), Mcgeorge School of Law, and
15                               Vincent Pastorino

16

17

18

19

20

21

22

23

24

25

26

27

28                          **24**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28