1  SUE ANN SALMON EVANS, State Bar No. 151562
   AMY R. LEVINE, State Bar No. 160743
2  MATTHEW JUHL-DARLINGTON, State Bar No. 215375
   MILLER BROWN & DANNIS
3  71 Stevenson Street, 19th Floor
   San Francisco, CA 94105
4  Telephone: (415) 543-4111
   Facsimile: (415) 543-4384
5
   Attorneys for Defendants
6  MOUNT DIABLO UNIFIED SCHOOL DISTRICT, MILDRED
   BROWN, and KEN FERRO
7

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 MICHAEL PETERSEN on behalf of          Case No. C07-02400 SI
   himself and parent and next of friend to
12 Mike Jr. and Ryan disabled minor children  **DISTRICT DEFENDANTS' MEMORANDUM**
   PRO SE,                                 **OF POINTS AND AUTHORITIES IN**
13                                         **SUPPORT OF THEIR MOTION FOR A**
                                           **MORE DEFINITE STATEMENT AND/OR TO**
14            Plaintiffs,                  **STRIKE THE COMPLAINT**
                                           **(Fed. R. Civ. P. 12(e))**
15      v.

16 CALIFORNIA SPECIAL EDUCATION           Hearing Date:      November 9, 2007
   HEARING OFFICE, MCGEORGE              Hearing Time:      9:00 a.m.
17 SCHOOL OF LAW et al. HEARING          Courtroom:         10, 19th Flr.
   OFFICER, VINCENT PASTORINO            Judge:             Hon. Susan Illston
18 MOUNT DIABLO UNIFIED SCHOOL
   DISTRICT et al MILDRED BROWN,         Trial:             None
19 individually and in her official capacity as
   assistant superintendent of special
20 education KEN FERRO, individually and
   in his official capacity as Alternative
21 Dispute Resolution Administrator,
22
             Defendants.
23

24

25      The Complaint in this action is so vague and ambiguous that defendants cannot formulate

26 a responsive pleading.    Accordingly, they bring this motion under Federal Rule of Civil

27 Procedure 12(e) for a more definite statement and/or to strike the Complaint in its entirety.

28
                                    1

SF 279607v1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1    I.    **STATEMENT OF FACTS**

2          Plaintiffs are Michael Petersen and his children Mike Jr. ("Mikey") and Ryan.    They are

3    all represented in this action by Michael Petersen, in pro per.    The Complaint, filed first in the

4    Eastern District of California and then transferred by the Court to the Northern District of

5    California contains three "Claims for Relief".    Two of the claims are against defendants Mildred

6    Brown and Ken Ferro in their individual and official capacities.    These are the first and third

7    claims, and they are identical.    The remaining claim (the Second Claim for Relief) is against the

8    Special Education Hearing Office ("SEHO") and Vincent Pastorino.    None of the three Claims for

9    Relief are plead against the Mount Diablo Unified School District ("MDUSD").    (Complaint, ¶¶

10   40-42)

11         The two Claims for Relief against Brown and Ferro state, in their entirety:

12              For violations of MDUSD federal consent decree contract.

13              For violations of state and federal contract laws.

14              For violations of A.D.A. and section 504 contract laws

15              For violation of 42USC 1983 due process and equal protection
                contract obligation.

16              For violations of 42 U.S.C. 1985 contract provisions.

17              For violations of 29 USC 794 contract obligations

18              For violations of public contract codes and public policy contracts.

19              For retaliation as a direct violation of above stated contract laws.

20   (Complaint, ¶¶ 40, 42)  No factual or legal contentions whatsoever are contained in these skeletal

21   "Claims for Relief," and, as a result, defendants have no idea how they may be liable under any of

22   these theories.

