IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDI PETERSON, MICHAEL PETERSEN and MICHAEL PETERSEN, JR.,<br><br>    Plaintiffs,<br>v.<br>MT. DIABLO UNIFIED SCHOOL DISTRICT, MILDRED BROWN, individually and in her official capacity, CONNIE CUSHING, individually and in her official capacity, and DOES 1 to 50, inclusive,<br>    Defendants.<br>_____ / | No. C 04-01059 SI<br><br>**ORDER REQUIRING MORE DEFINITE STATEMENT; GRANTING REQUEST FOR JUDICIAL NOTICE; AND DENYING MOTION TO DISMISS** |

On June 18, 2004, the Court heard argument on defendants' motion to dismiss, or in the alternative, for a more definite statement as well as defendants' request for judicial notice. Having carefully considered the arguments of the parties and the papers submitted, the Court GRANTS defendants' motion for a more definite statement, GRANTS defendants' request for judicial notice, and DENIES defendants' motion to dismiss without prejudice.

**BACKGROUND**

This case concerns the alleged failure of the Mt. Diablo Unified School District to properly educate a mentally and physically handicapped child. On March 16, 2004, plaintiffs Randi Petersen, Michael Petersen, and their son Michael Petersen, Jr. filed suit against Mt. Diablo, Mildred Brown, and Connie Cushing. The complaint alleges that Mt. Diablo discriminated against Michael Jr., a physically and mentally handicapped student, under both Section 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act ("ADA"). Compl. at 4. The complaint further alleges that Mt. Diablo has retaliated against Randi and Michael

EXHIBIT 1
PAGE 1 OF 5

for their efforts in advocating on their son's behalf. Id. Additionally, plaintiffs allege that Michael Jr.'s impairments result from both his handicaps and "because of the discrimination [by Mt. Diablo] in failing to provide appropriate programs or provide needed modifications [to his schooling program]." Id.

The instant matter is very closely related to a *pro se* lawsuit that was brought in early 2002 by Randi and Michael Jr. against generally the same defendants.[1] Petersen v. Mt. Diablo Unified School District, No. C 02-0887 SI (Compl. filed Feb. 21, 2002). The 2002 complaint challenged the decisions of a family court which denied Randi custody of her children and visitation rights. The 2002 complaint further alleged that Mt. Diablo, in conspiracy with Randi's former husband Michael and others, denied Randi her constitutional and civil rights, as well as the rights of her children, in the process of developing an educational plan for her two sons, especially Michael Jr.

This Court dismissed the 2002 case under Federal Rule of Civil Procedure 12(b)(6) for a failure to state a claim. Petersen, No. C 02-0887 SI (Order filed July 3, 2002). The July 3, 2002 Order dismissing the case granted Randi leave to amend her complaint on or before August 2, 2002. Id. At oral argument, Randi stated that she was trying to secure attorney services to aid her. Id. at 18. Plaintiffs did not file an amended complaint and the case was therefore dismissed pursuant to the July 3, 2002 Order. Petersen, No. C 02-0887 SI (Order filed May 25, 2004). The instant action was filed on March 16, 2004, and on May 14, 2004, this Court issued an order relating it to the 2002 case. On May 25, 2004, judgment was entered on the 2002 lawsuit in favor of defendants.

On June 2, 2003, Randi and Michael entered into a Compromise and Release Agreement ("Settlement Agreement") with Mt. Diablo in order to "resolve any and all disputes, causes of action, and claims which may exist concerning Michael's educational program, placement and related services, past, present, and future, through August 30, 2003 [arising under the Individuals with Disabilities Education Act ("IDEA")]." Settlement Agreement at 1.

It is unclear from the various documents whether Michael Jr. was enrolled in Mt. Diablo following the Settlement Agreement. Plaintiffs state that he "failed to attend school during the 2002-2003 school year."

---

[1] One major difference in the complaints is that in the 2002 complaint, Michael Peterson, Michael Jr.'s father, was named as a defendant and was alleged to be part of a conspiracy against Randi and Michael Jr.

