1  Michael Petersen, Parent Pro Se
   next of friend of Michael Petersen Jr.
2  and Ryan Petersen
   P.O. Box 2462
3  Visalia Ca. 93291



8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

12  MICHAEL PETERSEN on behalf of himself and          CASE # C07- 00646LJO
    parent and next of friend to Mike Jr. and Ryan          # C07-02400 SI
13  disabled minors children PRE SE

14  PLAINTIFF'S
                                                       NOTICE OF MOTION & AFFIDAVIT,
15  V.                                                 MOTION FOR CHANGE OF VENUE,
                                                       AFFIDAVIT FOR BIAS AND
16                                                     PREJUDICE, MEMORANDUM
                                                       IN SUPPORT WITH EXHIBITS,
17                                                     CANCEL CAND SCHEDULE ORDER

18                                                     JUDGE : Susan Illston
                                                       DATE: November 9, 2007
19                                                     TIME: 9:00am
                                                       DEPT. Courtroom 10

21  CALIFORNIA SPECIAL EDUCATION HEARING
    OFFICE, MCGEORGE SCHOOL OF LAW et.al.
22  HEARING OFFICER, VINCENT PASTORINO
    MOUNT DIABLO UNIFIED SCHOOL DISTRICT et. al
23  MILDRED BROWN, individually and in her official
    capacity as assistant superintendent of special education
24  KEN FERRO, individually and in his official capacity as
    Alternative Dispute Resolution Administrator

    DEFENDANTS

    PLAINTIFFS OPENING STATEMENT.: Plaintiff not in the business of suing the judiciary or
27  schools and should not be punished for this action. In fact during past litigation, father declared
    in court filings his refusal to join such suits and stated his opposition to the same. The Superior
28  Court specifically placed father in position to make decisions regarding the children and he

worked in harmony with the professionals. To the best of his abilities, father followed <u>all</u> court orders, recommendations, appointments, follow-ups, and children therapist sessions for several years. The defendants had intimate knowledge of father's sole custody status and the difficulties the children faced. It is with this advanced knowledge that the defendants and their counsel being repeat players in these matters showed no regard or respect for the state court order and proceeded with their unlawful course of action as documented in the 4/27/07 complaint.

This motion for change of venue is brought pursuant to 28 U.S.C. Sec. 1404 (a), "... in the interest of justice, a district court may transfer any civil action to any other <u>district</u> where it might have been brought". In support of this motion, plaintiff references 28 U.S.C. Sec. 1631; " Transfer to cure want of jurisdiction:, "whenever a civil action is filed in a court as defined in section 610 of this title..., is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if in the interest of justice, transfer such action or appeal to any other such court in which the action could have been brought at the time it was filed or noticed, and the action <u>shall proceed as if it had been filed in</u> or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for <u>the court from which it is transferred.</u>"

Although this plaintiff contests the actual transfer out of the Eastern District, and is motioning for change of venue back to the Eastern District, the correct file stamp date should have stayed 4/27/07 when it arrived at the Oakland division court where plaintiff encountered the difficulties as documented in his 5/14/07 affidavit (attached as exhibit A) to correct the file stamp date and should not have had to endure the barriers imposed on him. Said difficulties amounted to plaintiff's not receiving fair and equal treatment under the law and created enormous obstacles for pro per father to exercise the rights of his minor children. Leaving the case in the Northern District would be highly detrimental to, and infringes upon, the childrens rights to receive full protections, equal treatment and due process under the law due to the amount of controversy from past litigation.

Plaintiff also quotes 28 U.S.C. Sec. 455 (a) (b) (1) " Any justice or judge of the United Sates shall disqualify himself in any proceeding in which his impartially might reasonably be questioned; where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;.

1   And, 28 USC Sec.144, Bias or prejudice of judge; " Whenever a party to an proceeding in a
2   district court makes and files a timely and sufficient affidavit that a judge before whom the
3   matter is pending has a personal bias or prejudice either against him or in favor of any adverse
4   party, such judge shall proceed no further therein..."

