SUE ANN SALMON EVANS, State Bar No. 151562
AMY R. LEVINE, State Bar No. 160743
MATTHEW JUHL-DARLINGTON, State Bar No. 215375
MILLER BROWN & DANNIS
71 Stevenson Street, 19th Floor
San Francisco, CA 94105
Telephone: (415) 543-4111
Facsimile: (415) 543-4384

Attorneys for Defendants
MOUNT DIABLO UNIFIED SCHOOL DISTRICT, MILDRED BROWNE and KEN FERRO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PETERSEN on behalf of himself and parent and next of friend to Mike Jr. and Ryan disabled minor children PRO SE,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA SPECIAL EDUCATION HEARING OFFICE, MCGEORGE SCHOOL OF LAW et al,, HEARING OFFICER, VINCENT PASTORINO, MOUNT DIABLO UNIFIED SCHOOL DISTRICT et al., MILDRED BROWNE, individually and in her official capacity as assistant superintendent of special education, KEN FERRO, individually and in his official capacity as Alternative Dispute Resolution Administrator,<br><br>Defendants. | Case No. C07-02400 SI<br><br>**DISTRICT DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR CHANGE OF VENUE, AFFIDAVIT FOR BIAS AND PREJUDICE AND REQUEST TO CANCEL CAND SCHEDULE ORDER**<br><br>Date : November 9, 2007<br>Time : 9:00 a.m.<br>Dept : 10, 19th Floor<br><br>Judge : Hon. Susan Illston<br><br>Trial: None Set |

Defendants Mt. Diablo Unified School District ("District"), Mildred Browne, and Ken Ferro (the "District defendants") submit the following points and authorities in support of their opposition to plaintiff Michael Petersen's Motion for Change of Venue, Affidavit for Bias and Prejudice and to Cancel the CAND Scheduling Order:

1

DISTRICT DEFENDANTS' MEMORANDUM OF PTS & AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR CHANGE OF VENUE; CASE NO. C07-02400

SF 283023v1

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff seeks to change the venue of this case to the Eastern District of California, Fresno Division, where it was originally filed. The sole bases presented by plaintiff in support of his motion are 1) that Judge Illston and the entire Northern District of California are biased against him, and 2) defendants Special Education Hearing Office ("SEHO") and McGeorge School of Law are located in Sacramento County. The District defendants will show that plaintiff's arguments are not supported by either facts or law. Further, plaintiff's motion is both frivolous and brought solely as a tactic to avoid judicial review in the Northern District because plaintiff's family has brought five previous cases over the last five years in the Northern District, each one of which having been dismissed for either failure to state a claim or lack of prosecution. Plaintiff's attempt to forum shop to avoid having this matter heard by the court most familiar with this history should not be condoned, and his motion should be denied.

## I. PLAINTIFF'S MOTION TO CHANGE VENUE SHOULD BE DENIED

Plaintiff originally filed this action in the Eastern District of California in the Fresno Division. On May 1, 2007 the Court *sua sponte* transferred it to the Northern District of California. This decision was proper and no defendant has objected to it. Plaintiff seeks to transfer this case back to the Eastern District of California in Fresno pursuant to 28 U.S.C. section 1404. However, the case was never properly venued there and should not be transferred back. Moreover, plaintiff has made no showing that the Eastern District of California, and particularly the Fresno Division, is a more convenient location for any party or any potential witness to this action.

### A. Venue is Proper in the Northern District of California

A court cannot grant a motion to transfer if venue is already proper. *Carteret Savings Bank v. Shushan* (3rd Cir. 1991) 919 F.2d 225, 231. Under 28 U.S.C. section 1391(b)(2), proper venue is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a judicial district in which <u>any</u> defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b)(2), (c). Plaintiff originally filed his complaint in the Eastern District of

2

DISTRICT DEFENDANTS' MEMORANDUM OF PTS & AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR CHANGE OF VENUE; CASE NO. C07-02400

SF 283023v1

California in Fresno. None of the defendants reside in Fresno and no events in this action took place in the Fresno area. Instead, plaintiff's complaint alleges that the claims at issue all arose and took place in Contra Costa County, which is in the Northern District of California. The complaint specifically alleges that "at all time relevant" plaintiff and his sons resided in Contra Costa County (Complaint, at ¶ 5, ll 22-23; ¶ 6, ll 4-5; ¶ 7, ll 15-16), and that defendants were located in Contra Costa and Sacramento Counties (Complaint, at ¶ 13, ll 8-9). Thus, it is clear that the Northern District of California is a proper venue.

### B. The Eastern District of California, Fresno Division, Is Not a Forum Where This Action Could Have Been Brought

The Eastern District of California in Fresno transferred the case to the Northern District of California. This action was proper. 28 U.S.C. section 1406 requires the District Court which has a case before it that was filed in the wrong district or division to dismiss the case or transfer it to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As explained above, the Northern District of California is a district where the action could have been brought.

