SUE ANN SALMON EVANS, State Bar No. 151562
AMY R. LEVINE, State Bar No. 160743
MATTHEW JUHL-DARLINGTON, State Bar No. 215375
MILLER BROWN & DANNIS
71 Stevenson Street, 19th Floor
San Francisco, CA 94105
Telephone: (415) 543-4111
Facsimile: (415) 543-4384

Attorneys for Defendants
MOUNT DIABLO UNIFIED SCHOOL DISTRICT, MILDREDE BROWN, and KEN FERRO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PETERSEN on behalf of himself and parent and next of friend to Mike Jr. and Ryan disabled minor children PRO SE,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA SPECIAL EDUCATION HEARING OFFICE, MCGEORGE SCHOOL OF LAW et al. HEARING OFFICER, VINCENT PASTORINO MOUNT DIABLO UNIFIED SCHOOL DISTRICT et al MILDRED BROWN, individually and in her official capacity as assistant superintendent of special education KEN FERRO, individually and in his official capacity as Alternative Dispute Resolution Administrator,<br><br>Defendants. | Case No. C07-02400 SI<br><br>**DISTRICT DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR A MORE DEFINITE STATEMENT AND/OR TO STRIKE THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e)**<br><br>Hearing Date: November 9, 2007<br>Hearing Time: 9:00 a.m.<br>Courtroom: 10, 19th Flr.<br>Judge: Hon. Susan Illston<br><br>Trial: None |

Plaintiff's opposition to the District Defendants' motion for a more definite statement is possibly more vague and confusing than the Complaint. The opposition completely fails to address the points made in the District Defendants' motion and reveals no reason why leave to

1

DISTRICT DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR A MORE DEFINITE STATEMENT AND/OR TO STRIKE THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e) CASE NO. C07-02400

SF 284636v1

amend should be granted. Accordingly, the District Defendants request that the Complaint be stricken without leave to amend.

## I. PLAINTIFF FAILS TO EXPLAIN WHAT HIS CLAIMS ARE

Plaintiff's opposition fails to address any of the defects the District Defendants raised in their motion, including;

1. What the difference is between the first and third claim for relief;

2. What claims are alleged against the Mount Diablo Unified School District;

3. What are the factual and legal contentions supporting the claims for relief;

4. Which of the plaintiffs is pursuing which theories against which defendants;

5. What Defendants Ken Ferro and Mildred Browne did in their official capacities, what they did in their individual capacities, and in which capacity they are being sued under each legal theory;

6. What specific provisions of Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, 42 U.S.C. section 1983, and 42 U.S.C. section 1985 were violated (and when, how, by whom and against which plaintiff);

7. What specific "Federal and State contracts," "public contract codes," and "public policy contracts" were violated (and when, how, by whom and against which plaintiff);

8. Under what law plaintiff claims any of the District Defendants is liable for "retaliation as a direct violation of above stated contract laws" (and when, how, by whom and against which plaintiff did the retaliation occur);

9. What are the specific contracts and contract terms that the District Defendants breached, how and when the breach occurred, how plaintiffs were damaged as a result, and why plaintiffs are entitled to enforce the contracts if the contracts are with third parties; and

10. Under which claims and against which defendants are they seeking the various remedies requested (compensatory damages, punitive damages, injunctive relief, declaratory relief, and attorneys' fees).

Plaintiff's only explanation of his allegations is by reference to paragraphs 14, 16, 17, 18 and 19 of the Complaint. (Oppn., at 2:11) Plaintiff alleges in these paragraphs that each of the defendants was the employee or agent of the other defendants and was acting within the course,

2

DISTRICT DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR A MORE DEFINITE STATEMENT AND/OR TO STRIKE THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e); CASE NO. C07-02400

scope and authority of that relationship. (Compl., at ¶ 14, 18 and 19) However, the fact that the District Defendants allegedly were acting as agents for each other does not answer any of the questions those Defendants have raised in their motion. At best, it seems to suggest that plaintiff believes that the individual District Defendants were acting in their official capacities (since they were the agents of the District), but it is far from clear. Thus, this explanation falls far short of addressing the many defects of plaintiff's Complaint.

Beyond that, plaintiff's only other point with respect to his poor pleading is that he should be given 30 days to amend. However, since he has not made any cogent argument about how the Complaint could be amended to address these defects, the Court should exercise its discretion and strike the Complaint without leave to amend.[1]

## II. THE DISTRICT DEFENDANTS HAVE NOT WAIVED ANY DEFENSE BY SEEKING A MORE DEFINITE STATEMENT

Plaintiff argues, without citing any authority, that the District Defendants have waived other defenses to this action by failing to bring a motion under Federal Rules of Civil Procedure 12(b) when they filed their motion for a more definite statement. This argument is plainly belied by the language of Rule 12(e) itself which says that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, *the party may move for a more definite statement before interposing a responsive pleading.*" (Emphasis added.) Thus, the Rule clearly contemplates a request to have the pleading clarified <u>before</u> other defenses are interposed, and, indeed that is the very purpose for the Rule.

Further, a motion under Rule 12(b) can be made at any time before a responsive pleading – *i.e.*, an answer is filed. Fed. R. Civ. Proc. 12(b); *Bechtel v. Liberty Nat. Bank,* 534 F.2d 1335, 1341 (9th Cir. 1976). And, the defenses of lack of subject matters jurisdiction and failure to state a claim upon which relief can be granted are never waived, and can be raised at any time, including at trial. Fed. R. Civ. Proc. 12(g), 12(h)(2),(3); *Marrero-Gutierrez v. Molina,* 491 F.3d

---

[1] If the Court does grant leave to amend, District Defendants request that they be given 30 days from the filing and service of an amended complaint to respond.

3

DISTRICT DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR A MORE DEFINITE STATEMENT AND/OR TO STRIKE THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e); CASE NO. C07-02400

SF 284636v1

1, 6-7 (1st Cir. 2007).

For these same reasons, the District Defendants did not waive their other defenses by joining in the McGeorge Defendants motion to dismiss.[2]

### III. CONCLUSION

For the foregoing reasons and those set forth in the moving papers, the District Defendants request that their motion be granted and the Complaint be stricken without leave to amend.

DATED: October 24, 2007             MILLER BROWN & DANNIS

By: _Amy R. Levine_____
SUE ANN SALMON EVANS
AMY R. LEVINE
MATTHEW JUHL-DARLINGTON
Attorneys for Defendants
MOUNT DIABLO UNIFIED SCHOOL
DISTRICT, MILDREDE BROWN, and KEN
FERRO

---

[2] The District Defendants incorporate herein the McGeorge Defendants' reply in support of their motion to dismiss on the grounds that plaintiffs have failed to properly exhaust their administrative remedies.

4

DISTRICT DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR A MORE DEFINITE STATEMENT AND/OR TO STRIKE THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e); CASE NO. C07-02400

SF 284636v1