Vincent Pastorino, CA SBN 095939
Paul E. Lacy, CA SBN 180140
Institute for Administrative Justice
University of the Pacific McGeorge School of Law
3455 5th Avenue
Sacramento, CA 95817
Phone: (916) 739-7049
Fax:   (916) 739-7199
e-mail: vpastorino@pacific.edu

Attorney for Defendants California Special Education Hearing Office, McGeorge School of Law, and Vincent Pastorino

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| MICHAEL PETERSEN on behalf of himself and next of friend to Mike Jr. and Ryan, disabled minor children PRO SE<br><br>Plaintiffs,<br><br>v.<br><br><br>CALIFORNIA SPECIAL EDUCATION HEARING OFFICE, et al<br><br>Defendants. | Case No. Case No. C07-02400 (LJO/DLB)<br><br>**REPLY TO PLAINTIFFS OPPOSITION TO CALIFORNIA SPECIAL EDUCATION HEARING OFFICE'S, McGEORGE SCHOOL OF LAW'S, AND VINCENT PASTORINO'S MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITIVE STATEMENT**<br><br>[FED. R. CIV. PROC. 12(b)(1), 12(b)(6), and 12(e)]<br><br>**JUDGE: Honorable Susan Illston**<br>**DATE:  November 9, 2007**<br>**TIME:   9:00 a.m.**<br>**DEPT.:  Courtroom 10** |

1

**TABLE OF CONTENTS**

I.   ARGUMENT                              4

A.   Judicial Immunity                     4

B.   Exhaustion                            5

C.   More Definitive Statement            12

II.  CONCLUSION                           13

**McGEORGE defendants' Reply Brief to Plaintiff's Opposition to Motion to Dismiss**

**TABLE OF AUTHORITIES**

**Federal Cases**

*Kutasi v. Virgenes*, infra, 2007 WL 2050952 (9th Cir. 2007)     7-11

*Robb v. Bethel Sch. Dist. # 403*, 308 F.3d 1047, 1050 (9th Cir. 2002)     11, 12

*Pedraza et al. v. Alameda Unified School District, et al.*     9
LEXIS 26541 (N.D. CA 2007)

## I. **REPLY ARGUMENT**

In their Rule 12 Motion, defendants California Special Education Hearing Office (SEHO), McGeorge School of Law, and Vincent Pastorino (collectively, the McGeorge defendants) argued that plaintiffs' complaint should be dismissed because they–the McGeorge defendants–are absolutely immune from suit and because plaintiffs failed to exhaust their administrative remedies. The McGeorge defendants also argued, in the alternative, this court should exercise its discretion and order the plaintiffs to provide a more definitive statement.

**A.   Judicial Immunity**

In their first argument, the McGeorge defendants maintained that plaintiffs' complaint must be dismissed pursuant to Rule 12(b)(6) because the McGeorge defendants are absolutely immune from suit. In their brief in support of their motion, the McGeorge defendants pointed out that judicial officers and institutions, including quasi judicial officers and institutions, are absolutely immune from actions for damages for their judicial acts. (McGeorge Def. Rule 12 Motion, pp. 3-5, 9) McGeorge defendants also asserted that all of plaintiffs' factual allegations against them constitute judicial actions and are thus immune from suit for damages. (McGeorge Def. Rule 12 Motion, pp. 5-10.)

In their opposition brief, plaintiffs do not oppose, or even address, the McGeorge defendants' assertion that they are absolutely immune from suit for damages under the doctrine of judicial immunity. However, plaintiffs' opposition brief does make fleeting references to "qualified immunity," although their argument on the point is unclear.[1]

---

[1] Plaintiffs' reference to qualified immunity is found on page 7, lines 9-23, and page 8, lines 7-9. (The pages in plaintiffs' opposition brief are not numbered; thus, the reference to page numbers

