SUE ANN SALMON EVANS, State Bar No. 151562
AMY R. LEVINE, State Bar No. 160743
MATTHEW JUHL-DARLINGTON, State Bar No. 215375
MILLER BROWN & DANNIS
71 Stevenson Street, 19th Floor
San Francisco, CA 94105
Telephone: (415) 543-4111
Facsimile: (415) 543-4384

Attorneys for Defendants
MOUNT DIABLO UNIFIED SCHOOL DISTRICT, MILDRED BROWNE and KEN FERRO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PETERSEN on behalf of himself and parent and next of friend to Mike Jr. and Ryan disabled minor children PRO SE,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA SPECIAL EDUCATION HEARING OFFICE, MCGEORGE SCHOOL OF LAW et al,, HEARING OFFICER, VINCENT PASTORINO, MOUNT DIABLO UNIFIED SCHOOL DISTRICT et al., MILDRED BROWNE, individually and in her official capacity as assistant superintendent of special education, KEN FERRO, individually and in his official capacity as Alternative Dispute Resolution Administrator,<br><br>Defendants. | Case No. C07-02400 SI<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date : November 9, 2007<br>Time : 2:00 p.m.<br>Dept : 10, 19th Floor<br><br>Judge : Hon. Susan Illston<br><br>Trial: None Set |

    Defendants MT. DIABLO UNIFIED SCHOOL DISTRICT, MILDRED BROWNE and KEN FERRO (collectively "District Defendants"), CALIFORNIA SPECIAL EDUCATION HEARING OFFICE ("SEHO"), MCGEORGE SCHOOL OF LAW and VINCENT PASTORINO (collectively "McGeorge Defendants") submit this Joint Case

1

Management Conference Statement and [Proposed] Order pursuant to Civil L.R. 16-9, and request the Court issue a scheduling order incorporating the suggestions of counsel contained herein. A draft of this Statement was sent to Plaintiffs on October 26, 2007, but Defendants received no response. Plaintiffs have provided no telephone number or e-mail address at which they can be contacted.

The Defendants make the following representations and recommendations:

### I. JURISDICTION AND SERVICE

Plaintiffs contend that this Court has subject matter jurisdiction under 28 U.S.C. § 1331, 1343 and 1367. District Defendants and McGeorge Defendants contend that plaintiff's complaint is jurisdictionally barred because plaintiffs failed to exhaust their administrative remedies. All parties have been served.

### II. and III.    FACTS AND LEGAL ISSUES:

Plaintiffs are Michael Petersen and his children Mike Jr. ("Mikey") and Ryan. They are all represented by their father, Michael Petersen, *in pro per*. The complaint was first filed on April 27, 2007 in the U.S. District Court, Eastern District of California, Fresno Division (Case No. 07-00646 LJO DLB), and then transferred by that court to the Northern District of California on May 3, 2007 based on improper venue. The complaint contains three claims for relief. Two of the claims are against District Defendants Mildred Browne and Ken Ferro in their individual and official capacities. These are the first and third claims and they are identical. The remaining claim is against the McGeorge Defendants. None of the three claims for relief are pled against the Mt. Diablo Unified School District.

Plaintiffs assert generally that their action arises out of contract violations that affect the minor children, Mikey and Ryan.

A.    **Plaintiff's Contentions:**

1.    **First and Third Claims Against District Defendants Browne and Ferro:**

The First and Third Claims are against Defendants Mildred Browne and Ken Ferro in their individual and official capacities for violations of 1) MDUSD federal consent decree contract; 2) state and federal contract laws; 3) ADA and section 504 contract laws; 4) 42

U.S.C. section 1983 due process and equal protection contract obligations; 5) 42 U.S.C. section 1985 contract provisions; 6) 29 U.S.C. section 795 contract obligations; and 7) public contract codes and public policy contracts. Plaintiffs further claim retaliation as a direct violation of the foregoing stated contract laws.

### 2. Second Claim Against McGeorge Defendants

Plaintiffs allege that McGeorge Defendants were in violation of state and federal contract laws, due process and equal protection contract laws, ADA and section 504 contract laws, 42 U.S.C. section 1983 due process and equal protection contract provisions, 42 U.S.C. section 1985 contract provisions, and violations of public contract code and public policy provisions.

