| | |
|---|---|
| 1 | Michael Petersen, Parent PRO SE |
| | next of friend of Michael Petersen Jr. |
| 2 | And Ryan Petersen |
| | P.O. Box 2462 |
| 3 | Visalia Ca. 93291 |

**FILED**

NOV - 2 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL PETERSEN on behalf of himself and parent and next of friend to Mike Jr. and Ryan disabled minor children PRO SE | | CASE # C07-00646LJO<br>#C07- 02400SI |
| PLAINTIFF'S | | JOINT CASE MANAGEMENT<br>CONFERENCE STATEMENT |
| | | Date: November 9th 2007<br>Time : 2:00pm<br>Dept. 10, 19th FL<br>Judge: Hon. Susan Illston |
| V. | | |
| CALIFORNIA SPECIAL EDUCATION HEARING OFFICE, MCGEORGE SCHOOL OF LAW et. al.<br>HEARING OFFICER, VINCENT PASTORINO<br>MOUNT DIABLO UNIFIED SCHOOL DISTRICT et. al.<br>MILDRED BROWN, individually and in her official capacity as assistant superintendent of special education<br>KEN FERRO, individually and in his official capacity as Alternative Dispute Resolution Administrator | | |
| DEFENDANTS | | |

Pursuant to the notice dated 9/10/07, plaintiff's submit joint case management schedule.(C.M.S.) On 10/*/07, plaintiff mailed a meet and confer letter to defendants and have not received a written reply back as requested. Pursuant to Civil L R 16-9 parties are allowed to

file separate C.M.S. if they can not agree on a joint statement. Defendants statement is unilateral and plaintiff did not sign defendants C.M.S.. Plaintiff hereby files a separate case management statement pursuant to Civil L.R. 16-9.

**I. JURISDICTION AND SERVICE**

Plaintiff's contend the district courts have horizontal uniformity in original jurisdiction, (federal question) and subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1331, 1343(a)(3), 1343(a)(4) and 1367. Personal jurisdiction over all defendants is controlled by the Eastern District, Fresno division summons. Hearing officer Pastorino was never individually served with a summons. Gary McHenry, superintendent of MDUSD signed for acceptance of service for the MDUSD et. al. as a public entity. It is anticipated that Elizabeth Estes E.S.Q. and the law firm of Miller, Brown & Dannis et.al.(MB&D) will be added as defendants and have yet to be served. It is expected, in the interests of justice, that venue shall be transferred back to the Eastern District (Fresno or Sacramento) per plaintiff's motion to change venue and supporting reply brief. The case is highly prejudiced in the CAND and plaintiff's were already subjected to significant barriers.

**II. FACTS**

On 4/27/07, plaintiff's filed the complaint in the Eastern District Fresno and summons issued on 4/30/07. On 5/1/07 the Eastern District transmitted *sua sponte* the case to the Northern District, San Francisco without considering their own local rules to transmit the case to their Sacramento division where the McGeorge School is located. After several days, the S.F. division transmitted the case to the Oakland division. Thereafter, the Oakland division then transmitted the case back to the S.F. division. Plaintiff's contend the Northern District summons are invalid, the word "alias" was written on the CAND summons <u>against</u> plaintiff's wishes by the CAND and thereby also have no effect, plaintiff's have received considerable barriers from the CAND.

Plaintiff's case arises out of contract violations. Defendants McGeorge et. al. have filed motion under FRCP 12(b)(6),12(b)(1) and 12(e). Defendants MDUSD et. al. have filed motion only siting FRCP 12(e) wanting a more definite statement. Plaintiff's have asked for 30 days minimum if this is granted. Plaintiff's <u>strongly oppose</u> these pre answer motions being converted

