IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PETERSEN, et al.,<br><br>        Plaintiffs,<br>  v.<br><br>CALIFORNIA SPECIAL EDUCATION HEARING OFFICE MCGEORGE SCHOOL OF LAW, et al.,<br><br>        Defendants.<br>_____ / | No. C 07-2400 SI<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO TRANSFER VENUE AND DENYING PLAINTIFFS' REQUEST FOR DISQUALIFICATION; AND GRANTING DEFENDANTS' MOTIONS FOR A MORE DEFINITE STATEMENT** |

Numerous motions filed by the parties are scheduled for a hearing on November 9, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES plaintiffs' motion to transfer venue, DENIES plaintiffs' request for disqualification, and GRANTS defendants' motions for a more definite statement. If plaintiffs choose to amend the complaint, they must file an amended complaint no later than **November 28, 2007**. **The Case Management Conference scheduled for November 9, 2007 at 2:00 p.m. is continued until February 8, 2008 at 2:00 p.m.**

**BACKGROUND**

On April 27, 2007, plaintiff Michael Petersen filed this action on behalf of himself as "parent and next friend" to his children Michael Jr. ("Mikey") and Ryan. The action was filed in the Eastern District of California. According to the complaint, Mikey is 14 years old, and has been diagnosed with auditory processing disorder, sensory integration dysfunction, and pervasive developmental disorder (autism spectrum disorder). Complaint ¶ 6. Ryan is 12 years old and is a "low incidence deaf student" and has been diagnosed with auditory processing disorder and bilateral hearing loss. *Id*. ¶ 7. The

complaint alleges that both children are qualified students with disabilities within the meaning of all applicable statutes. *Id.* ¶¶ 6-7.

Plaintiffs have sued the California Special Education Hearing Office, McGeorge School of Law, Hearing Officer Vincent Pastorino, Mount Diablo Unified School District, Assistant Superintendent of Special Education Mildred Brown, and Alternative Dispute Resolution Administrator Ken Ferro. The complaint alleges that defendants violated (1) "state and federal contract law," (2) "MDUSD federal consent decree contract," (3) "ADA and section 504 contract laws," (4) "42 U.S.C. § 1983 due process and equal protection contract obligations," (5) "42 U.S.C. § 1985 contract provisions," (6) "29 U.S.C. § 794 contract obligations," and (7) "public contract code and public policy provisions." *Id.* ¶¶ 40-42.

On May 1, 2007, the court in the Eastern District *sua sponte* transferred the case to this District. No defendant objected to the transfer. After transfer, this case was assigned to Judge Armstrong. By order filed May 14, 2007, Judge Armstrong issued an Order of Referral to this Court for consideration of whether this action is related to *Petersen et al., v. Mount Diablo School District*, C 04-1059 SI. By order filed May 18, 2007, this Court found that the two actions were related, and accordingly this action was reassigned to this Court.[1]

Now before the Court are plaintiffs' motion to transfer venue to the Eastern District of California, plaintiffs' request for disqualification of the undersigned judge, and motions to dismiss and/or for a more definite statement filed by all defendants.

**DISCUSSION**

**I.     Plaintiffs' motion to transfer venue**

Plaintiffs seek to change venue of this case to the Eastern District of California, Fresno Division, where it was originally filed. Plaintiffs bring the motion pursuant to 28 U.S.C. § 1404(a), which provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may

---

[1] The instant case is the latest in a series of cases filed by plaintiff and/or his ex-wife against the Mount Diablo School District and defendants Brown and Ferro. The other cases are *Randi Peterson et al. v. Mount Diablo School District et al.,* C 02-887 SI, *Randi and Michael Peterson et al. v. Mount Diablo School District et al.*, C 04-1059 SI, and *Randi Petersen v. Mount Diablo School District et al.*, C 05-1032 CRB.

