1  Michael Petersen, Parent PRO SE
   next of friend of Michael Petersen Jr.
2  And Ryan Petersen
   P.O. Box 2462
3  Visalia Ca. 93291

4                                    2007

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA
                        (NORTHERN)
10 MICHAEL PETERSEN on behalf of himself and
   parent and next of friend to Mike Jr. and Ryan              #C07-02400SI
11 disabled minor children PRO SE                      CASE NO: #C07-00646 LJO

12     PLAINTIFF'S                            **PLAINTIFF'S RESPONSE TO**
                                              **ORDER OF 11/6/07 REQUIRING**
13     V.                                     **MORE DEFINITE STATEMENT**
                                              **PURSUANT TO DEFENDANT'S**
14                                            **F.R.C.P. 12(e) MOTION**

15 CALIFORNIA SPECIAL EDUCATION HEARING        COMPLAINT FOR DAMAGES
   OFFICE, MCGEORGE SCHOOL OF LAW et al        FOR VIOLATIONS OF STATE
16 MOUNT DIABLO UNIFIED SCHOOL DISTRICT et al. AND FEDERAL CONTRACT LAW
   MILDRED BROWN, individually and in her official FOR:
17 capacity as assistant superintendent of special education
   KEN FERRO, individually and in his official capacity as
18 Alternative Dispute Resolution Administrator

                                              1) Consent Decree contract C98-00951
19                                            2) SEHO contract SN03-01885
                                              3) 29 USC 504 of the Rehabilitation
20                                               act of 1973 contract provisions
                                              4)ADA contract provisions;
21                                               42USC 1983 due process clause
                                                 42USC 1983 equal protection clause
22                                            5) 42 U.S.C. 1985 contract provisions
       DEFENDANTS                             6) 29 U.S.C. 794 contract provisions
23                                            7) 1st, 5th 14th Amendment
                                              8) Public contract code & public policy
24                                            9) Request for declaratory and
                                                 Injunctive relief
25
                                              DEMAND FOR JURY TRIAL
26
                          INTRODUCTION
27
   Plaintiff's hereby submit a more definite statement pursuant to the court's order of 11/6/07.
28 Plaintiff's strongly oppose defendants filing any pre answer motions under FRCP 12 to this brief

and prays for reconsideration they have waived certain of their defenses pursuant to Federal Judicial Rules of Civil Procedure, Advisory Committee Notes to FRCP 12 subsequent to the 1966 adopted amendments, and subsequent to the 12/1/07 proposed amendments to the FRCP pursuant to FRCP 12 (g) & (h).

## JURISDICTION AND VENUE

1) This is a civil action in which this court has original jurisdiction under 28 U.S.C. Sections 1331, 1343(a)(1),(a)(2), 1343 (a)(3),(a)(4) and 1367. This action also seeks redress under 42USC section 1983 for the deprivation, under color of state law, of rights, privileges and immunities secured by federal statues and the United States Constitution. Furthermore, this action also seeks to redress discrimination based on a disability under section 504 of the Rehabilitation Act of 1973, as amended, 29USC section 794 (section 504)and to secure protection of and to redress deprivation of rights secured by 42 U.S.C. sections 1983 and 1988, and the first, fifth and fourteenth Amendment to the United States Constitution. Venue in this court is proper under 28USC sec.1391(b) because some defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

2) The unlawful practices and violation of plaintiff's civil rights complained of herein were committed in the County of Sacramento and County of Contra Costa, within the Eastern and Northern District of California of the United States District Court, and the State of California.

3) The pendent jurisdiction of the federal court is invoked with respect to the plaintiff's claims under the laws of the state of California, because the entire action before the court comprises one civil rights case, and the claims arise out of the same operative facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## DEMAND FOR JURY TRIAL

4) Plaintiff's hereby demand a jury trial pursuant to Federal Rule of Civil Procedure 38(b).

## PLAINTIFFS

5) Plaintiff MICHAEL PETERSEN (hereinafter "FATHER") at all times relevant in this complaint was a resident of the County of Contra Costa in California, and is the father of co-plaintiff's, STUDENT MICHAEL PETERSEN Jr. (hereinafter "MIKEY ") and STUDENT

1    RYAN PETERSEN (hereinafter "RYAN")

2    6)    Plaintiff MICHAEL PETERSEN JR. (MIKEY)    Is currently a 14 year old boy who has
3    been diagnoses with Auditory Processing Disorder, Sensory Integration Dysfunction, and
4    Pervasive Developmental Disorder. (Autism Spectrum Disorder) Student MIKEY is entitled to
5    receive full and equal access to the public educational programs and activities offered within the
6    Mount Diablo Unified School District. He is a qualified individual with a disability within the
7    meaning of all applicable statutes including Section 504 of the Rehabilitation Act of 1973, 29
8    U.S.C. Sec. 794, and the Americans with Disabilities Act, 42 U.S.C. Sec.12131. He was at all
9    relevant times, and all times material hereto, a resident of the County of Contra Costa and
10   beneficiary to the state and federal contracts stated herein. therefore, Mikey is entitled to be free
11   of discrimination based on a disability under section 504.

12   7)    Plaintiff RYAN PETERSEN ("RYAN") is currently a 12 year old boy who is a "low
13   incidence deaf student"(who requires extra special funding and treatment) within the meaning of
14   state and federal special education contract laws, diagnosed with auditory processing disorder
15   and bilateral hearing loss. Student RYAN is entitled to receive full and equal access to the public
16   educational programs and activities offered within the Mount Diablo School District. He is a
17   qualified individual with a disability within the meaning of all applicable statues including
18   Section 504 of the rehabilitation act of 1973, 29 U.S.C. Sec. 794, and the Americans with
19   Disabilities Act , 42 U.S.C. Sec.12131. He was at all relevant times, and all times material
20   hereto, a resident of the County of Contra Costa and beneficiary to the state and federal contracts
21   stated herein. Therefore, Ryan is entitled to be free of discrimination based on a disability under
22   section 504.

23                                    DEFENDANTS

24   8)    Defendant MOUNT DIABLO UNIFIED SCHOOL DISTRICT (MDUSD) is a public
25   school district duly organized and existing under the laws of the State of California and is located
26   in the County of Contra Costa. At all times relevant herein, the MDUSD was the local education
27   agency responsible for providing school children full and equal access to the public education
28   programs and activities it offers in compliance with the requirements of state and federal

1  contractual law. The MDUSD receives federal financial assistance and signs yearly state and
2  federal contracts promising to implement services and programs to disabled students as
3  beneficiaries free from discrimination. MDUSD was at all times mentioned herein, bound by
4  federal consent decree contract #C98-00951.

5  9)    Defendant Mildred brown, Assistant Superintendent of Special Education for MDUSD,
6  (Brown) was at all times mentioned herein obligated to ensure the compliance of state and
7  federal contractual laws to disabled students as beneficiaries, free of discrimination.  Brown was
8  at all times FERRO'S supervisor knowledgeable of the SEHO hearings. Brown was at all times
9  material to and responsible for Mikey's and Ryan's SEHO educational contracts whereupon her
10  signature bears the district's final approval of said contracts. Brown was at all times
11  knowledgeable regarding the federal consent decree contract in which the MDUSD was bound by
12  to remove program barriers as a form of discrimination. Brown is being sued in her individual as
13  well as in her official capacity. Based upon information and belief, she is a resident of Contra
14  Costa County, in California.

15  10)   Defendant MDUSD, Alternative Dispute Resolution Coordinator KEN FERRO, (ADR
16  FERRO) was at all times mentioned herein obligated to ensure the compliance of state and
17  federal contractual laws to disabled students as beneficiaries, free of discrimination. ADR
18  FERRO was at all times relevant and knowledgeable thereof the SEHO hearings as district
19  personal representative of the district whereupon he attended the hearings and drafted Mikey's
20  and Ryan's educational contracts. ADR FERRO was at all times knowledgeable regarding the
21  federal consent decree contract with disabled students as beneficiaries in which the MDUSD was
22  bound by to remove program barriers as a form of discrimination. ADR FERRO is being sued in
23  his individual as well as his official capacity. Based upon information and belief, Ferro is a
24  resident of Contra Costa County.

25  11)   At all relevant times Defendant California Special Education Hearing Office McGeorge
26  School Of Law, (SEHO) was acting as a private entity under contract with the California
27  Department of Education (CDE) bound by state and federal contractual law to be free from
28  discrimination to special education students as beneficiaries, and to conduct impartial special

1   education due process hearings and meditations in compliance with the various legislative
2   mandates. Furthermore, SEHO is contractually obligated to have no personal or professional
3   interests that conflict with the objectively of the due process hearings rendering discriminatory
4   treatment towards the students as beneficiaries of their contract agreements with the CDE. Based
5   upon information and belief, SEHO conducted their contractual duties in the county of
6   Sacramento California.

