1  Vincent Pastorino, CA SBN 095939
   Paul E. Lacy, CA SBN 140180
2  Institute for Administrative Justice
   University of the Pacific McGeorge School of Law
3  3455 5th Avenue
   Sacramento, CA 95817
4  Phone: (916) 739-7049
   Fax:   (916) 739-7199
5  e-mail: vpastorino@pacific.edu

6  Attorney for Defendants California Special Education Hearing Office and
   McGeorge School of Law
7  _____

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO

12                                    )
                                      )
13  MICHAEL PETERSEN on behalf of     )   Case No. Case No. C07-02400 (SI)
    himself and next of friend to Mike Jr. and )
14  Ryan, disabled minor children PRO SE )   **NOTICE OF MOTION AND MOTION**
                                      )   **BY CALIFORNIA SPECIAL**
15        Plaintiffs,                 )   **EDUCATION HEARING OFFICE**
                                      )   **AND McGEORGE SCHOOL OF LAW**
16        v.                          )   **TO DISMISS PLAINTIFFS'**
                                      )   **AMENDED COMPLAINT OR, IN**
17                                    )   **THE ALTERNATIVE, FOR A MORE**
                                      )   **DEFINITIVE STATEMENT**
18                                    )
    CALIFORNIA SPECIAL EDUCATION      )   **[FED. R. CIV. PROC.  12(b)(6) and**
19  HEARING OFFICE, et al             )   **12(e)]**
                                      )
20        Defendants.                 )
                                      )   **JUDGE: Susan Illston**
21                                    )   **DATE:  February 8, 2008**
                                          **TIME:    9:00 A.M.**
22                                        **DEPT.:  Courtroom 10**
    _____
23

24  TO PLAINTIFFS:

25         NOTICE IS HEREBY GIVEN that on February 8, 2008, at Courtroom 10, or as soon
26
27  thereafter as the matter may be heard in Department-Courtroom 10 of the above-entitled court,
28  Defendants McGeorge and SEHO (hereinafter, "MCGEORGE Defendants") will bring on for

1  their Motion to Dismiss Complaint for Relief or, in the alternative, Motion for a More Definitive

2  Statement.

3        MCGEORGE Defendants seek dismissal of plaintiffs' complaint against them in its

4

5  entirety on the grounds that those claims fail to state a claim upon which relief can be granted

6  pursuant to Federal Rules of Civil Procedure 12, subdivision (b)(6).  In the alternative,

7  MCGEORGE Defendants seek an Order from this Court directing plaintiffs to provide a more

8  definite statement under Rule 12, subdivision (e) as to the basis of plaintiffs' claims and relief

9  sought, as their complaint fails to put MCGEORGE Defendants on proper notice of the claims

10

11  against them, thereby preventing MCGEORGE Defendants from framing an adequate response

12  thereto.

13        This motion will be based on this Notice, the attached Memorandum of Points and

14  Authorities, and on such oral and documentary evidence as may be presented at or before hearing.

15

16

17

18  DATED: December 13, 2007                By: _____
                                             Paul E. Lacy
19                                           Attorney for Defendants
                                             California Special Education Hearing Office
20                                           (SEHO), McGeorge School of Law

21

22

23

24

25

26

27

28

1  Vincent Pastorino, CA SBN 095939
2  Paul E. Lacy, CA SBN 140180
   Institute for Administrative Justice
3  University of the Pacific McGeorge School of Law
4  3455 5th Avenue
   Sacramento, CA 95817
5  Phone: (916) 739-7049
   Fax:    (916) 739-7199
6  e-mail: vpastorino@pacific.edu

7
   Attorney for Defendants California Special Education Hearing Office,
8  Mcgeorge School of Law, and Vincent Pastorino

9  _____

10                **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12
                         **SAN FRANCISCO**
13                                    )
                                      )
14                                    )
   MICHAEL PETERSEN on behalf of himself )  Case No. C07-02400 (SI)
15 and next of friend to Mike Jr. and Ryan, )
   disabled minor children PRO SE     )  **MEMORANDUM OF POINTS AND**
16                                    )  **AUTHORITIES IN SUPPORT OF**
                                      )  **NOTICE OF MOTION AND MOTION**
17        Plaintiffs,                 )  **BY CALIFORNIA SPECIAL**
                                      )  **EDUCATION HEARING OFFICE**
18        v.                          )  **AND McGEORGE SCHOOL OF LAW**
                                      )  **TO DISMISS PLAINTIFFS' FIRST**
19                                    )  **AMENDED COMPLAINT OR, IN**
                                      )  **THE ALTERNATIVE, FOR A MORE**
20                                    )  **DEFINITIVE STATEMENT**
                                      )
21 CALIFORNIA SPECIAL EDUCATION       )
   HEARING OFFICE, et al              )  **[FED. R. CIV. PROC. 12(b)(6), and**
22                                       **12(e)]**
23        Defendants.

