SUE ANN SALMON EVANS, State Bar No. 151562
AMY R. LEVINE, State Bar No. 160743
MATTHEW JUHL-DARLINGTON, State Bar No. 215375
MILLER BROWN & DANNIS
71 Stevenson Street, 19th Floor
San Francisco, CA 94105
Telephone: (415) 543-4111
Facsimile: (415) 543-4384

Attorneys for Defendants
MOUNT DIABLO UNIFIED SCHOOL DISTRICT,
MILDRED BROWN, and KEN FERRO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PETERSEN on behalf of himself and parent and next of friend to Mike Jr. and Ryan disabled minor children PRO SE,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA SPECIAL EDUCATION HEARING OFFICE, MCGEORGE SCHOOL OF LAW et al. HEARING OFFICER, VINCENT PASTORINO MOUNT DIABLO UNIFIED SCHOOL DISTRICT et al MILDRED BROWN, individually and in her official capacity as assistant superintendent of special education KEN FERRO, individually and in his official capacity as Alternative Dispute Resolution Administrator,<br><br>Defendants. | Case No. C07-02400 SI<br><br>**DISTRICT DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SECOND MOTION TO STRIKE THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT**<br>**(Fed. R. Civ. P. 12(b)(6), 12(e))**<br><br>Hearing Date:<br>Hearing Time:    9:00 a.m.<br>Courtroom:       10, 19th Flr.<br>Judge:           Hon. Susan Illston<br><br>Trial:           None |

DEFENDANTS' MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SECOND MTN TO STRIKE THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT; CASE NO. C07-02400 SI

291881_1

Defendants MOUNT DIABLO UNIFIED SCHOOL DISTRICT ("District"), MILDRED BROWN, and KEN FERRO (collectively "District Defendants") submit this Memorandum of Points and Authorities in Support of their Second Motion to Strike and/or for a More Definite Statement as to "Plaintiff's Response to Order of 11/6/07 Requiring More Definite Statement Pursuant to Defendant's F.R.C.P. 12(e) Motion" ("Amended Complaint") filed by Plaintiff MICHAEL PETERSEN on behalf of his children, Mike, Jr. and Ryan.

Given the procedural history of this matter and the Plaintiffs' continued failure to allege a viable claim, this Court should dismiss the Amended Complaint without leave to amend. In the alternative, this Court should order the Plaintiffs to provide a more definite statement because the Amended Complaint is no less obtuse than its predecessor.

## I. PROCEDURAL HISTORY

### A. PRIOR ACTIONS

Plaintiffs have already filed two substantially similar actions against the District Defendants. A complaint filed in 2002 was dismissed under Federal Rule of Civil Procedure ("FRCP"), Rule 12(b)(6) for failure to state a claim and judgment was later entered in favor of the defendants on May 25, 2004. (*Petersen v. Mt. Diablo Unified School District*, No. C 02-0887 SI (July 3, 2002 Order and May 25, 2004 Judgment).)

On March 16, 2004, Plaintiffs Michael Petersen and Mike, Jr. and Randi Petersen filed suit against the District, Mildred Brown, and Connie Cushing. On June 21, 2004, the Court granted the defendants' motion for a more definite statement and noted that, like here, the complaint was "completely devoid of an understandable chronology" and that the plaintiffs did "not cite to any specific instances of violations of their rights and … [did] not specify the conduct that serves as the basis for their claims." (*Petersen v. Mt. Diablo Unified School District*, No. C 04-01059 SI (June 21, 2004 Order, at 2:1-2 and 13-14).) That case, too, was dismissed for failure to state a claim, and judgment entered in favor of defendants. (December 20, 2004 Order.) (See Request for Judicial Notice, Exhibits 1-4, filed with the District Defendant's first "Motion for a More Definite Statement and/or to Strike the Complaint" ("First Motion").)

