1  SUE ANN SALMON EVANS, State Bar No. 151562
   AMY R. LEVINE, State Bar No. 160743
2  MATTHEW JUHL-DARLINGTON, State Bar No. 215375
   MILLER BROWN & DANNIS
3  71 Stevenson Street, 19th Floor
   San Francisco, CA 94105
4  Telephone: (415) 543-4111
   Facsimile: (415) 543-4384
5
   Attorneys for Defendants
6  MOUNT DIABLO UNIFIED SCHOOL DISTRICT,
   MILDRED BROWNE, and KEN FERRO
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  MICHAEL PETERSEN on behalf of          Case No. C07-02400 SI
    himself and parent and next of friend to
12  Mike Jr. and Ryan disabled minor children   **DISTRICT DEFENDANTS' AMENDED**
    PRO SE,                                **MEMORANDUM OF POINTS AND**
13                                         **AUTHORITIES IN SUPPORT OF THEIR**
                                           **SECOND MOTION TO STRIKE OR DISMISS**
14              Plaintiffs,                **THE COMPLAINT AND/OR FOR A MORE**
                                           **DEFINITE STATEMENT**
15         v.                              **(Fed. R. Civ. P. 12(b)(6), 12(e))**

16  CALIFORNIA SPECIAL EDUCATION
    HEARING OFFICE, MCGEORGE
17  SCHOOL OF LAW et al. HEARING           Hearing Date:    February 8, 2008
    OFFICER, VINCENT PASTORINO             Hearing Time:    9:00 a.m.
18  MOUNT DIABLO UNIFIED SCHOOL            Courtroom:       10, 19th Flr.
    DISTRICT et al MILDRED BROWN,          Judge:           Hon. Susan Illston
19  individually and in her official capacity as
    assistant superintendent of special        Trial:           None
20  education KEN FERRO, individually and
    in his official capacity as Alternative
21  Dispute Resolution Administrator,

22
23              Defendants.

24
25
26
27
28

292698_1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1

TABLE OF CONTENTS

2

Page

3   I.    PROCEDURAL HISTORY ...................................................................... 2

4         A.    PRIOR ACTIONS ...................................................................... 2

5         B.    ORIGINAL COMPLAINT ......................................................... 3

6         C.    THE ORDER ............................................................................. 3

7   II.   STATEMENT OF LAW ...................................................................... 3

8         A.    COMPLAINTS, IN GENERAL ................................................ 3

9         B.    MOTION TO DISMISS ............................................................ 4

10        C.    MOTION FOR MORE DEFINITE STATEMENT ................... 4

11  III.  ANALYSIS ........................................................................................ 5

12        A.    AS TO ALL CLAIMS: FAILURE TO EXHAUST ADMINISTRATIVE
               REMEDIES ............................................................................... 5

13

14        B.    AS TO ALL CLAIMS:  LACK OF STANDING ........................ 7

15              1.    Michael Petersen Is Not Disabled and Therefore Lacks Standing to
                     Assert Claims of Disability Discrimination ................................. 7

16              2.    Michael Petersen Has No Standing to Assert His Children's Claims ......... 8

17        C.    AS TO ALL STATE LAW CLAIMS: DEFENDANTS ARE IMMUNE ........... 10

18        D.    AS TO ALL STATE LAW CLAIMS: PLAINTIFFS HAVE FAILED TO
               COMPLY WITH THE GOVERNMENT CLAIMS ACT PRESENTMENT

19             REQUIREMENTS .................................................................... 11

20        E.    BREACH OF CONTRACT ....................................................... 12

21        F.    AMERICANS WITH DISABILITIES ACT and SECTION 504 ........... 13

22        G.    42 U.S.C. SECTION 1983 .......................................................... 14

23        H.    42 U.S.C. SECTION 1985 .......................................................... 15

24        I.    SUNDRY OTHER STATUTES, ETC. ...................................... 17

25  IV.   CONCLUSION ................................................................................. 17

26

27

28

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA  94105

i

DISTRICT DEFS.' AMENDED MPA IN SUPPORT OF THEIR MTN. TO STRIKE          CASE NO. C07-02400
OR DISMISS THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT

292698_1

TABLE OF AUTHORITIES

Page

## Cases

*Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.,*
  69 F.3d 381, 385 (9th Cir.1995) ................................................................. 4

*Baaske v. City of Rolling Meadows,*
  191 F.Supp.2d 1009 (N.D. Ill. 2002) ......................................................... 8

*Balistreri v. Pacifica Police Department,*
  901 F.2d 696 (9th Cir.1990) ...................................................................... 4

*Belanger v. Madera Unif. Sch. Dist.,*
  963 F.2d 248 (9th Cir. 1992) ................................................................... 10

*Bell Atlantic Corp. v. Twombley,*
  ___ U.S. ___, ____, 127 S.Ct. 1955 .................................................... 3, 13

*Beroiz v. Wahl,*
  84 Cal.App.4th 485 (2000). ...................................................................... 16

*C.O. v. Portland Pub. Sch.,*
  406 F.Supp. 1157 (D. Ore. 2005) ........................................................... 8, 9

*Careau & Co. v. Security Pacific Business Credit, Inc.*
  (1990) 222 Cal.App.3d 1371 .................................................................... 12

*Carriers, Inc. v. Ford Motor Co.,*
  745 F.2d 1101 (7th Cir.1984) ..................................................................... 3

*Cavanaugh v. Cardinal Local Sch. Dist.,*
  409 F.3d 753 (6th Cir. 2005) ..................................................................... 9

*Charlie F. v. Bd. of Educ. of Skokie Sch. Dist.*
  8, 98 F.3d 989 (7th Cir. 1996) ................................................................... 7

*Cheung v. Youth Orchestra Foundation of Buffalo, Inc.,*
  906 F.2d 59 (2d Cir. 1990) ........................................................................ 9

*City of San Jose v. Superior Court*
  (1974) 12 Cal.3d 447 ............................................................................... 12

*Collinsgru v. Palmyra Board of Educ.,*
  161 F.3d 225 (3d Cir. 1998) ...................................................................... 9

*Devine v. Indian River Co. Sch. Bd.,*
  21 F.3d 576 (11th Cir. 1997) ..................................................................... 9

*Doe v. Arizona Dept. of Educ.,*
  111 F. 3d 678 (9th Cir. 1997) .................................................................... 7

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

DISTRICT DEFS.' AMENDED MPA IN SUPPORT OF THEIR MTN. TO STRIKE     CASE NO. C07-02400
OR DISMISS THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT

