1  Michael Petersen, Parent PRO SE
2  next of friend of Michael Petersen Jr.
   and Ryan Petersen
3  P.O. Box 2462
   Visalia Ca. 93291

RECEIVED

08 JAN -4 PM 5:29

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL PETERSEN ON BEHALF OF
HIMSELF AND PARENT AND NEXT OF
FRIEND TO MIKE Jr. AND RYAN PRO SE        CASE #C07-2400SI
                                          #C07-00646LJO

                                          NOTICE OF MOTIONS AND
V.                                        MOTION FOR JUDGEMENT ON THE
                                          PLEADINGS RE: FRCP 12 (c),
                                          MOTION TO EXCLUDE DEFENDANTS
                                          UNTIMELY 12/14/07, 12/17/07
                                          FILINGS RE: FRCP 12 (a)(4)(B)

CALIFORNIA SPECIAL EDUCATION HEARING      HEARING: 2/8/08
OFFICE, MCGEORGE SCHOOL OF LAW, VINCENT   TIME: 9:00am 2:30 pm
PASTORINO ET.AL., MOUNT DIABLO UNIFIED    COURTROOM: #10
SCHOOL DISTRICT ET. AL., MILDRED BROWN,   JUDGE: HON. Susan Illston
individually and in her official capacity
as assistant superintendent of special education
KEN FERRO, individually and in his official
capacity as Alternative Dispute Resolution
Administrator

Plaintiff's bring these motions pursuant to Federal Juditial Rules Of

Civil Procedure (FJRCP) 12 (c) and FJRCP 12 (a) (4) (B). Plaintiff's also

bring these motions as a pre emtive defence against defendants threat to

recover attorney fees, costs of suit and malicious prosecution. Plaintiff's

have won this case as a matter of law and request judgement on the pleadings.

1  As of the 11th day after defendants received plaintiff's more definitive
2  statement and failed to file a response, the pleadings were closed.
3  In September 2007, defendants filed motions and/or notice on joinder under
4  FJRCP 12(e), 12(b)(1), 12(b)(6). A CAND order issued on 11/6/07 granting
5  defendants FJRCP 12(e) motion for a more definitive statement.
6  The plaintiff nor the CAND filed the rule 12(e) motion, the defendants
7  filed the rule 12 (e) motion for a more definitive statement.
8  The CAND ordered plaintiff's to respond to defendants rule 12(e) motion by
9  11/28/07 which plaintiff's timely filed. Listed on plaintiff's civil cover
10 sheet from his 4/27/07 complaint is #440 "other,Civil Rights" stamped with
11 original case # 1: 07 CV 00646 LJO DLB as listed on the civil docket sheet.
12 Pursuant to FJRCP 12 (a)(4)(B), the defendants as a matter of law were to
13 respond to plaintiff's more definitive statement within 10 days after
14 receiving it and failed to do so.
15 Plaintiff never filed motion with the CAND to amend his complaint and
16 never requested from defendants permission to file a amended complaint.
17 Pursuant to CIV. Local Rule 10-1, a amended complaint must be a entirely
18 new complaint that replaces the original complaint. Nowhere on plaintiff's
19 more definitive statement does he list a amended complaint. Even if
20 were to argue plaintiff's 11/28/07 filing as a amended complaint, the FJRCP
21 15(a) requires the defendants to respond within 10 days after receiving it
22 which defendants have again failed to do. Defendants have thereby lost this
23 case as a matter of law and can not punish plaintiff's for costs of suit
24 and malicious prosecution as threatened. Plaintiff strongly objects to
25 defendants altering of their own rule 12(e) motion regarding plaintiff's
26 timely response thereto, attempting to create it into a illusionary first
27 amended complaint. Plaintiff's also strongly object to defendants attempted
28

tactics in altering the relation back statute or timeline of the limitations periord. Plaintiff's clearly filed their original complaint on 4/27/07 along with the civil cover sheet listing # 440 "other civil rights" as copied by the filing clerk and forwarded to plaintiff by hand of clerk which includes all acts of congress. Plaintiff's request the CAND carefully examine this motion and rule in plaintiff's favor with great urgency and/or direct the parties to resolve this matter. Enough is enough as there has been much devestation from this case. Plaintiff believes there are many forms of resolution and wants to work with defendants. This plaintiff followed all his court orders, recomendations, appointments and children's therapies. Plaintiff recently proposed to defendants to drop his own claims in exchange for settlement for the children. Plaintiff was met with threats by the defendants relating to malicious prosecution and costs of suit. In being backed into a corner, plaintiff applied the tangeble facts into the court order of 11/6/07 granting defendants motion for a more definitive statement and timely filed his more definitive statement regardless of defendants illusionary theory of a amemded complaint. Plaintiff reinterates he is not in the business of suing the judiciary or schools and should not be punished for this action. In fact, during past litigation, father declared in court filings his refusal to join such suits and stated his opposition to the same. The Superior court specifically placed father in position to make decisions regarding the children and he worked in harmony with the professionals. To the best of his abilities, father followed all court orders, recommendations, appointments, follow ups, and childrens therapist sessions for several years. The defendants had intimate knowledge od father's sole custody status and the difficulties the children faced. It is with this advanced knowledge that the defendants and their counsel being repeat players in these matters showed no regard or respect for the state court

1. order and proceeded with their unlawful course of action. In the fall out,
2. this plaintiff had been reduced to loss of his residence and sole.
3. Plaintiff believes there are errors in district defendants contentions
4. relating to GOV. Code 699055 as related to the hearings in favor of the
5. plaintiff's. For the above stated reasons, as a matter of law, plaintiff's
6. request this court grant judgement on <u>all</u> the pleadings and submissions
7. in favor of the plaintiff's and exclude defendants untimely 12/14/07 and
8. 12/17/07 filings as a matter of law.
9. Respectfully submitted,

Michael Petersen PRO SE
Date: 1/4/08