1  SUE ANN SALMON EVANS, State Bar No. 151562
   AMY R. LEVINE, State Bar No. 160743
2  MATTHEW JUHL-DARLINGTON, State Bar No. 215375
   MILLER BROWN & DANNIS
3  71 Stevenson Street, 19th Floor
   San Francisco, CA  94105
4  Telephone: (415) 543-4111
   Facsimile: (415) 543-4384
5
6  Attorneys for Defendants
   MT. DIABLO UNIFIED SCHOOL DISTRICT, MILDRED
   BROWNE, and KEN FERRO
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  MICHAEL PETERSEN, et al.,          Case No.  C 07-2400 SI

12          Plaintiffs,                **DISTRICT DEFENDANTS' OPPOSITION TO
                                       PLAINTIFFS' MOTION FOR JUDGMENT
13      v.                             ON THE PLEADINGS AND MOTION TO
                                       EXCLUDE DEFENDANTS' FILINGS**
14  CALIFORNIA SPECIAL EDUCATION
15  HEARING OFFICE, et al.,            Date  :    February 8, 2008
                                       Time  :    9:00 a.m.
16          Defendants.                Dept  :    Courtroom 10
                                       Judge :    Hon. Susan Illston
17

18                                     **Trial:            None set**

19

20

21          On January 4, 2008, plaintiff Michael Petersen filed a "motion" pursuant to Federal Rules

22  of Civil Procedure 12(c) and 12(a)(4)(B) "as a pre emptive defence (sic) against defendants threat

23  to recover attorney fees, costs of suit and malicious prosecution."  Plaintiff claims that "[a]s of the

24  11th day after defendants received plaintiff's more definitive statement and failed to file a

25  response, the pleadings were closed."  Therefore, according to plaintiff, defendants' motion to

26  dismiss and/or strike the amended complaint should now be "excluded," and "[d]efendants have

27  thereby lost this case as a matter of law and can not punish plaintiff's (sic) for costs of suit and

28  malicious prosecution as threatened."

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA  94105

1

DISTRICT DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS
AND MOTION TO EXCLUDE DEFENDANTS' FILINGS; CASE NO. C07-2400 SI

SF 294209v1

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

If plaintiff's objective in filing this motion was to avoid an argument that his case was frivolous or his conduct sanctionable, he has certainly failed to meet his goal. Plaintiff's motion is completely without merit, and underscores, by his own tacit admission, the baseless nature of this litigation.

## I. DEFENDANTS' MOTION TO DISMISS AND/OR STRIKE THE AMENDED COMPLAINT WAS TIMELY

Plaintiff's motion fails for the simple reason that defendants' motion to dismiss and/or strike the amended complaint was timely filed. Plaintiff filed his "more definite statement" on November 28, 2007. He served his statement on the defendants by mail on November 28, 2007. Under FRCP 12(a)(4)(B), defendants' responsive pleading needed to be served "within 10 days after the service of the more definite statement." Under FRCP 5(e) and 6 (a), another 3 days are added for service by mail. Those 13 days began to run on November 29, 2007 and did not include Saturdays, Sundays or holidays pursuant to FRCP 6(a) and (e). Accordingly, defendants actually had 19 calendar days to file a responsive pleading, which landed on December 17, 2007, the day their motion was filed.

## II. PLAINTIFF CANNOT TAKE DEFENDANTS' DEFAULT AFTER A RESPONSIVE PLEADING HAS BEEN FILED

Plaintiff seeks to have judgment entered in his favor because defendants filed a further responsive motion after the date that plaintiff calculates the response was due. However, even if plaintiff is right as to when the response was due, he would still not be entitled to judgment by default, as he appears to seek.

Default judgments are a disfavored remedy, as the policy of the courts is to decide cases on the merits whenever possible. Thus, any doubts about the propriety of a default are to be resolved in favor of the party against whom default would be taken. *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974).

Here, defendants have filed a motion in response to plaintiff's amended complaint. Once a responsive pleading is filed, even if it is filed late, a default may not be entered. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1317 (11th Cir. 2002) (no default entered

2

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1    when defendant filed a motion to dismiss shortly after the deadline for a responsive pleading);

2    *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003) (entry of default in favor of pro per

3    litigant before defendant was obligated to file an answer would have been inappropriate as a

4    matter of law). Likewise, other conduct indicating an intent to defend the action precludes entry

5    of a default. FRCP 55(a) (default authorized when defendant has "failed to plead *or otherwise*

6    *defend* …" the action) (emphasis added); *Direct Mail Specialists, Inc. v. Eclat Computerized*

7    *Technologies, Inc.*, 840 F.2d 685, 689 (9th Cir. 1988). Clearly, defendants' filing of three motions

8    (on September 13, 2007, December 17, and December 28, 2007), their filing of an opposition to

9    plaintiff's motion to change venue/disqualify Judge Illston on October 16, 2007, and their

10   participation in two case management conferences (on September 7, 2007 (appearance) and

11   November 2, 2007 (filing of a statement)), evidences an intent to defend this action, and

12   precludes entry of a default.

13   **III.    PLAINTIFF'S MOTION WAS NOT FILED IN COMPLIANCE WITH THE**
14          **FEDERAL RULES OF CIVIL PROCEDURE OR LOCAL RULES**

15          Finally, plaintiff's motion should not be granted because plaintiff, once again, has failed

16   to comply with the rules of court in this action.

17          Plaintiff's motion was filed on January 4, 2008, and was set for hearing on February 8,

18   2008, 35 days after service. However, because the motion was served by mail, it needed to be set

19   for hearing 38 days after service pursuant to Local Rules. Civil Local Rule, 7-2(a); FRCP 5(e).

20   **IV.    CONCLUSION**

21          For the foregoing reasons, defendants request that plaintiff's motion be denied in its

22   entirety.

23   DATED: January 15, 2008                          MILLER BROWN & DANNIS

24

25                                                    By:  /s/ Amy R. Levine
26                                                    AMY R. LEVINE
                                                      Attorneys for Defendants
27                                                    MT. DIABLO UNIFIED SCHOOL DISTRICT,
                                                      MILDRED BROWNE, and KEN FERRO
28

                                                    3

SF 294209v1