Vincent Pastorino, CA SBN 095939
Paul E. Lacy, CA SBN 140180
Institute for Administrative Justice
University of the Pacific McGeorge School of Law
3455 5th Avenue
Sacramento, CA 95817
Phone: (916) 739-7049
Fax:    (916) 739-7199
e-mail: vpastorino@pacific.edu

Attorney for Defendants California Special Education Hearing Office and
McGeorge School of Law

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

|  |  |
|---|---|
| MICHAEL PETERSEN on behalf of himself and next of friend to Mike Jr. and Ryan, disabled minor children PRO SE<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA SPECIAL EDUCATION HEARING OFFICE, et al.<br><br>Defendants | Case No. C07-02400 (SI)<br><br>**McGEORGE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO EXCLUDE DEFENDANTS' FILINGS**<br><br><br><br>JUDGE: Hon. Susan Illston<br>DATE:  February 8, 2008<br>TIME:   9:00 a.m.<br>DEPT:   Courtroom 10 |

McGeorge defendants essentially assert the same arguments as MDUSD defendants. On January 4, 2008, plaintiff Michael Petersen filed a "motion" pursuant to Federal Rules of Civil Procedure 12© and 12(a)(4)(B) "as a pre emptive defense (sic) against defendants threat to recover attorney fees, costs of suit and malicious prosecution." Plaintiff claims that "[a]s of the 11th day after defendants received plaintiff's more definite statement and failed to file a response, the pleadings were closed." Therefore, according to plaintiff, defendants' motion to dismiss

1  and/or strike the amended complaint should now be "excluded," and "[d]efendants have thereby

2  lost this case as a matter of law and can not punish plaintiff's (sic) for costs of suit and malicious

3  prosecution as threatened."

4

5  **I.    DEFENDANTS' MOTION TO DISMISS AND/OR STRIKE THE AMENDED**

6  **COMPLAINT WAS TIMELY**

7        Plaintiff's motion fails for the simple reason that defendants' motion to dismiss and/or

8  strike the amended complaint was timely filed. Plaintiff filed his "more definite statement" on

9  November 28, 2007. He served his statement on the defendants by mail on November 28, 2007.

10  Under the FRCP 12(a)(4)(B), defendants' responsive pleading needed to be served "within 10

11  days after the service of the more definite statement." Under FRCP 5(e) and 6(a), another 3 days

12  are added for service by mail. Those 13 days began to run on November 29, 2007 and did not

13  include Saturdays, Sundays or holidays pursuant to FRCP 6(a) and (e). Accordingly, defendants

14  actually had 19 calendar days to file a responsive pleading, which landed on December 17, 2007.

15  McGeorge defendants filed their motion on December 14, 2007, three days ahead of the statutory

16  time period.

17

18  **II.    PLAINTIFF CANNOT TAKE DEFENDANTS' DEFAULT AFTER A**

19  **RESPONSIVE PLEADING HAS BEEN FILED**

20        Plaintiff seeks to have judgment entered in his favor because defendants filed a further

21  responsive motion after the date that plaintiff calculates the response was due. However, even if

22  plaintiff is right as to when the response was due, he would still not be entitled to judgment by

23  default, as he appears to seek.

24        Default judgments are a disfavored remedy, as the policy of the courts is to decide cases

25  on the merits whenever possible. Thus, any doubts about the propriety of a default are to be

26  resolved in favor of the party against whom default would be taken. *Schwab v. Bullock's, Inc.*,

27  508 F.2d 353, 355 (9th Cir. 1974).

28

1  Here, defendants have filed a motion in response to plaintiff's amended compliant. Once a

2  responsive pleading is filed, even if it is filed late, a default may not be entered. *Mitchell v. Brown*

3  *& Williamson Tobacco Corp.*, 294 F.3d 1309, 1317 (11th Cir. 2002) (no default entered when

4  defendant filed a motion to dismiss shortly after the deadline for a responsive pleading); *Ashby v.*

5  *McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003) (entry of default in favor of pro per litigant before

6  defendant was obligated to file an answer would have been inappropriate as a matter of law).

7  Likewise, other conduct indicating an intent to defend the action precludes entry of a default.

8  FRCP 55(a) (default authorized when defendant has "failed to plead *or otherwise defend* ..." the

9  action) (emphasis added); *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*,

10 840 F.2d 685, 689 (9th Cir. 1988). Clearly, defendants' filing of two motions, one reply brief, and

11 their participation in preparing and filing a case management conference report/statement

12 evidences an intent to defend this action and precludes entry of a default.

13

14 **III.    PLAINTIFF'S MOTION WAS NOT FILED IN COMPLIANCE WITH THE**

15 **FEDERAL RULES OF CIVIL PROCEDURE OR LOCAL RULES**

16 Finally, plaintiff's motion should not be granted because plaintiff, once again, has failed to

17 comply with the rules of court in this action.

18 Plaintiff's motion was filed on January 4, 2008, and was set for hearing on February 8,

19 2008, 35 days after service. However, because the motion was served by mail, it needed to be set

20 for hearing 38 days after service pursuant to Local Rules. Civil Local Rule, 7-2(a); FRCP 5(e).

21

22

23

24

25

26

27

28

1   **IV.    <u>CONCLUSION</u>**

2          For the foregoing reasons, defendants request that plaintiff's motion be denied in its

3   entirety.

4

5   DATED: January 17, 2008

6

7                                                    By: _____
                                                     Paul E. Lacy
8                                                    Attorneys for McGeorge Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28