1 Vincent Pastorino, CA SBN 095939
Paul E. Lacy, CA 140180
2 Institute for Administrative Justice
University of the Pacific McGeorge School of Law
3 3455 5th Avenue
Sacramento, CA 95817
4 Phone: (916) 739-7049
Fax:    (916) 739-7199
5 e-mail: vpastorino@pacific.edu

6

Attorney for Defendants California Special Education Hearing Office and
7 McGeorge School of Law

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                         SAN FRANCISCO

12                                      )
                                        )
13 MICHAEL PETERSEN on behalf of         )   Case No. C07-02400 (SI)
   himself and next of friend to Mike Jr. and )
14 Ryan, disabled minor children PRO SE )   REPLY TO PLAINTIFF'S OPPOSITION
                                        )   TO CALIFORNIA SPECIAL EDUCATION
15       Plaintiffs,                    )   HEARING OFFICES'S AND McGEORGE
                                        )   SCHOOL OF LAW'S MOTION TO
16       v.                             )   DISMISS COMPLAINT OR, IN THE
                                        )   ALTERNATIVE, FOR A MORE
17 CALIFORNIA SPECIAL EDUCATION         )   DEFINITIVE STATEMENT
   HEARING OFFICE, et al.               )
18                                      )
                                        )   JUDGE: Susan Illston
19       Defendants                     )   DATE:   February 8, 2008
                                        )   TIME:    9:00 a.m.
20                                      )   DEPT:   Courtroom 10
                                        )
21 _____

22

23       In their Rule 12 Motion, defendants California Special Education Hearing Office (SEHO)

   and McGeorge School of Law (collectively, the McGeorge defendants)  argued that plaintiffs'
24
   complaint should be dismissed because they–the McGeorge defendants–are absolutely immune
25
   from suit.  The McGeorge defendants also argued that Plaintiffs' action should be dismissed
26
   because plaintiffs failed to plead a coherent and cognizable complaint within the specific
27

28

_____

**McGeorge Defendants' Reply Brief to Plaintiff's Opposition to Motion to Dismiss**            1

1  parameters set fort in this court 's November 6, 2007 Order.  (See Court's Order, Nov. 6, 2007,

2  5:20-21.)

3       In their first argument, the McGeorge defendants maintained that plaintiffs' complaint

4  must be dismissed pursuant to Rule 12(b)(6) because the McGeorge defendants are absolutely

5  immune from suit.  In their brief in support of their motion, the McGeorge defendants pointed out

6  that judicial officers and institutions, including quasi judicial officers and institutions are

7  absolutely immune from actions for damages for their judicial acts.  (McGeorge Def. Rule 12

8  Motion, pp. 2- 9)  McGeorge defendants also asserted that all of plaintiffs' factual allegations

9  against them constitute judicial actions and are thus immune from suit for damages.  (McGeorge

10 Def. Rule 12 Motion, pp. 2-9.)

11      In their opposition brief, plaintiffs neither address nor oppose McGeorge defendants'

12 assertion that they are absolutely immune from suit for damages under the doctrine of judicial

13 immunity.

14      Therefore, in reply, McGeorge defendants argue that plaintiffs have conceded

15 McGeorge's assertion on this point and, thus, McGeorge's motion should be granted.

16      In their second argument, McGeorge defendants asserted that plaintiffs failed to adhere to

17 this court's Order setting forth minimal pleading requirements.  In short, McGeorge argued that

18 plaintiffs' complaint is as incomprehensible as ever.

19      In opposition, plaintiffs failed to address McGeorge's argument on this point and, in any

20 event, failed to explain how their amended complaint/more definitive statement was in

21 compliance with this court's November 6, 2007 Order.

22      In reply, therefore, McGeorge defendants reassert their argument that plaintiff has failed

23 to meet minimal pleading requirements and their failure to correct this deficiency should result in

24 their complaint being dismissed with prejudice.

25

26
   DATED: January 25, 2008                    By: _____
27                                            Paul E. Lacy
                                              Attorney for Defendants
28                                            California Special Education Hearing Office
                                              and (SEHO), McGeorge School of Law

**McGeorge Defendants' Reply Brief to Plaintiff's Opposition to Motion to Dismiss**        2