IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PETERSEN, *et al.*, | No. C 07-2400 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LIMITED LEAVE TO AMEND; DENYING PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| CALIFORNIA SPECIAL EDUCATION HEARING OFFICE, McGEORGE SCHOOL OF LAW, *et al.*, | |
| Defendants. | |

On February 8, 2008, the Court heard argument on defendants' motions to dismiss and plaintiffs' motion for judgment on the pleadings. For the following reasons, the Court GRANTS the motions to dismiss, GRANTS plaintiff limited leave to amend, and DENIES plaintiffs' motion for judgment on the pleadings.

**BACKGROUND**

On April 27, 2007, plaintiff Michael Petersen filed this action on behalf of himself as "parent and next friend" to his children Michael Jr. ("Mikey") and Ryan.[1] According to the complaint, Mikey is 14 years old, and has been diagnosed with auditory processing disorder, sensory integration dysfunction, and pervasive developmental disorder (autism spectrum disorder). Amended Complaint

---

[1] The instant case is the latest in a series of cases filed by plaintiff and/or his ex-wife against the Mount Diablo School District and defendants Brown and Ferro. The other cases are *Randi Petersen et al. v. Mount Diablo School District et al.,* C 02-887 SI, *Randi and Michael Petersen et al. v. Mount Diablo School District et al.*, C 04-1059 SI, and *Randi Petersen v. Mount Diablo School District et al.*, C 05-1032 CRB.

¶ 6. Ryan is 12 years old and is a "low incidence deaf student" and has been diagnosed with auditory processing disorder and bilateral hearing loss. *Id.* ¶ 7. The complaint alleges that both children are qualified students with disabilities within the meaning of all applicable statutes. *Id.* ¶¶ 6-7. Plaintiffs have sued the California Special Education Hearing Office ("SEHO"), McGeorge School of Law, Mount Diablo Unified School District, Assistant Superintendent of Special Education Mildred Brown, and Alternative Dispute Resolution Administrator Ken Ferro.[2]

The original complaint described six SEHO cases previously filed between the District and Mikey, and alleged that defendants violated (1) "state and federal contract law," (2) "MDUSD federal consent decree contract," (3) "ADA and section 504 contract law," (4) "42 U.S.C. § 1983 due process and equal protection contract obligations," (5) "42 U.S.C. § 1985 contract provisions," (6) "29 U.S.C. § 794 contract obligations," and (7) "public contract code and public policy provisions." Complaint ¶¶ 40-42.

By order filed November 6, 2007, this Court granted defendants' motions for a more definite statement. The Court found that the complaint was so vague and ambiguous that defendants could not reasonably frame a response. The Court noted that the complaint did not state the factual basis for each claim alleged, and did not identify how each of the defendants allegedly violated the law. The Court further found that the complaint did not identify the contracts defendants allegedly breached, nor did the complaint specify the provisions of Section 504 of the Rehabilitation Act or the ADA that defendants allegedly violated. The Court also noted that although the complaint referenced federal law, such as the ADA, those references were in the context of "contract violations." The Court instructed plaintiffs that if the complaint was essentially one for breach of contract, this Court would likely not have jurisdiction over such a claim absent some allegation specifically showing the existence of federal jurisdiction.

The Court granted plaintiffs leave to amend, and provided the following specific instructions regarding amending the complaint:

1.      for plaintiffs' breach of contract claims, plaintiffs must identify the contracts at issue and

---

[2] The original complaint also named Hearing Officer Vincent Pastorino as a defendant. The amended complaint does not allege any claims against Mr. Pastorino.

