```
 1  Michael Petersen, Parent PRO SE
    next of friend of Michael Petersen Jr.
 2  and Ryan Petersen
    3375 Port Chicago Hwy. 30-166
 3  Concord Ca. 94520
    (925) 588-4799
 4
```

RECEIVED

2008 FEB 12 A 12:57

RICHARD W. WIEKING, CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.



FILED

FEB 12 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT, CALIFORNIA

| | |
|---|---|
| MICHAEL PETERSEN on behalf of himself and parent and next of friend to Mike Jr. and Ryan, disabled children PRO SE | CASE #C07-02400SI<br><br>EXPRESS REQUEST FOR ENTRY OF JUDGMENT RE: FRCP 54(b), REQUEST TO ORDER AND IMPLEMENT BENEFIT OF JUDGMENT RE: FRCP 62(h) |
| CALIFORNIA SPECIAL EDUCATION HEARING OFFICE, MCGEORGE SCHOOL OF LAW, VINCENT PASTORINO et. al., MOUNT DIABLO UNIFIED SCHOOL DISTRICT et. al., MILDRED BROWN, individually and in her official capacity as assistant superintendent of special education, KEN FERRO, individually and in his official capacity as Alternative Dispute Resolution Administrator | JUDGE: Hon. Susan Illston<br>DEPT.: Courtroom #10<br>NO HEARING REQUIRED |

On 2/8/08, the parties were heard in courtroom #10 in front of the Honorable Judge Susan Illston re: plaintiff's motion for judgment on the pleadings re: FRCP 12 (c) and motion to exclude defendent's untimely submissions dated 12/14/07, 12/17/07 and 12/28/07. Matters were taken under submission and plaintiff's hereby additionaly make express request for entry of judgment pursuant to FRCP 54 (b) and request to order and implement benefit of judgment pursuant to FRCP 62 (h) as to the multiple claims or multiple parties.

/ / / / /

Plaintiff apologizes in advance for his raw emotion and hyperventilation and stern delivery during the 2/8/08 hearing. No disrespect to the court was intended. Due to the complexities of plaintiff's seperate and multiple claims, and the seperate and multiple defendents, plaintiff's hereby seek immeadiate judgment and relief on plaintiff's claim's #40 (a) and 42 (a) and prayor for relief # 46 (a) and 48 (a) as follows: (each seperate claims on plaintiff's More Definite Statement require seperate and distinct adjudication for proper disposition)

Federal Consent decree contract C98-00951 does not involve claims against SEHO, does not require exhaustion of administrative remedies and has a 10 year limitations period from the date of it's inception. Plaintiff's are thereby entitled to direct access to the district court pursuant to subject matter jurisdiction and terms as premised and drafted under the I.D.E.A. noting Parma v. Winkleman as standing.

Plaintiff's hereby request the court perscribe such conditions as are necessary to secure the benifit thereof, to the party/plaintiff's in whose favor the judgment is entered regarding FRCP 62 (h), and prays for the immeadiate relief sought including but not limited (as to the courts descetion) to the removal of the assault and battery/crime reports from Michael Jr's record. Issuing a protective stop order from any prospective retaliation, servailance, taunting, threatning or like disruptions against plaintiff's in hopes of beginning the process to become whole again. Assign a special master to oversee and controll certain aspects of the judgment including a interest bearing account for the maintainance of the special master regarding the minor's needs and other claims and prayers for relief as contained therein. Due to the multiple, seperate and distinct claims by 3 different plaintiff's, set forth against seperate and distinct defendents,

/ / / / /

both as private entity, public entity, in individual and/or official capacities, plaintiff's make this instant filing to avoid possible injustice of a delay in judgment of a distinctly seperate claim to await adjudication of the entire case pursuant to the 1946 FRCP amendments and advisory committee notes.

Plaintiff/father requests the court understand the nature and outrage of his more definite statement in that by working very closely and proudly with the respective people in Martinez state court of California, in our common goal to provide stability, therapies and foundation for the minor plaintiff's through court order, the district defendents acted with deliberate indifferrence in having receipt of the court orders and the contents thereof. At this crutial time of the minor children's development, father was getting the job done with therapy, daycare, homework, employment and other children's needs for three years during the maternal abandonment. That is until Mikey received the 10 assault and battery suspentions needed by the district to place him into a more restrictive enviorment and the filing of state hearing against father by the district, and the district refusing to provide schooling or special education services for an entire school year. In the fallout, and as a cumlative result thereof, father lost his residence and ultimately ended up living in his truck for 2 years which could at a minimum, be characterized as a breakdown. At the core of the court orders and father's concern, was the mental illness of schzophrenia by which the maternal uncle suffered a self inflicted gun shot wound in his mouth and other diagnoses within that household which could be characterized as borderline personality disorder to which the children were re exposed to when father lost his residence. It is hard to imagine any court can fashion relief to overcome the lifelong chailanges the minor plaintiff's face regarding their disabilities and claims for relief (especially Mikey's autism disorder) let alone the additional

1  challanges of being exposed to the black and white thinking, anti social
2  views of the characterized mental disorders and fears of leaving the house
3  and being home schooled within that household for 2 years while father was
4  living in his truck. Yet, father is terrified to deal with the district
5  defendents again and their law firm without a protective order to prevent
6  retaliation, four point restraint, locked school enviorment, or other
7  unamaginable acts by the district that would again be designed to prove
8  that Mikey is predatory thus triggering his vomiting episodes.
9  Plaintiff's hereby submit this filing pursuant to FRCP 54(b) and 62(h) to
10 effect immeadiate judgment and relief of the partial claims, and order
11 the implementation of benefit of judgment or sum certain amounts the court
12 deems just, while awaiting adjudication on remaining claims for relief
13 thus staying final complete judgment whereas plaintiff preserves his
14 timeline to initiate appeal.

16 Very respectfuly submitted, this 12th day of February, 2008 @ 6:15 am
17 Michael Petersen