Michael Petersen PRO SE
next of friend of Michael Petersen Jr.
and Ryan Petersen
3375 Port Chicago Hwy 30-166
Concord Ca. 94520



RECEIVED

2008 FEB 22  P 4: 47

RICHARD W. WIEKING, CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Petersen et. al.                           CASE C07-02400SI

v.

Mount Diablo Unified School District et. al.

PLAINTIFF'S RESPONSE TO
ORDER OF 2/11/08 RE:
PLAINTIFF'S 11/28/07 BRIEF
RE: MAINTENANCE OF I.D.E.A.
CLAIMS

Pursuant to order dated 11/6/07, plaintiff filed brief on 11/28/07 with claims and theory of recovery underlying and in pursuit of IDEA remedies. Defendent's maintain the threat of recovery of attorney fees against plaintiff's for the filing of claims on behalf of the minor children. On 2/8/08, the parties attended court hearing. On 2/12/08, plaintiff's, @6:am, filed request for entry of judgment and benifit thereof unaware that a order could be filed on the proceeding holiday of 2/11/08.

Plaintiff's maintain subject matter jurisdiction on Ryan's IDEA contract SN03-01885. As confirmed in Pedraza v. Alameda USD (C05-04977 VRW, CAND), in this case, as of 7/1/05, Ryan's settlement agreement is enforcable in federal court. Also C.C.P. Sec. 343 allows a 4 year limitations statute

along with C.C.P. Sec. 337 for written contracts. Plaintiff has standing pursuant to FRCP 17 (c),(next of friend), Winkleman v. Parma (U.S. Supreme court 2007) (parent's standing on IDEA related claims in federal court), and Blanchard v. Morten USD, 420 F.3d 918 (9th Cir. 2005) (claims awarded to parent while pursuing son's remedies under the IDEA) Plaintiff's civil cover sheet form JS-44 documents #190 contract, and #440 civil rights as stampted by clerk.

The MDUSD did not write Ryan's "Compromise and Release Agreement Contract" in good faith or without fierce opposition. Parent initiated due process, while in state hearing, evidence was admitted by student that concluded MDUSD had added documents to Ryan's IEP some 4 months after the fact by the district audiology department that documented Ryan with difficulties in comprehension. As the MDUSD case in chief solely was demanding that Ryan's disabilities rested with his partial deafness and no auditory processing disabilities, the MDUSD requested to stop the hearing and go into settlement talks. During the next 4 months of private non mediated settlement talks, (while Ryan received no remedial services for his disability by the MDUSD, other that parent private pay) the parties finally reached settlement with the MDUSD demanding parent dismiss hearing #SN03-01885 in liu of said contract effectively substituting students rights afforded him under the IDEA. With the SN03-01885 contract now in breach by the MDUSD, and the students rights and remedies pursuant to item "M" on the contract SN03-01885 abolished, parent asserts subject matter jurisdiction over Ryan's contract in federal court as previously submitted on 11/28/07 under the IDEA as the antecedent of the claims. While in hearing SN03-1885, the MDUSD was also forced to ackowledge that discriminatory testing procedures were used on Ryan not unlike Ravenswood v.

Easton in the CAND, which contributed to, and caused additional educational delaysin not diagnosing and or addressing Ryan's disabilities for several years with D.I.S. services. As Ryan has not been formally re enrolled into the MDUSD since his private school placement at New Vista's Learning disabled school per his contract, the 2005-2006 alledged IEP does not exist except for the fact that it was used to sabotage the private school placement with no gaurantees of the 3 year implied term of the private school and no gaurantees of the services of the 30 days interim placement offer.
In the course of things, this plaintiff took stance in protection of the MDUSD and the judiciary of this district both express and implied, during past suits. As a result thereof, this plaintiff is owed in excess of $3000.00 for Ryan's SN03-01885 contract, lost Ryan's private schooling placement, lost his residence by and through the contract which resulted in his living in his truck for 2 years and most importantly, Ryan's injuries have resulted in permanent damage to his academic, physical and social-emotional well-being, and has impaired his ability to function at the level at which he could have been reasonably expected to function had the underlying IDEA claims on the 11/28/07 brief by and through the IDEA contract never happened.

Respectfully submitted

*Michael Petersen* PRO SE