SUE ANN SALMON EVANS, State Bar No. 151562
AMY R. LEVINE, State Bar No. 160743
MATTHEW JUHL-DARLINGTON, State Bar No. 215375
MILLER BROWN & DANNIS
71 Stevenson Street, 19th Floor
San Francisco, CA 94105
Telephone: (415) 543-4111
Facsimile: (415) 543-4384

Attorneys for Defendant
MOUNT DIABLO UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN PETERSEN,<br><br>Plaintiff,<br><br>v.<br><br>MOUNT DIABLO UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No. C 07-02400 SI<br><br>**DEFENDANTS' REPLY POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DECLARE THE PETERSENS VEXATIOUS LITIGANTS**<br><br>Date  :  March 21, 2008<br>Time  :  9:00 a.m.<br>Dept  :  10, 19th Floor<br>Judge :  Hon. Susan Illston<br><br>Trial:            None Set |

The Petersens' opposition to the motion to be declared vexatious litigants speaks for itself. Despite the fact that this Court has ordered all claims by Michael Petersen and Michael Petersen Jr. dismissed, and has ordered the dismissal of all causes of action and legal theories by Ryan Petersen except for a claim under the IDEA relating to the District's alleged failure to convene an IEP meeting in May 2005, the family continues to argue for their right to pursue "over 2 dozen claims for relief" on behalf of all the plaintiffs. Opp. at 2:3. The bulk of the opposition discusses meritless allegations involving Michael Jr.'s educational program from 2002. These claims have not been exhausted under the IDEA, and are well beyond any

1

DEFENDANTS' REPLY POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DECLARE THE PETERSENS VEXATIOUS LITIGANTS; CASE NO. C 07-02400 SI

SF 301994v1

applicable statute of limitations. More importantly, they have already been dismissed by the Court. Furthermore, the opposition cites no applicable legal authority, relying instead solely on California Code of Civil Procedure Section 391, which is completely irrelevant to this motion. The opposition is, in short, completely frivolous, just like all the other filings presented by this family.

Michael Petersen argues that he has not brought all of the previous lawsuits personally, and that he should not be blamed for the conduct of his ex-wife, Randi Petersen. It is true that Michael Petersen himself has only been the plaintiff in two of the four lawsuits against the District defendants, and Randi Petersen has been responsible for instigating the other two matters. But, it is also true that Michael Petersen Jr. and Ryan Petersen have been plaintiffs in every one of the lawsuits at issue, which have been brought by one or the other or both of their parents. Thus, regardless of which parent filed, Michael Jr. and Ryan should be deemed vexatious litigants.

Randi Petersen should also been deemed a vexatious litigant. She was personally served with defendants' motion on February 13, 2008, but has not filed any opposition to it. As a result, she has conceded the merits of the motion and a pre-filing order must be issued.

As to Mr. Petersen, he too must be deemed to be a vexatious litigant. Because the children have always been plaintiffs, Mr. Petersen is or should be aware of the adverse rulings in every one of the prior lawsuits. He and his ex-wife have been in privity, because both are purporting to raise the claims of the children. The defendants cannot get true relief from this slew of vexatious actions without making both parents subject to a pre-filing order. From the District's perspective, it hardly matters which of the parents initiate the litigation. It has still had to defend itself time and time again based on the same meritless claims of which all the plaintiffs here – Michael, Michael Jr., and Ryan – should have been on notice.

Further, Mr. Petersen should not be permitted to deflect blame for this series of similar lawsuits onto his ex-wife. He and Randi Petersen were co-plaintiffs in 2004, two years after she named him as a defendant in the 2002 filing stemming from their custody dispute. Moreover, Mr. Petersen has used Randi Petersen's 2005 filing as a justification for his attempt to transfer

2

DEFENDANTS' REPLY POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DECLARE THE PETERSENS VEXATIOUS LITIGANTS; CASE NO. C 07-02400 SI

SF 301994v1

venue to the Eastern District of California and disqualify Judge Illston in his 2007 action. Mr. Petersen cannot pick and choose when it is convenient for him to be associated with these prior cases.

Finally, the litigants' history of litigation is but one factor in deciding whether or not they are vexatious. *Safir v. United States Lines, Inc.* 792 F.2d 19 (2nd Cir. 1986). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*, at 23. The series of lawsuits filed by the children and one or both of their parents quite clearly demonstrates a pattern of harassing conduct. Moreover, even based only on the two cases in which Michael Petersen has been plaintiff, there is compelling evidence that plaintiffs will continue to abuse the judicial process and harass the District and its employees and agents unless restrained.

Accordingly, for the foregoing reasons, and those set out in the moving papers, the defendants request that the Court grant their motion to have the Petersens be deemed vexatious litigants and to issue an order imposing upon them pre-filing conditions.

DATED: March 4, 2008           MILLER BROWN & DANNIS

By:  /s/ Amy R. Levine
AMY R. LEVINE
Attorneys for Defendant
MOUNT DIABLO UNIFIED SCHOOL DISTRICT