SUE ANN SALMON EVANS, State Bar No. 151562
sueannsalmonevena@mbdlaw.com
AMY R. LEVINE, State Bar No. 160743
alevine@mbdlaw.com
MATTHEW JUHL-DARLINGTON, State Bar No. 215375
mjuhldarlington@mbdlaw.com
MILLER BROWN & DANNIS
71 Stevenson Street, 19th Floor
San Francisco, CA 94105
Telephone: (415) 543-4111
Facsimile: (415) 543-4384

Attorneys for Defendant
MOUNT DIABLO UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN PETERSEN,<br><br>    Plaintiff,<br><br>v.<br><br>MOUNT DIABLO UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | Case No. C 07-02400 SI<br><br>**MOUNT DIABLO UNIFIED SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S RESPONSE TO ORDER OF 2/11/08 RE: PLAINTIFF'S 11/28/07 BRIEF RE: MAINTENANCE OF I.D.E.A. CLAIMS** |

COMES NOW, Defendant Mount Diablo Unified School District, and answers the Second Amended Complaint of Ryan Petersen entitled "Plaintiff's Response to Order of 2/11/08 Re: Plaintiff's 11/28/07 Brief Re: Maintenance of I.D.E.A. Claims" ("Second Amended Complaint") as follows:

Plaintiff filed the Second Amended Complaint in response to the Court's February 11, 2008 Order Granting Defendants' Motion to Dismiss with Limited Leave to Amend; Denying Plaintiffs' Motion for Judgment on the Pleadings ("Order"). That Order dismissed claims against all the defendants and gave plaintiff Ryan Petersen limited leave to amend "solely

1

MOUNT DIABLO UNIFIED SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S RESPONSE TO ORDER OF 2/11/08 RE: PLAINTIFF'S 11/28/07 BRIEF RE: MAINTENANCE OF I.D.E.A. CLAIMS; CASE NO. 07-02400 SI

SF 302261v1

alleging an IDEA claim on Ryan's behalf against the Mount Diablo School District only." Order, at 6:6-7. Defendant therefore construes the Second Amended Complaint as being plead only on behalf of Ryan Petersen only against the Mount Diablo Unified School District and only under the Individuals with Disabilities Education Act ("IDEA").

In response to the sole paragraph comprising the Second Amended Complaint, defendant states that the allegations contained therein are so vague or ambiguous that it is impossible to frame a responsive pleading. Subject to and without waiving the foregoing, defendant admits that plaintiff filed a document with the Court on November 28, 2007 and that the parties attended a Court hearing on February 8, 2008. Defendant also admits that the parties entered into a settlement agreement resulting in the dismissal of Special Education Hearing Office ("SEHO") case number SN03-01885 and that the contract substituted plaintiff's rights under the IIDEA for his rights under the contract. Defendant also admits that plaintiff has not been enrolled in the District since October 2003. Except as expressly admitted herein, defendant denies each and every allegation in plaintiff's Second Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

As a first, separate and affirmative defense to the allegations of the Second Amended Complaint, it is alleged that the Second Amended Complaint and each and every claim for relief therein fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a second, separate and affirmative defense to the allegations of the Second Amended Complaint, it is alleged that plaintiff lacks standing to bring this Second Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

As a third, separate and affirmative defense to the allegations of the Second Amended Complaint, it is alleged that plaintiff's claims are barred by the applicable statue of limitations.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth, separate and affirmative defense to the allegations of the Second Amended Complaint, it is alleged that plaintiff is barred and precluded from any relief in this action under the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth, separate and affirmative defense to the allegations of the Second Amended Complaint, it is alleged that plaintiff is barred and precluded from any relief in this action under the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth, separate and affirmative defense to the allegations of the Second Amended Complaint, it is alleged that plaintiff has waived any right to recover against defendant.

### SEVENTH AFFIRMATIVE DEFENSE

As a seventh, separate and affirmative defense to the allegations of the Second Amended Complaint, it is alleged that plaintiff is estopped from recovering against defendant.

