AMY R. LEVINE, State Bar No. 160743
Aleveine@mbdlaw.com
ELIZABETH A. ESTES, State Bar No. 173680
eestes@mbdlaw.com
MILLER BROWN & DANNIS
71 Stevenson Street, 19th Floor
San Francisco, CA 94105
Telephone: (415) 543-4111
Facsimile: (415) 543-4384

Attorneys for Defendant
MOUNT DIABLO UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN PETERSEN, <br><br> Plaintiff, <br><br> v. <br><br> MOUNT DIABLO UNIFIED SCHOOL DISTRICT, <br><br> Defendant. | Case No. C07-02400 SI <br><br> **DISTRICT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF** <br><br> Judge: Hon. Susan Illston <br><br> Trial: None Set |

## I. PLAINTIFF ONCE AGAIN IS ABUSING THE COURT'S PROCESS

### A. This is Not an "Administrative" Motion

Plaintiff seeks a ruling on the merits of this action, and a wide variety of affirmative relief, ranging from a denial of the defendant's motion to have him declared a vexatious litigant, a stay on defendant's discovery, one-to-one sensory-cognitive training by Lindamood Bell, and sanctions, all through an administrative motion. These matters are most definitely not appropriately resolved through such a motion, and therefore his motion is merely vexatious.

Civil Local Rule 7-11 states:
> The Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned

1
DISTRICT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF; CASE NO. C07-02400 SI

SF 308171v1

> judge. These motions would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal.

None of the issues plaintiff seeks to raise in his motion are "miscellaneous administrative matters." They are not analogous to things like exceeding a page limit or filing documents under seal. Instead, several of his issues go to the heart of the case, and all require a formal motion and an opportunity to be heard or are otherwise provided for by local rule or standing order. For this reason alone, plaintiff's "administrative motion" must be denied.

### B.    There is No Basis to Vacate the Vexatious Litigant Motion

Plaintiff claims he was "tricked" by a March 5, 2008 letter from District counsel Amy Levine seeking his agreement to continue the vexatious litigant motion and advising him that she would file a motion for a continuance if no agreement was reached by March 11, 2008. Since plaintiff did not respond in any way to the letter, defendant's motion was filed on March 12, 2008. Defendant needed to file the request quickly, in order to continue the fast-approaching March 21, 2008 hearing date. Doc. 79.

Although the letter does reference an "administrative" motion, the eventual ex parte application generally served the same purpose and did not in any way prejudice plaintiff. It was obviously based on good cause, as the Court granted it. The defendant did not cause the Court to rule on its motion on March 13th, and plaintiff has failed to explain how the defendant could be responsible for this event. More importantly, he has utterly failed to explain why he would have been better off having the vexatious litigant motion heard on March 21 as opposed to June 27, 2008, which seems to be the entire thrust of his motion. His proposed remedy of vacating the June 27th hearing date seems like nothing more than obstructive behavior, since it does nothing to advance the hearing date as plaintiff seems to want.

Plaintiff complains that he did not have the three days provided in Local Rule 7-11 to file an opposition, but the "opposition" he filed on March 14th contained no real legal or factual arguments why the continuance should not be granted, and would not have changed the outcome. Further, instead of taking immediate action to challenge the Court's March 13th order

granting the continuance, he let the March 21, 2008 hearing date come and go. He could have raised the issue that he was not given an adequate opportunity to respond prior to March 21, but obviously now it is too late to have the hearing on that date, and this issue is therefore moot.

### C. There is No Basis to Stay Defendant's Discovery

Plaintiff claims that he has been unjustly accused of failing to prosecute the actions he files but has never been afforded a trial date or a case management conference. Mtn. at 4. What plaintiff fails to realize is that attempts to vacate dates to have this case adjudicated on the merits or to thwart legitimate discovery does not constitute "prosecuting" his case. In fact, it is the very type of procedurally inappropriate, time-wasting, and obstructionist behavior defendant has raised in its motion to have plaintiff declared a vexatious litigant.

Moreover, it is simply untrue that plaintiff has never been afforded an opportunity to discuss case management issues. The original case management conference in the Northern District was scheduled for September 7, 2007. Plaintiff failed to serve defendants until August 24, 2007, thereby preventing them from being able to submit a case management conference statement prior to the conference. On September 7, 2007, defendant's attorney showed up for the CMC, and plaintiff did not. Subsequently, a new case management conference date was set for November 9, 2007. Defendant attempted to confer with Mr. Petersen about the issues included in the statement, including discovery issues, and sent him a draft statement for his review, to which he never responded. Declaration of Amy Levine in Support of Opposition ("Levine Decl."), ¶ 4.

### II. THERE IS NO BASIS TO STAY DISCOVERY

Thus, as set forth above, defendant did attempt to confer with Mr. Petersen about discovery issues pursuant to Rule 26(f) prior to the November 9, 2007 case management conference, but Mr. Petersen refused to cooperate. Nothing the defendant has done has lead to the lack of a scheduling order in this case, and therefore, there is no reason to stay the defendant's discovery as a result.

Furthermore, Federal Rule of Civil Procedure 26(d)(1) provides:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Under Rule 26(a)(1)(B)(i), actions to review an administrative record, like cases brought under the IDEA, are exempt from initial disclosures and accordingly from the hold on discovery set forth in Rule 26(d)(1). Although it does not appear that plaintiff seeks review from any administrative proceeding in this matter, since he has failed to timely file for a review of any such proceeding, that does not change the nature of his cause of action. Defendant did not serve any discovery until after the February 11, 2008 order leaving only the IDEA cause of action intact. Levine Decl, at ¶ 6.

Moreover, defendant advised the Court that it sought to postpone the vexatious litigant motion hearing date for the very purpose of conducting discovery. Doc. 79. The Court granted the motion and thus at least tacitly approved the defendant's plan to move forward with discovery. In any case, in the time that plaintiff spent filing his frivolous "administrative motion," he could have easily responded to defendant's discovery requests. Or, he could have at least attempted to meet and confer with defendant's attorney regarding his discovery objections, but he failed to do that as well, in violation of Federal Rule of Civil Procedure 26(c) and Local Rule 37. Levine Decl., at ¶ 6. Accordingly, there is no basis for staying discovery at this juncture.

### III. THERE IS NO BASIS FOR SANCTIONS

Finally, plaintiff is not entitled to any sanctions under 28 U.S.C. section 1927. That provision states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Nothing that defendant's attorney did was in any way unreasonable or vexatious. Furthermore, plaintiff has submitted no proof, and none can be inferred, that he has incurred any excess costs

or attorney's fees as the result of defendant's actions. Plaintiff claims that he showed up in court on March 21, 2008 to argue the vexatious litigant motion, but that was his own doing. By his own admission, he knew well in advance of that date that the defendant sought to continue the hearing and also knew that the Court had granted defendant's request to continue the hearing. Moreover, as he is pro per in this action, he has not incurred any attorney's fees. If anyone should be sanctioned in this action, it is plaintiff.

## IV.   CONCLUSION

For all the reasons set forth above, plaintiff's motion must be denied.

DATED: 4-17-08

MILLER BROWN & DANNIS

By: _____
AMY R. LEVINE
ELIZABETH A. ESTES
Attorneys for Defendant
MOUNT DIABLO UNIFIED SCHOOL DISTRICT