AMY R. LEVINE
ATTORNEY AT LAW
alevine@mbdlaw.com

SAN FRANCISCO

**MILLER BROWN DANNIS**
ATTORNEYS

April 28, 2008

**VIA ELECTRONIC CASE FILING**
Honorable Susan Illston
U.S. District Court Judge
Northern District
450 Golden Gate Avenue
Courtroom 10, 19th Floor
San Francisco, California 94102

Re:  **Motion to Compel Responses to Discovery and for Discovery Sanctions**
*Ryan Petersen v. Mt. Diablo Unified School District*
Northern District of California, Case No. C07-02400 SI
Our File: 5100.13607

SAN FRANCISCO
71 Stevenson Street
Nineteenth Floor
San Francisco, CA 94105
Tel 415.543.4111
Fax 415.543.4384

LONG BEACH
301 East Ocean Boulevard
Suite 1750
Long Beach, CA 90802
Tel 562.366.8500
Fax 562.366.8505

SAN DIEGO
750 B Street
Suite 2310
San Diego, CA 92101
Tel 619.595.0202
Fax 619.702.6202
www.mbdlaw.com

Dear Judge Illston:

By this letter, Defendant Mt. Diablo Unified School District ("District") moves this Court for an order to compel Plaintiff Ryan Petersen's responses to "Interrogatories, Set One" and "Request for Production of Documents and Electronically Stored Information, Set One." The District also moves for discovery sanctions, whether as dismissal of the underlying action or, in the alternative, a bar as to Plaintiff's issues or evidence, if any, regarding his residency and enrollment in the District from August 2003 to present, and regarding the alleged breach of contract by the District in 2005.

The motion for an order to compel responses is made on the grounds that Plaintiff has not responded in any form or fashion to the aforementioned discovery requests, which were served on March 14, 2008. The motion for discovery sanctions is based on the this discovery abuse and the frivolous conduct of Plaintiff's father and guardian ad litem, Michael Petersen.

1.  **Statement of Facts**

On April 27, 2007, Michael Petersen and his sons Michael Petersen Jr. and Ryan Petersen filed the underlying action against the District and a number of other defendants. Because the complaint was unintelligible, the Defendants moved for, and were granted, an order for a more definite statement. On November 28, 2007, Plaintiffs filed a First Amended Complaint ("FAC"), and the Defendants again moved for a more

The Honorable Susan Illston
U.S. District Court Judge
April 28, 2008
Page 2

definite statement or to dismiss, which was granted. However, this Court permitted Plaintiff Ryan Petersen limited leave to amend the FAC to allege a claim under the Individuals with Disabilities Education Act ("IDEA"). Specifically, this Court permitted Plaintiff to allege only an IDEA claim against the District, and only based on paragraphs 36-38 of his FAC.

These paragraphs ostensibly allege that the District was required, but failed, to convene an individualized education program ("IEP") team meeting for Plaintiff by May 30, 2005 pursuant to a 2004 settlement agreement between the parties. They also ostensibly contend that the District violated the IDEA by inviting Plaintiff's private school principal to attend an IEP team meeting that was held in September 2005.

The settlement agreement provides that

> If Ryan is a resident of the Mt. Diablo Unified School District for the 2005-2006 school year and parents are seeking educational services from Mt. Diablo Unified School District, Ryan's annual IEP meeting will be held on or before May 30, 2005 to discuss Ryan's placement and services for the 2005-2006 school year.

On March 14, 2008, the District served on Plaintiff first sets of interrogatories and requests for production. (See Declaration of Amy R. Levine in Support of Motion to Compel and for Sanctions, Exhibits A and B.) Responses to this discovery were due on April 16, 2008. The five interrogatories sought information regarding Plaintiff's places of residence over the last five years. Similarly, the 10 requests for production go to issues of residency, enrollment in and intent to seek educational services from the District, and the formation and performance of the contract by the parties, and also seek documentation of Mr. Petersen's putative request that the District convene an IEP team meeting in May 2005.

To date, the District has not received any response whatever from Plaintiff or his father, who is prosecuting the underlying action pro se.

As the District explained in its ex parte application to continue the hearing on its vexatious litigant motion, the District intends to move for summary judgment in this action and requires some discovery to prepare that motion. Its purpose in continuing the hearing date on that motion was to have its motion for summary judgment heard before or concurrently with its motion to have the Petersens declared vexatious litigants. In order to keep the current dates, the District will have to file its motion for summary judgment by May 20, 2008. Accordingly, it requires Plaintiff to comply with its discovery responses immediately, or else the District will have to incur further expense by seeking another continuance of its vexatious litigant motion hearing date.

The Honorable Susan Illston
U.S. District Court Judge
April 28, 2008
Page 3

## 2. Statement of Law

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).

Federal Rule of Civil Procedure 37(a) allows a party, upon reasonable notice, to apply for an order compelling discovery or disclosure. Such orders are permitted in various circumstances, including when a party fails to respond to a request for production or to an interrogatory. Fed.R.Civ.P. 37(a)(2)(B)(iii), (iv).

