


1  Michael Petersen PRO SE
2  3375 Port Chicago Hwy 30-166
   Concord Ca. 94520
3  (925) 588-4799

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

07-2400 SI

| | |
|---|---|
| MICHAEL PETERSEN PRO SE ON BEHALF OF HIMSELF, MICHAEL JR. AND RYAN PETERSEN | PLAINTIFF OPPOSITION TO MDUSD MOTION TO COMPEL DISCOVERY AND DISCOVERY SANCTIONS, REQUEST FOR SETTLEMENT CONFERENCE, REQUEST FOR JUDICIAL NOTICE |
| MDUSD ET. AL. | HONORABLE JUDGE SUSAN ILLSTON COURTROOM 10 19th FL |

At 0800 am, this 2nd day of May, 2008, plaintiff's file opposition to MDUSD 4/28/08 discovery/sanction motion. Plaintiff's request settlement conference and request for judicial notice of their 4/14/08 administrative motion and await its ruling. Plaintiff objects to sanctions and dismissal of his case. Plaintiff pro se is a house painter and MDUSD attorney is a civil litigator and officer of the court. This unbalance alone, should sway the court to rule on the 4/14/08 motion in plaintiff's favor. MDUSD attorney Ms. Levine clearly tricked plaintiff and insulted the court with her ex-parte trick that prevented plaintiff from asserting his children's rights at the 3/21/08 & 3/13/08 hearings while filing for discovery on 3/14/08 in advantage of her clients.

1  Had plaintiff been aware of her trick, he would have stayed in the CAND
2  court house when he filed his response @6:00am on 3/13/08 and attended the
3  9:00am hearing some 22 hours after his receipt. Ms. Levine violated her oath
4  to the court. It is not plaintiff's fault that Ms. Levine filed her
5  vexacious litigant motion before she filed answer on 3/11/08. Additionally,
6  Ms. Levine could have filed her summary judgement motion up to 10 days
7  before the 3/21/08 hearing and most likely received a automatic extention.
8  Instead, Ms. Levine tricked plaintiff and insulted the court. Plaintiff's
9  do not meet the legal requirements to be labled vexacious and their names
10 must be cleared with prejudice from the smear campaine. When Ms. Levine
11 called plaintiff, he stated that we must wait for the courts ruling on his
12 administrative motion and politely hung up the phone. The mere filing of
13 plaintiff's administrative motion constitutes a response to her discovery
14 request.
15 Simply put, Ryan Petersen was classified as a dual enrollment student under
16 master contract and United States law the entire time of his IDEA contract.
17 Futhermore, the MDUSD took responsibility for Ryan Petersen after the 2005
18 extended school year and after his IDEA contract clauses ended by contracting
19 with the non public agency, LindaMood-Bell center for special education
20 services. The issue of his residency in the discovery request therefore
21 became a moot point. Plaintiff strongly requests and urges the court to
22 protect the minor children's rights and deny Ms. Levine's request for
23 sanctions and dismissal and discovery. Plaintiff's requests a settlement
24 conferrence and shall bring documentation that shows his compliance with
25 court orders, his protecting from past suits (especially judge Illston)
26 officers of the courts, while working with and following court orders in
27 advance of his special education- disabled children, and any other
28

1 | documentation the court deems necessary. Plaintiff strongly requests the
2 | court order the LindaMood-Bell services for Ryan Petersen with great
3 | urgency, to be paid from the MDUSD federal funds. Treatment plan and
4 | testing results are contained within plaintiff's 4/14/08 administrative
5 | motion. Plaintiff can not fund the needed treatment necessary for Ryan
6 | Petersen.

7 | Respectfully submitted,
8 | Michael Petersen