**46 IDELR 97**

106 LRP 46234

**Essie BOWMAN, o/b/o W. B., a minor, et al., Plaintiffs, v. DISTRICT OF COLUMBIA, et al., Defendants**

U.S. District Court, District of Columbia

05-01933 (HHK)

August 2, 2006

**Related Index Numbers**

370.060 Jurisdiction

370.020 Class Actions

**Judge / Administrative Officer**

HENRY H. KENNEDY JR.

**Case Summary**

A breach of contract claim brought by parents of 34 students with disabilities who had entered into settlement agreements with the district did not state a claim under the IDEA or a violation of any Constitutional right. Therefore, a federal District Court granted the district's motion to dismiss the claim for lack of jurisdiction. The parents asserted that they had entered into settlement agreements with the district regarding their IDEA disputes over their children's education. The parents agreed to withdraw the students' requests for due process in exchange for the district's agreement to pay $4,000 in attorney's fees. The parents brought their class action claim in federal court when the district refused to pay the agreed-upon attorney's fees. They claimed the IDEA granted federal jurisdiction over enforcement of IDEA settlements. However, the court interpreted the statute to refer only to settlements that arose as a result of certain mediations and resolution sessions described therein, which the parents did not assert was the case with their settlement. The court also relied on well-settled principles that where the claim is strictly a breach of contract claim and does not require adjudication of substantive federal issues, it is a state law matter. Further, the parents asserted a Section 1983 claim because their federal and Constitutional rights were violated. But, the court noted that the parents did not claim they were prevailing parties, and had not stated any federal or Constitutional right violated by the district's breach of contract.

**Full Text**

**Appearances:**

APPEARANCES:

For W.B., a minor, by parent and next friend Essie B., C.B., a minor, by parent and next friend Beverly F., J.C., a minor, by parent and next friend Chiquita C., T.F., a minor, by parent and next friends Monte and Malaika F., W.G., a minor, by parent and next friend Connie B., O.G., a minor, by parent and next friend Nicola G., L.G., a minor, by parent and next friend Diana R., S.G., a minor, by parent and next friends Dewayne and Sarrinna G., A.H., a minor, by parent and next friend Crystal H., J.H., a minor, by parent and next friends Noah P. and Estelle H., A.K., a minor, by parent and next friend Adrienne K., C.L., a minor, by parent and next friend Marques L., B.L., a minor, by parent and next friend Adjelegan L., C.M., a minor, by parent and next friend Janice M., T.M., a minor, by parent and next friend Janice M., V.M., a minor, by parent and next friend Tamora A., A.M., a minor, by parent and next friend Tammy M., N.M., a minor, by parent and next friend Laura M., K.O., a minor, by parent and next friend Kimberly O., A.O., a minor, by parent and next friend Katherine O., J.O., a minor, by parent and next friend Tanya O., E.P., a minor, by parent and next friends Donnell and Valeri P., T.P., a minor, by parent and next friend Melodia P., J.Q., a minor, by parent and next friend Michaelyn J., J.R., a minor, by parent and next friend LaTisha R., D.R., a minor, by parent and next friend Diana R., S.R., a minor, by parent and next friend Sheldena R., S.R., a minor, by parent and next friend Sheldena R., A.W., a minor, by parent and next friend Felicia C., E.W., a minor, by parent and next friend Lawanda R., J.W., a minor, by parent and next friend Randolph N., A.W., a minor, by parent and next friend Shaney R., A.W., a minor, by parent and next friend Marchette W., D.W., a minor, by parent and next friend Diana

Copyright # 2007 LRP Publications                                                                                    1

Exhibit 1

Page 1 of 5

R., Plantiffs: Tilman L. Gerald, JAMES E. BROWN & ASSOCIATES, PLLC, Washington, DC.

For DISTRICT OF COLUMBIA, Defendant: Carol Elaine Burroughs, OFFICE OF THE ATTORNEY GENERAL DC, Washington, DC; Edward P. Taptich, OFFICE OF THE ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA, Equity Division, Washington, DC.

For CLIFFORD JANEY, Superintendent, D.C. Public Schools (officially), Defendant: Carol Elaine Burroughs, OFFICE OF THE ATTORNEY GENERAL DC, Washington, DC.

