**United States District Court**
For the Northern District of California

1
2
3
4
5                  IN THE UNITED STATES DISTRICT COURT
6                FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   N.R., a minor, et al.,                    No. C 05-00441 SI
9              Plaintiffs,                    **ORDER GRANTING DEFENDANT'S**
                                              **MOTION FOR JUDGMENT ON THE**
10      v.                                    **PLEADINGS**
    SAN RAMON VALLEY UNIFIED SCHOOL
11  DISTRICT,
12              Defendant.
                                        /
13  AND RELATED THIRD PARTY CLAIM.
                                        /
14
15       On October 14, 2005, the Court heard oral argument on defendant San Ramon Valley Unified School

16  District's motion for judgment on the pleadings. After the hearing, the parties submitted supplemental briefing

17  on the effect, if any, of the 2005 amendments to the Individuals with Disabilities in Education Act ("IDEA").

18  Having considered the arguments of counsel and all the briefing, the Court hereby GRANTS defendant's

19  motion.

20

21                          **BACKGROUND**

22       On January 31, 2005, plaintiffs N.R., L.C., R.P., E.P., and N.B., all minors, filed a complaint against

23  defendant San Ramon Valley Unified School District ("District"). Plaintiffs allege that they are each students

24  with one or more disabilities, and that they are each currently receiving behavioral services from Synergistic

25  Interventions ("SI"), a non-public agency certified by the State of California to provide intensive behavioral

26  support services to special needs children in both home and school settings. *See* Complaint ¶ 18. Plaintiffs

27  allege that these services are being provided to each of the plaintiffs pursuant to either an Individual Education

28

Exhibit 3
Page 1 of 8

**United States District Court**
For the Northern District of California

1  Program ("IEP") or a settlement agreement with the defendant,[1] or both.  *Id.*

2      Plaintiffs allege that on January 27, 2005, defendant advised plaintiffs that after February 1, 2005, SI

3  would no longer be available to provide services to any students within the district. *Id.* at ¶ 20.  Plaintiffs allege

4  that SI informed them that its "unavailability" was the result of a confidential mediation agreement between SI

5  and the District in a lawsuit concerning payment for behavioral services provided to district students.  *Id.*

6  Plaintiffs allege that defendant advised plaintiffs that the District would select new behavioral services providers

7  to begin working with plaintiffs beginning February 2, 2005, regardless of whether the District received parental

8  consent to the new service providers.  *Id.*[2]

9      Plaintiffs seek to prevent defendant from replacing SI with new behavioral services providers, and they

10  allege that defendant is "obligated to continue all current services to plaintiffs as the last agreed upon and

11  implemented services."  *Id.* at ¶ 23.  Plaintiffs have alleged three causes of action: (1) declaratory relief under

12  the IDEA and the California Education Code; (2) injunctive relief under the IDEA and California Education

13  Code §§ 56000 *et seq.*; and (3) breach of contract for alleged violations of settlement agreements between

14  some plaintiffs and defendant.  *Id.* at ¶¶ 22-33.

15

16  **LEGAL STANDARD**

17      "After the pleadings are closed but within such time as not to delay the trial, any party may move for

18  judgment on the pleadings."  Fed. R. Civ. Proc. 12(c).  Rules 12(b)(6) and 12(c) are substantially identical.

19  *See* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, <u>Federal Civil Procedure Before Trial</u>

20  § 9:319.  Under either provision, a court must determine whether the facts alleged in the complaint, to be taken

21  for these purposes as true, entitle the plaintiff to a legal remedy.  *Id.*  If the complaint fails to articulate a legally

22  sufficient claim, the complaint should be dismissed or judgment granted on the pleadings.

23

24

25

26  [1]  The complaint alleges that four of the plaintiffs have entered into "settlement agreements" with the District.  The complaint does not provide any details regarding the context in which these agreements were entered into, or when the agreements were signed.

27

28  [2]  It is unclear from the parties' papers whether SI is currently still providing services or whether the District has already replaced SI.

