BEFORE THE
OFFICE OF ADMINISTRATIVE HEARINGS
SPECIAL EDUCATION DIVISION
STATE OF CALIFORNIA

In the Matter of:

RYAN PETERSEN,

           Student,

vs.

MT. DIABLO
UNIFIED SCHOOL DISTRICT,

           Respondent.

OAH No. N2005090266

DETERMINATION OF SUFFICIENCY
OF DUE PROCESS COMPLAINT
AND ORDER

      On September 2, 2005, Ryan Petersen (Student), through his father Michael Petersen, faxed the Office of Administrative Hearings (OAH) a copy of his letter of the same date to Mt. Diablo Unified School District (District), in which he demanded an immediate resolution session, in reference to an alleged prior filing of a request for a due process hearing on August 31, 2005. OAH has no record of receipt of any request for hearing from Student.[1]

      On September 7, 2005, District filed a Notice of Objection to the Sufficiency of the Complaint, attached to which is a copy of a three-sentence letter from Student dated and faxed to the District on August 31, 2005. The letter is addressed to SEHO, with a copy to Ken Ferro of the District. Student's August 31 letter requests a due process hearing, in which he indicates only that he is a special education student residing within the boundaries of the District. Respondent District asserts that Student's complaint fails to describe any facts as to the Student's problems to be addressed at hearing, and that it fails to propose any resolution to the problems.

APPLICABLE LAW

      The reauthorized Individuals with Disabilities Education Improvement Act (IDEIA) became effective July 1, 2005, and 20 U.S.C. section 1415 subdivisions (b) and (c), underwent significant amendment. Under the amended sections, either party now has the express right to challenge the sufficiency of any complaint, and a

---

[1] SEHO, Special Education Hearing Office of McGeorge, also apparently has no current open case for Student.

party filing the complaint is not entitled to the hearing if it does not comply with subdivision (b)(7)(A).  The specific subsections at issue include:

20 U.S.C. section 1415 subdivision (b)(7)(A)(ii)(III), which provides that the complaint shall include "...a description of the nature of the problem of the child relating to such proposed initiation or change,[2] including facts relating to such problem;..."

20 U.S.C. section 1415 subdivision (b)(7)(A)(ii)(IV), which provides that the complaint shall include "...a proposed resolution of the problem to the extent known and available to the party at the time;"

20 U.S.C. section 1415 subdivision (c)(2)(C), which provides that the party receiving a due process complaint notice shall submit a notice of any insufficiencies in the complaint within 15 days of receiving the complaint;

20 U.S.C. section 1415 subdivision (c)(2)(D), which provides that, within 5 days of receipt of a notice of insufficiency, the hearing officer shall make a determination on the face of the complaint whether it meets the requirements of subdivision (b)(7)(A);

20 U.S.C. section 1415 subdivision (b)(7)(B), which provides that a party is not entitled to a due process hearing until its complaint meets the requirements of subsection (b)(7)(A); and

20 U.S.C. section 1415 subdivision (c)(2)(E), which provides that a party may amend the complaint only if the hearing officer grants permission, or as otherwise specified.

## DISCUSSION

The District's objection faxed on September 7, 2005, is timely, assuming the complaint was filed on either August 31, or September 2, 2005. The basic objection is that the complaint fails to comply with 20 U.S.C. section 1415(b)(7)(A), in that it fails to state any of the Student's problems, and fails to propose a resolution. The objection is well taken.

Under the reauthorized IDEIA, the parties are now procedurally encouraged, by the notice of insufficiency motion, to identify the specific problems and proposed resolutions at the outset of the case, rather than only shortly before hearing. Congress intends that early identification of specific problems enables the parties to be more

---

[2] 20 U.S.C. section 1415 subdivision (b)(3) provides that the local educational agency shall provide written prior notice to the parents whenever it proposes to initiate or change; or refuses to initiate or change an IEP placement.

Exhibit B
Page 2 of 4

informed earlier in the complaint process, and to more readily move toward possible resolution of the issues identified.

1. *Failure to identify a problem of a failure to provide FAPE*:  On its face, the complaint fails to provide any facts about what Student's current problems are, what District has done or is proposing, or in what way, if any, any District action or inaction constitutes a denial of a free appropriate public education (FAPE).  It does not describe sufficient facts relating to any problem.

2. *Failure to propose a resolution*:  On its face, the complaint fails to describe what the Student wants as a proposed resolution of the current problem.

It is a fundamental principle of due process that the District is entitled to know the specific allegations Student is making so that it may be able to respond and prepare its defense.  *(Tadano v. Manney* (9th Cir. 1947) 160 F.2d 665, 667; *Hornsby v. Allen* (5th Cir. 1964) 326 F.2d 605, 608.)

## ORDER

1.    The complaint is deemed insufficient under 20 U.S.C. section 1415 subdivision (b)(7)(A)(ii).

2.    Pursuant to 20 U.S.C. section 1415 subdivision (c)(2)(E)(ii), Student shall be permitted to file an amended due process complaint.

3.    The amended due process complaint shall conform to the requirements of 20 U.S.C. section 1415 subdivision (b)(7)(A)(ii), and shall be filed not later than 14 days from the date of this order.

4.    If Student fails to file an amended due process complaint notice within 14 days, the complaint shall be deemed abandoned and the case will be closed.

Dated:   September 12, 2005

DEIDRE L. JOHNSON
Administrative Law Judge
Special Education Division
Office of Administrative Hearings

Exhibit B
Page 3 of 4

## PROOF OF SERVICE

I, **Jana Boccalon**, declare as follows: I am over 18 years of age and have no interest in the action within; my place of employment and business address is:

**Office of Administrative Hearings**
**Special Education Division**
**1102 Q Street, 4th Floor**
**Sacramento, CA 95814**

On **September 12, 2005**, I served a copy of the following entitled action:

### DETERMINATION OF SUFFICIENCY OF DUE
### PROCESS COMPLAINT AND ORDER –
### OAH CASE NO. - 2005090266

to each of the person(s) named below, at the address set out next to each name, by the following method:

Michael S. Petersen
P.O. Box 273363
Concord, CA 94527

Jennifer Postel, Esq.
Miller, Brown & Dannis
71 Stevenson Street, 19th Floor
San Francisco, CA 94104

☒ **US MAIL** — by enclosing the action in a sealed envelope and placing the envelope for collection and mailing on that date and at the Office of Administrative Hearings, City of Sacramento, County of Sacramento, State of California, following ordinary business practices. I am readily familiar with the Office of Administrative Hearings' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

XX Regular Mail

☐ **FACSIMILE TRANSMISSION** — by personally transmitting to the above-named person(s), who has previously agreed to receive documents via facsimile transmission, to the facsimile number(s) shown above, on the date and time listed below, from facsimile machine number , pursuant to California Rules of Court, rules 2003-2008, Government Code section 11440.20, and California Code Regulations, title 1, section 1008, subdivision (d). A true copy of the above-described documents(s) was transmitted by facsimile transmission and the transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached to this proof of service.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and this Declaration was executed at **Sacramento, California** at **3:34 PM** on the **12** of **September**, 2005. _____

Jana Boccalon