Michael S. Petersen
P.O. Box 273363
Concord Ca. 94527
(925) 825-5769
(3485 Vern Lane, Concord Ca. 94519)

2005090266
(C)

FILED

SEP 23 2005

SPECIAL EDUCATION DIVISION
OFFICE OF ADMINISTRATIVE HEARINGS

FACSIMILE TRANSMISSION

September 23, 2005

To: Ken ferro, MDUSD Special Education via Fax 674-0667
Office of Administrative Hearings, Special Education Devision via Fax (916) 322-8014
Special Education Hearing Office via Fax (916) 739-7066

Total pages including cover page = 6

Exhibit C
Page 1 of 6

Michael S. Petersen
P.O. Box 273363
Concord Ca. 94527
(925) 825-5769
(3485 Vern Lane Concord Ca. 94519)

Petitioner in Pro Per for disabled minor Ryan Petersen

FILED

SEP 23 2005

SPECIAL EDUCATION DIVISION
OFFICE OF ADMINISTRATIVE HEARINGS

OFFICE OF ADMINISTRATION HEARINGS, SPECIAL EDUCATION (OAH)
SPECIAL EDUCATION HEARING OFFICE (SEHO)

Ryan Petersen,
    Petitioner

AMENDED
DUE PROCESS COMPLAINT NOTICE,
AMENDED DUE PROCESS HEARING
REQUEST, ISSUES AND PROPOSED
RESOLUTIONS

Mt. Diablo Unified School District,
    Respondent

Pursuant to 20 U.S.C., 1415 (b) (7) (A) , & 1415 (c) (2) (A), of IDEIA 2004, petitioner hereby exercises the rights of disabled minor Ryan Petersen (student) thus providing this amended due process complaint notice and respectfully submits a amended due process hearing request. Ryan Petersen is a 11 year old learning and hearing disabled student residing at 3485 Vern Lane Concord Ca. 94519 located within the boundaries of the Mt. Diablo Unified School District whom also qualifies as a low incidence student requiring special handling. Student was deemed enrolled in a public school pursuant to the education code prior to the districts procedural violations that obstructed students rights. Prior to this filing, petitioner has in good faith, attempted to meet with the MDUSD through a informal resolution session pursuant to 1415 (f) (1) (B )and also requested mediation pursuant to 1415 (e) (1) including that the LEA establish procedures to resolve matters prior to the filing of a due process complaint though mediation

Exhibit C
Page 2 of 6

1. pursuant subsection (b) (6)(A) (B). Both requests were abandoned by the district even after it
2. had knowledge of the specific nature of the complaint. ( in a certified letter petitioner received
3. today @ aproxx. 2:20pm, but back dated to 9/21/05, the district appears to be willing to mediate
4. and again avoid the resolution session requirement) After reception of the 9/12/05 OAH order
5. stating applicable law, petitioner states the MDUSD took advantage of the term " or as otherwise
6. specified" under 20 USC section 1415 (c) (2) (E) and circumvented the good faith process to
7. resolve this matter absent this filing.
8.
9. MDUSD has unilaterally drawn up a IEP for student and now contends student is not enrolled in
10. their district. This IEP offer and documentation was not in consultation with petitioner but rather
11. through a rushed district IEP notice and rushed meeting executed only upon their receipt of
12. petitioner's due process request on 8/31/05. Petitioner challenges MDUSD contention that they
13. had provided him with the 9/6/05 IEP document on 9/9/05, but rather sent it to him on 9/15/05
14. when petitioner first viewed their IEP document. The district's multiple letter campaign to
15. petitioner, to multiple addresses, and containing multiple subject matters on the same date are
16. noted and petitioner rejects their accusation of his 9/9/05 receipt of the IEP documents in their
17. attempt to portray petitioner in bad light, but rather contends that the certified receipt letter they
18. swear was the IEP on 9/9/05 remains largely intact and appears to be 1 page and is impossible to
19. be the 15 page IEP document later forwarded by the district on 9/15/05. The significance of the
20. districts actions are the lengths they will employ to manipulate this students rights to a FAPE. It
21. is through this 9/6/05 IEP document that the district makes offer with prior reception and
22. knowledge of petitioner's written allegations pertaining to this complaint to which the district
23. withheld until the 15th of September before forwarding the IEP to petitioner. The fact is, , the
24. district already knows petitioners issues and allegations and still refused to meet with him
25. informally to resolve the issues. Absent the district's intent to manipulate this student's rights,
26. student was deemed enrolled in public school for all purposes and is entitled to a I.S.A. at a
27. N.P.A. commensurate with his unilateral private school placement and contract in relation to
28. his low incidence disability and funding.

