ELIZABETH ESTES, State Bar No. 173680
JENNIFER POSTEL, State Bar No. 236448
MILLER BROWN & DANNIS
71 Stevenson Street, 19th Floor
San Francisco, CA 94104
Telephone: (415) 543-4111
Facsimile: (415) 543-4384

Attorneys for Petitioner
MT. DIABLO UNIFIED SCHOOL DISTRICT

FILED
OCT 0 7 2005
SPECIAL EDUCATION DIVISION
OFFICE OF ADMINISTRATIVE HEARINGS

BEFORE THE

OFFICE OF ADMINISTRATIVE HEARINGS

SPECIAL EDUCATION DIVISION

Ryan Peterson,

    Petitioner,

v.

Mt. Diablo Unified School District,

    Respondent.

OAH Case No.: N2005090266

**NOTICE OF OBJECTION TO THE SUFFICIENCY OF THE COMPLAINT**

## I. INTRODUCTION

Pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("Act"), the Mt. Diablo Unified School District ("District") hereby objects to the sufficiency of Petitioner's second due process complaint ("Complaint") in the above-referenced matter and accordingly requests your determination of the complaint's sufficiency.

## II. ARGUMENT

Section 615 (b)(7)(A)(ii) of the IDEA states that a due process complaint notice must include the following (irrelevant portions omitted):

    (I)    the name of the child, the address of the residence of the child . . ., and the name of the school the child is attending;

    (II)    . . .

    (III)    a description of the nature of the problem of the child relating to such proposed initiation or change, including facts relating to such problem; and

    (IV)    a proposed resolution of the problem to the extent known and available to the party at the time.

1

The IDEA further provides, complaints may be presented "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child..." (20 U.S.C. § 1415 (b)(6)(A).)

In the above referenced matter, Petitioner's Complaint was insufficient as articulated in sections I.A. through I.F. below.

A. **Lack of clarity of issues cited by Petitioner**

In a good faith effort to address the issues Petitioner seeks to resolve, the District has painstakingly reviewed the September 23, 2005 document submitted as a request for hearing and attempted to decipher the issues referenced. This Notice of Objection to the Sufficiency of the Complaint is based upon the issues gleaned from the District's interpretation of the Complaint, as was the response submitted to Petitioner and provided to the Office of Administrative Hearings on October 3, 2005.

However, the issues provided by Petitioner in the Complaint are listed on page five of the complaint and numbered one through nine. These issues are mere legal citations. For example, Petitioner's issue number five states, "Violation under 20 U.S.C. 1415 (a)(b)(c)(d)" Under no interpretation of the Education of Children with Disabilities requirements governing sufficiency of complaints does this statement of an issue qualify as sufficient. This is not a "description of the nature of the problem of the child relating to such proposed initiation or change, including facts relating to such problem." (20 U.S.C. § 1415 (b)(7)(A)(ii)(III).)

Further, in the Determination of Sufficiency of Due Process Complaint and Order previously issued in N2005090266, Petitioner was provided instruction as to the requirements for a sufficient complaint. Specifically, Administrative Law Judge Deidre L. Johnson advised Petitioner, "It is a fundamental principle of due process that the District is entitled to know the specific allegations Student is making so that it may be able to respond and prepare its defense." (*See*, Determination of the Sufficiency of Due Process Complaint and Order issued by OAH September 12, 2005.)

According to Petitioner, "Student was deemed enrolled in a public school pursuant to the education code..." (*See*, Complaint page one line twenty-two) Petitioner further claims, "Absent

2

the district's intent to manipulate this student's rights, student was deemed enrolled in public school for all purposes and is entitled to a I.S.A. at a N.P.A. commensurate with his unilateral private school placement and contract in relation to his low incidence disability and funding."

This issue is totally unclear. Moreover, to the extent Ryan is a unilaterally placed private school student seeking an ISP, he is not entitled to a Due Process hearing. The Complaint should be deemed insufficient for failing to state an issue which constitutes a proper basis for a request for hearing. (*Id.*)

On page two, line fourteen of the Complaint, Petitioner states, "The district's multiple letter campaign to petitioner, to multiple addresses, and containing multiple subject matters on the same date are noted and petitioner rejects their accusation of his 9/9/05 receipt of the IEP documents in their attempt to portray petitioner in bad light, but rather contends that the certified receipt letter they swear was the IEP on 9/9/-5 remains largely intact and appears to be 1 page and is impossible to be the 15 page IEP document later forwarded by the district on 9/15/05." (*Sic.*) This allegation is unclear and does not provide the District with the requisite specificity.

The District has not been provided adequate information as to the specific allegations Petitioner is making and is thus unable to respond and prepare its defense. As such, the Complaint is insufficient.

