BEFORE THE
OFFICE OF ADMINISTRATIVE HEARINGS
SPECIAL EDUCATION DIVISION
STATE OF CALIFORNIA

In the Matter of:

MICHAEL S. PETERSEN, on behalf of his child, RYAN PETERSEN,

        Petitioner,

v.

MT. DIABLO UNIFIED SCHOOL DISTRICT,

        Respondent.

OAH No. N2005090266

**DETERMINATION OF SUFFICIENCY OF DUE PROCESS HEARING REQUEST NOTICE**

    On September 2, 2005, Michael S. Petersen filed a Request for Due Process Hearing on behalf of his child, Ryan Petersen (Student), naming Mt. Diablo Unified School District (MDUSD) as the respondent. On September 7, 2005, the Office of Administrative Hearings (OAH) received from attorney Jennifer Postel, on behalf of the MDUSD, a Notice of Objection to the Sufficiency of Due Process Complaint (NOI). The NOI requested that OAH deem Petitioner's complaint insufficient asserting that Petitioner's due process complaint does not meet the requirements of Title 20 United States Code section 1415(b)(7)(A).[1] On September 12, 2005, OAH granted MDUSD's NOI, and gave the Petitioner 14 days to file an amended complaint.

    In response to that order, Petitioner filed an Amended Complaint on September 23, 2005. On October 7, 2005, MDUSD filed with OAH a NOI as to Petitioner's Amended Complaint. The NOI requested that OAH deem Petitioner's Amended Complaint insufficient for being vague as to MDUSD's alleged violations, and not meeting the requirement of Section 1415(b)(7)(A)(ii)(I) by not specifying which school the Student is currently attending. MDUSD also challenges issues in the Amended Complaint that are not within the scope of OAH's jurisdiction, and Petitioner's failure to allege a legally cognizable resolution.[2]

---

[1] All statutory citations are to Title 20 United States Code, unless otherwise noted.
[2] Petitioner filed on October 7, 2005 a Request for Judicial Notice of a mediation contract between the parties and a letter dated October 6, 2005 from Petitioner to MDUSD. Since the documents are not relevant to MDUSD's NOI request, Petitioner's Request for Judicial Notice is denied as it relates to MDUSD's pending NOI.

## APPLICABLE LAW

The reauthorized Individuals with Disabilities Education Act (IDEA) became effective July 1, 2005, and section 1415, subdivisions (b) and (c), underwent significant amendment. Under the amended sections, either party now has the express right to challenge the sufficiency of any due process complaint notice (Complaint) and a party filing the Complaint is not entitled to the hearing if it does not comply with subdivision (b)(7)(A). The specific subsections at issue are:

Section 1415(b)(7)(A)(ii)(I) provides that the due process complaint notice shall include the name and residence address of the child ...and *name of the school* the child is attending (emphasis added).

Section 1415 subdivision (b)(7)(A)(ii)(III), which provides that the Complaint shall include "a description of the nature of the problem of the child relating to such proposed initiation or change, including facts relating to such problem;..."

Section 1415 subdivision (b)(7)(A)(ii)(IV), which provides that the Complaint shall include "a proposed resolution of the problem to the extent known and available to the party at the time;"

Section 1415 subdivision (b)(7)(B), which provides that a party is not entitled to a due process hearing until its Complaint meets the requirements of subsection (b)(7)(A);

Section 1415 subdivision (c)(2)(D), which provides that, within 5 days of receipt of a notice of insufficiency, the hearing officer shall make a determination on the face of the Complaint whether it meets the requirements of subdivision (b)(7)(A); and

Section 1415 subdivision (c)(2)(E), which provides that a party may amend the Complaint only if the hearing officer grants permission, or as otherwise specified.

## DISCUSSION

<u>Name of Student's School</u>

Petitioner's Amended Complaint does not meet the requirements of section 1415(b)(7)(A)(ii)(I) as the Petitioner fails to state what school the Student is currently attending. While Petitioner mentions in the Amended Complaint (page 3, lines 18-19) that the Student attended New Vista's Christian School in the 2004/2005 school year, the Petitioner fails to state whether the Student is currently attending this same school. Thus, the Amended Complaint fails to meet the requirements of the IDEA.

Proposed Issues

In the Amended Complaint, the Petitioner gives a long narrative of alleged violations of the IDEA by MDUSD that caused the denial of a Free Appropriate Public Education (FAPE) for the Student. Petitioner's narrative argues that MDUSD failed to provide the Petitioner with various notices required under the IDEA and attacks the motive of the MDUSD. The Petitioner also pleads specific issues in which MDUSD is alleged to have violated various provisions of the IDEA, Code of Federal Regulations and Civil Rights statutes.

