# COMPROMISE AND RELEASE AGREEMENT

## *Ryan Petersen v Mt. Diablo Unified School District*
### Special Education Hearing Office Case Number SN 03-01885

This Compromise and Release Agreement ("Agreement") is between Randi and Michael Petersen ("Parents"), on behalf of Ryan Petersen ("Ryan"), and the Mt.Diablo Unified School District ("District") who in consideration of the promises made herein, agree as follows:

1. Nature and Status of Dispute

    A. Parents initiated due process on or about August 28, 2003. Parents alleged the District failed to provide a free appropriate public education to Ryan for the 2000-01, 2001-02, 2002-03 school year.

    B. The District contends that Ryan's IEP dated October 17, 2003, constitutes a free appropriate educational program ("FAPE") in the least restrictive environment for the 2003-04 school year and that the District provided Ryan a free appropriate public education for the 2000-01, 2001-02, 2002-03 and the 2003-04 school years.

    C. The purpose of this Agreement is to resolve any and all disputes under the IDEA, causes of action, and claims, known and unknown, which may exist concerning Ryan's educational program, placement, related services, assessments, compensatory education, reimbursement for the past, present and future, known and unknown, up to and including the 2004-05 school year (including all extended school years (ESY).)

2. Mutual Compromise Agreement

    Each party, in consideration of the promises and concessions made by the other, hereby compromises and settles any and all demands, obligations, or causes of action under the Individuals with Disabilities Education Act which that party has regarding Ryan's educational program, placement, related services, reimbursement, compensatory education and FAPE for the 2000-01, 2001-02, 2002-03, 2003-04 and 2004-05 school year (including all extended school years).

    A. The District agrees to provide the following for Ryan as his educational placement and compensatory education for the remainder of the 2003-04 school year (including ESY 2004):

        1. Contract with Lindamood-Bell for Ryan's Language and reading services including pre and post testing at the Danville site from January 2004 through August 30, 2004 (up to 370 hours of services) or other mutually agreed upon provider who is qualified and trained to provide language and reading instruction using the Lindamood-Bell or equivalent technique. District agrees

to reimburse Parents for transportation up to the total amount of $5,000 (for the February 2004 through August 2004 time period) to/from Lindamood Bell for the remainder of the 2003-04 school year (including ESY 2004). Parents will submit proof of payment for transportation to the District on a monthly basis. District will reimburse Parents within 30 days of receipt of mileage, paid invoices and/or receipts.

2. Independent Assistive Technology (AT) assessment by a mutually agreed upon qualified evaluator to be completed prior to the May 2004 IEP meeting. District will reimburse Parents for cost of AT assessment within 30 days of receipt of paid invoices and/or canceled checks;
3. Independent Occupational Therapy (OT) assessment by a mutually agreed upon qualified evaluator to be completed prior to the May 2004 IEP meeting. District will reimburse Parents for cost of OT assessment within 30 days of receipt of paid invoices and/or canceled checks;
4. Independent Assessment by a mutually agreed upon qualified Assessor of the Hearing Impaired to determine Ryan's sign language instruction services and other services to address his hearing impairment. Assessment to be completed prior to the May 2004 IEP meeting. District will reimburse Parents for cost of assessment within 30 days of receipt of paid invoices and/or canceled checks;
5. AT software and services (not to exceed 20 hours), as recommended in the AT assessment from May 2004 through August 2004.
6. District agrees to provide Ryan (within 30 days of execution of this Agreement) with a laptop computer with Pentium IV processor, 80 gigabyte hard-drive with floppy disc drive, CD-ROM drive, battery and power cord and an FM micro-link system through August 2004. If Ryan is no longer a resident of the Mt. Diablo Unified School District, Parents will return this equipment within seven (7) days.
7. Occupational therapy services, as recommended by the OT assessment (not to exceed a total of 30 hours) from May 2004 through August 2004.
8. Teacher of the Hearing Impaired/Sign Language services, as recommended by the Assessment (not to exceed 50 hours) from May 2004 through August 2004.
9. Parents agree to execute releases and exchanges of information and documents between the District and Lindamood Bell and any other the individuals who assess and/or provide services to Ryan.
10. The District will convene Ryan's IEP meeting in May 2004 to discuss the OT, AT and Hearing Impaired assessments identified in Section 2.A. (2-4) of this Agreement, develop goals and objectives from the assessments and determine whether additional assessments are necessary for the August 2004 triennial review. If additional assessments are determined necessary by the IEP team, Parents agree to provide written consent to the assessments. The assessment(s) will be conducted by mutually agreed upon qualified assessor(s) in areas of need not already covered by the independent assessments

mentioned in this Agreement. Parents waive Ryan's triennial review due date until August 2004.

