AMY R. LEVINE, State Bar No. 160743
alevine@mbdlaw.com
ELIZABETH A. ESTES, State Bar No. 173680
eestes@mbdlaw.com
DAMARA MOORE, State Bar No. 215678
dmoore@mbdlaw.com
MILLER BROWN & DANNIS
71 Stevenson Street, 19th Floor
San Francisco, CA 94105
Telephone: (415) 543-4111
Facsimile: (415) 543-4384

Attorneys for Defendant
MOUNT DIABLO UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN PETERSEN,<br><br>  Plaintiff,<br><br>v.<br><br>MOUNT DIABLO UNIFIED SCHOOL DISTRICT,<br><br>  Defendant. | CASE NO. C07-02400 SI<br><br>**[PROPOSED] ORDER GRANTING DISTRICT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        August 1, 2008<br>Time:        9:00 a.m.<br>Courtroom: 10, 19th Floor<br>Judge:       Hon. Susan Illston<br><br>Trial Date:  None |

Defendant Mount Diablo Unified School District's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), or, in the alternative, motion for summary judgment under Federal Rule of Civil Procedure 56, came on for hearing on August 1, 2008 in Courtroom 10 before the Honorable Susan Illston.

Now, having read the papers filed by the parties herein, having heard oral arguments, and having considered all relevant factors pertinent to such motions, the Court rules that defendant's motions are GRANTED. All plaintiff's objections to defendant's evidence are

1

[PROPOSED] ORDER GRANTING DISTRICT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR SUMMARY JUDGMENT; CASE NO. C07-02400SI

SF 316711v1

1  overruled. All defendant's objections to plaintiff's evidence are sustained.

2       The Court finds as follows:

3  1.     Plaintiff Ryan Petersen brings a claim in this action under the Individuals with Disabilities Education Act, 20 U.S.C. sections 1400, et seq. (IDEA) based on the District's alleged failure to convene an IEP meeting for him on or before May 30, 2005 pursuant to a settlement agreement and the District's decision to invite the principal of Ryan's former private school to attend an individualized education plan (IEP) meeting convened on September 6, 2005.

2.     As to all such claims and all other claims raised in the Complaint, there are no genuine issues of material fact in dispute and the District is entitled to a judgment in its favor as a matter of law. This case is dismissed with prejudice on the following alternative grounds:

3.     Plaintiff's claim that the District violated the IDEA at any time up to and through July 30, 2005 has been waived and released by way the March 31, 2004 settlement agreement between the parties. In this agreement, plaintiff's parents released all known and unknown claims, past, present and future, concerning Ryan's education, including specifically claims brought under the IDEA, for the 2004-2005 school year including the 2005 extended school year (ESY). The ESY ended on July 30, 2005. Thus all claims based on facts that occurred up through and including July 30, 2005 must be dismissed.

4.     On or about August 31, 2005, plaintiff filed a request for due process with the California Special Education Hearing Office (SEHO), which was later transferred to the California Office of Administrative Hearings (OAH). OAH Case No. N2005090266. In that action, plaintiff raised claims for breach of the settlement agreement including the alleged failure to convene an IEP meeting by May 30, for the District's allegedly improper convening of the September 6, 2005 IEP meeting, and, also at least implicitly asserted that he was entitled to special education from the District during the 2004-2005 and 2005-2006 school years and ESY 2005 due to his enrollment in the District.

5.     However, plaintiff failed to ever plead a sufficient complaint in the OAH proceeding. In response to plaintiff's filings, the District filed two "Notices of Insufficiency"

2

[PROPOSED] ORDER GRANTING DISTRICT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR SUMMARY JUDGMENT; CASE NO. C07-02400SI

SF 316711v1

Miller Brown & Dannis
71 Stevenson Street, 19th Floor
San Francisco, CA 94105

asking that plaintiff's allegations be clarified. Both requests were granted. In its second order dated October 12, 2005, OAH ruled that plaintiff's due process filing was insufficient to state a claim, and gave plaintiff 14 days to file an amended complaint which cured the deficiencies. Plaintiff failed to amend within that period of time and on October 26, 2005, his due process complaint was dismissed. A formal order of dismissal was issued on April 4, 2006.

