1  MICHAEL PETERSEN PRO SE
   next of friend of Michael Petersen Jr.
2  and Ryan Petersen
   3375 Port Chicago Hwy. 30-166
3  Concord Ca. 94520
   (925) 588-4799
4

RECEIVED

2008 JUL 11  P 4: 41

RICHARD W. WIEKING. CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.



FILED

JUL 1 1 2008

5
6  RICHARD W. WIEKING
   CLERK, U.S. DISTRICT COURT
7  NORTHERN DISTRICT OF CALIFORNIA

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  MICHAEL PETERSEN ON BEHALF OF            CASE C07-02400SI
    HIMSELF AND PARENT AND NEXT OF
12  FRIEND TO MIKE JR. AND RYAN PRO SE       PLAINTIFF'S OPPOSITION TO
                                             DEFENDANTS MOTIONS FOR
13                                           JUDGEMENT ON THE PLEADINGS,
                                             OR,IN THE ALTERNATIVE FOR
14  V                                        SUMMARY JUDGMENT, VEXATIOUS
                                             LITIGANT MOTION AND ATTNY
15                                           FEES OF $67,000.00 +

16  MOUNT DIABLO UNIFIED SCHOOL DISTRICT ET.AL.,   DATE: 8/1/08
    MILDRED BROWN, individually and in her official  TIME: 9:00am
17  capacity as assistant superintendent of special  COURTROOM: 10, 19th FL.
    education, KEN FERRO, individually and in his    JUDGE: HON. SUSAN ILLSTON
18  official capacity as alternative dispute
    resolution administrator
19

20

21  Plaintiff's hereby file opposition to defendants motions for judgement on

22  the pleadings, or, in the alternative for summary judgment, amended proposed

23  order declaring father and minor children vexatious litigants, imposing pre

24  filing orders and attorney fees of $67,000.00 + and declarations of their

25  supporting exhibits. Plaintiff's request denovo review and reserve oral

26  argument in support of their opposition and objections to defendants theories

27  of law on 8/1/08. All statutes and law contained within plaintiff's exhibits

28  are hereby incorporated into this opposition brief.

On 11/27/07, plaintiff's filed response to order of 11/6/07 requiring more definitive statement with claims for relief, damages sustained as a result of the above referenced claims and prayers for relief including request for judgment and relief as set forth therein. (see exibit "**A**", items 33 through 40 for reference and third claims for relief, prayers and request for judgment and relief)

On 2/22/08, plaintiff's filed response to order of 2/11/08 re: plaintiff's 11/27/08 brief re: maintance of I.D.E.A. claims (exhibit "**B**").

Defendants and their counsel seek to punish plaintiff's a minimum of $67,000. in attorney fees for advocating and pursuing these claims.

On 6/6/08, plaintiff's filed mandatory request for judicial notice and submitted evidence validating their claims and establising subject matter jurisdiction.  Exhibit "**C**" is attached to outline the nature of events plaintiff has endured from the defendants and their counsel. ( in 11/07, plaintiff requested settlement for minor children and offered to drop his own claims. Subsequently, defendants and their counsel refused the request.) It should be re noted, the defendants and their counsel filed against this father/plaintiff for state  due process which triggered a land slide of litigation in 2002/2003 when they charged Mike Jr. with 10 assault and battery suspentions, sent crime reports to the state and knowingly let him sit at home the entire school year with no special education. Mike Jr., was 10 years old at that time and is diagnosed with high funtioning autism. On Mike Jr's 4/02 I.E.P., the defendants authorized the use of the 4 point restraint system to hold down Mike Jr's extremeties and subsequently, sought to place Mike in a locked school (more restrictive placement) as the main issue in their state due process filing.  Attached as exhibit "**D**" is a I.E.P. goals and objectives document the defendants added to Ryan's I.E.P.

