

**MT. DIABLO UNIFIED SCHOOL DISTRICT**
**JAMES W. DENT EDUCATION CENTER**
1936 Carlotta Drive
Concord, California 94519-1397
(925) 682-8000

SPECIAL EDUCATION
DEPARTMENT

September 9, 2005

Mr. Michael Petersen
5018 Jeri Place
Concord, CA 94521

Dear Mr. Petersen:

The District received your request for due process. Under the reauthorized IDEA, which is now in effect, the District is required to convene a meeting called a "resolution session" for the purpose of attempting to informally resolve the issues raised in the District's complaint. We need to know whether you are interested in attending this meeting and, if so, whether you will be bringing an attorney.

The District is offering the following three dates and times to hold the meeting:
- September 14, 2005     3:00 p.m.
- September 15, 2005     9:00 a.m.
- September 16, 2005     9:00 a.m.

In order to make arrangements for this meeting, the District needs to have your response by 12:00 Tuesday, September 13, 2005.

Please call me if you have any questions regarding this notice.

Sincerely,

Ken Ferro
Administrator, Alternative Dispute Resolution

cc: Jennifer Postel



# STAPLES copy&printcenter

## Complimentary Fax Cover Sheet

**Copy & Print Center Services**

B&W Copying
Color Copying
Self-Serve Copying
Large Format Copying
Binding
Cutting
Folding
Laminating
Business Cards
Letterhead
Envelopes
Labels
Note Pads
Post-it® Notes
Checks & Forms
Signs & Banners
Staples & Engraving
Custom Calendars
Disk File Submission
CD Burning
Scanning
Faxing
Specialty Papers
Recycled Papers
UPS Shipping

TO: Ken Ferris Fax    674-0667
S.E.H.O.    916 739-7066
OAH    916 322-8014
Randi    Petersen 559-733-3463

FROM: Mike Petersen
PO Box 273363
Concord CA 94527

DATE: 9/13/05

FAX #: (   )

PHONE#: (925) 825-5769

NUMBER OF PAGES (Including Cover): 3

☐ Urgent
☑ Confidential
☐ Confirm Receipt

REPLY FAX # (   )

Message:

RE: Resolution Session



## ATTENTION! IMPORTANT!

Staples is not responsible for the content of this facsimile. Our customers are cautioned against sending confidential or sensitive personal information via facsimile. Staples is not responsible for misdirected facsimiles. If you received this facsimile in error, please notify the sender at the phone number inserted above for directions concerning the facsimile.

Michael S. Petersen
P.O. Box 273363
Concord Ca. 94527
(925) 825-5769

September 13, 2005          FACSIMILE TRANSMISSION

Ken Ferro MDUSD Special Education
1936 Carlotta Dr.
Concord Ca. 94519
Fax 674-0667 Time *//: /5 am*

Re: Ryan Petersen; Agreement to resolution session date

Request for MDUSD procedural safeguards re: re authorized IDEA 2004
Request for student records (all locations)
Request for MDUSD policies and procedures re: re authorized IDEA 2004
Request for copy of 9/6/05 I.E.P.
Request for Districts SEHO or O.A.H. motion dated 9/7/05
Request for list of qualified mediators
Reserve right to mediate

Mr. Ferro,

Pursuant to your 9/9/05 letter after my 9/9/05 SEHO motion for the resolution session, I choose 9/14/05 @ 3:00pm of the 3 dates you offer as the resolution session meeting. I will not be accompanied by an attorney at the session and request the district comply with the same. It should be noted, you are out of compliance with holding this meeting as you received notice of my complaint on 8/26/05 and the mandatory 15 day time line for holding this session ended on Saturday, 9/10/05. On 9/7/05, under direction from your department, your lawyers filed motion with the O.A.H. to dismiss. To date, I have not received this complete document and only had knowledge of it through a chance conversation with Ryan's mother who lives 200 miles away as it was faxed to her then forwarded to me. I strongly object to your departments tactics and ethics regarding your choice to omit my receipt of your documents when you know I was awarded sole legal custody of Ryan. Please send me the complete pleading immediately.

This letter also serves as a formal complaint that the district, it's predecessors and successors in interest, heirs, assigns, officers, directors, agents, employees, partners, and trustees have, have attempted to or have participated in any action that impedes or impeded the rights afforded to my low incidence hearing and learning disabled son.

I hereby reserve my rights to mediation in this matter and my attendance of the resolution session is in no way a denial of my agreement and right to the mediation process. I am greatly concerned that the district including but not limited to the above named may be party to the denial or delay

of my son's due process rights including but not limited to the IDEA re- authorization 2004.

Sincerely,
Michael S. Peterson

Michael S. Petersen

c.c. S.E.H.O. Fax (916) 739-7066
    Office of Administration Hearings Fax (916) 322-8014
    Randi Petersen Fax (559) 733-3463

Total pages including cover = 3

TRANSMISSION VERIFICATION REPORT

```
TIME    : 09/13/2005 11:24
NAME    : STAPLES
FAX     : 9256091123
TEL     : 9256091014
SER.#   : BROH4J864373
```

```
DATE,TIME              09/13  11:23
FAX NO./NAME           15597333463
DURATION               00:01:00
PAGE(S)                03
                       COVERPAGE
RESULT                 OK
MODE                   STANDARD
                       ECM
```

TRANSMISSION VERIFICATION REPORT

```
TIME   : 09/13/2005 11:18
NAME   : STAPLES
FAX    : 9256091123
TEL    : 9256091014
SER.# : BROH4J854373
```

```
DATE,TIME                09/13  11:17
FAX NO./NAME             19163228014
DURATION                 00:00:59
PAGE(S)                  03
                         COVERPAGE
RESULT                   OK
MODE                     STANDARD
                         ECM
```

TRANSMISSION VERIFICATION REPORT

```
TIME    : 09/13/2005 11:15
NAME    : STAPLES
FAX     : 9256091123
TEL     : 9256091014
SER.# : BROH4J064373
```

| | |
|---|---|
| DATE,TIME | 09/13  11:15 |
| FAX NO./NAME | 19167397066 |
| DURATION | 00:00:58 |
| PAGE(S) | 03 |
| | COVERPAGE |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

TRANSMISSION VERIFICATION REPORT

```
TIME  : 09/13/2008  11:14
NAME  : STAPLES
FAX   : 9256084100
TEL   : 9256083614
SER.N : BROHGJ884915
```

```
DATE,TIME       09/13  11:13
FAX NO./NAME    6740667
DURATION        00:01:20
PAGE(S)         03
                COVERPAGE
RESULT          OK
MODE            STANDARD
                ECM
```

Michael S. Petersen
P.O. Box 273363
Concord Ca. 94527
(925) 825-5769

September 14, 2005          FACSIMILE TRANSMISSION

Ken Ferro MDUSD Special Education
1936 Carlotta Dr.
Concord Ca. 94519
Fax 674-0667

Re: Intent to file and request for district's written permission to file amended complaint
    Request district's confirmation or cancellation of today's resolution session at 3:00pm
    Re: Low incidence student, Ryan Petersen

Mr. Ferro,

I am in receipt of the O.A.H. order deeming my due process request insufficient. I was not aware
of the I.D.E.A. changes in law until recently. In fact, the only reason I knew about the resolution
session requirement was from a faxed 3 page correspondence of selected procedures and law
received from the calendar clerk at the O.A.H. at 2:12 pm on 9/2/05 after I inquired about the
pending hearing date and requested written confirmation. This correspondence then prompted my
9/2/05 letter at 4:50 pm. I was unaware of the new filing requirements.
In violation to Ryan and the rights afforded him as a disabled student, the district should have
sent me the required procedural safeguards, thus the new IDEA changes in law, as soon as you
had notice of my intent to exercise Ryan's rights on 8/26/05 ie; ( and in part, my request for the
contractual annual IEP meeting pursuant to his IDEA compromise and release agreement that
was ignored by your office in may 2005, ie; FAPE) and especially after it's receipt of my due
process request.
It now appears I must obtain the district's permission to file a amended complaint according to
the re authorized IDEA law in sum; " a party may amend its due process complaint notice only if
the other party consents in writing to such amendment and is given the opportunity to resolve the
complaint through a meeting held pursuant to subsection (f) )1) (B) or as otherwise specified.
Please notify me immediately on my cell phone @ (925) 595-0459 and via fax in response to this
letter from the same fax location I am sending it to you from. I am now in receipt of the
district's 9/7/05 filing from my P.O. box. I have no explanation to it's late arrival and have no
control of when mail is placed in, misplaced ,or forwarded to my mail slot.
I look forward to working with you and not against you in providing Ryan's educational needs.

Sincerely,
Michael S. Petersen
Michael S. Petersen
c.c. Randi Petersen Fax (559) 733-3463
    Office of administration Hearings fax (916) 322-8014

```
**********************
***   TX REPORT   ***
**********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 0059 |
| CONNECTION TEL | 6740667 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 09/14 09:57 |
| USAGE T | 00'44 |
| PGS. SENT | 2 |
| RESULT | OK |



**FedEx Kinko's.**
Office and Print Center

# Fax Cover Sheet

FedEx Kinko's of Pleasant Hill          Telephone: 925-827-4293   Fax: 925-827-4918

Date __9/14/05__

Number of pages __2__ (including cover page)

To: _Ken Ferro, MDUSD_

From:

Name _____

Name _Mike Petersen_

Company _____

Company _____

Telephone _____

Telephone _595—0459_

Fax __674— 0667__

Comments

C.C. Randi Petersen (559) 733—3463

O.A.H. (916) 322 - 8014

More than 1,200 locations worldwide. For the location nearest you, call 1.800.2.KINKOS. Visit our website at fedexkinkos.com.


**FedEx Kinko's.**
Office and Print Center

# Fax Cover Sheet

FedEx Kinko's of Pleasant Hill          Telephone: 925-827-4293   Fax: 925-827-4918

Date _9/14/05_                          Number of pages _2_   (including cover page)

## To: Ken Ferro, MDUSD                 ## From:

Name _____          Name _Mike Petersen_

Company _____          Company _____

Telephone _____          Telephone _595-0459_

Fax _674-0667_

Comments

C.C. Randi Petersen  (559) 733-3463
    O.A.H.  (916) 322-8014

More than 1,200 locations worldwide. For the location nearest you, call 1.800.2.KINKOS. Visit our website at fedexkinkos.com.

---

```
                                    OK        RESULT
                                     2        PGS. SENT
                                 00.25        USAGE T
                          09/14 09:59         ST. TIME
                                              CONNECTION ID
                       19163228014            SUBADDRESS
                                 0900          CONNECTION TEL.
                                 0060          TX/RX NO

                          TRANSMISSION OK

                 ********************
                 ***   TX REPORT   ***
                 ********************
```

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              0058
CONNECTION TEL                   6740667
SUBADDRESS
CONNECTION ID
ST. TIME             09/14 09:55
USAGE T              00'29
PGS. SENT               2
RESULT               OK
```

09/14/2005 WED 02:23 [TX/RX NO 9596] @001

Mt. Diablo Unified School District
1936 Carlotta Drive
Concord, CA 94519-1397
Phone: (925) 682-8000, ext. 4070
Fax:    (925) 674-0667

**Ken Ferro**
**ADR Program Administrator**

# Fax

Kinko's →

**To:** Michael Petersen

**From:** Ken Ferro

**Fax:** 925 887 - 4918

**Date:** 9/14/05

**Phone:**

**Pages:** 3

**Re:** Sept 9th letter

**CC:**

**X Urgent**   □ **For Review**   □ **Please Comment**   □ **Please Reply**   □ **Please Recycle**

Confidential



MT. DIABLO UNIFIED SCHOOL DISTRICT
JAMES W. DENT EDUCATION CENTER
1936 Carlotta Drive
Concord, California 94519-1397
(925) 682-8000

September 14, 2005

ALTERNATIVE DISPUTE RESOLUTION
PARENT LIAISON

Dear Mr. Petersen,

I am in receipt of your correspondence dated September 13, 2005 and your most recent correspondence received via facsimile today.

Unfortunately, your request for hearing failed to identify any issues for resolution or any proposed resolutions as determined by the Office of Administrative Hearings in the September 12, 2005 Determination of Sufficiency of Due Process Complaint and Order mailed to District counsel and yourself. Pursuant to the Judge's ruling, your complaint is insufficient, but you have been provided the right to file an amended complaint if you wish.

