1   AMY R. LEVINE, State Bar No. 160743
    alevine@mbdlaw.com
2   ELIZABETH A. ESTES, State Bar No. 173680
    eestes@mbdlaw.com
3   DAMARA MOORE, State Bar No. 215678
    dmoore@mbdlaw.com
4   MILLER BROWN & DANNIS
5   71 Stevenson Street, 19th Floor
    San Francisco, CA 94105
6   Telephone: (415) 543-4111
    Facsimile: (415) 543-4384
7
8   Attorneys for Defendant
    MOUNT DIABLO UNIFIED SCHOOL DISTRICT
9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11

12
13  RYAN PETERSEN,                          CASE NO. C07-02400 SI

14              Plaintiff,                   **DEFENDANT'S REPLY MEMORANDUM OF
                                             POINTS AND AUTHORITIES IN SUPPORT
15       v.                                  OF ITS MOTION FOR JUDGMENT ON THE
                                             PLEADINGS, OR, IN THE ALTERNATIVE,
16  MOUNT DIABLO UNIFIED SCHOOL              FOR SUMMARY JUDGMENT**
    DISTRICT,
17                                           Date    :    August 1, 2008
18              Defendant.                   Time    :    9:00 a.m.
                                             Dept    :    Courtroom 10, 19th Fl.
19                                           Judge   :    Hon. Susan Illston

20                                           Trial:              None Set
21

22
23
24
25
26
27
28

*(left margin)* MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

321319v2

TABLE OF AUTHORITIES

Page

## Cases

*American Title Ins. Co. v. Lacelaw Corp.*,
    861 F.2d 224 (9th Cir. 1988)...................................................................8

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ...........................................................................3

*Aragon v. Hollywood Presbyterian Hosp.*,
    85 F.3d 634, 1996 WL 256586 (9th Cir. 1996) ......................................1

*Austin v. United States*,
    509 U.S. 602 (1993) .........................................................................13

*Barnes v. Owens–Corning Fiberglas Corp.*,
    201 F.3d 815 (6th Cir. 2000) ................................................................8

*Berckeley Invest. Group, Ltd. v. Colkitt*,
    455 F.3d 195 (3rd Cir. 2006).................................................................8

*Blanchard v. Morton School District*,
    420 F.3d 918 (9th Cir. 2005)................................................................4

*Blanchard v. Morton School District*,
    509 F.3d 934 (9th Cir. 2007).................................................................5

*Block v. City of Los Angeles*,
    253 F.3d 410 (9th Cir. 2001).................................................................8

*Brinson v. Linda Rose Joint Venture*,
    53 F.3d 1044 (9th Cir. 1995).................................................................1

*Carmen v. San Francisco Unif. Sch. Dist.*,
    237 F.3d 1026 (9th Cir. 2001)...............................................................3

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ...........................................................................2

*Foley v. Special Sch. Dist. of St. Louis County*,
    153 F.3d 863 (8th Cir. 1998)............................................................9, 10

*Foley v. Special Sch. Dist. of St. Louis County*,
    927 F.Supp. 1214 (E.D.Mo. 1996).....................................................9, 10

*Foley v. Special Sch. Dist. of St. Louis County*,
    968 F.Supp. 481 (E.D.Mo. 1997).......................................................9, 10

*Gilmour v. Gates, McDonald & Co.*,
    382 F.3d 1312 (11th Cir. 2004).............................................................2

*Johns v. County of San Diego*,

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

ii

TABLE OF CONTENTS

Page

I.    PLAINTIFF'S OPPOSITION WAS FILED AND SERVED LATE ................................. 1

II.   PLAINTIFF'S OPPOSITION FAILS TO ESTABLISH A MATERIAL ISSUE
      OF DISPUTED FACT.......................................................................................... 1

      A.    Plaintiff Cannot Rely on His Pleadings or His Brief to Oppose Summary
            Judgment............................................................................................... 1

      B.    The Only Remaining Claim is Ryan Petersen's Claim For Violation of
            the IDEA Based on Paragraphs 36-38 of the First Amended Complaint
            and Plaintiff's References to Other Theories and to His Father's Claims
            Are Irrelevant and Must Be Ignored ........................................................ 3

III.  PLAINTIFF'S ACTION MUST BE DISMISSED WITH PREJUDICE ...................... 5

      A.    Plaintiff Fails to State a Claim Upon Which Relief May Be Granted.................... 5

      B.    No Facts or Law Supports Plaintiff's "Dual Enrollment" Argument.................... 7

            1.    The Undisputed Evidence Shows Plaintiff Was Not Enrolled in
                  the District............................................................................... 7

            2.    A Student Unilaterally Placed By His Parents is Not "Dual
                  Enrolled" ................................................................................. 9

      C.    Convening an IEP Meeting Did Not "Enroll" Ryan in the District...................... 10

      D.    There Was No Modification of the Contract ............................................. 11

      E.    Plaintiff's Other "Authority" is Irrelevant ............................................... 12

            1.    Alleged Resolution Session and Mediation Violations............................ 12

            2.    California Civil Code Provisions ................................................. 13

            3.    28 U.S.C. Section 1658 ............................................................ 13

