AMY R. LEVINE, State Bar No. 160743
alevine@mbdlaw.com
ELIZABETH A. ESTES, State Bar No. 173680
eestes@mbdlaw.com
DAMARA MOORE, State Bar No. 215678
dmoore@mbdlaw.com
MILLER BROWN & DANNIS
71 Stevenson Street, 19th Floor
San Francisco, CA 94105
Telephone: (415) 543-4111
Facsimile: (415) 543-4384

Attorneys for Defendant
MOUNT DIABLO UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN PETERSEN,<br><br>Plaintiff,<br><br>v.<br><br>MOUNT DIABLO UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No. C07-02400 SI<br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE**<br><br>Date     :   August 1, 2008<br>Time    :   9:00 a.m.<br>Courtroom: 10, 19th Flr.<br>Judge   :   Hon. Susan Illston<br><br>Trial:              None Set |

Defendant MOUNT DIABLO UNIFIED SCHOOL DISTRICT hereby submits its objections to Plaintiff's Exhibits in Support of Opposition to Defendants Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment, & Declarations of Their Supporting Exhibits, Attorney Fees, Vexatious Litigant Motion.

| Exhibit | Objection |
|---|---|
| Exhibit A | All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th |

| Exhibit | Objection |
|---|---|
|  | Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation").<br><br>Defendant also objects to this Exhibit on the grounds that it is an incomplete document which violates the best evidence rule; it is irrelevant; that it contains vague, speculative, argumentative and conclusory statements and opinions; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03, 701, 1001-03.<br><br>Defendant further objects to this Exhibit on the grounds that it refers to facts, parties, issues, and/or time periods previously dismissed by the Court or beyond the scope of the Court's February 11, 2008 Order. Defendant objects to plaintiff's stated intent to incorporate all laws or arguments referenced in prior documents into his Opposition, particularly those arguments contained in documents upon which the Court has already ruled. *Carmen v. San Francisco Unif. Sch. Dist.*, 237 F.3d 1026, 1029-31 (9th Cir. 2001). |
| Exhibit B | Defendant objects to this Exhibit to the extent plaintiff intends to rely on the statements therein as "facts" in opposition to defendant's motion. To the extent plaintiff is doing so, defendant objects that this document is irrelevant; that it contains vague, speculative, argumentative and conclusory statements and opinions; that it contains hearsay within hearsay; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03, 701, 801-02.<br><br>Defendant further objects to this Exhibit on the grounds that it refers to facts, parties, issues, and/or time periods previously dismissed by the Court or beyond the scope of the Court's February 11, 2008 Order. Defendant objects to plaintiff's stated intent to incorporate all laws or arguments referenced in prior documents into his Opposition, particularly those arguments contained in documents upon which the Court has already ruled. *Carmen v. San Francisco Unif. Sch. Dist.*, 237 F.3d 1026, 1029-31 (9th Cir. 2001). |
| Exhibit C | All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply |

| Exhibit | Objection |
|---|---|
|  | overwhelming the district court with a miscellany of unorganized documentation"). <br><br>Defendant further objects to this Exhibit on the grounds that it is irrelevant; that it contains hearsay within hearsay; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03, 801-02. |
| Exhibit D | All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation"). <br><br>Defendant also objects to this Exhibit on the grounds that it is an incomplete document which violates the best evidence rule; that it is irrelevant; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03, 1001-03. <br><br>Defendant further objects to this Exhibit on the grounds that it refers to facts, parties, issues, and/or time periods previously dismissed by the Court or beyond the scope of the Court's February 11, 2008 Order. |
| Exhibit E | All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation"). <br><br>Defendant also objects to this Exhibit on the grounds that it is irrelevant; that it contains vague, speculative, argumentative and conclusory statements and opinions; that it contains hearsay within hearsay; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the |

| Exhibit | Objection |
|---|---|
| | issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03, 701, 801-02.<br><br>Defendant further objects to this Exhibit on the grounds that it refers to facts, parties, issues, and/or time periods previously dismissed by the Court or beyond the scope of the Court's February 11, 2008 Order. |
| Exhibit F | All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation").<br><br>Defendant further objects to this Exhibit on the grounds that it contains hearsay within hearsay. Fed. R. Evid. 801-02. |
| Exhibit G | All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation").<br><br>Defendant also objects to this Exhibit on the grounds that it is irrelevant; that it contains hearsay within hearsay; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03, 801-02.<br><br>Defendant further objects to this Exhibit on the grounds that it refers to facts, parties, issues, and/or time periods previously dismissed by the Court or beyond the scope of the Court's February 11, 2008 Order. |
| Exhibit I | All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has |

