1  MICHAEL PETERSEN PRO SE
   next of friend of Michael Petersen Jr.
2  and Ryan Petersen
   3375 Port Chicago Hwy. 30-166
3  Concord Ca. 94520
   (925) 588-4799
4

RECEIVED

2008 JUL 30  P 4: 48

RICHARD W. WIEKING. CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

FILED

JUL 30  8

RICHARD  WIEKING
CLERK, U.S. D'
SERN DIST'

5

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                                              C01-2400SI

11  MICHAEL PETERSEN ON BEHALF OF         PLAINTIFF'S REQUEST FOR
    HIMSELF AND PARENT AND NEXT OF        MANDATORY JUDICIAL NOTICE RE:
12  FRIEND TO MIKE JR. AND RYAN PRO SE    F.R.EV 201(d) AND PLAINTIFF'S
                                          REQUEST FOR SETTLEMENT
13                                        CONFERENCE IN ADDITION TO
                                          6/6/08 REQUESTS
14  V

15                                        HEARING : 8/1/08
                                          TIME: 9:00am
16  MOUNT DIABLO UNIFIED SCHOOL DISTRICT ET.AL.,  DEPT: 10, 19th FL
    MILDRED BROWN, individually and in her official  JUDGE: HON. SUSAN ILLSTON
17  capacity as assistant superintendent of special
    education, KEN FERRO, individually and in his
18  official capacity as alternative dispute
    resolution administrator
19
    PLANITIFF'S HEREBY REQUEST MANDATORY JUDICIAL NOTICE AND REQUEST FOR
20  SETTLEMENT CONFERENCE ON 8/1/08 PURSUANT TO THE ATTACHED  AS FOLLOWS:

21  A) 11/27/08 items and claims for relief, 8 pgs

22  B) 2/22/08 plaintiff's response, 3 pgs

23  C) Spring 2005 F.E.A.T. newsletter, 1 pg

24  D) 8/29/02 MDUSD Goals and Objectives, 1 pg

25  E) 10/21/04 Blue Ink ltr, 1 pg

26  F) 5/19/05 IEP request w/fax report, 2 pgs

27  G) 5/19/05 substitute tutor ltr w/fax report, 2 pgs

28  H) 1/17/06 group exhibit re: 1/10/08 MDUSD fax verifications, 13 pgs

I) 6/3/05 Ferro ltr, 1 pg

J) 3/18/04 SN03-1885 contract addendum, 3 pgs

K) 3/31/04 L.M.B. contract, 2 pgs

L) 3/18/04 SN03-1885 contract pages from State Mediator, 7 pgs

M) 7/22/05 LindaMood-Bell contract, 1 pg

N) 8/26/05 SN03-1885 due process notice, i pg

O) 8/31/05 due process notice to Mr. Ferro w/fax report, 3 pgs
   8/31/05 due process notice to SEHO w/ fax report, 3 pgs

P) 9/2/05 LindaMood-Bell appt. & 9/2/05 plaintiff ltr, 2 pgs

Q) 9/7/05 MDUSD due process objection, 1 pg

R) 9/7/05 home school ltr & resolution request w/ fax reports, 5 pgs

S) 9/7/05 due process motion w/ fax reports to OAH/SEHO/MDUSD, 6 pgs

T) 9/9/05 Ferro resolution ltr, 1 pg

U) 9/13/05 plaintiff resolution session ltr w/ fax reports, 7 pgs

V) 9/14/05 plaintiff resolution session ltr w/ fax reports, 4 pgs
   9/14/05 Ferro resolution session ltr w/ fax stamp, 3 pgs
W) 9/14/05 Ferro resolution session ltr w/ hand written time & date, 2pgs

X) 9/19/05 plaintiff request for mediation, 6 pgs w/ fax reports

Y) 10/5/05plaintiff request for resolution session, 3 pgs w/ fax report

Z) 10/5/05 SN03-1885 contract jurisdiction ltr, 4 pgs

A-1) 10/3/05 MDUSD due process response, 7 pgs

B-1) 10/6/05 plaintiff resolution session request, 4 pgs w/ fax report

C-1) 10/7/05 MDUSD ltr, 3 pgs

D-1) 10/10/05 plaintiff due process response, 9 pgs w/ fax report

E-1) 9/2/05 OAH due process info, 4 pgs

F-1 10/05 revised MDUSD procedural safegards, 6 pgs

Respectfully submitted

Michael Petersen

15  33) Pursuant to Ryan's special education contract # SN03-01885 item "12", the contract was
16  entered into, and shall be construed and interpreted in accordance with the laws of the state of
17  California and the United States.

18  34) Item"F" states the process in which parent was to be reimburse for private school tuition
19  costs and related services. The MDUSD has breached this portion of the contract and has refused
20  to abide by the terms. On 9/16/05, the MDUSD issued check # 00841767 in the sum of
21  $2528.00.

22  35) On 9/27/05 father notified Ferro and the MDUSD in writing that the check was lost and
23  requested the MDUSD stop payment and issue a replacement check. Ferro and the MDUSD
24  refused and the reimbursement amount has not been paid to father. Subsequently, the MDUSD
25  wrote father and demanded father was in breach of contract concluding a actual unresolved
26  contract dispute. Additionally, an outstanding balance on the educational contract is due father
27  in the approximate amount of $1000.00. as reimbursement payments were trailing 30 days
28  behind father's initial out of pocket tuition. The MDUSD contends it has met it's obligation and

1   has refused to honor the terms of the federal contract. On 3/25/06, father wrote defendant

2   BROWN and superintendent McHenry regarding the lost check and asked for help because the

3   special education service provider was threatening father with a court action ultimatum if he did

4   not pay for the services. Brown and Ferro directed their law firm to respond in 4/06 and

5   demanded father was in breach and they would not pay the remaining portions of the contract.

6   Brown, Ferro and the MDUSD have acted with deliberate indifference by violating the state and

7   federal contract laws which has caused Ryan additional educational set backs, personal injury

8   and pain and suffering to all plaintiff's by not fulfilling their fiduciary duties and violating 28

9   USC Sec. 1343 et. seq. and Cal Const. ART I Sec. 7(a) thereby discriminating on the basis of

10   Ryan's disability in having prior knowledge that he would be harmed. Plaintiff's also allege,

11   Ryan's contract was violated in retaliation for the litigation that resulted from Mikey's case.

12      36) Items "G" and "H" are contract terms relating to Ryan's IEP meetings. Ryan's annual IEP

13   was to be held on or before 5/30/05 to discuss Ryan's placement and services for the 2005-06

14   school year. Father forwarded a IEP request to the MDUSD on 5/19/05 and received no response.

15   Ferro, MDUSD and their legal counsel conspired and purposely refused the IEP request and

16   waited months after summertime to hold a IEP when they knew the new laws and cleanup

17   legislation would be in effect changing the rights of all special education students. Furthermore,

18   the MDUSD was aware there was a change in Ryan's programming needs to develop an

19   alternative appropriate program and placement due to his hearing loss but subsequently violated

20   the contractual terms. Plaintiff's were retaliated against by Ferro, their legal counsel and

21   MDUSD because of the legal cases regarding Michael Jr.

22      37) On 9/6/05, the MDUSD finally held a belated IEP without father for Ryan in violation of

23   his contract terms and after the entire school year (including extended school year) had ended.

24   With all releases for communication expired to Ryan's former private school and service

25   providers MDUSD ADR, Ken Ferro scheduled Ryan's former principle to in attendance at the

26   IEP and documented in the conference notes that Ryan's former private school principle stated

27   she did not want Ryan back as a student. Father contends, the valuable student referrals from

28   Ferro to Ryan's former private school principle were a major factor in the effective sabotaging of

1  Ryan's education in that this principle did not want to anger ADR Ferro and receive no further

2  student  referrals from the MDUSD. Ferro caused Ryan educational delays and pain and suffering

3  to all the plaintiff's through violations of state and federal contract law, 28 USC 1343 et. seq.,

4  Cal. Const. ART.I Sec. 7(a), ADA Title II, Sec.12101 et. seq.

5  38) MDUSD ADR, Ken Ferro effectively discriminated against student Ryan based upon his

6  disability by having previous knowledge of the nature and severity of the disability and contract

7  by eliminating student's opportunity to maintain the status quo of the private school placement or

8  it's equivalent commensurate with students unique disability needs. Student has suffered

9  personal injury as a direct result of the MDUSD's Ken Ferro actions that will have a lifelong

10  effect in life skills and future employment.  MDUSD violated state and federal contract laws each

11  year until the fifth grade by not providing services to Ryan to remediate his disabilities as a low

12  incidence student and Ryan substantially regressed. The MDUSD acted with deliberate

13  indifference.

14  39)  ADR Ferro, also contributed to the successful eviction of father and, Mikey and Ryan

15  through the SEHO contract in that Ryan's special education speech pathologist and sign language

16  instructor were financially benefitting from the special education direct instruction via the.

17  contract terms in father's home for several months.  Father's former landlord is related to the

18  MDUSD special education department as a 25 year veteran (former employee)and receives a

19  pension from the MDUSD. During father's efforts to force Ferro to comply with Ryan's SEHO

20  contract and maintain the status quo of a private school placement, Ferro repeatedly attempted

21  service of documents upon father's home which the landlord was made aware of which created

22  animosity for father and children between landlord due to Ferro's refusal to abide by the terms of

23  Ryan's special education SEHO contract. Shortly thereafter, landlord initiated the eviction

24  process upon father in which he was forced to vacate the residence. Administrator BROWN was

25  made aware of the contract dispute in addition to the MDUSD parent liaison office created by the

26  federal consent decree contract to eliminate program barriers by the district and no action was

27  taken and acted in deliberate indifference in violation to the consent decree.

28  / / / / /

1  constitutional rights and equal protection in the course of justice during the state hearing
   regarding the presentation of issues, claims and their fiduciary duties to plaintiff's. McGeorge
2  had prior knowledge of the elements of plaintiff's disabilities, knew the minor plaintiff was
   without school and sp. ed. services the entire school year, and chose to act with the other
3  defendants to deny plaintiff's issues from the motion filed by the other defendants on 2/3/03 to
   prevent issues of plaintiff's from being heard. McGeorge stated on the record that "we deal with
4  ADA" McGeorge acted contrary to law and discriminated against plaintiff's on the basis of
   disability thereby causing injury to plaintiff's in preventing the exercising of rights of U.S.
5  citizen with a qualified disability. Plaintiff's demand judgement and relief pursuant to 28 USC
   1343 et. seq., 42 USC et. seq., Cal. Civ. Code Sec. 52 & 52.1, compensatory, punitive, general
6  damages.
   (f) For violations of public contract code and public policy provisions against McGeorge et. al.:
7  Pursuant to Calif. P.C.C. Sec 10335,10353, 10353.5, Cal Const. ART I, Sec. 7(a), Cal. Const.
   ART III Sec 3, Sec 3.5, 42 USC et. seq., 28 USC 1343 et. seq. McGeorge is said to have been
8  involved in a legal services contract with CDE and the exact extent of said contract can not be
   ascertained until discovery is completed. McGeorge violated their fiduciary duty to plaintiff's by
9  refusing to follow education codes and by not allowing plaintiff's issues into due process hearing
   SN03-00076 when presented unto them and in having stated on the record that they were
10 authorized, and had the power and authority to hear such issues. Plaintiff's were damaged by the
   actions or lack of through McGeorge and the damage has been pervasive and will have a life long
11 effect on minor plaintiff. Plaintiff's demand judgement and relief pursuant to Cal. Civ. Code
   Sec. 52 & 52.1, 42 USC et. Seq., 28 USC 1343 et. seq., general, compensatory and punitive
12 damages.

                    **THIRD CLAIM FOR RELIEF** (for Ryan Petersen and Father)
13
   (AGAINST MDUSD et. al. BROWN AND FERRO (in their official and individual capacity)
14
                FOR VIOLATIONS OF STATE AND FEDERAL CONTRACT LAWS
15
         42)   Plaintiff's re allege and incorporate by reference as though fully set forth herein,
16 paragraphs 1-39 inclusive, of this complaint as follows: MDUSD et. al. is said to be included in
   any and all allegations previously set forth against MDUSD, Brown & Ferro in their individual
17 and official capacities inclusive of all claims set forth herein. Grounds for jurisdiction of the
   district courts for claims 42 (a)(b)(c)(d)(e)(f)(g)(h) and claims 49(a)(b) are included in 28 USC
18 Sec.1331, 1343 et. seq. and 28 USC Sec. 1367 as set forth herein including all acts of congress
   as named herein.
19
20 **(a)** For violations of MDUSD federal consent decree contract against Brown, Ferro & MDUSD
   et. al in their individual and official capacities: Further jurisdiction of this court is set forth in
21 consent decree contract C98-00951 as whereby plaintiff's are entitled to direct access to the
   federal courts pursuant to consent decree contract whereas MDUSD, Brown & Ferro engaged in
22 systematically blocking the status quo of Ryan receiving private school placement in having
   direct prior knowledge of the severity of Ryan's disability, discriminated on the basis of
23 disability against Ryan and Father to force plaintiff's to accept the MDUSD program and
   provided a barrier to deny Ryan's contract by refusing to hold a contractual IEP and then
24 delaying, falsifying and sabotaging the IEP in violation of the consent decree. Defendants
   discriminated on the basis of disability by having previous knowledge of consent decree
25 obligation and plaintiff's personal disability knowing that he would be harmed in violation of
   Title II of the ADA Sec. 42 USC Sec. 12101 et. seq, 28 CFR part 35, subpart A, 35.101 et. seq.
26 (35.130.(a)(b)(1), Cal. Const. ART I Sec. 7(a). Plaintiff's demand judgement and relief pursuant
   to 28 USC 1343 et. seq., 42 USC et. seq., Cal. Civ. Code Sec. 52, 52.1 compensatory, punitive,
27 and general damages.

