IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PETERSEN, *et al.*, | No. C 07-2400 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION TO DECLARE RANDI AND MICHAEL PETERSEN VEXATIOUS LITIGANTS** |
| v. | |
| CALIFORNIA SPECIAL EDUCATION HEARING OFFICE MCGEORGE SCHOOL OF LAW, *et al.*, | |
| Defendants. | |

On August 1, 2008, the Court heard argument on defendants' motion for summary judgment, and defendant's motion to declare Randi and Michael Petersen as vexatious litigants. For the following reasons, the Court GRANTS the motion for summary judgment, and DENIES the motion to declare Randi and Michael Petersen as vexatious litigants.

**BACKGROUND**

**I.      Procedural history**

On April 27, 2007, pro se plaintiff Michael Petersen filed this action on behalf of himself as "parent and next friend" to his children Michael Jr. ("Mikey") and Ryan against numerous defendants, including the Mount Diablo Unified School District.[1] According to the first amended complaint, Mikey is 14 years old, and has been diagnosed with auditory processing disorder, sensory integration

---

[1] The instant case is the latest in a series of cases filed by plaintiff and/or his ex-wife against the Mount Diablo School District. The other cases are *Randi Petersen et al. v. Mount Diablo School District et al.,* C 02-887 SI, *Randi and Michael Petersen et al. v. Mount Diablo School District et al.*, C 04-1059 SI, and *Randi Petersen v. Mount Diablo School District et al.*, C 05-1032 CRB.

dysfunction, and pervasive developmental disorder (autism spectrum disorder). First Amended Complaint ¶ 6. Ryan is 12 years old and is a "low incidence deaf student" and has been diagnosed with auditory processing disorder and bilateral hearing loss. *Id.* ¶ 7.

The original complaint described six SEHO cases previously filed between the District and Mikey, and alleged that defendants violated (1) "state and federal contract law," (2) "MDUSD federal consent decree contract," (3) "ADA and section 504 contract law," (4) "42 U.S.C. § 1983 due process and equal protection contract obligations," (5) "42 U.S.C. § 1985 contract provisions," (6) "29 U.S.C. § 794 contract obligations," and (7) "public contract code and public policy provisions." Complaint ¶¶ 40-42.

By order filed November 6, 2007, this Court granted defendants' motion for a more definite statement. The Court found that the complaint was so vague and ambiguous that defendants could not reasonably frame a response. The Court also noted that although the complaint referenced federal law, such as the ADA, those references were in the context of "contract violations." The Court instructed plaintiffs that if the complaint was essentially one for breach of contract, this Court would likely not have jurisdiction over such a claim absent some allegation specifically showing the existence of federal jurisdiction. The Court granted plaintiffs leave to amend, and provided specific instructions regarding amending the complaint.

Plaintiffs filed an amended complaint on November 28, 2007. The amended complaint was largely identical to the original complaint with the following differences: plaintiffs expanded on certain allegations regarding the SEHO cases, and expanded on the "claims for relief" portion of the amended complaint. The amended complaint also described events in 2005 related to Ryan's IEP. *See* Amended Complaint ¶¶ 36-38. Defendants moved to dismiss the amended complaint.

By order dated February 11, 2008, the Court found that plaintiffs' amended complaint had failed to cure the deficiencies in the original complaint, and dismissed the majority of the amended complaint without leave to amend. However, the Court granted plaintiff Ryan Petersen limited leave to amend to allege a claim under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"), regarding the matters described in paragraphs 36-38 of the amended complaint:

Based upon the pleadings before the Court, the Court cannot determine whether

2

> plaintiffs can allege a claim under IDEA related to Ryan's 2005-2006 IEP; to pursue such a claim, plaintiffs must show that they have exhausted administrative remedies and that such a claim is timely. If plaintiffs wish to allege such a claim, they may file an amended complaint, solely alleging an IDEA claim on Ryan's behalf against the Mount Diablo School District only, no later than February 22, 2008.

Order at 6:2-7.[2]

On February 22, 2008, plaintiffs filed a "Response to Order of 2/11/08 re: Plaintiffs' 11/28/07 Brief re: Maintenance of I.D.E.A. Claims." The Court construes this document as a second amended complaint. The document states, *inter alia*, that "plaintiffs maintain subject matter jurisdiction on Ryan's IDEA contract SNO3-01885" and that "Ryan's settlement contract is enforceable in federal court." Docket No. 74 at 1. Although somewhat difficult to decipher, it appears that plaintiffs allege that the District violated the "SNO3-01885" contract in unspecified ways. *Id*. at 2-3. The second amended complaint also makes reference to "discriminatory testing procedures," the District's failure to diagnose or address Ryan's disabilities for several years, and "sabotag[ing] [Ryan's] private school placement." *Id*.

