AMY R. LEVINE, State Bar No. 160743
alevine@mbdlaw.com
DAMARA MOORE, State Bar No. 215678
dmoore@mbdlaw.com
MATTHEW JUHL-DARLINGTON, State Bar No. 215375
mjuhldarlington@mbdlaw.com
MILLER BROWN & DANNIS
71 Stevenson Street, 19th Floor
San Francisco, CA 94105
Telephone: (415) 543-4111
Facsimile: (415) 543-4384

Attorneys for Defendant
MOUNT DIABLO UNIFIED SCHOOL DISTRICT

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN PETERSEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOUNT DIABLO UNIFIED SCHOOL DISTRICT,<br><br>　　　　　Defendant. | Case No. C07-02400 SI<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION RE: F.R.C.P. 52(B), RE: AMEND FINDINGS OF COURT, MAKE ADDITIONAL FINDINGS OF COURT, AMEND JUDGMENT OF 8/1/08 ACCORDINGLY**<br><br>Date　:　September 19, 2008<br>Time　:　9:00 a.m.<br>Dept　:　Courtroom 10, 19th Fl.<br>Judge　:　Hon. Susan Illston<br><br>Trial:　　　Not Set |

Michael Petersen's latest motion is entirely frivolous and in direct defiance of the Court's warning in its August 1, 2008 order granting summary judgment that he refrain from further conduct of a vexatious and harassing nature. There is absolutely no basis to amend the Court's "findings" or to amend the judgment and plaintiff has not actually presented any in his motion. His motion should be denied and sanctions imposed.

Plaintiff moves to amend the August 1, 2008 order and judgment under Federal Rule of

1

SF 327073v2

1   Civil Procedure 52(b).  However, Rule 52, on its face, does not apply to rulings on summary

2   judgment.  Rule 52 applies to "actions tried upon the facts without a jury or with an advisory

3   jury," and requires findings of fact and conclusions of law in such a case.  Fed. R. Civ. Pro.

4   52(a).  There was no trial in this matter, and judgment was entered pursuant to defendant's

5   motion for summary judgment under Rule 56, not pursuant to Rule 52.  Moreover, Rule 52(a)

6   says that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions

7   under Rule … 56 …."  Moreover, no findings of fact and conclusions of law were issued in this

8   case and none were necessary.  *Randolph-Sheppard Vendors of America, Inc. v. Harris*, 628

9   F.2d 1364, 1368, (9th Cir. 1980).  Therefore, there are no "findings" which plaintiff can seek to

10  amend.

11      Furthermore, even if Rule 52 did apply, plaintiff has made no attempt to meet its

12  standard.   Rule 52(a), which is not cited by plaintiff, says that "[f]indings of fact, … shall not

13  be set aside unless clearly erroneous …."  Plaintiff has done nothing more than ask the Court to

14  "re-review" the evidence and arguments already considered by the Court and has not even

15  bothered to explain why the findings were erroneous, let alone clearly erroneous.  (Doc. 122, at,

16  e.g., 2:1-6, 3:16-4:8).  Further, he has once again asked the Court to set a settlement conference,

17  after closure of this case, despite the fact that his previous four (4) requests for settlement

18  conferences have been denied.  (Doc. 122, at 2:1; Doc. 119, at 10:19; Doc. 97; and Doc. 51, at

19  1:17).

20      In its August 1, 2008 order, the Court admonished Mr. Petersen about his frivolous

21  filings and warned him that he would be considered a vexatious litigant if he continued to

22  engage in such actions.  It stated:

23          The Court hereby advises Randi and Michael Petersen that the
            Court will be strongly inclined to declare either of them as a
24          vexatious litigant and impose a pre-filing order if either files any
            further lawsuits against the Mount Diablo School District (or any
25          of the previously-named defendants) regarding the same matters
            litigated in the Petersens' unsuccessful lawsuits.  The Court is
26          already familiar with the history of the Petersens' litigation, and
            any future lawsuit filed by either of the Petersens against the
27

28                                                    2

MILLER BROWN & DANNIS
71 STEVENSON STREET, 19TH FLOOR
SAN FRANCISCO, CA 94105

SF 327073v2

District would normally be assigned to this Court.  Particularly in light of the facts that Ryan and Mikey have not been enrolled in the District since 2003, and Mr. Petersen does not intend to re-enroll them in the District, the Court is highly skeptical that any additional meritorious lawsuits could be filed against the District.

(Doc. 119, at 10:7-15).  Merely ten days after the Court told Mr. Petersen that this lawsuit lacked merit, and that he was not to file any further actions regarding the same matters already litigated, he has filed a motion renewing his same failed arguments.  If this is not defiance, then what is?

The District renews its request that the Court impose a pre-filing order on the Petersens to prevent further harassment of the District.  In the alternative, it seeks whatever monetary or non-monetary sanctions the Court deems appropriate under Rule 11(c)(1)B) or its inherent authority.  *See, e.g., Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) (imposing sanctions under Rule 11 for filing a renoticed motion to correct the court's order regarding attorneys fees); *Edgerly v. City and County of San Francisco*, 495 F.3d 645, 661-662 (9th Cir. 2007) (upholding monetary sanctions against a party and his attorney under Rule 11 for filing two frivolous motions for reconsideration which did not raise any new issues); *G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1109-11 (9th Cir. 2003) (upholding sanctions for a motion for relief from judgment based on the same arguments previously rejected by the court).

DATED: <u>August 26, 2008</u>                    MILLER BROWN & DANNIS


By:  /s/ Amy R. Levine
AMY R. LEVINE
Attorneys for Defendant
MOUNT DIABLO UNIFIED SCHOOL DISTRICT

3

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION RE: F.R.C.P. 52(B), RE: AMEND FINDINGS OF COURT, MAKE ADDITIONAL FINDINGS OF COURT, AMEND JUDGMENT OF 8/1/08 ACCORDINGLY; CASE NO. C07-02400 SI

SF 327073v2