1  Michael Petersen PRO SE
   next of friend of Michael Petersen Jr.
2  and Ryan Petersen
   3375 Port Chicago Hwy 30-166
3  Concord Ca. 94519
   (925) 588-4799

FILED
2008 SEP -5 P 5: 00
RICHARD W. WIEKING, CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PETERSEN ON BEHALF OF HIMSELF AND PARENT AND NEXT OF FRIEND TO MIKE JR. AND RYAN PRO SE | CASE C07-02400SI |
| | PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION RE: PLAINTIFF'S MOTION RE: F.R.C.P. 52(b), RE: AMEND FINDINGS OF COURT, MAKE ADDITIONAL FINDINGS OF COURT, AMEND JUDGMENT OF 8/1/08 ACCORDINGLY |
| V | |
| MOUNT DIABLO UNIFIED SCHOOL DISTRICT ET. AL., MILDRED BROWN, individually and in her official capacity as assistant superintendent of special education, KEN FERRO, individually and in his official capacity as alternative dispute resolution administrator | HEARING DATE : 9/19/08 TIME: 9:00am COURTROOM: 10, 19th FL JUDGE: HON. SUSAN ILLSTON |

Plaintiff's hereby reply to defendant's opposition brief re: plaintiff's F.R.C.P. 52(b) motion. Plaintiff's object to defendant's request for sanctions re: F.R.C.P. 11(c)(1)(B) (requesting the court act on it's own initiative under F.R.C.P. 11(b)) and object to defendant's request to"renew"their asking for pre filing orders. The defendant's requests must be denied as not being properly motioned before the court. Also, it is clear that the defendant's request is not proper and is worded out of context with the court's 8/1/08 order.

1  On 8/1/08, the defendant's vexatious litigant motion to impose pre filing
2  orders was denied by the courts order. The defendant's know that plaintiff
3  does not meet the criteria of C.C.P. 391 and has not filed 5 law suits in
4  the past 7 years against the same defendants.
5  If defendant's can simply ask the court to re new their 1/28/08 vexatious
6  litigant motion improperly and without formally re motioning the court, so to
7  must the court show equal treatment to the plaintiff's.
8  Plaintiff's hereby "renew" their request (without properly motioning the
9  court) re: motion pertaining to 28 U.S.C. 1927 for defendant's and attorney
10 bad faith for their blindsiding and tricking plaintiff's re: the two seperate
11 ex parte motions (to delay their vexatious litigant motion hearing several
12 months) while in part, setting the times, dates and obtaining rulings
13 from said motions, before delivery of the ex parte motion and the contents
14 thereof even reached the plaintiff's. Plaintiff's "renew" their request for
15 sanctions given the defendant's goal was to prevent plaintiff's from
16 presenting written or oral opposition to their ex parte motions, gain time
17 delay advantage and filing a out of context, verbose, vexatious litigant
18 motion when they had advanced knowledge that plaintiff did not meet the
19 legal requirements of their motion.
20 Futhermore, the plaintiff's, in having filed evidence on 6/6/08, 7/11/08 and
21 7/30/08 with respect to a contention that would suffice to defeat summary
22 judgment based thereon, it can also be said that plaintiff's have filed
23 sufficient "evidentiary support" to defeat defendant's improper request and
24 unnoticed motion for purposes of their F.R.C.P 11 request as well.
25 The court must not punish plaintiff's for filing the F.R.C.P. 52(b), post
26 judgment motion pursuant to statute. In the standard of issue preservation
27 and review by the appellant court, the mainstay of the common law tradition
28 is that the lower/trial court must decide all matters in the first instance.

Appellant determination is based on interrelated circumstances regarding specific rulings by the lower/trial court, which follow by objection or granting or denial of a written motion and then accompanied by a appropriate course of action recommended by the plaintiff (such as plaintiff's F.R.C.P. 52(b) motion) that was rejected by the lower/trial court. When these elements are present, the issues have been properly preserved for appellant review. In plaintiff's F.R.C.P. 52(b) motion,(which does not constitute a new law suit as defendant's suggest) plaintiff's move in part to have the court make additional findings of court, amend findings of court, and amend judgment accordingly to grant plaintiff's claims for relief as stated in their 11/28/07 brief as noted.

While the court's 8/1/08 order and ruling does not turn on the admissibility of plaintiff's 7/11/08 and 7/30/08 evidence,(A through Z and A-1 through F-1 identically and respectfully, the court omits inclusion of plaintiff's 6/6/08 filing of evidence pages 1 through 124.  The above filings were docketed pursuant to F.R.EV. 201(d) in direct opposition against defendant's F.R.C.P.12(c) and F.R.C.P. (56) motions set for 8/1/08. F.R.EV. 201(d) states; Judicial notice of adjudicative facts is mandatory, and a court shall take notice if requested by a party and supplied with the necessary information. Substantially, the same approach is found in California Evidence Code Sec. 451 stating mandatory judicial notice shall be taken of the following; decisional, constitutional and public statuatory law of this state and of the United States... and any matter made a subject of judicial notice by Cal. Gov. Code 11344.6 ie; the publication of a regulation in the Calif. Code of Regulations (C.C.R.)

Plaintiff's 6/6/08, 7/11/08 and 7/30/08 evidentiary filings bear direct supporting data that should have been used to arrive at the ultimate facts included in the evidence related to the plaintiff's claims of the amended

1  Constitutional issues, the California Constitutional issues, due process,
2  equal protection and public policy as filed on 11/28/07.
3  As defendant's F.R.C.P. 12(c) motion for judgment on the pleadings is
4  considered a "speaking motion" and the plaintiff's evidence from 6/6/08,
5  7/11/08 and 7/30/08 was excluded by the court, the conversion of the F.R.C.P.
6  12(c) motion into the F.R.C.P. 56 (summary judgment motion) and the 8/1/08
7  order that followed should not apply as plaintiff's evidence was presented
8  to, and excluded by the court. Which, in the alternative should have been
9  ruled on under the criteria of the F.R.C.P. 12 (c) motion in which case
10 plaintiff's mandatory judicially noticed evidence would have sufficed grant
11 the claims for relief. Plaintiff's respectfully file this reply as requsite
12 to appropriate judicial remedie given the substancial supportive evidentiary
13 data on file.
14 Respectfully submitted, this 5th day of September, 2008
15 Michael Petersen PRO SE
16
17 / / /
18
19 / / /
20
21 / / /
22
23 / / /
24
25 / / /
26
27 / / /
28

/ / /