23         The factual allegations do not shed any light on this.  Plaintiffs repeat in several places in

24   the Complaint that their claims are for violation of contract and that they are the beneficiary of

25   state and federal contracts that some or all of the defendants entered into with third parties.  (See,

26   e.g., Complaint, Caption and ¶¶ 6, 7, 8, 9, 10, 20, 22)  There is reference to a federal consent

27   decree contract (Complaint, ¶¶ 8, 9, 10), but no specific terms are plead, no specific breaches are

28

2

SF 279607v1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1  plead, and there is no allegation as to how plaintiffs have standing to enforce such a contract. The

2  only contract that is plead is a partially unsigned February 4, 2004 settlement agreement

3  involving plaintiff Ryan attached as an exhibit to the Complaint. Thus, the allegations regarding

4  Ryan seem to be for breach of contract, but then plaintiffs claim that the defendants violated state

5  and federal contract law, discriminated against Ryan, and/or caused him personal injury.

6  (Complaint, ¶¶ 33-38)  As a result, defendants cannot determine if any of the plaintiffs are

7  pursuing a breach of contract action, a statutory cause of action, or are seeking to enforce a

8  consent decree from another proceeding.

9       Plaintiffs spend four and a half pages of the Complaint (paragraphs 22-32) discussing six

10  SEHO cases previously filed between the District and Mikey, and focusing primarily on various

11  procedural issues that arose in those cases.  These allegations are completely unintelligible.

12  Plaintiff has not purported to bring this action under the Individuals with Disabilities Education

13  Improvement Act ("IDEIA").  After reading through the allegations several times, it is impossible

14  to tell what these vague and incoherent allegations have to do with any claim that plaintiffs are

15  currently pursuing or how they could possibly state a cause of action against any of the

16  defendants.

17       Likewise, paragraph 39 involves allegations that the defendants are somehow responsible

18  for causing plaintiffs to be evicted from their home.  Plaintiffs do not specify which of their legal

19  theories this paragraph pertains to or which defendants they seek to hold responsible.

20  **II.    THE COMPLAINT IS SO VAGUE AND AMBIGUOUS THAT A RESPONSIVE**
    **PLEADING CANNOT BE FORMULATED**

21

22       Federal Rule of Civil Procedure 8 provides that a complaint "shall contain ... a short and

23  plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach

24  averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(a)(2) and (e).

25       To state a claim, the plaintiff must allege "enough facts to state a claim to relief that is

26  plausible on its face." *Bell Atlantic Corp. v. Twombly*, __ U.S. __,127 S.Ct. 1955, 1974 (2007).

27  "[A] plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more

28  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

3

1    not do." *Id.*, at 1964-65. "[F]actual allegations must be enough to raise a right to relief above the

2    speculative level." *Id.*, at 1965.

3    At a minimum, a complaint must "give the defendant fair notice of what the plaintiff's

4    claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Such

5    notice is required so that the opposing parties can respond, undertake discovery and prepare for

6    trial. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996). Thus, a complaint that is replete

7    with detail but that fails to identify concisely and clearly "whom plaintiffs are suing for what

8    wrongs, fails to perform the essential functions of a complaint." *McHenry,* at 1179. Further,

9    when plaintiffs allege civil rights claims against government officials or conspiracy, they must

10    plead their claims with greater specificity. *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998);

11    *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989).

12    Here, plaintiffs' Complaint contains many factual allegations, but is completely devoid of

13    any statement of what their claims are or why they are entitled to relief. Their "Claims for

14    Relief" for violation of Section 504 of the Rehabilitation Act, the ADA, 42 U.S.C. sections 1983

15    and 1985 contain nothing more than a reference to the law that was purportedly violated, without

16    any statement of who violated the law, when, and in what way. Nor do they explain which

17    particular provisions of these laws were violated. These allegations do not meet the Federal

18    Rules of Civil Procedure's pleading standards and fall far short of meeting the specificity

19    requirements for allegations of civil rights violations or conspiracy against government officials.

20    Moreover, these "Claims for Relief" do not explain how, when, or under what

21    circumstances defendants Brown or Ferro acted in their individual capacities or what they did in

22    either their official or their individual capacities to have liability. They do not specify which of

23    the three plaintiffs is asserting claims under which of these laws and against which of the

24    defendants. Nor do plaintiffs provide any inkling as to under which claims or against which

25    defendants they seek compensatory damages, punitive damages, injunctive relief, declaratory

26    relief, or attorney's fees. (Complaint, ¶¶43-49)

27    Plaintiffs "Claims for Relief" for violation of "federal and state contract laws," "public

28    contract codes," "public policy contracts," and "for retaliation as a direct violation of above stated

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

4

1   contract laws" contain even less information.  These statements do not even identify that laws,

2   codes or contracts that were allegedly violated.  Defendants would therefore have to guess what

3   violations they are being accused of to formulate a responsive pleading.  This they are not

4   required to do.