1  Opp. at 1. Defendants state that "[Michael Jr.] was not *enrolled* in any District school after that date [August
2  30, 2003]." Mot. at 12 n. 5 (emphasis added).
3      In their instant complaint, plaintiffs allege the following causes of action: a violation of Section 504 of
4  the Rehabilitation Act of 1973; a violation of the ADA (only against Mt. Diablo); a violation of 42 U.S.C. §
5  1983; conspiracy under 42 U.S.C. § 1985; intentional infliction of emotional distress; retaliation; and violation
6  of public policy.
7      Now before the Court is defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6), or in the
8  alternative, for a more definite statement under Fed. R. Civ. P. 12(e), as well as their request for judicial notice.

## LEGAL STANDARD

A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Thus, a complaint that is replete with detail but that fails to identify concisely and clearly "whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996). Two provisions of the Federal Rules of Civil Procedure address the problem posed by a vague or confusing complaint. Federal Rule of Civil Procedure 8 provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(a)(2) and (e). Federal Rule of Civil Procedure 12(e) provides that, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). It is within a district court's discretion to fashion a remedy for violation of Rules 8 and 12, which may include ordering amendment of the complaint, dismissal of a complaint with leave to amend, or dismissal with prejudice. See Fed. R. Civ. P. 41(b); McHenry, 84 F.3d at 1177; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

## DISCUSSION

1.  **Motion for a more definite statement**

Defendants' motion for a more definite statement is well taken and will be granted. The complaint is completely devoid of an understandable chronology. The complaint makes one reference to a date, during the year 1997; otherwise, the complaint contains only vague and conclusory allegations with no mention of specific dates. Plaintiffs' opposition to defendants' motion to dismiss simply asserts that "[d]ue to the continuous nature of defendants['] illegal and discriminatory acts, plaintiff did not specify as to the dates of the violations. The illegal conduct on the part of the defendants has occurred from 1997 to the present time, or at least to the time of the filing of the complaint." Opp. at 8. Such statements do not allow for a proper evaluation of the timeliness of the claims alleged under the various code sections, which contain varied statutes of limitations, or for an accurate determination whether the Settlement Agreement and/or Michael Jr.'s failure to attend school in 2002-2003 will affect the validity of the suit. Likewise, plaintiffs list Brown and Cushing as defendants, yet do not specify when either of these individuals acted in regard to Michael Jr. in either their official or individual or capacities.

Plaintiffs do not cite to any specific instances of violations of their rights and they do not specify the conduct that serves as the basis for their claims. As an example, the complaint does not specify what types of actions were conducted by defendants that allegedly caused Michael Jr.'s limitations as to life experiences. Plaintiffs' conclusory statement that "[t]he substantial limitation has been both because of the disability and because of the discrimination in failing to provide appropriate programs or provide needed modifications" does not state any actions by defendants. Compl. at 4. For these reasons, the Court GRANTS defendants' motion for a more definite statement.

**B.     Motion to dismiss for failure to state a claim**

Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to assert a claim upon which relief can be granted. The Court has GRANTED defendants' motion for a more definite statement, making defendants' motion to dismiss unripe. On that basis, the motion to dismiss is DENIED, without prejudice.

**C.     Request for judicial notice**

1    Defendants request that this Court take judicial notice of the following documents pursuant to Federal
2 Rule of Evidence 201: (1) the *pro se* Complaint for Money Damages and Injunctive Relief, Case No. C 02-
3 0887 SI, and filed on February 21, 2002, by Randi Petersen, Michael Petersen, Jr., and Ryan Petersen in this
4 Court; (2) this Court's July 3, 2002 Order; (3) the Special Education Hearing Office ("SEHO") Decision by
5 Hearing Officer Vincent L. Pastorino of California SEHO executed on April 30, 2003; and (4) the SEHO
6 Compromise and Release Agreement, in assigned Case No. SN 03-00778.
7    Defendants argue that this Court should take judicial notice of these documents because they are
8 integral to the complaint as the prior proceedings arise from, or have an intimate nexus with, the educational
9 services offered to Michael Jr. by Mt. Diablo. The Court agrees and GRANTS this request for judicial notice.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion for a more definite statement and GRANTS defendants' request for judicial notice. Plaintiffs' amended complaint must be filed and served **on or before July 2, 2004**. [Docket ## 14, 15, 18.]

**IT IS SO ORDERED.**

Dated: June 21, 2004

S/Susan Illston
SUSAN ILLSTON
United States District Judge