5   Additionally, CIV. L. R. 3-15 states: Disqualification of assigned Judge; "Whenever an
6   affidavit of bias or prejudice is directed at a Judge of this court is filed pursuant to 28 USC
7   Sec.144, and the Judge has determined not to recuse him or herself and found that the affidavit is
8   neither legally insufficient nor interposed for delay, the Judge shall refer the request for
9   disqualification to the clerk for random assignment to another judge , or in this instant motion,
10  (transferred back to the Eastern District), and, recusal under 28 USC Sec. 455 is normally
11  undertaken by a judge sua sponte, however, counsel may bring the issue to the judge by formal
12  motion .

13  This motion should be granted for change of venue on the basis that not only was Judge
14  Illston previously sued on behalf of the children by others, the entire Northern District courthouse
15  was also sued in the previous lawsuit creating bias against the children.  Additionally, the
16  consent decree filed and adjudicated on behalf of all special education students in the Oakland
17  Division court creates a bias atmosphere against plaintiff's children as documented in plaintiff's
18  5/14/07 affidavit to the court,  and all of the above shall serve as the basis for disqualification
19  under 28 USC Sec. 455(a) (b) (1) and change of venue under 28 USC Sec. 1404(a) in addition to
20  the following.

21              PLAINTIFF'S CASE WAS FILED IN THE EASTERN DISTRICT
22                       AND MUST BE TRANSFERRED BACK
23  On 4/27/07, plaintiff's originally filed this action in the Eastern District Court, Fresno division.
24  Contained in plaintiff's original 4/27/07 Eastern District complaint was the verbatim reference to
25  venue quoting  28 U.S.C. Sec. 1391 (b) <u>"Venue in this court is proper because some defendants</u>
26  <u>reside in this judicial district and a substantial part of the events or omissions giving rise to the</u>
27  <u>claims occurred in this judicial district"</u> Plaintiff's hereby motion this court to change venue back
28  to Eastern District, Fresno division.

1  The SEHO, McGeorge School of Law is located in the eastern District where without their
2  involvement as repeat players and their antecedent involvement in the County of Sacramento,
3  there again located within the Eastern District, the complaint and claims could not have
4  originated. Thus, the events giving rise to plaintiff's claims where this action could have been
5  brought, and was originally brought created a factual nexus for the proper filing in the Eastern
6  District Court as **"where the action arose"**

7  As MDUSD attorneys, Miller, Brown & Dannis have recently joined their clients with the
8  McGeorge defendants, they have consented to the jurisdiction of the Eastern District court in
9  addition to the personal jurisdiction lawfully binding them to the Eastern District summons and
10 this motion to change venue should be granted.

11 Pursuant to 28 U.S.C. Sec. 1391 (b) a civil action may be brought only in : (1) a judicial
12 district where any defendant resides...; (2) a judicial district in which a substantial part of the
13 events or omissions giving rise to the claim occurred, or a substantial part of the property that is
14 the subject of the action is situated; or (3) a judicial district in which any defendant may be
15 found..." Plaintiff's hereby maintain that the original complaint was filed in the correct Eastern
16 district and motions this court to change venue immediately. Here, defendants Special Education
17 Hearing Office, McGeorge School Of Law Et.Al. Clearly are located in Sacramento California,
18 within the Eastern District Court boundaries.

19 Plaintiff's clearly set forth the requisites on : complaints item (2) in original Eastern
20 District complaint " the unlawful practices and violation of plaintiff's civil rights complained of
21 herein were committed in the county of Sacramento... within the Eastern... District of California
22 of the United States District Court, and the State of California".

23 Plaintiff's complaint item #(11) states " at all relevant times defendant Mcgeorge School of
24 Law (SEHO)...conducted their contractual duties in the county of Sacramento California."

25 Plaintiffs's complaint item #(13) states "At all relevant times, defendants were located in the
26 counties of Sacramento... in the Eastern... district of California."

27 Plaintiff's complaint item #(15) states "On information and belief, defendants are residents of
28 the counties of Sacramento... located in the Eastern... district of California."