Conversely, the Fresno Division of the Eastern District of California is the wrong division for this case, and this action could never have properly been brought there. Only two defendants are located within the Eastern District. Defendants McGeorge School of Law, a private college, and SEHO, a division of McGeorge that contracted with the California Department of Education to provide special education hearings, are both based in Sacramento. None of the defendants, including McGeorge and SEHO, reside in Fresno or has any contacts in Fresno, and such a forum would be inconvenient for all defendants.

Under 28 U.S.C. section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court *may* transfer any civil action to any other district or division where it might have been brought." The proposed transferee court must have subject matter jurisdiction, proper venue, and a defendant must be subject to personal jurisdiction and be amenable to service of process in that district. Absent any of these factors, the action cannot be transferred to the proposed forum. *Shapiro v. Bonanza Hotel Co.* (9th Cir. 1950) 185 F.2d 777,

3

DISTRICT DEFENDANTS' MEMORANDUM OF PTS & AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR CHANGE OF VENUE; CASE NO. C07-02400

SF 283023v1

780 (interpreting similar language in 28 U.S.C. § 1404(a)); *American Standard, Inc. v. Bendix Corp.* (W.D. Mo. 1980) 487 F.Supp. 254, 261. Plaintiff's motion to change venue to Fresno County is premised on the fact that defendants SEHO and McGeorge are located in Sacramento County. This does not make venue proper in the Fresno division. Fresno County is not a location where this action might have been brought, and the requirements of section 1404 have not been met.

Furthermore, plaintiff has submitted no declarations or any other proof that a transfer to the Eastern District, and particularly to the Fresno Division, is more suited to the convenience of the parties, the witnesses, or to the needs of justice, as required by 28 U.S.C. section 1404. For this reason as well, his motion to change venue should be denied.

Although standards for venue and jurisdiction are different and should not be confused, both must be considered in actions with multiple defendants. Jurisdiction involves the power of the court to render an effective judgment, and is premised on constitutional considerations. Venue is premised on "administrative" considerations established by statute that are designed to reflect "equity or expediency in resolving disparate interests of parties to a lawsuit in the place of trial." *Burlington Northern R.R. Co. v. Ford* (1992) 504 U.S. 648, 650-651. In actions with multiple defendants, the transferee district must be one in which personal jurisdiction and venue requirements are satisfied as to *all defendants*. *Liaw Su Teng v. Skaarup Shipping Corp.* (5th Cir. 1984) 743 F.2d 1140, 1150. Plaintiff can make absolutely no showing that the District defendants have any contacts with Fresno. Thus, Fresno would not be proper as to them.

Finally, in support of his motion, plaintiff references 28 U.S.C. section 1631. This statute authorizes transfer for "want of jurisdiction." 28 U.S.C. § 1631. Based on the foregoing, plaintiff has not and cannot establish want of jurisdiction in the Northern District of California.

### C. Plaintiff's Motion to Change Venue Should Be Denied to Avoid Forum Shopping

Furthermore, plaintiff's motives are clearly improper: he wishes to have the matter transferred out of the Northern District because all five previous actions the Petersen plaintiffs have brought have failed. That fact does not constitute legal grounds for a request for change of

4

DISTRICT DEFENDANTS' MEMORANDUM OF PTS & AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR CHANGE OF VENUE; CASE NO. C07-02400

SF 283023v1

venue. Plaintiff is clearly forum shopping, and in particular, judge shopping. Plaintiff's frivolous attempt at a unilateral sweep of the entire Northern District Court is mere tactic, not brought in the interests of justice, and is without legal foundation. His motion should be denied.

### II. PLAINTIFF SETS FORTH NO FACTS OR EVIDENCE IN SUPPORT OF HIS CONTENTION THAT JUDGE ILLSTON IS BIASED AND, EVEN IF HE COULD, BIAS DOES NOT ESTABLISH A VENUE DEFECT

The only remaining issue is that of plaintiff's contentions of bias and prejudice. Bias and prejudice do not establish a defect in venue. Defendants therefore consider this issue separately. With rare exception, courts should not consider claims of local prejudice or unfair trial. *Los Angeles Memorial Coliseum Comm'n v. NFL* (C.D. Ca. 1981) 89 F.R.D. 497, 502-512, *aff'd* (9th Cir. 1984) 726 F.2d 1381, 1399-1400 (mere perception that local jurors would be prejudiced due to adverse publicity not sufficient for transfer; *actual* prejudice and inability to obtain fair jurors would have to be shown.) Plaintiff cannot claim that his affidavit of prejudice and bias as to Judge Susan Illston supports change of venue out of the entire Northern District.