4

**McGEORGE defendants' Reply Brief to Plaintiff's Opposition to Motion to Dismiss**

In reply, McGeorge defendants reiterate the fact that plaintiffs do not oppose McGeorge defendants' argument that they are absolutely immune from suit under the doctrine of judicial immunity. Although plaintiffs' opposition papers make abstruse references to the term "qualified immunity," qualified immunity does not pertain to judicial immunity, which is absolute. Additionally, plaintiffs do not provide either legal authority or argument to dispute McGeorge defendants' claim that they are absolutely immune from an action for damages under the doctrine of judicial immunity. Moreover, plaintiffs do not oppose McGeorge defendants' contention that the acts attributed to SEHO and Pastorino in plaintiffs complaint are judicial in nature and, as such, are accorded absolute immunity. Thus, plaintiffs have conceded McGeorge's argument on this point.

### B. Exhaustion of Administrative Remedies

In their second argument, the McGeorge defendants asserted that plaintiffs' complaint must also be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. (McGeorge Def. Rule 12 Motion, p. 11)   McGeorge defendants argued the that the court lacks subject matter jurisdiction because plaintiffs failed to exhaust their administrative remedies prior to bringing suit. Specifically, McGeorge defendants pointed out in their motion that the IDEA requires that before plaintiffs may file a civil action under "the Constitution, the Americans with Disabilities Act, title V of the Rehabilitation Act or other federal laws protecting the rights of children with disabilities," they must exhaust the IDEA's due process hearing procedures if the action "seek[s] relief that is also available under" the IDEA. (McGeorge Def. Rule 12 Motion, p. 11:9-16) They

---

by the McGeorge defendants is derived by counting the caption sheet as page 1 and counting forward from that point.)

also noted that the law of exhaustion requires that "plaintiffs must exhaust administrative remedies before filing a civil lawsuit if they seek relief for injuries that could be redressed to any degree by the IDEA's administrative procedures." (McGeorge Def. Rule 12 Motion, p. 11:17-27)

In their opposition brief, plaintiffs appear to make nine opposing arguments: First, the law relied upon by McGeorge defendants in support of their position regarding exhaustion arose subsequent to the time frame in question and, thus, is not applicable. (Plaintiffs' Opp. brief p. 2: 1-8) Second, the doctrine of preservation of issues is related to the doctrine of exhaustion of administrative remedies and does not bar a court from considering an issue not raised before the agency when circumstances warrant, such as when an injustice would result. (Plaintiffs' Opp. brief p. 9:21-26) Third, exhaustion may be excused when an irreparable injury would result from pursuing the administrative remedy. (Plaintiffs' Opp. brief p. 9:27-28) Fourth, the doctrine of futility excuses plaintiffs from any requirement to exhaust that may otherwise apply. (Plaintiffs' Opp. brief p. 5: 23-25; 9:28-10:8) Fifth, exhaustion is not applicable when an agency does not have exclusive jurisdiction over a case. (Plaintiffs' Opp. brief p. 10:12-16) Sixth, exhaustion is not applicable when remedies are inadequate or nonexistent. (Plaintiffs' Opp. brief p. 10:17-19) Seventh, exhaustion does not apply if the statute or procedure providing the administrative remedy does not establish clearly defined machinery for the submission, evaluation, and resolution of complaints by aggrieved parties. (Plaintiffs' Opp. brief p. 10:23-11:4) Eighth, a state cannot impair claims under the federal Civil Rights Act (42 U.S.C. § 1983) by imposing substantive limitations or creating judicial or administrative remedies that claimants must first exhaust. (Plaintiffs' Opp. brief p. 11:9-15) Ninth, exhaustion does not apply to civil rights actions under Section 1983. (Plaintiffs' Opp. brief p. 11:15-22)

In reply, the McGeorge defendants will address each of plaintiffs' nine opposing arguments respectively.

*Reply to Plaintiffs' first Opposing Argument Pertaining to Exhaustion*

Plaintiffs first argument in opposition to the exhaustion requirement is that McGeorge defendants inappropriately relied on legal authority that was not in effect in 2003. (See plaintiffs' Opp. Brief p. 2: 1-8) Plaintiffs, however, do not identify or articulate any particular law relied upon by McGeorge defendants that does not apply to any of the issues raised in their case. Notwithstanding plaintiffs general and somewhat confusing argument on this point, McGeorge defendants did not rely on any law, cases or statutes in its Points and Authorities in support of its Rule 12 motion that are not applicable to the periods of time at issue in the case.