### B. District Defendants' Contentions:

The District Defendants contend that no factual or legal contentions whatsoever are contained in the claims for relief against them, and as a result, these defendants have no idea how they may be liable under any of the claims. The complaint contains factual allegations, but is completely devoid of any statement of what plaintiffs' claims are or why they are entitled to relief. Their claims contain nothing more than reference to the law that was purportedly violated, without any statement of who violated the law, and in what way, nor the particular provisions of the laws that were violated. Further, plaintiffs' claims do not explain how, when, or under what circumstances defendants Browne or Ferro acted in their individual capacities or what they did in either their individual or official capacities to have liability. The entire complaint is so vague and ambiguous that a responsive pleading cannot be formulated, and therefore the District Defendants filed a Motion for More Definite Statement And/Or To Strike the Complaint pursuant to Federal Rule of Civil procedure section 12(e) on September 13, 2007, and a joinder in the McGeorge Defendants' Motion to Dismiss plaintiffs' complaint on September 20, 2007, as the complaint is jurisdictionally barred for plaintiffs' failure to exhaust administrative remedies.

### C. McGeorge Defendants' Contentions:

The McGeorge Defendants join the District's contentions and also contend that they,

each of the foregoing McGeorge Defendants, is absolutely immune from suit under the doctrine of judicial immunity.

### D. Factual And Legal Issues In Dispute:

No factual or legal contentions are contained in plaintiffs' claims for relief and plaintiffs have failed to plead anything other than vague, conclusory, and meritless allegations. Therefore, defendants cannot at this time identify the factual and legal issues in dispute. However, they believe they include the following:

1. Whether the District Defendants violated a federal consent decree contract;

2. Whether the District Defendants violated state and federal contract laws;

3. Whether the District Defendants violated ADA and section 504 contract laws;

4. Whether the District Defendants violated a 42 U.S.C. section 1983 due process and equal protection contract obligation;

5. Whether the District Defendants violated a 29 U.S.C. section 794 contract;

6. Whether the District Defendants violated public contract codes and public policy contracts;

7. Whether the District Defendants retaliated against plaintiffs as a direct violation of above-stated contract laws;

8. Whether the McGeorge Defendants were in violation of state and federal contract laws, 42 U.S.C. section 1983 due process and equal protection contract provisions, 42 U.S.C. section 1985 contract provisions, and public contract code and public policy provisions.

9. Whether various potential defenses apply, including immunity, statute of limitations, laches, waiver, failure to exhaust administrative remedies, res judicata and collateral estoppel.

10. Whether plaintiffs are vexatious litigants and this action should be dismissed on that basis.

## IV. MOTIONS

The District Defendants filed a Motion for More Definite Statement And/Or to Strike the Complaint Pursuant to Federal Rule of Civil Procedure 12(e) on September 13, 2007. The McGeorge Defendants filed a Motion to Dismiss Complaint or in the Alternative, For a More Definite Statement on September 14, 2007. On September 21, 2007, the District Defendants

filed a joinder in the McGeorge Defendants' Motion to Dismiss. Plaintiffs filed an opposition to both motions on October 19, 2007; and the District Defendants filed a reply to plaintiffs' opposition on October 24, 2007. The McGeorge defendants filed a reply on October 26, 2007. Plaintiffs also filed a Motion for Change of Venue, Affidavit for Bias and Prejudice, and to Cancel CAND Schedule Order on October 5, 2007. The District Defendants filed an opposition to that motion on October 16, 2007. All motions are scheduled to be heard on November 9, 2007.

Until rulings issue as to the foregoing motions, further anticipated motions cannot be determined. However, defendants believe that this case will likely be resolved through motions on the pleadings, or on summary judgment.

### V. AMENDMENT OF PLEADINGS

Until rulings issue on the above-stated pending motions, the extent to which the parties' claims or defenses are expected to be added or dismissed cannot be determined.

### VI. EVIDENCE PRESERVATION

The District Defendants have taken all necessary steps to ensure the preservation of evidence in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, or other electronically recorded material in compliance with the Federal Rules of Civil Procedure governing discovery.