1  into dismissal or summary judgement motions at the 11/9/07 hearing especially given the due
2  process difficulties plaintiff's already experienced within the CAND.  Plaintiff argued MDUSD
3  did not properly defend themselves at this stage of the proceedings and have no legal merit to
4  challenge the personal jurisdiction or change of venue motion on 11/9/07 per plaintiff's
5  explanations in the opposition and reply briefs as they has waived their defenses to such.
6  McGeorge has not challenged the change of venue. MDUSD has clung to McGeorge for help by
7  a notice of joinder during the time they were allowed by law to file all their defenses. The
8  MDUSD may assert additional defenses only after plaintiff amends the complaint or files a more
9  definite statement or at trial but not on 11/9/07 where a motion to change venue is to be heard.
10 Claims against MDUSD and McGeorge are different and separate and a blanket defense of
11 failure to exhaust or claimed immunity will not suffice for MDUSD. All defendants have
12 waived defenses of personal jurisdiction and improper venue defenses.
13     Plaintiff's are adamant in having the district courts formally <u>remove</u> the Penal Code assault
14 and battery charges and crime report filings sent to the state from Michael Jr' record against a
15 school employee; (father refused to place Michael Jr. in a locked school and the <u>MDUSD</u> set the
16 child up and <u>filed for state hearing to force father</u> and triggered a mountain of litigation.) It was
17 proven at hearing that Michael flourished in a one on one setting and made great gains the entire
18 summer E.S.Y. session  before the state hearing. MDUSD would not consider the independent
19 gains before trying to force him into a more restrictive, locked environment where they could
20 use to four point restraint to hold down his extremities in private.  Plaintiff's request ongoing
21 protection and order from the federal courts to protect Michael Jr. in the future. Absent such
22 protection, Michael Jr. is a ongoing target and plaintiff believes the MDUSD and educational
23 network will stop at nothing to prove Michael is predatory. Michael Jr. is unique and has great
24 gifts in solving gaming codes that should be nurtured instead of violated. Our society needs this
25 unique brand of skill that allows to think outside the box not unlike the professionals in the
26 silicone valley.  Father has worked closely with the State court following all orders and
27 recommendations. The MDUSD and MB&D have shown no regard or respect for the state court,
28 have flaunted their authority, have forwarded false and misleading information to the state court

and have used IDEA part "B" funds in that process to fight against Michael's autism diagnoses including court appearances whether by written or personal. At all times mentioned father had full custody of the minor children and has scores of personal recommendation letters from service providers, principles and staff and trusted their every word <u>before</u> the assault and battery charges that proved to be the point that broke father's spirit and sent the parties into years of litigation. The state court has also concluded Michael Jr. is autistic after a extensive review. The defendants have fought his diagnoses since the 1st grade and have taken great measures to label him predatory and even punished him with no special education services or schooling for an entire year to prove their point and authority. Elizebeth Estes ESQ of MB&D has been personally fighting Michael Jr. since the 1st grade. Ken Ferro was Ryan's program specialist and had personal knowledge of his disabilities yet denied the status quo of his ongoing federal educational contract that was being implemented in part within father's home.

**Plaintiff's contend, defendants have misread the complaint and have clung onto a failure to exhaust administrative remedies defense.** Furthermore, Hearing officer Pastorino was never served and there was no need to appeal the SEHO decision. Plaintiff's contend the judicial immunity, by terms, does not apply to the contracting agency, McGeorge. Besides, Michael Jr. won all the issues at the SN03-00076 hearing. McGeorge did their best to mix up the decision and used a play on words approach and ignored father's issues and took father's resolutions and used them as the district's issues. MDUSD specifically <u>took father to hearing to prove their offer amounted to a FAPE</u>. But the order specifically stated that **"issue #1**, the district's program offer <u>was not</u> designed to meet Michael's unique needs, <u>was not</u> reasonably calculated to provide educational benefit, and <u>did not</u> meet the requirements for an offer of FAPE. ( MDUSD did not offer a FAPE. It does not matter to what extent if the parties did not get everything they asked for, MDUSD lost the issue and it was father's legal right not to appeal. **Issue #2**, Is Michael entitled to reimbursement for a independent O.T. evaluation? Michael prevailed on this issue. **Issue #3**, Is Michael entitled to reimbursement for a auditory processing evaluation? Michael prevailed on this issue. **Issue #4**, Is Michael entitled to a independent evaluation for a P.D.D. assessment? Neither party prevailed on this issue as it related to the 8/14/01 contract violation

and McGeorge refused to rule on the contract issue that is now made a part of this law suit.