2

transfer any civil action to any other district or division where it might have been brought." In support of their motion plaintiffs also cite 28 U.S.C. § 1631, which authorizes a district court to transfer a case "to cure want of jurisdiction." Finally, although somewhat unclear, it also appears that plaintiffs seek to transfer this case to the Eastern District of California based on allegations that the undersigned judge (and the entire Northern District bench) is biased. Because the issues of transferring venue and disqualification are distinct, the Court analyzes them separately.

The purpose of 28 U.S.C. § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992), *aff'd*, 907 F.2d 154 (9th Cir. 1990). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

The Court finds that transfer of venue to the Eastern District, Fresno Division would be improper. As an initial matter, plaintiffs' assertion that this Court should transfer the case to cure want of jurisdiction is meritless; the complaint alleges that all plaintiffs and three defendants reside within the Northern District, and that the Mount Diablo defendants have generally violated Mikey and Ryan's rights to receive educational services in the Mount Diablo Unified School District. As such, to the extent plaintiffs are able to state any cognizable federal claims, this Court would have jurisdiction over this case.

Plaintiffs also contend that transfer is warranted because two of the defendants – McGeorge School of Law and California Special Education Hearing Office ("SEHO") – are located in Sacramento. The Court notes that these defendants' residence in Sacramento suggests only that venue might lie in the Eastern District of California, Sacramento Division, not the Fresno Division. More importantly, however, plaintiffs have not submitted any evidence showing that "transfer will serve the convenience

3

of the parties and witnesses, and will promote the interests of justice." *Goodyear Tire & Rubber Co.*, 820 F. Supp. at 506. Indeed, the allegations of the complaint strongly indicate otherwise, as the majority of parties (including all plaintiffs) are located within the Northern District, and the events which give rise to plaintiffs' complaint – as nearly as the Court can discern from plaintiffs' complaint – appear to have largely taken place in the Northern District. Accordingly, plaintiffs' motion to transfer venue is DENIED.

## II.  Plaintiffs' request for disqualification

Plaintiffs' motion for transfer also contains a request for disqualification pursuant to Civil Local Rule 3-15. That rule provides,

> Whenever an affidavit of bias or prejudice directed at a Judge of this Court is filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and found that the affidavit is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge.

Civ. L. R. 3-12. Plaintiffs' motion argues that the undersigned is biased because "not only was Judge Illston previously sued on behalf of the children by others,[2] the entire Northern District courthouse was also sued in the previous lawsuit creating bias against the children.[3] Additionally, the consent decree filed and adjudicated on behalf of all special education students in the Oakland Division court creates a bias atmosphere against plaintiff's children as documented in plaintiff's 5/14/07 affidavit to the court." Motion at 3:13-18. Plaintiffs have attached to the motion an "affidavit" by Michael Petersen, which is a letter dated May 14, 2007 from Petersen to Congressman George Miller, Chief Judge Walker of the Northern District, the Chief Judge of the Eastern District, and the U.S. Department of Justice. Plaintiff's letter protests the transfer of this action from the Eastern District to this District, and complains about an interaction he had with several clerks at the Oakland Division of the Northern District regarding issuance of summons in this case.

---

[2] It appears that plaintiffs are referring to *Randi Petersen v. Mount Diablo School District et al.*, C 05-1032 CRB, in which the undersigned was named as a defendant. The case was assigned to Judge Breyer of this Court, and by order filed July 1, 2005, Judge Breyer granted a motion to dismiss and dismissed the case for failure to prosecute.

[3] Plaintiffs do not identify this lawsuit.

4

The Court finds no reason for disqualification, and accordingly denies plaintiffs' request. The Court further finds that plaintiff's May 14, 2007 "affidavit" is legally insufficient and does not present any cognizable basis for disqualification, and thus the Court will not refer the request to another judge.