7   12) Defendant McGeorge School of Law/SEHO, was at all times relevant and material hereto,
8   to act impartially and was contractually bound by state and federal contract laws to provide
9   Mikey un bias due process, free from discrimination as the beneficiary of the state and federal
10  contract laws.

11  13) At all relevant times, defendants were located in the counties of Sacramento and Contra
12  Costa in the Eastern and Northern Districts of California.

13  14) At all times herein mentioned, defendants Mount Diablo Unified School District,
14  MDUSD Assistant Superintendent Mildred Brown, MDUSD Alternative Dispute Administrator
15  ,Ken Ferro, McGeorge / SEHO, and each of them, were employees and/or agents for defendants,
16  and in doing all things hereinafter mentioned, acted under the color of their authority as, and
17  under color of the statues, regulations, customs, and usages of state and federal contractual laws,
18  acting under color of their authority as such.

19  15) On information and belief, defendants are residents of the counties of Sacramento and
20  Contra Costa, located in the Eastern and Northern districts of California.

21  16) The true names and capacities of DOES one through one hundred are unknown to
22  plaintiffs. Plaintiffs shall amend this complaint to insert their true names and capacities when
23  they are finally ascertained. Plaintiffs is informed and believes and thereon alleges that each of
24  the fictitiously named defendants is liable to plaintiffs for the acts, events and occurrences
25  alleged herein as a result of said defendants relationship to the named defendants or participation
26  in said acts, events and occurrences, or approval or ratification thereof.

27  17) Plaintiffs are informed and believes and thereon alleges that some or all of defendants,
28  DOES one through one hundred reside or, in the case of corporations, do business in the counties

1 | of Sacramento and Contra Costa, or elsewhere in the state of California.

2 | 18)    Plaintiffs are informed and believes and thereon alleges that each of the defendants was
3 | at all times herein mentioned, the agent, employee, servant, or representative of the remaining
4 | defendants, and was acting, at least in part, within the course, scope and authority of said
5 | relationship.

6 | 19)    Wherever any defendant is alleged to have done or omitted to do anything, said
7 | allegation shall be deemed to mean and include an allegation that the corporation did or omitted
8 | to do said acts through its agents, servants, employees and representatives, including but not
9 | limited to, its officers, directors, and managing agents, and that the said officers, directors, and
10 | managing agents authorized and approved said acts and omissions and ratified same. Plaintiffs's
11 | are informed and believe and therefore allege that each of the defendants is responsible for the
12 | pattern and practice of events herein alleged, or is a necessary party for obtaining appropriate
13 | relief. In performing each of the acts alleged below, and in their failure to fulfill their legal
14 | contractual responsibilities set forth below, each defendant acted jointly or individually as agents
15 | for each other and for all other defendants. The injuries inflicted upon plaintiff's, and each of
16 | them, occurred because of the actions and omissions of the defendants.

17 | FACTUAL ALLEGATIONS

18 | 20)    This action arises out of contract  violations that affect the disabled minor children
19 | MIKEY and RYAN and is therefore brought before this court for proper adjudication and to right
20 | the wrongs committed against minor children MIKEY and RYAN so that they may benefit from
21 | the state and federal contract laws enacted to safeguard there rights without regard to the amount
22 | of controversy. MDUSD defendants, MILDRED BROWN (assistant superintendent, special
23 | education) and KEN FERRO (former program specialist to Ryan and current Alternative Dispute
24 | Resolution Administrator) have signed, and are bound by state and federal contractual law to be
25 | free of discrimination as mandated by state and federal law based on a disability under section
26 | 504 in return for receiving federal special education contract funds.

27 | 21)    Defendant, McGeorge/SEHO (a private entity) was at all times herein mentioned,  been
28 | under contract to the California Department of Education (CDE) and were bound by state and

1  federal contractual law and constitutional provisions to be free of discrimination to special
2  education students as beneficiaries and conducted due process hearings. Mcgeorge/SEHO issued
3  orders and decisions in special education "DUE PROCESS " hearings and mediations and
4  publishes and maintains such orders and decisions. SEHO orders and decisions may be sited as
5  persuasive authority in special education due process proceedings.

6  22) There have been 6 SEHO cases for plaintiff MIKEY alone. **SN99-1431** was filed by
7  parent v. MDUSD to compel testing on MIKEY. Subsequently, a Huges Bill Functional Analysis
8  was performed pursuant to SEHO mediation, and concluded in this 1st grade testing was
9  MIKEY's antecedents and/or behavior difficulties in personal space issues, hand writing tasks,
10 auditory processing issues, lack of eye contact and audio, visual, proprioceptive sensory
11 overloads specifically when asked to perform academic tasks. (ie: autism traits and red flags)
12 MDUSD violated state and federal contract laws each year until the fifth grade by not providing
13 services to re mediate the disabilities and Mikey regressed substantially. The MDUSD acted with
14 deliberate indifference.

15 23)  **SN02-01673** was MDUSD v. MIKEY PETERSEN (district files to place MIKEY in
16 emotionally disturbed locked placement during extended school year (ESY) after they give him a
17 series of 10 assault and battery charges and suspensions that started on 3/12/02, for allegedly
18 kicking his untrained yardduty/shadow aid, or 3 weeks after MDUSD was served with a law suit
19 on Mikey's behalf on 2/22/02 regarding Mikey's autism traits. ( during a previous school year,
20 Mikey allegedly tripped this same yardduty and received no assault and battery suspensions)
21 Mikey also was vomiting repeatedly from the stress which was hidden by the MDUSD from his
22 school file and father.) (subsequently, the MDUSD violated state and federal contractual laws by
23 denying Mikey special education services and schooling violating state and federal contractual
24 laws and the consent decree for the entire 2002-2003 school year while father challenged the
25 locked school placement.) Mikey lost irreplaceable educational instruction that will cause him
26 life long harm. Brown, Ferro & MDUSD contractual violations caused father to loose substantial
27 wages, and caused pain, suffering and emotional distress as father was forced to stay at home
28 with Mikey during the 02/03 school year.

24)  **SN02-01998** was filed by MDUSD against father after they withdrew the extended school year case (ESY) and continued to pursue the emotionally disturbed locked placement even after Mikey made exceptional gains in a private setting pursuant to MDUSD over the summer without the yardduty aid. On 12/24/02, the MDUSD notified SEHO and father in writing that they dismissed case SN02-01998. On 1/02/03, the MDUSD again notified SEHO and father in writing that they "hereby withdraw" case # SN02–01998.

25)  **SN02-02868** was fathers case filed on 12/27/02 MIKEY PETERSEN v. MDUSD filed after MDUSD dismissed their previous case. Hearing date was set for 1/23/03 with issues and resolutions due 10 days before hearing or on 1/13/03 which both parties filed. Father alleged FAPE, tort, state and federal violations from 1999-2003 school year (issues 1-11) Also on 1/13/03, SEHO conspired with Ferro & MDUSD contracted attorney Elizabeth Estes ESQ to re file "SN02-01998" (according to her caption) again even after she had already twice notified the SEHO and father of the district's withdrawal of that case to circumvent father's case SN02-02868 simultaneously after father submitted his issues 1-11. SEHO then immediately granted the MDUSD the new hearing case #SN03-00076 and mailed notices dated 1/15/03 for the new hearing set for 2/6/03 which did in fact effectively circumvent father's SN02-02868 case set for 1/23/03. Subsequently father was forced to withdraw this case as SEHO systematically violated MIKEY'S federally protected contractual due process rights. Simultaneously, along with denying father of the subpoena duces tecum request from the MDUSD experts, Dr. Maier for testing information performed on Mikey, Dr. Maier had submitted a multiple page declaration contesting the records release to the MDUSD and SEHO that father was not aware of until after the deuces tecum SEHO denial. Father was forced to withdraw this case on 1/21/03 as the testing information was a essential part of his case. Father also filed motion with SEHO in SN02-02868 to request written ruling on SEHO's authority and jurisdiction over section 504, ADA and tort claims which SEHO ignored. Subsequently, due to SEHO's violations with their contractual obligations to Mikey, father was forced to withdraw his case while suffering extreme anguish during the process. Father then wrote SEHO stating his withdrawal was due to violations of his due process rights by SEHO. Plaintiff's allege at a minimum MDUSD et. al. and

1   McGeorge/SEHO et. al violated 28 CFR Part 35 subpart B,35.130 (a),(b)(1)(v), (b)(3),(i)(ii)(iii)
2   and should not have assisted and allowed Ferro and Estes to re file their SN02-01998 case on the
3   same day both parties issues and resolutions were due and filed on 1/13/03 for father's case
4   SN02-02868 while granting the Ferro and Estes a SN03-00076 case number to circumvent
5   father's case. Father alleges SEHO in conspiracy with the Ferro and Estes violated state and
6   federal contractual laws and procedure to respond to father's motion for duces tecum subpoena
7   request and motion for pre hearing ruling on SEHO jurisdiction over section 504, ADA and tort
8   issues father had filed because SEHO had motive that allowed MDUSD to become petitioner in
9   their SN03-00076 case with their sole issue of their FAPE offer to place Mikey into a locked
10  facility for the emotionally disturbed.