24                                       **JUDGE: Susan Illston**
                                         **DATE:   February 8, 2008**
25                                       **TIME:    9:00 A.M.**
                                         **DEPT.:  Courtroom 10**
26 _____

27

28

# TABLE OF CONTENTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

|  |  | Page |
|---|---|---|
| I. | FACTUAL BACKGROUND | 1 |
| II. | STANDARD OF REVIEW | 2 |
|  | A.    Motion to Dismiss | 2 |
| III. | LEGAL ARGUMENTS | 2 |
|  | A.    Judicial Immunity | 2 |
|  |        1.    The Rule of Judicial Immunity | 2 |
|  |        2.    Application of Judicial Immunity to the Present Case | 4 |
|  |        3.    Judicial (Absolute) Immunity Applies to McGeorge/SEHO Hearing Officers | 7 |
|  |        4.    Claims for Relief Other than Damages | 9 |
|  | B.    Motion to Dismiss for Failure to State a Claim Or, in the Alternative, a More Definitive Statement | 10 |
|  |        1.    Motion to Dismiss for Failure to State a Claim | 10 |
|  |        2.    Motion for a More Definitive Statement | 10 |
| IV. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

                                                                                    **Page(s)**

**FEDERAL CASES**

*Balistreri v. Pacifica Police Dept.* 901 F. 2d 696 (9th Cir 1990)                **2**

*Bradley v. Fisher* 80 U.S. 335 (1871)                                              **3**

*Broam v. Bogan* 320 F. 3d 1023 (9th Cir 2003)                                    **2**

*Butz v. Economou,* 438 U.S. 478 (1978)                                             **4**

*Cadena v. Perasso,* 498 F.2d 383 (9th Cir. 1974)                                 **3**

*Cleavenger v. Saxner,* 474 U.S. 193 (1985)                                         **4**

*Conley v. Gibson* 355 U.S. 41 (1957)                                               **2**

*Foster v. McBride,* 521 F.2d 1304 (9th Cir. 1975)                                **3**

*Hagan v. State of California,* 265 F.Supp 174 (C.D.Cal. 1967)                       **3**

*Jones v. Rath Packing Co.,* 430 U.S. 519 (1977)                                    **4**

*McCalden v. California Library Ass'n,* 955 F.2d 1214 (9th Cir. 1990)             **11**

*McHenry v. Renne,* 84 F.3d 1172 (9th Cir. 1996)                                  **11**

*Ojai Unified Sch. Dist. v. Jackson,* 4 F.3d 1467 (9th Cir. 1993)                 **8**

*Pareto v. FDIC* 139 F. 3d 696 (9th Cir 1998)                                     **2**

*Rath Packing Co. v. Becker,* 530 F.2d 1295 (9th Cir. 1975)                       **4**

*Schucker v. Rockwood,* 846 F2d 1202 (9th Cir. 1988)                              **3**

*Sellars v. Procunier,* 641 F.2d 1295 (9th Cir. 1981)                             **4**

*Stump v. Sparkman,* 435 U.S. 349 (1978)                                            **3**

*Sykes v. State of California (Dep't of Motor Vehicles),* 497 F.2d 197 (9th Cir. 1974)  **4**

*Union Sch. Dist. v. Smith,* 15 F.3d 1519 (9th Cir. 1994)                         **8**

*Yoonessi v. Albany Medical Center,* 352 F.Supp 2d 1096 (C.D. Cal. 2005)            **4**

1

**STATE CASES**

2 *Alicia T. v. County of Los Angeles,* (1990) 222 Cal.App.3d 869                3

3 *American Arbitration Assn, v. Superior Court* (1992) 8 Cal. App. 4th 1131      8

4

5 *Falls v. Superior Court,* (1996) 42 Cal.App. 4th 1031                          3

6 *Frost v. Geernaert,* (1988) 200 Cal.App.3d 1104                                3

7 *Greene v. Zank,* (1984) 158 Cal. App. 3d 497                                   3

8 *Haas v. Gibson,* (1960) 179 Cal.App2d 259                                      3

9 *Lebbos v. State Bar of California,* (1985) 165 Cal.App.3d 656                  4

10

11 *Legg v. Breitenbach,* (1961) 198 Cal.App.2d 206                               3

12 *Lewis v. Linn,* (1963) 209 Cal. App. 2d 394                                   3

13 *Rosenthal v. Vogt,* (1991) 229 Cal.App.3d 68                                  3

14 *Tagliavia v. County of Los Angeles,* (1980) 112 Cal. App. 3d 759             3

15 *Taylor v. Mitzel,* (1978) 82 Cal.App.3d 665                                   4

16

17 *Thiele v. RML Realty Partners,* (1993)14 Cal.App.4th 1526                     4

18

**MISCELLANEOUS**

19 California Education Code, section 56505(k)                                    9

20 California Education Code, sections 56000 through 56507                        7

21

Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1377 (1990)   11

22

23 Fed.R.Civ.P. 12(b)(1)                                                         11

24 Fed.R.Civ.P. 12(b)(6)                                                         1,2

25 Fed.R.Civ.P. 12(e).                                                           13

26 Federal Statutes (20 U.S.C. section 1415)                                     7

27 State regulations (Title 5, C.C.R. sections 3080, *et seq*)                   7

28 Regulations (34 C.F.R. sections 300.507, *et seq*)                            7

1    Defendants McGEORGE SCHOOL OF LAW and CALIFORNIA SPECIAL

2  EDUCATION HEARING OFFICE (SEHO) (collectively McGEORGE defendants) respectfully

3  submit the following Memorandum of Points and Authorities in support of it's motion to dismiss

4
5  plaintiffs' complaint for failure to state a claim upon which relief can be granted (FRCP 12(b)(6)).