### B. ORIGINAL COMPLAINT

On April 27, 2007, Plaintiffs filed the original complaint in this matter. Initially filed in the Eastern

1

DEFENDANTS' MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SECOND MTN TO STRIKE THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT; CASE NO. C07-02400 SI

291881_1

District of California, the matter was then transferred to the Northern District of California.

The original complaint contained three "Claims for Relief," two of which (the first and third) against Brown and Ferro in their individual and official capacities. None of the claims for relief were pleaded against the Mount Diablo Unified School District ("MDUSD").

### C.  THE ORDER

On September 13, 2007, the District Defendants filed their First Motion. On November 6, 2007, this Court issued its "Order Denying Plaintiffs' Motion to Transfer Venue and Denying Plaintiffs' Request for Disqualification; and Granting Defendants' Motions for a More Definite Statement" ("Order"). The Order granted the First Motion (as to the motion for a more definite statement), and provided Plaintiffs leave to amend the complaint as well as simple guidance by which Plaintiffs might attempt to state a cognizable claim. That guidance and Plaintiffs' failure to follow it are explained below.

## II.  STATEMENT OF LAW

### A.  COMPLAINTS, IN GENERAL

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atlantic Corp. v. Twombley*, --- U.S. ----, ----, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984).) The factual allegations must be definite enough to "raise a right to relief above the speculative level." *Id.* at 1965.

In addition, a complaint must set forth a **short and plain statement** of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Stated somewhat differently, a pleading must give fair notice and state the elements of the claim **plainly and succinctly**. *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir.1984). **A complaint that is verbose, conclusory and confusing does not comply with Rule 8(a)(2)**. *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir.1981).

### B.  MOTION TO DISMISS

A motion to dismiss under FRCP, Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir.2003). Review is limited to the contents of the complaint. *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th

2
DEFENDANTS' MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SECOND MTN TO STRIKE THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT; CASE NO. C07-02400 SI

291881_1

Cir.1995). For the purposes of this Motion, the Court accepts Plaintiff's allegations of fact as true. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1990).

Under FRCP, Rule 12(b)(6), a complaint may be dismissed for failure to state a claim for which relief can be granted. Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balisteri, supra*, 901 F.2d at p. 699.

### C. MOTION FOR MORE DEFINITE STATEMENT

Under FRCP, Rule 12(e), "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

"The class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small -- the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (1990). The motion is appropriate when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." *Ibid*.

### III. ANALYSIS

The Amended Complaint fails to set forth any cognizable claims, despite the Order's clear instructions as to the manner by which Plaintiffs were to cure the original complaint's deficiencies – the same deficiencies that led to dismissal of Plaintiffs' 2002 and 2004 proceedings, which set forth essentially the same allegations against essentially the same defendants.

Enough is enough. It is appropriate at this time for this Court to dismiss the Amended Complaint without further leave to amend.

In the alternative, this Court should require the Plaintiffs provide short, plain, and succinct statements of their claims, setting forth the necessary elements of said claims, in conformity with the Order's guidance.

### A. AS TO ALL CLAIMS: FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The Amended Complaint makes numerous passing references to administrative hearings and

3
DEFENDANTS' MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SECOND MTN TO STRIKE THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT; CASE NO. C07-02400 SI

291881_1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

matters properly within the aegis of the Individuals with Disabilities Education Act ("IDEA"), which provides:

> "Nothing in this title shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, Title V of the Rehabilitation Act of 1973, or other Federal statutes protecting the rights of children and youth with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this part, the procedures under subsections (b)(2) and (c) [state and local due process hearings] shall be exhausted to the same extent as would be required had the action been brought under this part." 20 U.S.C. § 1415(l).