292698_1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

*Doe v. State of Hawaii Dept. of Educ.,*
    351 F.Supp.2d 998 (D. Haw. 2004)........................................................ 10

*Dreher v. Amphitheater Unif. Sch. Dist.,*
    22 F.3d 228 (9th Cir. 1994) ................................................................... 6

*Fordyce v. City of Seattle,*
    55 F.3d 4361 (9th Cir.1995) .................................................................. 11

*Freeman v. Oakland Unif. Sch. Dist.,*
    179 F.3d 846 (9th Cir. 1999) ................................................................. 11

*Gatto v. County of Sonoma*
    (2002) 98 Cal.App.4th 744 ................................................................... 14

*Gibson v. U.S.,*
    781 F.2d 1334 (9th Cir. 1986) ............................................................... 15

*Hall v. State of Hawaii,*
    791 F.2d 759 (9th Cir. 1986) ........................................................... 10, 11

*Hayes v. Unified School Dist. No. 377,*
    877 F.2d 809 (10th Cir. 1989) ................................................................ 6

*Hoeft v. Tucson Unif. Sch. Dist.,*
    967 F.2d 1298 (9th Cir. 1992) ................................................................ 6

*Ileto v. Glock, Inc.,*
    349 F.3d 1191 (9th Cir.2003) ................................................................. 4

*Johns v. County of San Diego,*
    114 F.3d 874 (9th Cir. 1997) .................................................................. 8

*Jones v. Community Redevelopment Agency,*
    733 F.2d 646 (9th Cir.1984) ................................................................... 4

*Karim Panahi v. Los Angeles Police Dept.,*
    839 F. 2d  621 (9th Cir. 1988) .............................................................. 12

*Kramer v. Regents of the University of California,*
    81 F.Supp.2d 972 (N.D.Cal. 1999) ....................................................... 14

*M.T.V. v. DeKalb County School Dist.,*
    446 F.3d 1153 (11th Cir. 2006) .............................................................. 7

*McDougal v. County of Imperial,*
    942 F.2d 668 (9th Cir. 1991) ................................................................ 16

*Meeker v. Kercher,*
    782 F.2d 153 (10th Cir. 1986) ............................................................... 9

*Nevijel v. North Coast Life Insurance Co.,*
    651 F.2d 671 (9th Cir.1981). ................................................................. 4

292698_1

*Osei-Afriyie v. Medical Coll. of Penn.,*
  937 F.2d 876 (3d Cir. 1991) ........................................................................... 9

*Raygor v. Regents of Univ. of Minnesota,*
  534 U.S. 533 (2002) ..................................................................................... 11

*Rinker v. County of Napa,*
  831 F.2d 829 (9th Cir. 1987) ....................................................................... 15

*Robb v. Bethel Sch. Dist. #403,*
  308 F.3d 1047 (9th Cir. 2002) .................................................................. 6, 7

*San Pedro Hotel Co., Inc. v. City of Los Angeles,*
  159 F.3d 470 (9th Cir. 1998) ......................................................................... 8

*Seminole Tribe of Florida v. Florida,*
  517 U.S. 44 (1996) ....................................................................................... 10

*Smith v. Cremins,*
  308 F.2d 187 (9th Cir.1962) ......................................................................... 15

*State of Calif. v. Superior Court*
  (2004) 32 Cal.4th 1234 ................................................................................. 12

*United Brotherhood of Carpenters and Joiners v. Scott,*
  463 U.S. 825 (1983) ..................................................................................... 16

*Weinreich v. Los Angeles County Metropolitan Transportation Authority,*
  114 F.3d 976 (9th Cir.1997) ......................................................................... 14

*Wenger v. Canastota Cen. Sch. Dist.,*
  146 F.3d 123 (2d Cir. 1998) ........................................................................... 9

*Will v. Michigan Dept. of State Police,*
  491 U.S. 58 (1989) ....................................................................................... 10

*Winkleman v. Parma City School District,*
  U.S. _, S.C. (2007) ......................................................................................... 9

**Statutes**

20 United States Code
  section 1415 ............................................................................................. 5, 6

28 United States Code
  section 1331 ................................................................................................. 17

42 United States Code
  section 1983 .................................................................................... 7, 9, 14, 15
  section 1985 ........................................................................................... 15, 16
  section 12101 ............................................................................................... 17

California Government Code
  section 945.4 .......................................................................................... 11, 12

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

iv

DISTRICT DEFS.' AMENDED MPA IN SUPPORT OF THEIR MTN. TO STRIKE    CASE NO. C07-02400
OR DISMISS THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT

292698_1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

California Civil Code
  section 52 .................................................................................................. 10, 17

California Education Code
  section 3114 ........................................................................................................ 17
  section 33113 ...................................................................................................... 17
  section 33117 ...................................................................................................... 17

California Civil Code
  section 47(b)(1)................................................................................................... 16

California Code Civil Procedure
  section 335.1 ............................................................................................. 14. 15, 16

California Code Civil Procedure
  section 337(1). ..................................................................................................... 13

California Government Code
  section 905 ........................................................................................................... 12

California Public Contract Code
  section 10335 ....................................................................................................... 17
  section 10353 ....................................................................................................... 17
  section 10253.5 .................................................................................................... 17

## Other Authorities

5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure
  § 1376 (1990)......................................................................................................... 4

## Rules

Federal  Rule of  Civil Procedure
  12(e) ................................................................................................................. 4, 5

Federal Rule of Civil Procudure
  8(a)(2) ....................................................................................... 4, 13, 14, 15, 17

## Regulations

28 Code of Federal Regulations
  section 35.101 ..................................................................................................... 17

34 Code of Federal Regulations
  section 104 ............................................................................................................. 7
  section 104.4 ....................................................................................................... 17

DISTRICT DEFS.' AMENDED MPA IN SUPPORT OF THEIR MTN. TO STRIKE         CASE NO. C07-02400
OR DISMISS THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT

292698_1

1

**Constitutional Provisions**

2    California Constitution
        Article I, section 7(a) .......................................................................................... 17

3

4    United States Constitution
        Fifth Amendment.................................................................................................. 17

5    United States of America Constitution,
        Eleventh Amendment ........................................................................................... 10

6

7    United States Constitution
        Fourteenth Amendment ........................................................................................ 17