2

state how defendants breached those contracts;

2. identify the specific provisions of Section 504 of the Rehabilitation Act and the Americans with Disabilities Act that plaintiffs allege defendants violated, and state how defendants violated those provisions;

3. state how defendants violated plaintiffs' rights to due process and equal protection; in addition, for any 42 U.S.C. § 1983 claims, plaintiffs must allege facts showing (1) "the conduct complained of was committed by a person acting under color of state law" and that (2) "this conduct deprived the claimant of a constitutional right." *Rinker v. County of Napa*, 831 F.2d 829, 831 (9th Cir. 1987);

4. for plaintiffs' 42 U.S.C. § 1985 claim, state how defendants violated this provision, which requires racial or other class-based discrimination. *See generally United Brotherhood of Carpenters and Joiners v. Scott*, 463 U.S. 825, 838 (1983);

5. clarify the difference, if any, between the first and third claims[3];

6. specify which claims, if any, are alleged against Mount Diablo Unified School District and McGeorge School of Law; and

7. identify for which acts defendants Brown and Ferro are being sued in their official capacities, and for which acts these defendants are being sued in their individual capacities.

Plaintiffs filed an amended complaint on November 28, 2007. The amended complaint is largely identical to the original complaint with the following differences: plaintiffs have expanded on certain allegations regarding the SEHO cases, and plaintiffs have expanded on the "claims for relief" portion of the amended complaint. The amended complaint also describes events in 2005 and 2006 related to Ryan's IEP. *See* Amended Complaint ¶¶ 36-38.

Now before the Court are motions to dismiss and/or for a more definite statement by all defendants, and plaintiffs' motion for judgment on the pleadings.

**DISCUSSION**

---

[3] The first and third claims were identical and alleged against defendants Brown and Ferro for "violations of state and federal contract laws."

## I.  Plaintiffs' motion for judgment on the pleadings

Although somewhat unclear, it appears that plaintiffs move for judgment on the pleadings on the ground that defendants' responses to the amended complaint were untimely.[4] Plaintiffs argue that "[a]s of the 11th day after defendants received plaintiff's more definitive statement and failed to file a response, the pleadings were closed." Plaintiffs' motion at 2:1-2.

The Court finds plaintiffs' motion lacks merit. As an initial matter, defendants' responses to the amended complaint were timely filed under Federal Rules of Civil Procedure 5(e), 6(a) and 12(a)(4)(B). Further, even if defendants' responses were untimely, plaintiffs would not be entitled to judgment on the pleadings because, as discussed below, plaintiffs have failed to cure numerous deficiencies in the complaint.

## II.  Defendants' motions to dismiss and/or for a more definite statement

All defendants have moved to dismiss and/or for a more definite statement. Defendants argue that plaintiffs have failed to cure the deficiencies of the original complaint, and that further leave to amend would be futile. The Mount Diablo Unified School District defendants ("District defendants") also contend that plaintiffs' claims are untimely; that plaintiff Michael Petersen lacks standing to assert certain claims; that defendants are immune from the state law claims; and that the individual claims fail for various reasons. The McGeorge defendants contend that they are absolutely immune from suit under the doctrine of judicial immunity.

In response, plaintiffs filed a six-line opposition which simply asserts that defendants' arguments "must fail as a matter of law." Plaintiffs' opposition does not address any of defendants' contentions. At the hearing, plaintiff Michael Petersen stated that the underlying basis for this case was the Individuals with Disabilities Education Act. Plaintiff also stated that this Court has jurisdiction, and that

---

[4] Somewhat inconsistently, plaintiffs also state that the November 28, 2007 filing was not an amended complaint. However, the Court notes that the pleading is titled "Plaintiff's Response to Order of 11/6/07 Requiring More Definite Statement Pursuant to Defendant's F.R.C.P. 12(e) Motion" and "Complaint for Damages for Violations of State and Federal Contract Law." Moreover, if the November 28, 2007 filing is not an amended complaint, this action should be dismissed for failure to prosecute.

4

none of plaintiffs' claims are time-barred, because the federal consent decree[5] covers a period of ten years.

The Court concludes that the majority of the amended complaint should be dismissed without leave to amend. Defendants are correct that plaintiffs have failed to cure the deficiencies of the original complaint, and the amended complaint still fails to set forth any cognizable claims. As in the original complaint, the amended complaint references the six SEHO cases and generally alleges that defendants have violated "state and federal contract laws."[6] The amended complaint also lists a series of statutes and regulations that defendants have allegedly violated without alleging, in a short and plain statement, facts that would give rise to any specific claims.