### EIGHTH AFFIRMATIVE DEFENSE

As an eighth, separate, and affirmative defense to the allegations of the Second Amended Complaint, it is alleged that this action and all claims for relief therein are barred by the doctrines of *res judicata* and/or collateral estoppel.

### NINTH AFFIRMATIVE DEFENSE

As a ninth, separate, and affirmative defense to the allegations of the Second Amended Complaint, it is alleged that this action and all claims for relief therein are barred by a compromise and release.

### TENTH AFFIRMATIVE DEFENSE

As a tenth, separate, and affirmative defense to the allegations of the Second Amended Complaint, it is alleged that this action and all claims for relief therein are barred by an accord and satisfaction.

### ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh, separate, and affirmative defense to the allegations of the Second Amended Complaint, it is alleged that plaintiff has failed to perform the conditions of, breached, and/or repudiated the compromise and release agreement.

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth, separate, and affirmative defense to the allegations of the Second Amended

3

MOUNT DIABLO UNIFIED SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S RESPONSE TO ORDER OF 2/11/08 RE: PLAINTIFF'S 11/28/07 BRIEF RE: MAINTENANCE OF I.D.E.A. CLAIMS; CASE NO. 07-02400 SI

SF 302261v1

1  Complaint, it is alleged that plaintiff has failed to provide any of the consideration owed
2  defendant under the compromise and release agreement and therefore the agreement cannot be
3  enforced.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth, separate, and affirmative defense to the allegations of the Second Amended Complaint, it is alleged that plaintiff has failed to mitigate his damages, if any, under the compromise and release agreement.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth, separate, and affirmative defense to the allegations of the Second Amended Complaint, it is alleged that this action and all claims for relief therein are barred by a covenant not to sue and defendant is entitled to indemnification from plaintiff pursuant to that covenant.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a fourteenth, separate, and affirmative defense to the allegations of the Second Amended Complaint, it is alleged that defendant is entitled to an offset against any amounts plaintiff is entitled to recover from defendant based on amounts defendant has already paid to plaintiff under the compromise and release agreement and/or all amounts owed to it in damages based on plaintiff's breach of the compromise and release agreement.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a sixteenth, separate and affirmative defense to the allegations of the Second Amended Complaint, it is alleged that plaintiff's claims are barred by the failure to exhaust his administrative remedies.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a seventeenth, separate and affirmative defense to the allegations of the Second Amended Complaint, it is alleged that plaintiff's claims are barred by the failure to comply with the disclosure requirements of Education Code section 56505 and 20 U.S.C. section 1415.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As an eighteenth, separate and affirmative defense to the allegations of the Second

Amended Complaint, it is alleged that plaintiff's claims are barred by lack of subject matter jurisdiction.

### NINETEENTH AFFIRMATIVE DEFENSE

As a nineteenth, separate and affirmative defense to the allegations of the Second Amended Complaint, it is alleged that the statutory grounds for reduction or denial of reimbursement for educational expenses set forth at 20 U.S.C. section 1412(a)(10)(C)(iii) apply to this case to the extent plaintiff is seeking such reimbursement, and the plaintiff's expenses, if any, must therefore be reduced or denied.

### NINETEENTH AFFIRMATIVE DEFENSE

As a nineteenth, separate and affirmative defense to the allegations of the Second Amended Complaint, it is alleged that SEHO's orders, if any, upon which the Second Amended Complaint is based are thorough and careful and are entitled to deference.

**WHEREFORE**, defendant prays for judgment as follows:

1. That plaintiff take nothing by way of his Second Amended Complaint;

2. That plaintiff indemnify defendant for any and all damages, losses, fees, or expenses defendant incurs as a result of this action;

3. That defendant be awarded an offset for all sums previously paid or performance already rendered to plaintiff based on plaintiff's claims;

4. That defendant be awarded attorneys' fees and costs;

5. That appropriate monetary and/or non-monetary sanctions be awarded against plaintiff and/or his parents for pursuit of this action; and

6. For any other additional relief that the Court deems just and proper.

DATED: March 10, 2008                     MILLER BROWN & DANNIS

By: _____
AMY R. LEVINE
Attorneys for Defendant
MOUNT DIABLO UNIFIED SCHOOL DISTRICT