The party opposing the motion to compel must support each ground on which it refused discovery. Here, because Plaintiff failed to serve any timely responses to the discovery, all objections to the discovery are waived. Fed.R.Civ.P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

The party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, unless the losing party was substantially justified in making or opposing the motion (or other circumstances make such an award unjust). Fed.R.Civ.P. 37(a)(5); *H. K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1124–1125 (6th Cir. 1976). Thus, the burden is on the losing party affirmatively to demonstrate that its position was substantially justified. Adv. Comm. Notes to 1970 Amendment to former Fed.R.Civ.P. 37(a)(4).

## 3. Argument

Plaintiff was required to respond to the District's discovery requests by April 16, 2008. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). Mr. Petersen did not respond, although to do so would have required little effort on his part. For example, the second interrogatory asks for "each home address where [Plaintiff] resided between August 2003 and the present, and the dates he resided at each address." Mr. Petersen should have been able to provide this information with little, if any, research. Responses to this and the other interrogatories and production requests regarding Plaintiff's residence are highly relevant to the District's case: the District's IDEA duties to Plaintiff arose only if he lived within the District's geographical boundaries. Cal.Ed.Code, § 48200. Moreover, the settlement agreement requires the District to convene an IEP meeting by May 30, 2005 only if Plaintiff resided in the District and was actually seeking educational services from the District – i.e., was enrolled in the District.

When Mr. Petersen did not timely respond to the discovery, Amy R. Levine, counsel for the District, contacted him to meet and confer as to responses first by mail and then by telephone. During their conversation, Mr. Petersen behaved bizarrely and then – without provocation -- hung up on Ms. Levine.

SF 309205v2

Mr. Petersen has not, and will not, advance good cause for his failure to timely respond to the District's discovery requests. An order compelling responses is therefore appropriate, along with an order for the costs of bringing this motion. Fed.R.Civ.P. 37(a)(2)(B)(iii), (iv).

It is the District's position that an even more appropriate order would be one for dismissal of the underlying matter as sanctions for Mr. Petersen's shenanigans. If no answers or objections of any kind have been served in response to discovery, any of the sanctions authorized by Federal Rules of Civil Procedure, Rule 37(d) – including dismissal – may be imposed, even in the absence of a prior court order compelling the responses. *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) ("Dismissal is a proper sanction under Rule 37(d) for a serious or total failure to respond to discovery even without a prior order"). *See also*, Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, ¶ 11:2402-04 (The Rutter Group 2008). Further, discovery misconduct may be punished under this Court's inherent powers to manage its affairs. *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 106–107 (2nd Cir. 2002); *Unigard Security Ins. Co. v. Lakewood Engineering & Manufacturing Corp.*, 982 F.2d 363, 368 (9th Cir. 1992). The District therefore requests that this Court sanction Plaintiff by terminating the action by dismissal.

Mr. Petersen's bad faith conduct justifies this Court terminating the action. Without more, the frivolous ramblings of the original complaint, the FAC, and the Second Amended Complaint evidence bad faith. This is made all the worse because Mr. Petersen had already filed two substantially similar actions against the District in 2002 (*Petersen v. Mt. Diablo Unified School District*, No. C 02-0887 SI [dismissed for failure to state a claim]) and in 2004 (*Petersen v. Mt. Diablo Unified School District*, No. C 04-01059 SI [dismissed for failure to state a claim, and judgment entered in favor of defendants].)

Mr. Petersen well knows that his honest responses to the District's discovery will seal the fate of the underlying action. It is likely this reason Mr. Petersen refuses to respond to the District. Regardless, it beyond dispute that Mr. Petersen's antics have caused the District to expend energy and resources to defend this frivolous action, and dismissal is therefore appropriate.

In the alternative, this Court should order that Plaintiff be precluded from asserting issues or from introducing documentary evidence or testimony as to or otherwise referencing the following issues or allegations:

    1.    Plaintiff requested an IEP team meeting at any time relevant to this action;

    2.    The District was required to convene an IEP team meeting for Plaintiff by May 30, 2005;

The Honorable Susan Illston
U.S. District Court Judge
April 28, 2008
Page 5

    3.    The District failed to convene an IEP meeting for Plaintiff by May 30, 2005;

    4.    The District violated the IDEA by inviting Plaintiff's private school principal to attend an IEP team meeting that was held in September 2005 or otherwise communicating with his private school principal;

    5.    Plaintiff resided in or enrolled in the District at any time relevant to this action;

    6.    The District in any way breached any contract, settlement agreement, or the term(s) thereof;

    7.    All other issues raised in paragraphs 36 to 38 of his FAC.

## 4. Conclusion

For the foregoing reasons, the District respectfully requests that this Court order dismissal of this action, with prejudice, or other appropriate sanctions, or, in the alternative, that it order the Plaintiff to respond to the interrogatories and requests for production within five days.

Very truly yours,

MILLER BROWN & DANNIS

/s/ Amy R. Levine

Amy R. Levine
Attorney for the Mt. Diablo Unified School District
ARL/EB/cmd