### Memorandum Opinion

Plaintiffs, thirty-four minors, bring this action, through their parents or next friends, against the District of Columbia and three of its officers to enforce settlement agreements that the parties entered into between March and May 2005. Before the court is defendants' motion to dismiss for lack of subject matter jurisdiction. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion must be granted.

### I. Background

Plaintiffs are learning-disabled public school students in the District of Columbia who qualify for special education services and benefits under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. ## 1400 et seq. The record does not indicate how the underlying dispute arose, but it appears that at some point plaintiffs initiated administrative procedures to secure these IDEIA entitlements. During the course of the administrative proceedings, each plaintiff entered into a settlement agreement[1] with the District of Columbia Public Schools ("DCPS") that provided, in relevant part, that the student would withdraw his or her request for due process hearings in exchange for, inter alia, "reasonable attorney fees not to exceed Four Thousand Dollars." Pls.' Ex. 1 at 4 (Settlement Agreement).

Plaintiffs claim that they have fulfilled their contractual obligations by formally withdrawing their requests for due process hearings and timely submitting their claims for reimbursement, but that defendants have nonetheless failed to pay the attorneys' fees and now refuse to do so. Plaintiffs bring this action to compel defendants to comply with the agreements.

### II. Discussion

Defendants move to dismiss this action for lack of subject matter jurisdiction,[2] arguing that (a) plaintiffs' breach of contract claim does not present a federal question or fall within the IDEIA's jurisdictional provisions, and (b) although the complaint lists 42 U.S.C. # 1983 (and other federal statutes) as a basis for jurisdiction, no other claim besides the breach of contract claim has actually been stated.

### A. The IDEIA

Although the parties' underlying dispute relates to and touches on the IDEIA, the complaint, ultimately, is a simple breach of contract claim. See Compl. # 1 ("This is an action to enforce settlement agreements ..."); Pls.' Opp'n at 3 ("The issue presently before this Court is whether subject matter jurisdiction exists to enforce written settlement agreements entered into pursuant to the IDEIA"). Breach of contract claims are governed by state law and do not present federal questions. *Makins v. Dist. of Columbia,* 349 U.S. App. D.C. 303, 277 F.3d 544, 547 (D.C. Cir. 2002). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 813, 92 L. Ed. 2d 650 -- 14 (1986).[3] Indeed, plaintiffs do not contend that the breach of contract claim presents a federal question; rather, they maintain that amendments included in the 2004 re-authorization of the IDEA (thereafter dubbed the IDEIA) provide United States district courts with subject matter jurisdiction to enforce IDEIA-related settlement agreements.

Plaintiffs rely on two provisions of the Act. One

Copyright # 2007 LRP Publications

**Special Ed Connection Case Report**

provides that "[i]n the case that a resolution is reached to resolve the complaint *through the mediation process*, the parties shall execute a legally binding agreement ... [that] is enforceable ... in a district court of the United States." 20 U.S.C. # 1415(e)(2)(f)(iii) (emphasis added). The other states that "[i]n the case that a resolution is reached to resolve the complaint at a meeting described in clause (i),[4] the parties shall execute a legally binding agreement that is ... enforceable ... in a district court of the United States." # 1415(f)(1)(B)(iii).

Plaintiffs do not assert that their settlement agreements meet the requirements of either of these two provisions. See Pls.' Opp'n at 6 (discussing the significance of # 1415's "silen[ce] with respect to the enforcement of settlement agreements that are *not derived* from mediation or a resolution session meetings [sic]") (emphasis added); *id.* at 4 (arguing that "Congress did not intend to preclude all other pre-hearing settlement agreements from enforcement in the same manner as those obtained in either mediation or resolution meetings."). Instead, they ask the court to "look beyond the [Act's] plain meaning," *id.* at 5, to find that the settlement agreements in question -- like agreements reached through resolution meetings or mediation -- are enforceable in a district court of the United States.