2

Exhibit 3
Page 2 of 8

**United States District Court**
For the Northern District of California

## DISCUSSION

### 1.    First and Second Causes of Action Under the IDEA and California Education Code

The District contends that plaintiffs' first and second causes of action should be dismissed for failure to exhaust administrative remedies under the IDEA. The IDEA provides that a complainant may file an action under the Constitution, the Americans with Disabilities Act, Title V of the Rehabilitation Act of 1973, or other federal laws which protect the rights of children with disabilities "except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter." 20 U.S.C. § 1415(l) (as amended July 1, 2005).

Under the IDEA, parents are entitled to complain "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to the child." *Id.* at § 1415(b)(6)(A). After making their complaint, parents are entitled to "an impartial due process hearing." *Id.* at § 1415(f). A decision of the due process hearing "shall be final," *id.* at § 1415(i)(1)(A), except that "[a]ny party aggrieved by the findings and decision . . . shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States." *Id.* at § 1415(i)(2)(A).

California Education Code §§ 56500-56507 sets forth the administrative scheme for due process hearings under the IDEA. Under these provisions, parents may initiate a due process hearing regarding a proposal to change identification, assessment or educational placement of a child, and such hearing will be conducted at the state level. *See* Cal. Educ. Code § 5601(a)(1), (b)(4).

Here, plaintiffs seek declaratory and injunctive relief regarding educational services specified in their IEPs. Plaintiffs request the Court to "maintain SI as the current behavior support services provider for plaintiffs until the agreed-upon transition process has been successfully completed." Complaint, Prayer ¶ 1. Plaintiffs allege that defendant is in violation of the IDEA's "stay put" provision, which plaintiffs contend prohibits defendant from changing services providers. *Id.* at ¶ 26. The relief plaintiffs seek is available under the IDEA, and thus plaintiffs are required to exhaust their administrative remedies. *See Hoeft*, 967 F.2d at 1309 (plaintiffs required to exhaust administrative remedies because "the administrative process has the potential for producing

3

Exhibit 3
Page 3 of 8

United States District Court
For the Northern District of California

1    the very result plaintiffs seek, namely, statutory compliance."); *see also Tyler B. v. San Antonio Elem. Sch.*

2    *Dist.*, 253 F. Supp. 2d 1111, 1118 (N.D. Cal. 2003).

3         Plaintiffs contend that they are not required to exhaust administrative remedies because it is

4    "improbable" that they will obtain adequate relief through administrative procedures.  In support of this

5    argument, plaintiffs assert that "it is extremely unlikely that, as a result of a due process hearing, any plaintiff

6    could obtain equitable or legal relief to adequately address a situation where, as here, plaintiffs have alleged that

7    defendant district has attempted to contract with a third party for the purpose of intentionally and wrongfully

8    interfering with plaintiffs' contractual and statutory rights." Plaintiffs' Opposition at 2.  Plaintiffs offer no case

9    law or statutory authority for this proposition.  Moreover, plaintiffs have not demonstrated that any of the

10   exceptions to the administrative exhaustion requirement, as described in *Hoeft*, are applicable here. *See Hoeft*,

11   967 F.2d at 1303-04 (stating exhaustion is not required where it would be futile, inadequate, or when an

12   agency has adopted a policy or pursued a practice of general applicability that is contrary to the law).

13        Alternatively, plaintiffs seek leave to amend their complaint to specifically allege exhaustion of

14   administrative remedies.  Plaintiffs contend that they have satisfied this requirement by filing compliance

15   complaints with the California Department of Education's Compliance Unit.  The Ninth Circuit in *Hoeft* held

16   that district courts have discretion to determine, on a case by case basis, whether a compliance complaint

17   "would substitute for exhausting IDEA procedures in challenges to facially invalid policies." *Id.* at 1308.  The

18   court noted that a compliance complaint "may furnish an appropriate administrative remedy where the only

19   purposes served by exhaustion are to notify the state of local noncompliance and to afford it an opportunity to

20   correct the problem." *Id.*

21        The Court concludes that a compliance complaint filed with CDE would not substitute for exhausting

22   the IDEA administrative procedures in this case because plaintiffs are not challenging a facially invalid policy,

23   but rather seek relief in the form of continued and uninterrupted services from their current services provider.