Exhibit C
Page 3 of 6

1. Given that petitioner provided the MDUSD with a written request for students contracted annual
2. IEP on 5/19/05, and received no response, petitioner alleges the MDUSD purposely
3. circumvented students protection afforded him under his IDEA contract by waiting for the new
4. re authorized IDEIA 2004 to become law on 7/1/05 where they knew the situation would be more
5. advantageous to them including but not limited to testing criteria and the results or consequences
6. of, private school placement, and other procedural acts. Student's annual IEP was to be
7. completed prior to 5/30/05 and the MDUSD purposely violated this portion of student's contract
8. to protect their own best interests. The acts or lack of by the MDUSD eliminated student's rights
9. and protections afforded him pursuant to his annual IEP and prevented petitioner from
10. exercising students rights in furtherance. By all accounts, student was to have multiple years in
11. a private school (NPA) promised and/or bound by both verbal and written contract (ie, if the
12. student can show growth in the private school, it demonstrates and makes argument for
13. continued placement in the private school or equivalent) The MDUSD actions or lack of
14. eliminated students right to the FAPE provision and caused student harm in part by eliminating
15. students right to present evidence at a IEP in continuance of a private school placement / NPA /
16. modified services for the students future health, progress and development.
17. 
18. .During the 2004/2005 school year, student was unilaterally placed in the private New Vista's
19. Christian school pursuant to a I.D.E.A. compromise and release agreement ("contract") entered
20. into between parents and MDUSD case # SN03-01885.
21. A description of the nature of petitioner's amended complaint notice and amended request for
22. due process hearing includes but is not limited to the denial or provision of a FAPE and relates
23. to procedural and contractual violations committed by the MDUSD
24. In good faith, petitioner had requested from the MDUSD a resolution session and a mediation
25. meeting related to these issues. The resolution session was canceled via cell phone by MDUSD
26. 15 minutes prior to, while petitioner was in route to the meeting by the district and a explanation
27. letter was provided once petitioner arrived. (The district also instructed petitioner to receive this
28. letter across town via fax at this same time) As petitioner checked in with assistant

Exhibit C
Page 4 of 6

1  superintendent of Special Education Dr. Mildred Brown's secretary, he was instructed to have
2  the administrator time stamp the letter after his request for proof that he was on time and willing
3  to meet. Petitioner then waited 1 hour in rejection of the administrators refusal to acknowledge
4  his attendance for the resolution session and subsequently had the letter time stamped by the
5  secretary while he waited in the superintendent's reception area.
6
7  Petitioner has also requested from the MDUSD on 9/13/05, their written procedural safeguards,
8  policies and procedures regarding the re authorized IDEIA 2004 that was made into law on
9  7/1/05 and has not received them to date.
10 Petitioner states the MDUSD should have, in good faith provided petitioner with their 2004
11 IDEIA prior written notice and their 2004 IDEIA procedural safeguards policies and procedures
12 upon his initial notice to MDUSD pertaining to petitioner's notice of the exercise of students
13 rights including but not limited to placement and services on 8/26/05.
14 Had the MDUSD been in compliance with current law, the required procedures for the district to
15 develop a model form to assist parents in filing a complaint under the re authorized IDEIA once
16 it received petitioner's notice on 8/26/05, would not have blocked petitioner to properly
17 exercise his disabled son's rights. To date, the MDUSD has intentionally not provided the
18 petitioner with their IDEIA procedural safeguards notification, their IDEIA policies and
19 procedures and their IDEIA prior written notice under current law even after petitioner's written
20 request.
21
22 One such proposed resolution to this complaint, to the extent known and available to the
23 petitioner at this time would be the continued private school placement of student including but
24 not limited to DIS providers at the parents choosing until student reaches grade level skills
25 including but not limited to the acquisition of grade level written language skills. Petitioner
26 reserves the right to file a separate complaint under 20 U.S.C. 1415 (o). The following are
27 petitioner's issues and further proposed resolutions.
28                                    ISSUES

Exhibit C
Page 5 of 6

1  The MDUSD has committed the following violations including but not limited to:

2  1) MDUSD has not provided a FAPE as required by 34 CFR 104.33(a)

3  2) MDUSD and it's actions have violated 28 CFR 35.134 (a) and (b) in the form of coercion,
4  intimidation and interference.

5  3) Violation of 42 U.S.C. section 1983 equal protection

6  4) Violation of 42 U.S.C. section 1983 Due Process

7  5) Violation under 20 U.S.C. 1415 (a) (b) (c) (d)

8  6) Violation under 20 U.S.C. 1415 (e) (1) (2)

9  7) Violation under 20 U.S.C.1415 (f) (1) (B)

10 8) Violation under 1415 (b) (8)

11 9) Petitioner requests favorable ruling under 20 U.S.C. 1415 (f) (3) (E)

## PROPOSED RESOLUTIONS

Including but not limited to, and to the extent known and available to the petitioner at this time, proposed resolutions are:

1) Continued unilateral private school placement with services until student reaches grade level skills with transportation and/or the acquisition of grade level written language skills and/or, equivalent unilateral NPA placement with services until student reaches grade level skills and/or the acquisition of grade level written language skills including transportation.

Respectfully submitted this 23rd day of September 2005

*/s/ Michael S. Petersen/*

Michael S. Petersen

Exhibit C
Page 6 of 6