**B. Failure to state the name of the school student is attending**

In contrast to the requirement of 20 U.C.S. § 1415(b)(7)(A)(ii)(I), the Complaint does not specify what school Ryan Petersen is currently attending. The Complaint is, on its face, insufficient.

**C. Complaint includes issues not within the jurisdiction of the Office of Administrative Hearings**

Petitioner states several claims which do not fall within the jurisdiction of the Office of Administrative Hearings. Complaints may be presented "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child..." (20 U.S.C. § 1415 (b)(6)(A).) Accordingly, to the

extent Petitioner seeks resolution of issues outside the jurisdiction of the Office of Administrative Hearings, the Complaint should be deemed insufficient as it fails to state issues for hearing.

### 1. Cancelled resolution session is not proper basis for due process request

First, following Petitioner's statement that the basis of the complaint, "includes but is not limited to the denial or provision of a FAPE and relates to procedural and contractual violations committed by the MDUSD" (*See*, Complaint page three line twenty-one), the Complaint bemoans the cancellation of a resolution session. A cancelled resolution session is not a proper basis for a due process hearing request and to the extent this is the basis for the Complaint, it should be deemed insufficient. (20 U.S.C. § 1415 (b)(6)(A).)

Respondent submits the following facts in support of its position. The District cancelled the resolution session upon receipt of the Office of Administrative Hearings' September 12, 2005 Determination of Sufficiency of Due Process Complaint and Order deeming Petitioner's September 2, 2005 complaint insufficient. The order confirmed the District's position that the September 2, 2005 complaint failed to sufficiently identify issues for hearing and proposed resolutions. Therefore the resolution session was not called for and was cancelled. This action does not fall within the jurisdiction of the Office of Administrative Hearings and the request should therefore be considered insufficient in that it fails to state issues for hearing.

### 2. Requests for mediation are not the proper basis for a due process request

The second allegation which does not fall within the purview of a request for due process hearing pursuant to 20 U.S.C. § 1415 (b)(6)(A) is Petitioner's claim regarding a request for mediation. On page two, line one of the Complaint, Petitioner states, "requests were abandoned by the district even after it had knowledge of the specific nature of the complaint." On line twenty-three of the same page, Petitioner asserts, "The fact is, , the district already knows petitioners issues and allegations and still refused to meet with him informally to resolve the issues." (*Sic.*)

Failure to participate in a mediation session is not a proper basis for filing a request for due process hearing. (20 U.S.C. § 1415 (b)(6)(A).) Participation in mediation is voluntary and does not relate to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child. Accordingly, this should be deemed insufficient.

3. <u>Compliance with the terms of a settlement agreement is not a proper basis for a due process request</u>

To the extent Petitioner's unstructured complaint cites noncompliance with the terms of a settlement agreement as an issue, this is not a proper issue for a due process hearing request, but falls within the jurisdiction of the California Department of Education. (20 U.S.C. § 1415 (b)(6)(A).) As such, the Complaint is insufficient in that it does not identify issues for hearing.

**D. Prior written notice was not warranted**

The Complaint alleges the District should have provided prior written notice in response to an August 26, 2005 letter in which Petitioner expressed his intent to exercise Ryan Petersen's "rights including but not limited to placement and services." (*See*, Complaint page four line thirteen). Like the letter itself, the Complaint fails to identify which rights were being exercised.

Federal law requires prior written notice when a local educational agency proposes or refuses to initiate or change the identification, evaluation, educational placement, or provision of a free appropriate public education to a child with a disability. (20 U.S.C. § 1415 (b)(2)(B).) A mere statement of intent to exercise rights does not provide sufficient notice to a District of the actions a parent is requesting.

Petitioner does not allege any specific proposal or refusal to initiate or change the identification, evaluation, educational placement, or provision of a free appropriate public education to Ryan Petersen. In fact, no specific proposal or refusal occurred. No prior written notice is required when a parent merely provides notice of intent to exercise a student's unspecified rights. To the extent Petitioner's complaint is based upon failure to provide prior written notice for a non-triggering event, the Complaint should be deemed insufficient.

**E. Failure to clearly specify a proposed resolution**

The Complaint identifies proposed resolutions on pages four and five. Accordingly, Petitioner requests both "continued private school placement of student including but not limited to DIS providers at the parents choosing until student reaches grade level skills including but not limited to the acquisition of grade level written language skills" and "continued unilateral private school placement with services until student reaches grade level skills with transportation and/or

the acquisition of grade level written language skills and/or, equivalent unilateral NPA placement with services until student reaches grade level skills and/or the acquisition of grade level written language skills including transportation."