As to violations of the IDEA and federal regulations in Issues 1, 2, 5-9, Petitioner's Amended Complaint is not sufficient since the Petitioner states as a matter of fact that MDUSD violated the cited law without an explanation as to how MDUSD violated the law. While the narrative contains alleged violations of the IDEA and federal regulations, the narrative is so confusing it does not allow the opposing party to know which facts are legal violations. The Petitioner is advised to allege simply facts that would show that MDUSD did not provide the Student with a FAPE.[3]

As to Petitioner's allegations that MDUSD violated the IDEA by not participating in resolution process in section 1415(f)(1)(B) and mediation process in section 1415(e), these are issues that OAH does not have jurisdiction to consider in a Due Process Complaint.

As to MDUSD not complying with the terms of the Settlement Agreement in SEHO Case No. SN03-10885, the Petitioner has failed to adequately allege how MDUSD is violating the settlement agreement. As to MDUSD's contention that OAH has no jurisdiction to hear this issue, MDUSD has not provided any legal authority to support its position.

Finally, as to Petitioner's proposed Issues 3 and 4, these are dismissed as OAH does not have jurisdiction to hear alleged civil rights violations of 42 U.S.C. section 1983.

Proposed Resolution

The Petitioner's proposed resolution requests that Student continue private school placement and be provided with Non-Public Agency (NPA) services until the Student reaches grade level skills and/or acquisition of grade level written language skills. Petitioner's proposed resolution is not sufficient since the Petitioner does not identify why Student requires a private school or NPA services and the specific services that the Student requires from these entities.

---

[3] For example, if the Petitioner is challenging an Individualized Education Plan (IEP), the Petitioner should identify the IEP at issue and what in the IEP does not provide the Student with FAPE and why. As to procedural violations, the Petitioner needs to identify the violation and how the violation denied the Student with FAPE.

## ORDER

1. Pursuant to Section 1415(c)(2)(D), MDUSD's challenge to the sufficiency of Petitioner's Amended Complaint is sustained.

2. Pursuant to Section 1415(c)(2)(E)(ii), Petitioner shall be permitted to file a Second Amended Complaint.

3. The Second Amended Complaint shall comply with the requirements of Section 1415(b)(7)(A)(ii) and shall be filed not later than 14 days from the date of this order.

4. The District shall comply with the requirements of Section 1415(c)(2)(B) if Petitioner files a timely Second Amended Complaint.

5. If Petitioner fails to file a timely Second Amended Complaint, the Complaint shall be dismissed and the case will be closed.

Dated:   October 12, 2005

PETER PAUL CASTILLO
Administrative Law Judge
Special Education Division
Office of Administrative Hearings

# PROOF OF SERVICE

I, **Jana Boccalon**, declare as follows: I am over 18 years of age and have no interest in the action within; my place of employment and business address is:

**Office of Administrative Hearings
Special Education Division
1102 Q Street, 4th Floor
Sacramento, CA 95814**

On **October 12, 2005**, I served a copy of the following entitled action:

**<u>DETERMINATION OF SUFFICIENCY OF DUE PROCESS HEARING REQUEST NOTICE - OAH CASE NO. - 2005090266</u>**

to each of the person(s) named below, at the address set out next to each name, by the following method:

Michael S. Petersen
Po Box 273363
Concord, CA 94527

Jennifer Postel
71 Stevenson Street, 19th Floor
San Francisco, CA 94105

☒ **US MAIL** — by enclosing the action in a sealed envelope and placing the envelope for collection and mailing on that date and at the Office of Administrative Hearings, City of Sacramento, County of Sacramento, State of California, following ordinary business practices. I am readily familiar with the Office of Administrative Hearings' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

<u>XX  Regular Mail</u>

☐ **FACSIMILE TRANSMISSION** — by personally transmitting to the above-named person(s), who has previously agreed to receive documents via facsimile transmission, to the facsimile number(s) shown above, on the date and time listed below, from facsimile machine number , pursuant to California Rules of Court, rules 2003-2008, Government Code section 11440.20, and California Code Regulations, title 1, section 1008, subdivision (d). A true copy of the above-described documents(s) was transmitted by facsimile transmission and the transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached to this proof of service.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and this Declaration was executed at **Sacramento, California** at **2:24 PM** on the **12** of **October**, 2005.  _____
                                                                                                     Jana Boccalon