B. The parties agree Parents will submit Ryan's application for enrollment to Raskob Learning Center ("Raskob") for the 2004-05 school year by January 31, 2004.

C. The District will convene another IEP meeting in August 2004. The purpose of the August 2004 IEP meeting will be to review Ryan's progress, develop new goals and objectives (if needed), and develop his program for the 2004-05 school year (including ESY 2005). Parties agree that the triennial review will be conducted at the August 2004 IEP. Parents agree to provide written consent to an assessment plan (if determined necessary by the IEP team) at the May 2004 IEP.

D. If Ryan is a resident of the Mt.Diablo Unified School District and if Ryan is accepted at Raskob for the 2004-05 school year, the District will:
   1. Contract with Raskob for Ryan's tuition for the regular school day during the 2004-05 school year;
   2. Provide for AT (not to exceed 5 hours per month unless otherwise agreed to by the parties);
   3. Provide for OT (not to exceed 5 hours per month unless otherwise agreed to by the parties);
   4. Provide for services (including but not limited to sign language services, as appropriate) from a Hearing Impaired service provider (not to exceed 10 hours per month unless otherwise agreed to by the parties),
   5. Provide for Speech and Language services (not to exceed 6 hours per month unless otherwise agreed to by the parties);
   6. Provide Ryan with a laptop computer with Pentium IV processor 80 gigabyte hard-drive with floppy disc drive, CD-ROM drive, battery and power cord and an FM micro-link system during the time that Ryan is a resident in the Mt.Diablo Unified School District. If Ryan moves out of the Mt.Diablo Unified School District, Ryan will return this equipment within seven (7) days.

Parents agree that if Ryan is placed at Raskob for the 2004-05 school year, the educational program constitutes a free appropriate public education and Parents will not challenge the provision of FAPE for the 2004-05 school year (including ESY 2005).

E. If Ryan is a resident of the Mt.Diablo Unified School District and is not accepted at Raskob for the 2004-05 school year, District agrees to contract with another mutually agreed-upon non-public school for the 2004-05 school year and provide for the related services identified in Section 2.D (2-6) of this Agreement.

F. If Ryan is a resident of the Mt.Diablo Unified School District and if parties agree that no appropriate NPS is available for Ryan for the 2004-05 school year, then Parents

agree placement for the 2004-05 school year will be made pursuant to a unilateral private school placement agreement and release the District of any obligations to supervise Ryan's educational program while Ryan is privately enrolled. District will reimburse Parents for up to $12,870.00 for tuition costs provided by a school and up to $9,000.00 for related services provided by mutually agreed upon providers and up to $3,000.00 for related transportation. Reimbursement will be made within 30 days of District's receipt of paid invoices and/or canceled checks up to that amount for the 2004-05 school year (including ESY 2005). Parents agree to execute releases and exchanges of information and documents between the District and all of Ryan's service providers.

G. The parties agree that any catastrophic change in Ryan's educational programming needs or Raskob's inability to continue to provide services to Ryan may require the District to convene an IEP meeting and develop an alternative appropriate program and placement.

H. If Ryan is a resident of the Mt.Diablo Unified School District for the 2005-06 school year and parents are seeking educational services from Mt.Diablo Unified School District, Ryan's annual IEP meeting will be held on or before May 30, 2005 to discuss Ryan's placement and services for the 2005-06 school year.

I. Parties agree that District is not responsible for transportation other than that agreed to in this Agreement.

J. If Ryan attends Raskob for the 2004-05 school year, District agrees to either provide transportation for Ryan to and from Raskob or reimburse Parents for transportation at 36 cents per mile to/from (one round trip) Raskob and agreed upon related service providers through August 2005. Parent(s) will submit a mileage reimbursement form to the District on a monthly basis. Parties agree that District is not responsible for transportation other than that agreed to in this Agreement.

K. Within 30 days of District's receipt of paid invoices and/or canceled checks, District agrees to reimburse Parents for an auditory processing evaluation and sound therapy services in an amount not to exceed $5,875. District also agrees to reimburse parent for past transportation costs to and from sound therapy services not to exceed $172.00 within 30 days of the execution of this agreement.