6. In the OAH proceeding, plaintiff raised all the claims he seeks to assert here. Because he failed to file an appeal of the dismissal of those claims within 90 days, they are now waived. Further, since any administrative filings on issues from May and September 2005 are now time barred, plaintiff cannot possibly state a valid claim on those grounds. Accordingly, his complaint will be dismissed with prejudice.

7. OAH's determination dismissing plaintiff's case was final and binding on the parties. As a result of plaintiff's failure to appeal the OAH Order dismissing his case, plaintiff is bound by OAH's findings and those findings must be given preclusive effect here under the doctrine of collateral estoppel. Accordingly, plaintiff is precluded from contradicting OAH's findings that there was no cause of action for breach of the settlement and no violation of the IDEA for the 2004-2005 and 2005-2006 school years and 2005 ESY, and is precluded from asserting that he was enrolled in the Mount Diablo Unified School District during those periods of time.

8. Under the doctrine of res judicata, plaintiff is barred from litigating not just issues previously raised, but also issues that could have been raised in the earlier action. Here, plaintiff seeks to relitigate the issue of Ryan's education, including whether his educational interests were harmed by a breach of the settlement agreement. Because plaintiff has failed to properly appeal the findings against him that he had no claim under the IDEA for breach of contract or otherwise, he is precluded from here claiming that he has any such cause of action.

9. To the extent plaintiff is claiming that his cause of action is not brought under the IDEA, but is for breach of contract, this Court has no jurisdiction over such a claim. The settlement agreement was not reached in a mediation or in a resolution session after July 1, 2005, and there are therefore no provisions in the IDEA or elsewhere that would bestow

3

jurisdiction upon this Court to adjudicate this claim. Accordingly, for this reason as well, plaintiff's complaint will be dismissed.

10. Plaintiff also cannot establish that there has been a breach of contract or a violation of the IDEA. The settlement agreement provided in paragraph 2.H. as follows:

> If Ryan is a resident of the Mt. Diablo Unified School District for the 2005-2006 school year <u>and</u> parents are seeking educational services from Mt. Diablo Unified School District, Ryan's annual IEP meeting will be held on or before May 30, 2005 to discuss Ryan's placement and services for the 2005-2006 school year. (Emphasis added).

11. Plaintiff has provided no proof that he was seeking educational services from the District prior to May 30, 2005, although seeking such services was a condition precedent to holding an IEP meeting under the terms of the agreement. Ryan had not been enrolled in the District since October 2003, and his parents took no steps to re-enroll him at any time since then. After plaintiff filed his request for due process on or about August 31, 2005, his father Michael Petersen failed to respond to multiple attempts by the District to determine whether or not he wished to enroll Ryan in the District. When Mr. Petersen finally did indicate his intentions with respect to enrollment in January 2006, it was to state he was relocating and that he would <u>not</u> be enrolling Ryan that school year.

12. As to the September 6, 2005 IEP meeting, this meeting was neither belated nor improperly convened as plaintiff contends. The District was entitled to invite Ryan's former principal from New Vistas Christian School to the meeting, and is not responsible for her decision to not invite Ryan back to the school for the 2005-2006 school year or subsequent school years.

Based on the foregoing, plaintiff Ryan Petersen's complaint must be dismissed with prejudice, and defendant Mount Diablo Unified School District is entitled to judgment in its favor. The District and the previously dismissed District-affiliated defendants Mildred Browne and Ken Ferro shall recover their costs.

///

///

1 | **IT IS SO ORDERED.**

3 | DATED:_____    _____
4 |                                                                      Honorable Susan Illston
                                                                         Untied States District Court Judge

Miller Brown & Dannis
71 Stevenson Street, 19th Floor
San Francisco, CA 94105

5

[PROPOSED] ORDER GRANTING DISTRICT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR SUMMARY JUDGMENT; CASE NO. C07-02400SI

SF 316711v1