1    some 4 months after the fact faxed on 8/29/02 by MDUSD audiology documenting

2    his comprehension - auditory processing disabilities. Prior to this, the

3    MDUSD case in chief blamed Ryan's delays on his hearing loss. Subsequently,

4    Ryan's SN03-1885 federal IDEA contract was drafted after "D" was entered

5    into evidence at his due process hearing. As the court has been made aware,

6    Ryan is entering the 9th grade in 9/08 and is still funtioning at a primer

7    level per educational testing results submitted in plaintiff's 4/14/08

8    administrative motion.

9    Pursuant to defendant's 1/28/08 vexacious litigant motion, their attorney

10   fees were $241,425.00 at that time to supress the Petersen children.

11   Past filings reveal this father/plaintiff had taken the MDUSD staff and

12   administrators words as golden, followed all recommendations to best of

13   his abilities, trusted them and worked in close support with them until

14   the assault and battery suspentions were given to Mike Jr. and they took

15   father to state hearing and provided no special education for an entire

16   school year. Plaintiff strongly objects and opposes defendants amended

17   proposed order, and attorney Levine's supplemental declaration to declare

18   Michael Petersen Sr., Michael Petersen Jr. and Ryan Petersen vexacious

19   litigants and prays the court deny their motion.

20   Attached as exhibit "E" is plaintiff's 10/21/04 letter to MDUSD  that

21   demonstrates tactics this plaintiff has endured in relation to,and from

22   MDUSD including but not limited to receiving mail or court filings late

23   compaired to the post mark and/or file stamp and/or in relation to the name,

24   address, antecedent or motive, by fiduciaries and/or independent agents

25   to gain advantage, create confusion, alter information and violate the

26   rights of plaintiff's. Plaintiff/father states he has the disability of

27   Asperger's syndrome. The D.S.M.IV  confirms this disorder as a paternal

28

1  trait most likely passed on to Mike Jr. from father.

2  On 5/19/05, plaintiff sent I.E.P. request pursuant to SN03-1885 federal
3  contract to MDUSD special education dept. #(925) 609-9246. (exhibit "F",
4  with transmission verification report)

5  Also on 5/19/05, plaintiff sent MDUSD special education dept. request to
6  substitute speech and language tutor to same fax #(925) 609-9246 which
7  exhibit "G" is attached. MDUSD acknowledged and accepted this request
8  pursuant to the request letter and claims to have fulfilled their payment
9  to this special education speech and language pathologist. In relation to
10 defendant Ferro's declaration exhibit #16, Plaintiff's submit their 1/17/06
11 letter and Ferro 1/10/06 fax transmissions of his 1/9/06 letters as group
12 exhibit "H" totaling 13 pages. Exhibit H evidences MDUSD program specialists
13 fax stamp and fax number at the top of each page. Futhermore, Mr. Ferro's
14 "A.D.R. program administrator"fax cover page letter head appears on the
15 transmissions confirming that (925) 609-9246 is a regular operationable
16 number used by Mr. Ferro. Plaintiff's conclude that M.D.U.S.D. received
17 the 5/19/05 I. E. P. request and violated the I.D.E.A. pursuant to the
18 SN03-1885 federal contract and complaint thereby satisfing subject matter
19 jurisdiction. (as of 1/17/06, plaintiff was already in the eviction process,
20 under great duress, experiencing chest pains and retreat from the violations
21 endured from the MDUSD and protectivly wrote I was relocating my residence
22 even though there was none. Plaintiff maintains his position that Ryan was
23 already enrolled in the MDUSD and additionally wrote I would not be enrolling
24 in the MDUSD for plaintiff's own self preservation. Subsequently, this
25 plaintiff spent the next 2 years living out of his pick up truck.) Included
26 in exhibit H are the assessment plans from the MDUSD to perform a exhaustive
27 re evaluation against Mike Jr. including social/emotional/behavioral most
28 likely to overturn the previous findings that Mike Jr. had autism disorder.