Based upon the above, the District is not going to proceed with the resolution session today as it does not have notice of the issues we are attempting to address.    Should you choose to file a sufficient amended complaint, we will reschedule a resolution session at that point and are truly hopeful we can resolve all issues.

I wish to clarify some inaccurate statements from your letters in order to ensure that all parties proceed with a proper understanding of the relevant facts. The District did not file a motion to dismiss. Rather, pursuant to the IDEA 2004, the District filed an Objection to the Sufficiency of the Complaint. The District disagrees with your previous allegation that you did not receive the Objection to the Sufficiency of the Complaint as your name appears on the Proof of Service demonstrating that you were served the document via mail. We are pleased you acknowledged receipt of our Objection in today's correspondence.

Your contention as to the District's knowledge that you were awarded sole legal custody of Ryan is patently erroneous.   In fact, I have personally made several requests for you to provide the District with relevant documentation demonstrating your current custodial and education rights pertaining to Ryan. Each time, you have failed to reply to my requests. As such, I again request that you provide the District with proof of your current educational rights pertaining to Ryan.  The District is happy to implement whatever order is currently in place, but needs to see the order.

Additionally, it is our understanding you are seeking services from the District for both of your sons, Ryan and Michael. As a result, we convened an IEP meeting for Ryan, but have recently discovered that  you have not enrolled either of your sons in the Mt. Diablo Unified School District.

If you do wish to seek services for Ryan and Michael from the District, you must complete the process of enrolling them in the District and I request you do so immediately. If, in the alternative, you are privately placing Ryan and Michael and not

seeking public school services from the District, they are not entitled to a free appropriate public education and an IEP, but to individual services plans.

Please inform me by the close of this week, Friday, September 16, 2005 whether you are seeking public school services from the District for Ryan and Mikey. If so, please also enroll them in the District by Friday.

I am unclear as to the meaning of your statement:

> This letter also serves as a formal complaint that the district, it's *(sic.)* predecessors and successors in interest, heirs, assigns, officers, directors, agents, employees, partners, and trustees have, have attempted to or have participated in any action that impedes or impeded the rights afforded to my low incidence hearing and learning disabled son.

Due to the confusion regarding this vague and ambiguous statement, I am unable to respond to your complaint. Should you desire a response, please provide the District with more information regarding which actions were taken and which rights were impeded.

Your request for Ryan's September 6, 2005 IEP documentation is confusing as that IEP forwarded to you in a letter dated September 9, 2005, and the District has a certified mail receipt demonstrating your receipt of the documents on that date. Have you misplaced those documents or are you seeking an additional copy?

Your statement that you are requesting student records from all locations for Ryan and public records will be complied with within the statutory mandated timeframe.

In response to your most recent facsimile, you do not need to obtain the District's consent to file an amended complaint. Rather, as stated in the Office of Administrative Hearings September 12, 2005 order, you are permitted to file an amended complaint within 14 days of the date of the order. A copy of the District's Procedural Safeguards was included in Ryan's IEP as forwarded to you on September 9, 2005 and an updated version will also be provided.

The District does not select mediators. Should you choose to file a sufficient amended complaint and pursue mediation in this matter, you are entitled to request a mediator and should contact the Office of Administrative Hearings to obtain information regarding how to do so.

I am hopeful this answers all of your questions. Please contact me should you have any further.

Very truly yours,

Ken Ferro

cc:    Randi Petersen (via facsimile)
       Jennifer Postel (via facsimile)



MT. DIABLO UNIFIED SCHOOL DISTRICT
JAMES W. DENT EDUCATION CENTER
1936 Carlotta Drive
Concord, California 94519-1397
(925) 682-8000

September 14, 2005

ALTERNATIVE DISPUTE RESOLUTION
PARENT LIAISON

Dear Mr. Petersen,

I am in receipt of your correspondence dated September 13, 2005 and your most recent correspondence received via facsimile today.

Unfortunately, your request for hearing failed to identify any issues for resolution or any proposed resolutions as determined by the Office of Administrative Hearings in the September 12, 2005 Determination of Sufficiency of Due Process Complaint and Order mailed to District counsel and yourself. Pursuant to the Judge's ruling, your complaint is insufficient, but you have been provided the right to file an amended complaint if you wish.

Based upon the above, the District is not going to proceed with the resolution session today as it does not have notice of the issues we are attempting to address.    Should you choose to file a sufficient amended complaint, we will reschedule a resolution session at that point and are truly hopeful we can resolve all issues.

I wish to clarify some inaccurate statements from your letters in order to ensure that all parties proceed with a proper understanding of the relevant facts. The District did not file a motion to dismiss. Rather, pursuant to the IDEA 2004, the District filed an Objection to the Sufficiency of the Complaint. The District disagrees with your previous allegation that you did not receive the Objection to the Sufficiency of the Complaint as your name appears on the Proof of Service demonstrating that you were served the document via mail. We are pleased you acknowledged receipt of our Objection in today's correspondence.

Your contention as to the District's knowledge that you were awarded sole legal custody of Ryan is patently erroneous.  In fact, I have personally made several requests for you to provide the District with relevant documentation demonstrating your current custodial and education rights pertaining to Ryan.  Each time, you have failed to reply to my requests. As such, I again request that you provide the District with proof of your current educational rights pertaining to Ryan.  The District is happy to implement whatever order is currently in place, but needs to see the order.

Additionally, it is our understanding you are seeking services from the District for both of your sons, Ryan and Michael.  As a result, we convened an IEP meeting for Ryan, but have recently discovered that you have not enrolled either of your sons in the Mt. Diablo Unified School District.

If you do wish to seek services for Ryan and Michael from the District, you must complete the process of enrolling them in the District and I request you do so immediately.  If, in the alternative, you are privately placing Ryan and Michael and not



seeking public school services from the District, they are not entitled to a free appropriate public education and an IEP, but to individual services plans.

Please inform me by the close of this week, Friday, September 16, 2005 whether you are seeking public school services from the District for Ryan and Mikey. If so, please also enroll them in the District by Friday.

I am unclear as to the meaning of your statement:

> This letter also serves as a formal complaint that the district, it's (*sic.)*
> predecessors and successors in interest, heirs, assigns, officers, directors, agents,
> employees, partners, and trustees have, have attempted to or have participated in
> any action that impedes or impeded the rights afforded to my low incidence
> hearing and learning disabled son.

Due to the confusion regarding this vague and ambiguous statement, I am unable to respond to your complaint. Should you desire a response, please provide the District with more information regarding which actions were taken and which rights were impeded.

Your request for Ryan's September 6, 2005 IEP documentation is confusing as that IEP forwarded to you in a letter dated September 9, 2005, and the District has a certified mail receipt demonstrating your receipt of the documents on that date. Have you misplaced those documents or are you seeking an additional copy?

Your statement that you are requesting student records from all locations for Ryan and public records will be complied with within the statutory mandated timeframe.

In response to your most recent facsimile, you do not need to obtain the District's consent to file an amended complaint. Rather, as stated in the Office of Administrative Hearings September 12, 2005 order, you are permitted to file an amended complaint within 14 days of the date of the order. A copy of the District's Procedural Safeguards was included in Ryan's IEP as forwarded to you on September 9, 2005 and an updated version will also be provided.

The District does not select mediators. Should you choose to file a sufficient amended complaint and pursue mediation in this matter, you are entitled to request a mediator and should contact the Office of Administrative Hearings to obtain information regarding how to do so.

I am hopeful this answers all of your questions. Please contact me should you have any further.

Very truly yours,

Ken Ferro

cc:    Randi Petersen (via facsimile)
       Jennifer Postel (via facsimile)

*received MPt Rben*
*9/14/05  3:55 PM*
*via Fran Martin*

*Mr. Petersen arrived
at 2:50 pm for a
Resolution Session
regarding Ryan. The
meeting had been
cancelled, subsequently.
Mr. Petersen received this letter.*

Michael S. Petersen
P.O. Box 273363
Concord Ca. 94527
(925) 825-5769
(3585 Vern Lane, Concord Ca. 94519)

9/19/05                    FACSIMILE COVER PAGE

Re: Request for mediation

To: Ken Ferro, MDUSD Fax 674-0667
    Elizabeth Estes ESQ Fax (415) 543-4384
    Jennifer Postel ESQ Fax (415) 543-4384
    Office of Administration Hearings, Special Education Division Fax (916) 322-8014
    Special Education Hearing Office Fax (916) 739-7066

Total pages with cover = 2

Michael S. Petersen
P.O. Box 273363
Concord Ca. 94527
(925) 825-5769
(3485 Vern Lane Concord Ca. 94519)

September 19, 2005

Ken Ferro MDUSD Special Education A.D.R.          Elizabeth Estes ESQ
1936 Carlotta Dr.                                Jennifer Postel ESQ
Concord Ca. 94519                                Miller, Brown & Dannis
Fax 674-0667                                      71 Stevenson St. 19th Fl.
                                                 San Francisco Ca. 94104
                                                 Fax (415) 543-4384

Re: Ryan Petersen, Request for Mediation

Dear Mr. Ferro,

Pursuant to 20 U.S.C. section 1415 (e) , I respectfully request a mediation session. According to
1415 (e) (1), Any state educational agency or local educational agency that receives assistance
under this part shall ensure that procedures are established and implemented to allow parties to
disputes involving any matter, including matters arising prior to the filing of a complaint pursuant
to subsection (b) (6), to resolve such disputes through a mediation process.

Given that  the district canceled the resolution session we had scheduled on 9/14/05, please
schedule this mediation so that we may be able to move towards resolution of this matter.

Sincerely,

Michael S. Petersen

c.c. Office of Administration Hearings Fax (916) 322-8014

TRANSMISSION VERIFICATION REPORT

```
TIME    : 09/19/2005 08:07
NAME    : STAPLES
FAX     : 9256091123
TEL     : 9256091014
SER. #  : BROH4J664378
```

```
DATE,TIME           09/19  08:06
FAX NO./NAME        14155434384
DURATION            00:00:35
PAGE(S)             02
                    COVERPAGE
RESULT              OK
MODE                STANDARD
                    ECM
```

TRANSMISSION VERIFICATION REPORT

```
TIME  : 09/19/2005 08:06
NAME  : STAPLES
FAX   : 9256091123
TEL   : 9256091014
SER.# : BROH4J664378
```

```
DATE,TIME           09/19  08:05
FAX NO./NAME        6740667
DURATION            00:00:41
PAGE(S)             02
                    COVERPAGE
RESULT              OK
MODE                STANDARD
                    ECM
```

TRANSMISSION VERIFICATION REPORT

```
TIME    : 09/19/2005 08:04
NAME    : STAPLES
FAX     : 9256081133
TEL     : 9256081014
SER.#   : BROH4J864375
```

```
DATE,TIME        09/19  08:03
FAX NO./NAME     19163228014
DURATION         00:00:34
PAGE(S)          02
                 COVERPAGE
RESULT           OK
MODE             STANDARD
                 ECM
```

TRANSMISSION VERIFICATION REPORT

```
TIME
NAME
FAX
TEL
SER. #
```

```
09/19  08:01
19167397066
00:00:34
02
COVERPAGE
OK
STANDARD
ECM
```

Michael S. Petersen
P.O. Box 273363
Concord Ca. 94527
(925) 825-5769
(3485 Vern Lane, Concord Ca. 94519)

## FACSIMILE TRANSMISSION

October 5, 2005

Ken Ferro MDUSD Special Education A.D.R.
1936 Carlotta Dr.
Concord Ca. 94519
Fax 674-0667 Time _/0 : 55 am_

Re: Ryan Petersen, OAH# N2005090266, Request for resolution session

Dear Mr. Ferro,

This letter is written to state my willingness to meet and to request a good faith resolution session
as required within the 15 day time limit. Please advise me of the time and date so that we may
discuss resolution of this matter including discussion of the complaint, and the facts that form the
basis of the complaint, and according to the IDEIA 2004, to give the local educational agency
the opportunity to resolve the complaint.

Please respond immediately at the above fax number regarding the time and date for the
resolution session. This is also notice that I will not be accompanied by a attorney at this session
as noted in the re-authorized IDEIA 2004. As Ryan is a low incidence partial deaf student, the
resolution of this matter would be in his best interest and educational development.