            4.    The Eighth Amendment ............................................................ 13

IV.   CONCLUSION.............................................................................................. 14

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

i

114 F.3d 874 (9th Cir. 1997)..................................................................6, 12

*Jones v. City of Los Angeles,*
    444 F.3d 1118 (9th Cir. 2006)......................................................14

*Lujan v. National Wildlife Fed.,*
    497 U.S. 871 (1990)........................................................................2

*Mark H. v. Lemahieu,*
    513 F.3d 922 (9th Cir. 2008)..........................................................5

*Matsushita Elec. Ind. Co., Ltd. v. Zenith Radio Corp.,*
    475 U.S. 574 (1986)........................................................................3

*People v. Sims,*
    32 Cal.3d 468 (1982)......................................................................6

*Pfeil v. Rogers,*
    757 F.2d 850 (7th Cir. 1985)..........................................................1

*S.A. Empresa De Viacao Aerea Rio Grandense v. Walter Kidde & Co. Inc.,*
    690 F.2d 1235 (9th Cir. 1982)........................................................2

*Santa Monica Unif. Sch. Dist. v. Persh,*
    5 Cal.App.3d 945 (1970)..............................................................11

*Sch. Comm. of Town of Burlington, Mass. v. Massachusetts Department of Educ.,*
    471 U.S. 359 (1985)........................................................................9

*Slater v. Blackwood,*
    15 Cal.3d 791 (1975)......................................................................6

*Wasco Products, Inc. v. Southwall Technologies, Inc.,*
    435 F.3d 989 (9th Cir. 2006)..........................................................2

*White v. ARCO/Polymers, Inc.,*
    720 F.2d 1391 (5th Cir. 1983)........................................................8

*Winkelman v. Parma City Sch. Dist.,*
    127 S.Ct. 1994 (2007).............................................................11, 12

*Wolfe v. George,*
    385 F.Supp.2d 1004 (N.D.Cal. 2005)..........................................14

**Statutes**

20 U.S.C. section 1412 ..........................................................................9

20 U.S.C. section 1415 ........................................................................13

28 U.S.C. section 1658 ........................................................................13

California Civil Code section 1599 ....................................................13

California Civil Code section 1606 ....................................................13

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

iii

TABLE OF AUTHORITIES

California Civil Code section 1636 ..................................................................13

California Civil Code section 1638 ..................................................................13

California Civil Code section 1656 ..................................................................13

California Civil Code section 1667 ..................................................................13

California Civil Code section 1668 ..................................................................13

California Civil Code section 1698 ..................................................................11

California Education Code section 17604 ........................................................11

California Education Code section 35010 ........................................................11

California Education Code section 35164 ........................................................11

**Rules**

Federal Rule of Civil Procedure 56 ...............................................................1, 2

**Regulations**

34 C.F.R. section 300.129.................................................................................10

34 C.F.R. section 300.144.................................................................................10

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

iv

321319v2

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

## I.    PLAINTIFF'S OPPOSITION WAS FILED AND SERVED LATE

By order dated May 20, 2008 the Court gave plaintiff until July 11, 2008 to file and serve an opposition to the District's motion to have the Petersens declared vexatious litigants. Because the District filed a Motion for Judgment on the Pleadings, or, In The Alternative for Summary Judgment on June 24, 2008, setting the hearing for August 1, 2008, plaintiff's response to that motion was required to be filed and postmarked by July 8, 2008 pursuant to Local Rule 7-3(c).[1]

Instead, plaintiff's Opposition was served on the District electronically on July 14, 2008 at between approximately 1:41 and 1:59 p.m. He submitted over 30 exhibits, which number 68 pages in length. Plaintiff's brief states that "[A]ll statutes and law contained within plaintiff's exhibits are hereby incorporated into this opposition brief." Opp. at 1:27-28. The Opposition was served via mail on an unknown date, arriving at counsel for the District's office on July 15, 2008. Because of plaintiff's late filing and service, plaintiff's Opposition should be stricken in its entirety. *Pfeil v. Rogers*, 757 F.2d 850, 857-58 (7th Cir. 1985) (proper to disregard late filed papers); *Aragon v. Hollywood Presbyterian Hosp.*, 85 F.3d 634, 1996 WL 256586, *4 (9th Cir. 1996) (court properly declined to consider late and inadequate opposition to summary judgment).

## II.    PLAINTIFF'S OPPOSITION FAILS TO ESTABLISH A MATERIAL ISSUE OF DISPUTED FACT

### A.    Plaintiff Cannot Rely on His Pleadings or His Brief to Oppose Summary Judgment

In opposing a motion for summary judgment, the plaintiff may not rest upon the allegations in his complaint, but must present admissible evidence showing a genuine issue for trial. Fed. R. Civ. Pro. 56(e)(2); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995) (the "adverse party … must allege specific facts supported by an affidavit that raise genuine issues for trial"). Nor can a party create a genuine issue of material fact simply by

---

[1]   Plaintiff is not an e-filer.