Miller Brown & Dannis
71 Stevenson Street, 19th Floor
San Francisco, CA 94105

| Exhibit | Objection |
|---|---|
|  | not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation").<br><br>Defendant also objects to this Exhibit on the grounds that it is irrelevant; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03.<br><br>Defendant further objects to this Exhibit to the extent that it pertains to facts, parties, issues, and/or time periods previously dismissed by the Court or beyond the scope of the Court's February 11, 2008 Order. |
| Exhibit K | All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation").<br><br>Defendant also objects to this Exhibit on the grounds that it is irrelevant; that it contains hearsay within hearsay; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03, 801-02.<br><br>Defendant further objects to this Exhibit on the grounds that it refers to facts, parties, issues, and/or time periods previously dismissed by the Court or beyond the scope of the Court's February 11, 2008 Order. |
| Exhibit L | All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th |

| Exhibit | Objection |
|---|---|
| | Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation").<br><br>Defendant further objects to this Exhibit as follows:<br><br>Page 1 of Exhibit L: To the extent plaintiff intends to rely on the statements therein as "facts" in opposition to defendant's motion, defendant objects that this Exhibit is irrelevant. Fed. R. Evid. 402-03.<br><br>Page 2 of Exhibit L: Defendant objects that this letter is irrelevant; that it contains hearsay within hearsay; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03, 801-02.<br><br>Page 5 of Exhibit L: Defendant objects that this letter is irrelevant. Fed. R. Evid. 402-03. |
| Exhibit M | All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation").<br><br>Defendant also objects to this Exhibit on the grounds that it is irrelevant; that it contains hearsay within hearsay; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03, 801-02.<br><br>Defendant further objects to this Exhibit on the grounds that it refers to facts, parties, issues, and/or time periods previously dismissed by the Court or beyond the scope of the Court's February 11, 2008 Order. |
| Exhibit P | Defendant objects to page 1 of this Exhibit to the extent plaintiff intends to rely on the statements therein as "facts" in opposition to defendant's motion. To the extent plaintiff is doing so, defendant objects on the grounds that it is irrelevant; |

| Exhibit | Objection |
|---|---|
|  | that it contains vague, speculative, argumentative and conclusory statements and opinions; that it contains hearsay within hearsay; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03, 701, 801-02.<br><br>Defendant further objects to this Exhibit on the grounds that it refers to facts, parties, issues, and/or time periods previously dismissed by the Court or beyond the scope of the Court's February 11, 2008 Order. Defendant objects to plaintiff's stated intent to incorporate all laws or arguments referenced in prior documents into his Opposition, particularly those arguments contained in documents upon which the Court has already ruled. *Carmen v. San Francisco Unif. Sch. Dist.*, 237 F.3d 1026, 1029-31 (9th Cir. 2001).<br><br>Defendant objects to page 2 of this Exhibit as follows:<br><br>All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation").<br><br>Defendant further objects to page 2 of this Exhibit on the grounds that it is irrelevant; that it contains vague and conclusory statements; that it contains hearsay within hearsay; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03, 701, 801-02. |
| Exhibit S | Defendant objects to this Exhibit to the extent plaintiff intends to rely on the statements therein as "facts" in opposition to defendant's motion. To the extent plaintiff is doing so, defendant objects that this document is irrelevant; that it contains vague, speculative, argumentative and conclusory statements and opinions; that it contains hearsay within hearsay; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03, 701, 801-02.<br><br>Defendant further objects to this Exhibit on the grounds that it refers to facts, parties, issues, and/or time periods previously dismissed by the Court or beyond the scope of the Court's February 11, 2008 Order. Defendant objects to plaintiff's |