28 **(b)** For violations of state and federal contract laws against Brown, Ferro and MDUSD et. al. in

1   their individual and official capacities pursuant to Ed. Code Sec. 33117, Cal Const. ART I Sec.
    7(a), for interfering and discriminating against plaintiff's using Ryan's contract SN03-01885 by
2   failing to hold a timely IEP causing educational delays and loss of school placement in a private
    facility on the basis of the disability in knowing before hand the extent of the disability and
3   refusing to act pursuant to law. Plaintiff's demand judgement and relief pursuant to Cal. Civ.
    Code Sec. 52 & 52.1 et. seq., compensatory, general, punitive damages.

4
    (c) For violations of ADA and section 504 contract laws against Brown, Ferro and MDUSD et.
5   al. in their individual and official capacity by violating 14th amended constitution, Cal. Const.
    ART I Sec. 7(a), Sub title A of title II of the ADA, 42 USC 12101 et. seq., 28 CFR Part 35 et.
6   seq., Sub part B, 35.130(a)(b)(1)(v), 35.130,(b)(3)(i)(ii)(iii) for providing unequal treatment and
    discrimination in public contracting by failing to protect Ryan as belonging to a disabled class of
7   citizens by sabotaging his status quo of his private school placement by using his disability
    against him as discrimination by their power and control of the IEP process & against plaintiff's
8   by refusing to hold the meeting until new laws were passed and implemented in their favor
    thereby causing personal injury. Plaintiff's demand and relief pursuant to  Cal. Civ. Code Sec. 52
9   & 52.1, 28 USC 1343 et. seq., 42 USC et. seq., compensatory, general, punitive damages.

10  (d) For violations of 42 USC 1983 due process and equal protection contract obligations against
    Brown, Ferro and MDUSD et. al. in their individual and official capacities under color of state
11  law, pursuant to 5th, 14th amended U.S. Constitution, Cal. Const. ART I Sec. 7(a),  Defendants,
    and each of them subjected plaintiff's to deprivation of rights in being a protected class of
12  citizens, and in having a liberty interest and property  interest in education. Defendants refused to
    continue a placement with the private school by eliminating plaintiff's ability to present evidence
13  in continuance of the placement by refusing to hold the annual IEP, to modify services for
    plaintiff's health, progress and development on the basis of the disability by having advanced
14  knowledge of his need and failing to act pursuant to law thereby violating plaintiff's
    constitutional rights. In the course of things ,defendants caused, in plaintiff's having to force
15  defendants to comply with the laws, contributed to the successful eviction of plaintiff's in their
    residence  where defendants were providing federal educational services .Plaintiff's demand
16  judgement and relief pursuant to 28 USC 1343 et. seq., 42 USC et. seq., Cal. Civ. Code Sec. 52
    & 52.1 and for punitive, compensatory and general damages.

17
    (e) For violations of 42 U.S.C. 1985 contract provisions Brown, Ferro and MDUSD et al. in their
18  individual and official capacity defendants and each of them acted together and under color of
    state law. defendants violated 5th and 14th amended U.S. Const., Cal. Const. ART I Sec. 7(a),  and
19  28 USC 1343(a)(1) & (a)(2)  pursuant to title 42, defendants failed to prevent or provide aid in
    preventing wrongs which they had previous knowledge that were about to occur, and in having
20  the power to prevent and thereby failing to act in a manner pursuant to law, deprived plaintiff's
    of constitutional rights by failing to hold the annual IEP in 5/05. Plaintiff's demand judgement
21  and relief pursuant to 28 USC 1343 et. seq., 42 USC et. seq., Cal. Civ. Code Sec. 52 and 52.1,
    punitive, general, compensatory damages.

22
    (f) For violations of 29 USC 794 contract obligations: by their actions described herein, Brown,
23  Ferro and MDUSD et. al. violated Education Code Sec. 33117 in having received funds under
    contract to provide for special education plaintiff, defendants failed to act in accordance with
24  superintendent of education and CDE. Defendants and each of them deprived plaintiff's of
    constitutional rights pursuant to Cal. Const ART I Sec. 7(a),  Plaintiff's demand judgement and
25  relief pursuant to Cal. Civ. Code Sec. 52 & 52.1., compensatory, general damages.

26  (g) For violations of public contract code and public policy contracts against Brown, Ferro &
    MDUSD et. al in their individual and official capacities violated services contract described in
27  Calif. Public Contract Code Sec. 10335,10353, 10353.5, and Cal Const. ART I Sec. 7(a),
    Plaintiff's SN03-01885 contract qualifies as constitutional services that were being provided in
28  the home and plaintiff's suffered personal injury at plaintiff's personal residence.  MDUSD

1  having prior knowledge that special education services were being provided within the
2  household, and knowingly used the powers of their legal services to cause deprivation of rights
   and discriminated based upon the disabilities of plaintiff. Plaintiff's demand judgement and relief
3  pursuant to Cal Civ. Code Sec. 52 & 52.1., general, punitive, compensatory damages.

4  **(h)** For retaliation as a direct violation of above stated contract laws against Brown, Ferro &
   MDUSD et. al. in their individual and official capacity for violations of 42 USC 12203, 28 CFR
   Sec. 35.134 in denying the status quo of contract SN03-01885, and refusing to hold the annual
5  IEP, defendants effectively retaliated against plaintiff's by knowingly refusing to meet the
   educational needs of plaintiff and, on the basis of the disability by way of prior knowledge of the
6  severity, retaliated against plaintiff's due to past litigation with Michael jr. Plaintiff's demand
   judgement and relief pursuant to 28 USC 1343 et. seq., 42 USC et. seq. general, compensatory
7  punitive damages.

8        **DAMAGES SUSTAINED AS A RESULT OF THE ABOVE REFERENCED CLAIMS**

9        43)   As a direct and proximate result of the acts and omissions in this complaint, students

10  have suffered substantial educational and developmental losses, causing permanent decline in

11  their future development, which adversely impacts their future earnings and earning potential,

12  and which has resulted in humiliation, pain and suffering, and damage to their social

13  development and interpersonal relations, in a amount subject to proof at trial. With respect to

14  those claims based upon violations of the United States Constitution, students were deprived of

15  their constitutional rights.

16        44)   As a direct and proximate result of the acts and omissions alleged in this

17  complaint, student's parent have incurred legal fees, and pain and suffering, lost wages and will

18  incur substantial expenses for student's education, development, future support, and lost wages,

19  all in a amount subject to proof at trial. With respect to those claims based upon violations of the

20  United States Constitution, student's parent was deprived of constitutional rights.

21        45)   As a direct and proximate result of the acts and omissions alleged in this complaint,

22  students and students parent will continue to be damaged and suffer irreparable harm unless

23  defendants are enjoined.

24                              **PRAYER FOR RELIEF**

25  WHEREFORE, all plaintiff's respectfully pray that this court:

26        46)                **On plaintiff's first claim for relief,** (For Michael Jr. and Father)

27  **a)** Declare that the MDUSD defendants in their individual and official capacity, and each of
   them, have failed to comply with the consent decree contract C98-00951 and violated the stated
28  contract laws therein. Issue an injunction to protect other sp.ed. students from like violations.

1   Order and award judgement and relief as set forth therein and additional appropriate damages.
  **b)** Declare that the MDUSD defendants in their individual and official capacities, and each of
2   them, have discriminated against plaintiff's and failed to act pursuant to law. Issue an injunction
  to prevent like occurrences. Order and award judgement and relief as set forth therein.
3   **c)** Declare that the MDUSD defendants in their individual and official capacities and each of
  them, have discriminated against plaintiff's and failed to act pursuant to law. Order injunctive
4   and declaratory relief in the removal of the unlawful assault and battery charges against student
  Mikey's file and order students exempt from state exit exam. Order injunctive and declaratory
5   relief to prevent further retaliation against student. Order and award judgement and relief as set
  forth therein.
6   **d)** Declare that the MDUSD defendants in their individual and official capacities and each of
  them, have violated plaintiff's constitutional rights thereby discriminating against plaintiff's on
7   the basis of the disability and failed to act pursuant to law. Issue injunction and declaratory relief,
  to inspire new legislation appropriately named "Michael's law" to remove assault and battery's
8   with crime report numbers to the state from Michael's record and prevent such travesties from
  occurring again. Order and award judgement and relief as set forth..Reopen case #C04-1059SI.
9   **e)** Declare that the MDUSD defendants in their individual and official capacities and each of
  them have conspired under color of state law to discriminate against plaintiff's on the basis of
10   disability and failed to act pursuant to law and the constitution. Order and award judgement and
  relief as set forth therein. Reopen case #C04-1059SI for disposition on behalf of Michael Jr.
11   **f)** Declare that the MDUSD defendants in their individual and official capacities and each of
  them have discriminated against plaintiff's, have violated the education code and have failed to
12   act pursuant to law. Order and award judgement and relief as set forth therein.
  **g)** Declare that the MDUSD defendants in their individual and official capacities and each of
13   them have violated public contract codes and public policy codes and failed to act pursuant to
  law. Order and award judgement and relief as set forth therein.
14   **h)** Declare that the MDUSD defendants in their individual and official capacities and each of
  them have retaliated against plaintiff's pursuant to the constitution and failed to act pursuant to
15   law. Order injunctive and declaratory relief to remove the assault and batteries and crime report
  numbers from Michael's record. Order and award judgement and relief as set forth therein.
16
       **47)**        **On plaintiff's second claim for relief,** (For Michael Jr. and Father)
17
  **a)** Declare that McGeorge/SEHO et.al. have violated the stated contract laws therein and have
18   discriminated against plaintiff's and violated plaintiff's constitutional rights. Order and award
  judgement and relief as set forth therein.
19   **b)** Declare McGeorge/SEHO et. al. have violated due process and equal protection laws and
  discriminated against plaintiff's and violated plaintiff's constitutional rights. Order and award
20   judgement and relief as set forth therein .Award compensatory and punitive damages according
  to proof.
21   **c)** Declare McGeorge/SEHO has violated the ADA, 504 laws stated therein and discriminated
  against plaintiff's and violated their constitutional rights. Order judgement and relief as set forth
22   therein.
  **d)**Declare Mcgeorge/SEHO has violated 42 USC 1983 due process and equal protection laws
23   stated therein and discriminated against plaintiff's and violated their constitutional rights. Order
  judgement and relief as set forth therein.
24   **e)** Declare that McGeorge/SEHO has conspired with other defendants to violated plaintiff's
  rights thereby discriminating against plaintiff's and violating their constitutional rights. Order
25   and award judgement and relief as set forth therein.
  **f)** Declare McGeorge/SEHO has violated public contract codes and public policy provisions and
26   violated their fiduciary duty to plaintiff's. Order and award judgement and relief as set forth
  therein.
27        **48)**        **On Plaintiff's third claim for relief,** (For Ryan Petersen and Father)

28   **a)** Declare that the MDUSD defendants in their individual and official capacities and each of

1  them, have failed to comply with the consent decree and discriminated against plaintiff's.
   Declare that the defendants in their individual and official capacities have violated the stated
2  contract laws therein. Order injunctive relief to prevent further like violations to protect sp. ed.
   students. Order and award judgement and relief as set forth therein.
3  **b)** Declare that the MDUSD defendants and each of them in their individual and official
   capacities and each of them have violated state and federal contract laws. Order and award
4  judgement an relief as set forth therein. Order compensatory and punitive damages according to
   proof.
5  **c)** Declare that the MDUSD defendants and each of them have violated ADA, 504, U.S., and Cal.
   Const. by failing to protect plaintiffs and discriminating against them. Order judgement and relief
6  as set forth therein. Order students exempt from state exit exam. Order injunctive and declaratory
   relief to prevent further retaliation against student.
7  **d)** Declare the MDUSD defendants and each of them have violated equal protection, due
   process, U.S., and Cal. Const. under color of state law by violating plaintiff's constitutional
8  rights. Order and award judgement and relief as set forth therein.
   **e)**Declare that the MDUSD defendants and each of them have conspired under color of state law
9  to violate U.S. and Cal Const .by failing to act in a manner pursuant to law. Order judgement and
   relief as set forth therein.
10 **f)**Declare that MDUSD defendants and each of them have violated 29 USC 794, education code,
   and Cal. Const. and discriminated against plaintiff's. Order judgement and relief as set forth
11 therein.
   **g)** Declare that the MDUSD defendants and each of them have violated Cal. Public Contract
12 Code and Cal. Const. by the powers and use of their legal services to deprive plaintiff's of
   constitutional rights. Order judgement and relief as set forth therein.
13 **h)** Declare the MDUSD defendants and each of them have retaliated against plaintiff's by
   refusing to hold a mandated IEP as punishment for past litigation. Order judgement and relief as
14 set forth therein.
       49)          **On all claims for relief:** (For Michael Jr., Ryan and Father)
15
   **a)** Award for costs related to costs of suit herein and reasonable attorney fees.
16
   **b)** Award for such other and further relief as the court deems just and proper.
17
   DEMAND FOR JURY TRIAL
18
   Please take notice that plaintiff's demands trial by jury in this action pursuant to FRCP 38(b).
19
   Dated : NOVEMBER 27, 2007
20
   Respectfully submitted
21

22 Michael S. Petersen PRO SE

23

24

25

26

27

28

1  Michael Petersen PRO SE
   next of friend of Michael Petersen Jr.
2  and Ryan Petersen
   3375 Port Chicago Hwy 30-166
3  Concord Ca. 94520

RECEIVED

2008 FEB 22 P 4: 47

RICHARD W. WIEKING, CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

12  Petersen et. al.                          CASE C07-02400SI

13  v.