## II. Factual history

The Mount Diablo Unified School District records show that Ryan last attended school in the District on October 10, 2003. Browne Decl. ¶ 3, Ex. A.[3] In 2003, Ryan's parents filed a due process proceeding against the District, SEHO Case No. 03-01885, which was resolved by a settlement agreement on March 31, 2004. Ferro Decl. ¶ 4, Ex. 1. The agreement resolved all disputes and potential

---

[2] Paragraph 36 of the first amended complaint alleged that the District violated IDEA by failing to convene an individualized education plan ("IEP") meeting for Ryan Petersen on or before May 30, 2005 pursuant to a settlement agreement between the parties, and pursuant to a May 19, 2005 request for such a meeting. Paragraph 37 of the first amended complaint alleged that the District finally held a "belated" IEP meeting on September 6, 2005 "in violation of his contract terms and after the entire school year (including extended school year) had ended." Paragraph 37 also alleged that the District violated IDEA by inviting the principal from Ryan's private school to attend the September 6, 2005 meeting. Paragraph 38 of the first amended complaint contained allegations against Ken Ferro, Administrator for Alternative Dispute Resolution at the District. With regard to the District, paragraph 38 alleged that "MDUSD violated state and federal contract laws each year until the fifth grade by not providing services to Ryan to remediate his disabilities as a low incidence student and Ryan substantially regressed."

[3] At the hearing on these motions, Michael Petersen did not dispute this fact, and also stated that he did not intend to re-enroll either Mikey or Ryan in the District because of his belief that they have been "blackballed" in the District.

disputes between them relating to Ryan's education through the 2004-2005 school year. The agreement provided, in relevant part:

> 1.C. The purpose of this Agreement is to resolve any and all disputes under the IDEA, causes of action, and claims, known and unknown, which may exist concerning Ryan's educational program, placement, related services, assessments, compensatory education, reimbursement for the past, present and future, known and unknown, up to and including the 2005-2005 school year (including all extended school years (ESY).)
>
> 2. Each party, in consideration of the promises and concessions made by the other, hereby compromises and settles any and all demands, obligations, or causes of action under the Individuals with Disabilities Education Act which that party has regarding Ryan's educational program, placement, related services, reimbursement, compensatory education and FAPE for the 2000-01, 2001-02, 2003-04 and 2004-05 school year (including all school years).

The settlement contained a general release, a release of unknown claims, and a waiver of California Civil Code Section 1542. The release included the provision that each party

> compromises and settles any and all past, present and future claims, demands, obligations, or causes of action, . . . regarding the provision of an education, including all rights and responsibilities under the Individuals with Disabilities Education Act and the present dispute, Ryan Petersen v. Mt. Diablo Unified School District, SN 03-01885 through the 2004-2005 school year (including ESY 2005).

*Id*. ¶ 3.

The waiver of unknown claims also stated, in part, that the parents and Ryan agreed as follows:

> (1) they may have additional claims and attorneys' fees or costs concerning Ryan's education arising or occurring through the 2004-05 school year (including ESY 2005), of which they are not now aware;
>
> (2) they may not make a further demand for any such claims, fees, or costs upon the District . . . ; and
>
> (3) they extend this waiver to include now unknown or later discovered claims, fees, or costs, arising prior to the end of the 2004-05 school year (including ESY 2005).

*Id*. ¶ 4C(1)-(3). *See also id*. ¶ 2(L) ("Parents on behalf of themselves and Ryan agree the educational program and services outlined in this Agreement constitute FAPE for Ryan through the 2004-05 school year (including ESY 2005) and agree not to file any causes of action under the IDEA challenging FAPE.").

As contemplated by the settlement, during the 2004-2005 school year Ryan was privately placed by his father at the New Vistas Christian School and received related services though providers his parents selected. Ferro Decl. ¶¶ 4-7, 27, Ex. 1. With regard to the 2005-2006 school year, the parties'

4

settlement agreement states,

> If Ryan is a resident of the Mt. Diablo Unified School district for the 2005-2006 school year and parents are seeking educational services from Mt. Diablo Unified School District, Ryan's annual IEP meeting will be held on or before May 30, 2005 to discuss Ryan's placement for the 2005-2006 school year.