5          In sum, none of the plaintiffs' allegations give the defendants fair notice as to how the

6   plaintiffs believe they have been wronged or why they should recover for those wrongs.  As a

7   result, the Complaint should be dismissed.

8   **III.    THE COMPLAINT SHOULD BE STRICKEN WITHOUT LEAVE TO AMEND**

9          Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive

10  pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to

11  frame a responsive pleading, the party may move for a more definite statement before interposing

12  a responsive pleading."  Fed. R. Civ. P. 12(e).  It further provides that "[i]f the motion is granted

13  and the order of the court is not obeyed within 10 days after notice of the order or within such

14  other time as the court may fix, the court may strike the pleading …."  *Id*.  The Court has

15  discretion as to the appropriate remedy for violation of pleading requirements, including

16  dismissing the complaint with  or without leave to amend.  See, *McHenry*, 84 F.3d at 1178-79;

17  *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981).

18         Here, the defendants request that the Court dismiss this Complaint without leave to

19  amend.  While the Court is to construe pleadings to allow "substantial justice" and to give leave

20  to amend "freely … when justice so requires," defendants urge the Court to bear in mind that the

21  Petersen family has filed two substantially similar claims against the District since 2002.  Fed. R.

22  Civ. P. 8(f); 15(a).  The 2002 filing was dismissed under Federal Rule of Civil Procedure 12(b)(6)

23  for failure to state a claim and, after plaintiff Randi Petersen (Michael Petersen's ex-wife and

24  Mikey and Ryan's mother) failed to amend, judgment was entered in favor of the defendants on

25  May 25, 2004.  (*Petersen v. Mt. Diablo Unified School District*, No. C 02-0887 SI (July 3, 2002

26  Order and May 25, 2004 Judgment)).

27         On March 16, 2004, Randi Petersen, Michael Petersen, and their son Mikey filed suit

28

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

5

DISTRICT DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT AND/OR TO STRIKE THE
COMPLAINT; CASE NO. C07-02400

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1   against the District, Mildred Brown and Connie Cushing.  On June 21, 2004, the Court granted

2   the defendants' motion for a more definite statement and noted that, like here, the complaint was

3   "completely devoid of an understandable chronology" and that the plaintiffs did "not cite to any

4   specific instances of violations of their rights and … [did] not specify the conduct that serves as

5   the basis for their claims." (*Petersen v. Mt. Diablo Unified School District*, No. C 04-01059 SI

6   (June 21, 2004 Order, at 2:1-2 and 13-14)).  That case too was dismissed for failure to state a

7   claim, and judgment entered in favor of defendants.  (December 20, 2004 Order).  See Request

8   for Judicial Notice, Exhibits 1-4.[1]

9       Thus, this is essentially the plaintiffs' fourth go-round with these allegations.   After

10  having their allegations dismissed three times, they have still failed to plead anything other than

11  vague, conclusory, and ultimately meritless allegations.  The Court should strike this Complaint

12  without leave to amend and enter judgment in favor of the defendants.

13  DATED: September 13, 2007                    MILLER BROWN & DANNIS

14

15

16                                              By:  Amy R. Levine
                                                SUE ANN SALMON EVANS
17                                              AMY R. LEVINE
                                                MATTHEW JUHL-DARLINGTON
18                                              Attorneys for Defendants
                                                MOUNT DIABLO UNIFIED SCHOOL
19                                              DISTRICT, MILDRED BROWN, and KEN
                                                FERRO

20

21

22

23

24

25

26

27  [1]  The file for the 2002 case has been archived and therefore defendants have not yet had an opportunity to review it
    in detail.  However, the history of the case is recited in the Court's June 21, 2004 and December 20, 2004 Orders in
28  the 2004 case.

6

SF 279607v1