1    Plaintiff's complaint item #(17) states "Plaintiffs are informed and believes and thereon
2    alleges that some or all of defendants,... in the case of corporations, do business in the counties of
3    Sacramento... or elsewhere in the state of California"

## FACTUAL CONTENTIONS

On 5/1/07, the Eastern District Court (Fresno) transmitted this case to the Northern District Court in (San Francisco). The Northern District, San Francisco division then belatedly transmitted the case to their Oakland division. (where the federal contract consent decree for special education students was filed and adjudicated)

On 5/14/07, in having knowledge of plaintiff's difficulties and verbal complaints in and to the Oakland division court clerks office regarding file date and subpoenas, (and as contained in plaintiff's 5/14/07 affidavit) the Oakland court filed and transmitted a order of referral (Sua Sponte) back to the San Francisco division pursuant to Civ. L. R. 3-12 stating "This action is referred to Judge Susan Illston for consideration of whether the case is related to C04-1059 SI (As the basis whereas she and the CAND was personally sued on behalf of the children) Signed by Judge Sandra Armstrong".

This action further warned, noticed and prepared defendants of plaintiff's 4/27/07 complaint as stated in the 5/14/07 affidavit "Plaintiff has reason to believe the defendants already have possession of the complaint and are preparing a defense of the complaint document even though they have not been formally served with a summons". The defendants were now officially notified by the CAND through U.S. mail of the action.

On 5/16/07, the Northern District Court received plaintiff's 1st (5/14/07) affidavit (through personal delivery with a fed ex confirmation) in relation to various equal treatment and due process complaints in support of this change of venue out of the entire Northern District Courts and back to Eastern District Court, Fresno.

On 5/17/07, Judge Illston signed the order relating plaintiff's current case #C07-00646LJO and C07-02400SBA to former case # C04-01059SI, but plaintiff's 5/14/07 affidavit was not entered by clerks into the filing system until 5/18/07.

Again, in the year 2005, the minor children plaintiff's biological mother sued Judge Illston

1  and the entire Northern District Court house. It is this plaintiff's position in support of this
2  change of venue motion and affidavit for bias and prejudice, that the children's mothers law suit
3  against Judge Illston and the Northern District Court, along with the federal consent decree filed
4  in Oakland created the requisite components to satisfy 28 USC Sec. 1404(a) and, 28 USC Sec.
5  1631 and, 28 U.S.C. Sec. 144 and 28 U.S.C. Sec. 455 in that the plaintiff's can not receive fair
6  treatment in this Northern District and request immediate transfer back to the Eastern District
7  Court for adjudication and in the best interest of justice.
8      The Eastern District court issued the controlling summons writ in this case #C07-00646LJO
9  which continue to govern. Defendants have acknowledged and appeared under (F.R.Civ. P. 12)
10 indicating their acceptance and acknowledgment of the Eastern District summons writ. Time
11 has passed for the defendants to amend there papers pursuant to F.R.C.P.15(a) within 20 days.
12 CAND CIV L.R. 3-14 further states; An order transferring an action to another district shall
13 become effective 10 days after it is filed..., as such, the CAND summons has no effect as it was
14 issued on 5/10/07 or the 9th day after the transfer order out of the Eastern District. More
15 importantly, plaintiff never requested the CAND summons to be "alias" thereby voiding the
16 Northern District summons entirely. (see 5/14/07 affidavit)
17     As the Eastern District summons clearly controls this case, it thereby establishes personal
18 jurisdiction over the defendants and the venue requirements had been originally met in the
19 complaint. This matter must be transferred back to the Eastern District in the interest of fair play
20 and substantial justice.
21 In closing, plaintiff has stated numerous reasons for this Northern District court to act in the
22 interest of justice in favor of the plaintiff's motion for change of venue as it is not believed
23 children can receive fair un bias treatment, and leaving the case in the Northern District would be
24 highly prejudicial to them. The defendants are "repeat players" and already have a substantial
25 advantage over the children.
26
27 Respectfully submitted,
28 Michael Petersen PRO SE

Michael Petersen
P.O. Box 2462
Visalia Ca. 93291

5/14/07

Congressman George Miller
1333 Willow Pass Rd. Ste. 203
Concord Ca. 94520 Fax (925) 674-0983
2205 Rayburn House Office Building
Washington D.C. 20515 Fax (202) 225-5609