Plaintiff alleges that the Oakland Division (Judge Saundra Brown Armstrong) transmitted an order of referral to the San Francisco Division stating: "This action is referred to Judge Susan Illston for consideration of whether the case is related to C04-0159 SI" and that "[Judge Illston] and the CAND was personally sued on behalf of the children..." (Pl. Motion, p. 4, ¶ 3, ll. 11-14). Plaintiff then alleges that "...in the year 2005, the minor children plaintiff's biological mother sued Judge Susan Illston and the entire Northern District Court house." (Pl. Motion, p.4, l. 28; p. 5, l. 1), and that "the children's mother's lawsuit against Judge Illston and the Northern District Court, along with the federal consent decree filed in Oakland created the requisite components to satisfy 28 U.S.C. section 1404(a) and 28 U.S.C. section 1631 and 28 U.S.C. section 144 and 28 U.S.C. section 455 in that plaintiff cannot receive fair treatment in this Northern District..." (Pl. Motion, p. 6, ¶ 1)

The venue statutes are 28 U.S.C. sections 1391, 1404 and 1406. Plaintiff's citations to 28 U.S.C. sections 144 and 455 as further reason for transfer of the case back to the Eastern District are inapplicable to the issue of venue.

5

DISTRICT DEFENDANTS' MEMORANDUM OF PTS & AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR CHANGE OF VENUE; CASE NO. C07-02400

SF 283023v1

Moreover, these allegations of the existence of a lawsuit brought by the children's mother against Judge Illston and the Northern District are patently erroneous and unfounded. The children's mother, Randi Petersen, Michael Petersen and Michael Petersen, Jr., filed suit against the Mount Diablo Unified School District, Mildred Browne, Connie Cushing and Ken Ferro on March 16, 2004. (United States District Court, N.D. Ca., Case No. 04-01059) Judgment of dismissal in favor of defendants was entered by Judge Illston on December 23, 2004. Plaintiff then filed an untimely motion for reconsideration in January of 2005, which motion was denied on January 20, 2005. Plaintiff then filed a second motion for reconsideration and to vacate or amend the order and judgment on January 21, 2005, and sought to file a second and third amended complaint after judgment had been entered. The Court found no basis to reconsider its ruling and denied plaintiff's motion to file a second and third amended complaint as judgment had already been entered.

Plaintiff Randi Peterson then filed an appeal of the District Court's judgment in the Ninth Circuit Court of Appeals on March 21, 2005. This appeal was ultimately dismissed on August 2, 2005 for appellant/plaintiff's failure to prosecute. Assuming *arguendo* that plaintiff in the instant case is relying on this appeal as the "lawsuit against Judge Illston and the Northern District Court," any such reliance is clearly misplaced. As a matter of law, an appeal is from a judgment, not a judge, and cannot constitute grounds for recusal, bias or prejudice. The fact that the Petersen plaintiffs repeatedly attempt to relitigate issues already finally determined and have filed a multiplicity of actions against defendant District from 2002 through 2007 (Case No. C-02-0887 SI; Case No. C-04-01059 SI; Case No. C-05-1032 BZ; Case No. 05-15437 [9th Cir.]; and Case No. 07-02400 SI) based upon the same facts and issues previously raised and decided, evidences plaintiff's vexatious litigant status, not bias and prejudice on the part of this Court for rendering appropriate judgments of dismissal based on plaintiffs' vague, conclusory, and ultimately meritless allegations.

Furthermore, the fact that the Northern District has appropriately referred related cases to Judge Illston for consideration is not evidence of bias and prejudice. In fact, Local Rule 3-12 requires that parties file a notice of related case when the case involves "substantially the same

parties, property, transaction, event or question of law; and when it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Local Rule 3-12. If it is decided that two cases are related, then all related later-filed cases must be assigned to the judge who was assigned to the earliest filed case. Local Rule 3-12(e)(2). Upon service of a Notice of Related Case, any party may, within 10 days, serve and file with the Court a statement supporting or opposing the notice. Plaintiff served no such opposition, and should not be permitted to oppose the assignment of the case to Judge Illston here, 140 days after the Order relating the cases was entered on May 18, 2007.

Plaintiff Michael Petersen provides no facts or evidence whatsoever supporting his allegations that Judge Illston and the entire Northern District of California are biased against the plaintiffs herein, and points to no instance where Judge Illston's impartiality might reasonably be questioned. Nor has plaintiff demonstrated any evidence of conflict of interest. Plaintiff's failure to provide any evidence in support of his allegations of bias makes his motion frivolous and apparently interposed for an improper purpose.

### III. CONCLUSION

Based on the foregoing, plaintiff's motion for change of venue and affidavit of bias and to disqualify Judge Illston and all the judges of the entire Northern District of California must be denied.

DATED: October 16, 2007                    MILLER BROWN & DANNIS

By: /s/ Amy R. Levine
AMY R. LEVINE
Attorneys for Defendants
MOUNT DIABLO UNIFIED SCHOOL DISTRICT, MILDRED BROWNE and KEN FERRO