*Reply to Plaintiffs' Second Opposing Argument Pertaining to Exhaustion*

Second, plaintiffs argue that the doctrine of preservation of issues is related to the doctrine of exhaustion of administrative remedies and does not bar a court from considering an issue not raised before the agency when circumstances warrant, such as when an injustice would result. (Plaintiffs' Opp. brief p. 9:21-26) In reply, McGeorge defendants point out that plaintiffs provide no legal authority to suggest that such a proposition applies to cases that could be brought before an administrative agency charged with hearing claims under the IDEA. Moreover, aside from merely asserting the proposition, plaintiffs have failed to state or explain how they would have suffered an injustice from pursuing their administrative remedies. (See *Kutasi v. Virgenes*, *infra*, 2007 WL 2050952 (9th Cir. 2007) for the rules pertaining to exhaustion of administrative remedies in cases that could have been brought before an administrative

7

**McGEORGE defendants' Reply Brief to Plaintiff's Opposition to Motion to Dismiss**

hearing agency to address relief for injuries *to any degree* under the IDEA's administrative procedures.)

*Reply to Plaintiffs' Third Opposing Argument Pertaining to Exhaustion*

Plaintiffs' third argument is that exhaustion may be excused when an irreparable injury would result from pursuing the administrative remedy. (Plaintiffs' Opp. brief p. 9:27-28) In reply, McGeorge defendants point out that plaintiffs provided no legal authority to suggest that such a proposition applies to cases that could be brought before an administrative agency charged with hearing claims under the IDEA. Moreover, aside from merely asserting the proposition, plaintiffs fail to state or explain how they would have suffered irreparable injury from pursuing their administrative remedies. (Again, see *Kutasi v. Virgenes*, *infra*, 2007 WL 2050952 regarding exhaustion of administrative remedies in IDEA-based cases.)

*Reply to Plaintiffs' Fourth Opposing Argument Pertaining to Exhaustion*

Fourth, plaintiffs essentially argue that any requirement to exhaust their administrative remedies prior to filing an action for damages would have been futile and, therefore, the requirement should be waived. In this argument, plaintiffs assert three points: (1) pursuing an administrative claim was futile because the administrative agency (presumably SEHO) lacked jurisdiction over plaintiffs' claims, (2) the administrative agency (also presumably SEHO) refused to have plaintiffs' Section 504 and ADA claims become part of the issues in a hearing before SEHO, and (3) pursuing an administrative complaint would have been futile inasmuch as SEHO was involved in contract negotiations. (Plaintiffs' Opp. brief p. 6:16-24)

1    As to plaintiffs' first point, regarding futility and jurisdiction of the administrative hearing agency, the issue, as the Ninth Circuit made clear in *Kutasi v. Virgenes*, 2007 WL 2050952 (9th Cir. 2007), is not whether the administrative hearing agency has jurisdiction over collateral claims such as Section 504 or the ADA, but, rather, whether the administrative hearing agency could provide relief for injuries *to any degree* under the IDEA's administrative procedures. If so, plaintiffs may not bring an action under the Constitution, the Americans with Disabilities Act, title V of the Rehabilitation Act or other federal laws protecting the rights of children with disabilities, without first exhausting the IDEA's due process hearing procedures. *Kutasi v. Virgenes*, 2007 WL 2050952 at pp. 8787, 8793 (9th Cir. 2007).