The McGeorge Defendants have taken all necessary steps to ensure the preservation of evidence in this action that are in their possession, custody and/or control, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, or other electronically recorded material in compliance with the Federal Rules of Civil Procedure governing discovery. The McGeorge Defendants transferred all documents and files relating to the underlying administrative proceeding to the Office of Administrative Hearings at the end of the McGeorge Defendants' contract.

### VII. DISCOVERY AND DISCLOSURES

#### Timing of Discovery

The parties intend to comply with discovery deadlines as set by this Court. However,

pending rulings on the District Defendants' Motion for a More Definite Statement and/or To Strike the Complaint, the McGeorge Defendant's Motion to Dismiss, and the filing of a valid complaint, a discovery schedule cannot at this time be anticipated or delineated.

**Initial Disclosures**

When this case was transferred from the Eastern District to the Northern District in Oakland on May 3, 2007, it was initially set before Judge Saundra Brown Armstrong who issued an Order Setting Initial Case Management Conference and ADR Deadlines. This scheduling order designated August 30, 2007 as the last day to complete initial disclosures. However, upon reassignment of the case to the Northern District court in San Francisco on May 18, 2007, a case management conference was set for September 7, 2007, but no case management scheduling order issued setting initial disclosure and ADR deadlines per Local Rule 16-2(c) because Plaintiffs failed to attend the conference. Defendants propose that a new scheduling order issue and that initial disclosures be made by all parties 30 days after all defendants have answered.

**VIII. CLASS ACTIONS**

This is not a class action.

**IX. RELATED CASES**

There are no cases pending before other judges of this Court. On May 18, 2007, Judge Susan Illston ordered that the instant case was related to Case No. C-04-1059. Further, Case No. C-04-1059 was previously ordered related to Case No. C-02-0887 on May 14, 2004.

**X. RELIEF**

Plaintiffs request declaratory and injunctive relief, together with punitive and compensatory damages. Plaintiffs do not specify the damages sought or the bases on which they contend damages may be calculated. The District Defendants and the McGeorge defendants state that no relief can be granted as plaintiffs have not and cannot establish liability on the part of any defendant, and have failed to exhaust administrative remedies.

**XI. SETTLEMENT AND ADR**

The District Defendants and McGeorge Defendants are not interested in ADR at this

time.

## XII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to the assignment of a magistrate judge for all purposes.

## XIII. OTHER REFERENCES

This case is not suitable for reference to binding arbitration. A special master is not needed at this time.

## XIV. NARROWING OF ISSUES

It is anticipated that the McGeorge Defendants' Motion to Dismiss and the District Defendants' Motion for a More Definite Statement And/Or Strike the Complaint and any further motions on the pleadings will result in a considerable narrowing of issues.

## XV. EXPEDITED SCHEDULE

An expedited schedule is not appropriate at this time.

## XVI. SCHEDULING

Defendants believe that this case will be resolved on the pleadings. Therefore, until the pending motions are determined, appropriate scheduling may not be proposed at this time.

## XVII. TRIAL

Plaintiffs have demanded a jury trial. District Defendants state that if plaintiffs are allowed to amend their complaint following a ruling on the District Defendants' Motion for More Definite Statement and a ruling on the McGeorge Defendants' Motion to Dismiss for Failure to State a Claim, then this case may be resolved by motions for summary judgment.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Local Rule 3-16(a), Defendant District, a public entity, is exempt from this disclosure requirement. Defendants Browne and Ferro and the McGeorge Defendants state that there are no persons, firms, partnerships, corporations or other entities known by any defendant to have either a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of this proceeding. The McGeorge Defendants filed the required certification on September 13, 2007. Defendants Browne and Ferro filed the required certification on

November 2, 2007.

DATED: November 2, 2007  MILLER BROWN & DANNIS

By: /s/ Amy R. Levine
AMY R. LEVINE
Attorneys for Defendants
MOUNT DIABLO UNIFIED SCHOOL DISTRICT, MILDRED BROWNE and KEN FERRO

DATED: November 2, 2007  INSTITUTE FOR ADMINISTRATIVE JUSTICE UNIVERSITY OF THE PACIFIC MCGEORGE SCHOOL OF LAW

By: /s/ Vince Pastorino
VINCE PASTORINO
PAUL LACY
Attorneys for Defendants
California Special Education Hearing Office, McGeorge School of Law and Vincent Pastorino