**Issue #5** was made up by McGeorge. MDUSD did not have a issue #5 at all. Father's issue #5 was "the violation of 20 U.S.C. Sec 1401 (20) (F) and 34 C.F.R. Sec. 300.346 by failing to provide the additional services to achieve the failed goals in Mikey's I.E.P." Which was ignored by McGeorge. So, despite Michael winning all the issues, McGeorge ordered Michael right back into the locked school facility. It was clear there was something bigger going on.

The CDE/SEHO v. O.A.H. contract hearings with the State Personal Board should be of particular interest to the courts as a explanation. Michael was in a lose lose situation. He was given assault and batteries with crime reports sent to the state, no school or services for a full year and was being placed back into a more restrictive environment. All father's efforts with the state court were outweighed by the cover up on Michael's disability. Plaintiff's have endured significant abuse from all defendants and MB&D. Principle factual issues in dispute: Plaintiff's state defendants have committed numerous contract violations and exhaustion is excused under the IDEA <u>for the remedies requested to any degree</u>. Father's **lost wages**, (resolution#6) for example are not even an item allowed under the IDEA to any degree. Additionally, minor plaintiff's have suffered permanent **decline in their future earning capacity and employment which has resulted in humiliation, pain and suffering, & personal injury**. Defendants state the exhaustion was not completed as prerequisite to suit and are claiming immunity. MDUSD section 504 handbook for administrators clearly states exhaustion not necessary, but, MDUSD is clinging onto McGeorge to mask over their own rules.

**III LEGAL ISSUES**

Again, the defendants have misread the plaintiff's complaint and purposely have clung onto failure to exhaust and the fact that father did not re file a due process request on his issues to be decided under IDEA for relief <u>to any degree</u>. Father did not have to re file. His issues were to be heard by McGeorge by law in case SN03-00076, under contract with CDE as a agency of constitutional origin designed to protect and administer the due process and equal protection clauses of special education students everywhere. McGeorge and MDUSD and MB&D specifically employed tactics that prevented father from the presenting his issues. As stated in the

complaint, <u>father cross filed his issues</u> and they were to be heard and decided for Michael Jr. in <u>his day</u> in hearing to receive justice for the violations committed against him.

On 2/3/03, Elizebeth Estes of MB&D with the MDUSD filed a SEHO motion and declaration specifically writing that SEHO <u>did not</u> have jurisdiction over any section 504 claims, that SEHO <u>could not</u> hear the discrimination tort issues listed as father's issues and that the 8/14/01 contract was settled. McGeorge followed according to written transcripts of the hearing stating that SEHO <u>does not</u> have jurisdiction over 504 disputes listed on fathers issues and <u>only</u> MDUSD issues would be heard at the SN03-00076 hearing.  Plaintiff's contend the written transcripts do not reflect voice patterns, tone, rate of speech, or pauses in speech and upon discovery and examination of the cassette tapes transcriptions of hearing,  that these factors combined shall show how McGeorge and MDUSD and MB&D prevented students issues from being heard. Furthermore, it will be shown that McGeorge went off the record several times at key junctures of the hearing in discussion to alter parents understandings of the process in favor of the MDUSD. Michael was violated with the assaults and no school for a year and when the time came for his side to be told his constitutional rights were trampled upon at the hearing. McGeorge is recognized to be the premier institution for administrative justice and combined with the MDUSD, they violated this child under the very contracts they were obligated to enforce regarding the consent decree #C98-00951, A.D.A. contract provisions,  29 U.S.C. Section 504 contract provisions, 42 U.S.C. Sec. 1983, due process and equal protection clauses contract provisions, 42 U.S.C. Sec. 1985 contract provisions, 29 U.S.C. Sec. 794 contract provisions, the 1st, 5th, and 14th amendments, public contract codes and public policies. It is clear that McGeorge was to abide by the Administrative Procedures Act and in conjunction with the California Code of Civil procedure and the California Government Code for additional implementation. Not only were plaintiff's duped out of hearing rights by MB&D, MDUSD and McGeorge by the multiple SEHO  filings allowed on the same day of 1/13/03, he was additionally violated out of the contract provisions named above that were designed by congress to protect the special education student.