### III.     Defendants' motions to dismiss and/or for a more definite statement

All defendants have moved to dismiss and/or for a more definite statement. The Mount Diablo Unified School District defendants ("District defendants") argue that it is impossible to determine the factual basis for plaintiffs' claims. Defendants note that although four and a half pages of the complaint are devoted to describing six SEHO cases previously filed between the District and Mikey, the complaint does not contain any specific allegations regarding how the District defendants violated any statutes or breached any contracts. The District defendants also note that none of the claims are alleged against the District, and that the two claims alleged against defendants Brown and Ferro are identical and simply list the statutes or laws that were allegedly violated. *See* Complaint ¶¶ 40-42. The motion filed by McGeorge School of Law, SEHO and defendant Pastorino asserts these same arguments, and additionally raises the issues of administrative exhaustion and judicial immunity.

Plaintiffs' opposition is largely unintelligible, and does not clarify the nature of plaintiffs' claims. Plaintiffs also assert that all of the defendants were agents for each other. That assertion, however, is insufficient to state a claim against any defendant. Plaintiffs alternatively request leave to amend the complaint.

The Court finds that the complaint is so vague and ambiguous that defendants cannot reasonably frame a response, and accordingly GRANTS defendants' motions for a more definite statement. The complaint does not state the factual basis for each claim alleged, and does not identify how each of the defendants allegedly violated the law. The complaint does not identify what contracts defendants allegedly breached, nor does the complaint specify the provisions of Section 504 of the Rehabilitation Act or the ADA that defendants allegedly violated. The complaint also does not state how defendants violated plaintiffs' rights to due process and equal protection. Finally, the Court notes that although the complaint references federal law (such as the ADA), these references are in the context of "contract violations." If plaintiffs' complaint is essentially one for breach of contract, this Court would likely not

5

have jurisdiction over such a claim absent some allegation specifically showing the existence of federal jurisdiction.

The Court will allow plaintiffs the opportunity to cure these deficiencies. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). At this juncture, the Court will not rule on the questions of judicial immunity and administrative exhaustion. If plaintiffs amend the complaint, defendants may renew these contentions if appropriate, as well as any other relevant defense.[4] If plaintiffs choose to amend the complaint, they must do the following:

- for plaintiffs' breach of contract claims, plaintiffs must identify the contracts at issue and state how defendants breached those contracts;

- identify the specific provisions of Section 504 of the Rehabilitation Act and the Americans with Disabilities Act that plaintiffs allege defendants violated, and state how defendants violated those provisions;

- state how defendants violated plaintiffs' rights to due process and equal protection; in addition, for any 42 U.S.C. § 1983 claims, plaintiffs must allege facts showing (1) "the conduct complained of was committed by a person acting under color of state law" and that (2) "this conduct deprived the claimant of a constitutional right." *Rinker v. County of Napa*, 831 F.2d 829, 831 (9th Cir. 1987);

- for plaintiffs' 42 U.S.C. § 1985 claim, state how defendants violated this provision, which requires racial or other class-based discrimination. *See generally United Brotherhood of Carpenters and Joiners v. Scott*, 463 U.S. 825, 838 (1983);

- clarify the difference, if any, between the first and third claims;

- specify which claims, if any, are alleged against Mount Diablo Unified School District and McGeorge School of Law; and

- identify for which acts defendants Brown and Ferro are being sued in their official

---

[4] Plaintiffs' assertion that defendants have waived various defenses by filing the motions to dismiss lacks merit.

6

capacities, and for which acts these defendants are being sued in their individual capacities.

## CONCLUSION

For the reasons set forth above, the Court DENIES plaintiffs' motion to transfer venue and request for disqualification (Docket No. 23), and GRANTS defendants' motions for a more definite statement. (Docket Nos. 11, 13 and 17). If plaintiffs wish to amend the complaint, they must file an amended complaint no later than **November 28, 2007**. **The Case Management Conference scheduled for November 9, 2007 at 2:00 p.m. is continued until February 8, 2008 at 2:00 p.m.**

**IT IS SO ORDERED.**

Dated: November 6, 2007

SUSAN ILLSTON
United States District Judge