11  26) During the SEHO case **SN03-00076** set for 2/6/03 that the MDUSD initiated against
12  father, the first hearing officer was recused after ex-parte talks with the MDUSD by and through
13  their legal counsel without father. Additionally, during this case, SEHO initiated a separate order
14  directing father and MDUSD back to reconvene hearing after it's conclusion due to evidence of
15  witness tempering by the MDUSD as it was determined they purposely blocked the appearance
16  and testimony of Mikey's expert advocate thus violating state and federal contractual due process
17  special education laws.

18  27) Case SN03-00076 was the MDUSD v. MIKEY PETERSEN case filed by MDUSD on
19  1/13/03, or on the same day father's issues and resolutions were filed on father's previous case
20  #SN02-02868. On 1/13/03, McGeorge/SEHO acted together with Ferro and Estes to violate
21  plaintiff's due process rights under Cal. Const. ART.I Sec.7(a), & 28 CFR Part 35, subpart B
22  35.130 (a),(b)(1)(v),(b)(3)(i)(ii)(iii) in providing preferential treatment to defendants and to help
23  prospectively circumvent father from presenting his case. As the new hearing was set for 2/6/03,
24  the issues and resolutions were due on 1/27/03 or 10 days prior to hearing. Father cross filed
25  issues and resolutions on time and sited the exact same 1-11 issues regarding section 504, ADA,
26  tort, state and federal violations against the MDUSD. (Identical to father's 1/13/03 issues) Father
27  again motioned SEHO for a written ruling regarding SEHO jurisdiction over section 504, ADA,
28  torts and violations of state and federal law and was systematically violated by the SEHO as they

1    would not allow issues other than the MDUSD's. But, the McGeorge Hearing officer then
2    ordered some of father's resolutions to be part of the issues to be decided regarding assessment
3    reimbursement.

4    28) Pursuant to California education code section 56507(d), the SEHO hearing decision on
5    4/30/03 must indicate the extent to which each party has prevailed on each issue. Upon
6    examination or discovery, it shall be shown that Mikey/students issues (42 USC Sec. 12101 et.
7    seq., 42 USC Sec 12203, 42USC Sec. 12131, 29 USC Sec. 794, 42 USC Sec. 12132, 1983,1985
8    violations, Cal. Torts Sec. 43-59, Restatement (second) of torts Sec 46, Sec 870 et. seq. & 14th
9    amended constitution, which plaintiff's re allege in this instant law suit,) were intentionally
10   sabotaged by the SEHO in conspiracy with the Ferro and Estes to violate the state and federal
11   contractual laws designed to protect disabled students due process rights, in that by violating
12   their contractual duties and interagency agreements owed to plaintiff's they discriminated against
13   student Mikey based upon his disability by having prior knowledge of his disabilities, receiving
14   no school for a full year, receiving assault and battery suspensions against his untrained aid, and
15   his assurances to have his issues heard and ruled upon that were at the core of the violations
16   committed against him. On 2/3/03, Ferro & MDUSD et. al., by and through their legal counsel
17   filed motion with McGeorge to exclude years prior to 2002-2003 for the SN03-00076 hearing
18   and motioned that McGeorge did not have jurisdiction over plaintiff's 504, tort, ADA
19   discrimination issues while knowing they were misrepresenting the law in an effort to dupe
20   plaintiff's. At all times, Plaintiff's issues 1-11 were active for the 2002-2003 school year and
21   were to be included, heard and ruled upon by McGeorge under contract with CDE, a agency of
22   constitutional origin pursuant to Cal. Const. ART. IX Sec. 7 to conduct due process hearings and
23   to provide a fiduciary contractual duty to plaintiff's pursuant to Cal. Const. ART. I Sec. 7(a), 42
24   USC 12101 et. seq., and 28 CFR Part 35 et. seq. On 2/19/03, McGeorge violated Title #5,
25   California Code of Regulation Sec. 3089 by issuing a regular hearing officer to hear the case
26   instead of a Administrative Law Judge(ALJ). Title #5, CCR Sec. 3089 specifically excludes all "
27   informal" special education hearings thereby rendering them "formal" to be governed by the
28   Administrative Procedures Act, USC title 5 et. seq., Cal. Gov. Code et. seq. and Cal. Civil Code

et seq. and the issuance of a A.L.J. was mandatory pursuant to CCR Sec. 3089. On 2/19/03 and at all times during hearing SN03-00076, McGeorge knowingly violated Cal. Const. ART III Sec. 3, & Sec. 3.5 whereas McGeorge had no authority to refuse to enforce a statute or declare a statute unenforceable pursuant to the limitations of powers of administrative agencies and the separation of powers clause and acts of congress in refusing to allow plaintiff's issues to be heard and ruled upon in hearing when McGeorge stated in hearing on the record that "we deal with ADA". McGeorge thereby acted outside any judicial jurisdiction and the Constitution as a agency under contract with CDE. California law does not recognize such violations of public policy including consideration of judicial jurisdiction immunity for an unlawful act through contract pursuant to Cal. Civ. Code Sec 1606,1667 & 1668. All defendants had prior knowledge of the nature of Michael Jr's disabilities prior to and during hearing that Michael Jr. had received no schooling since 9/02 when MDUSD filed upon father. All defendants discriminated against Michael Jr. on the basis of his disability by knowingly violating the constitution and plaintiff's entitlement s thereto, to knowingly force Michael Jr. into a more restrictive environment when evidence was presented unto them that Michael Jr. excelled given specific strategies and services without a locked school placement. This act was done to advance the McGeorge, Ferro & MDUSD goals and to cover up the fact that Michael was denied an education from them the entire 2002-2003 school year. By refusing to rule in the 4/30/03 decision, Michael's issues 1-11 pursuant to education code 56507(d), McGeorge knowingly violated Michael Jr. constitutional rights and acted in conspiracy with Ferro, Estes & MDUSD et.al. to cover up that Michael received no school for a entire year and to shift the blame to father as documented in the decision.

29) The MDUSD, subsequently benefitted through their state and federal contractual violations against Mikey to protect themselves from any wrong doings of permitting Mikey no education the 2002/2003 school year as father's issues 1-11 were systematically blocked by the SEHO and MDUSD by and through their legal counsel. Student Mikey has suffered repeated contractual violations from the MDUSD. Rare is the case in which one shall find a more orchestrated assault upon a student by the professionals of their chosen careers. Since the first grade these professionals have been on notice of Mikey's autism spectrum disorder. Yet, he was

1  allowed to suffer the entire 02/03 school year without education given the MDUSD's position
2  that the IEP team did not agree with the home and hospital prescription by his doctor or that the
3  prescription did not meet their criteria for services (as disproved by MDUSD program specialist
4  Connie Cushing testimony under oath that it did meet the criteria)) or that they did not have a
5  home and hospital policy in place (as documented by MDUSD superintendent Mildred Brown
6  letter)or that the MDUSD independent study policy was actually the home and hospital policy
7  that is consistent with state law which McGeorge refused to admit into hearing and stated on the
8  record "do this on your own time"( as testified to by ADR Ken Ferro, under oath) Or, that on
9  2/19/03, McGeorge/ SEHO hearing officer  quoted on the record that "we deal with special
10  education" "we deal with ADA" when asked about the scope of SEHO jurisdiction but refused to
11  acknowledge student's issues 1-11.**Yet** in previous years, this disabled student personally signed
12  a independent study contract with his parent and a MDUSD administrator and received special
13  education schooling in the home without the IEP team convening thereby providing unequal
14  treatment to plaintiff's. On 2/19/03, and during the entirety of hearing SN03-00076, McGeorge
15  had no authority by statute to refuse to admit and rule upon Plaintiff's ADA, tort and
16  constitutional issues & acted with deliberate indifference by violating the preservation of issues
17  doctrine whereas McGeorge is estopped from raising a defense of plaintiff's alleged failure to
18  exhaust administrative remedies when McGeorge itself prevented plaintiff from laying the
19  foundation and pursuing the complete administrative process by violating Cal. Const Art III Sec
20  3 & Sec. 3.5 separation of powers act denying plaintiff's civil rights, 504/ADA issues,
21  constitutional due process and equal protection issues when the evidence was presented unto
22  McGeorge and in having previous knowledge of plaintiff's disabilities when McGeorge knew the
23  specific issues they were blocking were the heart and core of the violations committed against
24  plaintiff's thereby discriminating against plaintiff's on the basis of the disability. Plaintiff's
25  subsequently prevailed on the limited issues McGeorge had allowed into hearing and chose not
26  to exercise their legal right to appeal those issues they had already won.