6

7                           **I.  FACTUAL BACKGROUND**

8      Plaintiffs assert generally that their action "arises out of contract violations that affect the

9  disabled minor children [plaintiffs] Mikey and Ryan," plaintiff Michael Petersen's children.  (First

10
11  Amended Complaint 6:18-26.)[1]  Plaintiffs' complaint, as it pertains specifically to the

12  MCGEORGE defendants, asserts that McGeorge/SEHO was a private entity under contract with

13  the California Department of Education to provide hearing services and thus obligated by various

14  unspecified state and federal laws to be free of discrimination toward special education students.

15  (First Amended Complaint 4:25-5:10; 6:27-7:5.)

16
17      Plaintiffs limit their claim against MCGEORGE defendants to their "Second Claim for

18  Relief."  In that claim, plaintiffs allege that the MCGEORGE defendants, in the course of carrying

19  out its function as the California Special Education Hearing Office (SEHO),  violated one or more

20  unspecified contractual obligations pertaining to the constitution, various civil rights statues, and

21  the Administrative Procedures Act (APA).  (First Amended Complaint 19:20-21:12.)

22
23      Plaintiffs' complaint, however, does not specify or refer to any particular contract

24  involving MCGEORGE defendants, and the complaint does not identify or articulate any state or

25  federal contract "laws" or "provisions" that either govern such contracts or create for plaintiffs a

26  private cause of action against MCGEORGE defendants.

27

28

---

[1] McGeorge defendants' copy of plaintiff's complaint does not include printed page numbers; thus, the page numbers referred to in this brief are based on counting plaintiff's caption page as page one, the next page as page two, and thereafter counting each page consecutively.

## II. STANDARD OF REVIEW

**A.    Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings.  A complaint may be dismissed only if "it appears beyond doubt that the Plaintiff can plead no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  When ruling on a rule 12(b)(6) motion, the court must construe the pleadings in the light most favorable to the plaintiff.  *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).  The court must also accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom.  *See Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).  If the complaint is dismissed for failure to state a claim, the court should allow leave to amend the pleadings if it appears at all possible that the plaintiff can cure the defect.  *Balistreri v. Pacifica Police Dept.*, 901 f.2d 696, 701 (9th Cir. 1990).

## III.    LEGAL ARGUMENTS

**A.    Judicial Immunity**

MCGEORGE defendants are absolutely immune from suit under the doctrine of judicial immunity.

1.    The Rule of Judicial Immunity

Judges have long been accorded absolute immunity from actions for damages for their judicial acts.[2]  The doctrine was established to protect the finality of judgments from continual collateral attack in courts of competing jurisdiction and to protect judicial decision making from intimidation.  All aspects of judicial decision making are protected by judicial immunity in order

---

[2]  The application of judicial immunity to the institution or organization that appoints and/or employs the individual (administrative) judges or hearing officers is discussed in section 3, infra.

1   to protect judicial independence. *Greene v. Zank*, 158 Cal.App.3d 497, 507 (1984). It is essential

2   to the proper administration of justice that "a judicial officer, in exercising the authority vested in

3

4   him, shall be free to act upon his own convictions, without apprehension or personal

5   consequences to himself." *Tagliavia v. County of Los Angeles*, 112 Cal.App.3d 759, 762 (1980),

6   quoting from *Bradley v. Fisher*, 80 U.S. 335 (1871).

7        The critical test is whether the judge's act or omission was a judicial act committed to

8   judicial discretion and within the scope of judicial jurisdiction. "[When] ... exercising judicial

9

10  functions, a judge who has a duty, breaches that duty and causes injury–however intentionally,

11  maliciously, and corruptly–is immune from civil suit..." *Falls v. Superior Court*, 42 Cal.App.4th

12  1031, 1037 (1996). If any reasonable ground for the assumption of jurisdiction exists, judicial

13  immunity attaches. See *Lewis v. Linn*, 209 Cal.App.2d 394, 397-98 (1963). A judge's issuance of

14  court orders in civil cases pending before the judge is within the immunity, however wrong the

15  orders are said to be, because the remedy for judicial error is appeal. *Haas v. Gibson*, 179

16  Cal. App2d 259 (1960); *Foster v. McBride*, 521 F.2d 1304 (9th Cir. 1975). Alleging a conspiracy

17  between the judge and third parties does not make actionable conduct that is not otherwise

18  actionable. *Legg v. Breitenbach*, 198 Cal.App.2d 206. 208; *Hagan v. State of California*, 265

19  F.Supp 174 (C.D.Cal. 1967). Judicial immunity applies irrespective of whether the acts were

20  done in excess of jurisdiction [*Tagliavia v. County of Los Angeles*, 112 Cal.App.3d 759, 761

21

22  (1980); *Stump v. Sparkman*, 435 U.S. 349 (1978)], alleged to have been committed maliciously

23  and corruptly [*Frost v. Geernaert*, 200 Cal.App.3d 1104, 1107 (1988); *Cadena v. Perasso*, 498

24  F.2d 383 (9th Cir. 1974)], or alleged to be grossly and unfairly wrong or prejudiced [*Rosenthal v.

25  *Vogt*, 229 Cal.App.3d 68, 76 (1991); *Schucker v. Rockwood*, 846 F2d 1202, 1204 (9th Cir. 1988)].