This language has been broadly construed to mean that if a plaintiff has alleged injuries under *any theory* that could be redressed *to any degree* by the IDEA's administrative procedures and remedies, the plaintiff must exhaust his or her administrative remedies before filing in court. *Robb v. Bethel Sch. Dist. #403*, 308 F.3d 1047, 1050 (9th Cir. 2002). Failure to exhaust such administrative remedies deprives the federal court of jurisdiction, and requires dismissal of the complaint. *Id.,* at 1048, fn. 1 (affirming dismissal for lack of subject matter jurisdiction); *Dreher v. Amphitheater Unified School District,* 22 F.3d 228, 231 (9th Cir. 1994) (court properly found subject matter jurisdiction because the plaintiffs had exhausted their administrative remedies); *Hayes v. Unified School Dist. No. 377,* 877 F.2d 809, 810 (10th Cir. 1989) (court lacked jurisdiction to hear merits when plaintiffs failed to exhaust administrative remedies).

The IDEA's exhaustion requirement is intended to give state and local educational agencies a chance to address issues regarding disabled children using their educational expertise before they wind up in litigation. 20 U.S.C. § 1415(l); *Hoeft v. Tucson Unif. Sch. Dist.*, 967 F.2d 1298, 1303, 1310 (9th Cir. 1992). The Ninth Circuit has explained the purposes of the IDEA's exhaustion requirement as follows:

> "The policies underlying the IDEA's administrative procedures reflect both general principles of administrative law and the educational philosophy of the IDEA. The exhaustion doctrine embodies the notion that "agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." [Citation] The IDEA's exhaustion requirement also recognizes the traditionally strong state and local interest in education, as reflected in the statute's emphasis on state and local responsibility. The IDEA charges local educational agencies with the responsibility of establishing programs to provide disabled students with a "free appropriate public education." See 20 U.S.C. § 1414(a). At the same time, the states have primary responsibility for ensuring that local educational agencies comply with the requirements of the IDEA. [Citations]   Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration

of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." *Hoeft*, at 1303.

The exhaustion requirement applies before a plaintiff may assert claims under the IDEA or under other laws where the plaintiff is seeking "relief that is <u>also</u> available under" the IDEA. 20 U.S.C. § 1415(l) (emphasis added). The Ninth Circuit defines such otherwise available relief as "relief suitable to remedy the wrong done the plaintiff, which may not always be relief in the precise form the plaintiff prefers." *Robb, supra*, at 1049, *citing Charlie F. v. Board of Education of Skokie School District 68*, 98 F.3d 989, 992 (7th Cir. 1996). The primary inquiry in determining whether exhaustion is required is to look at the "nature of the alleged injuries . . . not the specific remedy requested." *Robb,* at 1050. Additionally, where the IDEA's ability to remedy a specific issue is unclear, exhaustion is required in order to provide educational agencies with an initial opportunity to ascertain and alleviate the alleged problem. *Id.* "[W]hether claims asserting the rights of disabled children are brought pursuant to the IDEA, the ADA, Section 504, or the Constitution, they must first be exhausted in state administrative proceedings". *M.T.V. v. DeKalb County School Dist.*, 446 F.3d 1153, 1158 (11th Cir. 2006). *See also, Doe v. Arizona Dept. of Educ.*, 111 F. 3d 678, 684 (9th Cir. 1997)

The entirety of the Amended Complaint appears to revolve around special education issues within the aegis of the IDEA. As such, Plaintiffs must first exhaust their administrative remedies. Correspondingly, the Amended Complaint in its entirety should be dismissed without leave to amend.

To the extent the Amended Complaint is not dismissed in its entirety, he following arguments are provided in the alternative:

**B.    BREACH OF CONTRACT**

The Order states in part: "If plaintiffs choose to amend the complaint, they must do the following ¶ for plaintiffs' breach of contract claims, plaintiffs must identify the contracts at issue and state how defendants breached those contract." (At p. 6, ll. 8-11.) While the Amended Complaint supplements the original complaint's unintelligible allegations with additional unintelligible allegations, it does not set forth any allegation that remotely meets the Order's instruction as to a sufficient pleading of breach of contract. Therefore, paragraphs (a), (b), and (c) of the First and Third Claims for Relief – ostensibly those that allege

5

a claim for breach of contract – should be dismissed.