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

DISTRICT DEFS.' AMENDED MPA IN SUPPORT OF THEIR MTN. TO STRIKE    CASE NO. C07-02400
OR DISMISS THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT

292698_1

1    Defendants MOUNT DIABLO UNIFIED SCHOOL DISTRICT ("District"), MILDRED

2    BROWNE, and KEN FERRO (collectively "District Defendants") submit this Amended

3    Memorandum of Points and Authorities in Support of their Second Motion to Strike or Dismiss

4    and/or for a More Definite Statement as to "Plaintiff's Response to Order of 11/6/07 Requiring

5    More Definite Statement Pursuant to Defendant's F.R.C.P. 12(e) Motion" ("Amended

6    Complaint") filed by Plaintiff Michael Petersen on behalf of himself and his children, Michael

7    Jr. ("Mikey") and Ryan.

8        Given the procedural history of this matter and the Plaintiffs' continued failure to allege

9    a viable claim, this Court should strike or dismiss the Amended Complaint without leave to

10   amend.  In the alternative, this Court should order the Plaintiffs to provide a more definite

11   statement because the Amended Complaint is no less obtuse than its predecessor.

**I.    PROCEDURAL HISTORY**

**A.    PRIOR ACTIONS**

14       Plaintiffs have already filed three substantially similar actions against the District

15   Defendants.  A complaint filed in 2002 was dismissed under Federal Rule of Civil Procedure

16   ("FRCP"), Rule 12(b)(6) for failure to state a claim and  judgment was later entered in favor of

17   the defendants on May 25, 2004. (*Petersen v. Mt. Diablo Unified School District*, No. C 02-

18   0887 SI (July 3, 2002 Order and May 25, 2004 Judgment).)

19       On March 16, 2004, Plaintiffs Michael Petersen, Mikey Petersen, and Randi Petersen

20   filed suit against the District, Mildred Browne, and Connie Cushing.  On June 21, 2004, the

21   Court granted the defendants' motion for a more definite statement and noted that, like here, the

22   complaint was "completely devoid of an understandable chronology" and that the plaintiffs did

23   "not cite to any specific instances of violations of their rights and ... [did] not specify the

24   conduct that serves as the basis for their claims." (*Petersen v. Mt. Diablo Unified School

25   District*, No. C 04-01059 SI (June 21, 2004 Order, at 2:1-2 and 13-14).)  That case, too, was

26   dismissed for failure to state a claim, and judgment entered in favor of defendants. (December

27   20, 2004 Order.)  (See Request for Judicial Notice, Exhibits 1-4, filed with the District

28   Defendant's first "Motion for a More Definite Statement and/or to Strike the Complaint" ("First

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19th FLOOR
SAN FRANCISCO, CA  94105

2

DISTRICT DEFS.' AMENDED MPA IN SUPPORT OF THEIR MTN. TO STRIKE        CASE NO. C07-02400
OR DISMISS THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT

1  Motion").)

2      A third complaint was filed on March 11, 2005 by Randi Petersen on behalf of Mikey

3  and Ryan against a number of defendants, including the District, Mildred Browne, Ken Ferro,

4  several other District administrators and Board members, attorneys, and judges, again alleging

5  discrimination and retaliation.  This case was dismissed for failure to prosecute on July 1, 2005.

6  (July 1, 2005 Order.)

7      **B.    ORIGINAL COMPLAINT**

8      On April 27, 2007, Plaintiffs filed the original complaint in this matter.  Initially filed in

9  the Eastern District of California, the matter was then transferred to the Northern District of

10  California.

11      The original complaint contained three "Claims for Relief," two of which (the first and

12  third) were against Browne and Ferro in their individual and official capacities.  None of the

13  claims for relief were pleaded against the Mount Diablo Unified School District ("MDUSD").

14      **C.    THE ORDER**

15      On September 13, 2007, the District Defendants filed their First Motion.  On November

16  6, 2007, this Court issued its "Order Denying Plaintiffs' Motion to Transfer Venue and Denying

17  Plaintiffs' Request for Disqualification; and Granting Defendants' Motions for a More Definite

18  Statement" ("Order").  The Order granted the First Motion (as to the motion for a more definite

19  statement), and provided Plaintiffs leave to amend the complaint as well as simple guidance by

20  which Plaintiffs might attempt to state a cognizable claim.  That guidance and Plaintiffs' failure

21  to follow it are explained below.

22  **II.    STATEMENT OF LAW**

23      **A.    COMPLAINTS, IN GENERAL**

24      A complaint must "contain either direct or inferential allegations respecting all the

25  material elements necessary to sustain recovery under some viable legal theory." *Bell Atlantic*

26  *Corp. v. Twombley*, ___ U.S. ___, ____, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007) (citing

27  *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984).)  The factual

28  allegations must be definite enough to "raise a right to relief above the speculative level." *Id.* at

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

3

DISTRICT DEFS.' AMENDED MPA IN SUPPORT OF THEIR MTN. TO STRIKE        CASE NO. C07-02400
OR DISMISS THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT

292698_1

1   1965.

2         In addition, a complaint must set forth a **short and plain statement** of the claim

3   showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2).  Stated somewhat differently,

4   a pleading must give fair notice and state the elements of the claim **plainly and succinctly**.

5   *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir.1984).  **A complaint**

6   **that is verbose, conclusory and confusing does not comply with Rule 8(a)(2)**.  *Nevijel v.*

7   *North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir.1981).

8         **B.     MOTION TO DISMISS**

9         A motion to dismiss under FRCP, Rule 12(b)(6) tests for the legal sufficiency of the

10  claims alleged in the complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir.2003).

11  Review is limited to the contents of the complaint.  *Allarcom Pay Television, Ltd. v. Gen.*

12  *Instrument Corp.*, 69 F.3d 381, 385 (9th Cir.1995).  For the purposes of this Motion, the Court

13  accepts Plaintiffs' allegations of fact as true. *Balistreri v. Pacifica Police Department*, 901 F.2d

14  696, 699 (9th Cir.1990).

15        Under FRCP, Rule 12(b)(6), a complaint may be dismissed for failure to state a claim for

16  which relief can be granted.  Dismissal may be based on a lack of a cognizable legal theory or

17  on the absence of facts that would support a valid theory.  *Balistreri, supra*, 901 F.2d at p. 699.

18        **C.     MOTION FOR MORE DEFINITE STATEMENT**

19        Under FRCP, Rule 12(e), "[i]f a pleading to which a responsive pleading is permitted is

20  so vague or ambiguous that a party cannot reasonably be required to frame a responsive

21  pleading, the party may move for a more definite statement before interposing a responsive

22  pleading."