The Court further notes that to the extent that this case is "based on IDEA" and seeks to challenge the SEHO rulings, those claims would appear to be time-barred. The most recent SEHO hearing mentioned in plaintiffs' complaint occurred in 2003, and plaintiffs were required to file any appeals within 90 days. *See* Cal. Educ. Code § 56505(i) (ninety-day limitations period to judicial review of administrative decisions in special education matters); *see also* 20 U.S.C. § 1415(i)(2)(B) (ninety-day statute of limitations applies unless state adopts limitations period explicitly applicable to IDEA claims). Plaintiffs do not address the timeliness issues except to assert, at the hearing, that their claims are timely because the "federal consent decree" remains in effect. To the extent that plaintiffs challenge the SEHO rulings, however, the 90 day statute of limitations would apply. As stated in footnote 6, to the extent plaintiffs allege violations of the *Spieler* consent decree, those claims should be resolved in that case.[7]

However, the Court will allow plaintiffs limited leave to amend to allege a claim under IDEA

---

[5] Plaintiffs' complaint references the consent decree in *Spieler et al. v. Mt. Diablo School District*, C 98-951, and the Court assumes that this is the consent decree to which plaintiff referred at the hearing.

[6] The amended complaint suggests that the breach of contract claim is based, at least in part, on an alleged violation of the consent decree in *Spieler*. Any such alleged violation should be raised in the *Spieler* action (provided plaintiffs have standing to assert such a claim).

[7] The Court does not reach the District defendants' arguments that plaintiff Michael Petersen lacks standing because, at least under certain circumstances, Mr. Petersen would have standing. *See Blanchard v. Morton School Dist.*, 2007 WL 4533472, *1 (9th Cir. Dec. 26, 2007).

5

1 regarding the matters described in paragraphs 36-38 of the amended complaint, if plaintiffs wish to
2 pursue such a claim and are able to allege the elements of such a claim. Based upon the pleadings
3 before the Court, the Court cannot determine whether plaintiffs can allege a claim under IDEA related
4 to Ryan's 2005-2006 IEP; to pursue such a claim, plaintiffs must show that they have exhausted
5 administrative remedies and that such a claim is timely. **If plaintiffs wish to allege such a claim, they**
6 **may file an amended complaint, solely alleging an IDEA claim on Ryan's behalf against the Mount**
7 **Diablo School District only, no later than February 22, 2008**.

8 The Court also finds that the McGeorge defendants are entitled to judicial immunity. McGeorge
9 contracted with the California Department of Education to conduct special education due process
10 hearings, and McGeorge provided the hearing officers.[8] Plaintiffs allege that the McGeorge defendants
11 violated plaintiffs' rights by accepting certain of the District's filings; denying Mr. Petersen's request
12 for a subpoena duces tecum; failing to respond to Mr. Petersen's motion requesting a written ruling
13 regarding "authority and jurisdiction"; and generally conspiring with the District to deny plaintiffs due
14 process. All of the specific acts alleged against McGeorge and its hearing officers fall within the scope
15 of the hearing officers' judicial or quasi-judicial functions. *See Taylor v. Mitzel*, 82 Cal. App. 3d 665,
16 670 (1978) ("The judicial immunity doctrine has been extended by the courts to persons who are not
17 technically judges but who act in a judicial or quasi-judicial capacity.").

25 ///

---

[8] Defendants' motion states that pursuant to California Education Code Section 56504.5, McGeorge contracted with the California Department of Education to conduct special education due process hearings. McGeorge defendants' motion at 7-8.

6

## CONCLUSION

For the reasons set forth above, the Court DENIES plaintiffs' motion for judgment on the pleadings, and GRANTS defendants' motions to dismiss with limited leave to amend. (Docket Nos. 47, 42 & 57).  **If plaintiffs wish to amend to allege an IDEA claim on Ryan's behalf against the Mount Diablo School District only, they may file such an amended complaint no later than February 22, 2008**.

**IT IS SO ORDERED.**

Dated: February 11, 2008

SUSAN ILLSTON
United States District Judge