Perhaps it is true, as plaintiffs suggest, that a district court's exercise of subject matter jurisdiction over disputes involving settlement agreements like those in this case would be "a logical extension," Pls.' Opp'n at 4, of the jurisdictional provisions in # 1415 and would advance Congress's goal of facilitating non-judicial resolution of IDEIA-related disputes. But it is not the role of the courts to append new provisions to statutes whenever doing so might comport with some of Congress's goals. *See Brogan v. United States,* 522 U.S. 398, 408, 139 L. Ed. 2d 830 (1998); *Nathan v. Smith,* 237 U.S. App. D.C. 364, 737 F.2d 1069, 1081 (D.C. Cir. 1984). This is especially true when other parts of the Act indicate that Congress also wanted to encourage plaintiffs to resolve their disputes only through certain formal administrative procedures. See 20 U.S.C. # 1415(i)(D)(ii) (forbidding the awarding of attorneys' fees relating to an IEP Team meeting "unless such meeting is convened as a result of an administrative proceeding or judicial action, or, at the discretion of the State, for a mediation described in subsection (e) of this section."). The language that plaintiffs rely on is not ambiguous, nor would its literal application produce absurd or unjust results.[5] Consequently, there is no reason to go beyond the application of the law as written. The court therefore declines to confer jurisdiction on itself where Congress has not done so.

### B. Section 1983

Defendants next argue that 42 U.S.C. # 1983 cannot be a basis for subject matter jurisdiction because plaintiffs have failed to state a claim under that provision, despite listing it in the jurisdiction section of the complaint.[6] To state a claim under # 1983, a plaintiff must, as a threshold matter, allege that she "was deprived of a right secured by the Constitution or laws of the United States." *Hoai v. Vo,* 290 U.S. App. D.C. 142, 935 F.2d 308, 312 (D.C. Cir. 1991). Plaintiffs do not satisfy this test.

Although a plaintiff is not required to "plead law or match facts to every element of a legal theory," *Sparrow v. United Air Lines, Inc.,* 342 U.S. App. D.C. 268, 216 F.3d 1111, 1115 (D.C. Cir. 2000), the complaint must include some factual basis for the allegations made. *Atchinson v. Dist. of Columbia,* 315 U.S. App. D.C. 318, 73 F.3d 418, 422 (D.C. Cir. 1996). As discussed above, this is a breach of contract case. The complaint does not allege that plaintiffs' statutory or Constitutional rights have been violated; rather, it focuses entirely[7] on defendants' failure to comply with the terms of the settlement agreements and asks only for enforcement of the settlement agreements, plus interest, fees associated with this suit, and "such other relief as may be just and proper." Compl. at 43.

Plaintiffs argue for the first time in their opposition brief that defendants' refusal to perform their contractual obligations is part of a concerted

Copyright # 2007 LRP Publications

Exhibit 1
Page 3 of 5

effort "to undermine, if not to completely infringe upon, the ability of parents to obtain the services of competent legal counsel." Pls.' Opp'n at 9. They maintain that, although "the complaint could have been more artfully worded," id. at 10, it alleges thirty-four breaches of contract and thereby states a claim for a violation of an IDEIA-conferred right to counsel. This argument is unavailing.

Plaintiffs may have a claim for an IDEIA violation based on defendants' alleged refusal to pay attorneys' fees; but they have not stated it in their complaint.[8] Even under the liberal pleading requirements of Federal Rule of Civil Procedure 8, in order to state a claim under #1983 a plaintiff must do more than allege a breach of contract and hope that the court and defendants infer that this breach somehow deprived her of "a right secured by the Constitution or laws of the United States." Cf. Ramirez v. Arlequin, 447 F.3d 19, 25 (1st Cir. 2006) ("A claim of breach of contract by a state actor without any indication or allegation that the state would refuse to remedy the plaintiffs' grievance should they demonstrate a breach of contract under state law does not state a claim for violation of the plaintiffs' right of procedural due process.") (citing Lujan v. G & G Fire Sprinklers, Inc., 532 U.S. 189, 196, 149 L. Ed. 2d 391-98 (2001)); Int'l Action Ctr. v. United States, 361 U.S. App. D.C. 108, 365 F.3d 20, 28 (D.C. Cir. 2004) (stating that "a claim of 'mere negligence' is insufficient to state a claim of supervisory liability under Section 1983.").

Consequently, the court concludes that plaintiffs have not alleged that they were deprived of a right secured by the Constitution or laws of the United States. Because the court does not have subject matter jurisdiction over the breach of contract claim and because no other claim has been stated, the complaint must be dismissed.