24   As stated above, such relief is available through the administrative process, and plaintiffs must exhaust those

25   remedies.

26        Plaintiffs also state, somewhat inconsistently, that they have exhausted their administrative remedies by

27   "participating" in due process hearings concerning their claims that the District breached its settlement

28

4

Exhibit 3
Page 4 of 8

1   agreements with plaintiffs.  In their reply, defendants state that these administrative proceedings have not

2   concluded, and plaintiffs' counsel did not contradict this statement at oral argument or in the supplemental

3   briefing.   Accordingly, because the   administrative proceedings have not concluded, plaintiffs have not

4   exhausted their administrative remedies and the Court lacks jurisdiction over plaintiffs' first and second causes

5   of action under the IDEA and the California Education Code.  The Court hereby GRANTS defendant's motion

6   and DISMISSES WITHOUT PREJUDICE plaintiffs' first and second causes of action.

7

8   **2.        Third Cause of Action for Breach of Contract**

9          Defendant moves to dismiss plaintiffs' remaining claim for breach of contract for lack of subject matter

10  jurisdiction because there is neither diversity nor federal question jurisdiction over this cause of action.  At oral

11  argument, plaintiffs contended for the first time that the recent amendments to the IDEA conferred federal

12  jurisdiction over claims to enforce settlement agreements that resolve IDEA disputes.   The parties have

13  submitted supplemental briefing on this issue.

14         The Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, 118 Stat.

15  2647 (2004), made numerous substantive amendments to the IDEA.  Plaintiffs' jurisdictional argument is based

16  on the amended version of 20 U.S.C. § 1415(e)(2)(F), which provides,

17      (F) WRITTEN AGREEMENT. – In the case that a resolution is reached to resolve the
        complaint through the mediation process, the parties shall execute a legally binding agreement
18      that sets forth such resolution and that –

19          (i) states that all discussions that occurred during the mediation process shall be
            confidential and may not be used as evidence in any subsequent due process
20          hearing or civil proceeding;

21          (ii) is signed by both the parent and a representative of the agency who has the
        authority to bind such agency; and
22

23          (iii) is enforceable in any State court of competent jurisdiction or in a district     court
            of the United States.

24  20 U.S.C. § 1415(e)(2)(F) (2005).  Plaintiffs contend that this subsection confers jurisdiction in this Court to

25  enforce the settlement agreements entered into between the plaintiffs and the District.  Defendants contend that

26  this language does not confer such jurisdiction, and that even if it does confer jurisdiction, it only does so for

27  settlement agreements entered into after July 1, 2005, the effective date of the IDEA amendments.

28

**United States District Court**
For the Northern District of California

5

Exhibit 3
Page 5 of 8

**United States District Court**
For the Northern District of California

1    The Court concludes that even if the recent amendments to IDEA conferred jurisdiction on the federal

2    courts to enforce settlement agreements reached through the IDEA mediation process, these amendments do

3    not operate to confer such jurisdiction in this case.   The amendment to § 1415(e)(2)(F), along with many of

4    the other amendments, took effect on July 1, 2005.  *See* 20 U.S.C. § 1400 (2005).[3]  It is undisputed that all

5    of the settlement agreements between plaintiffs and the District were entered into prior to July 1, 2005.[4]  Thus,

6    the amended version of § 1415 would only apply to the settlement agreements at issue if the Court applied the

7    amendment retroactively.[5]

8        Plaintiffs  contend  that  the  Court  can  retroactively  apply  §  1415(e)(2)(F)  because  it  is  strictly

9    jurisdictional and does not expand the parties' rights or obligations.  However, even if plaintiffs' interpretation

10   of § 1415(e)(2)(F) is correct, there is nothing in the amendments to suggest that courts may retroactively apply

11   any of the amendments, much less retroactively apply certain subsections on a piecemeal basis.  *Cf. Tucker*

12   *v. Calloway County Bd. of Educ.*, 136 F.3d 495, 501 (6th Cir. 1998) (holding that 1997 IDEA amendments

13   were prospective only and noting that nothing in the 1997 amendments suggested retroactive application).  In

14   addition to amending § 1415(e)(2)(F), the Individuals with Disabilities Education Improvement Act of 2004

15   made numerous substantive  amendments to the IDEA which clearly do affect parties' rights and obligations

16   under that statute.  *See, e.g.,* 20 U.S.C. § 1415(c) (2005) (setting forth new requirements regarding content

17   of written notice provided to parents as well as new subsection regarding handling of due process complaints).