This is not a clearly identified proposed resolution of the problem such that the District could respond and prepare a defense as Judge Johnson explained in her September 12, 2005 Determination of the Sufficiency of Due Process Complaint and Order. As such, the Complaint should be deemed insufficient for failure to identify a proposed resolution.

Moreover, to the extent this proposed resolution seeks services for a unilaterally placed private school student, the Office of Administrative Hearings does not have jurisdiction to hear this matter. Due process hearings can be heard on any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child and are not an appropriate forum for the issues of unilaterally placed private school students. (20 U.S.C. § 1415 (b)(6)(A).)

### III. CONCLUSION

Petitioner's Complaint fails to provide sufficient information regarding the nature of the problem, facts relating to the nature of the problem, or specific proposed resolutions. The District respectfully requests a determination that Petitioner's Complaint is insufficient.

Dated: 10/7/05

MILLER BROWN & DANNIS
ELIZABETH ESTES
JENNIFER POSTEL

Jennifer Postel
Attorneys for Mt. Diablo Unified School District

G:\5100\14605\objectiontosufficiency.05.1005.doc

6

**PROOF OF SERVICE**

I, Nicole Gostnell, declare:

I am over the age of 18 years, and not a party to this action. My business address is 71 Stevenson, 19th Floor, San Francisco, California 94105, which is located in the county where the service took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service, express mailing, overnight delivery or facsimile transmission.

On October 7, 2005, at my place of business at San Francisco, California, I served copies of the following document(s):

**NOTICE OF OBJECTION TO THE SUFFICIENCY OF THE COMPLAINT**

These documents were served on the date stated above, addressed to the following interested party(s) in this action:

> **Kathy Rossow**
> **Office of Administrative Hearings**
> **Special Education Unit**
> Fax:916-322-8014
>
> **Mike Petersen, Sr.**
> Tel/Fax: 925-825-5769
>
> **Randi Petersen**
> Fax: (559) 733-3463

The documents were served in the following manner:

[ X ]   **VIA FACSIMILE - CCP §§1013(e):**
By transmitting via facsimile from facsimile number (415) 543-4384 to the above listed facsimile number(s) prior to 5:00p.m., pursuant to agreement of the parties and written confirmation of that agreement. I am readily familiar with my firm's business practice of transmitting documents via facsimile transmission and any such documents would be transmitted in the ordinary court of business. The facsimile transmission(s) was/were reported as complete without error, and a copy (copies) of the transmission(s) is (are) attached.

[   ]   **VIA PERSONAL SERVICE - CCP § 1011**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and personally hand delivering during normal business hours on the above stated date, each envelope to the addressee(s), in the ordinary course of my firm's business practice of effecting personal service.

PROOF OF SERVICE

1

1  I declare under penalty of perjury that the foregoing is true and correct and of my personal
2  knowledge, and that this declaration was executed by me on **October 7, 2005** at San Francisco,
3  California.

_Nicole Gostnell_

G:\5100\10153\POS.nrg.wpd

PROOF OF SERVICE

2



**MILLER BROWN DANNIS**
ATTORNEYS

# FACSIMILE

FILED
OCT 07 2005
SPECIAL EDUCATION DIVISION
OFFICE OF ADMINISTRATIVE HEARINGS

This facsimile is for the sole use of the intended recipient(s). It may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please alert the sender by telephone and destroy all copies of this facsimile.

71 Stevenson Street, 19th Floor
San Francisco, CA 94105

Tel: 415-543-4111
Fax: 415-543-4384

2005090266

**URGENT** ___

| | | | | |
|---|---|---|---|---|
| **TO:** | OAH, Attn: Kathy Rossow | | **Fax:** | 916/322-8014 |
| **TO:** | Randi Peterson | | **Fax:** | 559/733-3463 |
| **TO:** | Michael Peterson | | **Fax:** | 925/825-5769 |
| **CC:** | Ken Ferro | **Tel:** 925/682-8000 | **Fax:** | 925/674-0667 |

**FROM:** Nicole for Jennifer Postel    **DATE:** October 7, 2005

**RE:** Mt. Diablo Unified School District / Ryan Petersen;
NOTICE OF OBJECTION TO THE SUFFICIENCY OF THE COMPLAINT

**Our file:** 5100.14605         Total pages sent including cover page: (9)

**REMARKS:**

*Please see attached.*

*-Jennifer*

*NOI re: Amended DPH req.*

Hard copy will ____ will not **x** follow by mail.
If there are transmission problems, please call **Nicole** at 415-543-4111.

SAN FRANCISCO          LONG BEACH          SAN DIEGO

www.mbdlaw.com

Exhibit D
Page 9 of 9