L. Parents on behalf of themselves and Ryan agree the educational program and services outlined in this Agreement constitute FAPE for Ryan through the 2004-05 school year (including ESY 2005) and agree not to file any causes of action under the IDEA challenging FAPE.

    M. Parents agree to dismiss with prejudice their request for a due process hearing, *Ryan Petersen v. Mt.Diablo Unified School District*, SN 03-01885, within three calendar days after execution of this Agreement by all parties.

3. <u>Mutual General Release</u>

   Each party, in consideration of the promises and concessions made by the other, hereby compromises and settles any and all past, present and future claims, demands, obligations, or causes of action, which that party has against the other party, and the other party's predecessors and successors in interest, heirs, assigns, officers, directors, agents, employees, partners, and trustees, regarding the provision of an education, including all rights and responsibilities under the Individuals with Disabilities Education Act and the present dispute, *Ryan Petersen v. Mt.Diablo Unified School District*, SN 03-01885 through the 2004-05 school year (including ESY 2005).

4. <u>Unknown Claims</u>

   A. Parents, on behalf of themselves and Ryan, waive all rights, benefits and remedies under California Civil Code section 1542 to the extent it applies to their claims in connection with this Agreement.

   B. Parents, on behalf of themselves and Ryan, acknowledge their understanding of the provisions of section 1542 of the California Civil Code, including the following provision of California Civil Code section 1542:

   > A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

   C. Parents on behalf of themselves and Ryan, understand and acknowledge the significance and consequence of this waiver of California Civil Code section 1542, as follows:

   (1) they may have additional claims and attorneys' fees or costs concerning Ryan's education arising or occurring through the 2004-05 school year (including ESY 2005), of which they are not now aware;

   (2) they may not make a further demand for any such claims, fees, or costs upon the District or its predecessors, successors, boards, employees, or agents; and

(3) they extend this waiver to include now unknown or later discovered claims, fees, or costs, arising prior to the end of the 2004-05 school year (including ESY 2005)

5. Conditions of Execution

Each party acknowledges and warrants that the party's execution of this Agreement is free and voluntary. Each of the signatories warrants that he or she is authorized to sign this Agreement on behalf of the party for whom he or she signs and binds that party to the terms of this Agreement.

6. Agreement Contingent Upon District Governing Board Approval

This Agreement is contingent upon District Governing Board approval by February 24, 2004. On February 25, 2004, District will notify Parents as to whether the Agreement has been approved.

7. Execution of Other Documents

Each party to this Agreement shall cooperate fully in the execution of any and all other documents and the completion of any additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

8. Nonadmission

This Agreement is not, and shall not be construed as, an admission of liability, fault or wrongdoing of any kind by any of the parties hereto.

9. Costs and Attorneys'/Advocate's Fees

The parties hereto agree to bear their own costs and attorneys' and advocate's fees, and no party shall be deemed to be a prevailing party for any purposes with respect to matters up to and including the execution of this Agreement.

10. Entire Agreement

This Agreement contains the entire Agreement between the parties. This Agreement supersedes any and all prior agreements and understandings, written or oral, between the parties. No other promises, Agreements, or statements shall be binding unless signed by the person or entity to be bound.

11. Effective Date

This Agreement shall be effective immediately upon execution by the parties.

12. <u>Governing Law</u>

This Agreement is entered into, and shall be construed and interpreted in accordance with, the laws of the State of California and the United States.

13. <u>Severability</u>

If any provision of this Agreement is held to be invalid or unenforceable by a court of competent jurisdiction, that determination shall not invalidate or render unenforceable any other provision of this Agreement.

14. <u>Confidentiality</u>

This Agreement shall be maintained as a confidential document by all parties, except as required by law.

15. <u>Execution by Counterparts and by Facsimile Transmittal</u>

The parties agree that this Agreement may be executed by facsimile transmittal and in counterparts and shall be as valid and binding as if all parties signed the same copy.