1  SN03-1885 federal contract is specific in regards to item H, which states
2  Ryan's annual IEP meeting will be held on or before May 30, 2005 to discuss
3  Ryan's placement and services for the 2005/2006 school year. Nowhere on the
4  contract does it allow the MDUSD to wait 30 school days for it's completion
5  of the IEP. If this was MDUSD intent, they would have included this provision
6  expressly, given the fierce opposition they exibited. So to can Calif. Civ.
7  Sec. 1636 be applied against the MDUSD in this instance. Previous IEP's
8  have been held for the Petersen children in the summertime session and
9  well before a 30 day window has elasped when the MDUSD chooses to do so.
10  The federal contract must be enforced as written. Exhibit "I" shows the
11  6/3/05 letter from Mr. Ferro, after the deadline of May 30, 2005 in a
12  apparent allegation that plaintiff's phone was either disconnected or
13  out of service. Other IEP's for the Petersen Children have always been
14  preceeded with a actual IEP notice which was not the case here because
15  the MDUSD had no intention of holding the meeting.
16  Plaintiff prepared for the 5/30/05 IEP meeting with Ryan's contracted speech
17  therapist who through written authorization for communication with Ferro, (as
18  with the other service providers and the private school) monitered Ryan's
19  progress. Futhermore, it is plaintiff's position that Mr. Ferro was aware of
20  a situation that Ryan had a catastrophic change in his educational programming
21  needs, and the district was required to convene an IEP meeting and develop an
22  appropraite alternative program and placement pursuant to the SN03-1885
23  addendum signed on 3/18/04 by plaintiff and 3/30/04 by superintendent Brown
24  regarding #5 section 2.G attached as exhibit "J". Plaintiff also prepared for
25  the 5/30/05 annual IEP by hiring state level expert auditory processing
26  and speech disorder specialist Dr. Swain, who's report was submitted to the
27  court in plaintiff's 4/14/08 administrative motion supporting Ryan's need for
28  1:1 LindaMood-Bell treatment.

Plaintiff's maintain the limitations period set forth in 28USC Sec. 1658 governs in this case quoting the 4 year statute for acts of congress.

Plaintiff argues Ryan's SN03-1885 contract suffices Calif. Civ. Sec 1599 that includes a contract with several objects that is void as to the unlawful parts and valid as to the rest.

Plaintiff's also argue that Calif. Civ. Sec. 1656 includes to support Ryan's federal contract SN03-1885 to specifically include the laws of the United States as written. This code section states laws or usage implied as part of contract... or as necessary to carry it into effect. Here we have the federal I.D.E.A. laws for the contract with several specific indicators it is based on the United States Code. Therefore, the MDUSD position that Calif. Civ. Code 1636 & 1638 governs exclusively must fail and subject matter jurisdiction must prevail.

Defendants had a existing legal duty pursuant to Calif. Civ. Code 1606 to Ryan.

Plaintiff's apply the above arguments against MDUSD blanket waiver and further note Calif. Civ. Code 1667 and 1668 against their argument that they are protected by waiver on SN03-1885 contract item "H" by refusing to hold Ryan's annual IEP by 5/30/05. Simply put, the defendants can not violate the I.D.E.A. laws, gain consideration from their acts and be exempted pursuant to specific waiver from the I.D.E.A. during the violation period.

Sections 1667 & 1668 protect against this violation of law, public policy, & good faith. Also if the defendants prevail here, they will have escaped complete responsibility for Ryan as a duel enrolled student whereas the MDUSD was in complete control of the IEP process, had signed releases for students school and service providers, had a joint role in the private school placement, completely controled when father would be reimburse for tuition and late fees and serviced student through their master contract and federal dollars.

Ryan Petersen was enrolled in the MDUSD the very moment administrator
Brown signed the SN03-1885 contract on 3/29/04 and the addendum on 3/30/04
when they took responsibility for student. Attorney Levine admits in her
3/12/08 answer that Ryan's contract takes the place of his due process
rights pursuant to item # M. On 3/31/04, either ADR Ferro or administrator
Brown also signed contract for Ryan with the private placement, LindaMood-
Bell attached as exhibit "K" showing responsibility as a duel enrollment
student.