Sincerely,
Michael S. Petersen

c.c. Office of Administrative Hearings, Special Education Division  fax (916) 322-8014
     Special Education Hearing Office fax (916) 739-7066
     Randi Petersen (559) 733-3463

```
DATE,TIME                    10/05 11:00
FAX NO./NAME                 19167397066
DURATION                     00:00:30
PAGE(S)                      01
RESULT                       OK
MODE                         STANDARD
                             ECM
```

```
ECM
STANDARD                                         MODE
OK                                               RESULT
01                                               PAGE(S)
00:00:32                                         DURATION
19163228014                                      FAX NO./NAME
10/05 10:59                                      DATE,TIME
```

TRANSMISSION VERIFICATION REPORT

TRANSMISSION VERIFICATION REPORT

TIME : 10/05/2005 10:57

| | |
|---|---|
| DATE,TIME | 10/05 10:56 |
| FAX NO./NAME | 6740667 |
| DURATION | 00:00:46 |
| PAGE(S) | 01 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

TRANSMISSION VERIFICATION REPORT

TIME : 10/05/2005 10:58

| | |
|---|---|
| DATE,TIME | 10/05 10:58 |
| FAX NO./NAME | 19163228014 |
| DURATION | 00:00:01 |
| PAGE(S) | 00 |
| RESULT | CANCEL |
| MODE | STANDARD |

TRANSMISSION VERIFICATION REPORT

TIME : 10/05/2005 17:20

| | |
|---|---|
| DATE,TIME | 10/05 17:19 |
| FAX NO./NAME | *8215597333463 |
| DURATION | 00:00:34 |
| PAGE(S) | 01 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

TRANSMISSION VERIFICATION REPORT

TIME : 10/05/2005 17:11

| | |
|---|---|
| DATE,TIME | 10/05 17:10 |
| FAX NO./NAME | *8215597333463 |
| DURATION | 00:00:57 |
| PAGE(S) | 00 |
| RESULT | NG |
| MODE | STANDARD<br>ECM |

NG : POOR LINE CONDITION

Michael S. Petersen
P.O. Box 273363
Concord Ca. 94527
(925) 825-5769
(3485 Vern Lane, Concord Ca. 94519)

October 5, 2005

FACSIMILE TRANSMISSION

To: Ken Ferro MDUSD Special Education
1936 Carlotta Dr.
Concord Ca. 94519
Fax 674-0667

Office of Administrative Hearings, Sp. Ed. Dept.
1102 Q Street, 4th Fl.
Sacramento Ca. 95814
Fax (916) 322-8014

Miller Brown & Dannis
71 Stevenson St. 19th Fl.
San Francisco Ca. 94105
Fax (415) 543-4384
Attn: Jennifer A. Postel ESQ

Special Education Hearing Office
3200 fifth Ave.
Sacramento Ca. 95817
Fax (916) 739-7066

Re: Ryan Petersen, O.A.H. No. N2005090266
Notice of petitioner's current fax reception number as sole transmission number
Request for district's anticipated objection to sufficiency of complaint immediately by fax

Dear Mr. Ferro, O.A.H., SEHO & Ms. Postel,

This second letter of today's date is to notify you of my exclusive fax number to be used in this
case. Please do not send any documents to any previous public fax location that I may have
transmitted from.
Also in anticipation of the district's objection to sufficiency of complaint, I am requesting each of
you transmit the document directly to me via facsimile immediately as i wish to respond before a
ruling is made. As the resolution session is mandated to be completed by this Friday, 10/7/05,
hopefully the issues regarding prompt reception of documents shall be put to rest.
To the extent the districts objection is already in existence without my knowledge, I hereby
reserve the right to maintain Ryan's contractual issues in a court of competent jurisdiction in
accordance with the governing laws as stated to in his IDEA contract #SN03-01885.

Sincerely,
Michael S. Petersen

Michael S. Petersen

c.c. Randi Petersen fax (559) 733-3463

Z

TIME : 10/05/2005 17:05

```
DATE,TIME          10/05 17:05
FAX NO./NAME       19167397066
DURATION           00:00:34
PAGE(S)            01
RESULT             OK
MODE               STANDARD
                   ECM
```

*nature of evidence fax # — reqursl for objection of sufficiency by fax*

ECM
STANDARD
OK
01
00:00:34
14155434384
10/05 17:03

MODE
RESULT
PAGE(S)
DURATION
FAX NO./NAME
DATE,TIME

TIME : 10/05/2005 17:04

TRANSMISSION VERIFICATION REPORT

```
DATE,TIME                        10/05 17:01
FAX NO./NAME                     6740667
DURATION                         00:00:52
PAGE(S)                          01
RESULT                           OK
MODE                             STANDARD
                                 ECM
```

Notice of exclusive Fax #

```
                                 ECM
                           STANDARD              MODE
                                 OK            RESULT
                                 01           PAGE(S)
                           00:00:34          DURATION
                         19163232804     FAX NO./NAME
                         10/05 17:00       DATE,TIME
```

TIME : 10/05/2005 17:00

TRANSMISSION VERIFICATION REPORT

**JENNIFER A. POSTEL**
ATTORNEY AT LAW
jpostel@mbdlaw.com

SAN FRANCISCO

**MILLER
BROWN
DANNIS**
ATTORNEYS

October 3, 2005

## VIA FACSIMILE AND U.S. MAIL

Michael Petersen
3485 Vern Lane
Concord, CA 94519

Re: *Ryan Petersen v. Mt. Diablo Unified School District:* Mt. Diablo Unified
School District's Response to Parents' Request for Due Process
OAH No. N2005090266
Our file: 5100.14605

Dear Mr. Petersen:

Pursuant to 20 U.S.C. 1415 (c)(2)(B), the Mt. Diablo Unified School District
("District") responds to your Request for Hearing ("Complaint"). The District
received the Complaint on September 23, 2005. Accordingly, this response must
be filed by October 3, 2005 and any objections to the sufficiency of the Complaint
will be filed with the Office of Administrative Hearings ("OAH") by October 8,
2005. The District reserves the right to amend its response to the Complaint should
an Amended Complaint be filed.

### I. Complaint Allegations

The following discussion is in response to the issues identified in the Complaint.

On page five, lines one through eleven of the Complaint you list as your issues
various laws which you allege were violated by the District. However, you fail to
explain how each law was violated. These issues do not meet the requirement of
20 USC 1415(b)(7)(A)(ii) in that they do not constitute "a description of the nature
of the problem of the child relating to any proposed initiation or change, including
facts relating to such problem." Accordingly, the District will be objecting to the
sufficiency of your complaint.

In a good faith effort to respond as required by 20 U.S.C. 1415 (c)(2)(B), the
District hereby attempts to decipher and respond to the substance of your
complaint.

**SAN FRANCISCO**

71 Stevenson Street
Nineteenth Floor
San Francisco, CA 94105
Tel 415.543.4111
Fax 415.543.4384

**LONG BEACH**

301 East Ocean Boulevard
Suite 1750
Long Beach, CA 90802
Tel 562.366.8500
Fax 562.366.8505

**SAN DIEGO**

750 B Street
Suite 2310
San Diego, CA 92101
Tel 619.595.0202
Fax 619.702.6202
www.mbdlaw.com

$$A-1$$

ADVOCACY  EXPERIENCE  LEADERSHIP

**VIA FACSIMILE AND U.S. MAIL**
Michael Petersen
October 3, 2005
Page 2

### A. Enrollment in the District

Although you reference Ryan as a unilaterally placed private school student, you also state that he should be "deemed enrolled" in the District. Ryan is not enrolled in the District and the only one who may enroll him is his legal custodial parent, not the District. To the extent you are seeking an IEP offer of program, placement, and services for a unilaterally placed private school student, Ryan is not entitled to an IEP. He is entitled to an ISP. In addition, the Office of Administrative Hearings does not have jurisdiction to hear matters challenging the appropriateness of services to unilaterally placed private school students.

To the extent you are considering Ryan enrolled in the District, he is not enrolled despite repeated requests by the District that you enroll him. To the extent you consider Ryan a unilaterally placed private school student, the District will convene an ISP meeting and you are not entitled to a due process hearing to challenge the appropriateness of these services.

### B. Failure to Convene a Resolution Session Meeting

Regarding your allegation that the District failed to convene a resolution session within fifteen days of receipt of your August 31, 2004 request for hearing, this is not a proper subject matter for a due process hearing. Due process hearing complaints may be presented "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child…" (20 U.S.C. §1415 (b)(6)(A).) Failure to convene a resolution session meeting does not constitute a claim regarding the identification, evaluation, educational placement, or provision of a FAPE.

Moreover, the allegation is factually misleading. The District offered a resolution session meeting but pursuant to law, cancelled it when it was determined your complaint was insufficient. (20 U.S.C. §1415(c)(2)(A).) The District will be happy to reconvene when you file a valid complaint.

### C. Requested Mediation

Your Complaint alleges the District failed to convene a mediation session upon request. As previously stated in paragraph I.B., the District does not have clarity regarding what issues you are seeking to resolve and therefore does not agree to participate in mediation as it would not be fruitful. As you know, mediation is voluntary.

Additionally, any failure to provide a mediation session upon parent request is outside of the jurisdiction of the Office of Administrative Hearings. 20 U.S.C. 1415(b)(6)(A) permits the filing of a due process complaint only related to issues involving the identification, evaluation, educational placement, or provision of a

**VIA FACSIMILE AND U.S. MAIL**
Michael Petersen
October 3, 2005
Page 3

FAPE to a child with a disability. An allegation regarding the failure to schedule a mediation is therefore not within the jurisdiction of the Office of Administrative Hearings and not a proper basis for a hearing request.

D. Claim of Unilaterally Drawn Up IEP and Contention that Ryan is Not Enrolled in the District

Based upon your correspondence, and that of Ryan's mother Randi Petersen during the summer of 2005, it appeared that you were seeking services and intending to enroll Ryan in the District for the 2005-2006 school year. Accordingly, an IEP team meeting noticed and convened on September 6, 2005. Unfortunately, neither you nor Ms. Petersen chose to attend this meeting.

While the District would have liked to have your participation as IEP team members, your absence from the meeting was not a violation of your rights as you were provided with opportunity to participate. In addition, the District agreed to reconvene to answer any question you may have about the offer and/or listen to your input.

Regarding your allegation the District "now contends student is not enrolled in their district," Ryan is not enrolled in the District. On September 14, 2005 and September 21, 2005 Ken Ferro wrote to you specifically request that you enroll Ryan if you were seeking services from the District. As of October 3, 2005 you have not enrolled Ryan in the District or clarified that you are seeking public school placement from Mt. Diablo, you just filed for hearing and your Complaint references Ryan as a unilaterally placed private school student. As such, it is still not clear what services you are seeking from the District.

E. Written Request for IEP Meeting

Your Complaint alleges that you made a written request for an IEP meeting on May 19, 2005. The District has no record of this request.

F. Requested Written Procedural Safeguards

The District provided you with a copy of the Notice of Procedural Safeguards when you were given a copy of the documentation from Ryan's September 6, 2005 IEP meeting. As previously stated, the District is revising the Notice of Procedural Safeguards to comply with the re-authorized IDEA and an updated version will be provided to you when available. We anticipate this document being final in the next week or two.

Michael Petersen
October 3, 2005
Page 4

> G. Prior Written Notice in Response to August 26, 2005 Notice of Exercise of
> Student's Rights

On August 26, 2005 you wrote to the District stating, "I am exercising his rights under Said contract utilizing all protections afforded him including, but not limited to placement and services." (*Sic.*) Prior written notice is required when a local educational agency proposes to initiate or change or refuses to initiate or change the identification, evaluation or educational placement of the child, or the provision of a free appropriate education to the child. (20 U.S.C. 1415(b)(3).) The District held an IEP, sent it to you, and it is prior written notice regarding the offer. In addition, at that time and since then, you have failed to clarify what you are seeking. Thus, prior written notice was not required.

> H. Model Form to Assist Parents in Filing Complaint

Your request for hearing is based in part on an allegation that the District blocked your right to exercise Ryan's rights by not developing a model form to assist parents in filing a complaint. However, the IDEA requires the state educational agency to develop a form, not the local education agency. (20 U.S.C. § 1415 (b)(8).) As such, the District has no obligation to create such a form.