1

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; CASE NO. C07-02400

321319v2

1    making assertions it its brief, since conclusion and argument are not a substitute for evidence.

2    *S.A. Empresa De Viacao Aerea Rio Grandense v. Walter Kidde & Co. Inc.*, 690 F.2d 1235 (9th

3    Cir. 1982).

4        In addition, a party cannot oppose summary judgment on grounds not at issue under the

5    pleadings.  "Simply put, summary judgment is not a procedural second chance to flesh out

6    inadequate pleadings."  *Wasco Products, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989,

7    992 (9th Cir. 2006); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)

8    ("A plaintiff may not amend her complaint through argument in a brief opposing summary

9    judgment").

10       Here, plaintiff has submitted no declarations, no discovery responses, no depositions, no

11   admissions, and no otherwise admissible evidence to create an issue of fact.  Fed. R. Civ. Pro.

12   56(e)(2).  Where the nonmoving party will bear the burden of proof at trial on a dispositive

13   issue, Rule 56(e) "requires [that party] to go beyond the pleadings and by her own affidavits, or

14   by the 'depositions, answers to interrogatories and admissions on file,' designate 'specific facts

15   showing that there is a genuine issue for trial.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324

16   (1986).  Indeed,

17           the purpose of Rule 56 is to enable a party who believes there is
             no genuine dispute as to a specific fact essential to the other side's
18           case to demand at least one sworn averment of that fact before the
             lengthy process of litigation continues.
19

20   *Lujan v. National Wildlife Fed.*, 497 U.S. 871, 889-90 (1990).

21       It is therefore not sufficient at this stage of the proceedings for plaintiff to rely on his

22   pleadings, his own speculative conclusions, or on unauthenticated (and mostly irrelevant)

23   documents.  Since he has not submitted *any* admissible evidence, the District's motion for

24   summary judgment should be granted.

25       Moreover, even as to the "facts" plaintiff raises, they must not only be material to the

26   issues in dispute, they must also be sufficiently probative to raise an issue for trial.  "When the

27   moving party has carried its burden under Rule 56(c), its opponent must do more than simply

28

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

2

321319v2

1    show that there is some metaphysical doubt as to the material facts …. Where the record taken

2    as a whole could not lead a rational trier of fact to find for the non-moving party, there is no

3    'genuine issue for trial.'" *Matsushita Elec. Ind. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574,

4    586-87 (1986). Further, "[o]nly disputes over facts that might affect the outcome of the suit

5    under governing law will properly preclude summary judgment. Factual disputes that are

6    irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242

7    (1986). "If the evidence is merely colorable, … or is not significantly probative, … summary

8    judgment may be granted." *Id.*, at 249-50. Here, plaintiff's only "facts," to the extent they are

9    relevant at all, are recited as speculation and conclusion in his brief and are not contained in any

10   declaration. They are therefore not probative or material facts as a matter of law and summary

11   judgment should be granted.[2]

12       Finally, in ruling on this motion, the Court is not obligated to consider matters not

13   specifically brought to its attention. Thus, it is immaterial that evidence helpful to plaintiff may

14   be located somewhere in the record; the opposition must specifically reference plaintiff's triable

15   facts and support them with admissible evidence. Plaintiff's failure to comply with these

16   standards warrants judgment in the District's favor. *Carmen v. San Francisco Unif. Sch. Dist.*,

17   237 F.3d 1026, 1029-31 (9th Cir. 2001).

18   **B.**   **The Only Remaining Claim is Ryan Petersen's Claim For Violation of the
           IDEA Based on Paragraphs 36-38 of the First Amended Complaint and**
19         **Plaintiff's References to Other Theories and to His Father's Claims Are
           Irrelevant and Must Be Ignored**
20

21       The Court has already ruled that the only potential claim that may be advanced here is

22   [2]  A particularly egregious example is Mr. Petersen's speculation about the District's "tactics." Mr. Petersen
     alleges that the District engaged in tactics like "receiving mail or court filings late compaired (sic) to the post mark
23   and/or file stamp and/or in relation to the name, address, antecedent or motive, by fiduciaries and/or independent
     agents to gain advantage, create confusion, alter information and violate the rights of plaintiff's (sic)." This
24   statement is supported by a letter from Mr. Petersen to the District unattached to any authenticating declaration.
     The letter state that correspondence from his ex-wife could not be trusted, which has nothing presumably to do with
25   Mr. Petersen's argument. Thus, even if plaintiff's "facts" were intelligible, which they are not, they would still not
     be established by the "evidence" to which they refer. Opp. at 3:20-26; Pltf's Ex. E.
26       Likewise, his conclusions about District past practices (see Opp. at 5:7-9, 5:13-15), his speculation about
     the District's intentions (see Opp. at 5:13-15), the District's knowledge (see Opp. at 5:19-24), the actions of third
27   parties (see Opp. at 5:16-19), and Ryan's current functioning or his plans for the 2008-2009 school year (see Opp.
     at 3:5-8) are all irrelevant ad unsupported by any admissible evidence and do not defeat summary judgment.