| Exhibit | Objection |
|---|---|
| | stated intent to incorporate all laws or arguments referenced in prior documents into his Opposition, particularly those arguments contained in documents upon which the Court has already ruled. *Carmen v. San Francisco Unif. Sch. Dist.*, 237 F.3d 1026, 1029-31 (9th Cir. 2001). |
| Exhibit T | All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation").<br><br>Defendant also objects to this Exhibit on the grounds that it is irrelevant; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03.<br><br>Defendant further objects to this Exhibit on the grounds that it refers to facts, parties, issues, and/or time periods previously dismissed by the Court and beyond the scope of the Court's February 11, 2008 Order. |
| Exhibit U | All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation").<br><br>Defendant also objects to this Exhibit on the grounds that it is irrelevant; that it contains vague, speculative, argumentative and conclusory statements and opinions; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03, 701, 801-02.<br><br>Defendant further objects to this Exhibit on the grounds that it refers to facts, parties, issues, and/or time periods previously dismissed by the Court or beyond |

| Exhibit | Objection |
|---|---|
|  | the scope of the Court's February 11, 2008 Order. Defendant objects to plaintiff's stated intent to incorporate all laws or arguments referenced in prior documents into his Opposition, particularly those arguments contained in documents upon which the Court has already ruled. *Carmen v. San Francisco Unif. Sch. Dist.*, 237 F.3d 1026, 1029-31 (9th Cir. 2001). |
| Exhibit V | Defendant objects to pages 1-4 of this Exhibit as follows:<br><br>All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation").<br><br>Defendant also objects to this Exhibit on the grounds that it is irrelevant; that it contains vague, speculative, argumentative and conclusory statements and opinions; that it contains hearsay within hearsay; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03, 701, 801-02.<br><br>Defendant further objects to this Exhibit on the grounds that it refers to facts, parties, issues, and/or time periods previously dismissed by the Court or beyond the scope of the Court's February 11, 2008 Order. |
| Exhibit X | All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation").<br><br>Defendant also objects to this Exhibit on the grounds that it is irrelevant; that it contains argumentative and conclusory statements and opinions; that it contains hearsay within hearsay; and that its probative value, if any, is substantially |

SF 321702v1    DEFENDANT'S OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE; CASE NO. C07-02400 SI

Miller Brown & Dannis
71 Stevenson Street, 19th Floor
San Francisco, CA 94105

| Exhibit | Objection |
|---|---|
|  | outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03, 701, 801-02.<br><br>Defendant further objects to this Exhibit on the grounds that it refers to facts, parties, issues, and/or time periods previously dismissed by the Court or beyond the scope of the Court's February 11, 2008 Order. Defendant objects to plaintiff's stated intent to incorporate all laws or arguments referenced in prior documents into his Opposition, particularly those arguments contained in documents upon which the Court has already ruled. *Carmen v. San Francisco Unif. Sch. Dist.*, 237 F.3d 1026, 1029-31 (9th Cir. 2001). |
| Exhibit Y | All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation").<br><br>Defendant also objects to this Exhibit on the grounds that it is irrelevant; that it contains argumentative and conclusory statements and opinions; that it contains hearsay within hearsay; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03, 701, 801-02.<br><br>Defendant further objects to this Exhibit on the grounds that it refers to facts, parties, issues, and/or time periods previously dismissed by the Court or beyond the scope of the Court's February 11, 2008 Order. Defendant objects to plaintiff's stated intent to incorporate all laws or arguments referenced in prior documents into his Opposition, particularly those arguments contained in documents upon which the Court has already ruled. *Carmen v. San Francisco Unif. Sch. Dist.*, 237 F.3d 1026, 1029-31 (9th Cir. 2001). |
| Exhibit Z | All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply |

| Exhibit | Objection |
|---|---|
| | overwhelming the district court with a miscellany of unorganized documentation"). |
| | Defendant also objects to this Exhibit on the grounds that it is irrelevant; that it contains vague, speculative, argumentative and conclusory statements and opinions; that it contains hearsay within hearsay; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03, 701, 801-02. |
| | Defendant further objects to this Exhibit on the grounds that it refers to facts, parties, issues, and/or time periods previously dismissed by the Court or beyond the scope of the Court's February 11, 2008 Order. Defendant objects to plaintiff's stated intent to incorporate all laws or arguments referenced in prior documents into his Opposition, particularly those arguments contained in documents upon which the Court has already ruled. *Carmen v. San Francisco Unif. Sch. Dist.*, 237 F.3d 1026, 1029-31 (9th Cir. 2001). |
| Exhibit B-1 | All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation"). |
| | Defendant also objects to this Exhibit on the grounds that it is irrelevant; that it contains vague, speculative, argumentative and conclusory statements and opinions; that it contains hearsay within hearsay; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03, 701, 801-02. |
| | Defendant further objects to this Exhibit on the grounds that it refers to facts, parties, issues, and/or time periods previously dismissed by the Court or beyond the scope of the Court's February 11, 2008 Order. Defendant objects to plaintiff's stated intent to incorporate all laws or arguments referenced in prior documents into his Opposition, particularly those arguments contained in documents upon which the Court has already ruled. *Carmen v. San Francisco Unif. Sch. Dist.*, 237 F.3d 1026, 1029-31 (9th Cir. 2001). |

| Exhibit | Objection |
|---|---|
| Exhibit D-1 | Defendant objects to this Exhibit to the extent plaintiff intends to rely on the statements therein as "facts" in opposition to defendant's motion. To the extent plaintiff is doing so, defendant objects that this document is irrelevant; that it contains vague, speculative, argumentative and conclusory statements and opinions; that it contains hearsay within hearsay; and that its probative value, if any, is substantially outweighed by the danger of prejudice, confusion of the issues, or considerations of undue delay or waste of time. Fed. R. Evid. 402-03, 701, 801-02.<br><br>Defendant further objects to this Exhibit on the grounds that it refers to facts, parties, issues, and/or time periods previously dismissed by the Court or beyond the scope of the Court's February 11, 2008 Order. Defendant objects to plaintiff's stated intent to incorporate all laws or arguments referenced in prior documents into his Opposition, particularly those arguments contained in documents upon which the Court has already ruled. *Carmen v. San Francisco Unif. Sch. Dist.*, 237 F.3d 1026, 1029-31 (9th Cir. 2001). |
| Exhibit E-1 | All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation").<br><br>Defendant also objects to this Exhibit on the grounds that it is irrelevant; that it contains conclusory statements and opinions; and that it contains hearsay within hearsay. Fed. R. Evid. 402-03, 701, 801-02.<br><br>Defendant further objects to this Exhibit based on plaintiff's stated intent to incorporate all laws or arguments referenced in prior documents into his Opposition, particularly those laws already considered and rejected by the Court. *Carmen v. San Francisco Unif. Sch. Dist.*, 237 F.3d 1026, 1029-31 (9th Cir. 2001). |
| Exhibit F-1 | All of plaintiff's exhibits are unauthenticated hearsay which lack foundation and are therefore inadmissible. Plaintiff has failed to comply with the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, and has not submitted any declaration authenticating any of the exhibits. Those exhibits, and the facts recited in them, are therefore not admissible in evidence. Fed. R. Civ. Pro. 56(e)(1); Fed. R. Evid. 801, 802, 901; Northern District of California, Civil Local Rules, 7-5; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th |

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

DEFENDANT'S OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE; CASE NO. C07-02400 SI

SF 321702v1

| Exhibit | Objection |
|---|---|
|  | Cir. 2002); *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation").<br><br>Defendant also objects to this Exhibit on the grounds that it is irrelevant; that it contains conclusory statements and opinions; and that it contains hearsay within hearsay. Fed. R. Evid. 402-03, 701, 801-02.<br><br>Defendant further objects to this Exhibit based on plaintiff's stated intent to incorporate all laws or arguments referenced in prior documents into his Opposition, particularly those laws already considered and rejected by the Court. *Carmen v. San Francisco Unif. Sch. Dist.*, 237 F.3d 1026, 1029-31 (9th Cir. 2001). |

DATED: July 18, 2008

MILLER BROWN & DANNIS

By: /s/ Amy R. Levine
AMY R. LEVINE
Attorneys for Defendant
MOUNT DIABLO UNIFIED SCHOOL DISTRICT

Miller Brown & Dannis
71 Stevenson Street, 19th Floor
San Francisco, CA 94105