14  Mount Diablo Unified School District et. al.

                                             PLAINTIFF'S RESPONSE TO
15                                           ORDER OF 2/11/08 RE:
                                             PLAINTIFF'S 11/28/07 BRIEF
16                                           RE: MAINTENANCE OF I.D.E.A.
17                                           CLAIMS

18  Pursuant to order dated 11/6/07, plaintiff filed brief on 11/28/07 with

19  claims and theory of recovery underlying and in pursuit of IDEA remedies.

20  Defendent's maintain the threat of recovery of attorney fees against

21  plaintiff's for the filing of claims on behalf of the minor children.

22  On 2/8/08, the parties attended court hearing. On 2/12/08, plaintiff's, @6:am,

23  filed request for entry of judgment and benifit thereof unaware that a

24  order could be filed on the proceeding holiday of 2/11/08.

25  Plaintiff's maintain subject matter jurisdiction on Ryan's IDEA contract

26  SN03-01885. As confirmed in Pedraza v. Alameda USD (C05-04977 VRW, CAND),

27  in this case, as of 7/1/05, Ryan's settlement agreement is enforcable in

28  federal court. Also C.C.P. Sec. 343 allows a 4 year limitations statute

"B"

along with C.C.P. Sec. 337 for written contracts. Plaintiff has standing

pursuant to FRCP 17 (c),(next of friend), Winkleman v. Parma (U.S. Supreme

court 2007) (parent's standing on IDEA related claims in federal court),

and Blanchard v. Morten USD, 420 F.3d 918 (9th Cir. 2005) (claims awarded

to parent while pursuing son's remedies under the IDEA) Plaintiff's civil

cover sheet form JS-44 documents #190 contract, and #440 civil rights as

stamped by clerk.

The MDUSD did not write Ryan's "Compromise and Release Agreement Contract"

in good faith or without fierce opposition. Parent initiated due process,

while in state hearing, evidence was admitted by student that concluded

MDUSD had added documents to Ryan's IEP some 4 months after the fact by

the district audiology department that documented Ryan with difficulties

in comprehension. As the MDUSD case in chief solely was demanding that

Ryan's disabilities rested with his partial deafness and no auditory

processing disabilities, the MDUSD requested to stop the hearing and go

into settlement talks. During the next 4 months of private non mediated

settlement talks, (while Ryan received no remedial services for his

disability by the MDUSD, other that parent private pay) the parties finally

reached settlement with the MDUSD demanding parent dismiss hearing

#SN03-01885 in liu of said contract effectively substituting students

rights afforded him under the IDEA. With the SN03-01885 contract now in

breach by the MDUSD, and the students rights and remedies pursuant to

item "M" on the contract SN03-01885 abolished, parent asserts subject

matter jurisdiction over Ryan's contract in federal court as previously

submitted on 11/28/07 under the IDEA as the antecedent of the claims.

While in hearing SN03-1885, the MDUSD was also forced to ackowledge that

discriminatory testing procedures were used on Ryan not unlike Ravenswood v.

1  Easton in the CAND, which contributed to, and caused additional educational
2  delaysin not diagnosing and or addressing Ryan's disabilities for several
3  years with D.I.S. services. As Ryan has not been formally re enrolled
4  into the MDUSD since his private school placement at New Vista's Learning
5  disabled school per his contract, the 2005-2006 alledged IEP does not exist
6  except for the fact that it was used to sabotage the private school placement
7  with no gaurantees of the 3 year  implied term of the private school and no
8  gaurantees of the services of the 30 days interim placement offer.
9  In the course of things, this plaintiff took stance in protection of
10  the NDUSD and the judiciary of this district both express and implied,
11  during past suits. As a result thereof, this plaintiff is owed in excess
12  of $3000.00 for Ryan's SN03-01885 contract, lost Ryan's private schooling
13  placement, lost his residence by and through the contract which resulted
14  in his living in his truck for 2 years and most importantly, Ryan's injuries
15  have resulted in permanent damage to his academic, physical and social-
16  emotional well-being, and has impaired his ability to function at the level
17  at which he could have been reasonably expected to function had the
18  underlying IDEA claims on the 11/28/07 brief by and through the IDEA contract
19  never happened.

21  Respectfully submitted
22  Michael Petersen PRO SE

# Local Law Firm is Sanctioned for Unethical Practices

(The following article appeared in the Contra Costa Time on Jan. 18, 2005. The law firm of Lorenzo Smith represents school districts in hearing against families in the Sacramento area.)

FRESNO, Calif. - A federal judge has sanctioned a Fresno law firm and one of its lawyers, saying the attorney lied, misrepresented facts, and dragged out a case.

Attorney Elaine Yama, the Lozano Smith firm, and Bret Harte Union High School District in Calaveras County were fined $5,000 each by U.S. District Court Judge Oliver Wanger. The judge also ordered Yama to take 20 hours of ethics training, and told the company - one of the state's largest education law firms - to give its other lawyers and shareholders ethics training as well.

The law firm represented the Bret Harte district in a case brought by the parents of a special education student in the district who felt their child's needs were being ignored. They lost an administrative hearing in 1997, and appealed the case to federal court.

An Orange County attorney who originally handled the case for no fee, thinking it would easily be won or settled, said she was shocked that it had dragged on for so long. That attorney, Maureen Graves, estimated that the school district spent about $500,000 on a case she had been willing to settle for $8,000.

In his 83-page decision, Wanger accused Yama of intentionally obscuring relevant information and harassing the plaintiff. "Her presentation was carefully constructed to omit or minimize adverse facts. Portions of transcripts were cited out of context to support made-up facts. She was reckless. She systematically distorted the record and repeatedly ignored plaintiff's objections and warnings that she was doing so."

The student eventually won tutoring services and vocational assessments and counseling from his old school district. He is now 23 years old.

Yama declined comment on the matter.



08/29/2002  13:52   9256851961                    GREGORY GARDENS PK                    PAGE  02



**MT. DIABLO UNIFIED SCHOOL DISTRICT**
**SPECIAL EDUCATION**

**FORM 4**

## INDIVIDUALIZED EDUCATION PROGRAM (IEP)
## GOALS AND OBJECTIVES

FAX (925)
Community Advisory Comm.
Parent Resource Network (925) 1

IEP Date: ____/____/____

Page ____ of ____

ID Number:

| | | Criteria and Documentation | Progress Report |
|---|---|---|---|
| (must include statement of progress toward general core curriculum and standards): Ryan is a student who experiences a moderate conductive hearing loss in the left ear w/ a low freq. conductive hearing loss in the right ear and wears amplification. He has difficulties w/ tasks involving listening and comprehension in his classroom. The district will provide Ryan w/ an ~~Auditory Trainer~~ in his educational setting. | ☐ Annual Goal  ☐ Short Term Objective  By June 2003 Ryan will use his FM in the educational setting at least 95% of the time. | ____ % Criteria: as measured by: ☐ Formal Tests ☐ Informal Tests ☐ Work Samples ☐ Charts ☒ Records of Teacher Obs. ☐ Others (specify)  Provider: DIS - 02 Audiology | Progress toward annual go is sufficient: Date(s) of Marking Period ☐ Yes ☐ Yes ☐ Yes ☐ ☐ No ☐ No ☐ No ☐ Comments: |
| | ☐ Annual Goal  ☐ Short Term Objective  By June 2003 Ryan will demonstrate an understanding of simple maintenance procedures to guarantee his FM is working properly | ____ % Criteria: as measured by: ☐ Formal Tests ☐ Informal Tests ☐ Work Samples ☐ Charts ☐ Records of Teacher Obs. ☐ Others (specify)  Provider: DIS - 02 Audiology | Progress toward annual go is sufficient: Date(s) of Marking Period ☐ Yes ☐ Yes ☐ Yes ☐ ☐ No ☐ No ☐ No ☐ Comments: |
| | ☐ Annual Goal  ☐ Short Term Objective | ____ % Criteria: as measured by: ☐ Formal Tests ☐ Informal Tests ☐ Work Samples ☐ Charts ☐ Records of Teacher Obs. ☐ Others (specify)  Provider: | Progress toward annual go is sufficient: Date(s) of Marking Period ☐ Yes ☐ Yes ☐ Yes ☐ ☐ No ☐ No ☐ No ☐ Comments: |
| | ☐ Annual Goal  ☐ Short Term Objective | ____ % Criteria: as measured by: ☐ Formal Tests ☐ Informal Tests ☐ Work Samples ☐ Charts ☐ Records of Teacher Obs. ☐ Others (specify)  Provider: | Progress toward annual go is sufficient: Date(s) of Marking Period ☐ Yes ☐ Yes ☐ Yes ☐ ☐ No ☐ No ☐ No ☐ Comments: |

"D"

Michael Petersen
P.O. Box 273363
Concord Ca. 94527
(925) 825-5769 ph/fax

October 21, 2004
Ken Ferro
M.D.U.S.D. Special Education Department
1936 Carlotta Dr.
Concord Ca. 94519
Facsimile 674-0667 Time_____
and U.S. Mail

Re: Notice of blue ink signature confirmation

To whom it may concern,

Please be advised, any and all facsimile transmissions received, bearing letterhead of Mike Petersen Sr. will be followed by a blue ink signature original copy via U.S. mail.
Any facsimile correspondences containing Mr. Petersen's name sent by Ms. Petersen does not necessarily reflect the intentions of Mr. Petersen unless confirmed by Mr. Petersen given a reasonable time to respond. All letters sent by Ms. Petersen should be interpreted as her unilateral thoughts with her own internal intentions.

Any facsimile correspondences that Mr. Petersen is supposedly copied on from Ms. Petersen does not necessarily mean that Mr. Petersen has received said document and should be verified through Mr. Petersen for receipt of such document if the contents are in question or validity is needed. This particular request is due to multiple facsimiles of the same letters on the same or different days bearing minor altercations, multiple unilateral draft facsimile letters both signed and unsigned by Ms. Petersen and/or knowledge that Mr. Petersen has regarding letters that he is copied on by Ms. Petersen but has not received and has only been made aware of such letters from others by chance. The attachment of any facsimile transmission activity report as alleged evidence to any letter received from Ms. Petersen shall not be considered valid proof that Mr. Petersen has received or is aware of the true contents of the letter from Ms. Petersen unless other methods of delivery and/or receipt of letter can be confirmed.
I hereby request that all district facsimile correspondences be followed up by blue ink signature originals via U.S. mail and all facsimile correspondences from Ms. Petersen be followed up by blue ink signature originals via U.S. mail including **all altered copies**.

Sincerely,

Mike Petersen Sr.

c.c. Randi Petersen via facsimile and U.S. Mail
    New Vista's Christian School, via facsimile and U.S. Mai

$E$ "

Michael S. Petersen
P.O. Box 273363
Concord Ca. 94527
(925) 825-5769 ph/fax

May 19, 2005

M.D.U.S.D. Special Education Dept.
1936 Carlotta Dr.
Concord Ca. 94519
Fax 609-9246 Time _4/: 50 PM_

Re: I.E.P. request for Ryan Petersen

Dear Special Education Department,
_ATTN: Ken Ferro_ _(SN 03 - 01885)_
Please schedule a individual education plan meeting for Ryan Petersen at your earliest
convenience.

Sincerely,
_Michael S. Petersen_
Michael S. Petersen

_"F"_

TRANSMISSION VERIFICATION REPORT

TIME : 05/19/2005 16:47

```
DATE,TIME          05/19 16:47
FAX NO./NAME       6099246
DURATION           00:00:21
PAGE(S)            01
RESULT             OK
MODE               STANDARD
                   ECM
```

5/19/05   Ryan  FEP Request

Michael S. Petersen
P.O. Box 273363
Concord Ca. 94527
(925) 825-5769 ph/fax

May 19, 2005          FACSIMILE TRANSMISSION

M.D.U.S.D. Special Education
1936 Carlotta Dr.
Concord Ca. 94519
Fax 609-9246 Time  *4:55 PM*

Re: Ryan Petersen, SN03-1885 request to substitute tutors

Dear Office of Special Education,

This letter is to request permission to temporarily substitute Ryan's speech and language
pathologist. Ryan's current tutor, Judith Jewett SLP. is temporarily unavailable for at least a
month and has made a recommendation for her replacement. Please find attached, the credentials
of Elisa A. Chavez SLP.