Ferro Decl. Ex. 1 at ¶ 2(H). The District states that by May 30, 2005 it did not receive any request for an IEP meeting, nor had it received any statement that the Petersens were seeking educational services from the District. *Id.* ¶ 8. According to Ken Ferro, "the correspondences in [the Petersens' file] show that the District spent the first half of the 2005-2006 school year trying to determine whether Ryan's parents intended to re-enroll Ryan in a District school, a question to which the District could not get an answer. . . . Mr. Petersen did not verify that Ryan would not be re-enrolled until January 2006." *Id.* ¶ 9. Plaintiffs dispute this fact, and assert that Michael Petersen submitted a request for an IEP meeting by letter dated May 19, 2005.

By letter dated August 31, 2005, Michael Petersen filed a three-sentence request for a due process hearing with the California Special Education Hearing Office. Ferro Decl. Ex. 4. In response to the letter, Mr. Ferro sent Mr. Petersen a letter seeking to set up an IEP meeting for September 6, 2005. Ferro Decl. Ex. 5.[4] Ferro also faxed a copy of the letter to Ryan's mother, Randi Petersen; she responded by fax that she would not be attending the meeting. *Id.* ¶¶ 12, 14. Mr. Ferro also sent Mr. Petersen a letter asking him to sign a release of information to obtain current information about Ryan's disability. *Id.* Ex. 6. According to Mr. Ferro, Mr. Petersen did not respond to the request for releases, and so Mr. Ferro sent Mr. Petersen additional releases, and also sent New Vistas school a release. *Id.* ¶ 13.

On September 6, 2005, the District convened the IEP meeting. Neither of Ryan's parents attended the meeting in person or by telephone. *Id.* ¶ 15. Several individuals attended from the District, and the New Vistas principal attended by telephone. *Id.* According to Mr. Ferro, during the meeting the New Vistas principal stated that the school would not accept Ryan back for the 2005-2006 school year. *Id.* On or around September 7, 2005, Mr. Petersen faxed the District a letter stating that he was

---

[4] Ferro states that he attempted to call Michael Petersen to schedule the meeting, and left him a voicemail. *Id.* ¶ 12. Ferro also states that his attempts to fax the letter were futile because the fax line was not answering. *Id.*

1 "temporarily exercising [his] rights to home school Michael and Ryan." *Id*. Ex. 8.  The parties
2 exchanged correspondence for much of the 2005-2006 school year. *See generally* Ferro Decl. Ryan
3 never enrolled as a student in the District for the 2005-2006 school year. *Id*. ¶ 27.

4 Also in response to Mr. Petersen's August 31, 2005 due process request, the California Office
5 of Administrative Hearings ("OAH") opened Case No. N20005090266. Levine Decl. ¶¶ 3, 4. After the
6 District filed an objection to the sufficiency of the due process complaint,[5] Mr. Petersen filed a "Motion
7 to Receive IDEA Hearing Date, Order MDUSD Comply With Resolution Session, Dismiss MDUSD
8 9/7/05 Notice of Objection." *Id*. Ex. A. The motion referenced "contract SN03-1885" and also
9 complained about the District's "unilateral" scheduling of the September 6, 2005 IEP meeting. *Id*.

10 OAH sustained the District's objection on September 12, 2005. Levine Decl. ¶ 5, Ex. B. Mr.
11 Petersen filed an amended due process complaint on or around September 23, 2005, and the District
12 filed an objection to the complaint on or around October 7, 2005. *Id*. Ex. C, D. Also on October 7,
13 2005, Mr. Petersen filed a "Request for Judicial Notice of SEHO Mediation Contract SN03-01885 &
14 Petitioner's 10/6/05 letter to MDUSD." *Id*. Ex. E. OAH sustained the District's objection to the
15 amended complaint in an order dated October 12, 2005. *Id*. Ex. F. The OAH's Determination of
16 Sufficiency of Complaint provided Mr. Petersen 14 days to amend the complaint. *Id*. Mr. Petersen
17 never filed an amended complaint, and the OAH formally dismissed the case in an Order of Dismissal
18 dated April 4, 2006. *Id*. Ex. G.

**LEGAL STANDARD**

21 Summary adjudication is proper when "the pleadings, depositions, answers to interrogatories,
22 and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any
23 material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.
24 56(c).