U.S. District Court, Northern District
Chief District Judge, Vaughn R. Walker
Court Clerk, Richard W. Wieking
450 Golden Gate Ave.
San Francisco Ca. 94102 Via U.S. Mail

U.S. District Court, Eastern Division
Chief District Judge
1130 O St.
Fresno Ca. 93721 Via U.S. Mail

United States Department of Justice
Civil Division
450 Golden Gate Ave. #7-5395
P.O. Box 36028
San Francisco Ca. 94102
Fax (415) 436-6632
Attn. Acting Supervisor

Re: Case 07CV-00646
   Case 07CV-02400
   Affidavit To:
   Demand to cancel "alias" summons and re-issue immediate summons
   Demand to correct file stamp date. Complaint for abuse of process
   Demand to remove case to Eastern District for bias

Dear Sirs,

I am writing to obtain immediate re-issuance of summons and to obtain removal of wrong file stamp date on my complaint along with the case transferred back to Eastern District Court. On 4/27/07, I Mike Petersen, (plaintiff) filed complaint in U.S. Eastern Division Court, Fresno. Plaintiff paid filing fee and received file stamp case #CV-00646. The clerk failed to issue individual summons when presented by plaintiff on this day.

"A"

On 5/1/07, plaintiff again presented 5 individual summons to the Eastern District Court clerk who again refused to issue the summons even after plaintiff indicated there was a time sensitive matter. Plaintiff possesses documents whereas on 5/1/07, the Eastern district clerk electronically transferred case 07CV-00646 to the Northern division District Court.

On 5/7/07, plaintiff's case #07CV-00646 was finally entered by the Northern District court clerk documenting entry along with their case # 07CV-02400 to plaintiff's Eastern District complaint filed on 4/27/07 showing a 5/3/07 file date in error.

On 5/10/07, plaintiff entered the Oakland clerk's office. Plaintiff explained to clerk Mosely that he never requested e-filing and asked Mosely to remove it and amend his unilateral decision to list the case as such. Mosely proceeded to "set flags" on the print out to plaintiff's confusion and complaint. Mosely then formally removed the e-filing and through his own legal opinion, made statement on pleading paper to that effect and entered it into the system of the same date.

Also, on 5/10/07, plaintiff presented 5 individual summons for issuance to the Northern District clerk in Oakland indicating there was a time sensitive matter and was told they would not issue the summons. This plaintiff eventually spent the next 3.5 hours at the Oakland clerk's office enduring a systematic denial of rights and procedure from the Oakland clerk staff.

Upon attendance in the Oakland clerk's office, plaintiff appeased a polite diversion of all his inquires by clerk staff including false job descriptions of their duties. Upon plaintiff's inquiry, the complaint procedure was to write to higher authorities. In having received a systematic denial of plaintiff's rights to proper commencement of his action by staff, plaintiff encountered intake-counter clerk, deputy clerk Mosely, Supervisor Odile and eventually Manager Keely. (Names are believed to be true and accurate)

In sum, plaintiff stated to manager Keely that her actions were deliberate to enlarge the time for defendants to answer plaintiff's complaint. Plaintiff has reason to believe the defendants already have possession of the complaint and are preparing a defense of the complaint document even though they have not been formally served with a summons.

Plaintiff states Oakland clerk staff was and is systematically` protecting the defendants due to federal consent decree case #C98-00951 on behalf of special education students filed and adjudicated at their Oakland location.

After nearly 3 hours, manager Keely reluctantly agreed to issue plaintiff's summons who then stamped, signed and dated the individual summons. But, before Keely would hand the summons to plaintiff, she explained she had to write the word "alias" on the top of each summons but assured plaintiff it did not mean anything. By her own hand, Manager Keely proceeded to write the word "alias" in blue ink on each summons. Plaintiff refused to accept Keely's legal opinion and did not want her to deface and alter plaintiff's summons. Keely then stated she would not issue the summons if plaintiff did not accept

the word "alias" and plaintiff could write to higher authorities. (Plaintiff reserves all rights to prove document alteration in the event of denial from clerk staff.)
Plaintiff explained his lost income in having to spend the 3 hours at the clerk's office and was coerced into taking the summons in exhausted frustration.