Regarding plaintiffs' second point, which pertains to futility and the allegation that the administrative hearing agency refused to hear plaintiffs' administrative claims, the Ninth Circuit held in *Kutasi* that "the futility doctrine derives from the language of the IDEA itself, which limits the exhaustion requirement to cases where the plaintiff "seek[s] relief that is also available" under the IDEA" (Internal quotations omitted.) *Kutasi v. Virgenes*, *supra*, 2007 WL 2050952 at pp. 8795, citing 20 U.S.C. § 1415(1); see also *Pedraza et al. v. Alameda Unified School District, et al.* 2007 U.S. Dist. LEXIS 26541 (N.D. CA 2007). In this case, plaintiffs did not seek administrative relief available under the IDEA. McGeorge defendants pointed out in their motion that plaintiffs' complaint (in this case) acknowledged that plaintiffs withdrew their administrative hearing complaint prior to the administrative hearing and did not re-file it, or file any subsequent administrative complaint; thus, plaintiffs did not bring forward their issues or claimed injuries for hearing before the administrative hearing agency (SEHO). (See McGeorge Def. Rule 12 Motion, pp. 6:1-7:24, 12:10-13:3) Plaintiffs also acknowledged (in their complaint in this case) that plaintiff Petersen attempted to raise certain issues in the prior administrative

9

1  case before SEHO brought by the school district, but not in any case he pursued. (*Ibid*.)

2  Additionally, McGeorge defendants directed the court to the fact that plaintiffs' complaint sets

3  forth claims and seeks remedies that could have been available under the IDEA in an

4  administrative due process hearing had the plaintiffs maintained or pursued a case in such forum.

5  ( McGeorge Def. Rule 12 Motion, pp. 12:10-13:3)

6

7  As to plaintiffs' third point, exhaustion was futile inasmuch as SEHO was in contract

8  negotiations, plaintiffs failed to explain how any contract negotiations or questions prevented

9  him from maintaining or filling for a due process hearing.  Again, plaintiffs' complaint makes

10 clear that plaintiffs withdrew their own case pending before SEHO and did not attempt to re-file

11 it.  (See McGeorge Def. Rule 12 Motion, pp. 6:1-7:24, 12:10-13:3.)

*Reply to Plaintiffs' Fifth Opposing Argument Pertaining to Exhaustion*

Plaintiffs' fifth argument pertaining to exhaustion is that exhaustion is not applicable when an agency does not have exclusive jurisdiction over a case. (Plaintiffs' Opp. brief p. 10:12-16)  The cases cited by plaintiffs' in support of this argument pertain to an administrative board's lack of jurisdiction over the subject matter at issue in those cases.  By way of contrast, the federal courts have made clear that the administrative procedures under the IDEA are designed to address special education-based injuries and plaintiffs must exhaust those remedies before filing a civil lawsuit. *Kutasi v. Virgenes*, *supra*, 2007 WL 2050952 at p. 8787.

*Reply to Plaintiffs' Sixth Opposing Argument Pertaining to Exhaustion*

Plaintiff's sixth argument opposing the exhaustion requirement is that exhaustion is not applicable when remedies are inadequate or nonexistent. (Plaintiffs' Opp. brief p. 10:17-19)  In

10

1  the cases cited by plaintiff, the courts found that the so-called administrative remedies available
2  to those plaintiffs were non-existent.   By way of contrast, the Ninth Circuit in *Kutasi*, citing its
3  own precedent, *Robb v. Bethel Sch. Dist. # 403*, 308 F.3d 1047, 1050 (9th Cir. 2002), held that
4  the IDEA's administrative procedures are designed to address education-based injuries and must
5  be exhausted before a civil lawsuit can be filed.  *Kutasi v. Virgenes*, *supra*, 2007 WL 2050952 at
6  pp. 8787.