//////

**IV MOTIONS**

The defendants have filed motions as stated in item II. Plaintiff has filed motion to change venue, affidavit for bias and prejudice, Memorandum in support with exhibits, and to cancel the CAND scheduling order.(which was never issues in the San Francisco division)  Given the past history, plaintiff's believe the case must be transferred back to the Eastern District.

Plaintiff's shall seek motions to seal the entire case files to protect the minor children's privacy.

**V AMENDMENT OF PLEADINGS**

Parties are awaiting rulings on pending motions that will set the course for action. Plaintiff's shall abide by any order issued by the Eastern District. Should plaintiff's be ordered to complete a more definitive statement, they have asked for a minimum of 30 days from the date of the order. The district courts must take measures to ensure the 4/27/07 filing date is preserved in the interest of justice.  Plaintiff's specifically state the 4/27/07 original filing date must be preserved as not to destroy the statute of limitation period created by the 4/27/07 filing as the SEHO ruling was issued on 4/30/03, or 4 years statute under acts of congress.

**VI EVIDENCE PRESERVATION**

Plaintiff's have taken measures to comply with the F.R.C.P. governing discovery.

**VII DISCLOSURES**

Plaintiff's shall comply with any disclosure requirements pursuant to the Eastern District court and F.R.C.P. 26

**VIII DISCOVERY**

Plaintiff's shall comply with the scheduling order issued from the Eastern District as transfer of this case must take place in the interests of justice. Plaintiff's anticipates the defendants will not comply with discovery requests in effort to shield further public inquiry that will obstruct plaintiff's case for trial.

**IX CLASS ACTIONS**

This case is not a class action at this time. Plaintiff's welcome amicus briefs and/or support from outside special education groups. Plaintiff's do not know the extent of such at this time.

//////

1  **X RELATED CASES**

2     The CAND has designated case # C04-01059 as related.

3  **XI RELIEF**

4     Plaintiff's request Federal court order removing the assault and battery charges and crime
5  reports against plaintiff Michael Jr. and request declaratory relief to prevent further retaliation
6  against plaintiff's. Further, plaintiff's have requested that minor children be waived from the high
7  school exit examination. Plaintiff's have requested compensatory and punitive damages
8  according to proof, costs related to suit, lost wages, attorney fees and any other relief the court
9  deems just and proper. The calculation of damages can not be established until according to
10 proof at trial. The methods described to calculate damages are in the provisions in the statutes
11 violated and according to state and federal laws.

12 **XII SETTLEMENT AND ADR**

13    Defendants have not responded to plaintiff's meet and confer letter. The defendants have
14 stated they are not interested in settlement. Plaintiff's are open to ADR, acknowledge the benefits
15 thereof to the minor children.

16 **XIII CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

17    Plaintiff's do not consent to this section.

18 **XIV OTHER REFERENCES**

19    Plaintiff's welcome a special master and given the nature of the dispute, plaintiff's
20 acknowledge the expertise, control and oversight the special master would bring and plaintiff's
21 would welcome the higher authority to govern any agreement as a deterrent to any party not
22 abiding by the terms. Plaintiff's do not agree to binding arbitration.

23 **XV NARROWING OF ISSUES**

24    Since defendants are unwilling to partake in talks , the narrowing of issues can not be
25 determined at this time. Rulings on the pending motions has the potential to either narrow or
26 broaden the issues either way.

27 **XVI EXPEDITED SCHEDULE**

28    An expedited schedule might be appropriate.

## XVII SCHEDULING

Plaintiff's await the ruling to change venue and will abide by the Eastern District scheduling order.

## XVIII TRIAL

Plaintiff's has made a express demand for jury trial and has been substantially delayed in the CAND. Plaintiff's await transfer to the Eastern District whether Fresno or Sacramento. This case has the potential to provide precedent and public benefit to special education students and parents aggrieved everywhere. Plaintiff's have been seriously wounded in the special education system and shall campaign for support necessary to achieve all goals.

## XIV DISCLOSURE OF NON PARTY INTERESTED ENTITIES OR PERSONS

It is not known at this time which firms, partnerships, corporations or other entities have any financial interest or subject matter interests in the proceedings.

Respectfully submitted

Michael Petersen PRO SE

November 2, 2007