27  30) On 1/13/03, MDUSD attorney Estes, with Brown & Ferro authorization, filed
28  confidential 10 day offer of settlement before hearing) offering payment of $4275.00 for father's

Case 3:07-cv-02400-SI    Document 43    Filed 11/28/2007    Page 13 of 25


1  case SN02-02868 for father's special education advocate which the MDUSD et. al. hand picked
2  and arranged for father on 8/13/01 and on the same day McGeorge issued a minute order for
3  father to either proceed or dismiss the hearing set for 8/16/01. (after SEHO faxed father their own
4  advocate list to father to no avail also on 8/13/01) or 2 days after SEHO ordered father's decision
5  was due on 8/15/01 as Mikey's guardian and on the eve of the 8/14/01 educational contract sited
6  in the SEHO 4/30/03 (SN03-00076) decision as issue #4 and the conspiracy to dupe father out of
7  the scheduled due process hearing off calendar since 1999 (SN99-1431) set for 8/16/01 filed by
8  parent siting it had no merit in which test makers

9  instructions and protocol were sought on student Mikey from the MDUSD and Mikey regressed
10 further as a result of MDUSD state and federal contractual violations.

11     31) On 8/14/01, the MDUSD ADR Ken Ferro and the district's attorney Estes duped father
12  out of this scheduled due process hearing SN99-1431 in lieu of a educational contract for Mikey
13  signed on 8/14/01 to implement sp. ed. services they were ordered to provide 1 full year earlier
14  but refused to do so. MDUSD subsequently violated the additional terms of the contract in that
15  they systematically refused to assess for the autism disorder after they gave Mikey the assault
16  and battery charges which exacerbated Mikey's condition where upon he vomited repeatedly at
17  school based on his disability which was later purposely hidden from his MDUSD file At all
18  times mentioned herein, Brown and Ferro were aware of the MDUSD federal consent decree
19  contract to eliminate program barriers for disabled students From 9/02 until after the due process
20  hearing ending in 4/03,Brown, Ferro & MDUSD et. al. through it's legal counsel, provided a
21  barrier for Mikey to remain out of school with no education for the entire 2002/2003 school year,
22  knowing that he excelled in a individual setting, and used their influences in their individual and
23  official capacities to coerce and force father to accept a locked school placement or receive no
24  schooling or services for Michael, and in having previous personal knowledge of Michael's
25  behavioral antecedents, issued assault and battery charges against Michael in knowing
26  beforehand that the yardduty aid they assigned to Michael was not trained in having received
27  several letters from father to that effect and thereby used his disabilities against him and father to
28  accept their program in the locked school or receive no schooling at all. Brown, Ferro &

1   MDUSD et.al. Thereby retaliated against plaintiff's under color of state.  Subsequently, it was
2   concluded by order of a state judge in California that Mikey suffered from the autism disorder
3   after Mikey had lost years of irreplaceable education. Shortly thereafter, Ferro & Estes issued
4   new behavioral assessments for Michael Jr. as a condition prior to being re enrolled into the
5   MDUSD that attempted to undermine the state courts findings and to justify their prior actions
6   for the assault and battery charges and set the ground work for the same cycle repeating to allege
7   Michael Jr. was predatory. Plaintiff's thereby seek a injunction from this court to protect Michael
8   for the future.

9   32) Case **SN03-00778** was MIKEY PETERSEN v. MDUSD in which the parties partially
10  resolved without hearing. Hard copy drafts of settlement agreements in plaintiff's possession that
11  were rejected by plaintiff's and language that was omitted from the actual settlement of case
12  SN03-00778 specifically prove all contractual, tort and all other theories of recovery were
13  specifically and jointly agreed by plaintiff's and defendants to be omitted thereby supporting this
14  current law suit pursuant to the contractual, constitutional and other claims in this instant action.
15  33) Pursuant to Ryan's special education contract # SN03-01885 item "12", the contract was
16  entered into, and shall be construed and interpreted in accordance with the laws of the state of
17  California and the United States.

18  34) Item"F" states the process in which parent was to be reimburse for private school tuition
19  costs and related services. The MDUSD has breached this portion of the contract and has refused
20  to abide by the terms. On 9/16/05, the MDUSD issued check # 00841767 in the sum of
21  $2528.00.

22  35) On 9/27/05 father notified Ferro and the MDUSD in writing that the check was lost and
23  requested the MDUSD stop payment and issue a replacement check. Ferro and the MDUSD
24  refused and the reimbursement amount has not been paid to father. Subsequently, the MDUSD
25  wrote father and demanded father was in breach of contract concluding a actual unresolved
26  contract dispute. Additionally, an outstanding balance on the educational contract is due father
27  in the approximate amount of $1000.00. as reimbursement payments were trailing 30 days
28  behind father's initial out of pocket tuition. The MDUSD contends it has met it's obligation and

1   has refused to honor the terms of the federal contract. On 3/25/06, father wrote defendant

2   BROWN and superintendent McHenry regarding the lost check and asked for help because the

3   special education service provider was threatening father with a court action ultimatum if he did

4   not pay for the services. Brown and Ferro directed their law firm to respond in 4/06 and

5   demanded father was in breach and they would not pay the remaining portions of the contract.

6   Brown, Ferro and the MDUSD have acted with deliberate indifference by violating the state and

7   federal contract laws which has caused Ryan additional educational set backs, personal injury

8   and pain and suffering to all plaintiff's by not fulfilling their fiduciary duties and violating 28

9   USC Sec. 1343 et. seq. and Cal Const. ART I Sec. 7(a) thereby discriminating on the basis of

10  Ryan's disability in having prior knowledge that he would be harmed. Plaintiff's also allege,

11  Ryan's contract was violated in retaliation for the litigation that resulted from Mikey's case.

12      36) Items "G" and "H" are contract terms relating to Ryan's IEP meetings. Ryan's annual IEP

13  was to be held on or before 5/30/05 to discuss Ryan's placement and services for the 2005-06

14  school year. Father forwarded a IEP request to the MDUSD on 5/19/05 and received no response.

15  Ferro, MDUSD and their legal counsel conspired and purposely refused the IEP request and

16  waited months after summertime to hold a IEP when they knew the new laws and cleanup

17  legislation would be in effect changing the rights of all special education students. Furthermore,

18  the MDUSD was aware there was a change in Ryan's programming needs to develop an

19  alternative appropriate program and placement due to his hearing loss but subsequently violated

20  the contractual terms. Plaintiff's were retaliated against by Ferro, their legal counsel and

21  MDUSD because of the legal cases regarding Michael Jr.

22      37) On 9/6/05, the MDUSD finally held a belated IEP without father for Ryan in violation of

23  his contract terms and after the entire school year (including extended school year) had ended.

24  With all releases for communication expired to Ryan's former private school and service

25  providers MDUSD ADR, Ken Ferro scheduled Ryan's former principle to in attendance at the

26  IEP and documented in the conference notes that Ryan's former private school principle stated

27  she did not want Ryan back as a student. Father contends, the valuable student referrals from

28  Ferro to Ryan's former private school principle were a major factor in the effective sabotaging of

1   Ryan's education in that this principle did not want to anger ADR Ferro and receive no further
2   student referrals from the MDUSD. Ferro caused Ryan educational delays and pain and suffering
3   to all the plaintiff's through violations of state and federal contract law, 28 USC 1343 et. seq.,
4   Cal. Const. ART.I Sec. 7(a), ADA Title II, Sec.12101 et. seq.

5       38) MDUSD ADR, Ken Ferro effectively discriminated against student Ryan based upon his
6   disability by having previous knowledge of the nature and severity of the disability and contract
7   by eliminating student's opportunity to maintain the status quo of the private school placement or
8   it's equivalent commensurate with students unique disability needs. Student has suffered
9   personal injury as a direct result of the MDUSD's Ken Ferro actions that will have a lifelong
10  effect in life skills and future employment.  MDUSD violated state and federal contract laws each
11  year until the fifth grade by not providing services to Ryan to remediate his disabilities as a low
12  incidence student and Ryan substantially regressed. The MDUSD acted with deliberate
13  indifference.