26

27

28

1    Federal judges are immune pursuant to federal law, although the principles governing judicial
2
     immunity in the state and federal courts are closely similar.  See *Alicia T. v. County of Los*
3
     *Angeles*, 222 Cal.App.3d 869, 882; *Cleavenger v. Saxner*, 474 U.S. 193. 199-200 (1985); *Rath*
4
     *Packing Co. v. Becker*, 530 F.2d 1295, 1305 (9th Cir. 1975), aff'd sub nom. *Jones v. Rath Packing*
5
6    *Co.*, 430 U.S. 519 (1977).

7            Those who undertake to perform quasi-judicial acts are accorded an immunity like that
8
     recognized for judges, to the extent that their acts are judicial in character.  Thus, a hearing
9
10   examiner and an administrative law judge are entitled to absolute judicial immunity.  *Cleavinger*
11   *v. Saxner*, 474 U.S. 193, 201 (1985); *Butz v. Economou*, 438 U.S. 478 (1978); *Thiele v. RML*
12   *Realty Partners*, 14 Cal.App.4th 1526, 1530 (1993).  Among the many examples of quasi-judicial
13
     officers to which immunity applies are a hearing examiner employed by the Office of
14
15   Administrative Hearings for an official fair hearing on Medi-Cal reimbursement [*Taylor v. Mitzel*,
16   82 Cal.App.3d 665, 670 (1978)], the members of a parole board engaged in parole hearings
17   [*Sellars v. Procunier*, 641 F.2d 1295 (9th Cir. 1981)], a hearing officer of the Department of Motor
18   Vehicles engaged in a formal hearing [*Sykes v. State of California (Dep't of Motor Vehicles)*, 497
19
     F.2d 197, 201 (9th Cir. 1974)], hearing officers in respect to revocation of a license [*Yoonessi v.*
20
21   *Albany Medical Center*, 352 F.Supp 2d 1096 (C.D. Cal. 2005)], and bar associations engaged in
22   attorney admission and discipline [*Lebbos v. State Bar of California*, 165 Cal.App.3d 656, 669
23   n.6].

24          2.      Application of Judicial Immunity to the Present Case
25          In order to determine the application of judicial (absolute) immunity to the present action,
26
     it is necessary to review all of the factual allegations against the MCGEORGE defendants
27
28   (SEHO) in order to determine whether judicial immunity applies.

In their complaint, plaintiffs set forth the following factual allegations against defendant McGeorge/SEHO:[3]

(1) A total of six cases pertaining to plaintiff Mikey have been filed with SEHO–case numbers SN99-01431, SN02-01673, SN02-01998, SN02-02868, SN03-00076, SN-00778. (First Amended Complaint 7:6-9:18.) Case numbers SN99-01431, SN02-01673 SN02-02868, and SN-00778 were filed by plaintiff Petersen on behalf of plaintiff Mikey, and case numbers SN02-01998 and SN03-00076 were filed by (defendant) Mount Diablo Unified School District ("MDUSD"). (*Ibid.*)

(2) MDUSD filed with SEHO case number SN02-1998 against father and, on December 24, 2002, and January 2, 2003, MDUSD notified SEHO and father in writing that it was withdrawing its case–case number SN02-01998.[4] (First Amended Complaint 8:1-6.)

(3) Father [plaintiff Petersen] filed with SEHO case number SN02-02868 against MDUSD. (First Amended Complaint 8:7-8.) The hearing was set for January 23, 2003, and the parties provided a statement of issues and resolutions prior to the January 13, 2003 due date for such statements. (First Amended Complaint 8:2-3) Father's issue statement included issue and resolution numbers 1-11, including claims of "violation of FAPE, tort, state and federal violations from 1999-2003 school year." (First Amended Complaint 8: 9-10.)

(4) On January 13, 2003, attorney Elizabeth Estes, on behalf of MDUSD, attempted to re-file with SEHO MDUSD's previously withdrawn case–case number SN02-01998. (First

---

[3] MCGEORGE defendants, of course, do not concede the truthfulness of any of plaintiffs' allegations but, for the reasons set forth above in the Standard of review, understand that this court must accept the allegations as true for the purposes of this motion.

[4] Plaintiffs' complaint in this case frequently refers to "father" when referencing plaintiff-Petersen's actions or petitions in the underlying IDEA administrative hearing process, which is the underlying basis of the action against MCGEORGE defendants. Thus, MCGEORGE defendants will use the term "father" when referring to plaintiff-Petersen's underlying administrative cases or his actions pertaining to those cases.