Even on cursory glance, the ostensible allegations of a breach of contract fail to set forth the four elements of a breach of contract. See, e.g., *Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1388. Instead, in the attempt to allege such a claim the Amended Complaint pleads nearly impenetrable and conclusory statements, such as:

> "Further jurisdiction of this court is set forth in consent decree case C98-00951 as whereby plaintiff's [sic] are entitled to direct access to this court pursuant to consent decree contract whereas defendants ... have engaged in, violated and block plaintiff's [sic] right's [sic] pursuant to the decree...." (At p. 17, ll. 10-12.)

The Amended Complaint's labels and conclusions do not suffice the FRCP's pleading standards, minimal as they are. See, e.g., *Bell Atlantic, supra*, 127 S.Ct. at pp. 1964-65.

The Order cannot have been more clear with respect to allegations necessary to sufficiently plead a cause of action for breach of contract. Yet, like the original complaint, the Amended Complaint fails to sufficiently identify the contracts at issue and state how defendants breached those contracts. Simply put, the Amended Complaint does not proffer enough, or any, facts to state a claim for relief that is plausible on its face, and dismissal of the claim is appropriate. *Bell Atlantic, supra*, 127 S.Ct. at pp. 1966-67.

In addition, it appears the allegations of breach of contract, such as they are, contemplate events beyond the applicable statute of limitations. See Code Civ. Proc. § 337(1). The original complaint was filed on April 27, 2007. The Amended Complaint largely concerns events that occurred in 2002 through 2003. Therefore, to the extent any or all of the breach of contract allegations precede April 27, 2003, they are outside of the statutory period of time.

For these reasons, paragraphs (a), (b), and (c) of the First and Third Claims for Relief -- to the extent they attempt to plead a claim for breach of contract -- should be dismissed without leave to amend. In the alternative, Plaintiffs should be required to set forth a more definite statement of this claim, in conformity with FRCP, Rule 8(a)(2), the Order, and other instruction as this Court may find appropriate to administer.

C. **AMERICANS WITH DISABILITIES ACT and SECTION 504**

The Order further states the Amended Complaint must "identify the specific provisions of Section 504 of the Rehabilitation Act and the Americans with Disabilities Act that plaintiffs allege defendants

6
DEFENDANTS' MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SECOND MTN TO STRIKE THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT; CASE NO. C07-02400 SI

291881_1

violated, and state how defendants violated those provisions." (At p. 6, ll. 12-14.) The Amended Complaint does not do this. Instead, the Amended Complaint alleges, by way of example:

> "[D]efendants have discriminated against plaintiff's [sic] on the basis of students [sic] disability by having prior knowledge of the severity of plaintiff's disabilities and misrepresenting to plaintiff's [sic], their duties and performance of procedural safeguards they were required to abide by, thereby failing to act lawfully by using manifestations of the disability against plaintiff in the form of assault and battery suspensions effectively discriminating against plaintiff's [sic] on the basis of plaintiff's disabilities by having prior knowledge of their responsibilities to plaintiff's and failing to act to protect plaintiffs." (At p. 17, ll. 20-24.)

And so on.

Even when taken together, the allegations of the First and Third Claims for Relief fail to plead sufficient facts to state a violation of Title II of the Americans with Disabilities Act ("ADA") or Section 504 of the Rehabilitation Act of 1974. See, e.g., *Weinreich v. Los Angeles County Metropolitan Transportation Authority*, 114 F.3d 976, 978 (9th Cir.1997).

In addition, it appears the alleged violations of the ADA and Section 504, such as they are, contemplate events beyond the applicable statute of limitations. In *Kramer v. Regents of the University of California*, 81 F.Supp.2d 972, 978 (N.D.Cal. 1999), the court held that the Unruh statute of limitations applied to ADA and Section 504 claims. In *Gatto v. County of Sonoma* (2002) 98 Cal.App.4th 744, 760, California's appellate court ruled that Unruh borrows the personal injury statute of limitations, which was recently changed to two years. See Code Civ. Proc. § 335.1.