23        "The class of pleadings that are appropriate subjects for a motion under Rule 12(e) is

24  quite small -- the pleading must be sufficiently intelligible for the court to be able to make out

25  one or more potentially viable legal theories on which the claimant might proceed." 5A Charles

26  A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (1990).  The motion is

27  appropriate when the pleading is "so vague or ambiguous that the opposing party cannot

28  respond, even with a simple denial, in good faith, without prejudice to [itself]." *Ibid.*  If the

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

4

DISTRICT DEFS.' AMENDED MPA IN SUPPORT OF THEIR MTN. TO STRIKE     CASE NO. C07-02400
OR DISMISS THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT

1    court has previously granted a motion for a more definite statement and the defects are not cured

2    within the time allowed by the court, "the court may strike the pleading to which the motion was

3    directed or make such order as it deems just." FRCP 12(e).

4    **III.    ANALYSIS**

5        The Amended Complaint fails to set forth any cognizable claims, despite the Order's

6    clear instructions as to the manner by which Plaintiffs were to cure the original complaint's

7    deficiencies – the same deficiencies that led to dismissal of Plaintiffs' 2002 and 2004

8    proceedings, which set forth essentially the same allegations against essentially the same

9    defendants.

10       Enough is enough.  It is appropriate at this time for this Court to strike and/or dismiss the

11   Amended Complaint without further leave to amend.

12       In the alternative, this Court should require the Plaintiffs to provide short, plain, and

13   succinct statements of their claims, setting forth the necessary elements of said claims, in

14   conformity with the Order's guidance.

15       **A.    AS TO ALL CLAIMS: FAILURE TO EXHAUST ADMINISTRATIVE
              REMEDIES**

16

17       The Amended Complaint makes numerous passing references to administrative hearings

18   and the special education programs of Mikey and Ryan.  Plaintiffs seem to be claiming that the

19   special education services provided by the District Defendants form the basis of a claim or

20   claims for disability discrimination.   These matters are properly within the aegis of the

21   Individuals with Disabilities Education Act ("IDEA"), which provides:

22           "Nothing in this title shall be construed to restrict or limit the rights,
             procedures, and remedies available under the Constitution, Title V
23           of the Rehabilitation Act of 1973, or other Federal statutes
             protecting the rights of children and youth with disabilities, except
24           that before the filing of a civil action under such laws seeking relief
             that is also available under this part, the procedures under
25           subsections (b)(2) and (c) [state and local due process hearings]
             shall be exhausted to the same extent as would be required had the
26           action been brought under this part." 20 U.S.C. § 1415(l).

27       This language has been broadly construed to mean that if a plaintiff has alleged injuries

28   under *any theory* that could be redressed *to any degree* by the IDEA's administrative procedures

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

DISTRICT DEFS.' AMENDED MPA IN SUPPORT OF THEIR MTN. TO STRIKE        CASE NO. C07-02400
OR DISMISS THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT

292698_1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1  and remedies, the plaintiff must exhaust his or her administrative remedies before filing in court.

2  *Robb v. Bethel Sch. Dist. #403*, 308 F.3d 1047, 1050 (9th Cir. 2002). Failure to exhaust such

3  administrative remedies deprives the federal court of jurisdiction, and requires dismissal of the

4  complaint. *Id.*, at 1048, fn. 1 (affirming dismissal for lack of subject matter jurisdiction);

5  *Dreher v. Amphitheater Unified School District*, 22 F.3d 228, 231 (9th Cir. 1994)  (court

6  properly found subject matter jurisdiction because the plaintiffs had exhausted their

7  administrative remedies); *Hayes v. Unified School Dist. No. 377*, 877 F.2d 809, 810 (10th Cir.

8  1989) (court lacked jurisdiction to hear merits when plaintiffs failed to exhaust administrative

9  remedies).

10      The IDEA's exhaustion requirement is intended to give state and local educational

11  agencies a chance to address issues regarding disabled children using their educational expertise

12  before they wind up in litigation. 20 U.S.C. § 1415(l); *Hoeft v. Tucson Unif. Sch. Dist.*, 967

13  F.2d 1298, 1303, 1310 (9th Cir. 1992). The Ninth Circuit has explained the purposes of the

14  IDEA's exhaustion requirement as follows:

15      "The policies underlying the IDEA's administrative procedures
       reflect both general principles of administrative law and the
16      educational philosophy of the IDEA. The exhaustion doctrine
       embodies the notion that "agencies, not the courts, ought to have
17      primary responsibility for the programs that Congress has charged
       them to administer." [Citation] The IDEA's exhaustion requirement
18      also recognizes the traditionally strong state and local interest in
       education, as reflected in the statute's emphasis on state and local
19      responsibility. The IDEA charges local educational agencies with
       the responsibility of establishing programs to provide disabled
20      students with a "free appropriate public education." See 20 U.S.C. §
       1414(a). At the same time, the states have primary responsibility for
21      ensuring that local educational agencies comply with the
       requirements of the IDEA. [Citations]  Exhaustion of the
22      administrative process allows for the exercise of discretion and
       educational expertise by state and local agencies, affords full
23      exploration of technical educational issues, furthers development of
       a complete factual record, and promotes judicial efficiency by
24      giving these agencies the first opportunity to correct shortcomings
       in their educational programs for disabled children." *Hoeft*, at
25      1303.

26      The exhaustion requirement applies before a plaintiff may assert claims under the IDEA

27  or under other laws where the plaintiff is seeking "relief that is <u>also</u> available under" the IDEA.

28  20 U.S.C. § 1415(l) (emphasis added). The Ninth Circuit defines such otherwise available relief

as "relief suitable to remedy the wrong done the plaintiff, which may not always be relief in the precise form the plaintiff prefers." *Robb, supra*, at 1049, *citing Charlie F. v. Board of Education of Skokie School District 68*, 98 F.3d 989, 992 (7th Cir. 1996). The primary inquiry in determining whether exhaustion is required is to look at the "nature of the alleged injuries . . . not the specific remedy requested." *Robb,* at 1050. Additionally, where the IDEA's ability to remedy a specific issue is unclear, exhaustion is required in order to provide educational agencies with an initial opportunity to ascertain and alleviate the alleged problem. *Id.* "[W]hether claims asserting the rights of disabled children are brought pursuant to the IDEA, the ADA, Section 504, or the Constitution, they must first be exhausted in state administrative proceedings". *M.T.V. v. DeKalb County School Dist.*, 446 F.3d 1153, 1158 (11th Cir. 2006). *See also, Doe v. Arizona Dept. of Educ.*, 111 F. 3d 678, 684 (9th Cir. 1997).