### III. Conclusion

For the aforementioned reasons, the court concludes that defendants' motion to dismiss must be granted. An appropriate order accompanies this memorandum opinion.

---

[1] The settlement agreements have unique details, such as the student's name, date of birth, and school, but are identical in their relevant terms.

[2] A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) should not prevail "unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." Kowal v. MCI Commun. Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 1276 (D.C. Cir. 1994); Beverly Enters., Inc. v. Herman, 50 F. Supp. 2d 7, 11) (D.D.C. 1999). Additionally, at the dismissal stage, the plaintiffs' complaint must be construed liberally, and plaintiffs should receive the benefit of all favorable inferences that can be drawn from the alleged facts. See EEOC v. St. Francis Xavier Parochial Sch., 326 U.S. App. D.C. 67, 117 F.3d 621, 624 (D.C. Cir. 1997).

[3] It is, of course, "a general rule that a federal court may have jurisdiction over a state-law based claim where federal law constitutes an essential component of that claim." Bd. of Trustees of Hotel and Restaurant Employees Local 25 v. Madison Hotel, Inc., 321 U.S. App. D.C. 145, 97 F.3d 1479, 1486 (D.C. Cir. 1996). But, unlike Madison Hotel, this case is not one where "enforcement of the settlement agreement itself will require adjudication of substantive federal law issues." Id. at 1484. There, ERISA's unusually broad preemption clause made it such that "any state law claim ... for breach of the settlement agreement would clearly 'relate to' an employee benefit fund and therefore be preempted." Id. at 1487. The IDEIA does not have a similarly expansive preemption clause, and it appears that the resolution of the dispute at bar will turn not on an interpretation of federal law but rather on a determination of whether defendants are permitted to withhold payments to attorneys who are not licensed to practice in the District of Columbia. See Compl. # 11. At most, a federal question might arise in a defense to the alleged breach of contract. It is well established, though, that a defense that raises a federal question is inadequate to confer federal jurisdiction.

*See Louisville & Nashville Ry. Co. v. Mottley*, 211 U.S. 149, 152, 53 L. Ed. 126 (1908).

[4]Clause (i) describes a "Preliminary meeting," convened "within 15 days of receiving notice of the parents' complaint," wherein "the local educational agency" meets with "the parents and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint." 20 U.S.C. # 1415(f)(1)(B)(i).

[5]Plaintiffs are, of course, free to file a breach of contract complaint in state court.

[6]Plaintiffs also recite other statutory bases for jurisdiction in the complaint. In their opposition brief, however, they mention only the IDEIA and # 1983 as bases for jurisdiction, and the court deems plaintiffs to have conceded that these statutes are not proper bases for jurisdiction. Even if these bases were not conceded, though, they would fail for the same reason that the # 1983 claim fails; viz, apart from the perfunctory recitation in the jurisdiction section, the complaint does not contain allegations that would allow the court to find that a federal question has been raised.

[7]The only possible exception to this is the statement "[t]hat this Court and the IDEA clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs' herein." Compl. # 18. However, plaintiffs do not contend that they are "prevailing parties," within the meaning of the statute, who may be awarded attorneys's fees by this court pursuant to 20 U.S.C. # 1415(i)(3). Pls.' Opp'n at 8 ("Plaintiffs in this case are not asking the court to determine or to award attorneys [sic] fees."). Therefore there is no basis to conclude that this part of the complaint alleges an IDEIA violation. Rather, it appears merely to state that the terms of the settlement agreements are not inconsistent with the IDEIA.

[8]Alleging a violation of IDEIA rights in the opposition brief is insufficient to overcome a motion to dismiss for failure to state a claim. *Henthorn v. Dep't of Navy*, 308 U.S. App. D.C. 36, 29 F.3d 682, 688 (D.C. Cir. 1994) ("The purpose of a motion to dismiss is to assess the validity of the *pleadings.*") (emphasis in original).

**Statutes Cited**

20 USC 1415(f)(1)(B)(iii)
20 USC 1415(f)(1)(B)(i)
20 USC 1415(i)(3)
20 USC 1415(e)(2)(F)(iii)
20 USC 1415(i)(3)(D)(ii)