18   Plaintiffs provide no authority for the proposition that the Court can retroactively apply a single amended

19   subsection of a statute in  the  absence of clear language authorizing such piecemeal retroactivity.  Indeed, the

20   Court concludes that to do so would be contrary to the "presumption against retroactive legislation that is

21   deeply rooted in our jurisprudence."  *Hughes Aircraft Co. v. U.S. ex rel. Schumer*, 520 U.S. 939, 946

23   ――――――――――――

24   [3]  The other amendments took place either on the date of the Act's enactment, December 3, 2004, or on October 1, 2005.  *See id.*

25   [4]  Although the complaint does not specify when the settlement agreements were entered into, they were all entered into prior to January 31, 2005, the date the complaint in this case was filed.

27   [5]  Section 1415(e)(2)(F) would also only apply if the settlement agreements were entered into pursuant to the IDEA mediation process.  The complaint does not describe the circumstances under which the settlement agreements were negotiated.  Because the Court concludes that § 1415(e)(2)(F) does not apply retroactively, it need not address this factual question.

6

Exhibit 3
Page 6 of 8

1  (1997) (internal quotation omitted).

2      Because the Court concludes that § 1415(e)(2)(F) does not confer federal subject matter jurisdiction

3  over plaintiffs' third cause of action, and because the Court has dismissed plaintiffs' IDEA claims for failure to

4  exhaust administrative remedies, there is no basis for jurisdiction over plaintiffs' breach of contract claim. *Cf.*

5  *Opera Plaza Residential Homeowners Association v. Tuan Hoang*, 376 F.3d 831, 840 (9th Cir. 2004)

6  (noting breach of contract claim is "creature of state law."). Accordingly, the Court GRANTS defendant's

7  motion for judgment on the pleadings and DISMISSES this cause of action without prejudice.

8

9  **3.    Leave to Amend**

10     Plaintiffs seek leave to amend to allege claims under 42 U.S.C. § 1983 "based upon defendant's

11  violation of the IDEA and plaintiffs' rights to due process, equal protection and free speech as guaranteed by

12  the United States Constitution." Plaintiff's Opposition at 4. Plaintiffs also contend that they can state a claim

13  under Section 504 of the Rehabilitation Act of 1973. Significantly, plaintiffs have not submitted a proposed

14  amended complaint, nor do they elaborate in any way on the nature of these proposed claims.

15     The Court concludes that allowing plaintiffs to amend the complaint would be futile, and thus DENIES

16  leave to amend. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). For all of the

17  reasons set forth above regarding the failure to exhaust administrative remedies under IDEA, plaintiffs cannot

18  reframe their IDEA claims under Section 1983 because they would still be required to exhaust administrative

19  remedies. *See Robb*, 308 F.3d at 1048 (affirming dismissal of § 1983 claim based on IDEA when plaintiff

20  failed to exhaust administrative remedies). Similarly, to the extent that plaintiffs' amended complaint would be

21  alleging "injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies,

22  exhaustion of those remedies is required." *Id.*; *see also* 20 U.S.C. § 1415(l) (stating exhaustion of IDEA

23  remedies is required prior to filing suit under ADA, Rehabilitation Act, Constitution, or other federal laws if

24  relief sought is available under IDEA).

25

26                         **CONCLUSION**

27     For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's

28

United States District Court
For the Northern District of California

7

Exhibit 3
Page 7 of 8

1   motion for judgment on the pleadings, DISMISSES plaintiffs' claims WITHOUT PREJUDICE, and

2   DENIES plaintiffs' request for leave to amend. [Docket No. 59].

3

4   Dated: November 23, 2005

5

6

7   SUSAN ILLSTON
    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

8

Exhibit 3
Page 8 of 8