Dated: 2/4/04

_____
Randi Petersen, Parent

Dated: 2/4/04

_____
Mike Petersen, Parent

Dated: 3-29-04

_____
Mildred D. Browne, Ed.D.
Assistant Superintendent, Pupil Services and Special Education
Mt. Diablo Unified School District

APPROVED AS TO FORM:

Dated: 3/29/04

_____
Kimberly Borah Schulist
Miller Brown & Dannis
Attorney for Mt. Diablo Unified School District

A:SettlementAgreement04.0204

**Addendum to (Attached) February 4, 2004 Compromise and Release Agreement ("Agreement")**
*Ryan Petersen v. Mt. Diablo Unified School District*
*Special Education Hearing Office Case Number SN03-01885*

Parties agree to amend the following provision of the above referenced Agreement:

1. The Heading, "Compromise and Release Agreement" is amended to read "Compromise and Release Agreement under the Individuals with Disabilities Education Act ("IDEA")."

2. <u>Section 2.A.1. of the Agreement</u>: Replace current Section 2.A.1. with the following language:

    2.A.1.
    Contract with Lindamood-Bell for Ryan's Language and reading services including pre and post testing at the Danville site from January 2004 through August 2004 (up to 370 hours of services) or other mutually agreed upon provider who is qualified and trained to provide language and reading instruction using the Lindamood-Bell or equivalent technique. Parties acknowledge that Parents have already paid for the Lindamood-Bell pre-testing and 12 of the (up to) 370 hours of Lindamood-Bell hours. Therefore, District agrees to reimburse Parents for the cost of the Lindamood-Bell pre-testing and the 12 hours of Lindamood-Bell ~~testing~~ [tutoring] already paid by Parents within 30 days of District's receipt of paid invoices and/or canceled checks. The District will contract directly for the remainder of the Lindamood-Bell hours and for the post-testing.

    District agrees to reimburse Parents for transportation up to the total amount of $5,000 (for the February 2004 through August 2004 time period) to/from Lindamood Bell for the remainder of the 2003-04 school year (including ESY 2004). Parents will submit proof of payment for transportation to the District on a monthly basis. District will reimburse Parents within 30 days of receipt of mileage, paid invoices and/or receipts.

3. <u>Section 3 of the Agreement</u>: Replace current Section 3 with the following language:

    3. <u>Mutual General Release</u>
    Each party, in consideration of the promises and concessions made by the other, hereby compromises and settles any and all past, present and future Individuals with Disabilities Education Act ("IDEA") claims, demands, obligations, or causes of action, which that party has against the other party, and the other party's predecessors and successors in interest, heirs, assigns, officers, directors, agents, employees, partners and trustees, regarding the provision of an education and rights and responsibilities under the IDEA and the present dispute, *Ryan Petersen v. Mt. Diablo Unified School District*, SN 03-01885 through the 2004-05 school year (including ESY 2005).

March 18, 2004

4.  Mr. and Mrs. Petersen hereby acknowledge and agree that their consent and execution of this Amendment constitutes an irrevocable offer to contract with the District on their part and shall not and may not be withdrawn prior to the time that the District's Governing Board considers and formally adopts and ratifies the Agreement, to the extent it decides to do so. In the event that Mr. or Mrs. Petersen attempts to withdraw his or her consent to this irrevocable offer, as expressed in this Amendment, the District shall be entitled to recover the costs of any attorneys fees and administrative costs it has been caused to incur, and/or the costs of having to unnecessarily prepare for a due process hearing, from the party or parties revoking consent, and the revoking **party agrees** to pay the same from the date this Amendment is signed. If only one party revokes his or her consent, only that party is responsible for the costs described in this section. If both parties revoke their consent, both parties are jointly and individually responsible for the costs described in this section.

5.  <u>Section 2.G. of the Agreement: Replace with the following language:</u>

    2.G.
    The parties agree that any catastrophic change in Ryan's educational programming needs or Raskob's inability to continue to provide services to Ryan may require the District to convene an IEP meeting and develop an alternative appropriate program and placement. **Should the parties revise Ryans's services, parents do not waive the right to challenge the appropriateness of those services if the parties are unable to agree.**

Signatures:

Dated: _____          _____
                              Mr. Mike Petersen
                              Parent

Dated: _____          _____
                              Mrs. Randi Petersen
                              Parent

Dated: 3-30-04                *Mildred D. Browne Ed.D.*
                              Mildred D. Browne, Ed.D.
                              Assistant Superintendent, Pupil Services and
                              Special Education
                              Mt. Diablo Unified School District

Approved As To Form:

Dated: 3.31.04                *Kimberly Borah Schulist by K.S.*
                              Kimberly Borah Schulist
                              Miller Brown & Dannis
                              Attorney for Mt. Diablo Unified School District

Amendment to RP Agreement04.0318

March 18, 2004