Plaintiff states that Ryan's SN03-1885 contract was mediated as evidenced by
the following group exhibit "L", 3/18/04 letter from Ms. Olsen Brown at
Miller , Brown & Dannis. 3/18/04 signed addendum by special education
parents, and/3/31/04 fax from mediator, Lynn Hansen & M.B.& D consisting of
the signature pages  (7 pages total). Pursuant to the state contracted
mediator's involvement in the negotiations and execution of the contract,
item "M" replaced exhaustion of administrative remedies once the mediator
facilitated the parties final signatures as evidenced by Lynn Hansen's
fax stamp and other documents to which she intervened into the students due
process rights. Futhermore, plaintiff's seek remedies that are not available
under the IDEA pursuant to Blanchard v. Morten USD, 420 F.3d 918 (9th cir.)

Exhibit "M" contains the 7/22/05 LindaMood-Bell contract the MDUSD entered
on behalf of Ryan Petersen pursuant to SN03-1885 and with the non-public
agency (NPA). The significance of exhibit M maintains the authority of Calif.
Civ. Code 1698 for modification of a written contract. This modification to
federal contract SN03-1885 was made after the 7/1/05 IDEIA amendments and
maintains subject matter jurisdiction in the district courts and extends
outside of any waiver clauses in SN03-1885. The 1698 contract modification
extends item "F" on SN03-1885 and qualified as Ryan's stay put placement

pursuant to 20 USC Sec. 1415 (j); 34 CFR Sec. 300.514; ED. Code Sec. 56505 (d) once plaintiff submitted his 8/26/05 notice (exhibit"N") to MDUSD and exhibit "O" containing plaintiff's 8/31/05 due process request to MDUSD and SEHO with transmission verification reports. Again, the evidence of the NPA LindaMood-Bell contract establishes duel enrollment as a student in the MDUSD.

Plaintiff asserts Parma v Winkleman (U.S. Supreme Court 2007) as a retroactive argument alternatively to establish subject matter jurisdiction and to assert his standing to pursue claims and rights under the IDEA. The court has already set the status quo in this case and ruled on 2/11/08 that plaintiff has standing. Identically, and useing the same principles of retroactivety, plaintiff's SN03-1885 contract has subject matter jurisdiction retro to 7/1/05 when the reauthorized IDEA took effect as Parma v. Winkleman did not become effective until late May, 2007 and this case was filed on 4/27/07. Plaintiff's oppose defendant's case law submitted on this issue and states this case is precedent. Plaintiff's should not be held to a double standard.

Exhibit "P" shows plaintiff's 9/2/05 letter to Mr. Ferro regarding resolution session request with LindaMood-Bell appointment reminder re: 9/6/05 post-testing. (Mr. Ferro would not reschedule the 9/6/05 IEP)

Exhibit "Q" is MDUSD notice of objection to the sufficiency of the 8/31/05 due process complaint dated 9/7/05. Exhibit "R" is plaintiff's 9/7/05 letter to Mr. Ferro and superintendent McHenry regarding home school (for plaintiff's protection) and another request for the resolution session.(fax transmissions indicate copies to SEHO and OAH at their regular fax numbers.) On 9/9/05, plaintiff faxed his motion to order MDUSD comply with resolution session and objection to MDUSD 9/7/05 motion attached as exhibit "S". (this motion was specifically sent to Office of Administrative Hearings on this

1   date as evidenced by the fax transmissions report, and to SEHO and MDUSD. As
2   attached) The declaration of attorney Levine, exhibit "A"shows a O.A.H.
3   received stamp dated 9/12/05, when in fact, plaintiff sent them the motion
4   on 9/9/05. Also on 9/9/05, exhibit "T" shows Mr. Ferro's letter offering
5   3 dates for the resolution session of 9/14/05, 9/15/05 or 9/16/05.
6   Declaration of attorney Levine, exhibit B pages 1-4, contains the O.A.H.
7   order to the MDUSD 9/7/05 motion with no mention of the resolution session
8   motion from plaintiff. The O.A.H. order is dated 9/12/05.
9   Plaintiff's exhibit "U" shows his agreement to Mr. Ferro's 9/9/05 letter
10  choosing 9/14/05 as the date for the resolution session at 3:00pm.
11  This  letter dated 9/13/05 was faxed to SEHO, OAH and Mr. Ferro.