## II. Proposed Resolution

The Complaint identifies two alternative proposed resolutions. On page four, beginning on line twenty-two, you identify the following proposed resolution; "continued private school placement of student including but not limited to DIS providers at the parents choosing until student reaches grade level skills including but not limited to the acquisition of grade level written language skills."

On the other hand, on page five beginning on line fifteen, you identify the following proposed resolution; "Continued unilateral private school placement with services until student reaches grade level skills with transportation and/or the acquisition of grade level written language skills and/or, equivalent unilateral NPA placement with services until student reaches grade level skills and/or the acquisition of grade level written language skills including transportation."

These inconsistent proposed resolutions make it impossible to determine whether you are challenging the IEP services or ISP services. The confusion is exacerbated by the fact that while you have filed a request for a due process hearing, an action indicating that you consider Ryan a public school student, you have refused to enroll him in the District pursuant to written District requests to do so on September 14, 2005 and September 15, 2005.

Further, on line twenty-six of page two, your complaint states that Ryan, "was deemed enrolled in public school for all purposes and is entitled to a I.S.A. at a N.P.A. commensurate with his unilateral private school placement and contract in

relation to his low incidence disability and funding." (*Sic.*) The District does not know whether you are requesting an ISP or a placement, program and services through an IEP.

The District is understandably perplexed as to what you are requesting. Thus, we are unable to respond in a meaningful fashion. We are optimistic that the Office of Administrative Hearings will agree with our objections to the sufficiency of your complaint and that, in addition to deeming your complaint insufficient, they will order you to clarify whether you intend to enroll Ryan in the District and what you are seeking from the District.

### III. Conclusion

Regarding all of the responses addressed by the District in this correspondence, Petitioner should be advised that information about the procedural safeguards available to the parents under the IDEA is contained in the Notice of Procedural Safeguards previously given to parents. An updated version of the Notice of Procedural Safeguards will be provided as soon as the District completes its revision of the document to align with the reauthorized IDEA and hopefully passage of the California Conformity Bill. Further, if you need any assistance in understanding your rights and/or how they have changed under IDEA 2004, please feel free to contact Melody Royal, parent liaison at extension 4297.

Very truly yours,

MILLER BROWN & DANNIS

Jennifer Postel
JAP/keg

cc:   Ken Ferro (via facsimile)
      Office of Administrative Hearings

G:\5100\14605\ResponsetoComplaint05.1003.doc

1    **PROOF OF SERVICE**

2    I, Kathleen Gregory, declare:

3    I am over the age of 18 years, and not a party to this action. My business address is 71 Stevenson,

4    19th Floor, San Francisco, California 94105, which is located in the county where the service took place.

5    I am readily familiar with the business practice at my place of business for collection and

6    processing of correspondence for mailing with the United States Postal Service, express mailing,

7    overnight delivery or facsimile transmission.

8    On October 3, 2005, at my place of business at San Francisco, California, I served copies of the

9    following document(s):

10    **Mt. Diablo Unified School District's Response to Parents' Request for Due Process**

11

12    These documents were served on the date stated above, addressed to the following interested
      party(s) in this action:

13                          Michael Peterson
                            3485 Vern Lane
14                          Concord, CA 94519
                            (Via US Mail)
15
                            Office Of Administrative Hearings
16                          1102 Q Street, 4th Floor
                            Sacramento, CA 95814
17                          Via Facsimile 916-322-8014

18

19    The documents were served in the following manner:

20
      [ X   ]    VIA MAIL - CCP §1013(a)
21               By placing a true copy thereof in a sealed envelope(s), addressed as above, with postage thereon fully
                 prepaid, and placing it for collection and mailing on October 3, 2005, following ordinary business
22               practices. I am readily familiar with my firm's business practice of collection and processing of
                 correspondence for mailing with the United States Postal Service; correspondence placed for collection and
23               mailing is deposited with the United States Postal Service at San Francisco, California, that same day in the
                 ordinary course of business.
24
      [     ]    VIA OVERNIGHT EXPRESS MAIL/COURIER/ - CCP §§ 1013(c):
25               By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for
                 collection by Overnight Express mail service or Overnight Courier service. I am readily familiar with my
26               firm's business practice of collection and processing of correspondence for Overnight/Express mail or
                 Overnight Courier service, and any correspondence placed for collection for overnight delivery would, in
27               the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight
                 mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the
28               following business day.

1

**PROOF OF SERVICE**

[ X ]    <u>VIA FACSIMILE - CCP §§1013(e):</u>
By transmitting via facsimile from facsimile number (415) 543-4384 to the above listed facsimile number(s) prior to 5:00p.m., pursuant to agreement of the parties and written confirmation of that agreement. I am readily familiar with my firm's business practice of transmitting documents via facsimile transmission and any such documents would be transmitted in the ordinary court of business. The facsimile transmission(s) was/were reported as complete without error, and a copy (copies) of the transmission(s) is (are) attached.

[    ]    <u>VIA PERSONAL SERVICE - CCP § 1011</u>
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and personally hand delivering during normal business hours on the above stated date, each envelope to the addressee(s), in the ordinary course of my firm's business practice of effecting personal service.

I declare under penalty of perjury that the foregoing is true and correct and of my personal

knowledge, and that this declaration was executed by me on October 3, 2005 at San Francisco,

California.

Kathleen Gregory

G:\7075\10104\POS.wpd

**PROOF OF SERVICE**

Michael S. Petersen
P.O. Box 273363
Concord Ca. 94527
(925) 825-5769
(3485 Vern Lane, Concord Ca. 94519)

October 6, 2005          FACSIMILE TRANSMISSION

Ken Ferro MDUSD Special Education ADR
1936 Carlotta Dr.
Concord Ca. 94519
Fax 674-0667

Dear Mr. Ferro,

Thank you for your prompt response to my request for the resolution session.   While Your
refusal to meet under IDEIA 2004 1415 (f) (1) (B) is disappointing,  I feel a detailed  response
(including my 5/19/05 IEP request) to your counsels interpretation of events would be premature
at this time and should be left in reserve  until such time as the Office of Administrative Hearings
actually receives and rules on your anticipated objection to the sufficiency of my 9/23/05 filing
should you follow through with your statement to do so.  I contend my filing meets the
requirements as set forth under 1415 (b) (7) (A) (ii) in that I have provided "a description of the
nature of the problem of the child relating to any proposed initiation or change, including facts
relating to such problem", regarding the provision of a FAPE.

As you know, as no such OAH order exists to date ruling my amended filing insufficient,  we are
required as a matter of law to be in compliance with 20 USC 1415 (f) (1) (B). As we must follow
the applicable time lines under law, this meeting must be held by Saturday, October 8th.  As
such, I am requesting the resolution session be held on Friday, October 7th. Please notify me
immediately for the time of tomorrow's meeting. With all due respect to your position in your
10/5/05 letter to not attend, you had the option to make earlier response to my amended filing
pursuant to 20 U.S.C. 1415 (c) (2) (B) and receive a timely ruling from the OAH to determine
sufficiency  within the 15 day time limit to avoid the resolution session requirement as you had in
my 8/31/05 filing.

The district is not authorized to violate or circumvent the procedural requirements of IDEIA
2004 in  anticipation of a  ruling from the OAH  because it chose not to act promptly  within the
applicable time lines. As you know, I am already requesting a favorable ruling under 20 U.S.C.
1415 (f) (3) (E) (i) (ii) (l) (ll) (lll) ,(iii) in my 9/23/05 filing.

Please advise me of the time to arrive for the resolution session so we may discuss Ryan's "stay
put" placement and continuation of his ISA contract. As portions of our dispute might well fall
under contractual law, It should be noted, Ryan received placement and services provided by
federal funds under master contract with the MDUSD and SELPA. Also as a condition of this

B-1

(ISA) " individual service agreement/contract", MDUSD demanded and received releases for exchanges of information and documents between the district and all of Ryan's service providers including the private placement from myself. The district , or contracting educational agency, can not have it both ways and dismiss their obligation to this student while Ryan utilized federal funds. As such, Ryan is entitled to all the ongoing protections afforded him including but not limited to the education code, CCR title #5, public law, title 34, code of federal regulations, section 504 and the IDEIA due process procedures.

Furthermore, Ryan was classified as a "duel enrollment" student during the district's procedural and contractual violations to the provisions of his FAPE and remains so under the stay put provision. Since after the authorizations for release of information and communication have expired, you invited Ryan's former private school principle to your rushed IEP to document in the meeting notes she would not accept Ryan back for the 2005/2006 school year in alienation of this placement. Please reconsider your refusal to convene the resolution session for tomorrow so that we may discuss continuation of Ryan's ISA/contract at a NPA commensurate with his former private school placement and services in relation to his unique disability needs as he is several years delayed and partially deaf. I hope this better clarifies my position in hopes of resolution as I do not prefer to litigate this matter.

Sincerely,

Michael S. Petersen

c.c. Office of Administrative Hearings fax (916) 322-8014
    Special Education Hearing Office fax (916) 739-7066
    Randi Petersen fax (559) 733-3463

Total pages = 2

TRANSMISSION VERIFICATION REPORT

TIME : 10/06/2005 15:23

| | |
|---|---|
| DATE,TIME | 10/06 15:22 |
| FAX NO./NAME | *8215597333463 |
| DURATION | 00:01:09 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

TRANSMISSION VERIFICATION REPORT

TIME : 10/06/2005 15:21

| | |
|---|---|
| DATE,TIME | 10/06 15:19 |
| FAX NO./NAME | 19167397066 |
| DURATION | 00:01:11 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

TIME : 10/06/2005 15:13

```
DATE,TIME          10/06 15:12
FAX NO./NAME       6740667
DURATION           00.01:42
PAGE(S)            02
RESULT             OK
MODE               STANDARD
                   ECM
```

TIME : 10/06/2005 15:16

MODE               ECM
RESULT             STANDARD
PAGE(S)            OK
DURATION           02
FAX NO./NAME       00:01:10
DATE,TIME          19163232814
                   10/06 15:14

TRANSMISSION VERIFICATION REPORT

Mt. Diablo Unified School District
1936 Carlotta Drive
Concord, CA 94519-1397
Phone: (925) 682-8000, ext. 4070
Fax:    (925) 674-0667

**Ken Ferro**
**ADR Program Administrator**

# Fax

| | | |
|---|---|---|
| **To:** Mr. M. Petersen | **From:** | Ken Ferro |
| **Fax:** | **Date:** | 10/7/05 |
| **Phone:** | **Pages:** 3 | (includes this cover page) |
| **Re:** | **CC:** | |

**X Urgent**   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

"C-1"



MT. DIABLO UNIFIED SCHOOL DISTRICT
JAMES W. DENT EDUCATION CENTER
1936 Carlotta Drive
Concord, California 94519-1397
(925) 682-8000

SPECIAL EDUCATION
DEPARTMENT

October 7, 2005

Mr. Michael Petersen
3585 Vern Lane
Concord, CA 94519

Dear Mr. Petersen,

I write in response to your October 6, 2005 letter. The District continues to be happy to
work with you towards ensuring a provision of appropriate services to your son Ryan,
should you seek public school services and placement. Alternatively, we are happy to
arrange for the provision of proportionate services should you choose to privately place
Ryan.

In the belief that you were seeking public placement for Ryan, we convened an IEP
meeting on September 6, 2005. Unfortunately, you chose not to attend that meeting. The
District subsequently forwarded you the IEP documentation, releases for exchange of
information, an assessment plan, requests for custodial rights documentation, and
multiple request that you enroll your son in the District to clarify that you were in fact
seeking public school placement.

To date, you have not enrolled Ryan in the District, have not returned executed releases,
and you have not returned a signed assessment plan. You have however, provided notice
of your custodial rights and we thank you for that information.

On August 31, 2005 you filed a request for due process hearing in which you stated
absolutely no issues for hearing. The Office of Administrative Hearings agreed and
issued a Determination of Sufficiency of Due Process Complaint and Order deeming your
complaint insufficient

You filed an amended complaint on September 23, 2005. Again, your issues and
proposed resolutions are not decipherable. The act of filing a request for due process
seems to indicate an intention to seek public school services for Ryan   However, your
complaint repeatedly refers to Ryan as a unilaterally placed private school student
seeking an ISP and, despite numerous requests, you have not enrolled Ryan in the District
or agreed to proposed assessments.