28                                                        3

     DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION
     FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT;
     CASE NO. C07-02400

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

321319v2

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

1    Ryan Petersen's claim for violation of the IDEA based on the facts contained in paragraphs 36-

2    38 of the First Amended Complaint (FAC).    The claims of Michael Petersen and Michael

3    (Mikey) Petersen Jr., and the claims of all plaintiffs on any grounds other than the IDEA have

4    been dismissed.  Similarly, all claims relating to time periods other than those referenced in

5    paragraphs 36-38 (i.e., between May and September 2005) are gone.  Thus, plaintiff's

6    references in his brief to events occurring in the 2002-2003 school year, to correspondence from

7    2004, or pertaining to Mikey, are completely irrelevant to this motion and must be disregarded.

8    See, e.g., Opp. at 2:18-3:3, 3:11-16, 3:20-27, 3:27-4:1, 4:25-28.

9        The same is true with respect to references to Michael Petersen's own disabilities and

10   the damages allegedly caused to him.  Opp., at 3:27-4:1, 4:19-22, 10:23-26, 11:2-6.  Even if the

11   Court had not already dismissed such claims, there is no cause of action under the IDEA for

12   personal injury to the student's parent, the parent's lost wages, wrongful eviction, or retaliation

13   and plaintiff has cited no authority establishing the validity of such theories.

14       Plaintiff cites repeatedly to *Blanchard v. Morton School District*, 420 F.3d 918 (9th Cir.

15   2005).  This case recognized a narrow exception to the IDEA's exhaustion requirement when all

16   educational issues have been resolved and the claim is the parent's cause of action for emotional

17   distress or lost wages.  *Blanchard*, at 921-22.  However, this case is of no help to plaintiff for a

18   number of reasons.  First, the Court has already dismissed Michael Petersen's claims, and

19   therefore there is no cause of action by the parent for damages or otherwise.  Second, there is no

20   issue here regarding whether or not the parent needs to exhaust his remedies because, again, he

21   has no pending claims.  Third, if such claims did exist, exhaustion would not be futile because

22   here, unlike in *Blanchard*, the student's educational issues have not been resolved.

23       More importantly, *Blanchard* does not help plaintiff because it recognizes that no

24   damages for emotional distress, lost wages and the like are recoverable under the IDEA –

25   plaintiff's only remaining theory.  *Id.*, at 921.  In a subsequent appeal involving the same

26   parties, the Ninth Circuit held that 42 U.S.C. Section 1983 also provided no cause of action for

27   damages for parents seeking to enforce rights under the IDEA.  *Blanchard v. Morton School*

28

4

1    *District*, 509 F.3d 934 (9th Cir. 2007).   The unavailability of damages under the IDEA was

2    recently reaffirmed by the Ninth Circuit in *Mark H. v. Lemahieu*, 513 F.3d 922, 929 (9th Cir.

3    2008).

4        Plaintiff admits that he "seeks claims while in the pursuit of IDEA remedies and claims

5    that are not available under the IDEA to any degree" (Opp. at 10:24-26) and that "Plaintiff's

6    current claims can not be remedied through the educational remedies available under the IDEA"

7    (Opp. at 11:23-25).   He therefore acknowledges that the claims he is making and the remedies

8    he is seeking are not available under the IDEA and therefore not actionable under that law.   This

9    admission raises the question of what possible purpose is served by his pursuing this litigation,

10   except to continue to harass the District.

11       Michael Petersen also raises the new argument that Ryan had a catastrophic change in

12   his educational program requiring the District to convene an IEP pursuant to section 2.G. of the

13   addendum to the settlement agreement.   Opp. at 5:19-24.   However, he fails to even identify

14   what this catastrophic change is, let alone submit any admissible evidence to support this

15   assertion.   Moreover, these allegations contradict his other argument that Ryan was making

16   progress in his unilateral placement and that such placement should be continued.   See e.g.,

17   Levine Decl., Ex. C at 4:8-16.   Plaintiff's self-contradictory statements do not create a material

18   issue of fact.

19   **III.    PLAINTIFF'S ACTION MUST BE DISMISSED WITH PREJUDICE**

20       **A.    Plaintiff Fails to State a Claim Upon Which Relief May Be Granted**

21       Plaintiff seems to argue that if the District received his May 19, 2005 request for an IEP,

22   then it breached the settlement and federal court jurisdiction exists.   However, there are multiple

23   reasons why this is not true.[3]

24       First, plaintiff's sole remaining claim is for Ryan under the IDEA.   However, the

25   contract which he seeks to enforce releases claims under the IDEA for the 2004-2005 school

26

27   _____

     [3] Plaintiff has abandoned all of his claims relating to the convening of the September 6, 2005 IEP meeting or the
     conduct of such meeting, except his claim that the meeting was held too late under the terms of the settlement.