Please send me the appropriate release to authorize your communications with Mrs. Chavez..
Please confirm this arrangement with Mrs. Jewett.

Sincerely,

Michael S. Petersen

w/ attachments
Total pages with cover letter = 3

TRANSMISSION VERIFICATION REPORT

TIME : 05/19/2005 16:53

| | |
|---|---|
| DATE,TIME | 05/19 16:51 |
| FAX NO./NAME | 6099246 |
| DURATION | 00:01:38 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

Michael S. Petersen

P.O. Box 273363                 P.O. Box 2462
Concord Ca. 94527              Visalia Ca. 93291-2462
                    (925) 595-0459
                    (925) 825-5769

January 17, 2006

Ken Ferro A.D.R.
MDUSD Special Education
1936 Carlotta Dr.
Concord Ca. 94519
Fax 674-0667 Time  _7:30 am_

Dear Mr. Ferro,

I am responding to your identical faxed correspondences of 1/10/06 dated 1/9/06. In regards to, and for clarification of your 3 fax transmissions, please note your 1st attempt was 3 pages including cover, your 2nd attempt was 1 partial page with cover and finally, your 3rd attempt was 5 pages including the cover sheet.

Please note my new address in Visalia Ca. I am relocating my residence and will not be enrolling my children in your school district. Thank you for your response of my letters requesting help, dated 12/2/05 and 12/14/05 directed to Melody Royal in the parent liaison's special education office.

Sincerely,

Mike Petersen

c.c. Randi Petersen (559) 733-3463
     Gary McHenry, Superintendent, MDUSD fax 674-0514
     File

H "

# TRANSMISSION VERIFICATION REPORT

TIME : 01/17/2006 07:36

| | |
|---|---|
| DATE,TIME | 01/17 07:35 |
| FAX NO./NAME | 6740667 |
| DURATION | 00:00:26 |
| PAGE(S) | 01 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

# ACTIVITY REPORT

TIME : 01/17/2006 07:46

| DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|---|---|---|---|---|---|---|
| 01/17 | 07:33 | 6740667 | 01 | 00 | CANCEL | TX |
| 01/17 | 07:34 | 6740514 | 26 | 01 | OK | TX ECM |
| 01/17 | 07:35 | 6740667 | 26 | 01 | OK | TX ECM |

BUSY: BUSY/NO RESPONSE
NG : POOR LINE CONDITION
CV : COVERPAGE
CA : CALL BACK MSG
POL : POLLING
RET : RETRIEVAL

TRANSMISSION VERIFICATION REPORT

TIME : 01/17/2006 07:33

```
DATE,TIME                          01/17 07:33
FAX NO./NAME                       6740667
DURATION                           00:00:01
PAGE(S)                            00
RESULT                             CANCEL
MODE                               STANDARD
```

1st Attempt.
Canceled @ ferro's
11/17/06      end

11/17/06 New Attempt
McHenry

```
DATE,TIME                          01/17 07:34
FAX NO./NAME                       6740514
DURATION                           00:00:26
PAGE(S)                            01
RESULT                             OK
STANDARD
ECM                                MODE
```

TIME : 01/17/2006 07:35

TRANSMISSION VERIFICATION REPORT

Mt. Diablo Unified School District
1936 Carlotta Drive
Concord, CA 94519-1397
Phone: (925) 682-8000, ext. 4070
Fax:    (925) 674-0667

**Ken Ferro**
**ADR Program Administrator**



| To: Michael Peterson | From: | Ken Ferro |
|---|---|---|
| **Fax:** 825 - 5769 | **Date:** | 1/10/06 |
| **Phone:** | **Pages:** | 3  (includes this cover page) |
| **Re:** | **CC:** | |

X Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle



MT. DIABLO UNIFIED SCHOOL DISTRICT
JAMES W. DENT EDUCATION CENTER
1936 Carlotta Drive
Concord, California 94519-1397
(925) 682-8000

ALTERNATIVE DISPUTE RESOLUTION
PARENT LIAISON

January 9, 2006

Dear Mr. Petersen,

I am in receipt of your letter dated December 22, 2005, requesting help from the District regarding placement and services for Ryan and Michael. As I stated in my previous letters to you, the District is happy to work with you to convene an IEP for both boys. If you are seeking services from the District, please enroll Ryan and/or Michael in the District and call the registrar at El Dorado, Pam Humprey, at (925) 682-5700, and/or sign up in person at: El Dorado. This will ensure that Ryan and/or Michael will be enrolled in the District.

An assessment plan and releases for Ryan were mailed to you on September 9, 2005. To date, you have not signed and returned the assessment plan and/or the releases. As such, it is still unclear that you are seeking services for him from the District at this time. Enclosed, please find duplicate copies of the assessment plan and releases that were mailed to you on September 9th.

Additionally, an assessment plan for Michael is enclosed. As stated in my previous correspondence, this assessment plan will be contingent upon your enrollment of Michael in the District.

The District is still awaiting correspondence from you in order to clarify the current status of your request. In my correspondence to you dated December 14, 2005, I sought clarification regarding your request for help with placement and services and accordingly requested that you inform the District by January 6, 2006 whether you intended to seek services from the District. In order to provide sufficient time for you to review the enclosed assessment plan for Michael, the District will now require correspondence from you by Friday, January 13, 2006, indicating whether you are seeking services from the District for Ryan and Michael.

If we do not hear from you by Friday, January 13, 2006, we will assume you do not intend to enroll your children in the District and are not seeking services from the District. In the alternative, if you are seeking public school placement for your children, we will convene IEP meetings, and conduct the appropriate assessments, once the assessment plans have been signed by you.

Again, if you would like to enroll Ryan and/or Michael in the District please call Pam Humprey at (925) 682-5700, or enroll in-person at: El Dorado.

Very truly yours,

Ken Ferro
Administrator, Alternative Dispute Resolution

cc:  Randi Petersen (via facsimile)
     Barbara Scott
     Jennifer Postel (via facsimile)
     Pam Humprey

Enclosures:

      Notice of Procedural Safeguards – Revised October 2005
      Consent for assessment Plan/Parent Notice

Mt. Diablo Unified School District
1936 Carlotta Drive
Concord, CA 94519-1397
Phone: (925) 682-8000, ext. 4070
Fax: (925) 674-0667

**Ken Ferro**
**ADR Program Administrator**



# Fax

To: _Michael Peterson_          From: Ken Ferro

Fax: _825 - 5769_          Date: _1/10/06_

Phone:          Pages: _5_ (Includes this cover page)

Re:          CC:

**X Urgent**    ☐ **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycle**



MT. DIABLO UNIFIED SCHOOL DISTRICT
JAMES W. DENT EDUCATION CENTER
1936 Carlotta Drive
Concord, California 94519-1397
(925) 682-8000

ALTERNATIVE DISPUTE RESOLUTION
PARENT LIAISON

January 9, 2006

Dear Mr. Petersen,

I am in receipt of your letter dated December 22, 2005, requesting help from the District regarding placement and services for Ryan and Michael. As I stated in my previous letters to you, the District is happy to work with you to convene an IEP for both boys. If you are seeking services from the District, please enroll Ryan and/or Michael in the District and call the registrar at El Dorado, Pam Humprey, at (925) 682-5700, and/or sign up in person at: El Dorado. This will ensure that Ryan and/or Michael will be enrolled in the District.

An assessment plan and releases for Ryan were mailed to you on September 9, 2005. To date, you have not signed and returned the assessment plan and/or the releases. As such.

Mt. Diablo Unified School District
1936 Carlotta Drive
Concord, CA  94519-1397
Phone:  (925) 682-8000, ext. 4070
Fax:     (925) 674-0667

**Ken Ferro**
**ADR Program Administrator**

# Fax

| | | | |
|---|---|---|---|
| To: *Michael Peterson* | From: | Ken Ferro | |
| Fax: 825-5769 | Date: | 1/10/06 | |
| Phone: | Pages: | 5  (includes this cover page) | |
| Re: | CC: | | |

**X Urgent**    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle



MT. DIABLO UNIFIED SCHOOL DISTRICT
JAMES W. DENT EDUCATION CENTER
1936 Carlotta Drive
Concord, California 94519-1397
(925) 682-8000

ALTERNATIVE DISPUTE RESOLUTION
PARENT LIAISON

January 9, 2006


Dear Mr. Petersen,

I am in receipt of your letter dated December 22, 2005, requesting help from the District regarding placement and services for Ryan and Michael. As I stated in my previous letters to you, the District is happy to work with you to convene an IEP for both boys. If you are seeking services from the District, please enroll Ryan and/or Michael in the District and call the registrar at El Dorado, Pam Humprey, at (925) 682-5700, and/or sign up in person at El Dorado. This will ensure that Ryan and/or Michael will be enrolled in the District.

An assessment plan and releases for Ryan were mailed to you on September 9, 2005. To date, you have not signed and returned the assessment plan and/or the releases. As such, it is still unclear that you are seeking services for him from the District at this time. Enclosed, please find duplicate copies of the assessment plan and releases that were mailed to you on September 9th

Additionally, an assessment plan for Michael is enclosed. As stated in my previous correspondence, this assessment plan will be contingent upon your enrollment of Michael in the District.

The District is still awaiting correspondence from you in order to clarify the current status of your request. In my correspondence to you dated December 14, 2005, I sought clarification regarding your request for help with placement and services and accordingly requested that you inform the District by January 6, 2006 whether you intended to seek services from the District. In order to provide sufficient time for you to review the enclosed assessment plan for Michael, the District will now require correspondence from you by Friday, January 13, 2006, indicating whether you are seeking services from the District for Ryan and Michael.

If we do not hear from you by Friday, January 13, 2006, we will assume you do not intend to enroll your children in the District and are not seeking services from the District. In the alternative, if you are seeking public school placement for your children, we will convene IEP meetings, and conduct the appropriate assessments, once the assessment plans have been signed by you.

Again, if you would like to enroll Ryan and/or Michael in the District please call Pam Humprey at (925) 682-5700, or enroll in-person at. El Dorado.

Very truly yours,

Ken Ferro
Administrator, Alternative Dispute Resolution

cc:    Randi Petersen (via facsimile)
       Barbara Scott
       Jennifer Postel (via facsimile)
       Pam Humprey

Enclosures:

       Notice of Procedural Safeguards – Revised October 2005
       Consent for assessment Plan/Parent Notice



MT. DIABLO UNIFIED SCHOOL DISTRICT
SPECIAL EDUCATION

# CONSENT FOR ASSESSMENT PLAN
## PARENT NOTICE

1936 Carlotta Drive, Concord, CA 94519
Phone (925) 682-8000 or TDD 685-2962

FAX (925) 687-3130
Community Advisory Committee (CAC)
Parent Resource Network (925) 687-3129

Developed by an ASSESSMENT TEAM

Date **1 / 9 / 06**

| Date signed consent received |
|---|
| By _____ |
| Name |
| Date IEP is due ____ / ____ / ____ |

Student Name **Michael Petersen**                                          Student No. _____

School **UNILATERALLY Placed**        Gr. **7TH**     Birthdate **8 / 31 / 92**

Parent/Guardian Name **Michael Petersen**                          Phone **925 825-5769**

Address **P.O. Box 273363, Concord, CA   94527**

The student's records, parent information and teacher/observational documentation have been reviewed. This assessment is necessary and desirable because other options were considered and rejected.

☐ To determine eligibility for Special Education   ☑ Reevaluation   ☐ Other **Determine Educational Needs**

## ASSESSMENT PLAN

The purpose of this assessment is to determine the individual's educational needs. Assessments in the areas checked below will be conducted by appropriately qualified staff. When appropriate an interpreter, or prerecorded tests in the student's primary language, will be used. The assessment may include: student observation; interviews with the student, parents, and school personnel; a review of reports you authorize or that currently exist in school records; as well as formal tests.

☑ **ACADEMIC/PREACADEMIC ACHIEVEMENT — Purpose:** These tests measure current reading, spelling, and arithmetic or prereadiness skills such as matching or sorting. Tests may include but are not limited to: Wide Range Achievement Test, Woodcock-Johnson Psychoeducational Battery-R, Wechsler Individual Achievement Test.

☑ **INTELLECTUAL/COGNITIVE DEVELOPMENT — Purpose:** These tests measure how well an individual remembers what he/she has seen and heard around him/her, how well he/she can use that information, and how he/she solves problems. They also reflect learning rate and assist in predicting how well he/she will do in school. Verbal and performance instruments are used as are appropriate. Tests may include but are not limited to: Stanford-Binet Intelligence Scale IV, Wechsler Tests of Intelligence, Developmental Activities Screening Inventory II, Differential Abilities Test, Kaufman Assessment Battery for Children, Wide Range Assessment of Memory and Learning, Test of Non-Verbal Intelligence.

☑ **PERSONALITY/EMOTIONAL ASSESSMENT — Purpose:** These instruments assist in obtaining information regarding the individual's emotional adjustment. Tests may include but are not limited to: Children's Apperception Test, Thematic Apperception Test, House-Tree-Person, Draw-A-Person, Sentence Completion Tests, Rorschach Tests, Kinetic Family Drawing, Piers-Harris Children's Self Concept Scale, Roberts Apperception Test.