25 In a motion for summary judgment, "[if] the moving party for summary judgment meets its

---

[5] The District objected to the complaint on the ground that the complaint failed to describe any facts regarding Ryan's problems, and did not propose any resolution to the problems. Levine Decl. Ex. B.

6

1 initial burden of identifying for the court those portions of the materials on file that it believes
2 demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so
3 that the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts
4 showing that there is a genuine issue for trial." *See T.W. Elec. Service, Inc., v. Pac. Elec. Contractors*
5 *Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). In
6 judging evidence at the summary judgment stage, the Court does not make credibility determinations
7 or weigh conflicting evidence, and draws all inferences in the light most favorable to the non-moving
8 party. *See T.W. Electric*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*
9 *Corp.*, 475 U.S. 574 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991). The evidence
10 presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony
11 in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary
12 judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

## DISCUSSION

### I. Defendant's motion for summary judgment

Defendant has construed plaintiffs' February 22, 2008 filing as attempting to re-plead the allegations of paragraphs 36-38 of the first amended complaint, as being filed solely by Ryan Petersen against the Mount Diablo Unified School District, and as alleging a claim solely under IDEA. The Court agrees with this construction of the second amended complaint, and accordingly finds it is limited to: (1) plaintiff's allegation that the District violated Ryan's contract and/or IDEA by failing to convene an IEP meeting by May 30, 2005 in response to a May 19, 2005 request; and (2) plaintiff's allegation that the District violated Ryan's contract and/or IDEA by convening a September 6, 2005 IEP meeting to which Ryan's former private school principal was invited.[6]

Defendant moves for summary judgment on these claims, arguing that the claims are barred by

---

[6] As such, the Court will not consider arguments contained in plaintiffs' opposition relating to other matters such as events occurring in the 2002-2003 school year, or matters related to Mikey or Michael Petersen. Similarly, although plaintiffs' opposition and oral presentation reference other claims and statutes, the Court will only consider Ryan's IDEA claims regarding the May 2005 and September 2005 events.

7

the terms of the parties' settlement agreement. Defendant also argues that to the extent plaintiffs claim that the violation of the settlement agreement constitutes a violation of IDEA, the claims fail because plaintiff did not exhaust his administrative remedies and they are untimely. Finally, defendant argues that even if plaintiffs could establish exhaustion, timeliness, and that the claims are not barred by the settlement agreement, the claims fail because the District did not breach the settlement agreement. Plaintiffs have opposed the motion, and submitted numerous documents in support of the opposition.[7]

With respect to plaintiffs' allegation that the District violated Ryan's IDEA rights by failing to convene an IEP meeting by May 30, 2005 pursuant to a May 19, 2005 request, the Court finds that this claim is barred by the terms of the parties' settlement agreement. The interpretation of a settlement agreement is governed by the same principles applicable to any contractual agreement. *See Edwards v. Comstock Insurance Co.*, 205 Cal. App. 3d 1164, 1167 (1988). A general release that explicitly purports to cover all claims, known or unknown, and waives the provisions of California Civil Code Section 1542, is valid and enforceable. *See Winet v. Price*, 4 Cal. App. 4th 1159, 1162 (1992). Under California law, "settlement of disputes is strongly favored public policy, for settlement reduces costs for all parties." *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (9th Cir. 1998). Here, even assuming Mr. Petersen submitted a request on May 19, 2005 for a May 30, 2005 IEP meeting, those events fell within the 2004-2005 school year. *See* Cal. Educ. Code § 37200; Ferro Decl. ¶ 16. The parties explicitly released any and all IDEA claims regarding Ryan's education through the 2004-2005 school year, and thus plaintiff is barred from bringing any such claim in this lawsuit.

Further, the Court holds that the claims related to the May 19, 2005 IEP request, and the September 6, 2005 IEP meeting are unexhausted and untimely.[8] Plaintiffs were required to exhaust administrative remedies before bringing a claim under IDEA. 20 U.S.C. § 1415(l); *Robb v. Bethel Sch. Dist. #403*, 308 F.3d 1047, 1050 (9th Cir. 2002). If a plaintiff loses at the administrative level, he may

---

[7] The Court has reviewed plaintiff's July 30, 2008 filing, as well as the exhibits filed at the time of plaintiffs' opposition. Because the Court's ruling does not turn on the admissibility of these documents, the Court does not address defendant's evidentiary objections to plaintiffs' filings.