Plaintiff continued his position that his complaint should bear the Oakland case #CV-2400 in addition to the original case CV-00646 filed in the Eastern District on 4/27/07 to effect proper service. Keely then finally stamped the Northern District case number on plaintiff's (set of 4) original complaint.

On this same date of 5/10/07, before manager Keely would hand the documents back to plaintiff, she supposed out loud that she should ink stamp the Oakland district court stamp as well. It was at this time that Keely rotated the numbers and back dated the blue ink stamp to 5/3/07 and stamped "original filed 5/3/07 Oakland District Court" on each of plaintiff's (set of 4) complaints.
This plaintiff retains detailed receipts of his schedule on 5/3/07 and was simply not even in the area to submit alleged originals for processing to the Oakland clerk's office.

On 5/11/07, plaintiff returned to view the computer file entries at the Oakland clerk's office and make complaint.
As manager Keely walked through the back office area door entrance out of plaintiff's view after noticing him, plaintiff requested help from supervisor Odile who stated Keely was busy and could not field plaintiff's inquiry.
Plaintiff explained to supervisor Odile his complaint regarding the stamp date error and asked supervisor Odile to correct the problem. Supervisor Odile refused to correct the problem.

By plaintiff even having to write this letter, clerk staff has already succeeded in enlarging time for defendants to answer plaintiff's complaint, thus aiding and assisting the defendants through their powers, duties and restrictions to practice law according to the United States Code thus altering the judicial process.
Plaintiff states clerk staff has motive to alter plaintiff's summons documents and change file stamp date to protect defendants and give them legal advantage to dismiss plaintiff's case.

Planitiff has expressed to the clerk's office the time sensitive nature of his complaint in which the clerk's office has taken advantage of to help the defendants. By altering plaintiff's summons, and adding "alias" manager Keely sought to give legal advantage to defendants as described in the federal civil judicial procedures and rules including but not limited to former equity rules.

To the extent defendants utilize, take advantage of, and/or gain from clerk's office staff's acts or omissions as described herein, or, to the extent plaintiff's are damaged by and through the clerk's office staff's acts and omissions throughout the course of this law suit, and/or in the event of appeal, plaintiff reserves all rights to protect minor children and receive fair and equal treatment under the law.

Among the incidental powers of the courts is that of making necessary rules governing their process and practice. Congress authorized the Supreme Court to prescribe rules for the lower federal courts not inconsistent with the constitution and statues including the operation and effect of process.

As incident to the judicial power, courts of the United States possess inherent authority to supervise the conduct of their officers by self preserving rules for the protection of the rights of litigants and the orderly administration of justice.
The courts of the United States also possess equitable powers over their process to prevent abuse, oppression, injustice and to amend their records and correct the errors of the clerk or other court officers.

This plaintiff is aware of the mindset to protect the schools from any wrong doing in favor of public opinion, but states there should be a mindset of higher authority that holds schools accountable and allows for each student to receive full protections, equal treatment and due process under the law.

In conclusion, plaintiff reiterates his demand to remove file stamp dated 5/3/07 from the Oakland District court and amend plaintiff's original complaint and computer entry to reflect the original Eastern District file stamp date of 4/27/07.
Additionally, plaintiff demands Oakland clerk's office to cancel "alias" summons issued on 5/10/07 and re-issue plaintiff's 5 individual summons as enclosed herein without further delay including amending the courts computer entry to reflect the same.

Plaintiff seeks ongoing oversight from Congressman Miller given his unique educational expertise and the Department of Justice Civil Division as they represent the public by enforcing the law in the public interest. Plaintiff should not be subjected to further violations in the course of exercising his children's rights.

Enclosed herein is the original complaint document reflecting the nature of violations for the reader to more fully understand the situation and hardships already endured   This plaintiff prays for swift resolution of the entire case.

Sincerely,

*[signature: Mik Petersen]*

Michael Petersen
With enclosures;
Original re-submitted summons to the office of Richard Weiking only