*Reply to Plaintiffs' Seventh Opposing Argument Pertaining to Exhaustion*

Plaintiffs' seventh argument is that exhaustion does not apply if the statute or procedure providing the administrative remedy does not establish clearly defined machinery for the submission, evaluation, and resolution of complaints by aggrieved parties. (Plaintiffs' Opp. brief p. 10:23-11:4)  The cases relied upon by plaintiffs for this proposition apply to the scope of a court's authority to order an administrative board to take act in a particular case–*Jacob v. State Board of Optometry* (1978) 81 Cal. App. 3d 1022–and to the virtual complete lack of a mechanism or procedures for an administrative *haring–Unfair Fire Tax Comm. V. City of Oakland* (2006) 136 Cal. App. 4th 1424, and *Endler v. Schutzbank* (1968) 68 Cal. 2d 162.   In reply, McGeorge defendants note that by way of contrast, the Ninth Circuit in *Kutasi*, citing its own precedent, *Robb v. Bethel Sch. Dist. # 403*, 308 F.3d 1047, 1050 (9th Cir. 2002), holds that the IDEA's administrative procedures are designed to address education-based injuries and must be exhausted before a civil lawsuit can be filed.  See *Kutasi v. Virgenes*, *supra*, 2007 WL 2050952 at pp. 8787.

**McGEORGE defendants' Reply Brief to Plaintiff's Opposition to Motion to Dismiss**

*Reply to Plaintiffs' Eighth Opposing Argument Pertaining to Exhaustion*

Plaintiffs' eighth argument is that a state cannot impair claims under the federal Civil Rights Act (42 U.S.C. § 1983) by imposing administrative remedies that plaintiffs must first exhaust. (Plaintiffs' Opp. brief p. 11:9-15) In reply to this argument, McGeorge defendants note that the Ninth Circuit has made clear that it is not the State that has determined that exhaustion is required, it is in fact a federal court applying federal law, that is to say, the Ninth Circuit in *Kutasi* and *Robb* interpreting federal statutes–the IDEA, Section 504, and the ADA. (See *Kutasi v. Virgenes*, *supra*, 2007 WL 2050952 and *Robb v. Bethel Sch. Dist. # 403*, *supra*, 308 F.3d 1047.)

*Reply to Plaintiffs' Ninth Opposing Argument Pertaining to Exhaustion*

Plaintiffs' ninth argument is that exhaustion does not apply to civil rights actions under Section 1983. (Plaintiffs' Opp. brief p. 11:15-22) The cases cited by plaintiffs for this premise simply do not apply to the issue in this case–whether exhaustion is required under the IDEA. Again, the Ninth Circuit has clarified the application of exhaustion requirement to any action for injuries that could be redressed to any degree by the IDEA's administrative procedures. *Kutasi v. Virgenes*, *supra*, 2007 WL 2050952 and *Robb v. Bethel Sch. Dist. # 403*, *supra*, 308 F.3d 1047.

**C.    More Definitive Statement**

Finally, the McGeorge defendants requested this court, in the alternative, to exercise its discretion under Rule 12(e) and require plaintiffs to provide a more definitive statement. In their brief in support of their Rule 12 motion, McGeorge defendants acknowledged that a complaint is

12

1  not defective for failure to designate the statute or other provision of law violated, but asked this

2  court to exercise its discretion and require such detail in order for defendants to understand

3  plaintiffs' legal theory of the case. (McGeorge Def. Rule 12 Motion, p. 13:10-22) McGeorge

4  defendants contended that such information is necessary to prepare a defense, including

5  additional dispositive affirmative defenses.

6  In their opposition, plaintiffs did not dispute McGeorge defendants' assertion that

7  clarification of their legal theories was necessary for defendants to prepare a defense and

8  evaluate additional affirmative defenses.

9  In reply, the McGeorge defendants request this court, if it does not dismiss them from the

10 case on this motion, to require plaintiffs' to submit a more definitive statement, including

11 clarification of its legal theories of the case.

## II CONCLUSION

MCGEORGE Defendants respectfully request this court to dismiss plaintiffs' entire case against them for the reasons set forth in their points and authorities in support of its motion to dismiss and for the reasons discussed above or, in the alternative, require plaintiffs to identify their theory of the case with more specificity.

DATED: October 26, 2007

Paul E. Lacy
Attorney for McGeorge Defendants

**McGEORGE defendants' Reply Brief to Plaintiff's Opposition to Motion to Dismiss**

**McGEORGE defendants' Reply Brief to Plaintiff's Opposition to Motion to Dismiss**