14      39) ADR Ferro, also contributed to the successful eviction of father and, Mikey and Ryan
15  through the SEHO contract in that Ryan's special education speech pathologist and sign language
16  instructor were financially benefitting from the special education direct instruction via the
17  contract terms in father's home for several months. Father's former landlord is related to the
18  MDUSD special education department as a 25 year veteran (former employee)and receives a
19  pension from the MDUSD. During father's efforts to force Ferro to comply with Ryan's SEHO
20  contract and maintain the status quo of a private school placement, Ferro repeatedly attempted
21  service of documents upon father's home which the landlord was made aware of which created
22  animosity for father and children between landlord due to Ferro's refusal to abide by the terms of
23  Ryan's special education SEHO contract. Shortly thereafter, landlord initiated the eviction
24  process upon father in which he was forced to vacate the residence. Administrator BROWN was
25  made aware of the contract dispute in addition to the MDUSD parent liaison office created by the
26  federal consent decree contract to eliminate program barriers by the district and no action was
27  taken and acted in deliberate indifference in violation to the consent decree.

28  / / / / /

1    **FIRST CLAIM FOR RELIEF** (for Michael Jr. and Father)

2    (AGAINST MDUSD et.al, BROWN and ADR FERRO (in their individual and official

3    capacity)        FOR VIOLATIONS OF STATE AND FEDERAL CONTRACT LAWS

4        40) Plaintiff's re allege and incorporate by reference as though fully set forth herein,

5    paragraphs 1-39 inclusive of this complaint. MDUSD et al is said to be originally included in

6    any and all allegations previously set forth against MDUSD, Brown and Ferro in their individual

7    and official capacities. Grounds for jurisdiction of the district courts for claims sections

8    40(a)(b)(c)(d)(e)(f)(g)(h) & 49(a)(b) are included in 28 USC 1331, 1343 et. seq. and 28 USC Sec.

9    1367 as set forth herein including all acts of congress as named herein.

10   **(a)** For violations of MDUSD federal consent decree contract against Brown and Ferro in their
     individual and official capacities, and MDUSD et. al in official capacity: Further jurisdiction of
11   this court is set forth in consent decree case C98-00951 as whereby plaintiff's are entitled to
     direct access to this court pursuant to consent decree contract whereas defendants MDUSD,
12   Brown & Ferro have engaged in, violated and blocked plaintiff's right's pursuant to the decree
     and Title II of the ADA Sec. 42 USC Sec. 12101 et seq., and 28 C.F.R.Part 35, subpart A, 35.101
13   et. seg. , subpart B, (35.130(a)(b)(1)(v),35.130 (b)(3)(i)(ii)(iii),. Cal. Const. ART. I Sec. 7(a) by
     denying plaintiff's access to programs and services and rights including protections afforded in
14   due process hearings by having previous personal knowledge of plaintiff's disability, thereby
     discriminating on the basis of disability and falsifying facts during hearing and purposely
15   blocking access for plaintiff's to receive due process of law by intentionally engaging in voiding
     issues to be presented at due process. Plaintiff's thereby demand judgement and relief pursuant
16   to 42 USC et. seq., 28 USC Sec.1343 et. seq.,Cal. Civil Code Sec 52 & 52.1, punitive,
     compensatory, general damages and lost wages.

17

18   **(b)** For violations of state and federal contract laws against Brown & Ferro in their individual
     capacities and MDUSD et. al. in official capacity: pursuant to education code Sec. 33113, 3114,
19   & 33117 and pursuant to title 42 USC & section 504 of the Rehabilitation Act of 1973, as
     amended, 29USC Sec.794 (Sec.504), 34 CFR Part104 et. seq.,(104.4(a)(b)(1)contractual), in
20   having signed for and received under contract, federal financial assistance to be involved in non
     discrimination as a public entity, defendants have discriminated against plaintiff's on the basis of
21   students disability by having prior knowledge of the severity of plaintiff's disabilities and
     misrepresenting to plaintiff's, their duties and performance of procedural safeguards they were
22   required to abide by, thereby failing to act lawfully by using manifestations of the disability
     against plaintiff in the form of assault and battery suspensions effectively discriminating against
23   plaintiff's on the basis of plaintiff's disabilities by having prior knowledge of their
     responsibilities to plaintiff's and failing to act to protect plaintiffs. Plaintiff's demand judgement
24   for relief pursuant to 42 USC et. seq.,  28 USC 1343 et. seq., Cal. Civil Code Sec. 52 & Sec.
     52.1, compensatory, general, damages including lost wages.

25

     **(c)** For violations of A.D.A. and section 504 contract laws against Brown, Ferro and MDUSD et.
26   al. in their individual and official capacities. In having signed for and received federal contract
     funds defendants violated their fiduciary duties to plaintiff's pursuant to Public Contract Code
27   Sec 10335, 10353 and 10253.5 and Cal. Const. ART I Sec. 7(a),  in having knowingly acted with
     and allowed their legal counsel to violate sections 28CFR Part 35, subpart B
28   35.130(a)(b)(1)(v),(b)(3)(i)(ii)(iii) pursuant to title 42 USC, and 34 CFR Part 104 et. seq.,

1  (104.4(a)(b)(1), by knowing their responsibilities to plaintiff's pursuant to their obligation under
   contract and the extent of the plaintiff's disabilities, thereby discriminated against plaintiff's on
2  the basis of the disability to act in their own best interests in misrepresenting the truth during
   hearing regarding their programs and policies and plaintiff's independent gains to cover up the
3  fact that plaintiff's received no schooling or services for an entire school year by and through
   their legal counsel. Plaintiff's demand judgement and relief pursuant to 42 USC et. seq., 28 USC
4  Sec. 1343 et. seq., Cal. Civil Code Sec 52 & Sec. 52.1, compensatory, general damages including
   lost wages.
5

6  (d) For violations of 42USC 1983 due process and equal protection contract obligation: By their
   actions as described herein, defendants Brown, Ferro & MDUSD et. al. in individual and official
7  capacity, under color of state, statute, ordinance, regulation, custom, or usage, violated and
   subjected plaintiff's to deprivation of rights, privileges, or immunities secured by the U.S.
8  Constitution and laws including CAL. Const. ART I Sec 7(a), ART. IX Sec. 7, 5th and 14th
   Amended U.S. Const., Subtitle A of Title II of the ADA, 42 USC Sec. 12101 et. seq. (12131), 28
9  CFR, Part 35 et. seq., (Sub part B, 35.130(a),(b)(1)(v), 35.130 (b)(3)(i)(ii)(iii), 35.134(a), (b). In
   defendants having previous personal knowledge of Michael Jr.'s qualified disabilities, being a
10 member of a protected class of persons with like disabilities, and the laws designed to protect
   plaintiffs, used said disabilities and laws against plaintiff's on the basis of said disabilities by
11 falsifying information, mis representing the truth, intentionally blocking the introduction of
   plaintiff's issues by and through their legal counsel and applying assault and battery suspensions
12 against plaintiff, in having prior advanced knowledge of Michael's behavioral antecedents, also
   discriminated against plaintiff's on the basis of his disabilities by deliberate indifference in
13 knowing that Michael would gain negative write ups and suspensions against plaintiff's yard duty
   shadow aid, and leaving him with and refusing to replace the aid when they knew she had no
14 training in a autism spectrum disorder and personal space issues such as Michael's. Michael has
   a personal liberty interest in personal security and freedom from a locked school, punishment and
15 physical restraint and a personal property right to education. Actions such as these used against
   Michael are not used against other children without disabilities such as Michael's. Brown, Ferro
16 & MDUSD et. al acting under color of state law, by and through their conduct, deprived
   plaintiff's of their constitutional rights. Plaintiff's demand judgement and relief pursuant to 42
17 USC et. seq., 28 USC 1343 et. seq., Cal. Civil Code Sec. 52 & Sec. 52.1, and compensatory,
   general, and punitive damages including lost wages and injunctive and declaratory relief in
18 removing the assault and battery charges and crime report numbers sent to the state from
   Michael's record. Reopen case # C04-1059SI on behalf of Michael Jr. for disposition.
19

   (e) For violations of Sec. 42 U.S.C. 1985 (c) (28 CFR Part 35 subpart B, 35.130 (a)(b)(1)(v),
20 (b)(3)(i)(ii)(iii) contract provisions against Brown, Ferro and MDUSD et. al in their individual
   and official capacity acting under color of state law, for violations of Cal. Const. ART I, Sec.
21 7(a), 28USC 1343(a)(1) & (a) (2) pursuant to title 42, defendants failed to prevent or to provide
   aid in preventing the wrongs which they had previous knowledge that were about to occur,
22 agreed and acted together with each other and McGeorge to deprive plaintiff's constitutional
   rights, and in having the power to prevent and thereby failing to act in a manner pursuant to law,
23 deprived plaintiff's of the constitutional rights and equal protection & the course of justice in the
   state, during state hearing regarding the presentation of issues, claims and their contractual duties
24 to plaintiff's, which they had prior knowledge of the elements of plaintiff's disabilities thereby
   conspiring together by filing motion on 2/3/03 to eliminate plaintiff's chances of recovery when
25 they knew their acts were contrary to law, thereby discriminating against plaintiff's on the basis
   of the disability for their own personal gains thereby causing injury to plaintiff's in preventing
26 the exercising of rights of a U.S. citizen. Plaintiff's demand judgement and relief pursuant to 28
   USC 1343 et. seq., title 42 USC et. seq., Cal. Civil Code Sec. 52 & Sec. 52.1, punitive, general,
27 compensatory damages including lost wages. Reopen case #C04-1059SI on behalf of Michael Jr.
   for disposition.