Amended Complaint 8: 10-17.) SEHO accepted MDUSD's filing and assigned it a new case number–case number SN03-00076. (*Ibid*.) SEHO mailed the parties' hearing notices, setting MDUSD's case for hearing on February 6, 2003. (*Ibid*)

(5) Plaintiffs allege that SEHO's acceptance of MDUSD's filing, along with its assigning the case a new case number, was the result of a conspiracy between attorney Estes and SEHO, and that SEHO's acceptance of MDUSD's filling circumvented "father's" case SN02-02868. (First Amended Complaint 8:10-12.) (Plaintiffs' do not provide any factual allegations pertaining to such a conclusory assertions regarding a conspiracy, nor does it articulate how SEHO's acceptance of MDUSD's filing "circumvented" father's case number SN02-02868. Plaintiffs' complaint also fails to state whether SEHO had any legal discretion to reject any party's filing of a case.)

(6) SEHO denied father's request for a subpoena duces tecum seeking testing information performed by a Dr. Maier and did not notify "father" of a declaration by Dr. Maier in opposition to the subpoena duces tecum until it–SEHO–had issued the denial. (First Amended Complaint 8:18-22.) Plaintiffs assert that SEHO's denial of the subpoena duces tecum was the result of a conspiracy between SEHO and MDUSD. (First Amended Complaint 9:5-10.) (Other than making the conclusory assertion that SEHO's denial of his subpoena request was the result of a conspiracy, plaintiffs do not provide any factual allegations of a conspiracy.)

(7) SEHO failed to respond to father's pre-hearing motion in which he requested a written ruling regarding SEHO's "authority and jurisdiction" over section 504, ADA, and tort claims. (First Amended Complaint 8: 23-25.) Plaintiffs also allege SEHO's lack of response to father's motion requesting a written ruling on its "authority and jurisdiction" was the result of a conspiracy with MDUSD. (Complaint 9:5-7.) (Plaintiffs again fail to make any factual allegations pertaining this conspiracy allegation.)

(8) Plaintiffs allege that SEHO conspired with MDUSD "because it had motive that allowed MDUSD to become petitioner in their SN03-00076 case with their sole issue of their FAPE other to place Mikey into a locked facility for the emotionally disturbed." (First Amended Complaint 9:8-10.) (Plaintiffs do not provide any factual allegations relative to this conclusory statement.)

(9) On January 21, 2003, father withdrew the case he had filed for Mikey–case number SN02-02868, which included the 11 issues referenced above. (First Amended Complaint 8:27-28.)

In their complaint, plaintiffs set forth the following factual allegations against defendant PASTORINO:

(10) A McGeorge/SEHO Hearing Officer presiding over MDUSD's case number SN03-00076, ordered some of father's resolutions (from the 11 issues included in his previously filed and *withdrawn* case number SN02-02868) to be part of the issues to be decided regarding assessment and reimbursement in MDUSD's case–SN03-00076. (First Amended Complaint 10:1-3.)

3.    Judicial (Absolute) Immunity Applies to McGeorge/SEHO Hearing Officers

In the present case, as alleged in the Complaint., McGEORGE contracted with CDE to conduct special education due process hearings. (First Amended Complaint 4: 25-27) Such contract is authorized pursuant to section 56504.5 of the Education Code, and the procedures governing such due process hearings and the adjudicatory duties, authority, and jurisdiction of the hearing officers are set forth in sections 56000 through 56507 of the Education Code, as well as in State regulations (Title 5, C.C.R. sections 3080, et seq) and in federal statutes (20 U.S.C. section 1415) and regulations (34 C.F.R. sections 300.507, et seq). These statutes and regulations make

1   clear that special education hearing officers function in the capacity of administrative law judges,

2   including administering oaths, granting motions, ruling on party objections, receiving testimony,

3   examining witnesses, and rendering decisions.  Courts reviewing hearing officer decisions give it

4   "due weight" and, where the hearing officer's findings are "thorough and careful," gives them

5   "particular deference." (*Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1474 (9th Cir. 1993);

6   *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524

7

8   (9th Cir. 1994).

9          All of the specific acts alleged by plaintiff against McGEORGE and its hearing officers, if

10  true, would fall within the scope of the hearing officers' judicial (or quasi-judicial) functions and

11  thus are covered by judicial immunity.  All of the acts alleged against McGEORGE and its

12  hearing officers, as itemized above, involve knowledge of the applicable law, the conduct of the

13

14  hearing, and the issuance of decisions and orders– matters which fall squarely within the judicial

15  functions of the hearing officers and are covered by judicial immunity.

16

17          Finally, and of particular importance to plaintiffs' amended complaint, the judicial

18  immunity that is applicable to the McGEORGE hearing officers also applies to

19  McGEORGE/SEHO.  As stated in a case acknowledging that arbitrators are also protected by

20  judicial immunity,

21

22      "[A] refusal to extend immunity to the sponsoring organization would make the
        arbitrator's immunity illusory. Stated otherwise, it would shift liability rather than extinguish it. ...
23      As a practical matter, a grant of immunity to the arbitrator must be accompanied by a grant of the
        same immunity to the AAA, an entity as indispensable to the arbitrator's job of arbitrating as are
24      the courts to the judge's job of judging." *American Arbitration Assn v. Superior Court* (1992) 8
        Cal. App. 4th 1131, 1133-1134.
25

26          In the present case, McGEORGE held the contract with CDE and the hearing officers were

27  provided by McGEORGE.  Thus, borrowing language from the above, McGEORGE was as

28  indispensable to the hearing officer's job of exercising judicial functions as the courts to the

judge's job of judging. A refusal to extend the hearing officers' immunity to McGEORGE would make the hearing officers' immunity illusory, shifting liability rather than extinguishing it.