In addition, the Amended Complaint largely concerns events that occurred in 2002 through 2003, far before the statutory limit of April 27, 2005. Therefore, much if not all of the ostensible ADA and Section 504 claims are outside of the statutory period of time.

For these reasons, paragraphs (a) through (d), (f), and (g) of the First and Third Claims for Relief -- to the extent they attempt to plead violations of the ADA and/or Section 504 -- should be dismissed without leave to amend. In the alternative, Plaintiffs should be required to allege a more definite statement of this claim, in conformity with FRCP, Rule 8(a)(2), the Order, and other instruction as this Court may find appropriate to administer.

### D.    42 U.S.C. SECTION 1983

The Order requires Plaintiffs to "state how defendants violated plaintiffs' rights to due process and

equal protection," as well as the elements of a claim under 42 U.S.C. section 1983. The Amended Complaint does not do this. Instead, the Amended Complaint alleges, in part, that District Defendants:

> "under color of state, statute, ordinance, regulation, custom, or usage, violated and subjected plaintiff's [sic] to deprivation of rights, privileges, or immunities secured by the U.S. Constitution and laws [citations omitted]. In defendants having previous personal knowledge of Michael Jr.'s qualified disabilities, being a member of a protected class of persons with like disabilities, and the laws designed to protect plaintiffs, used said disabilities and laws against plaintiff's on the basis of said disabilities by falsifying information mis representing [sic] the truth, intentionally blocking the introduction of plaintiff's issues by and through their legal counsel and applying assault and battery suspensions against plaintiff, in having prior advanced knowledge of Michael's behavior antecedents... ." (At p. 18, ll. 7-12.)

And so on.

Even when taken together, the allegations of the First and Third Claims for Relief fail to plead sufficient facts to state a violation of 42 U.S.C. section 1983. See, e.g., *Rinker v. County of Napa*, 831 F.2d 829, 831 (9th Cir. 1987); *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *Smith v. Cremins*, 308 F.2d 187, 190 (9th Cir.1962).

In addition, the Amended Complaint largely concerns events that occurred in 2002 through 2003, far before the two-year statutory limit of April 27, 2005. See Code Civ. Proc. § 335.1. Therefore, to the extent any or all of the ostensible Section 1983 allegations precede April 27, 2005, they are outside of the statutory period of time.

For these reasons, paragraphs (d) of the First and Third Claims for Relief -- to the extent they attempt to plead a violation of 42 U.S.C. section 1983 -- should be dismissed without leave to amend. In the alternative, Plaintiffs should be required to set forth a more definite statement of this claim, in conformity with FRCP, Rule 8(a)(2), the Order, and other instruction as this Court may find appropriate to administer.

### E.    42 U.S.C. SECTION 1985

The Order also requires Plaintiffs to allege how a violation of 42 U.S.C. section 1985 allegedly occurred. This notwithstanding, the First Claim for Relief alleges, in part, the defendants:

> "deprived plaintiff's of the constitutional rights and equal protection & course of justice in the state, during state hearing regarding the presentation of issues, claims and their contractual duties to plaintiff's, which they had prior knowledge of the elements of plaintiff's

8
DEFENDANTS' MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SECOND MTN TO STRIKE THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT; CASE NO. C07-02400 SI

disabilities thereby conspiring together by filing motion on 2/3/03 to eliminate plaintiff's chances of recovery when they knew their acts were contrary to law, thereby discriminating against plaintiff's on the basis of the disability...." (At p. 18, ll. 23-25.)

The Amended Complaint sets forth, among the other elements of the claim, an allegation of discrimination on the basis of disability in purely conclusory fashion. In addition, the act alleged to be in furtherance of a conspiracy to deprive Plaintiffs of the equal protection of the laws, or of equal privileges and immunities under the laws, is the "filing motion on 2/3/03." Dismissal is therefore appropriate because the alleged act (1) is beyond the two-year statute of limitations (Code Civ. Proc. § 335.1; *McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991)), and (2) is absolutely privileged. Civ. Code, § 47(b)(1); and *Beroiz v. Wahl*, 84 Cal.App.4th 485 (2000).