The entirety of the Amended Complaint appears to revolve around special education issues within the aegis of the IDEA. As such, Plaintiffs must first exhaust their administrative remedies. Correspondingly, the Amended Complaint in its entirety should be dismissed without leave to amend.

**B.     AS TO ALL CLAIMS:  LACK OF STANDING**

**1.     Michael Petersen Is Not Disabled and Therefore Lacks Standing to Assert Claims of Disability Discrimination**

To the extent Plaintiffs are raising claims based on disability discrimination, they lack standing to do so. One of the essential elements of a claim for disability discrimination is that the plaintiff is disabled. While the Amended Complaint alleges that Mikey and Ryan are disabled, it makes no such allegation for Plaintiff Michael Petersen. Furthermore, he is not alleged to be "otherwise qualified" to participate in the District's educational program as he is presumably not of school age. 34 C.F.R. § 104.3(l). As a result, the only individuals with standing to assert a claim for disability discrimination are the children, not the parent.

The courts have recognized that claims for disability discrimination under Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act, and 42 U.S.C. Section 1983 are personal, and cannot be asserted vicariously. *See, C.O. v. Portland Pub. Sch.,* 406 F.Supp.

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

DISTRICT DEFS.' AMENDED MPA IN SUPPORT OF THEIR MTN. TO STRIKE       CASE NO. C07-02400
OR DISMISS THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT

1157, 1169 (D. Ore. 2005) (dismissing parent's claims under Section 504, the ADA, and the IDEA when child's claims dismissed because complaint had no allegation that parent was disabled); *Baaske v. City of Rolling Meadows*, 191 F.Supp.2d 1009, 1015 (N.D. Ill. 2002) ("As a general rule … , only an individual with a disability can assert a claim under Title II of the ADA"); *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 475 (9th Cir. 1998) (dismissing section 1983 claim brought by owners seeking to sell property for use by mentally ill for lack of standing as their constitutional or statutory rights were not violated, but allowing claim under Fair Housing Act: "*[u]nlike actions brought under other provisions of civil rights law*, the plaintiff need not allege that he or she was a victim of [housing] discrimination*") (emphasis added). Because Michael Petersen has not and cannot allege that he is a disabled individual entitled to receive education from the District, his claims under this theory must be dismissed.

### 2.    Michael Petersen Has No Standing to Assert His Children's Claims

As explained above, all disability discrimination claims are only properly asserted by Plaintiffs Mikey and Ryan and not by Plaintiff Michael Petersen. However, Plaintiffs Mikey and Ryan are not represented by an attorney in this action. Michael Petersen is not an attorney, and has no power to appear on their behalf in federal court. "While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'" *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). Because Mikey and Ryan lack representation, their causes of action *under any theory* must be dismissed.

The Ninth Circuit has squarely held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns*, at 877. It explained:

> A litigant in federal court has a right to act as his or her own counsel. .. However, … a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child. The choice to appear pro se is not a true choice for minors who under state law … cannot determine their own legal actions. There is thus no individual choice to proceed pro se for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others.
>
> It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

8

DISTRICT DEFS.' AMENDED MPA IN SUPPORT OF THEIR MTN. TO STRIKE    CASE NO. C07-02400
OR DISMISS THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT

292698_1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

they have claims that require adjudication, they are entitled to
trained legal assistance so their rights may be fully protected.

*Id.*, at 876-77. This is based on the "venerable common law rule" that "a non-lawyer 'has no
authority to appear as an attorney for others than himself.'" *Id.*, at 877; *Collinsgru v. Palmyra
Board of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998). "'[P]arents cannot appear pro se on behalf of
their minor children because a minor's personal cause of action is her own and does not belong
to her parent or representative.'" *Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755
(6th Cir. 2005). This rule recognizes the strong state interest in regulating the practice of law,
and is intended to protect not only the unrepresented minor from his parent's mistakes, but also
the other litigants and the court from vexatious and poorly drafted claims. Further, it is
designed to ensure that litigants' rights are advanced by individuals bound by duties of
competence and professional ethics. *Collinsgru*, at 231.

This common law rule is well established, and, indeed, all the circuits to address the
question have sustained this rule. *See, e.g., Cheung v. Youth Orchestra Foundation of Buffalo,
Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (pro se parent cannot pursue child's civil rights claims);
*Wenger v. Canastota Cen. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998) (pro se parent cannot
pursue child's claims under the IDEIA, Section 504, and the due process clause); *Meeker v.
Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (pro se parent cannot pursue children's claims
under Section 1983); *Indian River Co. Sch. Bd.*, 121 F.3d 576, 581-82 (11th Cir. 1997)
(recognizing common law rule); *Osei-Afriyie v. Medical Coll. of Penn.*, 937 F.2d 876, 882-83
(3d Cir. 1991) (dismissing children's tort claims). *See also, C.O. v. Portland Pub. Sch., supra*,
at 1168-69 (pro se parent cannot litigate child's claims under Section 504, the ADA, the IDEA,
Section 1983, state anti-discrimination law or the common law).

The Supreme Court's recent ruling in *Winkelman v. Parma City School District*,
550 U.S. ____, 127 S.Ct. 1994 (2007) created a limited exception to this common law rule for
litigation brought directly under the IDEA based on the unique role parents play in the IDEA's
statutory scheme. The Court left completely intact the common law rule for all other causes of
action. Here, plaintiffs have not alleged any cause of action under the IDEA. Thus, under

1    *Johns* and the other authority cited above, all of plaintiff Mikey and Ryan's claims must be

2    dismissed.

3         **C.**      **AS TO ALL STATE LAW CLAIMS: DEFENDANTS ARE IMMUNE**

4         Under the Eleventh Amendment, a State is not subject to suit in federal court. U.S.

5    Const. Amend. XI; *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). In *Belanger v.*

6    *Madera Unif. Sch. Dist.*, 963 F.2d 248 (9th Cir. 1992), the Ninth Circuit held that California

7    school districts are arms of the State of California, and thus enjoy Eleventh Amendment

8    immunity. *Id.*, at 251-52.