13  On 9/14/05, plaintiff's exhibit "V" was faxed to Mr. Ferro, SEHO and OAH
14  regarding the resolution session. Also on 9/14/05, Mr. Ferro faxed his
15  letter refusing the resolution session accross town while plaintiff was in
16  route to the meeting. Once plaintiff arrived a hard copy of the letter was
17  handed to him and it was explained Mr. Ferro would not meet with plaintiff.
18  Plaintiff waited 1 hour in disbelief and finally asked the superintendants
19  secratary to time stamp and sign the letter to show plaintiff's willingness
20  to resolve the issues and his timely attendance for the meeting as exhibit **W**.
21  Plaintiff's exhibit "X" shows his 9/19/05 letter to Miller, Brown & Dannis,
22  Mr. Ferro, OAH and SEHO requesting mediation to resolve the issues pursuant
23  to the new IDEA prior to the filing of a complaint and was rejected.
24  Plaintiff's exhibit "Y" is yet another request for a resolution session
25  sent to Mr. Ferro, SEHO and OAH that was ultimately refused re: this 10/5/05
26  request. Also on 10/5/05, plaintiff shows exhibit "Z" regarding the resolution
27  session and other matters as sent to M,B,& D, Ferro, OAH and SEHO.
28  On 10/3/05, MDUSD responded to plaintiff's 9/23/05  amended due process

request attached as "**A-1**". Contained therein, they explain that resolution sessions and mediations are not within the jurisdiction of OAH to hear complaints regarding failure to convene. "**B-1**" includes plaintiff's 10/6/05 letter regarding resolution session. "**C-1**" contains Ferro letter dated 10/7/05 refusing mediation and resolution session. Exhibit "**D-1**" is plaintiff's 10/10/05 response to MDUSD objection to petitioner's amended complaint.

Back on 9/2/05, plaintiff received 4 page fax from O.A.H. including resolution sessions stating " the purpose of the meeting is to provide an opportunity for the parent to discuss their complaint and it's factual basis". This is attached as exhibit "**E-1**" as 4 pages. Plaintiff provides exhibit "**F-1**" to include the MDUSD notice of procedural safegards revised 10/05. Under the heading "opportunity for district to informally resolve complaint" states the resolution sessions purpose as "opportunity to discuss    your due process complaint and provide the district a chance to work with you to reach a resolution".

All United States Codes, case law and statutes contained in the attached exhibits are hereby fully incorporated into plaintiff's opposition brief to be further argued orally at hearing set for 8/1/08.

The federal resolution session and mediation violations 20USC 1415(f)(1)(B) by defendants show extreme bad faith. Plaintiff agrees with MDUSD in their 10/3/05 filing (exhibit A-1) thatOAH does not have jurisdiction over these violations. The exhaustion requirement is therefore excused as well, plaintiff seeks claims while in the pursuit of IDEA remedies and claims that are not available under the IDEA to any degree. (personal injury, pain and suffering, lost wages, retailiation) The MDUSD made clear that they were not going to abide by the IDEA laws showing repeated violations regarding their fudiciary duties to seek to resolve or mediate complaints,

1   as state level transfer and dispursment points for the special education

2   federal funds. Again, by this point in time, plaintiff had chest pains,

3   in eviction proceedings, and under great duress, sent 1/17/06 letter

4   stateing his relocation of residence (even though he did not have one)

5   for self preservation. If the MDUSD had honored the stay put provision,

6   and/or resolution/mediation, they would have prevented injuries. Instead,

7   they acted with deliberate indifference and violated the rights of plaintiffs

8   while they were in the pursuit of IDEA remedies re: Blanchard v. Morten USD.