The District would like to work with you directly. Unfortunately, you have not complied
with any of our requests for clarification. As such, the District will not convene a
resolution session meeting or participate in mediation until we understand the issues we
are attempting to resolve.

If you would simply inform the District whether you are intending to enroll Ryan in the District and seeking an IEP or not intending to enroll Ryan in the District and intending to maintain him as a private school child, we can determine which District staff would be appropriate to include at a meeting with you and we will respond and immediately convene any meetings necessary.

To the extent you are seeking public school services, I renew my request that you enroll Ryan in the District (you can do this by completing an enrollment form at El Dorado Middle School), execute and return the assessment plan and the releases for exchange of information, and inform us of that intention.

I look forward to clarification and your response. We do want to move forward to serve Ryan in whatever capacity you intend.

Very truly yours,

Ken Ferro

Ken Ferro
Administrator, Alternative Dispute Resolution

cc    Randi Petersen (via facsimile)
      Jennifer Postel (via facsimile)

Michael S. Petersen
P.O. Box 273363
Concord Ca. 94527
(925) 825-5769
(3485 Vern Lane, Concord Ca. 94519)

FACSIMILE TRANSMISSION

October 10, 2005

Re: OAH # N2005090266 Ryan Petersen v. MDUSD
    ( Petitioner's response to districts objection to sufficiency)

                                                                    2nd
To: Office of Administrative Hearings, Special Education        Time 7:58am
    Attn: Kathy Rossow fax (916) 322-8014

    Special Education Hearing Office ( SEHO)
    Fax (916) 739-7066                                          Time 1:45am

    Ken Ferro, MDUSD Special Education fax 674-0667             Time 7:50 am

    Randi Petersen fax (559) 733-3463                           Time_____

Total pages including cover = 6

                                                    ''
                                            D-1 ''

1    Michael S. Petersen
     P.O. Box 273363
2    Concord Ca. 94527
     (925) 825-5769 ph/fax
3    (3485 Vern Lane Concord Ca. 94519)

4    Petitioner in pro per for minor Ryan Petersen

5

6

7

8              OFFICE OF ADMINISTRATIVE HEARINGS, SPECIAL EDUCATION (OAH)
                        SPECIAL EDUCATION HEARING OFFICE (SEHO)
9

10

11

12   RYAN PETERSEN                          RESPONSE TO MDUSD OBJECTION
                     petitioner,            TO SUFFICIENCY OF AMENDED
13                                          COMPLAINT NOTICE AND AMENDED
                                            DUE PROCESS REQUEST
14

15   Mt. DIABLO UNIFIED SCHOOL DISTRICT
                          respondent        OAH No: N2005090266
16

17                            OPENING STATEMENT

18
     On 9/12/05, the Office of Administrative Hearings (OAH) issued an order instructing petitioner
19
     to conform with 20 U.S.C. 1415 subdivision (b) (7) (A) (ii) in regards to the filing of an amended
20
     complaint. On 9/23/05, petitioner followed the instructions of the O.A.H. and submitted the
21
     above stated on behalf of his disabled son. The district filed their objections to the sufficiency of
22
     complaint on 10/7/05 and petitioner filed his request for judicial notice of 10/6/05 letter and
23
     IDEA contract #SN03-01885 on 10/7/05 in students support.
24

25
     Ryan Petersen is several years delayed and partially deaf diagnosed with a progressive hearing
26
     loss and is forecasted by Stanford University to go deaf sometime later in life. Petitioner opens
27
     with an objection to the district's description in their item (C-1, page 4, line 6-7) of their
28

1    objection to sufficiency using such terms as "the complaint bemoans the cancellation of a

2    resolution session" in their refusal to resolve this matter. As the next few years of educational

3    instruction and services might well determine Ryan's lifetime opportunities and achievements,

4    there is simply no room for such bad faith accusations by the district.

5    Petitioner also brings attention to the district's objection to sufficiency, page 2, line 5, and states

6    his copy forwarded by the district contains items A thru E and does not contain an item "F".

7    Petitioner reserves the right to further respond to the extent an undisclosed item # "F" exists

8    without his knowledge and requests an opportunity to examine and respond to this possibility

9    accordingly.

10                                           DISCUSSION

11    It is apparent, as articulated by the district, that they purposely omitted  petitioner's main

12    arguments in their 10/7/05 objection to sufficiency filing that goes to the heart of petitioner's

13    amended filing and claim that the district ignored petitioner's  5/19/05 annual IEP request that is

14    the basis for the procedural violations that are contained within the named issues violating the

15    provisions of a FAPE.  The districts omission of this fact does not make it untrue.

16

17    Listed as petitioner's issue #9, is the request that petitioner receive a favorable ruling for

18    procedural  violations by the district under 20 U.S.C. 1415 (f) (3) (E). Contained therein, are

19    subsections (i) (ii) (I) (ll) (lll) (iii) and (F). These subsections are at the core of this matter in that

20    the childs right to a FAPE was impeded, the districts actions or lack of, significantly impeded the

21    petitioner's opportunity to participate in the decision making process regarding the provision of a

22    FAPE to the child and caused a deprivation of educational benefits to the child. These procedural

23    violations encompass the violations contained therein listed in issue # 5 under 20 U.S.C. 1415 (a)

24    (b) (c) (d) qualifying as issues. As the evidentiary aspects are not required  at this stage of the

25    proceedings, proof shall be submitted including but not limited to evidence that the district

26    received written notice and abandoned the 5/19/05 IEP request. These violations, precede the

27    core of the districts technicality argument regarding the issue of students school of attendance

28    and would not be at issue in the district's objections absent their violations leading us to this

1  forum.

2  Petitioner has requested the mandatory resolution session within the IDEIA 2004 statue in the
3  initial filing in 8/05 and again in the amended filing in 9/05. Both requests were abandoned in
4  bad faith by the district. Although the 8/05 request was terminated by the district based in part by
5  the 9/12/05 OAH order, the 9/05 resolution session request was in further violation of IDEIA
6  2004 wherein the district unilaterally determined petitioner's amended complaint was insufficient
7  prior to a OAH ruling and refused to attend as petitioner sought to implement the stay put
8  placement services at students last N.P.A. placement in 8/05.

9

10  In contradiction to the terms of students IDEA contract SN03-01885, in July 2005, the MDUSD
11  unilaterally contracted with non public agency (N.P.A.) Lindamood- Bell center thru August
12  2005. The significance of this action is that what ever argument the MDUSD  provides against
13  student as unilaterally private school placed, petitioner can provide proof through this NPA
14  contract that the MDUSD (or LEA) exhibited responsibility for, and was funding student beyond
15  the extended school year IDEA contract through August 2005 at the N.P.A. which is students
16  placement (and not a traditional school) under the stay put provision 20 U.S.C. 1415 (j). At all
17  times during students LEA funded private school placement and LEA funded N.P.A. placement
18  incurring violations to students provision of a FAPE, the district was in ultimate control of his
19  program and student was classified as duel enrollment (public/private student) and continues to
20  be classified as duel enrollment and is entitled to all the ongoing protections afforded him under
21  the education code, CCR title #5, public law, title 34 CFR, section 504 and the IDEIA 2004  due
22  process procedures. In the districts unilaterally held 9/6/05 IEP, they contradict their own
23  argument of student being unilaterally placed by petitioner and subsequently unilaterally place
24  him with his prior non public agency providers similar to students  individual service agreement/
25  IDEA contract encompassing a clever 30 day interim offer to be terminated and restructured the
26  30th day. Petitioner states, student is entitled to a long-term ISA/contract acquiring grade level
27  skills as stated in his proposed resolutions . The district's  circumvention and scheme using their
28  30 day unilateral IEP mirroring students former ISA/contact is a simple form of avoiding to meet

1   petitioner in a resolution or mediation session as with the possibility of hearing this matter by the
2   OAH. The district now adamantly contends student is not enrolled in their district. Petitioner's
3   amended filing page 2, lines 9 thru 28 demonstrate further elements of the districts procedural
4   violations that go beyond the requisite showing that shall be admitted during the evidentiary
5   stage. In a letter received from the district dated 9/14/05, the district states it has a certified mail
6   receipt demonstrating petitioner's receipt of the 9/6/05 IEP documents on 9/9/05. Petitioner
7   again challenges this accusation in that it's content is procedurally in violation listed as issues
8   and supports the amended filing accusations. The authentic signature as district's proof of
9   petitioner's receipt of the IEP simply does not exist.

10  This issue pertains in part to MDUSD violation of prior written notice , IDEIA policies and
11  procedures and IDEIA procedural safeguards notification in that they contend it was contained
12  within the 9/6/05 IEP document that they withheld.

13

14  The petitioner's amended filing is clear as to 1415 (b) (7) (A) (ii) in that a description of the
15  nature of the problem of the child relating to violations to the provisions of a FAPE, or such
16  proposed initiation or changes, including facts relating to such problems are stated on
17  petitioner's amended filing on page 3, line 1 thru 16 as follows:

18  *"Given that petitioner provided the MDUSD with a written request for students contracted*
19  *annual IEP on 5/19/05, and received no response, petitioner alleges the MDUSD purposely*
20  *circumvented students protection afforded him under his IDEA contract by waiting for the new*
21  *re authorized IDEIA 2004 to become law on 7/1/05 where they knew the situation would be more*
22  *advantageous to them including but not limited to testing criteria and the results or*
23  *consequences of, private school placement, and other procedural acts. Students annual IEP was*
24  *to be completed prior to 5/30/05 and the MDUSD purposely violated this portion of student's*
25  *contract to protect their own best interests. The acts or lack of by the MDUSD eliminated*
26  *student's rights and protections afforded him pursuant to his annual IEP and prevented*
27  *petitioner from exercising students rights in furtherance.    By all accounts, student was to have*
28  *multiple years in a private school (NPA) promised and/or bound by both verbal and written*

1   *contract (ie:, if the student can show growth in the private school, it demonstrates and makes*
2   *argument for continued placement in the private school or equivalent) The MDUSD actions or*
3   *lack of eliminated students right to the FAPE provision and caused student harm in part by*
4   *eliminating students right to present evidence at the 5//05 IEP in continuance of a private school*
5   *placement / NPA / modified services for the students future health, progress and development.*
6   Furthermore, petitioner's page 3, lines 21 thru 23 states *" a description of the nature of*
7   *petitioner's amended complaint notice and amended request for due process hearing included*
8   *but is not limited to the denial or provision of a FAPE and relates to procedural and contractual*
9   *violations committed by the MDUSD".*

10  These specific allegations are clear and meet the requirements of the O.A.H. 9/12/05 order
11  instructing petitioner to file the amended complaint. Furthermore, these procedural issues and
12  facts contained in the amended complaint are clarified with clear and understandable language.
13  The districts avoidance to respond to petitioner's 5/19/05 written IEP request in their objection to
14  sufficiency filing speaks volumes. And, the procedurally based objection to sufficiency clause in
15  general only goes to support petitioners's accusations and motives as to why the district avoided
16  the 5/05 IEP request as they knew ignoring the IEP would be more advantageous to them. To the
17  extent portions of the amended complaint are contractually based and outside the jurisdiction of
18  the educational context, student reserves right to exercise clause #13 on said contract within a
19  law court of competent jurisdiction. Student also reserves right to submit a separate complaint
20  under 20 U.S.C. 1415 (o). As student has submitted the required amended filing in accordance
21  with the 9/12/05 O.A.H. order, petitioner respectfully requests a favorable ruling to proceed with
22  students right to the due process hearing as petitioner has gone beyond the requisite showing.