28                                                      5

     DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION
     FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT;
     CASE NO. C07-02400

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

321319v2

1    year.  Thus, plaintiff cannot assert a claim under the IDEA which arose during the 2004-2005

2    school year, including a claim that the District failed to convene an IEP meeting in May 2005.[4]

3          Second, even if an IDEA claim survived that pertained to the May 19, 2005 request for

4    an IEP, it would have required exhaustion and, following exhaustion, it would have required an

5    appeal within 90 days.  There is no dispute that plaintiff filed this court action on April 27,

6    2007, although his due process case was effectively dismissed on October 26, 2005 and

7    formally dismissed on April 4, 2006.  Decl. of Levine, ¶¶ 6, 7, and Ex. F and G.  Thus, this case

8    was filed at least one year after the dismissal, well past the 90 days plaintiff had to appeal.

9    Having failed to appeal on time, plaintiff is bound by the adverse findings in that due process

10   proceeding, including that he failed to state any claim based on deprivation of Ryan's

11   educational rights.  Those rights cannot be pursued here.

12         Plaintiff claims that he never had an adequate opportunity to litigate because "defendants

13   prevented the issues from being litigated and or resolved by way of not honoring stay put, at

14   LindaMood-Bell."  Opp. at 12:12-24.  Yet, plaintiff has not presented any evidence or made any

15   cogent argument as to how the District prevented any issues from being litigated at OAH.  In

16   any case, it is not necessary for there to be a full evidentiary hearing in order for res judicata or

17   collateral estoppel to apply.  In *People v. Sims* (1982) 32 Cal.3d 468, the California Supreme

18   Court held that a party can be estopped even when issues are determined against him based on a

19   default or a failure of proof.  *Id.*, at 481, 484.   Further, under res judicata, a party bringing the

20   same claims against the same party is precluded from relitigating all issues that were raised or

21   that could have been raised in the prior proceeding.  *Slater v. Blackwood* (1975) 15 Cal.3d 791,

22   795.  Thus, whether or not plaintiff properly raised all the arguments he could have made in the

23   prior proceeding is irrelevant, and preclusion applies.  He has lost the right to assert claims that

24   were raised or should have been raised at OAH in this Court.

25   ───────────────

26   [4]  Contrary to plaintiff's assertions, the District did not claim that plaintiff waived his *contractual* rights when he entered into the settlement.  Rather, plaintiff waived his *IDEA* rights when he did so.  Indeed, plaintiff admits as

27   much in his complaint.  The problem is that all of plaintiff's non-IDEA claims have been dismissed, and he cannot proceed with any non-IDEA claims without representation.  *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).

28                                                           6

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; CASE NO. C07-02400

321319v2

Third, plaintiff's Opposition asserts a new theory, as he now claims that his settlement was reached in mediation. Opp. at 7:9-18. However, there is no question that the settlement was reached prior to the effective date of the IDEA amendments, so regardless of whether it was reached through mediation or not, the July 2005 version of the IDEA would not apply. Prior to that date, there was no question that IDEA settlements, mediated or not, were not directly enforceable in federal court. The Court cannot retroactively apply the 2005 version of the law to an agreement reached in 2004. Moreover, plaintiff's assertion is unsupported by any competent evidence, not even his own sworn statement, that establishes that the settlement was mediated. Thus, there is no genuine dispute of material fact over this, and even if there was, there is still no basis for federal court jurisdiction.[5]

**B.    No Facts or Law Supports Plaintiff's "Dual Enrollment" Argument**

      **1.    The Undisputed Evidence Shows Plaintiff Was Not Enrolled in the District**

Even if plaintiff could overcome all of those barriers, he has still failed to submit any admissible evidence showing a material dispute regarding his enrollment in the District as required by the terms of the settlement.

Plaintiff now contends he was dually enrolled at the District and a private school, although he refused to state this position at the beginning of the 2005-2006 school year, when the District repeatedly sought to understand whether plaintiff intended to enroll his son at the District. See Declaration of Kenneth Ferro ("Decl. of Ferro"), ¶¶ 20, 21, 23-27. No evidence supports this claim.

In California, "dual enrollment" means the concurrent <u>attendance</u> of the individual in a public education agency and a nonpublic school (NPS) and/or a nonpublic agency (NPA). Title 5, Cal. Code Regs., § 3001. It does not refer to a student who attends a nonpublic school and does <u>not</u> attend a district school. The parties agree that plaintiff was not attending a District

---

[5] Plaintiff makes multiple references to attempts to convene a resolution session following his filing for due process based on alleged violations of the settlement. But, there is no evidence whatsoever that the settlement itself was reached in a resolution session, nor could there be, as the resolution session process did not exist at the time the settlement was reached in March 2004.