N/A **DEVELOPMENTAL/ADAPTIVE SCALES — Purpose:** These scales of development help to tell what an individual can do for himself/herself and how he/she gets along with other people. They may include but are not limited to: AAMD Adaptive Behavior Scale, Vineland Adaptive Behavior Scales, Preschool Attainment Record, Denver Developmental Screening Test, Alpern-Boll Developmental Profile II, Adaptive Behavior Evaluation Scale.

☑ **BEHAVIOR ASSESSMENT — Purpose:** These instruments measure the frequency, intensity, duration and settings of behaviors, including learning and social skills and include but are not limited to: Behavior Checklists (Burks, Connors, BASC, Achenbach), Attention Deficit Disorders Evaluation Scale, Observations, Student, Parent and Staff Interviews, anecdotal records, student records review.

☑ **PERCEPTION AND FINE MOTOR COORDINATION — Purpose:** These instruments measure how well an individual processes and integrates auditory, visual and tactile information and tests of fine motor coordination. These tests may include but are not limited to: Bender Visual-Motor Gestalt Test, Quick Neurological Screening Test, Visual Perception Test, Huelsman Auditory Discrimination Test, Jordan Left-Right Reversal Test, Motor Accuracy Test, Post Rotary Nystagmus Test, Hawaii Early Learning Profile, Developmental Programming Profile, Beery Visual Integration Tests, Trails Test A and B, Test of Auditory Perception Skills.

Rev. 08/04        White – CUM        Canary – MIS        Pink – Parent        Golden – Teacher        Page 1 of 2

## ASSESSMENT PLAN

☑ **COMMUNICATION DEVELOPMENT — Purpose:** These tests measure the individual's ability to understand, recall, discriminate and use language and speech. Tests may include but are not limited to: Clinical Evaluation of Language Fundamentals, Peabody Picture Vocabulary Test, Goldman-Fristoe Test of Articulation, Preschool Language Scale, Expressive One-Word Picture Vocabulary Test, Receptive One-Word Picture Vocabulary Test, Structured Photographic Expressive Language Tests, Test of Language Development, Expressive Vocabulary Test, Stuttering Severity Instrument, Language Samples, Test of Problem Solving, The Word Test, Language Processing Test, Test of Word Finding.

☑ **MOTOR DEVELOPMENT/FITNESS — Purpose:** These tests measure the individual's growth and development and physical fitness levels. These tests include, but are not limited to: Mt. Diablo Growth and Development Chart, Adapted Physical Education Assessment Scale (APEAS), A.A.H.P.E.R. Special Test, Brigance Inventory of Early Development, Basic Motor Abilities Test, and/or Project Unique

☑ **HEALTH ASSESSMENT — Purpose:** This area includes evaluating hearing and vision acuity, recording and development history and collecting information about the individual's unique health and medical needs.

☑ **OTHER ASSESSMENTS (Complete with description and tests which may be used)**

Occupational Therapy
Assistive Technology

## STUDENT LANGUAGE PROFICIENCY STATUS

The Home Language Survey and/or ESL/Bilingual Student Information Sheet (located in student cum file) indicates that this student is: ☐ Limited English Proficient (LEP) ☐ Fluent English Proficient (FEP)

## STAFF

The professional staff checked below will be involved in this assessment:

☑ Special Education Teacher
☑ School Psychologist
☑ Language and Speech Specialist
☐ Adapted Physical Education Specialist
☑ Nurse
☑ Other OT, Assistive Technology Specialist

## PARENT CONSENT

No educational placement will result from this assessment without the consent of the parent.

I give consent for this assessment plan ☐ Yes ☐ No
I have been given a copy of my procedural safeguards. ☐ Yes ☐ No
(For assistance in understanding parent rights, contact the Special Education Department at 682-8000.)
(Community Advisory Committee (CAC) and Parent Resource Network (925) 687-2129)

_____ _____
Signature of Parent/Guardian                Date



**MT. DIABLO UNIFIED SCHOOL DISTRICT**
**JAMES W. DENT EDUCATION CENTER**
1936 Carlotta Drive
Concord, California 94519-1397
(925) 682-8000

SPECIAL EDUCATION
DEPARTMENT

June 3, 2005

Mr. Micheal S. Petersen
P.O. Box 273363
Concord, CA 94527

Mr. Petersen,

I tried several times to reach you by phone. Apparently your phone is either disconnected
or out of service. Please contact me at your earliest convenience. Thank you.

Sincerely,

Ken Ferro
Administrator
Alternative Dispute Resolution

**Addendum to (Attached) February 4, 2004 Compromise and Release Agreement ("Agreement")**
*Ryan Petersen v. Mt. Diablo Unified School District*
*Special Education Hearing Office Case Number SN03-01885*

Parties agree to amend the following provision of the above referenced Agreement:

1.  The Heading, "Compromise and Release Agreement" is amended to read "Compromise and Release Agreement under the **Individuals with Disabilities Education Act ("IDEA")**."

2.  Section 2.A.1. of the Agreement: Replace current Section 2.A.1. with the following language:

    2.A.1.
    Contract with Lindamood-Bell for Ryan's Language and reading services including pre and post testing at the Danville site from January 2004 through August 2004 (up to 370 hours of services) or other mutually agreed upon provider who is qualified and trained to provide language and reading instruction using the Lindamood-Bell or equivalent technique. Parties acknowledge that Parents have already paid for the Lindamood-Bell pre-testing and 12 of the (up to) 370 hours of Lindamood-Bell hours. Therefore, District agrees to reimburse Parents for the cost of the Lindamood-Bell pre-testing and the 12 hours of Lindamood-Bell ~~testing~~ *tutoring* already paid by Parents within 30 days of District's receipt of paid invoices and/or canceled checks. The District will contract directly for the remainder of the Lindamood-Bell hours and for the post-testing.

    District agrees to reimburse Parents for transportation up to the total amount of $5,000 (for the February 2004 through August 2004 time period) to/from Lindamood Bell for the remainder of the 2003-04 school year (including ESY 2004). Parents will submit proof of payment for transportation to the District on a monthly basis. District will reimburse Parents within 30 days of receipt of mileage, paid invoices and/or receipts.

3.  Section 3 of the Agreement: Replace current Section 3 with the following language:

    3.  Mutual General Release
        Each party, in consideration of the promises and concessions made by the other, hereby compromises and settles any and all past, present and future Individuals with Disabilities Education Act ("IDEA") claims, demands, obligations, or causes of action, which that party has against the other party, and the other party's predecessors and successors in interest, heirs, assigns, officers, directors, agents, employees, partners and trustees, regarding the provision of an education and rights and responsibilities under the IDEA and the present dispute, *Ryan Petersen v. Mt. Diablo Unified School District*, SN 03-01885 through the 2004-05 school year (including ESY 2005).

March 18, 2004

"J"

4.    Mr. and Mrs. Petersen hereby acknowledge and agree that their consent and execution of this Amendment constitutes an irrevocable offer to contract with the District on their part and shall not and may not be withdrawn prior to the time that the District's Governing Board considers and formally adopts and ratifies the Agreement, to the extent it decides to do so. In the event that Mr. or Mrs. Petersen attempts to withdraw his or her consent to this irrevocable offer, as expressed in this Amendment, the District shall be entitled to recover the costs of any attorneys fees and administrative costs it has been caused to incur, and/or the costs of having to unnecessarily prepare for a due process hearing, from the party or parties revoking consent, and the revoking party agrees to pay the same from the date this Amendment is signed. If only one party revokes his or her consent, only that party is responsible for the costs described in this section. If both parties revoke their consent, both parties are jointly and individually responsible for the costs described in this section.

5.    Section 2.G. of the Agreement: Replace with the following language:

2.G.
The parties agree that any catastrophic change in Ryan's educational programming needs or Raskob's inability to continue to provide services to Ryan may require the District to convene an IEP meeting and develop an alternative appropriate program and placement. Should the parties revise Ryan's services, parents do not waive the right to challenge the appropriateness of those services if the parties are unable to agree.

Signatures:

Dated: _____

Mr. Mike Petersen
Parent

Dated: _____

Mrs. Randi Petersen
Parent

Dated: 3-30-04

*Mildred D. Browne Ed.D.*
Mildred D. Browne, Ed.D.
Assistant Superintendent, Pupil Services and
Special Education
Mt. Diablo Unified School District

Approved As To Form:

Dated: 3.31.04

*Kimberly Borah Schulist by R.S.*
Kimberly Borah Schulist
Miller Brown & Dannis
Attorney for Mt. Diablo Unified School District

Amendment to RP Agreement04.0318

March 18, 2004

4    Mr. and Mrs. Petersen hereby acknowledge and agree that their consent and execution of this Amendment constitutes an irrevocable offer to contract with the District on their part and shall not and may not be withdrawn prior to the time that the District's Governing Board considers and formally adopts and ratifies the Agreement, to the extent it decides to do so. In the event that Mr. or Mrs. Petersen attempts to withdraw his or her consent to this irrevocable offer, as expressed in this Amendment, the District shall be entitled to recover the costs of any attorneys fees and administrative costs it has been caused to incur, and/or the costs of having to unnecessarily prepare for a due process hearing, from the party or parties revoking consent, and the revoking party agrees to pay the same from the date this Amendment is signed. If only one party revokes his or her consent, only that party is responsible for the costs described in this section. If both parties revoke their consent, both parties are jointly and individually responsible for the costs described in this section.

5.    <u>Section 2.G of the Agreement: Replace with the following language:</u>

2.G.
The parties agree that any catastrophic change in Ryan's educational programming needs or Raskob's inability to continue to provide services to Ryan may require the District to convene an IEP meeting and develop an alternative appropriate program and placement. Should the parties revise Ryan's services, parents do not waive the right to challenge the appropriateness of those services if the parties are unable to agree.

Signatures:

Dated: _3/18/04_          _[signature]_
                          Mr. Mike Petersen
                          Parent

Dated: _3/18/04_          _[signature]_
                          Mrs. Randi Petersen
                          Parent

Dated: _____

                          Mildred D. Browne, Ed.D.
                          Assistant Superintendent, Pupil Services and
                          Special Education
                          Mt. Diablo Unified School District

Approved As To Form:

Dated: _____

                          Kimberly Borah Schulist
                          Miller Brown & Dannis
                          Attorney for Mt. Diablo Unified School District

Amendment to RO Agreement 04-03-8

                                              March 18, 2004

# LINDAMOOD-BELL LEARNING PROCESSES

Mobile, AL

Berkeley, CA
Danville, CA
Marin County, CA
Monterey, CA
Newport Beach, CA
Palo Alto, CA
Palos Verdes, CA
Pasadena, CA
Paso Robles, CA
Sacramento, CA
San Diego, CA
San Francisco, CA
San Luis Obispo, CA
Santa Barbara, CA
Saratoga, CA
Westwood, CA

Denver, CO

Stamford, CT

Miami, FL
Tampa, FL
Weston, FL

Atlanta, GA
Gwinnett County, GA

Deerfield, IL
Oakpark, IL

Indianapolis, IN

Boston, MA
Norwell, MA

Birmingham, MI

Morristown, NJ

New York, NY
Long Island, NY

Charlotte, NC

Philadelphia, PA

Dallas, TX

Seattle, WA

Washington DC

**United Kingdom**
London

**Danville**

FAX

654 San Ramon Valley Blvd.
Danville, CA  94526
(925) 837-4532
(800) 300-1818
Fax (925) 837-3167

DATE: 3/31/04

TO: Mike Petersen    FAX: 825-5769

FROM: Charlene, LBLP    FAX: 837 - 3167

We are transmitting a total of _____2_____ pages including this letter. If you do not receive all of the pages, please contact us at (925) 837-3167.

MESSAGE:    Morning Mike!

Here's the updated letter from

our corporate office regarding Ryan's

contract + financial responsibility from

the district's end. Hope it helps,

let us know if we can be of

further assistance!

Charlene, Stephanie
(BLP

We Create the Magic of Learning!

© 2000 Lindamood-Bell Learning Processes    610 Mar-04

"K"



LINDAMOOD·BELL
*Learning Processes*
645 San Ramon Valley Boulevard
Danville, CA 94526

San Luis Obispo · Denver
Sacramento · Pasadena
Berkeley · Menlo Park · Long Island
Santa Barbara · Indianapolis
Newport Beach · Marin County · Ashland
San Diego · New York · Westchester
Washington, DC · Palm Springs
Dallas · Boston · Miami
Marin · Gwinnett County · Chicago
Stamford · Palos Verdes · Seattle
Ventura · Philadelphia · Saratoga
Glendale · San Francisco
Danville · Burlingame · Monterey
Spanish Hills · Stamford
London, UK

March 31, 2004

Mr. Petersen
5018 Jeri Pl.
Concord, CA 94521

Dear Mr. Petersen,

Welcome to Lindamood-Bell Learning Processes where we create the magic of learning! We are delighted to begin services for Ryan Petersen at our Lindamood-Bell® Danville Learning Center. The following information is designed to make his treatment here as productive as possible, and to maintain clear communication with all parties involved with Ryan's treatment.

- Mt. Diablo Unified School District has contracted with Lindamood-Bell Learning Processes to provide treatment for Ryan Petersen.

- Scheduled treatment dates for Ryan are 3/29/04-6/30/04.

- Ryan is contracted to receive up to 370 sessions of one-to-one intensive treatment if completed by 6/30/04.