[8] Defendant's reply states that plaintiff has abandoned any claim related to the September 6, 2005 IEP meeting. In the interest of fully resolving all potentially remaining claims, the Court will address this claim.

1  file a timely appeal in federal court. *See* Cal. Educ. Code § 56505(i) (ninety-day limitations period to
2  judicial review of administrative decisions in special education matters); *see also* 20 U.S.C.
3  § 1415(i)(2)(B) (ninety-day statute of limitations applies unless state adopts limitations period explicitly
4  applicable to IDEA claims). Here, Mr. Petersen never amended the due process complaint, and the
5  OAH formally dismissed the case on April 4, 2006. Levine Decl. ¶¶ 6, 7, Ex. F & G. Mr. Petersen did
6  not exhaust administrative remedies, and thus this Court lacks jurisdiction to review Ryan's claims.
7  Further, this lawsuit was filed on April 27, 2007, well after the 90 day deadline for filing an appeal.

8  Citing *Blanchard v. Morton School District*, 420 F.3d 918 (9th Cir. 2005), plaintiffs assert that
9  exhaustion is not required. In *Blanchard*, the Ninth Circuit held that a parent who sought emotional
10 distress damages and lost wages did not need to exhaust administrative remedies when all educational
11 issues had been resolved, and the only relief sought was not available under IDEA. *Id.* at 921-22.
12 *Blanchard* is inapplicable here where the sole remaining claims are Ryan's claims under IDEA for, *inter*
13 *alia*, educational services under IDEA; Mr. Petersen does not have any claims remaining in this case.

14 Accordingly, the Court GRANTS defendant's motion for summary judgment.

## II.  Defendant's motion to declare Randi and Michael Petersen as vexatious litigants

17 The District moves to declare Randi and Michael Petersen as vexatious litigants, and to impose
18 a pre-filing order on the Petersens. The District notes that either Randi and Michael Petersen have
19 collectively filed four federal lawsuits against the District, and that the lawsuits have all been dismissed
20 in the defendants' favor. The District argues that the Petersens have engaged in frivolous and harassing
21 behavior in the four lawsuits, including *inter alia* raising legal and factual claims that have already been
22 dismissed, that have already been resolved by settlement, or that are clearly precluded by law; seeking
23 to "reopen" previously dismissed cases; filing actions in the wrong forum; naming judicial and quasi-
24 judicial officers and court-appointment individuals as defendants; failing to prosecute actions; and
25 failing to meet and confer on discovery issues and motions. Michael Petersen has opposed the motion;
26 the Court did not receive an opposition from Randi Petersen.

27 The Court finds that while it is a close call, the Court will not at this time declare Michael or
28 Randi Petersen as vexatious litigants. While the Court finds that the District's motion is not without

9

merit, the Court also takes note of the fact that Randi and Michael Petersen are no longer married, one of the lawsuits filed by Randi named Michael as a defendant, and two of the lawsuits were filed by Michael, including the instant lawsuit. Because this is only the second lawsuit filed by Mr. Petersen, the Court finds it would be premature at this juncture to impose a pre-filing order on him. Similarly, while the previous lawsuits filed by Randi Petersen lacked merit, Randi Petersen is not involved in this action and has made no appearance in this case.

The Court hereby advises Randi and Michael Petersen that the Court will be strongly inclined to declare either of them as a vexatious litigant and impose a pre-filing order if either files any further lawsuits against the Mount Diablo School District (or any of the previously-named defendants) regarding the same matters litigated in the Petersens' unsuccessful lawsuits. This Court is already familiar with the history of the Petersens' litigation, and any future lawsuit filed by either of the Petersens against the District would normally be assigned to this Court. Particularly in light of the facts that Ryan and Mikey have not been enrolled in the District since 2003, and Mr. Petersen does not intend to re-enroll them in the District, the Court is highly skeptical that any additional meritorious lawsuits could be filed against the District.

## CONCLUSION

For the reasons set forth above, the Court GRANTS defendant's motion for summary judgment. (Docket No. 101). The Court DENIES plaintiffs' request for a settlement conference as moot. (Docket No. 117). The Court DENIES defendant's motion to declare Randi and Michael Petersen as vexatious litigants. (Docket No. 65). Defendant is directed to serve a copy of this order on Randi Petersen.

**IT IS SO ORDERED.**

Dated: August 1, 2008

SUSAN ILLSTON
United States District Judge