28

**(f)** For violations of 29 USC 794 contract obligations against Brown, Ferro & MDUSD et.al.  By their actions described herein, the MDUSD et al. violated Education Codes Sec 33113, 33114 & 33117 in having received federal funds under contract to provide for special education students violated Cal Const. ART I Sec. 7(a), 34 CFR 104 subpart A, et.seq (104.4(a)(b)(1)) by failing to enforce the contract provisions signed by them and by having previous knowledge of plaintiff's suffering by way of several personal letters during the 2002/2003 school year, discriminated against plaintiff's based upon plaintiff's disability by allowing the discrimination to continue by violation of Cal Const. ART I, Sec. 7(a) et. seq.  When defendants knew they had the authority to provide for the plaintiff's through use of their federal funding and acted with deliberate indifference and chose not to act pursuant to law and 29 USC 794.  Plaintiff's demand judgement and relief pursuant to 28 USC 1343 et. seq., 42 USC et. seq. Cal. Civ. Code Sec. 52 & 52.1, compensatory, general damages including lost wages.

**(g)** For violations of public contract codes and public policy contracts against Brown, Ferro MDUSD et. al in their individual and official capacities: Pursuant to Calif. P.C.C. Sec. 10335, 10353, 10353.5 legal services contract defendants failed to regulate their legal counsel regarding litigation plans designated by the state agency by violating the above referenced statutes and instead acted with them contrary to law by violations of Cal. Const. ART. I Sec. 7(a), 42 USC Sec. 12132 et. seq. of the ADA, 28 CFR Part 35, subpart A, B, et. seq. Plaintiff's demand judgement and relief pursuant to 42 USC et. seq., 28 USC Sec. 1343 et. seq. Cal. Civ. Code Sec. 52 & 52.1, compensatory, punitive, general damages including lost wages.

**(h)** For retaliation as a direct violation of above stated contract laws against Brown, Ferro & MDUSD et. al. in their individual and official capacity: defendants violated 42 USC 12203, 28 CFR Sec. 35.134 (a)(b),and retaliated against plaintiff's both prior to and during the due process hearing based upon plaintiff's disability in that the ongoing status, severity and nature of said disability caused defendants to retaliate and coerce  because plaintiff's would not accept their locked program and thereby engaged in a course of action that was designed to force plaintiff's to accept their locked school placement or not receive any schooling or services what soever by having knowledge of plaintiff's individual successes and denying plaintiff's access to their programs offered to students without disabilities because by not accepting the offer, defendants were forced to complete the due process hearing they themselves initiated upon plaintiff's and purposely violated other constitutional and due process laws as a result thereof. Plaintiff's thereby demand judgement and relief pursuant to 42 USC et. seq., 28 USC 1343 et. seq., punitive, general, compensatory damages and lost wages.

**SECOND CLAIM  FOR RELIEF** (For Michael Jr. and Father)

(AGAINST MCGEORGE/SEHO et. al.  (in their official and individual capacity)

FOR VIOLATION OF STATE AND FEDERAL CONTRACT LAWS)

41)  Plaintiff's re allege and incorporate by reference as though fully set forth herein,

paragraphs 1-39 inclusive of this complaint. Grounds for jurisdiction of the district courts for

claims 41,(a)(b)(c)(d)(e)(f) and claims 49, (a)(b) are included in 28 USC Sec.1331,1343 et.seq.

and 28 USC Sec.1367  as set forth herein, including all acts of congress as named  herein.

**(a)** For violations of State and Federal contract laws against McGeorge et. al. :  The full extent of McGeorge contract violations can not be ascertained until such time as complete discovery is executed. At a minimum, McGeorge was bound by Education Codes 33113, 33114 & 33117 and by responding to requests for proposal (RFP) from CDE, and thereby being awarded the contract,

1   was subjected to FAR 15.204-1, and the uniform contract format and statement of evaluation
    factors under the UCF and was subject to statutory and regulatory constraints to uphold
2   contractual laws to protect special education plaintiff's. Violations occurred against plaintiff's
    pursuant to 42 USC et. seq., 28 USC 1343 et. seq., by failing to send a administrative law judge
3   pursuant to the Administrative Procedures Act and the Title 5, California Code of Regulations
    Sec. 3089, discriminated against plaintiff's on the basis of disability by knowing that plaintiff
4   received no school for a full year and having beforehand knowledge of the severity of the
    disability by way of evidence submissions, failed to act pursuant to law in violation of Cal.
5   Const. ART I, Sec. 7(a), at a minimum provided unequal treatment in issuing a regular hearing
    officer. Other children that do not possess disabilities are not treated in this fashion. Plaintiff's
6   demand judgement and relief pursuant to 42 USC et. seq., Cal. Civ. Code Sec. 52 & 52.1,
    general, compensatory, punitive damages.
7

8   **(b)** For violations of due process and equal protection contract laws against McGeorge et. al.:
    McGeorge discriminated against plaintiff's by violating Cal. Const. ART.III Sec 3 & Sec 3.5 (c),
9   ART. I, 7(a), the 5th and 14th amended U.S. Const, subtitle A of title II of the ADA, 42 USC Sec.
    12101 et seq. (12131), 28CFR Part 35 et. seq. Sub part B, 35.130 (a),(b),(1)(v),
10   35.130(b)(3)(i)(ii)(iii), 35.134(a), (b), Cal. torts Restatement (second) sec. 874, 874(a).
    McGeorge, pursuant to their contract with CDE, was bound to uphold the constitution, legislative
11   provisions, their fiduciary duties and laws of our state owed to plaintiff's. McGeorge , in having
    previous personal knowledge of Michael Jr.'s qualified disabilities, being a member of a
12   protected class of persons with like disabilities and the laws designed to protect plaintiff's
    effectively discriminated against plaintiff's on the basis of said disabilities by having the prior
13   knowledge of plaintiff's disabilities, the law designed to protect plaintiff's, and prior knowledge
    that no special education services and schooling were being provided, and not allowing
14   plaintiff's issues to be heard and decided upon pursuant to the constitution & education code
    56507 (d). The full extent of the contractual violations can not be ascertained until full discovery
15   is completed. Plaintiff's demand judgement and relief pursuant to 28 USC 1343 et. seq., 42 USC
    et. seq., Cal Torts Restatement (second) Sec. 874, 874(a) Cal. Civil Code Sec.52 & Sec 52.1,
16   general, punitive, compensatory, damages.

17
    **(c)** For violations of ADA and section 504 contract laws against McGeorge et. al. for violations
18   of Cal. Const ART I, Sec 7(a), Sub Title A of Title II of the ADA, 42 USC Sec. 12101 et. seq.
    (12131), 28 CFR Part 35 et. seq., (subpart B, 35.130 (a)(b)(1)(v), 35.130 (b)(3)(i)(ii)(iii).
19   Defendants also knowingly acted in disregard towards plaintiff's by refusing to follow the APA,
    CCR Sec. 3089 procedures during a special education due process hearing by not safeguarding
20   the minor plaintiff's rights in the course of justice. When presented issues directly related to the
    preservation and disposition of minor plaintiff's claims and violations committed against him
21   McGeorge acknowledged "we deal with ADA" but refused to admit plaintiff's issues into
    hearing and when presented with direct evidence that the MDUSD was in violation of it's own
22   policies McGeorge stated "do this on your own time" and failed to act in a fiduciary contractual
    duty to the disabled minor plaintiff. Plaintiff's demand judgement and relief pursuant to 28 USC
23   1343 et. seq., 42 USC et. seq., Cal. Civ. Code Sec. 52 & 52.1, general, compensatory, punitive
    damages.
24   **(d)** For violations of 42 U.S.C. 1983 due process and equal protection contract provisions against
    McGeorge et. al.: Plaintiff's hereby reiterate claim 41(b) as above, in it's entirety. Plaintiff's
25   demand judgement and relief pursuant to claim 41 (b) as above in it's entirety.
    **(e)** For violations of 42 U.S.C. 1985 contract provisions against McGeorge et. al. for violations
26   of Cal. Const. ART I, Sec. 7(a), 28 USC 1343 et. seq., pursuant to title 42, 28 CFR part 35,
    subpart B, 35.130(a)(b)(1)(v),35.130(b)(3)(i)(ii)(iii).  Defendants failed to prevent or to provide
27   aid in preventing wrongs which they had previous knowledge that were about to occur, and in
    having the power to prevent and thereby failing to act in a manner pursuant to law, agreed and
28   acted together with MSUSD defendants and their legal counsel to deprive plaintiff's of their