4.    <u>Claims for relief other than damages</u>

Judicial immunity applies to claims for damages but does not always apply to claims for injunctive relief. However, the only conceivable injunctive relief plaintiff could seek against the MCGEORGE defendants is some sort of order requiring the MCGEORGE defendants to reverse or modify some or all of its pre-existing orders pertaining to plaintiff. However, in the present case such an injunctive order would be legally impermissible. The reasons are two-fold. First, under federal law, "any party aggrieved by the findings and decision ... [made by the hearing officer] ... shall have the right to bring a civil action ..." 20 U.S.C. section 1415(i)(2)(A). "The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such action, or ... [within] ... such time as the State law allows." 20 U.S.C. section 1415(i)(2)(B). Under State law, the time limit for bringing such an action (appeal) is 90 days from the date of receipt of the hearing decision. Cal. Educ. Code section 56505(k). Thus, Plaintiff is time-barred from bringing any actions that would be in the nature of an appeal or an attempt to reverse or modify the decisions, referenced in the Complaint, of the McGEORGE hearing officers.

Second, even if the Plaintiff's requests to reverse or modify the due process hearing decisions of the McGEORGE hearing officers were somehow not time barred, the requests would be moot as to McGEORGE and its hearing officers. As referenced in the Complaint, McGEORGE lost the contract with CDE in 2005 and thus has no jurisdiction to issue orders or decisions in special education due process matters.

**B.**     **Motion to Dismiss for Failure to State a Claim Or, in the Alternative, a More Definitive Statement**

    1.     Motion to Dismiss for Failure to State a Claim

On November 6, 2007, in response to defendants motion for a more definitive statement, this court issued an order that permitted plaintiffs to file an amended complaint by November 28, 2007. In its order, the court noted that plaintiffs "complaint is so vague and ambiguous that defendants cannot reasonably frame a response." (Court's Order, Nov. 6, 2007, 5:20-21.) The court informed plaintiffs that if they chose to file an amended complaint they must make specified clarifications to their allegations. (*Id.* 8:9.) Those clarifications included the identification of contracts allegedly breached by defendants and how they were breached, as well how defendants allegedly violated plaintiffs' constitutional and statutory civil rights. (Id. 6:10-7:2.) Plaintiffs' First amended Complaint, however, fails to clarify or provide cognizable factual allegations relating to their laundry list of contractual, constitutional, and statutory citations. Thus, plaintiffs' entire complaint should be dismissed with prejudice for failure to est forth any cognizable complaint.

Additionally, MCGEORGE defendants note that plaintiffs' First Amended Complaint, unlike their original complaint in this case, does not name or make any reference to Hearing Officer Pastorino. In the event this court does not dismiss plaintiffs' case entirely, MCGEORGE defendants request this court to clarify that the case against Pastorino is dismissed as he is neither named nor referenced in plaintiffs' amended complaint.

    2.     Motion for a More Definitive Statement

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot be reasonably required to frame a responsive pleading, the party may move for a more definitive statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e). "The

1  situations in which a Rule 12(e) motion is appropriate are very limited." 5A Charles A. Wright &
2  Arthur R. Miller, Federal Practice and Procedure § 1377 (1990). Absent special circumstances, a
3  Rule 12(e) motion cannot be used to require the pleader to set forth "the statutory or constitutional
4  basis for his claim, only the facts underlying it." *McCalden v. California Library Ass'n*, 955 F.2d
5  1214, 1223 (9th Cir. 1990). However, "even though a complaint is not defective for failure to
6  designate the statute or other provision of law violated, the judge may in his discretion ... require
7  such detail as may be appropriate in the particular case." *McHenry v. Renne*, 84 F.3d 1172, 1179
8  (9th Cir. 1996).
9
10         In this case, plaintiffs have again made clear in their amended complaint that their action
11  against MCGEORGE defendants, which plaintiffs recognize in their complaint as non-
12  governmental entities, is based on a theory that MCGEORGE defendants are contractually
13  obligated under some unidentified and unarticulated state and federal laws protecting plaintiffs
14  from discrimination. (First Amended Complaint 4:25-5:10; 6:18-6:22; 6:27-7:5; 10:10-12; 16:19-
15  23; 19:21-21:12.) Notwithstanding this court's directions to plaintiffs regarding pleading
16  requirements, plaintiffs neither identify or describe the contract(s) in question, nor do they
17  articulate what state and federal statutes apply. It is important for the court in this case to exercise
18  its discretion and require more detail regarding plaintiffs' legal theory of the case inasmuch as
19  there are few, if any, statutes pertaining to governmental contract obligations that give rise to
20  private actions. Such absence of information, in light of plaintiffs' allegations, effectively prevent
21  McGEORGE defendants' from preparing a defense or evaluating other dispositive defenses such
22  as the Statute of Limitations, "failure to state a claim," or failure to exhaust administrative
23  remedies under Rules 12(b)(6) and/or 12(b)(1).