The Third Claim for Relief further alleges, in part:

> "defendants failed to prevent or provide aid in preventing wrongs which they had previous knowledge that were about to occur, and in having the power to prevent and thereby failing to act in a manner pursuant to law, deprived plaintiff's [sic] of constitutional rights by failing to hold the annual IEP in 5/05." (Amended Complaint at p. 22, ll. 19-22.)

The allegation is utterly devoid of the elements of a 42 U.S.C. section 1985 claim, explained by the Order (at p. 6, ll. 20-22). Citing *United Brotherhood of Carpenters and Joiners v. Scott*, 463 U.S. 825, 838 (1983), the Order clear such a claim requires, inter alia, an allegation of racial, or perhaps otherwise class-based, invidiously discriminatory animus. The Third Claim for Relief fails to adhere to this guidance.

In addition, the Amended Complaint largely concerns events that occurred in 2002 through 2003, far before the two-year statutory limit of April 27, 2005. (See Code Civ. Proc. § 335.1.) Therefore, to the extent any or all of the ostensible Section 1985 allegations precede April 27, 2005, they are outside of the statutory period of time.

For these reasons, paragraphs (e) of the First and Third Claims for Relief -- to the extent they attempt to plead a violation of 42 U.S.C. section 1985 -- should be dismissed without leave to amend. In the alternative, Plaintiffs should be required to set forth a more definite statement of this claim, in conformity with FRCP, Rule 8(a)(2), the Order, and other instruction as this Court may find appropriate to administer.

9
DEFENDANTS' MEMO. OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR SECOND MTN TO STRIKE THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT; CASE NO. C07-02400 SI

291881_1

F.  **SUNDRY OTHER STATUTES, ETC.**

In scattershot fashion, lacking any rhyme or reason, the Amended Complaint refers to Article I, section 7(a) of the California Constitution; 28 U.S.C. sections 1331, 1343, and 1367; 42 U.S.C. section 12101; 28 C.F.R. sections 35.101, 35.130, and 35.130; California Civil Code sections 52 and 52.1; California Education Code sections 3114, 33113, and 33117; 34 C.F.R. section 104.4; Public Contract Code sections 10335, 10353, and 10253.5; and the Fifth and Fourteenth Amendments of the United States Constitution. To the extent violations of these statutes are intended to be alleged, and to the extent violations of these statutes can be alleged -- particularly as to paragraphs (g) and (h) of the First and Third Claims for Relief -- the Amended Complaint fails to set forth sufficient facts to state a cognizable claim.

For this reason, the First and Third Claims for Relief -- to the extent they attempt to allege a violation of the afore-laundry-listed laws -- should be dismissed without leave to amend. In the alternative, Plaintiffs should be required to set forth a more definite statement of this claim, in conformity with FRCP, Rule 8(a)(2), the Order, and other instruction as this Court may find appropriate to administer.

## IV.  CONCLUSION

Over the course of three separate lawsuits, Plaintiffs have had ample opportunity and guidance to plead an adequate complaint. They have failed to do so. Based on what little intelligible bits of the Amended Complaint are alleged, and clear statutory bars, it is clear dismissal without leave to amend is appropriate at this time.

The District Defendants request that this Court dismiss the Amended Complaint without leave to amend. In the alternative, the District Defendants request that this Court require Plaintiffs to again amend the allegations in conformity with FRCP, Rule 8(a)(2), the Order, and other instruction as this Court may find appropriate to administer.

DATED: December 17, 2007                    MILLER BROWN & DANNIS

By: _Amy R. Levine_
AMY R. LEVINE
Attorneys for Defendants
MOUNT DIABLO UNIFIED SCHOOL DISTRICT, MILDRED BROWN, and KEN FERRO