9         The Eleventh Amendment's protection applies not just to state agencies, but to their

10    employees as well. *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117

11    (1984); *Hall v. State of Hawaii*, 791 F.2d 759, 761 (9th Cir. 1986) (dismissing university

12    employees when named in the complaint to get relief against the university itself); *Doe v. State*

13    *of Hawaii Dept. of Educ.*, 351 F.Supp.2d 998, 1016 (D. Haw. 2004) (dismissing state law claims

14    against state department of education and against employees in their official capacities); *Will,*

15    *supra,* at 71 (holding that "a suit against a state official in his or her official capacity is not a suit

16    against the official but rather is a suit against the official's office [, and therefore] is no different

17    from a suit against the State itself").

18         The Eleventh Amendment embodies a principle of sovereign immunity which bars a

19    federal court from hearing claims by individuals against the State, unless the State consents to

20    suit, or Congress has expressly and effectively abrogated the State's immunity pursuant to its

21    powers under the Fourteenth Amendment. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44,

22    54-55, 59-60 (1996); *Will*, at 66. Since the Eleventh Amendment is a limitation on the federal

23    courts' powers to hear cases and controversies under Article III of the Constitution, even if a

24    case against a State arises under the Constitution or federal law, a court may not entertain the

25    suit without the State's consent. *Seminole*, at 67-68, 72-73.

26         Likewise, where there has been no waiver by the State, state law claims may not be

27    brought in federal court. This is true even if the court might otherwise have pendent jurisdiction

28    over the claim. *Pennhurst, supra*, at 99, 120-23; *Raygor v. Regents of Univ. of Minnesota*, 534

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

10

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1  U.S. 533, 542-43 (2002); *Freeman v. Oakland Unif. Sch. Dist.*, 179 F.3d 846 (9th Cir. 1999)

2  ("28 U.S.C. § 1367 is not a congressional abrogation of state sovereign immunity"); *Fordyce v.*

3  *City of Seattle,* 55 F.3d 436, 441 (9th Cir.1995) ("Although [a state] may waive the protection of

4  the Eleventh Amendment's jurisdictional bar by passing a statute consenting to be sued, a statute

5  consenting to suit in state court does not constitute consent to suit in federal court"); *Hall*, at 761

6  ("Absent a state's unequivocal consent, the Eleventh Amendment bars a federal court from

7  entertaining a suit against th[e] state, or one of its agencies or departments, based on state law").

8      Thus, under the Eleventh Amendment, all the State law claims must be dismissed

9  because there has been no waiver by the State allowing suit in federal court.   (The same is

10  likely true as to a majority of the claims under federal statutes and regulatory provisions cited by

11  Plaintiffs in their Amended Complaint).  Although the Amended Complaint states that it is suing

12  defendants Mildred Browne and Ken Ferro in their official and individual capacities, there are

13  no facts alleged that show that they did anything outside of their official capacities. Thus, all of

14  the State law claims against the District and these District employees are protected by immunity

15  and must be dismissed.

16  **D.    AS TO ALL STATE LAW CLAIMS: PLAINTIFFS HAVE FAILED TO**
**COMPLY WITH THE GOVERNMENT CLAIMS ACT PRESENTMENT**
17  **REQUIREMENTS**

18      Pursuant to the California Government Claims Act, no suit for money or damages may

19  be brought against a school district unless and until a timely claim has been presented to its

20  board which has either been acted on by the board or deemed rejected by the passage of time.

21  Cal. Gov. Code § 945.4.  The purpose of this requirement is multifaceted:  (1)  To promptly

22  provide public entities with sufficient information to enable them to investigate the merits of

23  claims while the evidence is still fresh and the witnesses are still available; (2) To prevent public

24  funds from being consumed in needless litigation by affording public entities an opportunity to

25  settle claims before incurring litigation expenses; (3)  To provide public entities responsible for

26  preparing fiscal budgets with an opportunity to be informed in advance as to the indebtedness or

27  liability they may be expected to satisfy; and (4) To afford public entities a chance to correct the

28  conditions or practices giving rise to the claim.  *See, City of San Jose v. Superior Court* (1974)

11

1    12 Cal.3d 447; *Hart v. Alameda County* (1999) 76 Cal.App.4th 766, 781.

2        With limited exception, all State law claims are subject to the Government Claims Act

3    and its presentment requirements.  Gov. Code §§ 905, 945.4.  Compliance with the claim filing

4    requirement is an *essential element* of a damages cause of action against governmental entities

5    and employees. Consequently, a plaintiff must allege facts demonstrating claim-filing

6    compliance; otherwise, the complaint is subject to dismissal for failure to state a cause of action.

7    *State of Calif. v. Superior Court*  (2004) 32 Cal.4th 1234, 1239.  Joined causes of action in

8    federal court based on State law claims are subject to dismissal unless the claims-filing

9    requirements of the Government Claims Act have been complied with concerning those causes

10   of action.  *Karim Panahi v. Los Angeles Police Dept.,* 839 F. 2d 621, 627 (9th Cir. 1988).

11       Here, plaintiffs have not pled compliance with the Government Claims Act presentment

12   requirements, although they seek monetary damages from a public entity and public employees

13   based on State law.  Thus, all their State law causes of action must be dismissed.

14       To the extent the Amended Complaint is not dismissed in its entirety, the following

15   arguments are provided in the alternative:

16   **E.    BREACH OF CONTRACT**

17       The Order states in part: "If plaintiffs choose to amend the complaint, they must do the

18   following ¶ for plaintiffs' breach of contract claims, plaintiffs must identify the contracts at

19   issue and state how defendants breached those contract."  (At p. 6, ll. 8-11.)  While the

20   Amended Complaint supplements the original complaint's unintelligible allegations with

21   additional unintelligible allegations, it does not set forth any allegation that remotely meets the

22   Order's instruction as to a sufficient pleading of breach of contract.  Therefore, paragraphs (a),

23   (b), and (c) of the First and Third Claims for Relief – ostensibly those that allege a claim for

24   breach of contract – should be dismissed.

25       Even on cursory glance, the ostensible allegations of a breach of contract fail to set forth

26   the four elements of a breach of contract.  *See, e.g., Careau & Co. v. Security Pacific Business*

27   *Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1388.  Instead, in the attempt to allege such a claim

28   the Amended Complaint pleads nearly impenetrable and conclusory statements, such as:

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

12

DISTRICT DEFS.' AMENDED MPA IN SUPPORT OF THEIR MTN. TO STRIKE          CASE NO. C07-02400
OR DISMISS THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT

292698_1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1    "Further jurisdiction of this court is set forth in consent decree case
     C98-00951 as whereby plaintiff's [sic] are entitled to direct access
2    to this court pursuant to consent decree contract whereas defendants
     … have engaged in, violated and block plaintiff's [sic] right's [sic]
3    pursuant to the decree… ." (At p. 17, ll. 10-12.)