9   Plaintiff's sufferred injuries by and through SN03-1885 and IDEA as

10  referenced in the 11/27/07 brief and claims, including the 2/22/08 filing.

11

12  Plaintiff's reinterate their 28USC 1658 argument for time limitations.

13  The final order of dismissal from OAH was dated 4/4/06. 28USC Sec. 1658

14  has a four year limitations period for acts of congress and plaintiff's

15  are well within their timeline. Subsequently, the pattern of violations

16  has been ongoing as well.

17  The MDUSD has defiantly shown they would not follow the mandated resolution

18  session or mediation statutes and opposes that Ryan was enrolled in their

19  district, or that they any responsibility for this student. All educational

20  issues had been previously resolved and educational relief was obtained

21  as available under the IDEA on behalf of Ryan in the SN03-1885 due process

22  and state mediated SN03-1885 IDEA contract. Plaintiff's current claims

23  can not be remedied through the educational remedies available under the

24  IDEA. (see Blanchard v. Morten)

25  In the 7/22/05 LindaMood-Bell / Calif. Civ. Code 1698 extention of the

26  SN03-1885 contract, Ryan's educational issues were still resolved at that

27  point in time under the educational relief available under the IDEA

28  through the post testing date of 9/6/05. Given the 8/26/05, 8/31/05, or

1   the 9/2/05 due process notices, the stay put provision 20USC 1415 (j)
2   was in effect to protect Ryan thereby maintaining the status quo of his
3   SN03-1885 contract. The fact that the MDUSD chose not to honor the stay
4   put provision pursuant to their briefs, shows that they can not gain
5   consideration from their acts siting Calif. Civ. Code 1667 & 1668.
6   The defendant's base their position on Ryan not being enrolled in their
7   school district.

8   Plaintiff's argue that defendant's have contradicted themselves and admit
9   Ryan was enrolled as a student in the MDUSD (pg 6, footnote 3, MDUSD
10  points and authorities). The simple fact that MDUSD held the 9/6/05 IEP
11  demonstrates enrollment. (see 34CFR 300.132(b).

12  Plaintiff's add additional argument against defendants theory for failure to
13  appeal @ OAH in University of Tennessee v. Elliot, 478 U.S., 788 (1986) as
14  the student (Ryan) never had a adequate oppotunity to litigate directly due
15  to defendants violations. Therefore the criteria was never met and collateral
16  estopple does not apply given that defendants prevented the issues from
17  being litigated and or resolved by way of not honoring stay put, at
18  LindaMood-Bell.  In fact plaintiff never litigated the case at all because
19  the OAH and MDUSD would not recognize 20 USC 1415 (b)(7)(A)(ii)(I) and
20  allow plaintiff to state Ryan's school of attendance to formulate a valid
21  complaint. Futhermore, plaintiff's claims are for injuries while pursuing
22  remedies under the IDEA (see Blanchard v. Morten) Accordingly, Plaintiff
23  states  defendant's argument for Res Judicata must fail under this same
24  criteria.

25  Plaintiff hereby reserves argument against defendants breach of contract
26  theories until the court rules on subject matter jurisdiction on 8/1/08.
27  Plaintiff has encompassed his legal theories surrounding this issue and
28  saves for open argument.

page 12 of 13

1   Plaintiff's make additional agrument regarding residency and the maintainance

2   thereof. Once again, the defendant's can not gain consideration from

3   there violations after plaintiff was evicted while plaintiff was in the

4   pursuit of IDEA remedies. (se Blanchard v. Morten USD 420 F3d 918 (9th cir)

5   Even if defendants were to somehow argue around this issue and their

6   deliberate indifference & violation of rights, Plaintiff's site Jones v.

7   City of Los Angeles No. 04-55324, D.C.No. CV-03-10042-ER 9th cir)

8   and the eighth amendment for protection and save for oral argument on

9   8/1/08.

11   Respectfully submitted,

13   Michael Petersen

15   / / /

17   / / /

19   / / /

21   / / /

23   / / /

25   / / /

27   / / /

/ / /