23

24  Respectfully submitted on this 10th day of October, 2005, via facsimile @ 7 ` 35 am
25  *Michael S. Petersen*

26  Michael S. Petersen
27  Petitioner in pro per for minor Ryan Petersen

28

TIME : 10/10/2005 07:49

```
DATE,TIME                          10/10 07:46
FAX NO./NAME                       19167397066
DURATION                           00:03:20
PAGE(S)                            06
RESULT                             OK
MODE                               STANDARD
                                   ECM
```

$SEHO - 10/10/05$  response to distinct objection to sufficiency

TRANSMISSION VERIFICATION REPORT

TIME : 10/10/2005 07:44

```
DATE,TIME           10/10 07:40
FAX NO./NAME        19163229614
DURATION            00:03:53
PAGE(S)             06
RESULT              OK
MODE                STANDARD
                    ECM
```

TRANSMISSION VERIFICATION REPORT

TIME : 10/10/2005 07:56

| | |
|---|---|
| DATE,TIME | 10/10 07:52 |
| FAX NO./NAME | 5740667 |
| DURATION | 00:04:26 |
| PAGE(S) | 06 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

OAH - 10/10/05 response to district [illegible] to sufficiency

| | |
|---|---|
| DATE,TIME | 10/10 07:50 |
| FAX NO./NAME | 19163228014 |
| DURATION | 00:00:02 |
| PAGE(S) | 00 |
| RESULT | CANCEL |
| MODE | STANDARD |

TIME : 10/10/2005 07:50

TRANSMISSION VERIFICATION REPORT

TRANSMISSION VERIFICATION REPORT

TIME : 10/10/2005 09:13

```
DATE,TIME                           10/10 09:09
FAX NO./NAME                        *8215597333463
DURATION                            00:03:05
PAGE(S)                             05
RESULT                              OK
MODE                                STANDARD
                                    ECM
```

Randi - 10/10/05 response to objection to sufficiency



State of California • Department of General Services • Arnold Schwarzenegger, Governor

## OFFICE OF ADMINISTRATIVE HEARINGS

| | | | | | |
|---|---|---|---|---|---|
| Sacramento | 560 J Street, Suite 300 | Sacramento, | Ca 95814 | (916) 445-4926 | (916) 323-6439 fax |
| Los Angeles | 320 W. Fourth Street, 6th Floor, Suite 630 | Los Angeles, | Ca 90013 | (213) 576-7200 | (213) 576-7244 fax |
| Oakland | 1515 Clay Street, Suite 206 | Oakland, | Ca 94612 | (510) 622-2722 | (510) 622-2743 fax |
| San Diego | 1350 Front Street, Rm. 6022 | San Diego, | Ca 92101 | (619) 525-4475 | (619) 525-4419 fax |

## FAX TRANSMITTAL INFORMATION PAGE

# SACRAMENTO

DATE: September 2, 2005     TIME: 2:12:43 PM     NO. OF PAGES: 4
(INCLUDING COVER SHEET)

TO: MR. PETERSON

NAME: _____

OFFICE: _____

LOCATION: _____

FAX NO:     919258274918  *Fax* .     PHONE NO:  NA
            *827 4293 Ph*

**FROM: Department of General Services Office of Administrative Hearings SE UNIT**

NAME:     Jayson Gottman, Calendar Clerk

OFFICE:     Sacramento

LOCATION:     1102 Q St. 4th Floor Sacramento, CA 95814

FAX NO:     (916) 322-8014          PHONE NO:   (916) 323-6876

### MESSAGE/INSTRUCTIONS

# *CONFIDENTIAL*

$E-1$ "

## SPECIAL EDUCATION DUE PROCESS HEARINGS
## PROCEDURAL SAFEGUARDS

### DUE PROCESS HEARING RIGHTS INCLUDE THE FOLLOWING:

1.  The right to request a mediation conference at any point during the hearing process. The mediation process is not to be used to deny or delay a parent(s) or guardian(s) right to a due process hearing, or to deny any other rights afforded to parties. Attorneys and advocates are permitted to participate in mediation conferences scheduled after the filing of a request for due process hearing. (20 U.S.C. § 1415(e) (1); 34 C.F.R. § 300.506; Ed. Code § 56501, subd. (b)(2).)

2.  The parent has the right to examine all school records of the child, and to receive copies of the records within five days of an oral or written request by the parent. A public educational agency[1] may charge no more than the actual cost of reproducing the records, but if the cost effectively prevents the parent from exercising this right, then the parent is entitled to receive a copy or copies at no cost. (20 U.S.C. § 1415(b)(1); 34 C.F.R. § 300.501(a)(1)(i); Ed. Code § 56501, subd. (b)(3).)

3.  The parents' right to have the pupil who is the subject of the state hearing present at the hearing. (34 C.F.R. § 300.509(c)(1)(i); Ed. Code § 56501, subd. (c)(1).)

4.  The parents' right to open the state hearing to the public. (34 C.F.R. § 300.509(c)(1)(ii); Ed. Code § 56501, subd. (c)(2).)

5.  The parents' right to an interpreter at no cost if their primary language or mode of communication is other than English. (20 U.S.C. § 1415 (b)(4); 34 C.F.R. § 300.501(c)(5).)

### MAINTENANCE OF CURRENT EDUCATIONAL PLACEMENT (STAY PUT)

A child shall remain in his/her current educational placement while due process hearing proceedings are pending, unless the parents and the State or local educational agency, agree to a different placement. This provision is subject to certain exceptions in disciplinary matters involving the child. (20 U.S.C. § 1415(j); 34 C.F.R. § 300.514; Ed. Code § 56505 subd. (d).)

---

[1] Public educational agency includes, but is not limited to, a school district, SELPA or LEA.

## RESOLUTION SESSION

Prior to the setting or conduct of any due process hearing, and within 15 days of receiving notice of the complaint, the public educational agency shall convene a resolution meeting. The meeting shall include the parent(s), a public educational agency representative, and relevant member(s) of the IEP team who have specific knowledge of the facts of the complaint. The purpose of the meeting is to provide an opportunity for the parent(s) to discuss their complaint and its factual basis, and to provide the public educational agency an opportunity to resolve the complaint. If the complaint is unresolved 30 days after its receipt by the public educational agency, a due process hearing may be held and the applicable timelines shall begin. (20 U.S.C. § 1415(f)(1)(B)(i-iv).)

The resolution session may be waived only under two circumstances: (1) a written waiver signed by the parent(s) and public educational agency representative, or (2) agreement by the parties to participate in mediation. (20 U.S.C. § 1415(f)(1)(B)(i)(IV).)

## CONDUCT OF THE HEARING AND RIGHTS OF PARTIES AT HEARING:

1.  The hearing shall be held at a time and place reasonably convenient to the parent or guardian and the pupil. (Ed. Code § 56505, subd. (b).)

2.  All parties to the hearing have the following rights consistent with state and federal statutes and regulations:

    A.  The right to be accompanied and advised by counsel and by individuals with special knowledge or training relating to the problems of children with disabilities. (20 U.S.C. § 1415( h)(1); 34 C.F.R. § 300.509(a)(1); Ed. Code § 56505, subd. (e)(1).)

    B.  The right to present evidence, as well as written and oral argument. (20 U.S.C. § 1415(h)(2); 34 C.F.R. § 300.509(a)(3).)

    C.  The right to confront, cross-examine, and compel the attendance of, witnesses. (20 U.S.C. § 1415(h)(2); 34 C.F.R. § 300.509(a)(2); Ed. Code § 56505, subd. (e)(3).)

    D.  At their option, parent(s) or guardian(s) have the right to receive a written or electronic verbatim record of the proceeding at no cost to the parent or guardian. (20 U.S.C. § 1415(h)(3); 34 C.F.R. § 300.509(a)(4); Ed. Code § 56505, subd. (e)(4).)

    E.  At their option, parent(s) or guardian(s) have the right to receive the written or electronic findings of fact and decision, at no cost to the parent(s) or guardian(s). The findings and decision shall be made available to the public after any personally identifiable information has

2

been deleted consistent with confidentiality requirements. (20 U.S.C. § 1415(h)(4)(A); Ed. Code § 56505, subd. (e)(5); 34 C.F.R. § 300.509(a)(5).)

F.     The right to receive from the other parties, **at least five (5) business days prior to the hearing,** a copy of all documents and a list of all witnesses and their general area of testimony, which the parties intend to present at the hearing. This shall include all assessments completed by that date and any recommendations based on those assessments that the parties intend to use at the hearing. (20 U.S.C. § 1415(f)(2)(A); 34 C.F.R. § 300.509(b)(1); Ed. Code § 56505, subd. (e)(7).)

G,     The right to prohibit the introduction of any evidence at the hearing not disclosed **at least five (5) business days prior to the hearing.** (20 U.S.C. § 1415(f)(2)(B); 34 C.F.R. § 300.509(a)(3); Ed. Code § 56501, subd. (f).)

## REPRESENTATION AT DUE PROCESS HEARING

If either party to a due process hearing intends to be represented by an attorney at the state hearing, notice of that intent shall be given to the other party at **least ten (10) calendar days prior to the hearing.** Failure to provide the required notice shall constitute good cause to grant a continuance. (Ed. Code § 56507, subd. (a).)

## WRITTEN DECISION UPON COMPLETION OF HEARING

Upon completion of the due process hearing, the Administrative Law Judge shall prepare a written, reasoned decision. The decision shall include reason(s) for any nonpublic school placement or agency services or reimbursement for any nonpublic school placement or agency services. The decision shall be mailed to all parties to the hearing within 45 days from the receipt of the request for a hearing. (20 U.S.C. § 1415(g)(2); 34 C.F.R. § 300.511(a).)

Either party to a hearing may request an extension from the Administrative Law Judge, which request shall be granted upon a showing of good cause. Any extension shall extend the time for rendering a final administrative decision for a period only equal to the length of the extension. (34 C.F.R. § 300.511(c).)

3



# Special Education Rights of Parents and Children
### Under the Individuals with Disabilities Education Act, Part B
# NOTICE OF PROCEDURAL SAFEGUARDS - Revised October 2005

**Note:** The term District is used throughout this document to describe the public education agency responsible for providing your child's special education program. This document may be further revised after regulations implementing IDEA 2004 are passed.

### *What are procedural safeguards?*
This information provides you as parents, legal guardians, and surrogate parents of children with disabilities from 3 years of age through age 21 with an overview of your educational rights, sometimes called procedural safeguards.

This information is your Notice of Procedural Safeguards as required under the Individuals with Disabilities Education Act (IDEA). This notice is also provided for students who are entitled to these rights at age 18. (20 USC 1415; EC 56321)

### *What is the IDEA?*
The IDEA is a federal law that requires school districts to provide a "free appropriate public education" to eligible children with disabilities. A "free appropriate public education" means appropriate special education and related services are to be provided as described in an individualized education program (IEP) and under public supervision to your child at no cost to you.

### *When will I be notified?*
The Notice of Procedural Safeguards must be given to you:
- When you ask for a copy;
- The first time your child is referred for a special education assessment;
- Each time you request an assessment for your child; and
- The first time you request a due process hearing.
  (20 USC 1415[d]; EC 56301, 56321, 56500.3[k], 56506[a])

### *May I participate in decisions about my child's education?*
You have the right to refer your child for special education services.

You have the right to participate in IEP meetings about the identification (eligibility), assessment, educational placement of your child and other matters relating to your child's free appropriate public education. (20 USC 1414[b][c][d] and [f]; EC 56341[b], 56343[c])

You also have the right to participate in the development of the IEP and to be informed of the availability of free appropriate public education, including program options, and of all available alternative programs, both public and nonpublic. (EC 56321, 56301, and 56506[d])

Additionally, you have the right to electronically record the meeting on an audio tape recorder. The law requires that you notify the District 24 hours prior to meeting if you intend to record the proceedings. (EC 56321.5 and 56341.1[f])

### *Where can I get more help?*
When you have a concern about your child's education, it is important that you call or contact your child's teacher or administrators to talk about your child and any problems you see. Staff in your school district or special education local plan area (SELPA) can answer questions about your child's education, your rights, and procedural safeguards. Mount Diablo Unified School District is pleased to offer parent support services through the Parent Liaison's office.

MELODY ROYAL, Parent Liaison, is available to help you understand your rights and answer questions you may have related to the Individual Education Program (IEP) process. Ms. Royal can be reached at 682-8000 ext. 4297.

When you have a concern, this informal conversation often solves the problem and helps to maintain open communication. Additional resources are listed at the end of this document to help you understand the procedural safeguards.

## NOTICE, CONSENT, ASSESSMENT, AND ACCESS

### Prior Written Notice
#### *When is notice needed?*
The District must inform you about proposed evaluations of your child in a notice that is understandable and in your native language or other mode of communication, unless it is clearly not feasible to do so.