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; CASE NO. C07-02400

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

321319v2

1    school and had been unilaterally placed by his parent in a private school for the 2004-2005

2    school year. The evidence also shows that as of the 2005-2006 school year, he was no longer

3    attending New Vistas Christian School (which is not an NPS) since the principal determined

4    that he was not welcome back. Decl. of Ferro, ¶ 15, Ex. 9. Plaintiff provides no facts which

5    indicate that he attended a District school or an NPS during the period of time at issue. Indeed,

6    both the Complaint and the Opposition contain admissions that Ryan was not enrolled in the

7    District. Doc. 74 at 3:3-5; Doc. 111 at 4:23-24. Plaintiff is bound by these admissions.

8    *American Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir. 1988); *Barnes v. Owens–*

9    *Corning Fiberglas Corp.,* 201 F.3d 815, 829 (6th Cir. 2000); *Berckeley Invest. Group, Ltd. v.*

10   *Colkitt,* 455 F.3d 195, 210–211 & fn. 20 (3rd Cir. 2006). He is also bound by the findings in

11   the OAH case dismissing his claim that he was enrolled in the District which he never appealed.

12   To the extent the Court is willing to entertain such contradictions of plaintiff's own

13   admissions, the contradictions are not supported by the evidence. Instead, the evidence

14   demonstrates that Ryan has not enrolled in or attended a District school since October 2, 2003,

15   prior to attending New Vistas Christian School in 2004-2005. On September 7, 2005, plaintiff's

16   father advised the District he was home schooling his children, and on October 14, 2005 he

17   submitted a private school affidavit to CDE to that effect. On January 17, 2006, he advised the

18   District that he would not be enrolling his children and that he was relocating. Pltf's Ex. R. In

19   between, plaintiff failed to respond to multiple attempts by the District to determine whether or

20   not he planned to enroll his children in the District. Not one piece of evidence supports a claim

21   of "dual enrollment."

22   Michael Petersen attempts to create a triable issue of fact regarding Ryan's enrollment in

23   the District by claiming that when he previously told the District that he was moving out of the

24   District, it was not true. Opp. at 4:19-25. However, plaintiff's self-contradictory or false

25   statements cannot create an issue of fact. *White v. ARCO/Polymers, Inc.,* 720 F.2d 1391, 1396

26   (5th Cir. 1983); *Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 806 (1999); *Block v. City*

27   *of Los Angeles,* 253 F.3d 410, 419, fn. 2 (9th Cir. 2001).

28

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

8

321319v2

1

2.    **A Student Unilaterally Placed By His Parents is Not "Dual Enrolled"**

2    Notwithstanding plaintiff's assertions to the contrary, plaintiff was never "jointly"

3    placed in the New Vistas Christian School by the District and his parent nor was he ever "dual

4    enrolled" in the two placements.    The purpose of the settlement was to facilitate Ryan's

5    unilateral placement outside the District by his parents.    Decl. of Ferro, ¶¶ 5-7, 15, Ex. 1 (¶ 2F).

6    Under the IDEA, a student is either placed in the District by the District, placed outside the

7    District by the District, or placed outside the District by the parent.    The latter scenario is

8    referred to in the law as a "unilateral placement."    20 U.S.C. §§ 1412(a)(10)(A)-(C); *School*

9    *Comm. of Town of Burlington, Mass. v. Massachusetts Department of Educ.*, 471 U.S. 359, 373-

10    74 (1985).    Plaintiff uses the term "dual enrollment" to create a class of student which is not

11    recognized under the law, a student who attends a private parochial school and does not attend a

12    district school.    This definition is not supported by federal or California law.

13    Instead, a comprehensive review of all federal cases which include the term "dual

14    enrollment" and "special education" reveals 11 cases, none of which support plaintiff's

15    construction.    Three cases involve the same parties, and the courts in this trilogy repeatedly held

16    where a parent voluntarily places a child in a private school, there is no right to publicly funded

17    special education services.    *Foley v. Special Sch. Dist. of St. Louis County*, 927 F.Supp. 1214

18    (E.D.Mo. 1996) ("*Foley I*"); *Foley v. Special Sch. Dist. of St. Louis County*, 968 F.Supp. 481

19    (E.D.Mo. 1997) ("*Foley II*"); *Foley v. Special Sch. Dist. of St. Louis County*, 153 F.3d 863 (8th

20    Cir. 1998) ("*Foley III*").    In *Foley I*, the student's parents sought an assessment for their

21    mentally retarded daughter, Clare.    Clare attended a private Catholic school prior to assessment.

22    Clare never attended a public school, but the district did offer and provide related services at the

23    public school site after Clare attended her daytime private school program.    The parents

24    contended the district needed to provide related services, such as speech and language therapy,

25    at the parochial school.    The magistrate judge held that the version of the IDEA in effect at the

26    time[6] required the school district to offer a genuine opportunity for equitable participation in

27

28

---

[6]    The Individuals with Disabilities Education Act was subsequently revised in 1997 and 2004.

9

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; CASE NO. C07-02400

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

321319v2

1    special education and related services, and nothing more. *Id.*, at 1220-21.