- Ryan is expected to be present for all scheduled days of treatment. Schedule shall coincide with Mt. Diablo Unified School District's school calendar.

- As parent/guardian(s), you and the Mt. Diablo Unified School District will receive progress reports and testing information regarding Ryan's treatment.

- You are required to notify Lindamood-Bell immediately if your address changes.

Please contact Mt. Diablo Unified School District if you have any questions or concerns about the above information. *Pursuant to our conversation, please be assured that Mt. Diablo Unified School District is solely financially responsible for the sessions outlined above.* We look forward to working with Ryan soon!

Sincerely,

Charlene David
Clinic Director, Danville

cc: Ken Ferro, Mt. Diablo Unified School District
Giselle Crout, Lindamood-Bell® Home Office

925/837-4532
800/300-1818
Fax 925/637-3167
www.lindamoodbell.com



## MILLER BROWN & DANNIS

ATTORNEYS AT LAW

A PROFESSIONAL CORPORATION

March 18, 2004

Shawn Olson Brown
Attorney at Law
sbrown@mbdlaw.com

SAN FRANCISCO

**VIA FACSIMILE & U.S. MAIL**

Mr. Mike Petersen, Sr.          Mrs. Randi Petersen
P.O. Box 273363                 29702 Road 162
Concord, CA 94527               Visalia, CA 93292

>    **Re:** ***Ryan Petersen v. Mt. Diablo Unified School District, SN03-01885;***
>    **Addendum to (Attached) February 4, 2004**
>    **Compromise and Release Agreement ("Agreement")**
>    **Our file 5100.1.015.3**

Dear Mr. and Mrs. Petersen:

On March 18, 2004 our office received, via Lynn Hansen, your proposed
changes to the Compromise and Release Agreement ("Agreement") dated
February 4, 2004 and Addendum ("Addendum") dated March 17, 2004.

Enclosed please find the District's final agreed upon changes. These
changes are noted in bold print in the Addendum. The District is not willing to
negotiate further changes to the Agreement or the Addendum. Please consider this
the District's final offer.

Please send the signed Addendum with both of your signatures attached by
4:00 p.m. on Thursday, March 18, 2004 to our office. If we do not receive your
positive response by 4:00 p.m. today, the District is prepared to proceed with the
scheduled due process hearing.

Thank you for your anticipated cooperation in this matter.

Sincerely,

MILLER BROWN & DANNIS

Shawn Olson Brown

Shawn Olson Brown

SOB
Enclosures
cc:    Ken Ferro (via facsimile)
       Lynn Hansen, Mediator (via facsimile)

SAN FRANCISCO

71 Stevenson Street
Nineteenth Floor
San Francisco, CA 94105
Tel: 415/543-4111
Fax: 415/543-4384

LONG BEACH

301 East Ocean Boulevard
Suite 1750
Long Beach, CA 90802
Tel: 562/366-8500
Fax: 562/366-8505

SAN DIEGO

750 B Street
Suite 2310
San Diego, CA 92101
Tel: 619/595-0202
Fax: 619/702-6202

LOCAL NUMBERS

Santa Cruz/Santa Clara
Monterey/San Benito, CA
Tel: 831/663-0470

Los Angeles, CA
Tel: 310/642-1123

Costa Mesa, CA
Tel: 714/662-6977

www.mbdlaw.com

Mike Petersen
Po Box 273363
Concord CA 94521

Page 1 of 1

**RANDI PETERSEN**
29702 Road 162, Visalia, CA 93292
ph/fax (559) 733-3463

March 18, 2004

Shawn Olson Brown, Esq.   via facsimile (415) 543-4384
Attorneys for MDUSD

TIME: **3:57 PM**
busy

RE:    Amendment to Compromise and Release Agreement under the IDEA
       Ryan Petersen v. MDUSD, case no: SN 03-01885

Dear Mrs. Brown:

I am in receipt of the District's final changes to the above referenced Agreement.  For
clarification purposes, this letter confirms our conversation today around 3:00 pm, wherein you
assured me we are ONLY settling and waiving our rights for special education claims under the
Individuals with Disabilities Education Act in the above Agreement, preserving all our other
rights including but not limited to Civil Rights, Torts, ADA and §540 of the Rehabilitation Act.

In reliance upon this assurance we are ONLY settling and waiving our rights for special
education claims under the Individuals with Disabilities Education Act while preserving all our
other rights including but not limited to Civil Rights, Torts, ADA and §540 of the Rehabilitation
Act, Mr. Petersen and I have endorsed the Agreement which is attached hereto.

Finally, I pointed out a typo on the Addendum page 1, item #2, "....12 hours of Lindamood-Bell
testing already paid by parents....", the word "testing" was supposed to be "tutoring", in which
you told me to hand write this correction, which I did.

Thank you for your continued patience in helping to resolve this matter.  If you have any
questions or concerns, please contact both Mr. Petersen and myself.

Sincerely,

Randi Petersen

cc:    Mike Petersen via facsimile (925) 825-5769
       Lynn Hansen, Esq., Mediator via facsimile (510) 655-7460

3 Pgs Total
w/ 3/18/04 Addendum

4    Mr. and Mrs. Petersen hereby acknowledge and agree that their consent and execution of this Amendment constitutes an irrevocable offer to contract with the District on their part and shall not and may not be withdrawn prior to the time that the District's Governing Board considers and formally adopts and ratifies the Agreement, to the extent it decides to do so. In the event that Mr. or Mrs. Petersen attempts to withdraw his or her consent to this irrevocable offer, as expressed in this Amendment, the District shall be entitled to recover the costs of any attorneys fees and administrative costs it has been caused to incur, and/or the costs of having to unnecessarily prepare for a due process hearing, from the party or parties revoking consent, and the revoking party agrees to pay the same from the date this Amendment is signed. If only one party revokes his or her consent, only that party is responsible for the costs described in this section. If both parties revoke their consent, both parties are jointly and individually responsible for the costs described in this section.

5.    Section 2.G of the Agreement: Replace with the following language:

2.G
The parties agree that any catastrophic change in Ryan's educational programming needs or Raskob's inability to continue to provide services to Ryan may require the District to convene an IEP meeting and develop an alternative appropriate program and placement. Should the parties revise Ryan's services, parents do not waive the right to challenge the appropriateness of those services if the parties are unable to agree.

Signatures:

Dated: 3/18/04

Dated: 3/18/04

Dated: _____

Mr. Mike Petersen
Parent

Mrs. Randi Petersen
Parent

Mildred D. Browne, Ed.D.
Assistant Superintendent, Pupil Services and
Special Education
Mt. Diablo Unified School District

Approved As To Form:

Dated: _____

Kimberly Borah Schulist
Miller Brown & Dannis
Attorney for Mt. Diablo Unified School District

March 18, 2004

# MILLER BROWN & DANNIS

## A PROFESSIONAL CORPORATION

71 Stevenson Street, 19th Floor
San Francisco, CA 94105

Tel: (415) 543-4111
Fax: (415) 543-4384

# FACSIMILE

URGENT **XX** CONFIDENTIAL **XX**

March 31, 2004

| To: | Michael Petersen, Sr. | Tel: | (925) 825-5769 | Fax: | (925) 825-5769 |
|---|---|---|---|---|---|
| | Randi Petersen | Tel: | (559) 733-3463 | Fax: | (559) 733-3463 |
| cc: | Ken Ferro | Tel: | (925) 682-8000 | Fax: | (925) 674-0667 |
| | Lynn Hansen | Tel: | (510) 655-7460 | Fax: | (510) 655-7470 |

From: Shawn Olson Brown
Our file: 5100.10153
Matter: *Ryan Petersen v. Mt. Diablo Unified School District,* SN03-01885
Re: Signature Pages

| | FOR YOUR INFORMATION | X | AS YOU REQUESTED |
|---|---|---|---|
| | FOR YOUR REVIEW | X | TAKE APPROPRIATE ACTION |
| | PLEASE TELEPHONE ME | | PER OUR CONVERSATION |
| | PLEASE ADVISE HOW TO REPLY | | PLEASE SIGN AND RETURN |

COMMENTS:

*Please see attached.*

Hard Copy Will **X** Will Not __ Follow By Mail.

Total Number Of Pages (Including This Cover Sheet): __4__

If There Are Transmission Problems, Please Call Mary at (415) 247-5663.

This facsimile is for the sole use of the intended recipient(s). It may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please alert the sender by telephone and destroy all copies of this facsimile.

Sent By: Mary Lynn Hansen, Esq.;
03/31/2004 14:40 FAX
5108414260;
Mar-31-04 4:56PM;
Page 1
002/004



MILLER BROWN & DANNIS

山

## MILLER BROWN & DANNIS

ATTORNEYS AT LAW

A PROFESSIONAL CORPORATION

March 31, 2004

Shawn Olson Brown
Attorney at Law
sbrown@mbdlaw.com

SAN FRANCISCO

SAN FRANCISCO
71 Stevenson Street
Nineteenth Floor
San Francisco, CA 94105
Tel: 415/543-4111
Fax: 415/543-4384

### VIA FACSIMILE & U.S. MAIL

Mr. Mike Petersen, Sr.
P.O. Box 273363
Concord, CA 94527

Mrs. Randi Petersen
29702 Road 162
Visalia, CA 93292

Re: *Ryan Petersen v. Mt. Diablo Unified School District, SN03-01885*
Signature Pages to Compromise and Release Agreement and
Addendum
Our file 5100.1.015.3

Dear Mr. and Mrs. Petersen:

Pursuant to your request, which we received through Lynne Hansen, I have attached the signature pages of the Compromise and Release Agreement and Addendum with all the required signatures. According to Ms. Hansen, I understand that you now intend to notify SEHO that you are dismissing the case with prejudice.

Thank you for your anticipated cooperation in this matter.

Very truly yours,

MILLER BROWN & DANNIS

Shawn Olson Brown

Enclosures
cc:     Ken Ferro (via facsimile)
        Lynn Hansen, Mediator (via facsimile)

B:\Wp\Clients\5100\10153\PetersenL\rReSignaturePages04.0330.doc

4.   Mr. and Mrs. Petersen hereby acknowledge and agree that their consent and execution of this Amendment constitutes an irrevocable offer to contract with the District on their part and shall not and may not be withdrawn prior to the time that the District's Governing Board considers and formally adopts and ratifies the Agreement, to the extent it decides to do so. In the event that Mr. or Mrs. Petersen attempts to withdraw his or her consent to this irrevocable offer, as expressed in this Amendment, the District shall be entitled to recover the costs of any attorneys fees and administrative costs it has been caused to incur, and/or the costs of having to unnecessarily prepare for a due process hearing, from the party or parties revoking consent, and the revoking party agrees to pay the same from the date this Amendment is signed. If only one party revokes his or her consent, only that party is responsible for the costs described in this section. If both parties revoke their consent, both parties are jointly and individually responsible for the costs described in this section.

5.   Section 2.G. of the Agreement: Replace with the following language:

2.G.
The parties agree that any catastrophic change in Ryan's educational programming needs or Raskob's inability to continue to provide services to Ryan may require the District to convene an IEP meeting and develop an alternative appropriate program and placement. Should the parties revise Ryan's services, parents do not waive the right to challenge the appropriateness of those services if the parties are unable to agree.

Signatures:

Dated: _____

Mr. Mike Petersen
Parent

Dated: _____

Mrs. Randi Petersen
Parent

Dated: 3-30-04

*Mildred D. Browne, Ed.D.*
Mildred D. Browne, Ed.D.
Assistant Superintendent, Pupil Services and
Special Education
Mt. Diablo Unified School District

Approved As To Form:

Dated: 3.31.04

Kimberly Boral Schulist
Miller Brown & Dannis
Attorney for Mt. Diablo Unified School District

March 18, 2004

2.  Governing Law

This Agreement is entered into, and shall be construed and interpreted in accordance with, the laws of the State of California and the United States.

13.  Severability

If any provision of this Agreement is held to be invalid or unenforceable by a court of competent jurisdiction, that determination shall not invalidate or render unenforceable any other provision of this Agreement.

14.  Confidentiality

This Agreement shall be maintained as a confidential document by all parties, except as required by law.

15.  Execution by Counterparts and by Facsimile Transmittal

The parties agree that this Agreement may be executed by facsimile transmittal and in counterparts and shall be as valid and binding as if all parties signed the same copy.

Dated: 2/4/04                    _____
                                 Randi Petersen, Parent

Dated: 2/4/04                    _____
                                 Mike Petersen, Parent

Dated: 3-29-04                   _____
                                 Mildred D. Browne, Ed.D.
                                 Assistant Superintendent, Pupil Services and
                                 Special Education
                                 Mt. Diablo Unified School District

APPROVED AS TO FORM:

Dated: 3/29/04                   _____
                                 Kimberly Borah Schulist
                                 Miller Brown & Dannis
                                 Attorney for Mt. Diablo Unified School District

A:SettlementAgreement04.0204

Page 7 of 7



San Luis Obispo • Denver
Sacramento • Pasadena
Berkeley • Menlo Park • Long Island
Santa Barbara • Indianapolis
Newport Beach • Marin County • Mobile
San Diego • New York • Morristown
Washington, DC • Palos Verdes
Dallas • Boston • Miami
Atlanta • Gwinnett County • Chicago
Stamford • Paso Robles • Seattle
Weston • Philadelphia • Saratoga
Charlotte • San Francisco
Danville • Burlingame • Monterey
Beverly Hills • Deerfield
London, UK

## LINDAMOOD❋BELL
*Learning Processes*

645 San Ramon Valley Boulevard
Danville, CA 94526

July 22, 2005

Mr. Mike Petersen
5018 Jeri Place
Concord, CA  94521

Dear Mr. Mike Petersen,

Welcome to Lindamood-Bell Learning Processes where *We Create the Magic of Learning®*!  We are delighted to begin services for Ryan Petersen at our Lindamood-Bell® Danville Learning Center.  The following information is designed to make his instruction here as productive as possible, and to maintain clear communication with all parties involved.