1  constitutional rights and equal protection in the course of justice during the state hearing
regarding the presentation of issues, claims and their fiduciary duties to plaintiff's. McGeorge
2  had prior knowledge of the elements of plaintiff's disabilities, knew the minor plaintiff was
without school and sp. ed. services the entire school year, and chose to act with the other
3  defendants to deny plaintiff's issues from the motion filed by the other defendants on 2/3/03 to
prevent issues of plaintiff's from being heard. McGeorge stated on the record that "we deal with
4  ADA" McGeorge acted contrary to law and discriminated against plaintiff's on the basis of
disability thereby causing injury to plaintiff's in preventing the exercising of rights of U.S.
5  citizen with a qualified disability. Plaintiff's demand judgement and relief pursuant to 28 USC
1343 et. seq., 42 USC et. seq., Cal. Civ. Code Sec. 52 & 52.1, compensatory, punitive, general
6  damages.
(f) For violations of public contract code and public policy provisions against McGeorge et. al.:
7  Pursuant to Calif. P.C.C. Sec 10335,10353, 10353.5, Cal Const. ART I, Sec. 7(a), Cal. Const.
ART III Sec 3, Sec 3.5, 42 USC et. seq., 28 USC 1343 et. seq. McGeorge is said to have been
8  involved in a legal services contract with CDE and the exact extent of said contract can not be
ascertained until discovery is completed. McGeorge violated their fiduciary duty to plaintiff's by
9  refusing to follow education codes and by not allowing plaintiff's issues into due process hearing
SN03-00076 when presented unto them and in having stated on the record that they were
10  authorized, and had the power and authority to hear such issues. Plaintiff's were damaged by the
actions or lack of through McGeorge and the damage has been pervasive and will have a life long
11  effect on minor plaintiff. Plaintiff's demand judgement and relief pursuant to Cal. Civ. Code
Sec. 52 & 52.1, 42 USC et. Seq., 28 USC 1343 et. seq., general, compensatory and punitive
12  damages.

**THIRD CLAIM FOR RELIEF** (for Ryan Petersen and Father)

13
(AGAINST MDUSD et. al. BROWN AND FERRO (in their official and individual capacity)

14
FOR VIOLATIONS OF STATE AND FEDERAL CONTRACT LAWS

15
42)  Plaintiff's re allege and incorporate by reference as though fully set forth herein,
16  paragraphs 1-39 inclusive, of this complaint as follows: MDUSD et. al. is said to be included in
any and all allegations previously set forth against MDUSD, Brown & Ferro in their individual
17  and official capacities inclusive of all claims set forth herein. Grounds for jurisdiction of the
district courts for claims 42 (a)(b)(c)(d)(e)(f)(g)(h) and claims 49(a)(b) are included in 28 USC
18  Sec.1331, 1343 et. seq. and 28 USC Sec. 1367 as set forth herein including all acts of congress
as named herein.

19

20  (a) For violations of MDUSD federal consent decree contract against Brown, Ferro & MDUSD
et. al in their individual and official capacities: Further jurisdiction of this court is set forth in
21  consent decree contract C98-00951 as whereby plaintiff's are entitled to direct access to the
federal courts pursuant to consent decree contract whereas MDUSD, Brown & Ferro engaged in
22  systematically blocking the status quo of Ryan receiving private school placement in having
direct prior knowledge of the severity of Ryan's disability, discriminated on the basis of
23  disability against Ryan and Father to force plaintiff's to accept the MDUSD program and
provided a barrier to deny Ryan's contract by refusing to hold a contractual IEP and then
24  delaying, falsifying and sabotaging the IEP in violation of the consent decree. Defendants
discriminated on the basis of disability by having previous knowledge of consent decree
25  obligation and plaintiff's personal disability knowing that he would be harmed in violation of
Title II of the ADA Sec. 42 USC Sec. 12101 et. seq, 28 CFR part 35, subpart A, 35.101 et. seq.
26  (35.130.(a)(b)(1), Cal. Const. ART I Sec. 7(a). Plaintiff's demand judgement and relief pursuant
to 28 USC 1343 et. seq., 42 USC et. seq., Cal. Civ. Code Sec. 52, 52.1 compensatory, punitive,
27  and general damages.

28  (b) For violations of state and federal contract laws against Brown, Ferro and MDUSD et. al. in

1  their individual and official capacities pursuant to Ed. Code Sec. 33117, Cal Const. ART I Sec.
   7(a), for interfering and discriminating against plaintiff's using Ryan's contract SN03-01885 by
2  failing to hold a timely IEP causing educational delays and loss of school placement in a private
   facility on the basis of the disability in knowing before hand the extent of the disability and
3  refusing to act pursuant to law. Plaintiff's demand judgement and relief pursuant to Cal. Civ.
   Code Sec. 52 & 52.1 et. seq., compensatory, general, punitive damages.

4

   (c) For violations of ADA and section 504 contract laws against Brown, Ferro and MDUSD et.
5  al. in their individual and official capacity by violating 14th amended constitution, Cal. Const.
   ART I Sec. 7(a), Sub title A of title II of the ADA, 42 USC 12101 et. seq., 28 CFR Part 35 et.
6  seq., Sub part B, 35.130(a)(b)(1)(v), 35.130,(b)(3)(i)(ii)(iii) for providing unequal treatment and
   discrimination in public contracting by failing to protect Ryan as belonging to a disabled class of
7  citizens by sabotaging his status quo of his private school placement by using his disability
   against him as discrimination by their power and control of the IEP process & against plaintiff's
8  by refusing to hold the meeting until new laws were passed and implemented in their favor
   thereby causing personal injury. Plaintiff's demand and relief pursuant to Cal. Civ. Code Sec. 52
9  & 52.1, 28 USC 1343 et. seq., 42 USC et. seq., compensatory, general, punitive damages.

10 (d) For violations of 42 USC 1983 due process and equal protection contract obligations against
   Brown, Ferro and MDUSD et. al. in their individual and official capacities under color of state
11 law, pursuant to 5th, 14th amended U.S. Constitution, Cal. Const. ART I Sec. 7(a), Defendants,
   and each of them subjected plaintiff's to deprivation of rights in being a protected class of
12 citizens, and in having a liberty interest and property interest in education. Defendants refused to
   continue a placement with the private school by eliminating plaintiff's ability to present evidence
13 in continuance of the placement by refusing to hold the annual IEP, to modify services for
   plaintiff's health, progress and development on the basis of the disability by having advanced
14 knowledge of his need and failing to act pursuant to law thereby violating plaintiff's
   constitutional rights. In the course of things ,defendants caused, in plaintiff's having to force
15 defendants to comply with the laws, contributed to the successful eviction of plaintiff's in their
   residence where defendants were providing federal educational services .Plaintiff's demand
16 judgement and relief pursuant to 28 USC 1343 et. seq., 42 USC et. seq., Cal. Civ. Code Sec. 52
   & 52.1 and for punitive, compensatory and general damages.

17

   (e) For violations of 42 U.S.C. 1985 contract provisions Brown, Ferro and MDUSD et al. in their
18 individual and official capacity defendants and each of them acted together and under color of
   state law. defendants violated 5th and 14th amended U.S. Const., Cal. Const. ART I Sec. 7(a), and
19 28 USC 1343(a)(1) & (a)(2) pursuant to title 42, defendants failed to prevent or provide aid in
   preventing wrongs which they had previous knowledge that were about to occur, and in having
20 the power to prevent and thereby failing to act in a manner pursuant to law, deprived plaintiff's
   of constitutional rights by failing to hold the annual IEP in 5/05. Plaintiff's demand judgement
21 and relief pursuant to 28 USC 1343 et. seq., 42 USC et. seq., Cal. Civ. Code Sec. 52 and 52.1,
   punitive, general, compensatory damages.

22

   (f) For violations of 29 USC 794 contract obligations: by their actions described herein, Brown,
23 Ferro and MDUSD et. al. violated Education Code Sec. 33117 in having received funds under
   contract to provide for special education plaintiff, defendants failed to act in accordance with
24 superintendent of education and CDE. Defendants and each of them deprived plaintiff's of
   constitutional rights pursuant to Cal. Const ART I Sec. 7(a), Plaintiff's demand judgement and
25 relief pursuant to Cal. Civ. Code Sec. 52 & 52.1., compensatory, general damages.