1
2
3
4

    Therefore, in the event that this court does not dismiss this action for the reasons set forth above, MCGEORGE Defendants request this court to require plaintiffs to identify their theory of the case with more specificity.

5
6

## IV. CONCLUSION

7
8
9
10

    MCGEORGE defendants respectfully request this court to dismiss plaintiffs' entire case against them for the reasons discussed above or, in the alternative, require plaintiffs to identify their theory of the case with more specificity.

11
12
13

DATED: December 13, 2007

14
15
16

By: _____
Paul E. Lacy
Attorney for Defendants
California Special Education Hearing Office
and (SEHO), McGeorge School of Law

17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Vincent Pastorino, CA SBN 095939
Paul E. Lacy, CA SBN 180140
Institute for Administrative Justice
University of the Pacific McGeorge School of Law
3455 5th Avenue
Sacramento, CA 95817
Phone: (916) 739-7049
Fax:    (916) 739-7199
e-mail: vpastorino@pacific.edu

Attorney for Defendants California Special Education Hearing Office and
Mcgeorge School of Law

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| MICHAEL PETERSEN on behalf of himself and next of friend to Mike Jr. and Ryan, disabled minor children PRO SE<br><br>Plaintiffs,<br><br>v.<br><br><br>CALIFORNIA SPECIAL EDUCATION HEARING OFFICE, et al<br><br>Defendants. | Case No. Case No. C07-02400 (SI)<br><br>PROPOSED ORDER<br><br><br><br>[FED. R. CIV. PROC. 12(b)(6) and 12(e)]<br><br>JUDGE: Susan Illston<br>DATE:   February 8, 2008<br>TIME:   9:00 A.M.<br>DEPT.:  Courtroom 10 |

## FACTUAL BACKGROUND

Plaintiffs assert generally that their action "arises out of contract violations that affect the disabled minor children [plaintiffs] Mikey and Ryan," plaintiff Michael Petersen's children. (First Amended Complaint 6:18-26.)[5]  Plaintiffs' complaint, as it pertains specifically to the MCGEORGE defendants, asserts that McGeorge/SEHO was a private entity under contract with the California Department of Education to provide hearing services and thus obligated by various unspecified state and federal laws to be free of discrimination toward special education students.  (First Amended Complaint 4:25-5:10; 6:27-7:5.)

Plaintiffs limit their claim against MCGEORGE defendants to their "Second Claim for Relief." In that claim, plaintiffs allege that the MCGEORGE defendants, in the course of carrying out its function as the California Special Education Hearing Office (SEHO), violated one or more unspecified contractual obligations pertaining to the constitution, various civil rights statues, and the Administrative Procedures Act (APA).  (First Amended Complaint 19:20-21:12.)

Plaintiffs' complaint, however, does not specify or refer to any particular contract involving MCGEORGE defendants, and the complaint does not identify or articulate any state or federal contract "laws" or "provisions" that either govern such contracts or create for plaintiffs a private cause of action against MCGEORGE defendants.

---

[5] Plaintiff's First Amended Complaint does not include printed page numbers; thus, the page numbers referred to in this brief are based on counting plaintiff's caption page as page one, the next page as page two, and thereafter counting each page consecutively.

1

## STANDARD OF REVIEW

2

3     A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. A

4 complaint may be dismissed only if "it appears beyond doubt that the Plaintiff can plead no

5 set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355

6 U.S. 41, 45-46 (1957). When ruling on a rule 12(b)(6) motion, the court must construe the

7 pleadings in the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F.3d 1023,

8 1028 (9th Cir. 2003). The court must also accept as true all material allegations in the

9

10 complaint, as well as any reasonable inferences to be drawn therefrom. *See Pareto v. FDIC*,

11 139 F.3d 696, 699 (9th Cir. 1998). If the complaint is dismissed for failure to state a claim,

12 the court should allow leave to amend the pleadings if it appears at all possible that the

13 plaintiff can cure the defect. *Balistreri v. Pacifica Police Dept.*, 901 f.2d 696, 701 (9th Cir.

14 1990).

15

16

17     ## ANALYSIS

18 A.     <u>Judicial Immunity</u>

19     MCGEORGE defendants are absolutely immune from suit under the doctrine of

20 judicial immunity.

21

22     All aspects of judicial decision making are protected by judicial immunity in order to

23 protect judicial independence. *Greene v. Zank*, 158 Cal.App.3d 497, 507 (1984). It is

24 essential to the proper administration of justice that "a judicial officer, in exercising the

25 authority vested in him, shall be free to act upon his own convictions, without apprehension

26 or personal consequences to himself." *Tagliavia v. County of Los Angeles*, 112 Cal.App.3d

27 759, 762 (1980), quoting from *Bradley v. Fisher*, 80 U.S. 335 (1871).