4         The Amended Complaint's labels and conclusions do not suffice the FRCP's pleading

5    standards, minimal as they are. *See, e.g., Bell Atlantic, supra,* 127 S.Ct. at pp. 1964-65.

6         The Order cannot have been more clear with respect to allegations necessary to

7    sufficiently plead a cause of action for breach of contract. Yet, like the original complaint, the

8    Amended Complaint fails to sufficiently identify the contracts at issue and state how defendants

9    breached those contracts. Simply put, the Amended Complaint does not proffer enough, or any,

10   facts to state a claim for relief that is plausible on its face, and dismissal of the claim is

11   appropriate. *Bell Atlantic, supra,* 127 S.Ct. at pp. 1966-67.

12        In addition, it appears the allegations of breach of contract, such as they are, contemplate

13   events beyond the applicable statute of limitations. See Code Civ. Proc. § 337(1). The original

14   complaint was filed on April 27, 2007. The Amended Complaint largely concerns events that

15   occurred in 2002 through 2003. Therefore, to the extent any or all of the breach of contract

16   allegations precede April 27, 2003, they are outside of the statutory period of time.

17        For these reasons, paragraphs (a), (b), and (c) of the First and Third Claims for Relief --

18   to the extent they attempt to plead a claim for breach of contract -- should be dismissed or

19   stricken without leave to amend. In the alternative, Plaintiffs should be required to set forth a

20   more definite statement of this claim, in conformity with FRCP, Rule 8(a)(2), the Order, and

21   other instruction as this Court may find appropriate to administer.

22   **F.    AMERICANS WITH DISABILITIES ACT and SECTION 504**

23        The Order further states the Amended Complaint must "identify the specific provisions

24   of Section 504 of the Rehabilitation Act and the Americans with Disabilities Act that plaintiffs

25   allege defendants violated, and state how defendants violated those provisions." (At p. 6, ll. 12-

26   14.) The Amended Complaint does not do this. Instead, the Amended Complaint alleges, by

27   way of example:

28        "[D]efendants have discriminated against plaintiff's [sic] on the

13

basis of students [sic] disability by having prior knowledge of the severity of plaintiff's disabilities and misrepresenting to plaintiff's [sic], their duties and performance of procedural safeguards they were required to abide by, thereby failing to act lawfully by using manifestations of the disability against plaintiff in the form of assault and battery suspensions effectively discriminating against plaintiff's [sic] on the basis of plaintiff's disabilities by having prior knowledge of their responsibilities to plaintiff's and failing to act to protect plaintiffs." (At p. 17, ll. 20-24.)

And so on.

Even when taken together, the allegations of the First and Third Claims for Relief fail to plead sufficient facts to state a violation of Title II of the Americans with Disabilities Act ("ADA") or Section 504 of the Rehabilitation Act of 1974. See, e.g., *Weinreich v. Los Angeles County Metropolitan Transportation Authority*, 114 F.3d 976, 978 (9th Cir.1997).

In addition, it appears the alleged violations of the ADA and Section 504, such as they are, contemplate events beyond the applicable statute of limitations. In *Kramer v. Regents of the University of California,* 81 F.Supp.2d 972, 978 (N.D.Cal. 1999), the court held that the Unruh statute of limitations applied to ADA and Section 504 claims. In *Gatto v. County of Sonoma* (2002) 98 Cal.App.4th 744, 760, California's appellate court ruled that Unruh borrows the personal injury statute of limitations, which was recently changed to two years. *See* Code Civ. Proc. § 335.1.

The Amended Complaint largely concerns events that occurred from 1999 through 2003, far before the statutory limit of April 27, 2005. Therefore, much if not all of the ostensible ADA and Section 504 claims are outside of the statutory period of time.

For these reasons, paragraphs (a) through (d), (f), and (g) of the First and Third Claims for Relief -- to the extent they attempt to plead violations of the ADA and/or Section 504 -- should be dismissed without leave to amend. In the alternative, Plaintiffs should be required to allege a more definite statement of this claim, in conformity with FRCP, Rule 8(a)(2), the Order, and other instruction as this Court may find appropriate to administer.

## G.    42 U.S.C. SECTION 1983

The Order requires Plaintiffs to "state how defendants violated plaintiffs' rights to due process and equal protection," as well as the elements of a claim under 42 U.S.C. section 1983.

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

14

DISTRICT DEFS.' AMENDED MPA IN SUPPORT OF THEIR MTN. TO STRIKE    CASE NO. C07-02400
OR TO DISMISS THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT

292698_1

1    The Amended Complaint does not do this. Instead, the Amended Complaint alleges, in part,

2    that District Defendants:

> "under color of state, statute, ordinance, regulation, custom, or
> usage, violated and subjected plaintiff's [sic] to deprivation of
> rights, privileges, or immunities secured by the U.S. Constitution
> and laws [citations omitted].   In defendants having previous
> personal knowledge of Michael Jr.'s qualified disabilities, being a
> member of a protected class of persons with like disabilities, and
> the laws designed to protect plaintiffs, used said disabilities and
> laws against plaintiff's on the basis of said disabilities by falsifying
> information mis representing [sic] the truth, intentionally blocking
> the introduction of plaintiff's issues by and through their legal
> counsel and applying assault and battery suspensions against
> plaintiff, in having prior advanced knowledge of Michael's
> behavior antecedents... ." (At p. 18, ll. 7-12.)

10   And so on.

11   Even when taken together, the allegations of the First and Third Claims for Relief fail to

12   plead sufficient facts to state a violation of 42 U.S.C. section 1983. See, e.g., *Rinker v. County*

13   *of Napa*, 831 F.2d 829, 831 (9th Cir. 1987); *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir.

14   1986); *Smith v. Cremins*, 308 F.2d 187, 190 (9th Cir.1962).