This notice must also be given when the District proposes or refuses to initiate a change in the identification, assessment, or educational placement of your child with special needs or the provision of a free appropriate public education. (20 USC 1415[b]; EC 56321, 56506[a])

#### *What will the notice tell me?*
The Prior Written Notice must include the following:
1. A description of the actions proposed or refused by the District;
2. An explanation of why the action was proposed or refused;
3. A description of any other options considered and the reasons those options were rejected;
4. A description of each assessment procedure, test, record or report used as a basis for the action proposed or refused;
5. A description of factors relevant to the action proposed or refused;
6. A statement that parents of a child with a disability are protected by the procedural safeguards; and
7. A description of sources for parents to contact to obtain assistance in understanding the procedural safeguards.

If the Prior Written Notice is not regarding an initial referral for assessment, the Notice must provide information on how to obtain a copy of these procedural safeguards. (20 USC 1415[c])

### Parent Consent
#### *When is my approval required?*
Parents' written approval is required for:
**First Evaluation:** The District must have your informed written consent before it can evaluate your child. You will be informed about the evaluations to be used with your child. **Reevaluation:** The District must have your informed written consent before reevaluating your child. However, the District may reevaluate your child without your written consent if the school district has taken reasonable measures to get your consent and you have not responded. (20 U.S.C. 1414[

F-1

You may refuse consent for an initial evaluation or reevaluation of your child. To avoid confusion, you should inform the school in writing if you choose not to consent to an initial evaluation or reevaluation. The District may seek to evaluate or reevaluate your child through a due process hearing if it believes that it is necessary for your child's education. You and the District may agree to first try mediation to resolve your disagreements. (EC 56321[c], 56346[c]; 20 USC 1414[a][c])

**Initial Placement in Special Education**: You must give informed written consent before the District can place your child in a special education program. You may refuse consent for the initial placement of your child in special education. To avoid confusion, you should inform the school in writing if you want to refuse consent to the initial placement of your child in special education. If you refuse to consent to the initial placement of your child, the District may not file a request for due process to challenge your decision. Under these circumstances, the District would not be deemed to have denied your child a free appropriate public education.

**Continued Placement in Special Education**: You must give informed written consent for IEP services at every IEP meeting you attend for your child.

Consent for release of information forms must describe the activity for which consent is sought and list the records (if any) that will be released and to whom.

You may revoke consent at any time, except that revocation is not retroactive (does not negate actions that occurred after consent was given). (34 CFR 300.500)

## Nondiscriminatory Assessment
### How is my child assessed for special education services?

You have the right to have your child assessed in all areas of suspected disability. Materials and procedures used for assessment and placement must not be racially, culturally, or sexually discriminatory.

Assessment materials must be provided and the test(s) administered in the language and form most likely to yield accurate information regarding what the child knows and can do academically, developmentally, and functionally, unless it is not feasible to do so.

No single procedure can be the sole criterion for determining eligibility and developing an appropriate educational program for your child. (20 USC EC 1414[a][b]; EC 56320)

When the District is seeking to assess your child, you will be given a written, proposed assessment plan. Along with that plan you will receive a copy of this Procedural Safeguards document. When the assessment is completed, an individualized education program team meeting, which includes you, the parent or guardian, and or your representatives, will be scheduled to review the assessment. The IEP Team will discuss the assessment, the educational recommendations and the reasons for these recommendations. A copy of the assessment report and the documentation of determination of eligibility will be given to you. (EC 56329[a])

## Independent Educational Evaluation
### May I have my child tested independently at the District's expense?

If you disagree with the results of the assessment conducted by the District, you have the right to ask for an independent educational assessment for your child from a person qualified to conduct the assessment at public expense. The District must respond to your request for an independent educational assessment and provide you information about where to obtain an independent educational assessment.

If the District disagrees that an independent assessment is necessary, the District must request a due process hearing to prove that its assessment was appropriate. If the District prevails, you still have the right to an independent assessment but not at public expense. The IEP team must consider independent assessments. (20 USC 1415; EC 56506[c] and 56329[b]; 34 CFR 300.502)

District assessment procedures allow in-class observation of students. If the District observes your child in his or her classroom during an assessment, or if the District has assessment procedures that allow in-class observations of your child, an individual conducting an independent educational assessment must also be allowed to observe your child in the classroom and an "educational" placement and setting proposed by the District.

If the District proposes a new school setting for your child and an independent educational assessment is being conducted, the independent assessor must be allowed to observe the proposed new setting. (EC 56329[b] and [c])

## Access to Educational Records
### May I examine my child's educational records?

You have a right to inspect and review all of your child's education records without unnecessary delay including prior to a meeting about your child's IEP or before a due process hearing. The District must provide you access to the records within five days after you request the records orally or in writing. A fee for copies, but not the cost to search and retrieve, may be charged unless charging the fee would effectively deny access to the parent. (20 USC 1415[d]; EC 56501[b], 56504, 49060, and 49069)

Parents of a child enrolled in a school district have the right to inspect records under the Family Education Rights and Privacy Act (FERPA), which has been implemented in California under Education Code Sections 49060-49079. Under FERPA, parents of a child with disabilities (including non-custodial parents whose rights have not been limited) have the right to all educational records regarding the identification, evaluation, and educational placement of the child and the provision of a free appropriate public education and to receive an explanation and interpretation of the records. Under California statutes the parents have the right to review and to receive copies of educational records. These rights transfer to a nonconserved pupil who is eighteen years old or attending an institution of post secondary education.

**"Education record"** means those records that are directly related to a pupil and maintained by an educational agency or a party acting for the agency or institutions in the regular course of business, and may include (1) the name of the child, the child's parents or other family member; (2) the address of the child; (3) a personal identifier such as the child's social security number, student number, or court file number; (4) a list of personal characteristics or other information that would make it possible to identify the child with a reasonable certainty. Both federal and state law further define a pupil record as any item of information directly related to an identifiable pupil, other than directory information, which is maintained by a school district or required to be maintained by an employee in the performance of his duties whether recorded by handwriting, print, tapes, film, microfilm, computer or by other means. Pupil records do not include informal personal notes prepared and kept by a school employee for his/her own use or the use of a substitute. If records contain information about more than one student, a parent can have access only to that portion of the record pertaining to his/her child.

The custodian of records at each school site is the principal of the school. The District custodian of records is the Director of Student Services. Pupil records may be kept at the school site or the school district office, but a written request for records at either site will be treated as a request for records from all sites. The custodian of records will provide you with a list of the types and locations of pupil records (if requested).

The custodian of records shall limit access to those persons authorized to review the pupil record, which includes the parents of the pupil, a pupil who is at least sixteen years old, individuals who have been authorized by the parent to inspect the records, school officials and employees who have a legitimate educational interest in the records, post secondary institutions designated by the pupil, and employees of federal, state and local education agencies. In all other instances access will be denied unless the parent has provided written consent to release the records or the records are released pursuant to valid subpoena or court order. The District shall keep a log indicating the time, name and purpose for access of those individuals who are not school officials.

A "**school official**" is a person employed by the school as an administrator, supervisor, instructor, or support staff member (including health or medical staff and law enforcement unit personnel); a person serving on the School Board; a person or company with whom the school has contracted to perform a special task (such as an attorney, auditor, medical consultant, or therapist); or a parent or student serving on an official committee, such as a disciplinary or grievance committee, or assisting another school official in performing his or her tasks.

A "**legitimate educational interest**" is any interest related to provision of a student's educational program or as specified by law.

Parents who believe that information in the education records collected, maintained or used by the District is inaccurate, misleading, or violates the privacy rights of the pupil may request in writing that the District amend the information. If the District concurs, the record will be amended and the parent will be informed. Should the District refuse to make the amendment, the District shall notify the parent of the right to a hearing, if required, to determine whether the challenged information is inaccurate, misleading, or otherwise in violation of the privacy or other rights of the pupil. If it is decided after the hearing that a record will not be amended, the parent shall have the right to provide what he/she believes is a corrective written statement to be permanently attached to the record. The District has policies and procedures governing the retention and destruction of records. Parents wishing to request the destruction of records, which are no longer necessary to the District, may contact the District's Custodian of Records. However, the District is required to maintain certain information in perpetuity. (34 CFR 300.561 - 573; 20 USC 1415[b][1]; EC 49070)

<div style="text-align:center;">**HOW DISPUTES ARE RESOLVED**</div>

## Due Process Hearing
### *When is a due process hearing available?*
You have the right to request an impartial due process hearing regarding the identification, assessment, educational placement of your child and the provision of a free appropriate public education.

Until October 9, 2006, the request for a due process hearing must be filed within three years from the date you knew or had reason to know of the facts that were the basis for the hearing request as long as you participate in a mediation conference.

(20 USC 1415[a][b]; EC 56501, 56505[l], and 56043[p]) If you chose not to participate in a mediation conference, a two-year limitation period will apply to your claims against the District.

After October 9, 2006, the request for due process must be filed within two years from the date you knew or had reason to know of the facts that were the basis for the hearing request. The time periods described above do not apply if (1) the District made specific representations that it had solved the problem forming the basis of the due process complaint or (2) the District withheld information from the parents, which it was required to disclose.

## Mediation and Alternative Dispute Resolution
### *May I request mediation or an alternate way to resolve the dispute?*
You may ask the District to resolve disputes through mediation or alternative dispute resolution (ADR), which are less adversarial than a due process hearing. ADR and mediation are voluntary methods of resolving a dispute and may not be used to delay your right to a due process hearing.

The parents and the District must consent to mediation before it proceeds. A mediator is a person who is trained in strategies that help people come to agreement over difficult issues. (20 USC 1415[d]; EC 56500.3)

## Due Process Rights
### *What are my due process rights?*
You have a right to:
1. Have an impartial administrative hearing at the state level with a person who is knowledgeable about the laws governing special education and administrative hearings (EC 56501[b]);
2. Be accompanied and advised by an attorney and/or individuals who have knowledge about children with disabilities (EC 56505 [e]; 20 USC 1415[h];
3. Present evidence, written arguments, and oral arguments (EC 56505[e]);
4. Confront, cross-examine, and require witnesses to be present (EC 56505[e]);
5. Receive a written or, at the option of the parent, an electronic verbatim record of the hearing, including findings of fact and decisions (EC 56505[e]; 20 USC 1415 [h]);
6. Have your child present at the hearing (EC 56501[c]);
7. Have the hearing be open or closed to the public (EC 56501[c]);
8. Be informed by the other parties of the issues and their proposed resolution of the issues at least ten calendar days prior to the hearing (EC 5065[e]and 56043[s]);
9. Receive a copy of all documents, including assessments completed by that date and recommendations, and a list of witnesses and their general area of testimony within five business days before a hearing and seek to bar the introduction of any documents or witnesses if not informed within five business days (EC 56505[e]);
10. Have an interpreter provided at the expense of the California Department of Education (CCR 3082[d]);
11. Request an extension of the hearing timeline (EC 56505[f]);
12. Request a mediation conference at any point during the due process hearing (EC 56501[b]; and
13. Receive notice from the other party at least ten days prior to the hearing that it intends to be represented by an attorney. (EC 56507[a])

## Filing a Written Due Process Complaint
### How do I request a due process hearing?

To file for mediation or a due process hearing, contact:

Office of Administrative Hearings
Special Education Unit
1102 Q Street, 4th Floor
Sacramento, CA 95814
Phone: (916) 323-6876
Fax: (916) 322-8014

You need to file a written request for a due process hearing. The notice shall be kept confidential. You or your representative need to submit the following information in your request:
1. Name of the child;
2. Address of the residence of the child;
3. Name of the school the child is attending; and
4. A description of the nature of the problem, including facts relating to the problem(s) and a proposed resolution of the problem(s).

State law requires that either party filing for a due process hearing must provide a copy of the written request to the other party. (20 USC 1415[h]; EC 56502[a]

### Does my placement change during the proceedings?

Except in cases involving student discipline, the child involved in any administrative or judicial proceeding must remain in the current educational placement unless you and the District agree on another arrangement or a court order says otherwise. If you are applying for initial admission to a public school, your child will be placed in a public school program with your consent until all proceedings are completed. (20 USC 1415[j]; EC 56505[d])

### Opportunity for District to Informally Resolve Complaint

If you choose to file a due process complaint as explained in the section titled "Filing a Written Due Process Complaint", the District must convene a resolution session meeting within 15 days of receiving the notice of your due process complaint. The purpose of the meeting is to give you the opportunity to discuss your due process complaint and the facts on which you based your complaint and to provide the District a chance to address your concerns and work with you to reach a solution.