2         This is a different requirement than the obligation for the school district to provide

3    FAPE to a public school student, and this distinction continues to exist through this day. See 34

4    C.F.R. §§ 300.129-300.144. "[T]he rights accorded disabled student in public schools differ

5    from those accorded such students voluntarily placed in private schools." *Foley II*, at 485. The

6    courts in *Foley I, II* and *III* held that the IDEA did not require the district to provide the

7    privately placed student with the related services at her parochial school site, and added that

8    such students do not even have an individual right to services. *Foley I*, at 1219; *Foley II*, at 487-

9    88; *Foley III*, at 865 (noting that the 1997 amendments to the IDEA clarified that privately

10   placed students have no individual right to special education services whatsoever). Because of

11   these differing obligations under the law which hinge upon whether or not a student is privately

12   placed at a private school, a parent's intention to enroll, and the fact of enrollment itself, is

13   pivotal to determining what the student is owed. This is why the District repeatedly sought to

14   determine the parents' intention in this case. Decl. of Ferro, ¶¶ 20, 21, 23-27. Not only was

15   plaintiff not enrolled, his father would not state whether he intended to enroll plaintiff, a

16   completely unreasonable position. Id.

17       **C.**    **Convening an IEP Meeting Did Not "Enroll" Ryan in the District**

18        Plaintiff also appears to contend that in holding an IEP meeting on September 6, 2005,

19   the District conceded that Ryan was enrolled at the District in some form or other. However,

20   plaintiff cites no law requiring that a student be enrolled prior to convening an IEP meeting.

21        The evidence reflects that the District convened the IEP meeting because Mr. Petersen

22   filed a request for due process and therefore the District assumed he *may have* intended to enroll

23   his children in school. The District confirmed this understanding in letters to Mr. Petersen dated

24   August 31 and September 9, 2005. Decl. of Ferro, ¶¶ 12, 18, Ex. 5, 9. On September 7, 2005,

25   Mr. Petersen indicated that he intended to home school his children and that his prior home

26   school affidavit remained in effect. The District's efforts to go above and beyond the law do not

27   mean that it somehow actually enrolled a student whose parent never gave any indication that he

28                                 10

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION
FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT;
CASE NO. C07-02400

321319v2

1    intended to enroll him and who never showed up on the District's books as enrolled.  There is

2    no such thing as de facto enrollment in a school district.

3    **D.      There Was No Modification of the Contract**

4         Lastly, plaintiff puts forth a far-fetched theory that the District's payment of Ryan's

5    Lindamood Bell services under the settlement on or around July 22, 2005 worked a modification

6    of the March 2004 settlement.  He further argues that this modification was made after the

7    IDEA amendments, therefore making the entire agreement retroactively enforceable in federal

8    court.

9         However, there is no proof that there was a meeting of the minds to enter into a new

10   contract or modify the terms of the previous one, nor was any consideration for doing so

11   provided by plaintiff.  Cal. Civ. Code § 1698.  Plaintiff fails to specify what the terms are of this

12   modification, who entered into them and when, what consideration was provided, and what

13   provisions he seeks to enforce.  Is it his position that the release contained in the original

14   agreement was extended through some date in the future?  If so, did it preclude his request for

15   due process filed approximately a month after the alleged modification?

16        In addition, a contract cannot be "modified" in the manner plaintiff suggests, and

17   particularly not a contract with a public entity.  The Agreement, at paragraph 6, reflects that the

18   original Agreement was subject to Board approval.  No agreement with a public entity is

19   binding without the approval of its governing board. Cal. Educ. Code §§ 17604, 35010, 35164,

20   *Santa Monica Unif. Sch. Dist. v. Persh*, 5 Cal.App.3d 945, 952 (1970).   Therefore, any

21   "modification" would not be binding on the District.

22        Moreover, a modification would not make the entire agreement retroactively subject to

23   federal court jurisdiction.  The "modification," like the original contract, was not entered into in

24   a mediation or a resolution session, and therefore does not fall within the limited jurisdictional

25   provision of the IDEA.  *Winkelman v. Parma City Sch. Dist.*, 127 S.Ct. 1994 (2007), which

26   plaintiff cites, has nothing to do with modifications to settlements or retroactively applying

27   modifications to settlements to confer federal court jurisdiction, and is completely irrelevant to

28                                                    11

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION
FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT;
CASE NO. C07-02400

321319v2

1    this issue.[7]

2    Plaintiff also argues that Lindamood Bell became his stay put placement once he filed

3    for due process on or about August 31, 2005.  However, this service was never contained in an

4    IEP, and the settlement, by its own terms, expired at the end of the 2005 ESY.  Decl. of Ferro,

5    Ex. 1.  The Lindamood Bell services that plaintiff contends modifies the settlement themselves

6    only ran through August 26, 2005.  See Plaintiff's Exh. M, p. 47.  Plaintiff never sought to make

7    this a stay put placement during the due process hearing, and never raised it in a timely appeal

8    of the due process case.  It certainly provides no authority now for ordering Lindamood Bell

9    services, as nearly three years have elapsed since the services ended and they are no longer

10   status quo, if they ever were.

11      **E.      Plaintiff's Other "Authority" is Irrelevant**

12          **1.      Alleged Resolution Session and Mediation Violations**

13   Plaintiff spends several pages of his Opposition referring to resolution session or

14   mediation requests in connection with his due process filing.  See Opp. pp. 8-11.  These

15   allegations, which were not plead in paragraphs 36-38 of the FAC, have absolutely nothing to

16   do with this case.