- Mt. Diablo Unified School District has contracted with Lindamood-Bell Learning Processes to provide instructional services for Ryan Petersen.

- Scheduled instruction dates for Ryan begin July 25, 2005.

- Ryan is contracted to receive up to 60 sessions of one-to-one intensive instruction if completed by August 26, 2005.

- Ryan is expected to be present for all scheduled days of instruction.

- As parent/guardian(s), you and the Mt. Diablo Unified School District will receive progress reports and testing information regarding Ryan's instructional services.

- You are required to notify Lindamood-Bell immediately if your address changes.

Please contact Mt. Diablo Unified School District if you have any questions or concerns about the above information.

Sincerely,

Corrie Jones
Office Manager, Danville

925/837-4532
800/300-1818
Fax 925/837-3167
www.lindamoodbell.com

cc:  Ken Ferro, Mt. Diablo Unified School District
Deedee Beauchamp, Lindamood-Bell® Home Office

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              4965
CONNECTION TEL                    6740667
SUBADDRESS
CONNECTION ID
ST. TIME             08/26 08:41
USAGE T              00'22
PGS. SENT               1
RESULT               OK
```

Michael Petersen
P.O. Box 273363
Concord Ca. 94527
(925) 825-5769

August 26, 2005          FACSIMILE TRANSMISSION

Ken Ferro
MDUSD Special Education
1936 Carlotta Dr.
Concord Ca. 94519
Fax 674-0667 Time 8 : 32 AM
and U.S. Mail

Re: Ryan Petersen SN03-01885

Dear Mr. Ferro,

Pursuant to the terms of Ryan's contract #SN03-01885, I am exercising his rights under Said
contract utilizing all protections afforded him including but not limited to placement and
services.

Sincerely,

Michael Petersen
Michael Petersen

# FAX COVER PAGE

To: _Ken Ferro MDUSD Special Education_

Fax # _(925)- 674-0667_

Sender: _Michael S. Petersen_

Sender's # _(925)- 595-0459_

Date: _8_ / _3_ / 2005

There are _2_ pages including this page.

```
TRANSMISSION VERIFICATION REPORT
```

```
TIME    : 08/31/2005 12:13
NAME    : UPSSTORE99
FAX     : 9259461027
TEL     : 9259461016
SER.#   : BROB2N216889
```

```
DATE,TIME        08/31  12:12
FAX NO./NAME     6740667
DURATION         00:00:36
PAGE(S)          02
RESULT           OK
MODE             STANDARD
                 ECM
```

The UPS Store #99
1547 Palos Verdes Mall
Walnut Creek, Ca 94597
Phone # (925) 946-1016
Fax # (925) 946-1027

Michael S. Petersen
P.O. Box 273363
Concord Ca. 94527
(925) 825-5769

August 31, 2005

California Special Education Hearing Office
3200 Fifth Avenue
Sacramento Ca. 95817
Via Fax (916) 739-7066
Time ___12:05 pm__ & U.S. Mail

Re: REQUEST FOR DUE PROCESS HEARING

Dear Hearing Office,

This letter is a request for a due process hearing. Ryan Petersen is a special education student
residing within the boundaries of Mt. Diablo Unified School District located in Concord Ca.
Please process this request at your earliest convenience.

Sincerely,
Michael S. Petersen

c.c. Ken Ferro, MDUSD Special Education Fax 674-0667 Time_____ & U.S. Mail

TRANSMISSION VERIFICATION REPORT

```
TIME    : 08/31/2005 12:13
NAME    : UPSSTORE99
FAX     : 9259461027
TEL     : 9259461016
SER.#   : BROB2N216889
```

```
DATE,TIME          08/31  12:12
FAX NO./NAME       6740667
DURATION           00:00:36
PAGE(S)            02
RESULT             OK
MODE               STANDARD
                   ECM
```

# FAX COVER PAGE

To: _S.E.H.O._

Fax # ( 916 )- 739 7066

Sender: _Michael S. Petersen_

Sender's # ( 925 )- 595-0459

Date: 8 / 31 / 2005

There are 2 pages including this page.

```
TRANSMISSION VERIFICATION REPORT
```

```
TIME  : 08/31/2005 12:14
NAME  : UPSSTORE99
FAX   : 9259461027
TEL   : 9259461016
SER.# : BROB2N216809
```

```
DATE,TIME          08/31  12:14
FAX NO./NAME       19167397066
DURATION           00:00:30
PAGE(S)            02
RESULT             OK
MODE               STANDARD
                   ECM
```

The UPS Store #99
1547 Palos Verdes Mall
Walnut Creek, Ca 94597
Phone # (925) 946-1016
Fax # (925) 946-1027

Michael S. Petersen
P.O. Box 273363
Concord Ca. 94527
(925) 825-5769

August 31, 2005

California Special Education Hearing Office
3200 Fifth Avenue
Sacramento Ca. 95817
Via Fax (916) 739-7066
Time___*12 : 10 pm*___ & U.S. Mail

Re: REQUEST FOR DUE PROCESS HEARING

Dear Hearing Office,

This letter is a request for a due process hearing. Ryan Petersen is a special education student
residing within the boundaries of Mt. Diablo Unified School District located in Concord Ca.
Please process this request at your earliest convenience.

Sincerely,

Michael S. Petersen

c.c. Ken Ferro, MDUSD Special Education Fax 674-0667 Time_____ & U.S. Mail

TRANSMISSION VERIFICATION REPORT

```
                                  TIME  : 08/31/2005 12:14
                                  NAME  : UPSSTORE99
                                  FAX   : 9259461027
                                  TEL   : 9259461016
                                  SER.# : BROB2N216889
```

```
DATE,TIME            08/31  12:14
FAX NO./NAME         19167397066
DURATION             00:00:30
PAGE(S)              02
RESULT               OK
MODE                 STANDARD
                     ECM
```

```
                              *********************
                         ***     TX REPORT     ***
                              *********************


       TRANSMISSION OK

       TX/RX NO                    4660
       CONNECTION TEL                      19167397066
       SUBADDRESS
       CONNECTION ID
       ST. TIME                    09/02 15:50
       USAGE T                     00'30
       PGS. SENT                   2
       RESULT                      OK
```

---

Michael S. Petersen
P.O. Box 273363
Concord Ca. 94527
(925) 825-5769
FACSIMILE TRANSMISSION

September 2, 2005

Ken Ferro MDUSD Special Education
1936 Carlotta Dr.
Concord Ca. 94519
Fax 674-0667 Time 4:50 PM
Re: Ryan Petersen, Request for resolution session (20 U.S.C. 1415 (f)(1)(B)(i-iv.)

Mr. Ferro,

This letter is a demand for a immediate resolution session. As you know, I filed for a due process hearing for my low incidence, hearing disabled son, Ryan on 8/31/05 and the "stay put" or equivalent provision is in effect. As you also know, I requested a IEP meeting on 5/19/05 which you have never set until I filed for Ryan's due process hearing on 8/31/05.

The contents of your letter dated 8/31/05 setting the IEP meeting and stating your numerous attempts to do so are inaccurate, unfair to Ryan and in violation of the above stated laws. The resolution session must be held within 15 days and I will not accept your proposed IEP date of 9/6/05. I also have not received current reports and recommendations for Ryan by his service providers which I must receive 10 days prior to any IEP meeting.

According to 20USC 1415(f)(1)(B)(i)(IV), The resolution session "may be waived only under two circumstances(1) a written waiver signed by the parent and public educational agency representative, or (2) agreement by the parties to participate in mediation". As you know, neither have happened as of this date.

Additionally, Ryan has had a post summary testing date scheduled at LindaMood-Bell set since his last day there on 8/26/05 which we are attending on the morning of 9/6/05 at 9:00am to test current levels of functioning and receive updated recommendations for his service needs. On 8/26/05, my letter to you states "pursuant to the terms of Ryan's contract #SN03-01885, I am exercising his rights under said contract utilizing all protections afforded him including but not limited to placement and services."

Please do not violate Ryan's due process rights. You are fully aware of Ryan's Mondini's Malformation and Large Vestibular Aqueduct Syndrome diagnoses and his forecasted deafness by Stanford University. Please inform me of the resolution session meeting date so we may discuss Ryan's continued private school placement or equivalent.(20 USC 1415 (f); 34CFR 300.514;Ed. code 56505 subd. (D).

Sincerely,

Michael S. Petersen

c.c. McGeorge School Of Law (SEHO) fax (916) 739-7066
Office of Administration Hearings (SEHO) fax (916) 322-8014
Randi Petersen fax (559) 733-3463
w/ Lindamood - Bell Appointment reminder 9/6/05 9am

"ρ"

09/02/2005 FRI 01:53 [TX/RX NO 9466] ☑001



**LINDAMOOD-BELL LEARNING PROCESSES**

Mobile, AL

Berkeley, CA
Danville, CA
Marin County, CA
Monterey, CA
Newport Beach, CA
Palo Alto, CA
Palos Verdes, CA
Pasadena, CA
Paso Robles, CA
Sacramento, CA
San Diego, CA
San Francisco, CA
San Luis Obispo, CA
Santa Barbara, CA
Saratoga, CA
Westwood, CA

Denver, CO

Stamford, CT

Miami, FL
Tampa, FL
Weston, FL

Atlanta, GA
Gwinnett County, GA

Deerfield, IL
Oakpark, IL

Indianapolis, IN

Boston, MA
Norwell, MA

Birmingham, MI

Morristown, NJ

New York, NY
Long Island, NY

Charlotte, NC

Philadelphia, PA

Dallas, TX

Seattle, WA

Washington DC

United Kingdom
London

Danville

645 San Ramon Valley Blvd.
Danville, CA 94526
(925) 837-4532
(800) 300-1818
Fax (925) 837-3167

# FAX

DATE: 9/2/05

TO: Mike Petersen    FAX: 925-827-4918

FROM: Corrie Jones    FAX:

We are transmitting a total of _____1_____ pages including this letter. If you do not receive all of the pages, please contact us at (925) 837-4532.

MESSAGE:

**LINDAMOOD-BELL**
Learning Processes

**APPOINTMENT REMINDER**

*Your appointment is scheduled for*

Tues 9/6/05 at 9AM
      *Date*        *Time*

**We Create the Magic of Learning!**
© 2003 Lindamood-Bell Learning Processes

We look forward to seeing Ryan this Tuesday morning. Please call me if you have any questions.

            Thanks,
            Corrie

**We Create the Magic of Learning!**

© 2000 Lindamood-Bell Learning Processes

610 Mar-04

1  ELIZABETH ESTES, State Bar No. 173680
   JENNIFER POSTEL, State Bar No. 236448
2  MILLER BROWN & DANNIS
   71 Stevenson Street, 19th Floor
3  San Francisco, CA 94104
   Telephone:   (415) 543-4111
4  Facsimile:   (415) 543-4384

5  Attorneys for Petitioner
   MT. DIABLO UNIFIED SCHOOL DISTRICT
6
                        BEFORE THE
7
              OFFICE OF ADMINISTRATIVE HEARINGS
8
                 SPECIAL EDUCATION DIVISION
9
10  Ryan Peterson,                     )   OAH Case No.: _____
                                       )
11          Petitioner,                )
                                       )
12  v.                                 )   **NOTICE OF OBJECTION TO THE**
                                       )   **SUFFICIENCY OF THE COMPLAINT**
13  Mt. Diablo Unified School District,)
                                       )
14          Respondent.                )

15  Pursuant to 20 U.S.C. §§ 1415(b)(7)(B) and 1415(c)(2)(b)(i)(II), the Mt. Diablo Unified School District

16  ("District") objects to the sufficiency of the request for due process hearing ("Complaint") in this case

17  because the Complaint does not comply with the requirements of 20 U.S.C. § 1415(b)(7)(A) in that it

18  states absolutely no issues for hearing, no proposed resolutions, and no timeframe for hearing.  On

19  August 31, 2005, the District received Ryan Petersen's attached request for hearing.  (see Exhibit A)

20  The request was mailed to the California Special Education Hearing Office ("SEHO") and we believe

21  that SEHO will be forwarding this request to you.  The District respectfully requests a determination of

22

23  insufficiency with respect to this Complaint.

24  Dated:  9/7/05                      MILLER BROWN & DANNIS
                                        ELIZABETH ESTES
25                                      JENNIFER POSTEL
26
27                                      Jennifer Postel
                                        Attorneys for Mt. Diablo Unified School District
28  G:\5100\4000\Peterson, R\objectiontosufficiency.05.0901.doc

                                     1

Michael S. Petersen
P.O. Box 273363
Concord Ca. 94527
(925) 825-5769 (H)
(925) 595-0459 (C)

September 7, 2005

Ken Ferro MDUSD Special Education ADR via fax 674-0667
Gary McHenry, Superintendent MDUSD via fax 674-0514
1936 Carlotta Dr.
Concord Ca. 94519
and U.S. Mail

Re: Students, Michael Petersen , Ryan Petersen

Mr, Ferro & Mr. McHenry,

This letter is to inform you that I am temporally  exercising my rights to home school Michael
and Ryan. According to my contacts at CDE, and their web site, the online Private School
Affidavit form for 2005/2006 shall not be available until later this month and, as you know, is
not available for process to the public until 10/1/05 thru 10/15/05. Therefore this letter shall
serve to  notify you of my decision to home school and my prior Private School Affidavit shall
remain in effect in the interim.

Please notify me of the mandatory resolution session at your earliest convenience prior to the
commencement of the pending due process hearing.

Sincerely,

Michael S. Petersen

C,    S. E. H. O,    (916)  739- 7066
                     (916)  322 - 8014

R