26 (g) For violations of public contract code and public policy contracts against Brown, Ferro &
   MDUSD et. al in their individual and official capacities violated services contract described in
27 Calif. Public Contract Code Sec. 10335,10353, 10353.5, and Cal Const. ART I Sec. 7(a),
   Plaintiff's SN03-01885 contract qualifies as constitutional services that were being provided in
28 the home and plaintiff's suffered personal injury at plaintiff's personal residence. MDUSD

1  having prior knowledge that special education services were being provided within the household, and knowingly used the powers of their legal services to cause deprivation of rights
2  and discriminated based upon the disabilities of plaintiff. Plaintiff's demand judgement and relief pursuant to Cal Civ. Code Sec. 52 & 52.1., general, punitive, compensatory damages.
3
   **(h)** For retaliation as a direct violation of above stated contract laws against Brown, Ferro &
4  MDUSD et. al. in their individual and official capacity for violations of 42 USC 12203, 28 CFR Sec. 35.134 in denying the status quo of contract SN03-01885, and refusing to hold the annual
5  IEP, defendants effectively retaliated against plaintiff's by knowingly refusing to meet the educational needs of plaintiff and, on the basis of the disability by way of prior knowledge of the
6  severity, retaliated against plaintiff's due to past litigation with Michael jr. Plaintiff's demand judgement and relief pursuant to 28 USC 1343 et. seq., 42 USC et. seq. general, compensatory
7  punitive damages.

8  ## DAMAGES SUSTAINED AS A RESULT OF THE ABOVE REFERENCED CLAIMS

9  43)  As a direct and proximate result of the acts and omissions in this complaint, students

10  have suffered substantial educational and developmental losses, causing permanent decline in

11  their future development, which adversely impacts their future earnings and earning potential,

12  and which has resulted in humiliation, pain and suffering, and damage to their social

13  development and interpersonal relations, in a amount subject to proof at trial. With respect to

14  those claims based upon violations of the United States Constitution, students were deprived of

15  their constitutional rights.

16  44)  As a direct and proximate result of the acts and omissions alleged in this

17  complaint, student's parent have incurred legal fees, and pain and suffering, lost wages and will

18  incur substantial expenses for student's education, development, future support, and lost wages,

19  all in a amount subject to proof at trial. With respect to those claims based upon violations of the

20  United States Constitution, student's parent was deprived of constitutional rights.

21  45)  As a direct and proximate result of the acts and omissions alleged in this complaint,

22  students and students parent will continue to be damaged and suffer irreparable harm unless

23  defendants are enjoined.

24  ## PRAYER FOR RELIEF

25  WHEREFORE, all plaintiff's respectfully pray that this court:

26  46)  **On plaintiff's first claim for relief**, (For Michael Jr. and Father)

27  **a)** Declare that the MDUSD defendants in their individual and official capacity, and each of them, have failed to comply with the consent decree contract C98-00951 and violated the stated
28  contract laws therein. Issue an injunction to protect other sp.ed. students from like violations.

1    Order and award judgement and relief as set forth therein and additional appropriate damages.
     **b**) Declare that the MDUSD defendants in their individual and official capacities, and each of
2    them, have discriminated against plaintiff's and failed to act pursuant to law. Issue an injunction
     to prevent like occurrences. Order and award judgement and relief as set forth therein.
3    **c**) Declare that the MDUSD defendants in their individual and official capacities and each of
     them, have discriminated against plaintiff's and failed to act pursuant to law. Order injunctive
4    and declaratory relief in the removal of the unlawful assault and battery charges against student
     Mikey's file and order students exempt from state exit exam. Order injunctive and declaratory
5    relief to prevent further retaliation against student. Order and award judgement and relief as set
     forth therein.
6    **d**) Declare that the MDUSD defendants in their individual and official capacities and each of
     them, have violated plaintiff's constitutional rights thereby discriminating against plaintiff's on
7    the basis of the disability and failed to act pursuant to law. Issue injunction and declaratory relief,
     to inspire new legislation appropriately named "Michael's law" to remove assault and battery's
8    with crime report numbers to the state from Michael's record and prevent such travesties from
     occurring again. Order and award judgement and relief as set forth..Reopen case #C04-1059SI.
9    **e**) Declare that the MDUSD defendants in their individual and official capacities and each of
     them have conspired under color of state law to discriminate against plaintiff's on the basis of
10   disability and failed to act pursuant to law and the constitution. Order and award judgement and
     relief as set forth therein. Reopen case #C04-1059SI for disposition on behalf of Michael Jr.
11   **f**) Declare that the MDUSD defendants in their individual and official capacities and each of
     them have discriminated against plaintiff's, have violated the education code and have failed to
12   act pursuant to law. Order and award judgement and relief as set forth therein.
     **g**) Declare that the MDUSD defendants in their individual and official capacities and each of
13   them have violated public contract codes and public policy codes and failed to act pursuant to
     law. Order and award judgement and relief as set forth therein.
14   **h**) Declare that the MDUSD defendants in their individual and official capacities and each of
     them have retaliated against plaintiff's pursuant to the constitution and failed to act pursuant to
15   law. Order injunctive and declaratory relief to remove the assault and batteries and crime report
     numbers from Michael's record. Order and award judgement and relief as set forth therein.
16
17       47)          **On plaintiff's second claim for relief**, (For Michael Jr. and Father)

18   **a**) Declare that McGeorge/SEHO et.al. have violated the stated contract laws therein and have
     discriminated against plaintiff's and violated plaintiff's constitutional rights. Order and award
     judgement and relief as set forth therein.
19   **b**) Declare McGeorge/SEHO et. al. have violated due process and equal protection laws and
     discriminated against plaintiff's and violated plaintiff's constitutional rights. Order and award
20   judgement and relief as set forth therein .Award compensatory and punitive damages according
     to proof.
21   **c**) Declare McGeorge/SEHO has violated the ADA, 504 laws stated therein and discriminated
     against plaintiff's and violated their constitutional rights. Order judgement and relief as set forth
22   therein.
     **d**)Declare Mcgeorge/SEHO has violated 42 USC 1983 due process and equal protection laws
23   stated therein and discriminated against plaintiff's and violated their constitutional rights. Order
     judgement and relief as set forth therein.
24   **e**) Declare that McGeorge/SEHO has conspired with other defendants to violated plaintiff's
     rights thereby discriminating against plaintiff's and violating their constitutional rights. Order
25   and award judgement and relief as set forth therein.
     **f**) Declare McGeorge/SEHO has violated public contract codes and public policy provisions and
26   violated their fiduciary duty to plaintiff's. Order and award judgement and relief as set forth
     therein.
27       48)          **On Plaintiff's third claim for relief**, (For Ryan Petersen and Father)

28   **a**) Declare that the MDUSD defendants in their individual and official capacities and each of

1  them, have failed to comply with the consent decree and discriminated against plaintiff's.
   Declare that the defendants in their individual and official capacities have violated the stated
2  contract laws therein. Order injunctive relief to prevent further like violations to protect sp. ed.
   students. Order and award judgement and relief as set forth therein.
3  **b)** Declare that the MDUSD defendants and each of them in their individual and official
   capacities and each of them have violated state and federal contract laws. Order and award
4  judgement an relief as set forth therein. Order compensatory and punitive damages according to
   proof.
5  **c)** Declare that the MDUSD defendants and each of them have violated ADA, 504, U.S., and Cal.
   Const. by failing to protect plaintiffs and discriminating against them. Order judgement and relief
6  as set forth therein. Order students exempt from state exit exam. Order injunctive and declaratory
   relief to prevent further retaliation against student.
7  **d)** Declare the MDUSD defendants and each of them have violated equal protection, due
   process, U.S., and Cal. Const. under color of state law by violating plaintiff's constitutional
8  rights. Order and award judgement and relief as set forth therein.
   **e)**Declare that the MDUSD defendants and each of them have conspired under color of state law
9  to violate U.S. and Cal Const .by failing to act in a manner pursuant to law. Order judgement and
   relief as set forth therein.
10 **f)**Declare that MDUSD defendants and each of them have violated 29 USC 794, education code,
   and Cal. Const. and discriminated against plaintiff's. Order judgement and relief as set forth
11 therein.
   **g)** Declare that the MDUSD defendants and each of them have violated Cal. Public Contract
12 Code and Cal. Const. by the powers and use of their legal services to deprive plaintiff's of
   constitutional rights. Order judgement and relief as set forth therein.
13 **h)** Declare the MDUSD defendants and each of them have retaliated against plaintiff's by
   refusing to hold a mandated IEP as punishment for past litigation. Order judgement and relief as
14 set forth therein.
       49)                **On all claims for relief:** (For Michael Jr., Ryan and Father)
15
   **a)** Award for costs related to costs of suit herein and reasonable attorney fees.
16
   **b)** Award for such other and further relief as the court deems just and proper.
17
                                    DEMAND FOR JURY TRIAL
18
   Please take notice that plaintiff's demands trial by jury in this action pursuant to FRCP 38(b).
19
   Dated : NOVEMBER 27, 2007
20
   Respectfully submitted
21

22 Michael S. Petersen PRO SE

23

24

25

26

27

28