28

1
2        The critical test is whether the judge's act or omission was a judicial act committed

3    to judicial discretion and within the scope of judicial jurisdiction. "[When] ... exercising

4    judicial functions, a judge who has a duty, breaches that duty and causes injury–however

5    intentionally, maliciously, and corruptly–is immune from civil suit..." *Falls v. Superior*

6    *Court*, 42 Cal.App.4th 1031, 1037 (1996). If any reasonable ground for the assumption of

7    jurisdiction exists, judicial immunity attaches. See *Lewis v. Linn*, 209 Cal.App.2d 394, 397-

8
9    98 (1963). A judge's issuance of court orders in civil cases pending before the judge is

10   within the immunity, however wrong the orders are said to be, because the remedy for

11   judicial error is appeal. *Haas v. Gibson*, 179 Cal.App2d 259 (1960); *Foster v. McBride*, 521

12   F.2d 1304 (9th Cir. 1975). Alleging a conspiracy between the judge and third parties does

13   not make actionable conduct that is not otherwise actionable. *Legg v. Breitenbach*, 198

14   Cal.App.2d 206. 208; *Hagan v. State of California*, 265 F.Supp 174 (C.D.Cal. 1967). Judicial

15   immunity applies irrespective of whether the acts were done in excess of jurisdiction

16
17   [*Tagliavia v. County of Los Angeles*, 112 Cal.App.3d 759, 761 (1980); *Stump v. Sparkman*, 435

18   U.S. 349 (1978)], alleged to have been committed maliciously and corruptly [*Frost v.*

19   *Geernaert*, 200 Cal.App.3d 1104, 1107 (1988); *Cadena v. Perasso*, 498

20   F.2d 383 (9th Cir. 1974)], or alleged to be grossly and unfairly wrong or prejudiced

21
22   [*Rosenthal v. Vogt*, 229 Cal.App.3d 68, 76 (1991); *Schucker v. Rockwood*, 846 F2d 1202, 1204

23   (9th Cir. 1988)].

24       Those who undertake to perform quasi-judicial acts are accorded an immunity like

25   that recognized for judges, to the extent that their acts are judicial in character. Thus, a

26   hearing examiner and an administrative law judge are entitled to absolute judicial

27   immunity. *Cleavinger v. Saxner,* 474 U.S. 193, 201 (1985); *Butz v. Economou*, 438 U.S. 478

28   (1978); *Thiele v. RML Realty Partners*, 14 Cal.App.4th 1526, 1530 (1993).

In the present case, as alleged in the Complaint, McGEORGE contracted with CDE to conduct special education due process hearings. (Complaint 4:22-24) Such contract is authorized pursuant to section 56504.5 of the Education Code, and the procedures governing such due process hearings and the adjudicatory duties, authority, and jurisdiction of the hearing officers are set forth in sections 56000 through 56507 of the Education Code, as well as in State regulations (Title 5, C.C.R. sections 3080, et seq) and in federal statutes (20 U.S.C. section 1415) and regulations (34 C.F.R. sections 300.507, et seq). These statutes and regulations make clear that special education hearing officers function in the capacity of administrative law judges, including administering oaths, granting motions, ruling on party objections, receiving testimony, examining witnesses, and rendering decisions. Courts reviewing hearing officer decisions give it "due weight" and, where the hearing officer's findings are "thorough and careful," gives them "particular deference." (*Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1474 (9th Cir. 1993); *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994).

All of the specific acts alleged by plaintiff against McGEORGE and its hearing officers, if true, fall within the scope the hearing officers' judicial (or quasi-judicial) functions and thus are covered by judicial immunity. All of the acts alleged against McGEORGE and its hearing officers, as itemized above, involve knowledge of the applicable law, the conduct of the hearing, and the issuance of decisions and orders– matters which fall squarely within the judicial functions of the hearing officers and are covered by judicial immunity. Thus, McGEORGE defendants are immune from suit.

**B.    Motion to Dismiss for Failure to State a Claim**

On November 6, 2007, in response to defendants' motion for a more definitive statement, this court issued an order that permitted plaintiffs to file an amended complaint by November 28, 2007.  In its order, the court noted that plaintiffs' "complaint is so vague and ambiguous that defendants cannot reasonably frame a response."  (Court's Order, Nov. 6, 2007, 5:20-21.)  The court informed plaintiffs that if they chose to file an amended complaint they must make specified clarifications to their allegations.  (*Id.* 8:9) Those clarifications included the identification of contracts allegedly breached by defendants and how they were breached, as well how defendants allegedly violated plaintiffs' constitutional and statutory civil rights.  (Id. 6:10-7:2.)  Plaintiffs' First amended Complaint, however, fails to clarify or provide cognizable factual allegations relating to their laundry list of contractual, constitutional, and statutory citations.  Thus, plaintiffs' entire complaint is dismissed with prejudice for failure to set forth any cognizable complaint.

## CONCLUSION

PLAINTIFFS case against McGEORGE Defendants (California Special Education Hearing Office, Mcgeorge School of Law, and Vincent Pastorino) is dismissed in its entirety on the grounds that those claims fail to state a claim upon which relief can be granted on the grounds that it fails to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12, subdivision  (b)(6).

December 13, 2007                                    By: _____
                                                     Paul E. Lacy
                                                     **Attorney for Defendants**
                                                     **California Special Education Hearing Office**
                                                     **(SEHO), and McGeorge School of Law**