15   In addition, the Amended Complaint largely concerns events that occurred in 1999

16   through 2003, far before the two-year statutory limit of April 27, 2005. See Code Civ. Proc. §

17   335.1.  Therefore, to the extent any or all of the ostensible Section 1983 allegations precede

18   April 27, 2005, they are outside of the statutory period of time.

19   For these reasons, paragraphs (d) of the First and Third Claims for Relief -- to the extent

20   they attempt to plead a violation of 42 U.S.C. section 1983 -- should be dismissed without leave

21   to amend.  In the alternative, Plaintiffs should be required to set forth a more definite statement

22   of this claim, in conformity with FRCP, Rule 8(a)(2), the Order, and other instruction as this

23   Court may find appropriate to administer.

24   **H.    42 U.S.C. SECTION 1985**

25   The Order also requires Plaintiffs to state how a violation of 42 U.S.C. section 1985

26   allegedly occurred.   This notwithstanding, the First Claim for Relief alleges, in part, the

27   defendants:

> "deprived plaintiff's of the constitutional rights and equal

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

15

DISTRICT DEFS.' AMENDED MPA IN SUPPORT OF THEIR MTN. TO STRIKE        CASE NO. C07-02400
OR TO DISMISS THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT

292698_1

protection & course of justice in the state, during state hearing regarding the presentation of issues, claims and their contractual duties to plaintiff's, which they had prior knowledge of the elements of plaintiff's disabilities thereby conspiring together by filing motion on 2/3/03 to eliminate plaintiff's chances of recovery when they knew their acts were contrary to law, thereby discriminating against plaintiff's on the basis of the disability... ."
(At p. 18, ll. 23-25.)

The Amended Complaint sets forth, among the other elements of the claim, an allegation of discrimination on the basis of disability in purely conclusory fashion. In addition, the act alleged to be in furtherance of a conspiracy to deprive Plaintiffs of the equal protection of the laws, or of equal privileges and immunities under the laws, is the "filing motion on 2/3/03." Dismissal is therefore appropriate because the alleged act (1) is beyond the two-year statute of limitations (Code Civ.Proc. § 335.1; *McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991)), and (2) is absolutely privileged. Civ. Code, § 47(b)(1); and *Beroiz v. Wahl*, 84 Cal.App.4th 485 (2000).

The Third Claim for Relief further alleges, in part:

"defendants failed to prevent or provide aid in preventing wrongs which they had previous knowledge that were about to occur, and in having the power to prevent and thereby failing to act in a manner pursuant to law, deprived plaintiff's [sic] of constitutional rights by failing to hold the annual IEP in 5/05." (Amended Complaint at p. 22, ll. 19-22.)

The allegation is utterly devoid of the elements of a 42 U.S.C. section 1985 claim, explained by the Order (at p. 6, ll. 20-22). Citing *United Brotherhood of Carpenters and Joiners v. Scott*, 463 U.S. 825, 838 (1983), the Order is clear that such a claim requires, inter alia, an allegation of racial, or perhaps otherwise class-based, invidiously discriminatory animus. The Third Claim for Relief fails to adhere to this guidance.

In addition, the Amended Complaint largely concerns events that occurred in 1999 through 2003, far before the two-year statutory limit of April 27, 2005. (See Code Civ. Proc. § 335.1.) Therefore, to the extent any or all of the ostensible Section 1985 allegations precede April 27, 2005, they are outside of the statutory period of time.

For these reasons, paragraphs (e) of the First and Third Claims for Relief -- to the extent they attempt to plead a violation of 42 U.S.C. section 1985 -- should be dismissed without leave

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

16

DISTRICT DEFS.' AMENDED MPA IN SUPPORT OF THEIR MTN. TO STRIKE    CASE NO. C07-02400
OR DISMISS THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT

292698_1

1    to amend.  In the alternative, Plaintiffs should be required to set forth a more definite statement

2    of this claim, in conformity with FRCP, Rule 8(a)(2), the Order, and other instruction as this

3    Court may find appropriate to administer.

4        **I.      SUNDRY OTHER STATUTES, ETC.**

5        In scattershot fashion, lacking any rhyme or reason, the Amended Complaint refers to

6    Article I, section 7(a) of the California Constitution; 28 U.S.C. sections 1331, 1343, and 1367;

7    42 U.S.C. section 12101; 28 C.F.R. sections 35.101, 35.130, California Civil Code sections 52

8    and 52.1; California Education Code sections 3114, 33113, and 33117; 34 C.F.R. section 104.4;

9    Public Contract Code sections 10335, 10353, and 10253.5; and the Fifth and Fourteenth

10   Amendments of the United States Constitution.  To the extent violations of these statutes are

11   intended to be alleged, and to the extent violations of these statutes can be alleged – particularly

12   as to paragraphs (g) and (h) of the First and Third Claims for Relief -- the Amended Complaint

13   fails to set forth sufficient facts to state a cognizable claim.

14       For this reason, the First and Third Claims for Relief -- to the extent they attempt to

15   allege a violation of the afore-laundry-listed laws -- should be dismissed without leave to

16   amend.  In the alternative, Plaintiffs should be required to set forth a more definite statement of

17   this claim, in conformity with FRCP, Rule 8(a)(2), the Order, and other instruction as this Court

18   may find appropriate to administer.

19   **IV.   CONCLUSION**

20       Over the course of four separate lawsuits, Plaintiffs have had ample opportunity and

21   guidance to plead an adequate complaint.  They have failed to do so.  Based on what little

22   intelligible bits of the Amended Complaint are alleged, and clear statutory bars, it is clear

23   dismissal without leave to amend is appropriate at this time.

24       The District Defendants request that this Court dismiss or strike the Amended Complaint

25   without leave to amend.  In the alternative, the District Defendants request that this Court

26   require Plaintiffs to again amend the allegations in conformity with FRCP, Rule 8(a)(2), the

27   Order, and other instruction as this Court may find appropriate to administer.

28

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

DISTRICT DEFS.' AMENDED MPA IN SUPPORT OF THEIR MTN. TO STRIKE        CASE NO. C07-02400
OR DISMISS THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT

292698_1

1     DATED: December 28, 2007                    MILLER BROWN & DANNIS

2

3

By:  _Amy R. Levine_____
4                                                 SUE ANN SALMON EVANS
AMY R. LEVINE
5                                                 MATTHEW JUHL-DARLINGTON
Attorneys for Defendants
6                                                 MOUNT DIABLO UNIFIED SCHOOL
DISTRICT, MILDRED BROWNE, and KEN
7                                                 FERRO

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

---

18

DISTRICT DEFS.' AMENDED MPA IN SUPPORT OF THEIR MTN. TO STRIKE          CASE NO. C07-02400
OR DISMISS THE COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT

292698_1