This meeting must be held before the initiation of a due process hearing. However, the meeting may not occur if the parties agree in writing to waive the resolution session or if the parties choose to utilize the mediation process instead.

The meeting must include the parents and other relevant members of the IEP team who have specific knowledge of the facts. The meeting may not include an attorney for the District unless the parents are accompanied by an attorney.

If resolution is reached at the meeting, the parties must execute a legally binding settlement agreement. Either party may void the agreement within 3 business days of executing the document.

The District has 30 days from the receipt of the due process complaint to resolve the due process complaint or the due process hearing will be scheduled. If the case is scheduled for hearing, the parties may still consent to formal mediation to try to resolve the issues. (34 CFR 510; 20 U.S.C. 1415[f][1][B])

### Can the decision be appealed?

The hearing decision is final and binding on both parties. Either party can appeal the hearing decision by filing a civil action in state or federal court within 90 days of the final decision. (20 USC 1415[i]; EC 56505[g] and [i]; EC 56043[u])

### Who pays for my attorneys' fees?

In any action or proceeding regarding the due process hearing, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to you as parent of a child with a disability if you are the prevailing party in the hearing. Reasonable attorneys' fees may also be awarded following the conclusion of the administrative hearing by court order or with the agreement of the parties. (20 USC 1415[i]; EC 56507[b]) Fees may be reduced for any of the following:
1. The court finds that you unreasonably delayed the final resolution of the controversy;
2. The hourly attorneys' fees exceed the prevailing rate in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience;
3. The time spent and legal services provided were excessive; or
4. Your attorney did not provide to the District the appropriate information in the due process complaint.

Attorneys' fees will not be reduced, however, if the court finds that the state or the District unreasonably delayed the final resolution of the action or proceeding or there was a procedural safeguards violation. (20 USC 1415[i])

A court, in its discretion, may also award reasonable attorneys' fees to the District against the attorney of a parent who files a due process complaint or subsequent civil action that is frivolous, unreasonable, or without foundation or if the attorney continues to litigate after the litigation clearly becomes frivolous, unreasonable, or without foundation. (20 USC 1415[i])

A court, in its discretion, may also award reasonable attorneys' fees to the District against the parent's attorney or parent if the due process complaint or subsequent civil action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation. (20 USC 1415[i])

Attorneys' fees may not be awarded relating to meeting of the IEP team unless an IEP meeting is convened as a result of a due process hearing proceeding or judicial action. Attorneys' fees may also be denied if you reject a reasonable settlement offer made by the agency ten days before the hearing begins and the hearing decision is not more favorable than the settlement offer. (20 USC 1415[d])

### COMPLAINT PROCEDURES

Note: Complaint procedures in this section are not the same as the due process hearing procedures covered earlier in this document.

If you wish to file a complaint with the California Department of Education alleging violations of the IDEA, you should submit your complaint in writing to:

California Department of Education
Special Education Division
Procedural Safeguards Referral Service
1430 N Street, Suite 2401
Sacramento, California 95814
(800) 926-0648/http://www.cde.ca.gov/spbranch/sed.

Complaints filed with the California Department of Education may allege a violation of the IDEA that occurred not more than one year prior to the date the Department receives the Complaint.

Upon receipt of the complaint, the school district has 10 days to investigate its compliance relative to the allegations contained in the complaint, and may meet with you to informally resolve the issues raised in the complaint.

If the issues are not resolved, the California Department of Education will within 60 days after a complaint is filed; carry out an independent investigation, give the complainant an opportunity to provide additional information, review all information and make a determination as to whether the LEA has violated laws or regulations and issue a written decision that addresses each allegation.

For complaints involving issues not covered by IDEA, consult your District's Uniform Complaint Procedures.

The District would like to work with you to resolve all complaints at the local level whenever possible. We invite you to meet with the administrator who has been designated to work with compliance issues and attempt to resolve your concern informally before a complaint is filed. S/he will maintain confidentiality as permitted by law. If your complaint cannot be resolved, a formal investigation will be initiated or you will be referred to the appropriate agency for assistance.

## SCHOOL DISCIPLINE AND PLACEMENT PROCEDURES FOR STUDENTS WITH DISABILITIES

### School Discipline
*May my child be suspended or expelled?*

Children with disabilities may be suspended or placed in other alternative settings to the same extent these options would be used for children without disabilities.

If a child with a disability is removed from school for over ten consecutive days or a change in placement is contemplated, a meeting must be held to determine whether the child's misconduct is a manifestation of the child's disability. The behavior will be deemed a manifestation of your child's disability if it was caused by, or had a direct and substantial relationship to the disability, or if the conduct was the direct result of the District's failure to implement the IEP.

The meeting must take place immediately, if possible, or within ten school days of the District's decision to change the student's placement. As a parent, you will be invited to participate in the meeting along with relevant members of the IEP team (as determined by the parent and the District). The District must provide you with a written notice of the required action.

If the team concludes that the misconduct was not a manifestation of your child's disability, the District may take disciplinary action, such as expulsion, in the same manner as it would for a child without disabilities. The District may be required to conduct a functional behavioral assessment to address the misconduct or, if your child has a behavior intervention plan, review and modify the plan, as necessary.

If the team concludes that the misconduct was a manifestation of your child's disability, the IEP team shall;

- conduct a functional behavioral assessment, and implement a behavioral intervention plan, provided that the District has not conducted such assessment prior to such determination before the behavior that resulted in a change in placement;
- in the situation where a behavioral intervention plan has been developed, review the behavioral intervention plan and modify it as necessary to address the behavior; and
- return the child to the placement from which the child was removed, unless you and the District agree to change of placement as part of the modification of the behavioral intervention plan.

If you disagree with the team's decision as to whether the conduct was a manifestation of the child's disability, or how disciplinary action has been handled, you may

request an expedited due process hearing from the Office of Administrative Hearings. (20 USC 1415[k])

### Interim Alternative Educational Settings
*May my child be placed an interim alternative educational setting for disciplinary purposes?*

Federal law allows the use of interim alternative educational settings under certain disciplinary circumstances for up to forty-five school days. Those circumstances are when the child has carried or possessed a weapon, has knowingly possessed or used illegal drugs or sold or solicited the sale of controlled substances, or has inflicted serious bodily injury upon another. School personnel may consider any unique circumstances on a case-by-case basis when determining whether to order a change in placement for a child with a disability who violates a code of student conduct. (20 USC 1415[k])

The interim alternative setting will be selected so as to enable your child to continue to receive educational services, to enable your child to continue to participate in the general curriculum and to progress towards meeting the goals set out in your child's IEP. Your child may also receive, as appropriate, a functional behavior assessment, behavior intervention services and modifications that are designed to address the behavior that resulted in the disciplinary action. 20 USC 1415[k])

If the District has placed your child in an interim alternative educational setting and you request a due process hearing to challenge this decision, your child will stay in the interim alternative education setting until the maximum forty-five school days is reached, another time frame is established by a hearing officer, or the parents and District agree to another placement. If the school district believes it is dangerous for your child to return to the current educational placement, the District may request a hearing. Appeals are on an expedited basis.

### Children Attending Private School
*When is reimbursement required for private school tuition?*

While school districts have the clear responsibility to offer a free appropriate public education to students with disabilities enrolled in the public schools, federal law significantly limits a school district's responsibility to provide services to students whose parents have made the choice for them to attend private schools. Federal law limits the amount that school districts must spend to a proportionate share of federal IDEA funds and, for those students who are eligible, services are provided through an individual services plan.

Parents are entitled to reimbursement for costs associated with the private school placement only if a court or hearing officer determines that the public agency has not made a free appropriate public education available to the child. (20 USC 1412[a]; EC56175; 34 CFR 300.453)

#### When may reimbursement be reduced or denied?

The court or hearing officer may reduce or deny reimbursement for a private school placement if you did not make your child available for an assessment upon notice from the District before removing your child from public school. You may also be denied reimbursement if you did not inform the District that you were rejecting the special education placement proposed by the District and gave notice of your concerns and intent to enroll your child in a private school at public expense. Your notice to the District must be given either:

- At the most recent IEP meeting you attended before removing your child from the public school; or
- In writing to the District at least ten business days (including holidays) before removing your child from the public school. (20 USC 1412 [a]; EC 36174, 56176)

**When can reimbursement not be reduced or denied?**
A court or hearing officer may not reduce or deny reimbursement to you if you failed to notify the District for any of the following reasons:

- Illiteracy and inability to write in English;
- Giving notice would likely result in physical or serious emotional harm to the child;
- The school prevented you from giving notice; or
- You had not received a copy of this Notice of Procedural Safeguards or otherwise been informed of this notice requirement. (20 USC 1412[a]; EC 56177[a][b][c][d])

**Observation of Your Child at a Nonpublic School**
If you unilaterally place your child in a nonpublic school and you propose the placement in the nonpublic school to be publicly funded, the District must be given the opportunity to observe the proposed placement and your child in the proposed placement.

The District may not observe or assess any other child at the nonpublic school without permission the other child's parent or guardian. (EC 56329[d])

### ADDITIONAL INFORMATION

**Where do I file a complaint?**
To obtain more information about dispute resolution, including how to file a complaint, contact the California Department of Education, Special Education Division, Procedural Safeguards Referral Service (PSRS) at: (800) 926-0648/Fax (916) 327-3704, or visit the Department's web site at http://www.cde.ca.gov/spbranch/sed

Complaints alleging violations of IDEA may be mailed to:
**California Department of Education**
Special Education Division
Procedural Safeguards Referral Service
1430 Street, Suite 2401
Sacramento, CA 95814
Attention: PRRS Intake
For complaints involving issues not covered by IDEA, consult your District's Uniform Complaint Procedures (UCP).

**Where do I file a request for mediation or due process hearing?**
To obtain more information or to file for mediation or a due process hearing, contact:
*Office of Administrative Hearings*/Special Education Unit
1102 Q Street, 4th Floor
Sacramento, CA 95814
Tel: (916) 323-6876/Fax: (916) 322-8014

The Parent Liaison's Office is available to assist you with filing a complaint, or requesting mediation or due process.
*Parent Liaison Office*: (925) 682 8000 ext. 4297

### RESOURCES

### Parent Training and Information Centers
*Northern California*
- CARE Parent Network
(925) 313-0999
- Matrix, A Parent Network and Resource Center
(415) 884-3535
- Disability Rights Education Defense Fund (DREDF)
(510) 644-2555

### Community-Based Projects
- Vietnamese Parents of Disabled Persons
(310) 370-6704
- Loving Your Disabled Child
(323) 299-2925
- Parents of Watts
(213) 566-7556

### Other Resources
- National Information Center for Youth and Children with Disabilities - (800) 695-0285
*Provides special education information on its web site and through printed materials.*
- Protection and Advocacy, Inc - (800) 776-5746
*Funded federally to advocate for people with disabilities.*
- California Services for Technical Assistance and Training (CalSTAT) - (707) 849-2278
*Provides training on IDEA and Resources in Special Education.*
- Resources in Special Education (RiSE) –
(707) 206-0533, ext. 102
RiSE Library - (408) 727-5775, ext. 110

### District Contact Information
Please contact the Special Education Administrator at the phone number listed below for your school district if you:
- Would like additional copies of the Notice of Procedural Safeguards;
- Need assistance in understanding the provisions of your rights and safeguards;
- Require translation orally, by other means, in a different language or other mode of communication:

Special Education Department
**Mt. Diablo Unified School District**
1936 Carlotta Drive, Concord, CA 94519
Tel.: 925-682-8000
Fax: 925-674-0667

### Special Education Administration
- Dr. Mildred Browne, Assistant Superintendent Pupil Services and Special Education –
(925) 682-8000 ext. 4048
- Melinda Hall, Director Special Education -
(925) 682-8000 ext. 4045
- Ken Ferro, Administrator,
Alternative Dispute Resolution / NPS/NPA –
(925) 682-8000, ext. 4070
- Melody Royal, Parent Liaison - (925) 682-8000, ext. 4297