17   As set forth above, plaintiff cannot contest the determinations made by OAH because he

18   failed to file a timely appeal.  Whether or not those alleged violations were exhausted or needed

19   to be exhausted through an administrative hearing is beside the point.

20   Because plaintiff's claim is limited to a cause of action based on the IDEA, his assertion

21   that he seeks remedies for violation of the mediation and resolution session provisions that are

22   not available under the IDEA does not help him.  At any rate, since a party is not required to

23   settle a claim in a mediation or resolution session, there is no conceivable or articulated harm

24   which would flow from such violations.

25

26   [7] Michael Petersen asserts that he has standing to present claims under the IDEA on behalf of Ryan in federal court
     under *Winkelman*.  The District does not dispute this.  However, this does not translate into standing on all causes
27   of action.  Instead, *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) still prevents parents from
     representing their children in federal court on all other matters.

28                                                                      12

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

321319v2

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

### 2.    California Civil Code Provisions

Plaintiff peppers his opposition with citations to a variety of California Civil Code provisions, including sections 1599, 1606, 1636, 1638, 1656, 1667 and 1668. He fails to articulate how these provisions apply, and it does not appear that they do. Thus, these arguments should be disregarded and, at a minimum, plaintiff should be admonished for making such frivolous arguments.

### 3.    28 U.S.C. Section 1658

Plaintiff also cites repeatedly to 28 U.S.C. section 1658 as authority for his late filing of this action. Section 1658(a) states that:

> *Except as otherwise provided by law*, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues. (Emphasis added)

This section has no bearing on this action because the law does provide otherwise. The IDEA provides a 90 day statute of limitations for appealing an adverse due process decision which applies here. 20 U.S.C. § 1415(i)(2)(B). Therefore, 28 U.S.C. section 1658 is irrelevant.

### 4.    The Eighth Amendment

At the close of his brief, plaintiff cites to *Jones v. City of Los Angeles* and the Eighth Amendment "for protection and save for oral argument." Opp. at 13. Clearly, plaintiff is not entitled to raise an argument for the first time at oral argument.

However, insofar as this claim is at all comprehensible, it has no application to this case. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The District's motion does not raise an issue of bail, fine or punishment. "The purpose of the Eighth Amendment, putting the Bail Clause to one side, was to limit the government's power to punish." *Austin v. United States,* 509 U.S. 602, 609 (1993). Here, dismissal of plaintiff's case is not punishment, and the Eighth Amendment's prohibition on punishment would not apply.[8]

[8] The District also has a pending motion to declare plaintiff a vexatious litigant. This process does not violate the

13

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; CASE NO. C07-02400

321319v2

1         *Jones v. City of Los Angeles*, 444 F.3d 1118 (9th Cir. 2006) does not alter this fact.[9]  In

2    *Jones,* a Los Angeles ordinance made it a criminal offense, punishable by a fine and

3    imprisonment of up to six months, for anyone to be found "sitting, lying, or sleeping on public

4    streets and sidewalks at all times and in all places within the Los Angeles's city limits." *Id.,* at

5    1120. The ordinance was challenged by a group of homeless plaintiffs, who argued that because

6    the number of homeless persons in the city exceeded the number of available shelters, they had

7    no choice but to occupy the public streets and sidewalks. Punishing them for that involuntary

8    act, they claimed, was cruel and unusual. The court agreed, holding that "the Eighth

9    Amendment prohibits the City from punishing involuntary sitting, lying or sleeping on public

10   sidewalks that is an unavoidable consequence of being human and homeless without shelter in

11   the City of Los Angeles." *Id.,* at 1138.  *Jones,* a case involving fine and imprisonment due to a

12   situation beyond the plaintiffs' control, has nothing in common with this case, a meritless and

13   vexatious lawsuit brought by plaintiff.

14   **IV.   CONCLUSION**

15        Plaintiff has failed to submit any admissible evidence showing he was ever enrolled in

16   the District during the 2005-2006 school year and provides no legal authority which deems him

17   to have been enrolled.  Nonetheless, it is not necessary for the Court to reach these issues, since

18   all of plaintiff's claims under the IDEA have been waived, released, or precluded, and no

19   jurisdiction exists under any other theory.  For the foregoing reasons and those set forth in the

20   District's moving papers, the Court should dismiss plaintiff's action with prejudice and grant

21   judgment in the District's favor.

22   DATED: July 18, 2008                    MILLER BROWN & DANNIS

23                       By:  /s/ Amy R. Levine
                                            AMY R. LEVINE
24                       Attorneys for Defendant
                                            MOUNT DIABLO UNIFIED SCHOOL
25                       DISTRICT

26   Eighth Amendment. *See, e.g., Wolfe v. George,* 385 F.Supp.2d 1004, 1018 (N.D.Cal. 2005).

27   [9] Based on the docket number provided, it appears this is a citation to a case which was later vacated.  444 F.3d
     1118 (9th Cir. 2006), *vacated by* 505 F.3d 1006 (2007).

28                                           14

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

321319v2