```
TRANSMISSION VERIFICATION REPORT
```

```
                        TIME  : 09/07/2005 09:38
                        NAME  : THEUPSSTORE
                        FAX   : 9256896249
                        TEL   : 9256896245
                        SER.# : BROC5J235151
```

| | |
|---|---|
| DATE,TIME | 09/07 09:37 |
| FAX NO./NAME | 19163228014 < O.A.H. |
| DURATION | 00:00:23 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

P3

**5100 B-1 Clayton Road**
**Concord, CA 94521**

**925.689.6245** Tel
**925.689.6249** Fax
store0190@theupsstore.com



# Fax Cover

# The UPS Store™

**To:** _____  **Fax #:** _____

**Date:** _9/7/05_  **# of Pages** *(including cover sheet):* _2_

**From:** _Mike Petersen_  **Phone #:** _825-5769_
                                         _595-0459_

**Subject:** _Home school_

TO: Ken Ferro, MDUSD Sp. ED.  674-0667

    Gary McHenry, MDUSD superintendent  674-0514

    Special Education Hearing office (916) 739-7066

TRANSMISSION VERIFICATION REPORT

```
TIME  : 09/07/2005 09:37
NAME  : THEUPSSTORE
FAX   : 9256896249
TEL   : 9256896245
SER.# : BROC5J235151
```

| | |
|---|---|
| DATE,TIME | 09/07  09:37 |
| FAX NO./NAME | 19167397066 ⟵ S E H O |
| DURATION | 00:00:25 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

P3

**5100 B-1 Clayton Road**
**Concord, CA  94521**

**925.689.6245 Tel**
**925.689.6249 Fax**
store0190@theupsstore.com



# Fax Cover

# The UPS Store

To: _____    Fax #: _____

Date: __9/7/05__    # of Pages *(including cover sheet)*: __2__

From: __Mike Petersen__    Phone #: __825-5769__
                                        __595-0459__

Subject: __Home school__

TO: Ken Ferro, MDUSD Sp. ED.  674-0667

Gary McHenry, MDUSD Superintendent  674-0514

Special Education Hearing office (916) 739-7066

TRANSMISSION VERIFICATION REPORT

```
TIME   : 09/07/2005 09:34
NAME   : THEUPSSTORE
FAX    : 9256896249
TEL    : 9256896245
SER.#  : BROC5J235151
```

| DATE,TIME | 09/07  09:34 |
| FAX NO./NAME | 6740667  ← MR. Ferro |
| DURATION | 00:00:30 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |
|  | ECM |

P8

**5100 B-1 Clayton Road**
**Concord, CA  94521**

**925.689.6245 Tel**
**925.689.6249 Fax**
**store0190@theupsstore.com**



# Fax Cover

# The UPS Store™

To: _____    Fax #: _____

Date: _9/7/05_    # of Pages (including cover sheet): _2_

From: _Mike Petersen_    Phone #: _825-5769_
                                                         _595-0459_

Subject: _Home school_ _____


TO: Ken Ferro, MDUSD Sp. ED.  674-0667

Gary McHenry, MDUSD superintendent  674-0514

Special Education Hearing office  (916) 739-7066

```
┌─────────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT       │
└─────────────────────────────────────────┘

                          TIME  : 09/07/2005 09:36
                          NAME  : THEUPSSTORE
                          FAX   : 9256896249
                          TEL   : 9256896245
                          SER.# : BROC5J235151


   DATE,TIME              09/07  09:35   MR. McHenry
   FAX NO./NAME           6740514  <
   DURATION               00:00:47
   PAGE(S)                02
   RESULT                 OK
   MODE                   STANDARD
                          ECM
```

P3

**5100 B-1 Clayton Road**
**Concord, CA 94521**

**925.689.6245 Tel**
**925.689.6249 Fax**
**store0190@theupsstore.com**



# Fax Cover

## The UPS Store

To: _____    Fax #: _____

Date: __9/7/05__    # of Pages (including cover sheet): __2__

From: __Mike Petersen__    Phone #: __825-5769__
                                    __595-0459__

Subject: __Home school__


TO: Ken Ferro, MDUSD Sp. ED.  674-0667

Gary McHenry, MDUSD superintendent  674-0514

Special Education Hearing office  (916) 739-7066

1    Michael S. Petersen in Pro Per
     P.O. Box 273363
2    Concord Ca. 94527
     (925) 825-5769 (H)
3

4    Petitioner/Father for disabled minor, Ryan Petersen

5
     \
6

7

8                    CALIFORNIA SPECIAL EDUCATION HEARING OFFICE

9

10   RYAN PETERSEN,
                     Petitioner
11

12   Mount Diablo Unified School District,
                                   Respondent          MOTION TO: RECEIVE IDEA
13                                                      HEARING DATE, ORDER MDUSD
                                                       COMPLY WITH RESOLUTION
14                                                     SESSION,
                                                       DISMISS MDUSD 9/7/05
15                                                     NOTICE OF OBJECTION

16
     On 8/31/05, petitioner filed a request for a due process hearing for Ryan Petersen with the
17
     California Special Education Hearing Office (SEHO) Petitioner states, SEHO , under contract
18
     with the California Department of Education (DCE) is required to hear this matter and is the
19
     proper forum. Ryan Petersen is a 11 year old hearing and learning disabled student and qualifies
20
     for low incidence status as a student and in relation to his treatment by the administrators of the
21
     MDUSD Special Education Department. (MDUSD). Petitioner hereby objects to the filing on
22
     behalf of the MDUSD to deny Ryan Petersen of his rights to a SEHO hearing pursuant to 42
23
     U.S.C section 1983 (equal protection) and 42 U.S.C. 1983 (due process).
24
     MDUSD is intimately familiar with student Ryan Petersen and has shown bad faith with respect
25
     to their premature, translucent request for dismissal in this matter. On 8/26/05, attached as
26
     exhibit (A), is petitioner's notice to MDUSD regarding intent to protect students rights under
27
     contract SN03-1885. On 8/31/05, petitioner filed for students protection with the SEHO hearing
28

1   request. After receiving petitioner's request for a due process hearing on this date, MDUSD sent

2   notice of their unilateral IEP date to circumvent the SEHO process of Ryan Petersen and the

3   meeting was held on 9/6/05 without petitioner.(see exhibit (B).The MDUSD administrators, in

4   having received sufficient notice of issues and concerns relating to this low incidence student,

5   and being intimately familiar with, in good faith should have set the resolution session as

6   prescribed by law to establish a channel of communication with petitioner to address this

7   disabled students needs attached as exhibit (C) dated 9/2/05. Petitioner continues to await and is

8   willing to meet with the MDUSD regarding the same. In closing, petitioner states according to

9   the SEHO rules, it is well settled that issues and resolutions are due 10 days prior to hearing. It

10   should be noted, petitioner received the district's notice of objection dated 9/7/05 only a few

11   hours ago. No attempt was made to contact petitioner by phone in this instant matter and the

12   MDUSD has been aware petitioner has been temporally unavailable by personal facsimile.

13   Petitioner respectfully requests the SEHO deny MDUSD request dated 9/7/05 and protect the due

14   process rights of the minor child.

15

16   Dated 9/9/05

17

18   Michael S. Petersen, petitioner for minor Ryan Petersen

19   Also attached, 8/31/05 S.E.H.O. hearing facsimile Transmission

20   as exhibit "D" and 8/31/05 MDUSD hearing facsimile

21   transmission verification as exhibit "E".

22

23

24

25

26

27

28

P3

5100 B-1 Clayton Road
Concord, CA 94521

925.689.6245 Tel
925.689.6249 Fax
store0190@theupsstore.com



# Fax Cover

# The UPS Store™

To: S. EHO                    Fax #: 916 - 739 - 7066

Date: 9/9/05                  # of Pages (including cover sheet): 8

From: Michael S. Petersen     Phone #: (925) 825-5769 (H)
                                        (925) 595-0459 (cell)
Subject: SE HO Motion RE: Ryan Petersen

C.C.  Gary McHenry,
      Ken Ferro, MDUSD Special ED ADR.
      FAX (925) 674-0667

      OFFice of Administrative Hearings
      FAX (916) 322-8014

If you are not the intended recipient, do not disclose, copy, distribute or use this information. If you received this transmission in error, please call immediately to arrange return of the documents at no cost to you.

From: Michael S. Petersen    Phone #: (925) 825-5769 (H)
(925) 595-0459 (cell)

Subject: SE HO Motion RE: Ryan Petersen

C.C.    Gary McHenry,
        Ken Ferro, MDUSD Special ED ADR.
        FAX (925) 674-0667

        OFFice of Administrative Hearings
        FAX (916) 322-8014

If you are not the intended recipient, do not disclose, copy, distribute or use this information. If you received this transmission in error, please call immediately to arrange return of the documents at no cost to you.

O.A.H. FAX # →

| DATE,TIME | 09/09 12:33 |
| FAX NO./NAME | 19163228014 |
| DURATION | 00:00:56 |
| PAGE(S) | 08 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

SER.# : BROO5J235151
TEL : 9256892 45
FAX : 9256892 49
NAME : THEUPSSTORE
TIME : 09/09/2005 12:34

TRANSMISSION VERIFICATION REPORT

From: Michael S. Petersen Phone #: (925) 825-5769 (H)
(925) 595-0459 (cell)

Subject: SE HO Motion RE: Ryan Petersen

C.C. Gary McHenry,
Ken Ferro, MDUSD Special ED ADR.
FAX (925) 674-0667

OFFice of Administrative Hearings
FAX (916) 322-8014

*If you are not the intended recipient, do not disclose, copy, distribute or use this information. If you received this transmission in error, please call immediately to arrange return of the documents at no cost to you.*

TRANSMISSION VERIFICATION REPORT

TIME : 09/09/2005 12:32
NAME : THEUPSSTORE
FAX : 9256896249
TEL : 9256896245
SER.# : BROC5J235151

| | |
|---|---|
| DATE,TIME | 09/09 12:30 |
| FAX NO./NAME | 6740667 |
| DURATION | 00:02:00 |
| PAGE(S) | 08 |
| RESULT | OK |
| MODE | STANDARD ECM |

MDUSD Fax # →

From: Michael S. Petersen    Phone #: (925) 825-5769 (H)
                                      (925) 595-0459 (cell)

Subject: SE HO Motion RE: Ryan Petersen

C.C.    Gary McHenry,
        Ken Ferro, MDUSD Special ED ADR.
        FAX (925) 674-0667

        OFFice of Administrative Hearings
        FAX (916) 322-8014

If you are not the intended recipient, do not disclose, copy, distribute or use this information. If you received this transmission in error, please call immediately to arrange return of the documents at no cost to you.

```
TRANSMISSION VERIFICATION REPORT

                                        TIME    : 09/09/2005 12:26
                                        NAME    : THEUPSSTORE
                                        FAX     : 9256896249
                                        TEL     : 9256896245
                                        SER.#   : BROO5J235151

DATE,TIME         09/09  12:25
FAX NO./NAME      19167397066
DURATION          00:01:20
PAGE(S)           08
RESULT            OK
MODE              STANDARD
                  ECM
```



**MT. DIABLO UNIFIED SCHOOL DISTRICT**
**JAMES W. DENT EDUCATION CENTER**
1936 Carlotta Drive
Concord, California 94519-1397
(925) 682-8000

SPECIAL EDUCATION
DEPARTMENT

September 9, 2005

Mr. Michael Petersen
5018 Jeri Place
Concord, CA 94521

Dear Mr. Petersen:

The District received your request for due process. Under the reauthorized IDEA, which is now in effect, the District is required to convene a meeting called a "resolution session" for the purpose of attempting to informally resolve the issues raised in the District's complaint. We need to know whether you are interested in attending this meeting and, if so, whether you will be bringing an attorney.

The District is offering the following three dates and times to hold the meeting:
- September 14, 2005    3:00 p.m.
- September 15, 2005    9:00 a.m.
- September 16, 2005    9:00 a.m.

In order to make arrangements for this meeting, the District needs to have your response by 12:00 Tuesday, September 13, 2005.

Please call me if you have any questions regarding this notice.

Sincerely,

Ken Ferro
Administrator, Alternative Dispute Resolution

cc: Jennifer Postel

$$\overset{\text{\tiny 11}}{\underset{\text{\tiny \it ''}}{T}}$$